# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) | ORDER ADOPTING AND MODIFYING THE OCTOBER 25, 2006, AND |
| vs. | ) ) | DECEMBER 4, 2006, REPORTS OF SPECIAL MASTER ON THE |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) | PARTIES' MOTIONS FOR ATTORNEYS' FEES AND COSTS |
| Defendants. | ) ) ) | |

ORDER ADOPTING AND MODIFYING THE OCTOBER 25, 2006, AND DECEMBER 4, 2006, REPORTS OF SPECIAL MASTER ON THE PARTIES' MOTIONS FOR ATTORNEYS' FEES AND COSTS

I.    INTRODUCTION AND BACKGROUND.

After a jury trial and entry of judgment, Plaintiff Wayne Berry ("Berry"), as well as Defendants Guidance Software, Inc., and Michael Gurzi (collectively, "Guidance"), Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC, and Richard Cohen (collectively, "C&S"), Defendants Brian Christensen, Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio (collectively, "Employees"),[1] and Defendant Post Confirmation Trust[2] moved for attorneys' fees and costs.

_____

[1] All Employees, except Christensen, are referred to collectively as "Trial Employees."

[2] As noted in this court's October 21, 2005, order, Post Confirmation Trust represents the interests of Fleming Companies, Inc., and is therefore referred to as "Fleming."

This court referred all of the motions for fees and costs to Magistrate Judge Leslie E. Kobayashi. The task of parsing the requests was onerous, and this district judge is hugely indebted to Magistrate Judge Kobayashi for her painstaking work.

On October 25, 2006, the magistrate judge issued a special master's report on Guidance's and C&S's motions for fees and costs ("10/25/2006 Report" or "October 25 Report"). The magistrate judge recommended that this court grant in part and deny in part Guidance's motion by awarding Guidance $47,561.18 in attorneys' fees and $4,096.32 in costs, for a total award of $51,657.50. The magistrate judge also recommended that this court grant in part and deny in part C&S's motion by awarding C&S $84,758.98 in attorneys' fees and denying C&S's request for costs.

On November 8, 2006, Berry filed objections to the October 25 Report. Berry objects to the magistrate judge's addressing issues other than the "value of services." Berry also objects to the magistrate judge's finding that Guidance's motion for fees was timely. Berry also argues that the Report encourages improper conduct. Additionally, Berry contends that Guidance and C&S are not the prevailing parties, that his claim for misappropriation of trade secrets is not related to his copyright claims, and that Guidance and C&S are not entitled to

2

fees.  On November 17, 2006, Guidance filed a response to Berry's objections.[3]

On December 4, 2006, the magistrate judge issued a special master's report on Berry's, Employees', and Fleming's motions for fees and costs ("12/04/2006 Report" or "December 4 Report").  The magistrate judge recommended that this court grant in part and deny in part all of the motions by:  (1) awarding Berry $19,986.42 in costs against Fleming, Mark Dillon, and Teresa Noa; denying Berry's request for taxable copying costs without prejudice; and denying Berry's motion in all other respects; (2) awarding Fleming $66,684.38 in attorneys' fees; awarding Fleming $16,366.92 in costs; and denying Fleming's motion in all other respects; and (3) awarding Employees attorneys' fees incurred by Christensen in the amount of $27,507.20 and denying their motion in all other respects.

On December 14, 2006, Berry filed objections to the December 4 Report, arguing that the magistrate judge erred in recommending fees for Christensen and in finding Trial Employees to be the prevailing parties against Berry.  Berry also contends that "the Magistrate Judge makes the erroneous statement that 'the jury also found that [Berry] was not entitled to any additional profits from [Fleming].'"  Berry objects to the

---

[3] As C&S did not file a response to Berry's objections, the court considers C&S's pleadings before the magistrate judge as stating its position on the various issues Berry now raises.

magistrate judge's finding that Fleming is entitled to fees and costs incurred in defending against the misappropriation of trade secrets claim.  Lastly, Berry objects to the magistrate judge's recommendation that this court deny his request for fees and his request for costs relating to trial expert witnesses.  On February 8, 2007, Fleming filed its response to Berry's objections.[4]

On December 22, 2006, Fleming filed its objections to the December 4 Report.  Fleming argues that the magistrate judge "applie[d] the wrong standard to assess whether [it] is the prevailing party in this litigation."  Fleming urges this court to rely on Florentine Art Studio, Inc. v. Vedet K. Corp., 891 F. Supp. 532, 541 (C.D. Cal. 1995), rather than Buckhannon Board and Care Home, Inc. v. Western Virginia Department of Health and Human Resources, 532 U.S. 598 (2001).  Fleming also argues that the magistrate judge erred in finding that the hours it spent defending against Berry's claims were excessive.  On February 16, 2007, Berry filed his response to Fleming's objections.

