# EXHIBIT K

12/6/2004  Christensen, Brian

```
 1            IN THE UNITED STATES DISTRICT COURT

 2                FOR THE DISTRICT OF HAWAII

 3

 4    WAYNE BERRY, a Hawaii      )

 5    citizen,                   )

 6                 Plaintiff,    )

 7       vs.                     ) Civil No. CV03-00385

 8    HAWAIIAN EXPRESS SERVICE,  )        SOM-LEK

 9    INC., a California         ) (Copyright)

10    corporation, et al.,       )

11                 Defendants.   )

12    _____)

13

14

15          DEPOSITION OF BRIAN CHRISTENSEN

16

17    Taken on behalf of Plaintiff Wayne Berry at 1132

18    Bishop Street, Suite 306, Honolulu, Hawaii, 96813,

19    commencing at 9:05 a.m., on Monday, December 6,

20    2004, pursuant to Notice.

21

22

23    REPORTED BY:   JANIS K. FLOATE, RPR, CSR 254

24                   Notary Public, State of Hawaii

25
```

12/6/2004 Christensen, Brian

```
1    APPEARANCES:
2
     For Plaintiff Wayne Berry:
3
                    TIMOTHY J. HOGAN, ESQ.
4                   Lynch Ichida Thompson Kim & Hirota
                    1132 Bishop Street, Suite 1405
5                   Honolulu, Hawaii  96813
6    For Defendants Hawaiian Express Service, Inc.;
     H.E.S. Transportation Services, Inc.; California
7    Pacific Consolidators, Inc.; Jeffrey P. Graham and
     Peter Schaul:
8
                    (telephonic appearance)
9                   EMILY REBER PORTER, ESQ.
                    Goodsill Anderson Quinn & Stifel
10                  1800 Alii Place
                    1099 Alakea Street
11                  Honolulu, Hawaii  96813
12   For Defendants Fleming Companies, Inc.; C&S
     Wholesale Grocers, Inc.; C&S Logistics of Hawaii,
13   LLC; C&S Acquisitions, LLC; ES3, LLC; and Richard
     Cohen:
14
                    LEX R. SMITH, ESQ.
15                  Kobayashi Sugita & Goda
                    2600 First Hawaiian Center
16                  999 Bishop Street
                    Honolulu, Hawaii 96813
17
     For Defendant Hawaii Transfer Company, Limited:
18
                    JULIA MORGAN, ESQ.
19                  Fukunaga Matayoshi Hershey & Ching, LLC
                    1200 Davies Pacific Center
20                  841 Bishop Street
                    Honolulu, Hawaii 96813
21
     For Defendant Foodland Super Market, Limited:
22
                    LEROY E. COLOMBE, ESQ.
23                  Chun Kerr Dodd Beaman & Wong, LLC
                    900 Topa Financial Center
24                  745 Fort Street
                    Honolulu, Hawaii 96813
25
```

**12/6/2004 Christensen, Brian**

```
 1    For Defendants Mark Dillon, Brian Christensen,
      Teresa Noa, Melvin Ponce, Alfredda Waiolama,
 2    Jacqueline Rio, and Justin Fukumoto:
 3                    LYLE HOSODA, ESQ.
                      345 Queen Street
 4                    Suite 804
                      Honolulu, Hawaii 96813
 5
 6    For Defendant Fleming Companies, Inc.:
 7                    R. OLIVIA SAMAD, ESQ.
                      Kirkland & Ellis
 8                    777 South Figueroa Street
                      Los Angeles, California 90017
 9
10
11
      Also Present:   Wayne Berry
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

12/6/2004  Christensen, Brian

