LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) | |
| ) | Civ. No. 07 CV-0172 SOM-LEK |
| Plaintiff, ) | (Copyright) |
| ) | |
| vs. ) | |
| ) | |
| DEUTSCHE BANK TRUST ) | DECLARATION OF TIMOTHY J. |
| COMPANY AMERICAS (FKA ) | HOGAN IN SUPPORT OF |
| BANKERS TRUST COMPANY)AND ) | PLAINTIFF'S MEMORANDUM IN |
| JP MORGAN CHASE BANK IN ) | OPPOSITION TO MOTION TO |
| THEIR SEPARATE CAPACITIES ) | DISMISS; EXHIBITS "1" TO "16" |
| AND AS AGENTS FOR THE PRE ) | |
| AND POST-PETITION LENDERS OF) | |
| FLEMING COMPANIES, INC. et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DECLARATION OF TIMOTHY J. HOGAN

I, Timothy J. Hogan, an am attorney licensed to practice before all the courts of the state of Hawaii and hereby declare under penalty of perjury that the following is true and accurate to the best of my knowledge and belief. If called upon to testify regarding the matters contained herein, I am competent and willing to do so.

    1.    Mr. Berry objects to judicial notice being taken in matters outside of this Court's own record and offers that he should be afforded the opportunity to present evidence to meet the proof provided by the Lenders should the Court consider any of this material. It is clear that the massive material submitted in support and the fact that the motion contemplates the adjudication of affirmative defenses that are not evident from the complaint converts this to a Fed. R. Civ. P. 56 Motion. Mr. Berry has not had sufficient time to prepare to respond, and should the Court look beyond the complaint he must be afforded time and a fair opportunity to meet the voluminous materials. Mr. Berry objects to the taking of judicial notice of court files in other cases that can only be viewed in the context of the other materials relevant to the orders and therefore not subject of judicial notice. Moreover, the inclusion of newspaper articles, transcripts of depositions and hearing transcripts must necessary preclude ruling on this motion without

2

affording Mr. Berry adequate opportunity to respond under Fed. R. Civ. 56.

2.     Attached hereto as Exhibit "1" is a true and correct copy of the Complaint filed herein on March 29, 2007 as Docket Number 1.

3.     Attached hereto as Exhibit "2" is a true and correct copy of an excerpt of the Transcript of Proceedings dated March 2, 2006, in *Wayne Berry v. Hawaiian Express Service, Inc.*, CV 03-00385 SOM-LEK.

4.     Attached hereto as Exhibit "3" is a true and correct copy of a tolling agreement entered between Mr. Berry and the Lenders tolling the statute of limitations regarding his copyright claims.  It contains a revised Exhibit "A" because the parties agreed to add parties after the agreement was entered.

5.     Attached hereto as Exhibit "4" is a true and correct copy of the Verified Complaint filed in *Wayne Berry v. Fleming Companies, Inc.*, CV01-00446 SPK-LEK, on July 3, 2001.

6.     Attached hereto as Exhibit "5" is a true and correct copy of an order entered in the Fleming bankruptcy exempting Mr. Berry from the discharge injunction of the Bankruptcy Code.  This order was filed on July 27, 2004, prior to the entry of the Order Confirming the Official Committee of Unsecured Creditors Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the Bankruptcy Code, filed in

*In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW) (Bankr. Del.) as Docket Number 9044.

    7.    Attached hereto as Exhibit "6" is a true and correct copy of Order Confirming The Official Committee of Unsecured Creditors Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the Bankruptcy Code, filed in *In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW) (Bankr. Del.). This Order was entered on the Fleming Docket after the Order referred to in paragraph 5 above as Docket Number 9045.

    8.    Attached hereto as Exhibit "7" is a true and correct copy of The Official Committee of Unsecured Creditors Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the Bankruptcy Code, filed in *In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW) (Bankr. Del.) as Docket Number 8268.

    9.    Attached hereto as Exhibit "8" is a true and correct copy of the Fleming Post-Confirmation Trust's Response To Wayne Berry's August 2, 2006 Brief, filed in *In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW) (Bankr. Del.) on August 23, 2006 as Docket Number 13232.

    10.    Attached hereto as Exhibit "9" is a true and correct copy of

Defendants Motion to Exclude Plaintiff's Use of Privileged Communications at Trail filed in *Wayne Berry v. Hawaiian Express Service, Inc.*, CV 03-00385 SOM-LEK on March 2, 2006, by the Lenders' current mainland counsel as Docket Number 839.

11.   Exhibit "10" is a true and correct copy of email produced by C&S and Fleming's concurrent counsel Lex Smith in 2005 that had been given to Fleming and C&S' disclosed trial expert Martin Walker, after I warned the PCT's counsel that to do so would constitute a waiver of any alleged privilege.  They did it anyway.  I have brought my intention to use this email to the attention of the PCT's counsel and they did not object.  Out of an abundance of caution it will be submitted to the Court at the hearing for in camera inspection.

12.   Attached hereto as Exhibit "11" is a true and correct copy of the Joint Motion of Fleming Companies, Inc. and the Pre-Petition Agents for Authorization Pursuant to Sections 363 and 105 of the Bankruptcy Code, to Pay Amounts to the Pre-Petition Agents on Behalf of the Pre-Petition Lenders, filed on October 10, 2003, in *In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW) (Bankr. Del.) as Docket Number 4011.

13.   Attached hereto as Exhibit "12" is a true and correct copy of the final judgment and Jury Special Verdict in *Wayne Berry v. Fleming Companies, Inc.*,

CV01-00446 SPK-LEK, on July 3, 2001.

14. Attached hereto as Exhibit "13" is a true and correct copy of the Second Amended Final Judgment and the Jury Special Verdict in *Wayne Berry v. Hawaiian Express Service, Inc.*, CV 03-00385 SOM-LEK.

15. Attached hereto as Exhibit "14" is a true and correct of the Disclosure Schedule to the Asset Purchase Agreement, that was filed by Fleming Companies, Inc. in its Bankruptcy proceeding in support of its motion to approve the sale of its wholesale business to C&S that lists the status of Fleming's wholesale divisions.

16. Attached hereto as Exhibit "15" is a true and correct print taken from CSWG.com, C&S's online web site, on July 3, 2007, evidencing C&S's operating wholesale warehouses.

17. Attached hereto as Exhibit "16" is a true and correct excerpt of the Transcript of Proceeding on, Hearing on Preliminary Injunction, September 28, 2004, in *Wayne Berry v. Hawaiian Express Service, Inc.*, CV 03-00385 SOM-LEK.

Executed at Honolulu, Hawai'i, July 5, 2007.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN