# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii Citizen, | **SECOND AMENDED JUDGMENT IN A CIVIL CASE** |
| Plaintiff, | |
| | CIVIL 03-00385SOM-LEK |
| V. | FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII |
| | March 16, 2006 |
| HAWAIIAN EXPRESS SERVICE, INC.; FLEMING COMPANIES, INC., et al., | At 4 o'clock and 00 min p.m. SUE BEITIA, CLERK |
| Defendants. | |

A Stipulation Regarding Good Faith Settlement between Plaintiff Wayne Berry and Defendants Hawaiian Express Service, Inc., H.E.S. Transportation Services, Inc., California Pacific Consolidators, Inc., Jeffery P. Graham, Peter Schaul , and Patrick Hirayama, (collectively "HEX Defendants") having been approved and ordered and filed on July 7, 2005, and a "Stipulation for Dismissal of the HEX Defendants with Prejudice and Order" having been approved and ordered and filed on July 25, 2005, and this Action having come for hearing before the Court whereby the issues have been heard and decisions have been rendered; and this Action having come for a trial by jury before the Court whereby the issues have been tried and decision has been entered; the Clerk of Court enters an AMENDED JUDGMENT as follows:

IT IS ORDERED AND ADJUDGED that pursuant to the "ORDER GRANTING DEFENDANT FOODLAND'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT HAWAII TRANSFER COMPANY'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING IN PART, DENYING IN PART DEFENDANTS DILLON, NOA, AND CHRISTENSEN'S MOTION FOR SUMMARY JUDGMENT" filed on January 26, 2005:

~1~

March 16, 2006
CIVIL 03-00385SOM-LEK
Wayne Berry, etc vs. Hawaiian Express Service, Inc., *et al.*
SECOND AMENDED JUDGMENT IN A CIVIL CASE
page 2 of 4

- SUMMARY JUDGMENT as to Counts I, II, III, and VI of the Second Amended Verified Complaint is GRANTED in favor of defendant Foodland Super Market, Limited; in favor of defendant Hawaii Transfer Company, Limited, and against plaintiff Wayne Berry. As to Count 5 of the Second Amended Verified Complaint, the Court dismisses all claims under the Sherman Act against defendant Foodland Super Market, Limited and against defendant Hawaii Transfer Company, Limited , pursuant to FRCP Rule 12(b)(6); and,

- SUMMARY JUDGMENT with respect to Defendants Mark Dillon, Brian Christiansen, and Teresa Noa [collectively, "Employee Defendants" ] is DENIED in Part and GRANTED in Part, as pursuant to the aforementioned January 26, 2005 Order, wherein *"...The Court denies summary judgment to [defendant Mark] Dillon and [defendant Teresa] Noa with respect to Count I for acts occurring between the dates of March 7, 2003, and June 9, 2003, but grants summary judgment to [defendant Brian] Christiansen with respect to Count I for that time period. The court grants summary judgment to all Employee Defendants with respect to Count I for acts occurring outside the period from March 7, 2003, to June 9, 2003. The court grants summary judgment to Employee defendants on Counts II, III, and IV, and dismisses Count V with respect to Employee Defendants...".*

IT IS FURTHER ORDERED that SUMMARY JUDGMENT IS GRANTED in favor of defendant AlixPartners and against plaintiff Wayne Berry, and is granted as pursuant to the "ORDER DENYING BERRY'S MOTION FOR SUMMARY JUDGMENT AGAINST ALIXPARTNERS; ORDER GRANTING ALIXPARTNERS' COUNTERMOTION FOR SUMMARY JUDGMENT" filed on June 17, 2005.

March 16, 2006
CIVIL 03-00385SOM-LEK
Wayne Berry, etc vs. Hawaiian Express Service, Inc., *et al.*
SECOND AMENDED JUDGMENT IN A CIVIL CASE
page 3 of 4

IT IS FURTHER ORDERED that: (1) Plaintiff Wayne Berry's Motion for
Summary Judgment is Granted in Part and Denied in Part ; (2) Defendant Post
Confirmation Trust-- *as the representative of defendant Fleming Companies, Inc.
during Fleming Companies, Inc.'s bankruptcy*--Counter-Motion for Summary
Judgment is Granted in Part and Denied in Part ; (3) Defendants C&S Logistics of
Hawaii, LLC, C&S Wholesale Grocers, Inc.; C&S Acquisitions, LLC, ES3, LLC,
and Richard Cohen's Counter-Motion for Summary Judgment are GRANTED; (4)
Defendants Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin
Fukumoto, Alfredda Waiolama, and Jacqueline Rio's Counter-Motion for
Summary Judgment is GRANTED in Part and DENIED in Part; and  (5)
Defendants Guidance Software, Inc., and Michael Gurzi's Counter-Motion for
Summary Judgment is GRANTED.[1]

Said Motions are adjudicated  as pursuant to the "ORDER GRANTING IN PART,
DENYING IN PART BERRY'S MOTION FOR SUMMARY JUDGMENT;
ORDER GRANTING C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE
GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND RICHARD
COHEN'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING
GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR
SUMMARY JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART
REMAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT" filed
on June 27, 2005.

