LYLE S. HOSODA & ASSOCIATES, LLC

| | |
|---|---|
| LYLE S. HOSODA | 3964-0 |
| RAINA P.B. GUSHIKEN | 7329-0 |

345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY,<br><br>       Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) AND JP MORGAN CHASE BANK IN THEIR SEPARATE CAPACITIES AND AS AGENTS FOR THE PRE AND POST- PETITION LENDERS OF FLEMING COMPANIES, INC.; DOES 1 TO 200,<br><br>       Defendants. | CIVIL NO. CV07-00172 SOM LEK (Copyright)<br><br>**DEFENDANTS' RESPONSE TO BERRY'S CONCISE STATEMENT OF FACTS FILED IN SUPPORT OF BERRY'S COUNTERMOTION FOR PARTIAL SUMMARY JUDGMENT; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE**<br><br>Date:     July 23, 2007<br>Time:    11:15 a.m.<br>Place:   Room C-409 |

**DEFENDANTS' RESPONSE TO BERRY'S CONCISE
STATEMENT OF FACTS FILED IN SUPPORT OF BERRY'S
COUNTERMOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rules 7.5 and 56.1 of the Local Rules for the United States District Court of Hawai'i, Defendants Deutsche Bank Trust Company Americas and JP Morgan Chase Bank (together, "Defendants") submit this Response to Berry's Concise Statement of Facts, which he filed in support of his July 5, 2007, Countermotion for Partial Summary Judgment.

**Berry's Fact:**

1. Fleming's Plan of Reorganization (the "Plan") provided for a mechanism for a creditor to avoid the preclusive effect of the Plan. Hogan Decl. ¶ 8, Ex. 7 at 52.

**Defendants' Response to Berry's Fact:**

**Disputed.** Berry's "fact" is an improper legal conclusion and should be stricken. The Plan (which speaks for itself) does not provide a mechanism by which a creditor may avoid its preclusive effect. In fact, the Bankruptcy Code specifically provides as a matter of law that a confirmed plan of reorganization is binding on all creditors and parties in interest in a bankruptcy case. 11 U.S.C. § 1141.

**Berry's Fact**

2. Consistent with the plan, Plaintiff obtained relief from stay prior to the entry of the confirmation order and was exempted from the permanent injunction and discharge provisions of the Plan. The Lenders and Debtors remained liable for their wrongful conduct. Hogan Decl. ¶¶ 7 -9; Ex. 6-8.

**Defendants' Response to Berry's Fact:**

**Disputed and Immaterial.** Berry's "fact" is compound, an improper legal conclusion and should be stricken. Berry's relief from stay in Fleming's bankruptcy (which allowed him to continue his ongoing litigation against Fleming in Hawai'i) is immaterial to his ability to commence or continue actions against Defendants.

Moreover, as a factual matter, Berry did not receive a wholesale exemption

from the permanent injunction or discharge provisions of the Plan. In fact, after Berry moved to enforce his "exemption," the Bankruptcy Court specifically found that Berry "did not get an exemption from discharge." Suppl. Brady Decl., Ex. Y at 15:4-10, 17:6-12 (Bankruptcy Court Transcript).

**Berry's Fact**

3. The order confirming the Plan provided that all of the DIP financing orders were subject to the confirmation order. Moreover, the confirmation order that is a final order with collateral estoppel effect binding upon the Lenders provided that the Lenders remained liable for the wrongful acts even assuming Mr. Berry had been bound by the Plan and not exempted from it. Hogan Decl. ¶¶ 6-7; Ex. 5-6.

**Defendants' Response to Berry's Fact**:

**Immaterial**. Berry's "fact" is compound, a legal conclusion and should be stricken. And whether Defendants "remained liable for wrongful acts" relating to the bankruptcy is immaterial to whether he can prove his infringement claims in this Court in spite of preclusive, dispositive orders. The fact that the Plan has collateral estoppel effect is undisputed.

**Berry's Fact**

4. The debtors' (sic) agreed to be under the Lenders' control regarding Berry works. Hogan Decl. ¶ 11, Ex. 10.

**Defendants' Response to Berry's Fact**:

**Disputed**. The Bankruptcy Court's binding orders found that Defendants did not control Fleming. Brady Decl., Exs. B-D (Financing Orders). Moreover, Berry's fact is not supported by the email it cites as evidence. The email, drafted by Fleming's litigation counsel, reveals that Fleming was planning to hire Guidance Software and that its counsel felt that Fleming should obtain lender approval before doing so. The email does not demonstrate Defendants' control. Rather, it merely shows that Fleming's counsel thought it should comply with

certain Bankruptcy Court orders requiring it to create budgets and run expenditures by Defendants. Brady Decl., Ex. D at 15 ¶ 3 and 29 ¶ 25. Notably, these are the very same orders in which the Bankruptcy Court explicitly found that Defendants did not control Fleming.

