LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA   3964-0
RAINA P.B. GUSHIKEN 7329-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY,<br><br>  Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) AND JP MORGAN CHASE BANK IN THEIR SEPARATE CAPACITIES AND AS AGENTS FOR THE PRE AND POST- PETITION LENDERS OF FLEMING COMPANIES, INC.; DOES 1 TO 200,<br><br>  Defendants. | CIVIL NO. CV07-00172 SOM LEK<br>(Copyright)<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF EVIDENTIARY OBJECTIONS TO THE DECLARATION OF TIMOTHY J. HOGAN; CERTIFICATE OF SERVICE**<br><br>Date: July 23, 2007<br>Time: 11:15 a.m.<br>Place: Room C-409 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF EVIDENTIARY OBJECTIONS TO THE DECLARATION OF TIMOTHY J. HOGAN**

Defendants Deutsche Bank Trust Company Americas and JP Morgan Chase Bank (together, "Defendants") submit these evidentiary objections to the Declaration of Timothy Hogan.

Paragraph 1: Mr. Hogan's testimony regarding what Berry believes is inadmissible hearsay not subject to any exceptions. *See* FED. R. EVID. 802, 803.

Exhibit 2 (Transcript From Berry's Litigation With PCT): The statements contained in Exhibit 2 are hearsay, lack foundation and are speculative. *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006) (holding that district court properly struck portions of an affidavit due to lack of personal knowledge); *see also* FED. R. EVID. 802, 803.

Exhibit 9 (PCT Motion): The motion (filed by a third party, the PCT) and its attached emails contain statements that lack foundation. *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006) (holding that district court properly struck portions of an affidavit due to lack of personal knowledge). Further, the motion and attached emails were drafted by a third party and are hearsay not subject to any exceptions. *See* FED. R. EVID. 802, 803.

Defendants do not take issue with the Court judicially noticing the motion itself, but as it is not a court order, the content of the motion cannot be used for res judicata or collateral estoppel effect.

Exhibit 10 (March 19, 2003 Email): Exhibit 10 has not been properly authenticated and is inadmissible. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (declarant who did not write the document cannot authenticate it). Moreover, the email lacks foundation and is speculative. *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d at 915 (holding that district court properly struck portions of an affidavit due to lack of personal knowledge). Finally, an email drafted by an individual not party to this litigation is hearsay not subject to any exceptions. *See* FED. R. EVID. 802, 803.

K&E 11947680.5

Exhibit 14 (C&S Disclosure Schedule): Exhibit 14 is hearsay not subject to any exceptions. *See* FED. R. EVID. 802, 803. Defendants do not take issue with the Court judicially noticing the filed sale document, but as it is not a court order, the content of the document cannot be used for res judicata or collateral estoppel effect.

Exhibit 15 (C&S Webpage): Exhibit 15 is irrelevant. *See* FED. R. EVID. 401, 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* Berry apparently relies on a webpage from the C&S website to argue that the lenders had a financial interest in keeping the Hawai'i division operating and, thus, a financial interest in the infringement. The website, apparently memorialized as of July 3, 2007, seems to be a list of C&S Wholesale Grocers locations (it is unclear whether the list is all inclusive). The page has no relevance to Defendants' financial interest in the Hawai'i division or the alleged infringement at the time of the 2003 sale. As such, it is inadmissible in this lawsuit.

Even if the webpage was relevant to this lawsuit, information contained in the website lacks foundation. *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d at 915. And the content is hearsay not subject to any exceptions. *See* FED. R. EVID. 802, 803.

Exhibit 16 (Transcript From Berry's Litigation With PCT): Statements contained in Exhibit 16 lack foundation. *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d at 915 (holding that district court properly struck portions of an affidavit due to lack of personal knowledge). Further, witness testimony by an individual not party to this litigation (a Fleming employee) in another trial is hearsay not subject to any exceptions. *See* FED. R. EVID. 802, 803.

DATED: Honolulu, Hawai'i,
July 12, 2007

        LYLE S. HOSODA & ASSOCIATES, LLC

        By: /s/ Lyle S. Hosoda

        Lyle S. Hosoda  3964-0
        Raina P.B. Gushiken  7329-0
        345 Queen Street, Suite 804
        Honolulu, Hawai'i 96813
        Telephone: (808) 524-3700
        Facsimile: (808) 524-3838
        E-mail: lsh@hosodalaw.com

        KIRKLAND & ELLIS LLP
        Michael E. Baumann (S.B.N. 145830)
        Erin N. Brady (S.B.N. 215038)
        F. Wade Ackerman (S.B.N. 234747)
        777 South Figueroa Street
        Los Angeles, California  90017
        Telephone: (213) 680-8400
        Facsimile: (213) 680-8500
        E-mail: ebrady@kirkland.com

        Counsel for Defendants

        WHITE & CASE LLP
        Andrew DeNatale (ADN 2429)
        Jonathan Moskin (Bar No. 1949031)
        1155 Avenue of the Americas
        New York, New York 10036-2787
        Telephone: (212) 819-8200
        Facsimile: (212) 354-8113
        E-mail: adenatale@ny.whitecase.com

        Of Counsel for Defendants

K&E 11947680.5