LYLE S. HOSODA & ASSOCIATES, LLC

| | |
|---|---|
| LYLE S. HOSODA | 3964-0 |
| RAINA P.B. GUSHIKEN | 7329-0 |

345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) | CIVIL NO. CV07-00172 SOM LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | **DEFENDANTS' RESPONSE TO** |
| v. ) | **PLAINTIFF'S OBJECTION TO** |
| ) | **JUDICIAL NOTICE AND** |
| DEUTSCHE BANK TRUST ) | **REQUEST FOR RULE 56(f)** |
| COMPANY AMERICAS (FKA ) | **DISCOVERY; CERTIFICATE OF** |
| BANKERS TRUST COMPANY) ) | **SERVICE** |
| AND JP MORGAN CHASE BANK ) | |
| IN THEIR SEPARATE CAPACITIES ) | |
| AND AS AGENTS FOR THE PRE ) | Date:    July 23, 2007 |
| AND POST- PETITION LENDERS ) | Time:    11:15 a.m. |
| OF FLEMING COMPANIES, INC.; ) | Place:   Room C-409 |
| DOES 1 TO 200, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO
JUDICIAL NOTICE AND REQUEST FOR RULE 56(f) DISCOVERY**

Defendants Deutsche Bank Trust Company Americas and JP Morgan Chase Bank (together, "Defendants") submit their Response to Berry's Opposition to Judicial Notice and Request For Rule 56(f) Discovery, as set forth in the Declaration of Timothy J. Hogan.

I. **THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE MATERIALS DEFENDANTS SUBMITTED IN SUPPORT OF THEIR MOTION TO DISMISS.**

Berry "objects" -- in his attorney's declaration -- to the Court taking judicial notice of matters "outside of this Court's own record" in deciding a motion to dismiss. Hogan Decl. ¶1. He argues that if the Court considers these materials, it must convert Defendants' motion to dismiss into one for summary judgment. *Id.* And he argues that if the Court considers these materials, he must be allowed to submit contrary evidence to support his claims. *Id.* ("taking of judicial notice of court files in other cases . . . can only be viewed in the context of the other materials relevant to the orders and therefore not subject of judicial notice."). He is wrong on all counts.

First, there is ample authority to support Defendants' request that this Court take judicial notice of matters of public record. *See Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds* (taking judicial notice of state administrative records to determine whether an agency decision had a collateral estoppel effect on the plaintiff's claim); *Kourtis v. Cameron*, 419 F.3d 989, 995 n.3 (9th Cir. 2005) (taking judicial notice of a prior lawsuit in determining whether an issue litigated in the earlier lawsuit was identical to one raised in the case at bar); *I. Meyer Pincus & Assoc. P.C. v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d Cir. 1991) (finding that a court can consider the full text of SEC filings, prospectuses, analyst's reports and statements integral to

the complaint without converting a motion to dismiss into a motion for summary judgment); *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (finding that when ruling on a motion to dismiss, a "court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice").

Moreover, this Court may take judicial notice of matters of public record *without* converting Defendants' motion to dismiss into one for summary judgment. *See In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 19 (1st Cir. 2003) ("matters of public record are fair game in adjudicating Rule 12(b)(6) motions, and a court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment"); *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("the district court may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment") (internal citations omitted); *Mack*, 798 F.2d at 1282 (finding that the district court's consideration of state administrative records to determine whether an agency decision had a collateral estoppel effect on the plaintiff's claim did not convert defendant's 12(b)(6) motion to one for summary judgment).

Finally, the Court can take judicial notice of prior proceedings without allowing Berry to submit "contrary" evidence. The plaintiff in *In re Colonial Mortgage Bankers* took a position similar to Berry's here, arguing that the court could not take judicial notice of prior proceedings without allowing him to introduce contrary evidence to support his claim. The First Circuit found that judicial notice of prior proceedings was appropriate, and dismissed plaintiff's claims under the doctrine of *res judicata*, holding that "[a]fter a party has litigated and lost, the doctrine of res judicata **precludes any attempt on its part, the second**

*time around, to supplement the evidentiary record.*"  *In re Colonial Mortgage Bankers Corp.*, 324 F.3d at 19.  Berry's objection to the taking of judicial notice -- including judicial notice of orders of this Court and the Bankruptcy Court -- is nothing more than an attempt to introduce additional (albeit irrelevant and immaterial) evidence and re-litigate matters already adjudicated.

