# Exhibit 20

**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 05 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE BERRY, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> FLEMING COMPANIES, INC., aka Fleming Foods, Inc., aka Fleming; POST CONFIRMATION TRUST, <br><br> Defendants - Appellants, <br><br> and <br><br> DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20, <br><br> Defendants. | No. 05-15223 <br><br> D.C. No. CV-01-00446-SPK <br><br> MEMORANDUM[*] |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| WAYNE BERRY,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>FLEMING COMPANIES, INC., aka Fleming Foods, Inc., aka Fleming; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; POST CONFIRMATION TRUST, PCT, is a trust created pursuant to the Debtors' (Fleming Companies, Inc.) joint reorganization,<br><br>    Defendants - Appellees,<br><br>and<br><br>Hawaiian Express Service, Inc.,<br><br>    Defendant. | No. 05-15347<br><br>D.C. No. CV-01-00446-SPK |

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, District Judge, Presiding

Argued and Submitted May 15, 2007
San Francisco, California

Before: B. FLETCHER, SILER,** and HAWKINS, Circuit Judges.

Fleming Companies, Inc. ("Fleming") appeals the district court's judgment, on Wayne Berry's ("Berry") copyright claims, upholding the jury verdict finding that Fleming had willfully modified one of Berry's computer programs in violation of the license agreement between the two. Berry cross-appeals the district court's denial of his motion for permanent injunctive relief. For the reasons set forth below, we affirm the district court.

A dispute developed after Berry allowed Fleming to use several of his computer programs that aided in tracking shipping containers. Berry had originally designed the programs in conjunction with Atlantic Pacific International ("API"), a logistics company that tracked inbound freight for Fleming. In 1999, Fleming decided to track its freight "in-house," and agreed to purchase most of API's assets. Although none of Berry's work was included in the purchase agreement, Berry gave Fleming a license to use his software at no charge while Fleming arranged to install its own freight tracking software. Fleming made certain modifications to the software. The jury found the modifications to the Freight Control System ("FCS")

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

constituted willful infringement of Berry's copyright, in violation of 17 U.S.C. § 504(c)(2).

Fleming first contends that Berry's copyright claims were barred because the FCS was inadequately registered. However, as Fleming presented no evidence suggesting other than inadvertent, minor inaccuracies in the copyright registration, this argument fails. *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486-87 (9th Cir. 2000) ("Absent intent to defraud and prejudice, inaccuracies in copyright registration do not bar actions for infringement.") (citation and quotation marks omitted).

We also find unavailing Fleming's contention that it was protected under 17 U.S.C. § 117(a) for its unauthorized changes to the FCS. Section 117(a) provides protection to the "owner" of the computer program. Fleming is not an owner under our interpretation of that term. *See Wall Data, Inc. v. Los Angeles County Sheriff's Dep't*, 447 F.3d 769, 785 (9th Cir. 2006) ("[I]f a software developer retains ownership of every copy of software, and merely licenses the use of those copies, § 117 does not apply.").

Additionally, the jury's "willful" finding under § 504(c)(2) is supported by the record. Fleming authorized one of its computer programmers to make changes to the FCS because Berry had received compensation for the program. Given that the

License Agreement did not specifically address what changes Fleming could make to the FCS, and that Berry never received any compensation from Fleming, the district court properly instructed the jury on willfulness. *See Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998) (district court's willfulness finding supported by the evidence where defendant was told that the situation with respect to the disputed songs was "a mess").

Fleming's contention that Berry was not the "prevailing party" for purposes of awarding attorneys' fees and costs is also without merit. The district court expressly considered the factors outlined by *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996), in determining Berry was entitled to attorneys' fees. Moreover, the district court apportioned Berry's attorneys' fees in relation to his limited success on all claims.

As to Berry's cross-appeal, we find no circumstances warranting the imposition of a permanent injunction against Fleming.[1]

**AFFIRMED.**

---

[1] Should facts come to light suggesting that Fleming is continuing to infringe on Berry's copyright, nothing in this memorandum disposition precludes Berry from obtaining injunctive relief at that time.