# Exhibit 21

DOCKET NUMBERS 05-15223 and 05-15347

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FLEMING COMPANIES, INC.,

DEFENDANT, APPELLANT, AND CROSS-APPELLEE,

v.

WAYNE BERRY,

PLAINTIFF, APPELLEE AND CROSS-APPELLANT

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

**REPLY AND RESPONSE BRIEF OF APPELLANT FLEMING COMPANIES, INC. (THIRD BRIEF ON CROSS-APPEAL)**

| | |
|---|---|
| Eric C. Liebeler (CA SBN: 149504) | Lex R. Smith (HI SBN 3485-0) |
| Damian D. Capozzola (CA SBN: 186412) | Suite 2600, First Hawaiian Center |
| R. Olivia Samad (CA SBN: 228611) | 999 Bishop Street |
| KIRKLAND & ELLIS LLP | Honolulu, Hawaii 96813 |
| 777 South Figueroa Street | (808) 539-8700 telephone |
| Los Angeles, California 90017 | (808) 539-8799 facsimile |
| (213) 680-8400 telephone | lrs@ksglaw.com |
| (213) 680-8500 facsimile | |
| eliebeler@kirkland.com | |

Attorneys for Defendant - Appellant Fleming Companies, Inc.

prohibiting modifications.[8] The license which Berry negotiated and accepted allowed Fleming to change the system and modify reports that came out of it.[9] Prior to the transition from API to Fleming, the system had frequently been modified, and it was Fleming's understanding that the license it had negotiated allowed for continued changes as may be necessary to serve Fleming's internal business purposes.[10]

Against this background, Fleming had no actual knowledge that it was infringing, and thus could not have continued to infringe in the face of that knowledge, which is what the law requires for willfulness. *Columbia Pictures Television v. Krypton Broad. Of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997), overruled on other grounds by *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998); *see also Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993) (plaintiff must present sufficient evidence to establish knowledge sufficient to show a deliberate intent). And for all of the same reasons, it was error to instruct the jury on willfulness. Jury instructions must be formulated so that they fairly and adequately cover the issues presented, and must be based on evidence in the record. *White v. Ford Motor Co.*, 312 F.3d 998, 1012

---

[8] E 022 (October 29, 1999 proposal, at page 2 of 5, § 2(d)).

[9] E 034-035 (November 26, 1999 license)

[10] Brf. at pp. 10-12; E 179-181 (Stussi's Testimony, March 3, 2003, at 104:16-104:22; 105:8-105:21; 106:1-106:8, CR 201).