# Exhibit 24

# EXHIBIT D

# ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

FINAL ORDER AUTHORIZING (I) POST- PETITION
FINANCING PURSUANT TO 11 U.S.C. § 364 AND BANKRUPTCY
RULE 4001(c); (II) USE OF CASH COLLATERAL PURSUANT TO
11 U.S.C. § 363 AND BANKRUPTCY RULES 4001(b) AND (d); (III)
GRANT OF ADEQUATE PROTECTION PURSUANT TO 11 U.S.C.
§§ 361 AND 363; AND (IV) APPROVING SECURED INVENTORY
TRADE CREDIT PROGRAM AND GRANTING OF SUBORDINATE
LIENS, PURSUANT TO 11 U.S.C. §§105 AND 364(c)(3) AND RULE 4001(c)

Upon the motion (the "Motion") dated April 14, 2003 of Fleming Companies, Inc. ("Fleming") and each of its subsidiaries which have filed petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), debtors and debtors-in-possession (Fleming and each such entity, a "Debtor" and, collectively, the "Debtors"):

---

[1] The Debtors are the following entities: Core-Mark International, Inc.; Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C.; Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

NEWYORK 318189 v4 (2K)

DOCKET # 743
DATE 5-7-03

sell, transfer, lease, encumber or otherwise dispose of any of the property of its estate without the approval of this Court. Except as provided in the Post-Petition Loan Agreement, in no event will the disposition of inventory pursuant to going out of business sales, store closing sales, liquidation sales or other similar sales constitute sales of inventory in the ordinary course of business.

31. Collections of proceeds of collateral in the ordinary course will be applied (1) first, to the outstanding Post-Petition Loans (without reducing commitments thereunder, except after the occurrence and during the continuance of a Termination Event) and (2) second, to cash collateralize all outstanding Post-Petition Letters of Credit. After all Post-Petition Loans have been repaid and all outstanding Post-Petition Letters of Credit have been cash collateralized, such proceeds (as well as proceeds of collateral sold outside the ordinary course of the Debtors' business) shall be transferred into a cash collateral account with the Collateral Agent, and subject to the Borrowing Base limitation and applicable conditions precedent, may be used by the Debtors in compliance with the use described in paragraph 5 of this Order.

### Termination Events

32. As long as any portion of the Obligations, the Pre-Petition Indebtedness or the Post-Petition Indebtedness remains unpaid or any Post-Petition Loan Documents remain in effect, it shall constitute a "Termination Event" if, except as expressly permitted in the Post-Petition Loan Documents or with the express written consent of the Required Lenders, which consent shall not be implied, an Event of Default shall have occurred and is continuing under the Post-Petition Loan Documents.

### Remedies

33. Upon the occurrence of any Termination Event, and at all times thereafter, the Debtors' right to use the Cash Collateral will automatically terminate, and the Agents and the Lenders may, in their absolute and sole discretion and option, exercise all rights and remedies and take all or any of the following actions: (a) terminate all further advances or financial accommodations hereunder and/or under the Post-Petition Loan Documents and require the cash collateralization of letters of credit; (b) declare the Loans then outstanding to be due and payable in whole (or in part, in which case any principal not so declared to be due and payable may thereafter be declared to be due and payable), and thereupon the principal of the Loans so declared to be due and payable, together with accrued interest thereon and all fees and other obligations of the Debtors accrued under the Pre-Petition Loan Documents or the Post-Petition Loan Documents, shall become due and payable immediately, without presentment, demand, protest or other notice of any kind, all of which are hereby waived by the Debtors; (c) require the Borrowers upon demand to forthwith deposit in the Concentration Account cash as required in accordance with Section 2.05(j) of the Post-Petition Loan Agreement; (d) freeze any funds in the Concentration Account, any Disbursement Account, any Collection Account or any other accounts, other than Trust Property, maintained with the Collateral Agent; (e) set-off or seize amounts contained in the Concentration Account, any Disbursement Account, any Collection Account or any other accounts, other than Trust Property, maintained with the Collateral Agent and apply such amounts to the obligations of the Debtors under the Post-Petition Loan Documents and the Pre-Petition Loan Documents; and/or (f) take any other action or exercise any other right or remedy permitted to the Agents and/or the Lenders under the Post-Petition Loan Documents, this Order, the other Loan Documents or by applicable law, subject to the Carve-Out to the extent applicable. The Debtors shall immediately repay in full in cash all the

