LYLE S. HOSODA & ASSOCIATES, LLC
Lyle S. Hosoda  3964-0
Raina P.B. Gushiken  7329-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone:  (808) 524-3700
Facsimile:  (808) 524-3838
E-mail:     lsh@hosodalaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (S.B.N. 145830)
Erin N. Brady (S.B.N. 215038)
F. Wade Ackerman (S.B.N. 234747)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500
E-mail:     ebrady@kirkland.com

Counsel for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) AND JP MORGAN CHASE BANK IN THEIR SEPARATE CAPACITIES AND AS AGENTS FOR THE PRE AND POST-PETITION LENDERS OF FLEMING COMPANIES, INC.; DOES 1 TO 200,<br><br>　　　　Defendants. | CASE NO. CV 07-00172 SOM-LEK<br><br>The Hon. Judge Susan Oki Mollway<br><br>**DECLARATION OF ERIN N. BRADY IN SUPPORT OF REQUEST FOR DENIAL OR CONTINUANCE OF PARTIAL SUMMARY JUDGMENT UNDER FRCP 56(f)** |

## DECLARATION OF ERIN N. BRADY IN SUPPORT OF REQUEST FOR DENIAL OR CONTINUANCE OF PARTIAL SUMMARY JUDGMENT

I, ERIN N. BRADY, declare as follows:

1. I am an attorney at the law firm of Kirkland & Ellis LLP, attorneys for Defendants, and am duly authorized to make this declaration. I am licensed to practice law in the State of California. I know the following to be true through my work in this case, and if requested could and would competently testify as such.

2. In response to Defendants' Motion to Dismiss, Plaintiff Wayne Berry filed a Counter-Motion for Partial Summary Judgment on several issues, including the tolling of the statute of limitations applicable to his claims. Berry contends that Defendants' "actively concealed" their alleged contributory and vicarious infringement from Berry and that Berry "first had the factual knowledge of [Defendants'] involvement in the infringement in March 2006." Berry's Opp. at 6, 27-28. He also contends that Defendants had control over Fleming during the time Fleming infringed (Berry's Opp. at 20-21, 28-89) and that Defendants received a direct financial benefit from Fleming's infringement. Berry's Opp. at 22-25, 28-29. Berry expanded these arguments in his recently filed reply brief.

3. Defendants believe that the Court can resolve these matters in the context of Defendants' pending Motion to Dismiss. In the event that the Court declines to do so, however, and instead considers Berry's summary judgment motion, Defendants request that they be given the opportunity to take limited Rule 56(f) discovery.

5. Specifically, Defendants wish to take Berry's deposition and serve him with written discovery. Defendants believe that Berry's testimony and discovery responses will further establish that he did not perform a reasonable investigation of Defendants' alleged infringement, that Defendants did not make any representations to him (false or otherwise) regarding their alleged involvement in Fleming's infringement, that Defendants did not control Fleming during the period Fleming

infringed and that Defendants did not receive a direct financial benefit as a result of Fleming's infringement.

6. Because this case is in its initial stages, and discovery has not even begun, Defendants have not been able to take any discovery of Berry. Defendants are concurrently serving a deposition notice (with limited document requests) on Berry's counsel with this Rule 56(f) request, and have noticed Berry's deposition for July 30, 2007. The deposition notice that Defendants will serve on Berry's counsel is attached as <u>Exhibit 1</u>. The deposition will not go forward if the Court grants Defendants' motion to dismiss or denies Berry's motion for partial summary judgment on the basis that he has not submitted sufficient evidence to carry his burden of proof.

7. To the extent that the Court elects not to grant Defendants' motion to dismiss, I believe that the information outlined above will raise genuine issues of material fact as to the diligence (or lack thereof) of Berry's investigation, whether Defendants controlled Fleming and whether Defendants received a direct financial benefit from Fleming's infringement. Therefore, I believe that Berry's present motion should be denied or continued as premature pursuant to Federal Rule of Civil Procedure 56(f).

So sworn under penalty of perjury under the laws of the United States of America in Los Angeles, California, on July 18, 2007.

_Erin N. Brady_

-3-
DECLARATION OF ERIN N. BRADY IN SUPPORT OF REQUEST FOR DENIAL OR CONTINUANCE OF PARTIAL SUMMARY JUDGMENT UNDER FRCP 56(f)

K&E 11968495.1