# EXHIBIT 1

LYLE S. HOSODA & ASSOCIATES, LLC
Lyle S. Hosoda          3964-0
Raina P.B. Gushiken     7329-0
345 Queen Street, Suite 804
Honolulu, Hawai'i 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (S.B.N. 145830)
Erin N. Brady (S.B.N. 215038)
F. Wade Ackerman (SB.N. 234747)
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
E-mail: ebrady@kirland.com

Counsel for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WAYNE BERRY,<br><br>      Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) AND JP MORGAN CHASE BANK IN THEIR SEPARATE CAPACITIES AND AS AGENTS FOR THE PRE AND POST-PETITION LENDERS OF FLEMING COMPANIES, INC.; DOES 1 TO 200,<br><br>      Defendants. | Civil No. CV 07-00172 SOM LEK<br><br>**DEFENDANTS' NOTICE OF TAKING LIMITED DEPOSITION UPON ORAL EXAMINATION OF PLAINTIFF WAYNE BERRY PURSUANT TO RULE 56(f); ATTACHMENT A**<br><br>No Trial Date Set |

**DEFENDANTS' NOTICE OF TAKING
LIMITED DEPOSITION UPON ORAL EXAMINATION OF
PLAINTIFF WAYNE BERRY PURSUANT TO RULE 56(f)**

TO:   TIMOTHY J. HOGAN, ESQ.                    (via CM/ECF and
      Lynch, Ichida, Thompson, Kim & Hirota      Hand Delivery)
      1132 Bishop Street, Suite 1405
      Honolulu, Hawaii  96813

      Attorney for Plaintiff
      WAYNE BERRY

PLEASE TAKE NOTICE that pursuant to Rules 30 and 56(f) of the Federal Rules of Civil Procedure, Defendants Deutsche Bank Trust Company Americas and JP Morgan Chase Bank (together, "Defendants"), will take the limited deposition upon oral examination of Plaintiff Wayne Berry regarding the issues raised in Plaintiff Wayne Berry's Counter-Motion for Partial Summary Judgment at the law offices of Lyle S. Hosoda & Associates, LLC, located at 345 Queen Street, Suite 804, Honolulu, Hawaii, 96813, on the date and time set forth herein, before a Notary Public from Carnazzo Court Reporting Co., Ltd., or other designated Certified Court Reporter duly authorized to administer oaths:

| **NAME AND ADDRESS** | **DATE/TIME** |
|---|---|
| **WAYNE BERRY**<br>c/o Timothy J. Hogan, Esq.<br>Lynch Ichida Thompson Kim<br>    & Hirota<br>1132 Bishop Street, Suite 1405<br>Honolulu, Hawaii  96813 | **Monday, July 30, 2007**<br>**9:30 a.m.** |

The limited deposition upon oral examination will be taken before an officer or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and the testimony will be recorded by audio, stenographic and/or videographic means.  Real time transcriptions may be used. The deposition will continue until completed with such adjournments as to time and place as may be necessary.

Wayne Berry is further ordered to produce at or before the time of his deposition the documents identified in Attachment A.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

DATED: Honolulu, Hawai'i,
July 18, 2007

          LYLE S. HOSODA & ASSOCIATES, LLC

          By:  /s/ Lyle S. Hosoda

          Lyle S. Hosoda  3964-0
          Raina P.B. Gushiken  7329-0
          345 Queen Street, Suite 804
          Honolulu, Hawai'i 96813
          Telephone: (808) 524-3700
          Facsimile: (808) 524-3838
          E-mail:  lsh@hosodalaw.com

          KIRKLAND & ELLIS LLP
          Michael E. Baumann (S.B.N. 145830)
          Erin N. Brady (S.B.N. 215038)
          F. Wade Ackerman (S.B.N. 234747)
          777 South Figueroa Street
          Los Angeles, California  90017
          Telephone:  (213) 680-8400
          Facsimile:   (213) 680-8500
          E-mail:  ebrady@kirkland.com

          Counsel for Defendants

          WHITE & CASE LLP
          Andrew DeNatale (ADN 2429)
          Jonathan Moskin (Bar No. 1949031)
          1155 Avenue of the Americas
          New York, New York 10036-2787
          Telephone:  (212) 819-8200
          Facsimile:   (212) 354-8113
          E-mail:  adenatale@ny.whitecase.com

          Of Counsel for Defendants

# ATTACHMENT A

# INSTRUCTIONS AND DEMANDS

Please refer to the definitions and instructions contained herein as well as to any applicable law for further assistance in preparing your responses.

**I.    DEFINITIONS**

a. "DOCUMENT" and/or "DOCUMENTS" and/or "CORRESPONDENCE" means and includes, without limitation, any writing or other tangible thing of any kind and description, however produced or reproduced, whether in draft or in final, original or reproduction, in your possession, custody or control, including but not limited to letters, invoices, correspondence, purchase orders, account records, statements, reconciliations, delivery receipts, contracts, agreements, memoranda of telephone or personal conversations, electronic mail (e-mail), microfilm, videotapes, audiotapes, microfiche, telegrams, books, magazines, newspapers, press releases, advertisements, periodicals, bulletins, statements, notices, reports, rules, regulations, directives, teletype, or telefax messages, communications, minutes or recordings of meetings, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of investigations, opinions or reports of consultants, appraisals, reports or summaries of investigations, opinions or reports of consultants, appraisals, reports or summaries of negotiations, interoffice communications, financial statements, ledgers, books or accounts, proposals, offers, working papers, calendars, appointment books, diaries, timesheets, logs or materials similar to any of the foregoing, drawings, graphs, charts, photographs, data-processing paper results, data printouts and data compilations from which information can be obtained and translated, if necessary, by you, through devices into reasonably usable form.  The terms "DOCUMENT" and/or "DOCUMENTS" and/or "CORRESPONDENCE" also encompass any statements, discussions or correspondence regardless of the

form of transfer or transmission, as well as any copies of each document, if the copies are, in any way whatsoever, not identical copies of the original by reason of additional writing or notations or otherwise.

