LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) | |
| ) | Civ. No. 07 CV-0172 SOM-LEK |
| Plaintiff, ) | (Copyright) |
| ) | |
| vs. ) | **PLAINTIFF WAYNE BERRY'S** |
| ) | **RESPONSE TO COURT'S ORDER** |
| DEUTSCHE BANK TRUST ) | **REGARDING DEFENDANTS'** |
| COMPANY AMERICAS (FKA ) | **MOTION TO DISMISS AND** |
| BANKERS TRUST COMPANY)AND ) | **PLAINTIFF'S COUNTER-** |
| JP MORGAN CHASE BANK IN ) | **MOTION FOR PARTIAL** |
| THEIR SEPARATE CAPACITIES ) | **SUMMARY JUDGMENT** |
| AND AS AGENTS FOR THE PRE ) | |
| AND POST-PETITION LENDERS OF) | |
| FLEMING COMPANIES, INC. Et al., ) | Hearing: |
| ) | DATE: July 23, 2007 |
| ) | TIME: 11:15 a.m. |
| Defendants. ) | JUDGE: Honorable Susan Oki |
| _____ ) | Mollway |

## RESPONSE TO COURT'S ORDER REGARDING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits his response to the Court's Order Regarding Defendants' Motion to Dismiss and Plaintiff's Counter-Motion for Partial Summary Judgment filed which Order was filed on July 17, 2007.

I. Chronology of Certain Berry Related Proceedings in *In re Fleming Companies, Inc.*[1]

| Date | Event |
|---|---|
| 4/1/ 2003 | Fleming files Voluntary Chapter 11 Petition Docket No. 1 |

---

[1] The Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit "2" is an extraction of all *In re Fleming Companies, Inc.* Bk No. 03-10945 (MFW) filings up to September 2005. Hogan Dec.

-2-

| | |
|---|---|
| 4/29/2003 | Fleming seeks Buyers for Wholesale Business<br><br>Motion Of The Debtors For Entry Of An Order (I) Establishing Procedures For The Sale Of Real Estate And Personal Property Located Therein And (II) Authorizing The Sale Of Real Estate And Personal Property Located Therein Pursuant To Sections 363(b), 363(f) And 1146(c) Of The Bankruptcy Code Filed by FLEMING COMPANIES, INC. Docket No. 624 |
| 06/13/2003 | Wayne Berry, Notice of Appearance And Request For Service Of Papers Docket No. 1498 |

| | |
|---|---|
| 7/11/2003 | Only one other bid for the entire wholesale division of $1 million. C&S, approximate $74 Million plus over $300 Million in inventory for the former $15 Billion company. Motion to Approve Sale Order (A) Approving Asset Purchase Agreement with C&S Wholesale Grocers, Inc. and C&S Acquisition LLC, (B) Authorizing (I) Sale of Substantially All of Selling Debtors' Assets Relating to the Wholesale Distribution Business to Purchaser or Its Designee(s) or Other Successful Bidder(s) at Auction, Free and Clear of All Liens, Claims, Encumbrances and Interests and (II)Assumption and Assignment of Certain Executory Contracts, License Agreements and Unexpired Leases and (C) Granting Related Relief Filed by FLEMING COMPANIES, INC Docket No. 1906 |
| 7/26/2003 | Fleming Sues Berry under false claim it had stopped infringement commencing *Fleming v. Berry,* Adv. No. 03-54809 (MFW) (Bankr. Del.). Suit seeks, in part, to prevent Berry from reporting Fleming to federal authorities for ongoing criminal conduct. |

| 8/8/2003 | Bankruptcy Court *sua sponte* denies the Motion for Injunction Order denying immediate and preliminary injunction RE: Adversary Proceeding 03-54809. Docket No. 2907 |
|---|---|
| 8/13/2003 | Berry amends Hawaii Complaint Naming C&S. |
| 8/23/2003 | C&S Sale Closes after Fleming non-executive CEO Archie Dykes signs indemnity letter in favor of C&S for its use of what was defined as "Berry Technology." Copy was turned over in a box of filings that was served at the Fleming Confirmation hearing, July 26, 2004. |
| 11/6/2003 | *Fleming v. Berry* Adversary Proceeding dismissed in favor of Hawaii District Court Proceeding noted on Docket in Adv. No. 03-54809 (MFW) (Bankr. Del.). |
| 12/12/2003 | Fleming Files Plan Of Reorganization (Docket 4958) subsequently amended on May 28, 2004 and confirmed as Third Amended Plan Docket No. 8268 |
| 6/7/2004 | Berry files first claim in Fleming Bankruptcy for administrative claim (post-petition only) for unauthorized use of is work after April 1, 2003. Claim No. 18428 subsequently amended as claim No. 18704. |

