LYLE S. HOSODA & ASSOCIATES, LLC
Lyle S. Hosoda  3964-0
Raina P.B. Gushiken  7329-0
345 Queen Street, Suite 804
Honolulu, Hawai'i 96813
Telephone:  (808) 524-3700
Facsimile:  (808) 524-3838
E-mail:     lsh@hosodalaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (S.B.N. 145830)
Erin N. Brady (S.B.N. 215038)
F. Wade Ackerman (S.B.N. 234747)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500
E-mail:     ebrady@kirkland.com

Counsel for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WAYNE BERRY,<br><br>       Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) AND JP MORGAN CHASE BANK IN THEIR SEPARATE CAPACITIES AND AS AGENTS FOR THE PRE AND POST-PETITION LENDERS OF FLEMING COMPANIES, INC.; DOES 1 TO 200,<br><br>       Defendants. | CASE NO. CV 07-00172 SOM-LEK<br><br>The Hon. Judge Susan Oki Mollway<br><br>**DECLARATION OF ERIN N. BRADY IN RESPONSE TO THE COURT'S JULY 17, 2007 ORDER** |

## DECLARATION OF ERIN N. BRADY IN RESPONSE TO
## THE COURT'S JULY 17, 2007 ORDER

I, ERIN N. BRADY, declare as follows:

1.      I am an attorney at the law firm of Kirkland & Ellis LLP, attorneys for Defendants, and am duly authorized to make this declaration. I am licensed to practice law in the State of California. I know the following to be true through my work in this case, and if requested could and would competently testify as such.

2.      Defendants filed a motion to dismiss the Complaint in this action on June 12, 2007. Berry filed an opposition and countermotion for partial summary judgment on July 5, 2007. After the briefing closed, the Court requested that the parties provide additional information, including: (i) a chronology of the Fleming bankruptcy case; (ii) a discussion of whether Berry's prayed-for damages will duplicate those he has already received in other cases; and (iii) documents showing whether any court has or has not found direct infringement for the time period covered by this case -- January 2000 through June 9, 2003. This declaration addresses the Court's third point: whether any court has or has not found direct infringement for the period between January 2000 through June 9, 2003. It also authenticates two documents referred to in Defendants' chronology of the Fleming bankruptcy case.

3.      First, to my knowledge, no court has found that Defendants directly infringed any of Berry's works, including FCS.

4.      In Berry's 2001 lawsuit (01 00446 SPK LEK), the jury found that Fleming infringed FCS (but no other Berry works). Berry's Complaint in that case alleged that Fleming began infringing in October 1999. The jury issued its verdict on March 6, 2003. The verdict form does not specify the period during which the jury found Fleming to have infringed, likely because Berry elected statutory damages (entitling him to just one award for all acts of infringement of FCS).

-2-

Accordingly, it is ambiguous as to when between October 1999 and March 6, 2003 Fleming actually infringed FCS (and it is possible that the jury could have found that Fleming stopped infringing before January 2000). A true and correct copy of the jury's March 6, 2003 special verdict form is attached as <u>Exhibit 1</u>. A true and correct copy of the January 20, 2005 Judgment entered in that case is attached as <u>Exhibit 2</u>.

5.      In Berry's 2003 lawsuit (03 00385 SOM LEK), the Hawai'i District Court found on summary judgment order that Fleming and employees Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio directly, albeit inadvertently, infringed FCS (but no other works) between March 7, 2003 and June 9, 2003. A jury ultimately awarded Berry the following damages for the infringement: $54,530 from Fleming, $2 from Mark Dillon and $2 from Teresa Noa. A true and correct copy of the Court's summary judgment order, dated June 27, 2005, is attached as <u>Exhibit 3</u>. A true and correct copy of the March 7, 2006 special verdict form whereby the jury awarded Berry damages is attached as <u>Exhibit 4</u>. And a true and correct copy of the March 16, 2006 Second Amended Judgment is attached as <u>Exhibit 5</u>.

6.      To my knowledge, no Court has found any other direct infringement of Berry's works, including FCS.

7.      Attached as <u>Exhibit 6</u> is a true and correct copy of a diagram, filed with the United States Bankruptcy Court for the District of Delaware on October 7, 2004 as part of Kirkland & Ellis LLP's final fee application, reflecting Fleming's debt structure as it existed when Fleming filed for bankruptcy on April 1, 2003. [Docket No. 9647, Ex. D at 12]

8.      Attached as <u>Exhibit 7</u> is a true and correct copy of a chart, filed with the United States Bankruptcy Court for the District of Delaware on October 7, 2004 as part of Kirkland & Ellis LLP's final fee application, reflecting the

DECLARATION OF ERIN N. BRADY
IN RESPONSE TO THE COURT'S JULY 17, 2007 ORDER

disbursements Fleming made during the bankruptcy case.  [Docket No. 9647, Ex. D at 5]

So sworn under penalty of perjury under the laws of the United States of America in Los Angeles, California, on July 19, 2007.

Erin N. Brady

-4-

DECLARATION OF ERIN N. BRADY
IN RESPONSE TO THE COURT'S JULY 17, 2007 ORDER