LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) | |
| ) | Civ. No. 07 CV-0172 SOM-LEK |
| Plaintiff, ) | (Copyright) |
| ) | |
| vs. ) | **SUPPLEMENTAL** |
| ) | DECLARATION OF TIMOTHY J. |
| DEUTSCHE BANK TRUST ) | HOGAN IN SUPPORT OF |
| COMPANY AMERICAS (FKA ) | PLAINTIFF'S MEMORANDUM IN |
| BANKERS TRUST COMPANY)AND ) | OPPOSITION TO MOTION TO |
| JP MORGAN CHASE BANK IN ) | DISMISS; EXHIBIT "10" AND |
| THEIR SEPARATE CAPACITIES ) | POSSITION STATEMENT |
| AND AS AGENTS FOR THE PRE ) | DECLARATION OF RAINA P.B. |
| AND POST-PETITION LENDERS OF) | GUSHIKEN RE: PARTIES' |
| FLEMING COMPANIES, INC. et al., ) | POSITIONS ON THEIR |
| ) | RESPECTIVE RULE 56(f) |
| Defendants. ) | REQUESTS |
| ) | Hearing |
| ) | Date: July 23, 2003 |
| ) | Time: 11:15 a.m. |
| _____ ) | Judge: Honorable Susan Oki Mollway |

## DECLARATION OF TIMOTHY J. HOGAN

I, Timothy J. Hogan, an am attorney licensed to practice before all the courts of the state of Hawaii and hereby declare under penalty of perjury that the following is true and accurate to the best of my knowledge and belief. If called upon to testify regarding the matters contained herein, I am competent and willing to do so.

1. Attached hereto as Exhibit "10" is a true and correct copy of an email produced by C&S and Fleming's concurrent counsel Lex Smith in 2005 that had been given to Fleming and C&S' disclosed trial expert Martin Walker, after I warned C&S and the PCT's counsel that to do so would constitute a waiver of any alleged privilege. They did it anyway. I have brought my intention to use this email to the attention of the PCT's counsel and they did not object. I had originally informed the Court that it would be submitted to the Court at the hearing for *in camera* inspection but the neither the Defendants nor their attorneys have raised any objection despite several requests for their comment and/or objection.

2. Regardless of how the Court rules, Mr. Berry believes that the parties should engage in disclosures pursuant to Rule 26, that was by agreement put over until the Court ruled on the instant motions prior to any formal discovery commencing and these discovery matters should be left to the Magistrate Judge

who has yet to conduct the Rule 16 conference.

Executed at Honolulu, Hawai'i, July 19, 2007.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN