IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | Civ. No. 07-00172 SOM/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER CONTINUING HEARING ON |
| vs. | ) | DEFENDANTS' MOTION TO DISMISS |
| | ) | AND PLAINTIFF'S COUNTER- |
| DEUTSCHE BANK TRUST COMPANY | ) | MOTION FOR PARTIAL SUMMARY |
| AMERICAS (FKA BANKERS TRUST | ) | JUDGMENT |
| COMPANY) AND JP MORGAN CHASE | ) | |
| BANK IN THEIR SEPARATE | ) | |
| CAPACITIES AND AS AGENTS FOR | ) | |
| THE PRE AND POST-PETITION | ) | |
| LENDERS OF FLEMING COMPANIES, | ) | |
| INC.; DOES 1 TO 200, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER CONTINUING HEARING ON DEFENDANTS' MOTION TO DISMISS AND
PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT

The court has received the parties' responses to the July 17, 2007, order seeking supplemental briefing. In light of the parties' responses and the requests to continue the July 23, 2007, hearing on Defendants' motion to dismiss and Plaintiff's counter-motion for partial summary judgment, the court continues the hearing on both motions and requests further supplemental briefing.

Although Defendants' pending motion is styled as a motion to dismiss, the court is required to go beyond simply taking judicial notice of prior orders and is instead required to interpret the records of at least two prior cases: (1) Berry v. Fleming Companies, Inc., Civ. No. 01-00446 SPK-LEK ("the first lawsuit"), and (2) Berry v. Hawaiian Express Service, Inc., Civ.

No. 03-00385 SOM-LEK ("the second lawsuit").  This court is well aware of the proceedings and rulings in the second lawsuit, which was tried before this very judge, but is less familiar with the first lawsuit and asks for assistance in studying that record.

In the pending motions, the court is asked to dismiss and/or grant summary judgment on Plaintiff's contributory and vicarious infringement claims.  It is undisputed that each of those claims requires "direct infringement by a primary party."  See Metro-Goldwyn-Meyer Studios, Inc. v. Grokster, Ltd., 380 F.3d 1154, 1160, 1164 (9th Cir. 2004).  Thus, Plaintiff is assuming that there have been previous findings of direct infringement by Fleming for the same period that Plaintiff now claims Defendants contributorily or vicariously infringed on Plaintiff's copyright.  However, the court is unable to determine whether the jury's finding of direct infringement in the first lawsuit covered all or part of the period covered by the present lawsuit.  The parties disagree on this point, and the verdict form and jury instructions do not include dates relevant to this issue.

The court has reviewed part of the record of the first lawsuit and has found no concrete indication of whether the jury's finding of direct infringement covered the period between July 3, 2001 (when the complaint was filed), and March 6, 2003 (when the jury returned its verdict).  If the jury did not find direct infringement for that period, the court questions whether

Plaintiff may now assert secondary infringement claims for that period. Thus, the court asks the parties to address whether direct infringement was found to have occurred between July 3, 2001, and March 6, 2003, in the first lawsuit. The parties should point to specific matters in the record of the first lawsuit to support their respective positions. The parties should also discuss whether Plaintiff may maintain his contributory and vicarious infringement claims against Defendants if there was no finding of direct infringement during that period.

Because the court is unable to determine whether the first lawsuit concerned claims that occurred between the filing of the July 3, 2001, complaint and the date of the jury verdict, the court is likewise unable to determine whether the damages Plaintiff was awarded in that case are duplicative of damages Plaintiff now seeks to recover. Plaintiff maintains that he "has not sought any damages from Fleming for the infringement from July 3, 2001 to March 31, 2003." Plaintiff's Response to Court's Order Regarding Defendants' Motion to Dismiss and Plaintiff's Counter-Motion for Partial Summary Judgment (7/19/2007) at 8. However, if the claims in the first lawsuit covered infringement that occurred during that period, the court is concerned that Plaintiff may have already been made whole for the infringement

on his copyright for that period.  The parties are asked to address this concern in their supplemental memoranda.[1]

The parties must file their supplemental memoranda no later than noon on August 6, 2007.  Each memorandum is limited to 3500 words, and no opposition or reply memoranda shall be submitted.  The court also continues the hearing on Defendants' motion to dismiss and Plaintiff's counter-motion for partial summary judgment to 11:15 a.m. on August 14, 2007.

By this order, the court grants the parties' Rule 56(f) requests.  The court leaves it to the parties to address discovery.  Expedited discovery may be agreed to, and any discovery dispute shall be presented to the magistrate judge.  The hearing will not be further continued, as the court intends to rule on the present motions by the end of August 2007, given certain administrative considerations.

---

[1] Because this court found direct infringement from April 1, 2003, through June 9, 2003, in the second lawsuit, the parties should also discuss why damages awarded in that lawsuit are or are not duplicative of some of the damages sought in the present lawsuit.  The court reminds the parties that there is clearly no finding of direct infringement during the "gap" period between March 6, 2003 (when the jury returned the verdict in the first lawsuit), and April 1, 2003 (the start date for damages in the second lawsuit).

```
          IT IS SO ORDERED.

          DATED:  Honolulu, Hawaii, July 19, 2007.
```



```
                              _____
                              Susan Oki Mollway
                              United States District Judge
```

**Wayne Berry v. Deutsche Bank Trust Company Americas, et. al.**, Civ. No. 07-00172 SOM/LEK; ORDER CONTINUING HEARING ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT.