TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1150 Bishop Street, No.433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) | |
| ) | Civ. No. 07 CV-0172 SOM-LEK |
| Plaintiff, ) | (Copyright) |
| ) | |
| vs. ) | **PLAINTIFF WAYNE BERRY'S** |
| ) | **MEMORANDUM RE: COURT'S** |
| DEUTSCHE BANK TRUST ) | **JULY 20, 2007 ORDER** |
| COMPANY AMERICAS (FKA ) | **CONTINUING HEARING ON** |
| BANKERS TRUST COMPANY) AND ) | **DEFENDANTS' MOTION TO** |
| JP MORGAN CHASE BANK IN ) | **DISMISS AND PLAINTIFF'S** |
| THEIR SEPARATE CAPACITIES ) | **COUNTER-MOTION FOR** |
| AND AS AGENTS FOR THE PRE ) | **PARTIAL SUMMARY JUDGMENT** |
| AND POST-PETITION LENDERS OF) | |
| FLEMING COMPANIES, INC. Et al., ) | |
| ) | |
| ) | |
| Defendants. ) | Hearing: |
| ) | DATE:    Aug. 14, 2007 |
| ) | TIME:    11:15 a.m. |
| ) | JUDGE:  Honorable Susan Oki |
| ) |              Mollway |
| _____ ) | |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM RE:
COURT'S JULY 20, 2007 ORDER CONTINUING HEARING ON
DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S
COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits his Plaintiff Wayne Berry's Memorandum Re: Court's July 20, 2007 Order Continuing Hearing on Defendants' Motion to Dismiss and Plaintiff's Counter-Motion for Partial Summary Judgment.

## I.  INTRODUCTION.

The Court has requested briefing on three issues.  First, the Court asked for additional briefing on the issue of whether the jury's finding a direct infringement in the first Berry infringement lawsuit, *Wayne Berry v. Fleming Companies, Inc.,* covered all or part of the period covered by the present law suit.  The answer is no.

Second,  the Court requested briefing on the issue of whether a plaintiff may maintain his contributory and vicarious infringement claims against defendants if there was no finding of direct infringement during the period after the date of the first case's complaint was filed to April 1, 2003.   The answer is yes.

Finally,  the Court asked for additional briefing on the issue of whether the damage's Plaintiff was awarded in the first case duplicate damages Plaintiff now seeks to recover.   The answer is they couldn't duplicate them because this case is

against different parties for their own infringement for a different period of time.

As the Court will see, none of these issues are sufficient to deny Mr. Berry the relief sought in the complaint and the Defendants' Motion to Dismiss should be denied. As to the Plaintiff's counter- motion for partial summary judgment, the motion has been withdrawn as it relates to conduct prior to March 30, 2003. AS discussed below, the fact that Mr. Berry has not obtained a judgment establishing the direct infringement for this period prior to March 30, 2003, is no bar to Mr. Berry proceeding.

## II.    DISCUSSION.

   A.    Whether the Jury Finding of Direct Infringement in the First Lawsuit Covered All or Part of the Period Covered by the Present Law Suit Is No Bar Only and Element That Mr. Berry may Easily Prove.

As set forth in the opposition to the Lenders' Motion to Dismiss And Counter-motion, the original complaint was filed on July 3, 2001.[1] Authority that was cited in Plaintiff Opposition to the Motion to Dismiss, has not been

---

[1] Mr. Berry filed a First Amended Verified Complaint on September 5, 2001, for the sole purpose of naming Hawaiian Express Service, Inc. ("HEX") as a party defendant but did not add conduct that arose after the July 3, 2001 filing of the original verified complaint. HEX was dismissed without prejudice prior to going to trial in the first case and later entered into a stipulated injunction in the second case and was otherwise dismissed. Paragraph 21 of the instant complaint alleges that the Lenders first had reason to know of the infringement in the Spring of 2002.

challenged by the defendants. The Ninth Circuit holds that, unless the Plaintiff files an amended complaint that includes the matters that arose after the filing of the original complaint, the relevant date for Res Judicata-claim bar is the date the complaint was filed. *See Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731, 739 (9th Cir. 1984). The fact that Fleming continued to infringe did not give Fleming nor the Lenders a free software license.

In the first case, Mr. Berry elected statutory damage damages that applied to claims that existed on July 3, 2001. That is what was "actually litigated" in that case. The claims that arose from the period of June July 3, 2001 to March 31, 2003 have never been the subject of any final judgment in litigation other than the unchallenged admissions made by the direct infringers the second case. As to the proof necessary to prove this element, all Mr. Berry need do is to depose Mark Dillon and Teresa Noa who, unless they are going to contradict their sworn testimony in the second case, *Wayne Berry v. Hawaiian Express Service, Inc.*, cv03-00385 SOM-LEK, these witnesses will provide the necessary proof to establish this element of the vicarious-contributory infringement claims. The simple fact is the Lenders did not raise this in their opposition because they too recognize that this is not a material issue in dispute.

The Court's Order questions whether the fact that Mr. Berry has not

obtained a judgment for the direct infringement could serve as a bar to his proceeding in this case. Plaintiff has found no authority to support that view. The numerous Napster Multi District Litigation cases demonstrate that the infringement is simply an element that must be proved. Plaintiff knows of no case that has held that this element must be first reduced to a judgment to maintain a case of contributory or vicarious.

     Judge Patel, in *In re Napster, Inc. Copyright Litigation*, 377 F.Supp.2d 796 (N.D.Cal.. 2005), addressed defendants' motion for summary judgment on the plaintiffs' three theories of direct infringement. Plaintiff has not found a single *Napster* case where a direct infringer was even sued. Direct infringement is simply one of the elements that need be proved. Unlike *Napster,* that required the court to delve into a new area of direct infringement, derivative infringement is clearly prohibited by the Copyright Act, 17 U.S.C. § 106, as a violation of a specified exclusive right. Moreover, the infringement in *Napster* was *tertiary*, twice removed from the direct infringer. *See UMG Recordings, Inc. v. Bertelsmann AG,* 222 F.R.D. 408, 412 (N.D.Cal.2004). The instant case involves the second tier infringement. What is most important is the fact that the direct infringement is not even subject to a genuine dispute factual or legal. The fact of the continued use of the infringing FCS from 2000 to June 9, 2003 is simply not a genuine issue that the

Lenders can raise with a straight face and if they do it is easily proven. The Motion for Partial Summary Judgment that is presently before the Court, for the specified period of time, the element of direct infringement is established by a final judgment that has not been appealed. There isn't anything more that could be proven that Mr. Berry hasn't already proven in regard to that infringement for which there is no statute of limitations defense and Mr. Berry is entitled to judgment as a matter of law.

As to the first issue the Court has requested briefing on, while it is true that there has been no judgment against a direct infringer for the period of July 3, 2001 to April 1, 2003, there is nothing to prevent Mr. Berry going forward to prove, if necessary, that the direct infringers were infringing in the period after July 3, 2001 because there has never been any claim that Fleming stopped using the unlawful Berry work after he sued. This Court is quite familiar with Fleming's claim to have stopped using the infringing Berry FCS sometime between March 6, 2003 and April 1, 2003. If the Court can take judicial notice of adjudicated facts, that's one that need not be re-hashed and Mr. Berry requests that the Court take notice of the fact of continued infringement from July 4, 2001 to June 9, 2003.

The second issue that the Court asked the parties to brief is whether a Plaintiff may maintain his contributory and vicarious infringement claims against

defendant if there was no finding of direct infringement during that the period between July 3, 2001 and March 6, 2003. As stated above there is no impediment to Mr. Berry proceeding. A review of the *Napster* cases results in the simple conclusion that this is not an issue where the direct infringement can be established as a factual element. There is no case that Plaintiff has found that makes it a requirement to reduce to judgment the claim of direct infringement as a condition to proceeding. Like *Napster,* Fleming filed Bankruptcy and escaped additional litigation for its pre-petition malfeasance. The Lenders' remain liable for their own misdeeds independent of Fleming.

>   B.   Whether the Damages Plaintiff Was Awarded in the First Case Duplicate Damages Plaintiff Now Seeks to Recover.

Like the previous discussion, in order to even reach this issue the Court must assume that the damages that Mr. Berry obtained in the first case related to some act committed after the filing of the complaint on July 3, 2001. There is nothing in the record to support this conclusion. Mr. Berry's election of statutory damages would have justifiably permitted Mr. Berry to receive the same statutory damages even if there had been one day of infringement prior to June July 3, 2001 that ceased upon the filing.

Finally, as to whether Mr. Berry seeks a double recovery in regard to the first case infringement, Mr. Berry's received nothing from any of the infringement

for the period after the first case was filed not even the statutory damages that were awarded. As to the Lenders' independent liability, under the Copyright Act, Mr. Berry is entitled to receive the Lenders' profits from the infringement and he's not yet received anything award of damages in that regard.

III.    CONCLUSION.

For the reasons stated the Motion to dismiss should be denied and the Counter-Motion for partial summary judgment granted.

Executed at Honolulu, Hawai'i, August 6, 2007.

>   /S/Timothy J. Hogan
>   TIMOTHY J. HOGAN