LYLE S. HOSODA & ASSOCIATES, LLC
Lyle S. Hosoda  3964-0
Raina P.B. Gushiken  7329-0
345 Queen Street, Suite 804
Honolulu, Hawai'i 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail:  lsh@hosodalaw.com

KIRKLAND & ELLIS, LLP
Michael E. Baumann (S.B.N. 145830)
Erin N. Brady (S.B.N. 215038)
F. Wade Ackerman (S.B.N. 234747)
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
E-mail:  ebrady@kirkland.com

Counsel for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WAYNE BERRY,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) AND JP MORGAN CHASE BANK IN THEIR SEPARATE CAPACITIES AND AS AGENTS FOR THE PRE AND POST-PETITION LENDERS OF FLEMING COMPANIES, INC.; DOES 1 TO 200,<br><br>　　　Defendants. | Case No.  CV 07-00172 SOM LEK<br><br>Judge Susan Oki Mollway<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S ORDER CONTINUING HEARING ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF ERIN N. BRADY; EXHIBITS "AA" – "KK"; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE**<br><br>Date:　　August 14, 2007<br>Time:　　11:15 a.m.<br>Place:　　Room C-409 |

K&E 12013815.1

# TABLE OF CONTENTS

<u>Page</u>

I.   INTRODUCTION ....................................................................................................1

II.  THE SCOPE OF BERRY'S FIRST LAWSUIT ....................................................2

III. BERRY'S CLAIMS ARE BARRED BY CLAIM PRECLUSION......................3

    A.   Berry's claims in this case are identical to those he brought or could have brought in his first and second lawsuits..................................4

        1.   The first lawsuit, the second lawsuit and this third lawsuit all arise out of a common nucleus of operative fact. .......................5

        2.   The other criteria also support a finding of claim preclusion. ...........................................................................................6

    B.   The first and second lawsuits are both final judgments on the merits. ...............................................................................................................7

    C.   Defendants and Fleming are in privity for purposes of claim preclusion. ..........................................................................................................8

IV.  THE DAMAGES BERRY SEEKS FROM DEFENDANTS ARE DUPLICATIVE OF THOSE HE WAS ALREADY AWARDED AGAINST FLEMING. ...............................................................................................10

V.   CONCLUSION.......................................................................................................12

I.      **INTRODUCTION.**

Berry now claims (presumably to avoid the bar of duplicative damages) that he never sought or received damages from Fleming for the period between his filing of the first lawsuit[1] and Fleming's April 1, 2003 bankruptcy (the "gap period"). Berry's own statements in *this litigation* directly contradict this claim, as do the documents he filed and exhibits he proffered in his first lawsuit. Ex. AA at 4 (Berry's 7/5/07 Concise Statement of Facts) (asserting that "[d]irect infringement has been established for the period of July 3, 2001 to June 9, 2003"). The record shows that Berry sought damages in the first lawsuit through the verdict. The jury gave him an award, and that is all to which he is entitled.

But even if Berry had not sought damages from Fleming during the gap period, he would nevertheless be barred from recovering from Defendants here. Because Berry did not include the gap period claims in his second lawsuit against Fleming, they are barred by the doctrine of claim preclusion. Claim preclusion requires a plaintiff to litigate, in the same lawsuit, all claims it has or may have against a defendant or its privies. *Brown v. Felsen,* 442 U.S. 127, 131 (1979) (claim preclusion "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes"). Berry's gap period claims arose *well before* he filed his second lawsuit. Nonetheless, he did not assert them in that lawsuit. Accordingly, Berry is now precluded from bringing gap period claims against Fleming -- ***or its privies*** -- in any subsequent litigation.

Defendants are Fleming's privies for purposes of this litigation. As a result, Berry cannot maintain his gap period claims against them. But that is not all. Because Defendants and Fleming are privies, Berry was required to sue Defendants in the second lawsuit (in which Fleming was a party) for any and all

---

[1] Defendants adopt the Court's definition of "the first lawsuit" and "the second lawsuit" as set forth in its July 20, 2007 order (the "Order"). Berry filed the first lawsuit on July 3, 2001.

claims having to do with Fleming's infringement. He did not. As a consequence, he is barred from pursuing any claims against Defendants deriving from Fleming's infringement, and his Complaint should be dismissed.

## II.     THE SCOPE OF BERRY'S FIRST LAWSUIT.

Berry now claims that the first lawsuit did not include the gap period. He concludes, therefore, that because he never sued or recovered damages from Fleming for this period, he can now sue and recover damages from Defendants. His claim is disingenuous, and his conclusion is wrong.

Berry filed numerous pleadings during the first lawsuit that asserted continuing infringement and sought damages for periods well past the filing of his Complaint.[2] For example, on October 23, 2003, Berry filed a supplemental disclosure regarding his basis for damages, wherein he stated: "Plaintiff hereby gives notice of his intention to supplement this disclosure with similar data for year end 2002 and year to date 2003 [from SEC filings] when it becomes available." Ex. BB at 2.[3] In that same pleading, he also calculated his statutory damages (which at that time he claimed Fleming incurred each time it booted up its computers) through the start of trial. *Id.* at Ex. B.

Similarly, on January 7, 2003, Berry filed his Final Pretrial Statement, wherein he stated that he would seek "a judgment establishing that Fleming has engaged in wilful [sic] copyright infringement, a permanent injunction against Fleming and any person *using* the software to cease all use and return all copies including all derivatives." Ex. CC at 4. He also asserted that he would seek damages in the amount of Fleming's profits, and affirmed that he would produce SEC reports showing Fleming's profits for the periods leading up to trial. *Id.* And

---

[2] Berry filed his first amended complaint in this lawsuit -- the operative complaint -- on September 5, 2001, not July 3, 2001 as he asserts.

[3] All references to Exhibits in this brief shall be to those attached to the Declaration of Erin N. Brady in Support of Defendants' August 6, 2007 Supplemental Briefing.

on February 14, 2003, Berry filed his witness list, wherein he claimed that he himself would testify to "the amount of profits Fleming *makes* from the use of the software." Ex. DD at 3 (emphasis added).

Near the close of trial, Berry elected statutory damages and discovered that (notwithstanding his earlier theory) he was only entitled to one statutory damage award for infringement of each work. Ex. EE (Excerpt From Trial Transcript). This, of course, made it unnecessary for him to explicitly argue continuing infringement to the jury during closing arguments. Nonetheless, he did present the jury with evidence of continuing infringement after the lawsuit was filed. Ex. FF. And he did, at the end of the case, ***file a motion for a permanent injunction*** against Fleming based on his theory of continuing harm. Ex. GG (March 19, 2003 Motion For Permanent Injunction). Berry's claim that he did not seek (or at least attempt to seek) damages or a determination of liability for this period is nothing more than a feeble -- and outright dishonest -- attempt to keep his claims alive. He has already recovered all damages to which he is entitled through March 6, 2003. He cannot recover again.

### III.  BERRY'S CLAIMS ARE BARRED BY CLAIM PRECLUSION.

Even assuming, however, that Berry had not sought damages in the first lawsuit through the date of trial, his claims against Defendants would nonetheless be barred. Berry may not relitigate any issues against Fleming -- or its privies -- that he litigated or ***could have litigated*** in his first and second lawsuits.

Claim preclusion (i.e., *res judicata*) bars an action when an earlier suit: (i) involved the same claim or cause of action as the later suit; (ii) reached a final judgment on the merits; and (iii) involved identical parties or privies. *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005). It is not necessary that a party show that a particular claim was actually litigated in the first case. Rather, it is enough that the party show that the claim could have been litigated in that prior suit. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394,

398 (1981); *see also Nestor v. Pratt & Whitney*, 466 F.3d 65, 70 (2d Cir. 2006) (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77, n.1 (1984) ("The doctrine of *res judicata* bears on 'the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.'  It is a rule against the splitting of actions that could be brought and resolved together."); *Bouchat v. Champion Prods., Inc.*, 327 F. Supp. 537, 547 (D. Md. 2003) (quoting *Parklane Hosiery v. Shore*, 439 U.S. 322, 329-30 (1979) (recognizing, in the context of a copyright infringement case, that "'[d]efensive collateral estoppel precludes a plaintiff from relitigating identical issues by merely 'switching adversaries' . . . .[thus giving] a plaintiff a strong incentive to join all potential defendants in the same action if possible'").  Additionally, a party's ignorance of its claim does not avoid the bar of claim preclusion so long as the claim arose at the time of the prior judgment.  *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir.1986).  Applying these principles, Berry is precluded from prosecuting his claims against Defendants.

> **A.  Berry's claims in this case are identical to those he brought or could have brought in his first and second lawsuits.**

The first element of claim preclusion requires that two actions involve the same or similar claims.  When making this determination, courts in the Ninth Circuit look to four criteria:  (i) whether the two suits arise out of the same nucleus of operative facts; (ii) whether any rights or interests established in the first judgment would be destroyed or impaired by prosecution of the second action; (iii) whether the two suits involve infringement of the same right; and (iv) whether substantially the same evidence would be involved in the two actions.  *Mpoyo*, 430 F.3d at 987.  A court need not, however, find that each of these criterion is conclusively satisfied to determine that a claim is precluded.  *Id.* (finding claim preclusion when two claims shared a common nucleus of operative facts but where

the other three factors did not yield a clear outcome). Rather, the Ninth Circuit has "often held the common nucleus criterion to be outcome determinative under the first *res judicata* element." *Id.* at 988 (citing *Int'l Union v. Karr*, 994 F.2d 1426, 1429-30 (9th Cir. 1993)).

>  **1.  The first lawsuit, the second lawsuit and this third lawsuit all arise out of a common nucleus of operative fact.**

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). Berry's earlier lawsuits alleged that Fleming directly, contributorily, and/or vicariously infringed FCS and, as a result, Berry was entitled to damages.[4] The present complaint differs only in that it identifies Defendants as parties who may have also contributorily and vicariously infringed FCS during the same period. All three complaints require Berry to litigate the same principle fact -- Fleming's infringement of Berry's FCS. And both the second lawsuit and this third lawsuit center around facts regarding (i) whether Fleming infringed, (ii) when Fleming infringed, (iii) Fleming's knowledge of infringement, (iv) Fleming's sale to C&S, (v) who was directing Fleming and its employees to infringe FCS, (vi) how much money Fleming made as a result of Fleming's infringement, and (vii) how much money Berry lost as a result. The claims in the prior lawsuits, particularly the second lawsuit, and this case would have formed a convenient trial unit. Under these facts, Berry's current lawsuit arises from the same transaction, or series of transactions as the original actions, and therefore satisfies the first criterion of claim preclusion.

---

[4] It is noteworthy that in the second lawsuit, Berry sued parties other than Fleming for their alleged infringement during the first lawsuit or the gap period. He just chose not to sue Defendants.

## 2. The other criteria also support a finding of claim preclusion.

The remaining three criteria also support a finding of claim preclusion. First, it is possible that this action will impair Fleming's rights, as adjudicated in the first and second lawsuits. In the past, Fleming, among other things, (i) demonstrated that it did not willfully infringe after March 6, 2003, and (ii) capped its potential liability at the amounts of the prior jury verdicts. Berry now seeks to relitigate these issues (among others). And unless the Court were to agree that the prior damage award to Berry precludes an award of additional damages from Defendants, Fleming, whose liability has already been capped, nonetheless would be jointly and severally liable for those additional damages.[5] *Sygma Photo News, Inc. v. High Soc'y Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985) (finding that multiple parties are jointly and severally liable for copyright infringement when they "participate in, exercise control over, or benefit from the infringement"). Accordingly, Fleming's rights, as established in the earlier actions, could be impaired by this lawsuit.

Second, Berry will have to submit substantially the same evidence in this case as he did in the first and, particularly, the second lawsuit. Among other things, this case will require evidence that Fleming wrongfully used a derivative of FCS (particularly if Berry does not, as he now claims, have a prior judgment regarding Fleming's infringement during the gap period), evidence that C&S purchased Fleming and its motivation therefor, evidence of whether Fleming knew that it was infringing, evidence of who at Fleming decided to use FCS and evidence of Berry's (duplicative) damages.

---

[5] This, of course, may simply be another way of demonstrating that it would be illogical and contrary to law to allow Berry to proceed now with a new damages claim against Defendants.

Third, all three suits involve infringement of the same right. In the first lawsuit, Berry claimed that Fleming violated his ownership rights in FCS for the period of October 1999 to March 6, 2003, and that he was entitled to an award of damages (which he received). In the second lawsuit, Berry claimed that Fleming violated his ownership rights in FCS for the period of March 6, 2003 to June 9, 2003, and that he was entitled to an damages (which he received) and an injunction (which he did not receive). And in this case, Berry puts it all together, claiming that Fleming (and now Defendants) violated his ownership rights in FCS for the period of September 2002 to June 9, 2003, and that he is entitled to additional damages arising from the exact same conduct. Ex. HH at 9 (Berry's 7/19/07 Supplemental Briefing). Each lawsuit is, for all intents and purposes, the same. The claims Berry brought in his prior lawsuits and those he brings here are identical for purposes of claim preclusion.

**B.     The first and second lawsuits are both final judgments on the merits.**

The second element of claim preclusion requires a final judgment on the merits in the first action. Here, both prior lawsuits ended with jury verdicts on the merits. And while the second lawsuit is currently on appeal, this does not preclude an otherwise valid application of claim preclusion. *In re Snavely*, 314 B.R. 808 (B.A.P. 9th Cir. 2004).[6] Accordingly, this element of claim preclusion is satisfied.

---

[6] Moreover, even if the prior lawsuit did not have preclusive effect due to the appeal, the doctrine of claim splitting would nonetheless bar Berry from bringing his present claims. *Adams v. California Dep't of Health Servs.*, 487 F.3d 684 (9th Cir. 2007). And the factors that the Ninth Circuit uses to determine whether a claim should be barred under the claim splitting doctrine are the same as those it uses for claim preclusion. *Id.* at 688-89.

### C. Defendants and Fleming are in privity for purposes of claim preclusion.

The final element of claim preclusion requires identical parties or privies in the two actions. *Bouchat*, 327 F. Supp. at 544, 547 (D. Md. 2003) (recognizing that privity, in the context of claim preclusion, deals with a person's ***relationship to the subject matter*** of the litigation rather than its relationship to another person or party).

Where claim preclusion is invoked against a plaintiff who has twice asserted essentially the same claim against different defendants, courts have enlarged the area of claim preclusion beyond any definable categories of privity between the defendants. *Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir. 1950). In fact, courts have found that "the determination of whether sufficient 'privity' exists for purposes of *res judicata* should be based on a functional analysis, on the reasons for holding a party bound by a prior judgment, and not on labels and rigid rules." *Davis Wright & Jones v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 709 F. Supp. 196, 201 (W.D. Wash. 1989). Essentially, to be in privity, parties must have an identity of interests and there must be adequate representation.[7] *Adams v. California Dep't of Health Svs.*, 487 F.3d 684, 691 (9th Cir. 2007).

In most cases, if two entities have a relationship such that one of them is vicariously liable for the conduct of another, a judgment in a suit against one will preclude a subsequent action against the other.[8] RESTATEMENT (SECOND) OF

---

[7] Notably, the requirement of privity exists ***primarily to protect the interests of parties not present in a prior lawsuit***. *Zoll v. Ruder Finn, Inc.*, 2003 WL 22283830, at *7 (S.D.N.Y. October 2, 2003) (citing *Federated Dep't Stores*, 452 U.S. at 398). Berry was present; Defendants were not. Accordingly, because Defendants are the parties asserting claim preclusion, the requirement of privity is not necessary to protect their interests. Nonetheless, it is satisfied in this case.

[8] As an example, if an employee is in an automobile accident while on the job, her employer may be vicariously liable to any injured party. But if the injured party chooses to sue the employee to judgment, it cannot later sue the employer for damages arising from the same accident.

JUDGMENTS § 51.  Similarly, where two parties have or may have an indemnitor-indemitee relationship, courts have found that a suit against one will bar a subsequent suit against the other.  *Bouchat*, 327 F. Supp. 2d at 543 (considering an indemnification agreement when finding two parties in privity in a copyright infringement action); *see also Levy v. United States*, 776 F. Supp. 831, 836 (S.D.N.Y. 1991) (recognizing that "courts have found that parties in two separate actions are in privity for *res judicata* purposes where if the party in the second action is defeated, that party may seek indemnification from the party in the first action"); *Lanphere Enterprises, Inc. v. Koorknob Enterprises, LLC*, 145 Fed. Appx. 589, 589 (9th Cir. 2005) (unpublished) (upholding finding of claim preclusion when two defendants were parties to an indemnification agreement and plaintiff had litigated a claim against one such defendant to final judgment).  Finally, where a complaint alleges that two parties are co-conspirators, courts have found that a suit against one co-conspirator will bar a subsequent suit against the other.  *Davenport v. Casteen*, 878 F. Supp. 871, 876 (W.D. Va. 1995).

  Defendants and Fleming are in privity for purposes of this lawsuit.  In light of Berry's contributory and vicarious infringement claims, Defendants (if even liable) will be jointly and severally liable with Fleming for damages relating to their alleged infringement.  Moreover, Berry's own portrait of Fleming and Defendants as co-conspirators (as set forth in his Complaint) provides another basis for a finding of privity.  Finally, privity is supported by the fact that Fleming may be required to indemnify Defendants for damages Berry recovers against them.  Accordingly, Defendants' interests are aligned with those of Fleming's for purposes of claim preclusion.

  For many of these same reasons, Fleming adequately represented Defendants' interests in the prior actions.  Although Berry waited nearly four years to actually sue Defendants, Berry was threatening Defendants with litigation long before he filed the operative complaint in his second lawsuit.  Ex. II (May 2, 2003

Email). Fleming was aware of those threats. *Id.* Accordingly, and in light of the fact that (i) Berry's claims against Defendants were derivative of those against Fleming and (ii) Fleming could be required to indemnify Defendants under the various credit agreements (as Berry's claims would be based on Defendants role as Fleming's lenders), Fleming had every reason to represent Defendants' interests in the second lawsuit. In doing so, Fleming reduced Berry's multi-million dollar claims to approximately $54,530. On these facts, Berry's claims against Defendants are precluded.

### IV. THE DAMAGES BERRY SEEKS FROM DEFENDANTS ARE DUPLICATIVE OF THOSE HE WAS ALREADY AWARDED AGAINST FLEMING.

The applicability of claim preclusion is further bolstered by the fact that Berry simply cannot recover any additional damages in this case. He has already been awarded all damages to which he is entitled.

Specifically, in the first lawsuit, Berry received an award of statutory damages, which necessarily compensated him for ***all infringement through the first verdict***. The Copyright Act allows a plaintiff to "elect . . . an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504 (c)(1) (emphasis added). Courts have consistently interpreted this section to mean that plaintiffs are entitled to only one award of statutory damages for all acts of infringement of a copyrighted work. *See Universal City Studios, Inc. v. Ahmed*, 29 U.S.P.Q.2d 1775, 1778 (E.D. Pa. 1993) ("Thus, the law is clear that no matter how many times a defendant infringed the plaintiffs' copyright to *Jurassic Park*, the plaintiffs are entitled to only one statutory damages award."); *see also Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 193 (1st Cir. 2004) (recognizing that claim preclusion would bar later suits for a second round of damages based on the same infringing transaction).

Accordingly, because Defendants -- as alleged vicarious and contributory infringers -- are at most jointly and severally liable with Fleming for statutory damages that Berry already received, Berry is not entitled to any additional damages (statutory or otherwise) from Defendants. *Bouchat*, 327 F. Supp. at 548 (D. Md. 2003) (finding that claim preclusion bars a party from asserting a new theory of damages against different defendants in a subsequent infringement action); *see also Sygma*, 778 F.2d at 92 (finding that multiple parties are jointly and severally liable for copyright infringement when they "participate in, exercise control over, or benefit from an infringement"); WILLIAM F. PATRY, PATRY ON COPYRIGHT § 22:192 ("the legislative history makes clear that contrary to the 1909 [Copyright] Act, only one award per work is permitted no matter the period in which the infringement occurs . . . [t]hus, regardless of when the infringing acts occurred within the three-year limitations period (and if outside of that period, the claim is barred), there is only one award").

Berry has also already received all of the damages to which he is entitled for claims that he alleged or could have alleged in the second lawsuit (which include the gap period claims). Berry was awarded damages against Fleming in the amount of $54,530. Given the nature of his claims against Defendants -- which are based entirely on the theory that Defendants acted in concert with Fleming in infringing FCS -- and the fact that Defendants are not alleged to have received any benefit or profit from the infringement (other than that derived from Fleming), Berry cannot recover separate damages or profits from Defendants. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1553 (9th Cir. 1989) (finding that a close relationship allows the court to treat two corporate entities as one for purposes of imposing an award of profits); *Mackie v. Rieser*, 296 F.3d 909, 915 n.6 (9th Cir. 2002) (stating that copyright infringers are jointly and severally liable for damages).

Finally, the Court has noted that Berry did not receive damages in the second lawsuit for the period of March 6, 2003 to April 1, 2003.  This was Berry's choice -- he waived his right to recover these damages by not asserting them in his complaint (although, notably, he did seek permanent injunctions against Fleming based on acts he claims occurred during this period).[9]  Ex. JJ at ¶¶ 45-47 (Second Amended Complaint).  Berry had his chance to seek damages and did not.  He is now barred.  *See, supra* Section III.

## V.    CONCLUSION.

Berry has already recovered -- or waived his right to recover -- for his infringement claims.  For the reasons set forth in this brief, as well as in Defendants' motion to dismiss, Berry's Complaint should be dismissed.

---

[9]  Berry may claim he was precluded from seeking damages as a result of the automatic stay in Fleming's bankruptcy.  Berry received relief from the automatic stay in that case.  Ex. KK (Relief From Stay Order).

DATED: Honolulu, Hawai'i,
      August 6, 2007

LYLE S. HOSODA & ASSOCIATES, LLC

By: \_/s/ Lyle S. Hosoda
Lyle S. Hosoda  3964-0
Raina P.B. Gushiken  7329-0
345 Queen Street, Suite 804
Honolulu, Hawai'i 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail:  lsh@hosodalaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (S.B.N. 145830)
Erin N. Brady (S.B.N. 215038)
F. Wade Ackerman (S.B.N. 234747)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500
E-mail:  ebrady@kirkland.com

Counsel for Defendants

WHITE & CASE LLP
Andrew DeNatale (ADN 2429)
Jonathan Moskin (Bar No. 1949031)
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:  (212) 819-8200
Facsimile:   (212) 354-8113
E-mail:  adenatale@ny.whitecase.com

Of Counsel for Defendants