# EXHIBIT AA

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | Civ. No. 07 CV-0172 SOM-LEK |
| Plaintiff, | ) | (Copyright) |
| | ) | |
| vs. | ) | |
| | ) | |
| DEUTSCHE BANK TRUST | ) | PLAINTIFF WAYNE BERRY'S |
| COMPANY AMERICAS et al., | ) | CONCISE STATEMENT |
| | ) | |
| Defendants. | ) | |
| | ) | |

PLAINTIFF WAYNE BERRY'S CONCISE STATEMENT

| Un-Controverted Fact | Supporting Basis | Hogan Dec. Exhibit |
|---|---|---|
| 1.  Fleming's Plan of Reorganization (the "Plan") provided for a mechanism for a creditor to avoid the preclusive effect of the Plan. | Fleming Plan - Article XII.G, binds parties to plan "**unless a previous order modifying the stay provided under section 362 of the Bankruptcy Code was entered by the Court**...." | Hogan Dec. ¶ 8 and Exhibit "7" at page 52 of 59. |
| 2.  Consistent with the plan, Plaintiff obtained relief from stay prior to the entry of the confirmation order and was exempted from the permanent injunction and discharge provisions of the Plan.  The Lenders and Debtors remained liable for their wrongful conduct. | This order was filed on July 27, 2004, prior to the entry of the Order Confirming the Plan. | Hogan Dec. ¶¶ 7 to 9.  Exhibits "6" to "8" |

| | | |
|---|---|---|
| 3.   The order confirming the Plan provided that all of the DIP financing orders were subject to the confirmation order. Moreover the confirmation order that is a final order with collateral estoppel effect binding upon the Lenders provided that the Lenders remained liable for the wrongful acts even assuming Mr. Berry had been bound by the Plan and not exempted from it. | Order Confirming The Official Committee of Unsecured Creditors Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the Bankruptcy Code, filed in *In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW) (Bankr. Del.). This Order Was entered on the Fleming Docket after the Order referred to in paragraph 2 above as Docket Number 9045. | Hogan Dec.¶¶ 6 and 7 and Exhibits "5" and "6." |
| 4.  The debtors' agreed to be under the Lenders' control regarding Berry works. | Email from Damian Capozzola . | Hogan Dec.¶11 and Exhibit 10 |
| 5.  The Lenders had knowledge of the infringement during the time of the infringement. | Defendants Motion to Exclude Plaintiff's Use of Privileged Communications at Trail filed in *Wayne Berry v. Hawaiian Express Service, Inc.*, CV 03-00385 SOM-LEK on March 2, 2006, by the Lenders' current mainland counsel as Docket Number 839. | Hogan Dec. ¶10 and Exhibit 9 |

3

| | | |
|---|---|---|
| 6. The Lenders had sufficient power control to stop the infringement but failed to stop it because they had a financial keeping the Hawaii division operating through they knew of the infringement. | Exhibit 10 evidences the power to direct the infringement. Exhibit 11 evidences the financial benefit to the lenders that was the direct result of the continued infringement. Proof of causation is evidence by Exhibits 14 and 15 that evidence that the only Fleming wholesale operations that C&S retained to operate were Hawaii and Sacramento and Tracy the feeder warehouses connected to Hawaii operations. | Hogan Dec. Exhibits 10 and 11; 14 and 15 |
| 7. Direct infringement has been established for the period of July 3, 2001 to June 9, 2003. | Judgments in Berry v. Fleming; Berry v. HEX | Hogan Dec. Exhibits 4, 12 and 13. |
| 8. But for the viability of the Hawaii division, the sale to C&S would have not occurred. | The only Fleming wholesale divisions that had value to C&S were Hawaii and the feeder divisions on the mainland that used Berry FCS. | *See* Numbers 5 and 6. |

| | | |
|---|---|---|
| 9. The Lenders had a direct financial interest in the infringement. | The sale of the Wholesale Operations resulted in over $100,000,000 paid to the Lenders as established by the Joint Motion filed to pay the Lenders. But for the use of the Berry work the Hawaii Division would have shut down. Fleming's Brian Christensen admitted that Fleming-Hawaii had to use the Berry work prior to June 9, 2003. | Hogan Dec. ¶ 12 and Exhibits 11 and Exhibit 2 at page: 121:23 to 125:16; Hogan Dec. Exhibits 14, 15 and Hogan Dec. 16 Exhibit "16." Testimony of Mark Dillon, Hearing on Preliminary Injunction, September 28, 2004, in *Wayne Berry v. Hawaiian Express Service, Inc.*, CV 03-00385 SOM-LEK, at page 113:8 to 20. |

Executed at Honolulu, Hawai'i, July 5, 2007.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN

5