As discussed below, the court adopts the Reports with modifications.

---

[4] As Christensen did not file a response to Berry's objections, the court relies on Christensen's pleadings before the magistrate judge as stating his position on Berry's arguments.

4

II.        LEGAL STANDARD.

The court reviews de novo all objections to findings of fact and conclusions of law made or recommended by a special master. See Fed. R. Civ. P. 53(g) (noting that "[t]he court must decide de novo all objections to findings of fact made or recommended by a master" and that "[t]he court must decide de novo all objections to conclusions of law made or recommended by a master"); LR 74.2 ("[a] district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made"). In acting on a special master's report, the court "may receive evidence, and may: adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions." See Fed. R. Civ. P. 53(g)(1); LR 74.2 (noting that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may exercise discretion to receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions"). Under the Copyright Act, "the awarding of costs and attorney's fees are left to the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 523 (1994) (citing 17 U.S.C. § 505).

III.    ANALYSIS.

    A.    Objections to the October 25 Report.

        1.    The Magistrate Judge Did Not Exceed Her
           Powers in Ruling on the Parties' Motions.

Berry argues, "To the extent that the District Court views this as a master report, [he] objects on the grounds that it exceeds the scope of permissible referral." Berry Objections at 3. Berry says that he "does not consent to the Magistrate making any findings other than the value of services." The court overrules Berry's objection.

According to Local Rule 53.1, "Unless otherwise ordered by a district judge, the magistrate judge designated to handle non-dispositive matters in a civil case is, in accordance with 28 U.S.C. § 636(b)(2) and Fed. R. Civ. P. 53, 54(d)(2)(A), and 54(d)(2)(D), designated to serve as special master to adjudicate any motion for attorneys' fees and related non-taxable expenses filed in the civil case." As Magistrate Judge Kobayashi was designated to handle the nondispositive matters in this case, pursuant to Local Rule 53.1, she was also "designated to serve as special master to adjudicate" the parties' motions for fees and costs. See LR 53.1. The court therefore referred to her the parties' motions, which addressed several issues other than "the value of services." Given the referral to her of the motions in their entirety, the magistrate judge was authorized to address every issue therein.

There is no bar to the referral of any matter, including a dispositive matter, to a magistrate judge for a recommendation. The "scope of permissible referral" for a recommendation, as opposed to an order, is not limited to the "value of services."

    2.   Guidance's Motion for Fees and Costs Was Timely.

Berry claims that the magistrate judge "erred in determining that there was sufficient grounds to permit the tardy filed Guidance fee motion to go forward." Berry Objections at 5. Berry contends that "the fourteen day clock began" when the court entered the original judgment, and that his post-judgment motions did not toll the time in which Guidance was allowed to file its motion. Berry Objections at 5-6. The court disagrees with Berry and adopts the magistrate judge's finding that Guidance's motion was timely.

Guidance brought its fee motion under Rule 54(d) of the Federal Rules of Civil Procedure and under Local Rule 54.3. Guidance Motion at 2. Rule 54(d)(2)(B) provides: "Unless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment." The Ninth Circuit says that a "Rule 54(d)(2)(B) motion for fees is timely if filed no later than 14 days after the resolution of a Rule 50(b), Rule 52(b), or Rule 59

motion." <u>Bailey v. County of Riverside</u>, 414 F.3d 1023, 1025 (9[th]
Cir. 2005).

Like Rule 54(d), Local Rule 54.3 provides: "Unless
otherwise provided by statute or ordered by the court, a motion
for an award of attorneys' fees and related non-taxable expenses
must be filed within fourteen (14) days of entry of judgment."
Although Local Rule 54.3 states that "[f]iling an appeal from the
judgment does not extend the time for filing a motion," it is
silent as to whether orders resolving motions under Rule 50(b),
Rule 52(b), or Rule 59 toll the time for filing a motion for
fees. As stated in Local Rule 1.3, the Local Rules "supplement
the Federal Rules of Civil Procedure . . . and shall be construed
so as to be consistent with those rules." Motions filed under
Local Rule 54.3, like those filed under Rule 54(d), are therefore
timely "if filed no later than 14 days after the resolution of a
Rule 50(b), Rule 52(b), or Rule 59 motion." <u>See</u> <u>Bailey</u>, 414 F.3d
at 1025; <u>cf. R.L. Inv. Ltd. Partners v. INS</u>, 86 F. Supp. 2d 1014,
1019 n.1 (D. Haw. 2000) (interpreting Local Rules 6.1 and 7.4
consistently with Rule 6 of the Federal Rules of Civil Procedure,
as required by Local Rule 1.3).

On March 9 and 16, 2006, the Clerk of Court entered the
original and amended judgments in this case.[5] On March 21, 2006,

_____

[5] As noted by the magistrate judge, "The original
judgment, issued on March 9, 2006, only addressed the jury's
verdict, and the Amended Judgment, issued on March 16, 2006,

Berry filed a motion for judgment as a matter of law and a motion to alter or amend the Second Amended Judgment under Rules 50(b) and 59 of the Federal Rules of Civil Procedure. These motions were resolved by the court in separate orders on May 16 and 24, 2006. Thus, under <u>Bailey</u>, 414 F.3d at 1025, the time during which the parties were required to submit any motion for fees and costs under Rule 54(d) or Local Rule 54.3 expired fourteen days after May 24, 2006. Because Guidance filed its motion on May 30, 2006, the court agrees with the magistrate judge that Guidance's motion was timely. The court therefore overrules Berry's objection on this point.

3.    The Magistrate Judge Did Not "Encourage"
      Improper Conduct.

Berry also objects to the "disturbing finding in the Magistrate's recommendation . . . that 'Fleming's and C&S' use of [a] non-infringing spreadsheet system that built upon the ideas conveyed by [Berry's] FCS should be encouraged.'" Berry Objections at 14. Berry asserts, "It is undisputed in this case that the ideas were conveyed through copying into Random Access Memory of an illegal, unlicensed, derivative copy of Mr. Berry's work. The Magistrate is now stating . . . that you may commit acts of software copyright infringement and then use the

---

contained an error." 12/4/2006 Report at 6 n.3. "The Second Amended Judgment, filed on March 16, 2006, addressed all of the dispositive rulings throughout the case." 10/25/2006 Report at 15.

9

infringing work that you create to create a new work which conduct is to be 'encouraged.'"  Berry Objections at 14.  The court overrules Berry's objection.

In making the statement to which Berry now objects, the magistrate judge was discussing the purposes of the Copyright Act.  The magistrate judge noted that the Act's "primary objective 'is not to reward the labor of authors, but to promote the Progress of Science and useful Arts.  To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work.'"  10/25/2006 Report at 27 (quoting <u>Fogerty</u>, 510 U.S. at 527).  This court had previously concluded that "no material issues of fact exist with respect to whether the Excel spreadsheets are an FCS derivative."  6/27/2005 Order at 13, 27.  The magistrate judge simply applied that conclusion to <u>Fogerty</u> by stating, "Fleming's and C&S's use of a non-infringing spreadsheet system [(<u>i.e.</u>, the Excel spreadsheets)] that build upon the ideas conveyed by [Berry's] FCS should be encouraged."  <u>Id.</u> at 27.  Berry misinterprets the magistrate judge's statement, as she did not even imply, much less find, that "you may commit acts of software copyright infringement and then use the infringing work that you create to create a new work."  Berry Objections at 14.  The court rejects Berry's argument and overrules his objection.

10.

4.    <u>Guidance and C&S Are the Prevailing Parties.</u>

Berry next argues that "the Magistrate erroneously states that 'Guidance and C&S each obtained total victory on all [Berry's] claims.'"  Berry Objections at 12.  Berry says, "While it is true that C&S and Guidance prevailed on the issue of direct infringement both failed in any attempt to defeat Mr. Berry's rights as an owner to the copyrightable work FCS 1993."  Berry Objections at 12-13.  Berry therefore argues that the magistrate judge erred in finding that Guidance and C&S prevailed on the issues of "copyrightability and ownership of FCS."  The court disagrees with Berry and adopts the magistrate judge's finding that Guidance and C&S prevailed on all of Berry's claims.

In the Second Amended Verified Complaint ("SAVC"), Berry asserted the following claims against Guidance and C&S: (1) direct copyright infringement (Count 1); (2) contributory and vicarious copyright infringement (Count 2); (3) conspiracy to infringe (Count 3); (4) misappropriation of trade secrets (Count 4); (5) violations of the Sherman Act (Count 5); and (6) Racketeering Influenced and Corrupt Organization violations (Count 6).

On June 27, 2005, this court issued an order on, among other things, Guidance's and C&S's motions for summary judgment. In the order, the court stated that, to establish a prima facie case of direct infringement, "a plaintiff must show:  (1) that

11

the plaintiff owns the copyright; and (2) that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act." 6/27/2005 Order at 5. With respect to the first element, the court noted that "Defendants do not dispute . . . that Berry has a valid copyright in his FCS software." 6/27/05 Order at 5. Thus, Berry is correct in asserting that he prevailed on the first element of his claim for direct infringement. However, the order made clear that, with respect to Guidance and C&S, Berry did <u>not</u> prevail on the second element. The court therefore granted summary judgment in their favor, and, based on that order, Guidance and C&S clearly prevailed on all claims asserted against them.

In her October 25 Report, the magistrate judge properly found that Guidance and C&S were the prevailing parties, stating:

> Although the district court found for [Berry] on the issues of ownership and copyrightability, the district court ultimately found that neither Guidance nor C&S infringed that copyright. The district court granted summary judgment to Guidance and C&S on all counts. . . . Guidance and C&S each obtained a total victory on all of [Berry's] claims. This Court therefore finds that both Guidance and C&S are prevailing parties for purposes of § 505.

10/25/2006 Report at 17. Contrary to Berry's assertion, the magistrate judge did <u>not</u> find that Guidance and C&S prevailed on the issues of ownership or copyrightability. Accordingly, the court overrules Berry's objection on this ground and adopts the

12

magistrate judge's finding that Guidance and C&S are the prevailing parties on all claims asserted against them.

        5.    Count 4 Is Related to Berry's Copyright
              Claims.

        Berry objects to the magistrate judge's finding that Count 4 for misappropriation of trade secrets is related to the copyright claims.  Berry argues that Count 4 is not based on the same conduct alleged in the copyright claims because, "at the time this case was filed, Fleming was not engaged in any known copyright infringement regarding its use of the numerous other Berry works." Berry Objections at 13.  The court disagrees with Berry and adopts the magistrate judge's finding that Count 4 is related to Berry's copyright claims.

        As the magistrate judge noted, "A party that prevails on a claim under the Copyright Act may recover attorney's fees for the copyright claims and any other related claims." 10/25/2006 Report at 18 (citing Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 833 (9th Cir. 2003)).  In the Ninth Circuit, claims are related when they arise from the same course and conduct.  Id. (citing Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997)). Claims are unrelated when they allege "'distinctly different claims for relief that are based on different facts and legal theories' from the other causes of action in the overall

13

litigation." Id. (citing Gracie v. Gracie, 217 F.3d 1060, 1069

(9th Cir. 2000); Entm't Research Group, Inc., 122 F.3d at 1230).

Berry's copyright claims against Guidance were based on

Guidance's agreement with Fleming to analyze Berry's software.

SAVC ¶ 37. Berry asserted in the SAVC that Guidance's possession

and use of his software program pursuant to its agreement with

Fleming infringed on his copyright. SAVC ¶¶ 37, 52, 66.

Guidance's possession and use of his program pursuant to that

agreement also served as the basis of Berry's claim for

misappropriation of trade secrets against Guidance in Count 4.

SAVC ¶¶ 99-112. Because Berry's claims against Guidance for

copyright infringement and misappropriation of trade secrets

(Count 4) arose from the same course and conduct, they are

related for purposes of attorneys' fees under the Copyright Act.

See Entm't Research Group, Inc., 122 F.3d at 1230.

Berry's copyright claims against C&S were based on

C&S's alleged use of Berry's software program and infringing

derivatives after C&S took over Fleming's operations.

Specifically, Berry alleged that C&S, "through certain agreements

with Fleming, ha[d] entered into an agreement with Fleming and

certain of the other defendants to operate the Berry Freight

Control System, and the illegal derivatives." SAVC ¶ 68. Berry

also alleged in the SAVC that, "Each time C&S transfers wholesale

groceries through the Berry Freight Control System, it commits

14

another act of copyright infringement." SAVC ¶ 69. Similarly,
Berry's claim against C&S for misappropriation of trade secrets
was based on C&S's alleged use and possession of Berry's program
and derivatives after C&S took over Fleming's operations. Berry
specifically alleged that the programs "were illegally
transferred to C&S when it[] became the owner and operator of the
Fleming-Logistics Department." SAVC ¶ 103. Because Berry's
claims against C&S for copyright infringement and for
misappropriation of trade secrets (Count 4) were based on the
same course and conduct, they are related for purposes of
attorneys' fees under the Copyright Act. See Entm't Research
Group, Inc., 122 F.3d at 1230. Accordingly, the court adopts the
magistrate judge's finding that Count 4, alleging
misappropriation of trade secrets, is related to Berry's
copyright claims.

      6.  <u>C&S's Time Records Are Sufficient.</u>

      Berry contends that C&S should be denied fees because
"it did not keep contemporaneous separate records from time
expended for Fleming." Berry Objections at 12, 14-15. Berry
says that "there is simply no attempt to even say that there are
separate time records kept for C&S" and that "there simply are no
records to show any time expended solely for C&S." Berry
Objections at 12, 14-15. The court disagrees with Berry.

In its moving papers, C&S explains that the law firm, Kobayashi, Sugita & Goda, "was counsel of record in this case for [C&S]" and "acted as local counsel for [Fleming]." C&S Reply at 5. Because the law firm represented both C&S and Fleming, C&S explains that the "time records submitted with [its] motion reflect 100% the time billed for" legal services "exclusively connected to the representation of [C&S]." C&S Reply at 5. C&S also states:

> On some occasions, Kobayashi, Sugita & Goda did work attributable exclusively to the representation of [Fleming]. None of that work is reflected in the materials submitted with this motion. Finally, on some occasions Kobayashi, Sugita & Goda performed work for [C&S] that also benefitted the defense of [Fleming]. The records submitted with this motion attribute one-half of such work to the defense of [C&S]. In the judgment of [C&S's] counsel this is an equitable way to allocate the charges, since both parties benefitted from the effort."

C&S Reply at 5-6; see also Declaration of Lex Smith (3/23/2006) ¶¶ 7, 9 (explaining that the "chart showing attorneys' fees and costs" incurred by C&S, which was attached to C&S's fee motion, "reflects only 50% of the total amount charged" for services that benefitted both C&S and Fleming).

In her October 25 Report, the magistrate judge noted that the fees requested by C&S include "entries reflecting work done solely for C&S." 10/25/2006 Report at 36. She stated:

> C&S acknowledges that at times counsel performed work solely for [Fleming], but C&S

16

> states that none of that time is reflected in
> the C&S Motion.  Where counsel's work was
> done on behalf of both C&S and [Fleming], C&S
> included one-half of that time in its
> request.  The time records C&S submitted are
> thorough and detailed.  This Court has
> compared the records with those in
> [Fleming's] motion for attorney's fees and
> there are significant differences in the two
> requests.  C&S has not merely submitted one-
> half of Fleming's fees.  The Court therefore
> finds that C&S' has submitted sufficient time
> records and that the allocation of fees
> attributable to both C&S and [Fleming] is
> fair and equitable.

10/25/2006 Report at 36.  C&S requested fees solely attributable

to defending C&S and did not request fees incurred in defending

Fleming.  The court rejects Berry's assertion that the magistrate

judge "engage[d] in what amounts to ghost writing C&S' time

records."  Further, as noted by the magistrate judge, "the lack

of contemporaneous time records alone does not automatically

preclude a fee award."  10/25/2006 Report at 35 (citing Frank

Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1557 (9th

Cir. 1989) ("The lack of contemporaneous records does not justify

an automatic reduction in the hours claimed, but such hours

should be credited only if reasonable under the circumstances and

supported by other evidence such as testimony or secondary

documentation.")).  C&S's time records are sufficient to support

an award of fees.

17

7.    Guidance and C&S Are Entitled to an Award of
      Fees.

Berry objects to the magistrate judge's finding that
Guidance and C&S are entitled to attorneys' fees.  Specifically,
Berry argues that, in applying the <u>Fogerty</u> factors to the present
case, the magistrate judge erred in finding that Berry's claims
against Guidance were frivolous, and that she also erred in
omitting any discussion regarding Guidance's alleged violation of
an order issued in the prior infringement case.  Berry Objections
at 3-4, 7-8.  Regarding C&S, Berry objects to the magistrate
judge's finding that Berry is a vexatious litigant.  Berry
Objections at 8, 10-11.  The court adopts the magistrate judge's
finding that Guidance and C&S are entitled to attorneys' fees.

In her Report, the magistrate judge noted that the
"United States Supreme Court has stated that, in exercising their
discretion to award attorney's fees and costs under the Copyright
Act, courts may consider the following nonexclusive factors:
'frivolousness, motivation, objective unreasonableness (both in
the factual and in the legal components of the case) and the need
in particular circumstances to advance considerations of
compensation and deterrence.'"  10/25/2006 Report at 21 (quoting
<u>Fogerty</u>, 510 U.S. at 534 n.19).  Indeed, the Court concluded that
the foregoing factors "may be used to guide courts' discretion,
so long as such factors are faithful to the purposes of the
Copyright Act and are applied to prevailing plaintiffs and

18

defendants in an evenhanded manner." <u>Fogerty</u>, 510 U.S. at 534
n.19.  The Ninth Circuit has added that courts may also consider
the degree of the moving party's success, <u>see</u> <u>Wall Data Inc. v.</u>
<u>Los Angeles County Sheriff's Dep't</u>, 447 F.3d 769, 787 (9th Cir.
2006), and "whether the chilling effect of attorney's fees may be
too great or impose an inequitable burden on an impecunious
plaintiff." <u>Ets-Hokin v. Skyy Spirits, Inc.</u>, 323 F.3d 763, 766
(9th Cir. 2003) (citation omitted).

> a.    <u>Factors Applied to Guidance.</u>

After stating the applicable law, the magistrate judge
balanced the foregoing factors and made the following findings
with respect to Guidance's fee request:  (1) Berry's copyright
claims against Guidance were "frivolous and objectively
unreasonable," as they "were without legal and factual basis";
(2) Berry's "pursuit of claims against Guidance, in spite of
notice that its copying constituted fair use, is a strong
indication that he had an improper motivation"; (3) "an award of
attorney's fees is appropriate to deter frivolous litigation";
and (4) "an award of attorney's fees to Guidance would not have
too great a chilling effect" on Berry, as he "is not an
unsophisticated litigant." 10/25/2006 Report at 22-25.

Although Berry argues generally that this court should
reject all of the magistrate judge's "recommendations regarding
the award of fees to" Guidance, Berry Objections at 3, Berry only

19

raises specific objections to the following:  (1) the statement that Berry "alleges that Guidance has made false statements in this and other related actions," Berry Objections at 3-4 (emphasis added); and (2) the omission of "the fact that the acts that Guidance undertook in the Summer of 2003 violated its own order in the first case," Berry Objections at 4, 7.  See LR 74.2 ("The objecting party shall file with the clerk . . . written objections that specifically identify the portions of the order, findings, or recommendations to which objection is made and the basis for such objections.").

Regarding the magistrate judge's statement that Berry "alleges that Guidance has made false statements in this and other related actions," Berry argues, "It is not an allegation, it is an established fact."  Berry points to this mistake as proof that his claims were not frivolous.  Berry Objections at 4 (emphasis added).

The magistrate judge, however, was merely summarizing the allegations and arguments made in Berry's opposition to Guidance's motion.  The magistrate judge summarized a portion of Berry's opposition as follows:

> [Berry] contends that awarding Guidance
> attorney's fees would be contrary to the
> principles behind the Copyright Act.  He
> alleges that Guidance has made false
> statements in this and other related actions.
> He posits that Guidance was only able to
> obtain summary judgment because the district
> court did not make any inferences from

> Guidance's conduct and this is hardly a
> victory for Guidance.

12/4/2006 Report at 5-6 (emphasis added).  Indeed, Berry claims

in his opposition that Guidance prevailed on summary judgment

"despite th[e] fact that it admitted to filing a false affidavit

in the Bankruptcy court where Guidance/Gurzi falsely claimed all

Berry works were deleted from the Fleming system."  Berry Opp.

at 4.  Because the magistrate judge was simply summarizing

Berry's allegation that Guidance submitted false statements to

the bankruptcy court, the magistrate judge did not err in stating

that Berry "alleges" that Guidance made false statements.

Further, contrary to Berry's assertion, the statement did not go

to the magistrate's analysis of the <u>Fogerty</u> "frivolousness"

factor.  The court therefore declines to vacate the magistrate

judge's statement.

   Regarding the magistrate judge's omission of any

discussion about Guidance's alleged violation of an order in the

previous infringement case, Berry argues that "an order existed

which prohibited Guidance from performing the very acts that it

had committed that involved the scrubbing of computers."  Berry

Objections at 4, 7.  In support of this assertion, Berry points

to a court order from the previous infringement case that adopted

a special master's ruling on discovery.  Ex. 8 (attached to Berry

Opp.) at 4.  One of the rulings adopted by the court stated:

> the parties are to preserver [sic] all
> evidence in this case.  <u>In particular, no
> software, data, or emails are to be
> destroyed.</u>  The parties may continue with
> their ordinary business operations, however
> any routine corporate document destruction
> programs should be suspended during the
> pendency of this case.

Ex. 8 (attached to Berry Opp.) at 4 (emphasis in original).

Berry does not explain how the ruling applies to

Guidance, as Guidance was not a party in the prior infringement

case.  Further, Berry states in his opposition that the work

Guidance performed in July 2003 was not related to the prior

infringement case, but was instead related to Fleming's case in

Delaware, <u>Fleming Companies, Inc. v. Wayne Berry</u>, Adv. Proc. 03-

54809-MFW.  Berry Opp. at 16.  As the ruling does not appear to

apply to Guidance, and as Berry says that Guidance's work was not

even related to the prior infringement case, the court declines

to vacate any portion of the magistrate judge's order for failure

to discuss Guidance's alleged violation.  Accordingly, as Berry

does not challenge the magistrate judge's findings regarding the

remaining <u>Fogerty</u> factors, the court, in exercising its

discretion, adopts the recommendation to award Guidance

attorneys' fees.

b.    <u>Factors Applied to C&S.</u>

Regarding C&S, the magistrate judge found:  (1) Berry's

"claims against C&S were objectively unreasonable based on the

fact of this case and the applicable law"; (2) Berry had an

"improper motive for pursuing the instant case against C&S"; and
(3) "an award of attorney's fees is appropriate to deter the type
of vindictive litigation that [Berry] has pursued."  10/25/2006
Report at 25-27.  The magistrate judge also found that "C&S's
success in this case" and the fact that Berry "is not an
unsophisticated litigant" weighed in favor of awarding C&S
attorneys' fees.  10/25/2006 Report at 27-28.

    Berry objects to the magistrate judge's finding that
Berry is a vexatious litigant.  Berry argues that the magistrate
judge "erroneously concludes that [he] was engaged in an ongoing
vendetta that passed from Fleming to C&S."  Berry Objections at
11.  Berry asserts:

> If the Court looks simply at the cases that
> are cited [in C&S's motion], it will see that
> one of the cases was brought by Fleming
> against Atlantic Pacific International Inc.
> ("API") to enforce the terms of a
> fraudulently induced settlement. . . .  As to
> the other two, one is brought against Fleming
> by API but the other was against an API
> customer, Kraft Foods, that, despite claiming
> to have paid Fleming, never paid API for
> money it owed to API.  It is fundamental that
> you can't argue against the electric company
> shutting off the lights by claiming that you
> paid the telephone company instead.

Berry Objections at 11.

    The three cases to which Berry refers are addressed in
C&S's motion in support of its argument that "[Berry's]
motivation, stemming from a long-standing vendetta, strongly
calls for an award of [C&S's] attorneys' fees."  C&S Motion at 7.

23

C&S argues in its motion that the "chain of litigation sponsored by plaintiff includes":  (1) <u>API v. Fleming</u>, Civil. No. CV02-00711 HG LEK, which C&S describes as an "alleged antitrust case filed by plaintiff's wholly owned corporation"; (2) <u>Fleming v. API</u>, Civil No. CV 01-00645 SPK KSC, which C&S describes as an "action to compel arbitration, which the plaintiff appealed to the Ninth Circuit rather than arbitrate"; and (3) <u>API v. Kraft Foods North America, Inc.</u>, Civil No. 03-1-0865-04, which C&S describes as a "'collection action' in which plaintiff sued Kraft for bills that Kraft had already paid to Fleming."  C&S Motion at 7-8.

Although Berry had a relationship with API, which brought two of the three actions cited by C&S, Berry is correct in asserting that "none of the cases were brought by [him]." Berry is also correct in stating that he partially prevailed in the two lawsuits he brought against Fleming.  The instant action is the only suit Berry brought against C&S.

This court finds it unnecessary to either adopt or reject the magistrate judge's finding that Berry's alleged responsibility for bringing "numerous lawsuits and administrative complaints against Fleming" indicates an improper motive for pursing the instant case against C&S.  The court also finds it unnecessary to either adopt or reject the magistrate judge's finding that "an award of attorney's fees is appropriate to deter

24

the type of vindictive litigation that [Berry] has pursued." 10/25/2006 Report at 27. The unchallenged findings relating to the remaining <u>Fogerty</u> factors and the other factors set forth in <u>Wall Data Inc.</u> and <u>Ets-Hokin</u> are sufficient to support an award of fees to C&S. Therefore, even without the challenged findings, the court, in its discretion, adopts the magistrate judge's recommendation to award C&S attorneys' fees.

       8.   <u>Berry's Remaining Assertions.</u>

     Berry also argues: (1) that the magistrate judge "punished" him because he "cooperated with federal law enforcement"; (2) that "most milk is shipped to Hawaii pasteurized on the Mainland then goes sour in shipping only to be cooked again before sold to consumers as 'fresh' milk"; (3) that "the three previously alleged victims of Mr. Berry's <u>vendetta</u>, Fleming, Kraft Foods and Meadow Gold Dairy <u>nka</u> Dean's Food, are all the recipients of SEC cease and desist consent decrees"; (4) that the magistrate judge "erroneously decided that Mr. Berry is not to be afforded the ability to protect his works"; and (5) that the magistrate erred in finding that "C&S can obtain an adjudication of ownership rights in regard to its claimed replacement for FCS without filing a copyright registration and without providing a transfer from Fleming." Berry Objections at 8-13 (emphasis in original). Berry also states, "As to the Department of Defense, Mr. Berry requests that the Court permit

25

the facts of this issue to be heard, <u>in camera</u> if it is in any way relevant." Berry Objections at 9. Because the magistrate judge neither made these alleged findings or conclusions nor addressed these issues, the court declines to address Berry's objections.

      B.   <u>Objections to the December 4 Report.</u>

          1.   <u>Christensen Is Entitled to Attorneys' Fees.</u>

     Berry objects to the magistrate judge's recommendation to award Christensen attorneys' fees. Berry Objections at 13-15. Berry argues that, when this court granted summary judgment in Christensen's favor on all claims, the court erroneously relied on "his false statements." Berry Objections at 13-14. Berry explains, "When asked both in deposition and at trial why [Christensen] didn't just shut the system down on March 7, 2003, Mr. Christensen falsely testified that he wasn't in charge on that date." Berry Objections at 13. Berry contends that this false evidence served as the basis of Christensen's victory in this case and should therefore preclude an award of fees in his favor. Berry Objections at 13-14. The court disagrees with Berry and adopts the magistrate judge's recommendation to award Christensen attorneys' fees.

     This is not the first time that Berry has pointed to Christensen's deposition testimony as a basis for challenging the court's January 26, 2005, summary judgment order in favor of

26

Christensen. In Berry's motion under Rule 60(b) of the Federal Rules of Civil Procedure, he asked the court to, among other things, vacate the summary judgment order because Christensen stated in deposition testimony that he became the president of Fleming's Hawaii division sometime after March 7, 2003, although Christensen had actually been the president since March 2002. See 6/5/2006 Order at 1, 3. The court denied that motion, stating, "Contrary to Berry's position, the court did not, in the summary judgment order, rely on or refer to Christensen's erroneous deposition testimony that he became the president of Fleming's Hawaii division in March 2003." 6/5/2006 Order at 8. Rather, the court stated:

> The grant of summary judgment in favor of Christensen resulted from Berry's failure to produce any evidence showing direct, contributory, or vicarious infringement. The date that Christensen's presidency began was irrelevant to whether he infringed Berry's copyright during the period in issue.

6/5/2006 Order at 10.

As stated in the June 5, 2006, order, Christensen's misstatement played no role in Christensen's victory in this case. The court therefore rejects Berry's objection on this point.

27

2.    Trial Employees Are Not the Prevailing
      Parties.

Berry next argues:

> As to the two employees who had no monetary
> amount entered against them, they were found
> direct infringers.  They lost on the issue of
> infringement and should they use Berry's work
> again in their employment, would anyone argue
> that they would be willful infringers?  Th[e]
> judgment necessarily modifies their future
> conduct and therefore they are not prevailing
> parties and all parts of the Report that
> seeks to compensate them should be rejected.

Berry Objections at 15.  Regardless of which of the Trial

Employees Berry is referring to in this argument,[6] the argument

is unrelated to what the magistrate judge actually found.  The

magistrate judge viewed none of the Trial Employees as having

prevailed against Berry.  Regarding Dillon and Noa, the

magistrate judge said that "[Berry] was the prevailing party over

Mark Dillon and Teresa Noa for purposes of § 505."  12/4/2006

Report at 27.  Regarding the other Trial Employees, the

magistrate judge said that, "insofar as Ponce, Purdy, Fukumoto,

Waiolama, and Rio did not obtain a judgment against [Berry], this

court FINDS that they are not the prevailing parties."  12/4/2006

Report at 27.  As none of the Trial Employees was found to be a

---

    [6] Although Berry's argument addresses "the two
employees who had no monetary amount entered against them," the
jury did not award damages against five of the Trial
Employees--Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda
Waiolama, and Jacqueline Rio.  Berry Objections at 15 (emphasis
added).  The jury awarded damages against the two remaining Trial
Employees--Mark Dillon and Teresa Noa.

prevailing party, and as none of them was awarded fees or costs, the court disregards Berry's argument that they are not prevailing parties and should not receive fees or costs.

3.    The Jury Found That Berry Is Entitled to Recover Profits.

Berry also argues that "the Magistrate Judge makes the erroneous statement that 'the jury also found that [Berry] was not entitled to any additional profits from [Fleming] based on Fleming's infringement and that Fleming was vicariously liable for trial employees' infringement.'"   Berry Objections at 7. Berry contends, "The fact is that the jury found that Mr. Berry was entitled to any profits but the jury found there were no profits.   Therefore, had there been profits, based on the jury verdict, Mr. Berry would have been entitled to them."   Berry Objections at 7-8.   The court disagrees with Berry that the magistrate judge's statement is erroneous.

The jury found that Berry proved his entitlement to $57,534 in actual damages from Fleming, Dillon, and Noa for direct infringement.   Special Verdict Form at 2-4.   The jury also found that Berry proved "by a preponderance of the evidence that he is entitled to recover profits attributable to Fleming's use of [his] software."   Special Verdict Form at 5.   The jury was then asked to "state the amount of profit attributable to Fleming's direct infringement," excluding "any matters that would duplicate [actual] damages."   Special Verdict Form at 5.   The