```
 1
 2                         I N D E X
 3
 4
 5    EXAMINATION BY:                              PAGE
 6    Mr. Hogan                                      5
 7
 8
 9    EXHIBITS FOR IDENTIFICATION                  PAGE
10    Exhibit 27 - "Exhibit M" letter dated 8/23/03  16
11    Exhibit 28 - e-mail dated 3/10/03,
                   Christensen to Dillon             24
12
      Exhibit 29 - e-mail dated 1/21/04,
13                 Noa to Dillon                     29
14    Exhibit 30 - e-mail dated 5/6/03,
                   Dillon to Christensen             39
15
      Exhibit 31 - Electronic Articles of
16                 Organization for Florida Limited
                   Liability Company                 51
17
      Exhibit 32 - Fleming invoice, 6/10/03          56
18
      Exhibit 33 - e-mail dated 8/20/03,
19                 Noa to Dillon                     59
20    Exhibit 34 - Bureau of Conveyances doc.        60
21    Exhibit 35 - Supply Agreement                  62
22    Exhibit 36 - Stenger to Gross docs.            87
23    Exhibit 37 - Emergency Order invoice          114
24
25
```

12/6/2004 Christensen, Brian

1       (Disclosure presented to Counsel.)

2                       BRIAN CHRISTENSEN

3     called as a witness at the instance of Plaintiff,

4     being first duly sworn to tell the truth, the whole

5     truth and nothing but the truth, was examined and

6     deposed as follows:

7

8                       EXAMINATION

9     BY MR. HOGAN:

10       Q.    Good morning, Mr. Christensen.  My name is

11    Timothy Hogan.  I represent Wayne Berry, who is at

12    the table.

13             Would you please state your full name and

14    spell it for the court reporter.

15       A.    Brian Christensen.  C-H-R-I-S-T-E-N-S-E-N.

16       Q.    Thank you.  We're going to go over just a

17    few ground rules.  First, have you ever had your

18    deposition taken before?

19       A.    No.

20       Q.    Let me go over it.  A deposition is a

21    court proceeding, although there is no judge

22    present.  The lawyers will be able to make

23    objections to questions.  When you hear an

24    objection, just wait, let the objection be resolved,

25    and then generally you'll be told whether to answer

1   the question or not.
2       A.   Okay.
3       Q.   You're presently represented here by Mr.
4   Hosoda.  If you need to confer with him, I'd like
5   you to finish the question that I've asked, and if
6   you need to take a break or do something, then we
7   can break and you can do that.  Do you understand
8   that, sir?
9       A.   Yes.
10      Q.   Also, in a deposition it's important that
11  only one person talk at a time, the reason being
12  that the court reporter is taking it down in
13  stenographic means, and otherwise she won't be able
14  to do that.
15           If you don't understand a question I ask,
16  please say so.  Ask me to rephrase it, and I'll be
17  happy to do that.
18      A.   Okay.
19      Q.   Is there any reason today that you're not
20  able to give accurate testimony?  Medication or
21  anything of that sort?
22      A.   No.
23      Q.   Prior to the deposition did you review any
24  documents before coming here today?
25      A.   Yes.

12/6/2004 Christensen, Brian

1  that Fleming no longer infringed Mr. Berry's
2  software?
3      A.   My understanding was that we did have a
4  license to use the original software and that was
5  the intent and it was to go back to that original
6  form of the database.
7      Q.   Now, did you make the decision to do that?
8      A.   No.
9      Q.   Do you know who did?
10     A.   No.
11     Q.   Do you know how it was communicated to you
12 that there had been a decision to do that?
13     A.   Specifically, no, I don't know who told me
14 that, but yes.
15     Q.   You believe that was before April 1st?
16     A.   The verdict?
17     Q.   No.  I'm sorry.  That the decision to go
18 back to what was -- I believe you used the term
19 original version.  I think that's what you said.
20 I'm not trying to misstate it.  But if you did say
21 the original version, that decision was prior to
22 April 1st?
23     A.   I'm not sure on the date.
24     Q.   Were you aware prior to the filing of the
25 Fleming bankruptcy on April 1st, 2003, that Fleming

12/6/2004  Christensen, Brian

1   was going to file bankruptcy?
2        A.   No.
3        Q.   Is it fair to say that you found out after
4   they filed?
5        A.   Yes.
6        Q.   Have you ever offered any of the employees
7   that are presently working for you the option of not
8   using any of the software that's subject to this
9   litigation?
10            MR. SMITH:  Vague and ambiguous.
11            MR. HOSODA:  I join.
12  BY MR. HOGAN:
13       Q.   After the jury verdict Fleming did
14  something to the software that was operating in the
15  freight logistics department; is that correct?
16       A.   Yes.
17            MR. SMITH:  Vague and ambiguous, over
18  broad.
19            MR. HOSODA:  I join.
20  BY MR. HOGAN:
21       Q.   Did Fleming, to the best of your
22  knowledge, revert to the original license version?
23       A.   Yes.
24       Q.   Why do you say that?
25       A.   Because Mark Dillon, who was my

```
1    programmer, took the oldest copy that he had and
2    took out the changes that he had made to get it to
3    that original state.
4        Q.    What makes you say that that happened?
5    Why do you believe that?
6        A.    Because after that, we had a lot of
7    problems with the database and it was based on
8    taking out the changes that we made to make it work.
9        Q.    Did it ever occur to you to contact Wayne
10   Berry to get an actual original copy of the
11   software?
12       A.    I wasn't involved in the trial itself and
13   the subsequent decision to go back to the software.
14   So I don't know if I can answer that.
15           MR. HOGAN:  Let's mark this as the next in
16   order.
17               (Exhibit 28 marked for identification.)
18   BY MR. HOGAN:
19       Q.    Mr. Christensen, you have been handed a
20   document marked for identification as Exhibit 28.
21   Have you ever seen that before?
22       A.    Yes.
23       Q.    Is that one of the e-mails that you
24   reviewed prior to your deposition?
25       A.    Yes.
```