~3~

---

[1] The "Amended Judgment" incorrectly reflected defendants Guidance Software, Inc. and
Michael Gurzi's Counter-Motion for Summary Judgment as having been Granted in Part and
Denied in Part.

March 16, 2006
CIVIL 03-00385SOM-LEK
Wayne Berry, etc vs. Hawaiian Express Service, Inc., *et al.*
SECOND AMENDED JUDGMENT IN A CIVIL CASE
page 4 of 4


AS TO THE ISSUES THAT HAVE BEEN TRIED BEFORE THE COURT AND
THE DECISION THAT HAS BEEN RENDERED BY THE JURY:


IT IS ORDERED AND ADJUDGED THAT JUDGMENT is entered in favor of
the Plaintiff in the amount of $57,534.00, and against the defendant(s) Fleming in
the amount of $57,530.00; Mark Dillon in the amount of $2.00; and Teresa Noa in
the amount of $2.00, and furthermore, is entered as pursuant to the "SPECIAL
VERDICT FORM" filed on March 7, 2006.


cc:     All Counsel and/or Parties of Record


_____March 16, 2006_____          _____SUE BEITIA_____
Date                                 Clerk

                                     _____
                                     (By) Deputy Clerk

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) ) | SPECIAL VERDICT FORM |
| vs. | ) ) ) | |
| FLEMING COMPANIES, INC., an Oklahoma corporation; MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, and JACQUELINE RIO, Hawaii citizens; et al., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

UNITE       E COURT
DIS         AII

MAR 7 - 2006

at 3 o'clock and 45 min M
SUE BEITIA, CLERK

## SPECIAL VERDICT FORM

The jury must answer all of the questions unless otherwise indicated. To understand what issues are being submitted to you, you may wish to read over the entire Special Verdict Form before proceeding to answer it. Answer the questions in numerical order. Follow the directions carefully. Each answer requires the agreement of all jurors. If you do not

understand any question, or if you wish to communicate with the Court on

any subject, you must do so in writing through the courtroom manager.

## I.       **Direct Infringement**

## **Actual Damages Caused by Direct Infringement**

1.    Has the plaintiff proven by a preponderance of the evidence that he is

entitled to recover actual damages for any defendant's use of the plaintiff's

software between April 1, 2003, and June 9, 2003?

      Yes   ✗

      No   _____

If you answered "Yes" to Question No. 1, go on to Question No. 2.  If you

answered "No" to Question No. 1, skip Question Nos. 2 and 3 and proceed to

Question No. 4.

2.    If you answered "Yes" to Question No. 1, state the total amount of

actual damages that the plaintiff is entitled to recover for direct infringement.

     $ _51,534_____

Go on to Question No. 3.

3.    State the portion of the actual damage amount that each defendant's

direct infringement caused.  If one or more defendants were responsible for

the entire actual damage amount, you may so indicate by writing the word "all" in the space next to any such defendant's name.  If a defendant did not cause the entire actual damage award, you may fill in "0" or a dollar amount less than your response to Question No. 2 next to that defendant's name. Remember that the total of what all defendants caused is stated in your response to Question No. 2.

| | |
|---|---|
| Fleming | $ _57530_ |
| Mark Dillon | $ _0_ |
| Teresa Noa | $ _0_ |
| Melvin Ponce | $ _0_ |
| Sonia Purdy | $ _0_ |
| Justin Fukumoto | $ _0_ |
| Alfredda Waiolama | $ _0_ |
| Jacqueline Rio | $ _0_ |

Go on to Question No. 4.

4

## **Fleming's Profits Resulting from Direct Infringement**

4.    Has the plaintiff proven by a preponderance of the evidence that he is

entitled to recover profits attributable to Fleming's use of the plaintiff's

software between April 1, 2003, and June 9, 2003?

     Yes   $\times$ ____

     No   ____

If you answered "Yes" to Question No. 4, go on to Question No. 5.  If you

answered "No" to Question No. 4, skip Question No. 5 and proceed to

Question No. 6.


5.    If you answered "Yes" to Question No. 4, state the amount of profit

attributable to Fleming's direct infringement, but do not include in your

calculation any matters that would duplicate damages, if any, already

awarded in your response to Question No. 2.

     $  ____$\phi$____

Go on to Question No. 6.

## II.     **Vicarious Liability**

6.    Is Fleming vicariously liable for any employee defendant's use of the

plaintiff's software between April 1, 2003, and June 9, 2003?

Yes    ✗

No    _____

Please sign and date this form and give it to the courtroom manager.

7 MARCH 2006
_____
Date

_____
Foreperson

6