**Berry's Fact**

5. The Lenders had knowledge of the infringement during the time of the infringement. Hogan Decl. ¶ 10, Ex. 9.

**Defendants' Response to Berry's Fact**:

**Disputed**. The email chain that Berry is (apparently) citing does not support his conclusion. Hogan Decl., Ex. 9 at 18. The chain, which contains emails among Fleming's counsel and purports to carbon copy Roberto Kampfner, an attorney from White & Case (Defendants' bankruptcy counsel), highlights Fleming's own ignorance of the infringement. *Id.* As a result, the fact that Mr. Kampfner, an attorney, was copied on this email is irrelevant and ineffectual to show Defendants' knowledge. Moreover, there is no reason to believe that Mr. Kampfner ever saw this email. His email address as typed on the email is incorrect. Suppl. Brady Decl. ¶ 5. This document does not support Berry's fact -- or any element of his claims.

**Berry's Fact**

6. The Lenders had sufficient power (sic) control to stop the infringement but failed to stop it because they had a financial (sic) keeping the Hawaii division operating through (sic) they knew of the infringement. Hogan Decl. Ex. 10-11, 14-15.

**Defendants' Response to Berry's Fact**:

**Immaterial and Disputed**. This fact is compound and should be stricken. To the extent that the fact asserts knowledge, the fact is immaterial, as knowledge is not an element of a vicarious infringement claim.

Moreover, the evidence that Berry cites (an interim payment motion, an

email and information regarding Fleming and C&S distribution centers) does not support his conclusion. The interim payment motion, for example, provides that Defendants would be paid from the pool of assets in the Fleming bankruptcy estate. Hogan Decl., Ex. 11. Because Defendants were paid from this pool -- and not directly from proceeds of the infringement -- his evidence actually shows that Defendants did not have a direct financial interest in any infringement.

Similarly, Berry cites the May 19, 2003, email discussed in "Fact 4," above to demonstrate knowledge and control. But this email was not addressed to any of Defendants and, as a result, it cannot prove knowledge. Additionally, and as discussed above, the email cannot prove control in light of the Bankruptcy Court's determination that Defendants did not control Fleming.

Finally, Berry's citation to two last documents -- one of which appears to be a list of Fleming "PCSs" and the other of which appears to be a list of C&S Wholesale Grocers locations -- does not prove that Defendants obtained a direct financial benefit from the infringement. At most, they show that Fleming had multiple "PCSs" (although it is unclear whether this document includes all of the warehouses it had in 2003) and that C&S operates in a number of locations (although, again, it is unclear whether the list is all inclusive or that the locations are the same as they were in 2003). These documents in no way support Berry's fact -- or any element of his claims.

**Berry's Fact**

7. Direct infringement has been established for the period of July 3, 2001 to June 9, 2003. Hogan Decl. Exs. 4, 12-13.

**Defendants' Response to Berry's Fact**:

**Undisputed** only to the extent that juries found that Fleming infringed the FCS software, but did not infringe other software upon which Berry claimed infringement. Notably, the Court held that Fleming's infringement was inadvertent after March 6, 2003.

**Berry's Fact**

8. But for the viability of the Hawaii division, the sale to C&S would have not occurred. *See* Facts 5 and 6.

**Defendants' Response to Berry's Fact**:

**Disputed**. None of the documents provided by Berry support his fact. The documents do not explain why C&S would purchase *all* of Fleming's assets, nationwide, if they only wanted the Hawai'i division.

**Berry's Fact**

9. The Lenders had a direct financial interest in the infringement. Hogan Decl. ¶ 12; Ex. 2 at 121:23 - 125:16, Ex. 11, Ex. 14-15, Ex. 16 at 113:8 - 113:20.

**Defendants' Response to Berry's Fact**:

**Disputed**. None of the documents provided by Berry support his fact. Defendants were paid from the pool of assets in the bankruptcy estate -- not from the infringement. *See* Defendants' Responses to Facts 6 and 8, above.

DATED: Honolulu, Hawai'i,
July 12, 2007

LYLE S. HOSODA & ASSOCIATES, LLC

By: /s/ Lyle S. Hosoda

Lyle S. Hosoda  3964-0
Raina P.B. Gushiken  7329-0
345 Queen Street, Suite 804
Honolulu, Hawai'i 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (S.B.N. 145830)
Erin N. Brady (S.B.N. 215038)
F. Wade Ackerman (S.B.N. 234747)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500
E-mail:  ebrady@kirkland.com

Counsel for Defendants

WHITE & CASE LLP
Andrew DeNatale (ADN 2429)
Jonathan Moskin (Bar No. 1949031)
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:  (212) 819-8200
Facsimile:   (212) 354-8113
E-mail:  adenatale@ny.whitecase.com

Of Counsel for Defendants