In short, Defendants have provided the Court with ample authority demonstrating that it may take judicial notice of the materials referenced in Defendants' motion to dismiss and supporting declarations.  Berry has offered *no authority to the contrary*.  The Court should take judicial notice of these materials.[1]

II. **IF THE COURT FINDS THAT DEFENDANTS' MOTION TO DISMISS MUST BE CONVERTED TO ONE FOR SUMMARY JUDGMENT, THE COURT SHOULD NOT ALLOW BERRY RULE 56(f) DISCOVERY.**

Should the Court convert Defendants' motion into one for summary judgment, Berry requests that the Court grant him "adequate opportunity to respond under Fed. R. Civ. 56."  Hogan Decl. ¶ 1.  Presumably Berry seeks to invoke Rule 56(f) and pursue discovery from Defendants before the Court adjudicates Defendants' motion.  However, Rule 56(f) is inapplicable here for two independent reasons.

First, Berry has not made any showing that a continuance is needed.  To invoke Rule 56(f), parties "must show (1) that they have set forth *in affidavit form the specific facts* that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the

---

[1] If the Court determines that it cannot take judicial notice of one or more of the exhibits provided by Defendants (such as the newspaper articles), Defendants respectfully request that the Court judicially notice the remaining materials.

summary judgment motion." *State of Cal., on Behalf of Cal. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) ("Rule 56(f) requires litigants to submit affidavits setting forth the particular facts expected from further discovery . . . [and] failure to comply . . . is a proper ground for denying discovery and proceeding to summary judgment."). Berry, through his attorney's declaration, has failed to specify any facts that are essential to his opposition or to explain how additional time will enable him to rebut Defendants' motion (which rests entirely on legal grounds). Accordingly, his request to delay summary adjudication under Rule 56(f) should be denied. *See Keebler Co. v. Murray Bakery Products,* 866 F.2d 1386, 1389 (Fed. Cir. 1989) ("If all one had to do to obtain a grant of a Rule 56(f) motion were to allege possession by movant of 'certain information' and 'other evidence', every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files.").

More importantly, **Berry himself moved for summary judgment** on many of the same issues that Defendants raised in their motion to dismiss, including statute of limitations, the interpretation of the Bankruptcy Court's orders (and their collateral estoppel effect), and Defendants' alleged vicarious infringement (which requires him to prove (i) direct infringement (ii) Defendants' right and ability to supervise Fleming's infringement and (iii) Defendants' direct financial benefit from Fleming's infringement). Opp. 25-29. If Berry believes that summary judgment is appropriate on these issues at this stage in the proceeding, he can hardly contend that he needs to take discovery on these same issues. In sum, Berry's Rule 56(f) request should be denied.

## III. CONCLUSION

Accordingly, Defendants request that the Court take judicial notice of the materials they submitted in support of their Motion to Dismiss and deny Berry Rule 56(f) discovery.

DATED: Honolulu, Hawai'i,
July 12, 2007

LYLE S. HOSODA & ASSOCIATES, LLC

By: /s/ Lyle S. Hosoda

Lyle S. Hosoda  3964-0
Raina P.B. Gushiken  7329-0
345 Queen Street, Suite 804
Honolulu, Hawai'i 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail:  lsh@hosodalaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (S.B.N. 145830)
Erin N. Brady (S.B.N. 215038)
F. Wade Ackerman (S.B.N. 234747)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:    (213) 680-8400
Facsimile:      (213) 680-8500
E-mail:  ebrady@kirkland.com

Counsel for Defendants

WHITE & CASE LLP
Andrew DeNatale (ADN 2429)
Jonathan Moskin (Bar No. 1949031)
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:    (212) 819-8200
Facsimile:      (212) 354-8113
E-mail:  adenatale@ny.whitecase.com

Of Counsel for Defendants