Obligations, the Pre-Petition Indebtedness and the Post-Petition Indebtedness which become due and payable upon the expiration of this Order (whether by acceleration, upon a Termination Event or otherwise). If the Obligations, the Pre-Petition Indebtedness and/or the Post-Petition Indebtedness are not repaid in cash on the date that the Obligations, the Pre-Petition Indebtedness and/or the Post-Petition Indebtedness become due and payable (whether by maturity, acceleration, upon a Termination Event or otherwise), then the Agent and the Lenders may immediately exercise their rights and remedies specified in clauses (a) through (c) of this paragraph (without further order of or application to this Court or further modification of the automatic stay pursuant to Section 362 of the Bankruptcy Code), and, commencing on the third (3rd) Business Day after the date that the Administrative Agent has provided the company (with a copy to counsel for the Committee and the United States Trustee) three (3) days prior written notice, unless the ability of the Agents and the Lenders to exercise their rights and remedies as provided in clause (f) of this paragraph has been stayed as provided in paragraph 35 hereof, (i) the Agents and the Lenders may exercise their rights and remedies specified in clause (f) of this paragraph without further order of or application to this Court or further modification of the automatic stay pursuant to Section 362 of the Bankruptcy Code (which is hereby deemed and shall be modified and vacated to the extent necessary to permit such orderly liquidation) and (ii) the Debtors are directed to fully cooperate with the Agents and the Lenders in the exercise by the Agents and the Lenders of their rights and remedies specified in clause (f) of this paragraph, and if requested by the Agent or the Lenders, the Debtors shall commence an orderly liquidation of their assets and properties (or any portion thereof so requested by the Agent or the Lenders) in order to generate proceeds sufficient to repay in full in cash all the Obligations, the Pre-Petition Indebtedness and the Post-Petition Indebtedness and to undertake and perform all other actions

reasonably necessary, or reasonably requested by the Agent and/or the Lenders, to implement such orderly liquidation in a commercially reasonable manner, in each case without further order of or application to this Court or further modification of the automatic stay pursuant to Section 362 of the Bankruptcy Code (except as provided below).

34. Additionally, at the sole discretion of the Lenders and in addition to the other remedies granted to the Agents and the Lenders pursuant to this paragraph, the Agent and the Lenders shall have the right (i) to conduct, in this Court, pursuant to Section 363 of the Bankruptcy Code and without further order of the Court (but on three (3) Business Days written notice as provided below), a private sale or public auction of the Collateral and/or (ii) without further order of the Court (but on three (3) Business Days written notice as provided below), seek appointment of a receiver, to secure, operate and/or sell the Collateral for the benefit of the Lenders. From and after the occurrence of any Termination Event interest shall accrue on all Post-Petition Obligations, and on any accrued and unpaid interest under the Pre-Petition Loan Documents, at the default rate set forth in the Post-Petition Loan Agreement.

35. Upon the occurrence of any Termination Event, the Agents and the Lenders shall, prior to exercising any of the rights and remedies specified in clause (f) of paragraph 33 on account thereof, give no less than three (3) Business Days' written notice thereof to the Debtors and their counsel, counsel to the Committee, and to the Office of the United States Trustee for the District of Delaware. The Debtors, the Committee and/or the Office of the United States Trustee for the District of Delaware may, during the three (3) Business Day period following the giving of such notice, seek an order from this Court enjoining, staying or otherwise modifying the Agents' and the Lenders' exercise of their rights and remedies specified in clause (f) of paragraph 33. Unless the exercise by the Agents and the

66. The Debtors shall, within three (3) business days following entry of this Order, mail copies thereof, to the United States Trustee for the District of Delaware, counsel to the Committee, counsel to the Agents and the Pre-Petition Lenders, all parties who appeared or otherwise responded to the relief requested herein, all GOB Parties and any other party which has filed a request for notices with this Court and served such notice upon the Debtors' counsel.

Dated: May 6, 2003

_____
UNITED STATES BANKRUPTCY JUDGE