    b.    "SUPPORTING" and/or "EVIDENCING" includes concerning, referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, touching upon, constituting and being.

    c.    "YOU", "YOUR", "BERRY" and "WAYNE BERRY" shall mean Wayne Berry, as well as agents, persons, and/or entities over which Wayne Berry has control.

    d.    "DEFENDANTS" shall mean Defendants Deutsche Bank Trust Company Americas and JP Morgan Chase Bank, as well as their corporate subsidiaries, corporate parents, corporate affiliates, agents and/or persons or entities over which Defendants have control.

    d.    "FLEMING" shall mean Fleming Companies, Inc. as well as its corporate subsidiaries, corporate parents, corporate affiliates, agents and/or persons or entities over which Fleming has control.

    e.    "COMPLAINT" shall mean the complaint filed by Wayne Berry against Defendants in the United States District Court for the District of Hawai'i on or about March 29, 2007.

    e.    "INFRINGEMENT" shall mean the alleged contributory and vicarious infringement described in Wayne Berry's Complaint against Defendants.

    f.    "FLEMING'S INFRINGEMENT" shall mean Fleming's infringement subject of Berry's prior litigations with Fleming (as "BERRY'S PRIOR LITIGATIONS WITH FLEMING" is defined below).

    g.    "2002 CREDIT AGREEMENT" shall mean the credit agreement between Fleming and Defendants dated June 18, 2002.

    h.    "2003 CREDIT AGREEMENT" shall mean the credit agreement

between Fleming and Defendants dated May, 2003.

     i.     "COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT" shall mean Plaintiff's Memorandum in Opposition to Motion to Dismiss and Counter-Motion for Partial Summary Judgment filed in this lawsuit on July 5, 2007.

     j.     "REPLY TO COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT" shall mean Plaintiff Wayne Berry's Reply to Defendants' Opposition to Plaintiff's Counter-Motion for Partial Summary Judgment filed in this lawsuit on July 15, 2007.

     k.     "BERRY'S PRIOR LITIGATIONS WITH FLEMING" shall mean the two litigations filed by Wayne Berry against Fleming and other defendants in the United States District Court for the District of Hawai'i:  Civ. No. 03-00385 (SOM/LEK) and Civ. No. 01-00446 (SPK/LEK).

     l.     "All" and "any" shall be construed to mean "any and all" or "each and every."

     m.     "And" shall be construed both conjunctively and disjunctively.

     n.     "Or" shall be construed both conjunctively and disjunctively.

     o.     "And/or" shall be construed both conjunctively and disjunctively.

**II.**    **INSTRUCTIONS**

     a.     Each document demand shall be construed independently, and no document demand limits the scope of any other document demand.

     b.     For each document demand that you refuse to answer, or for each document which you withhold, on any claim of privilege, or on any basis, state the name of the claim of the privilege or other ground for refusal to respond. Additionally, with regard to any applicable documents, identify the documents with reasonable particularity (either by bates-number or, if wholly unproduced, by date, author and recipient) and briefly summarize its contents.

     c.     Any word written in the singular shall be construed as plural and vice

versa, where necessary to facilitate an answer to a request.

    d.    Any word written in the present tense shall be construed to include the past tense and vice versa, where necessary to facilitate an answer to a request.

    e.    In responding to these document production requests, it is required that you provide documents that are known or available to you, your attorneys, your accountants, to any of your investigators, employees, agents, or other persons serving you or your attorneys. Reasonable investigation is required of you to provide a complete response. If, after making such an investigation or having made one, you are still unable to fully respond, you are required to respond to the extent possible, and further, to explain what investigative steps were undertaken and how and why you are unable to provide a complete response.

## **DOCUMENTS TO BE PRODUCED**

1.      The alleged "infringement warning letters" supporting Berry's allegations in his Complaint that Defendants received notice of Defendants' infringement in 2002.

2.      Any response Berry received to the "infringement warning letters" referenced in number one, above.

3.      Any documents evidencing any efforts Berry made between 2001 and 2006 (the operative period of Fleming's infringement) to investigate Defendants' infringement.

4.      Any correspondence between Berry and Defendants and/or other financial institutions party to the 2002 credit agreement or the 2003 credit agreement.

5.      Any discovery requests or responses from Berry's prior litigations with Fleming evidencing Fleming's structure, Fleming's operations, Fleming's infringement, who individually committed Fleming's infringement, who ordered Fleming's infringement, who knew about Fleming's infringement, or anything related to Berry's claims that Defendants knew about or controlled Fleming's infringement.

6.      Any documents evidencing that Defendants controlled Fleming (either directly or through the ability to supervise) during the period covered by this lawsuit, namely January 2000 through June 9, 2003.

7.      Any documents evidencing that Defendants received a direct financial benefit as a result of Fleming's infringement.