| | |
|---|---|
| 6/18/2004 | As provided in the Plan, Berry files a Motion seeking to Lift the Stay and to Avoid the Discharge Injunction. Docket 8471. |
| 12/26/2004 | Confirmation Hearing held in Delaware. Full evidentiary day long confirmation mostly related to Berry. Dillon, Noa key witnesses. |
| 12/26/2004 | Berry Stay Lift Non-Discharge Order Signed in Confirmation Hearing prior to confirmation. |
| 12/27/2004 | Berry Stay Lift Order Entered on Docket. Order Granting Motion of Wayne Berry for an Order Granting Relief from the Automatic Stay or, in the Alternative, Relief from the Discharge and Permanent Injunction Provisions of Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and Its Filing Subsidiaries Under Chapter 11 of the United States Bankruptcy Code. Signed in Court on 7/26/2004. Docket No. 9044. |

| | |
|---|---|
| 12/27/2004 | Confirmation Order Entered on Docket No. 9045. Order Confirming the Third Amended and Revised Joint Plan of Reorganzation of Fleming Companies, Inc. and its Filing Subsidiaries Under Chapter 11 of the United States Bankruptcy Code. Signed in Court on 7/26/2004. |
| 12/27/2004 | PCT Created Under Terms of Confirmed Plan. |
| 8/2/2006 | In response to Fleming's fourth objection to Mr. Berry Administrative Claims, Mr. Berry files Wayne Berry's Memorandum in Opposition to PCT's Objection to Administrative Claims filed by Wayne Berry that, at footnote 2 discloses his tolling agreement with the Lenders and intent to sue them on matters related to Fleming infringement citing the *Bertelsmann* case. Docket No. 13167. A hearing, Court orders that all objections to Berry claims will be teed up only after the last court in Hawaii with jurisdiction over the claims has lost jurisdiction. |

**II.    Whether Plaintiff's Prayed For Recovery in the infringement claims in this case will duplicate damages Plaintiff had already received in prior cases.**

Mr. Berry has not sought Contributory or Vicarious damages against these Defendants in any prior proceeding.  Mr. Berry has not sought any damages from Fleming for the infringement from July 3, 2001 to March 31, 2003.  In any event, no prior damages could be duplicated because the Lenders were not parties to the earlier cases and Mr. Berry has not and likely will not elect statutory damages.   In any event, Mr. Berry has "received" nothing except a settlement with Hawaiian Express Service, Inc. The terms were submitted under seal.

In regard to the periods that were covered by the two earlier judgments, Mr. Berry filed his first case on July 3, 2001.  Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit 1.  It included claims for damages for acts occurring up to the date the complaint was filed.

In regard to the second case, this Court ruled that all the claims related to infringement after April 1, 2003 through June 9, 2003 were all that were in play in that case.   Hogan Dec. Exhibit 3 at page 1-2 footnote 3.

Mr. Berry has never gone to judgment on the Fleming infringement that continued after July 3, 2001 to June 9, 2003.  Mr. Berry believes that the conduct was admitted to have continued and the Court of Appeals has affirmed was willful

for the period up to July 3, 2001 and because the law suit gave even more notice of the infringement as a matter of law continued as willful infringement for financial gain.

Two days of the pre-petition infringement period the Lenders were tolled by the Lenders in the Tolling Agreement. The period after the Lender learned of the infringement no later than September 2002 through June 9, 2003 is the period that Mr. Berry is seeking to recover against the Lenders who were never parties to any of the earlier litigation and who made millions as the result of their willful infringement for financial gain of "Berry Technology".

Executed at Honolulu, Hawai'i, July 19, 2007.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN