# EXHIBIT BB

LYNCH ICHIDA THOMPSON KIM & HIROTA
A LAW CORPORATION

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone: (808) 528-0100

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, <br><br> Plaintiff, <br><br> vs. <br><br> FLEMING COMPANIES, INC., aka FLEMING FOODS, INC., aka FLEMING, DOE INDIVIDUALS 1-50 AND DOE PARTNERSHIPS, CORPORATIONS AND OTHER ENTITIES 1-20 S 1-50, <br><br> Defendants. | Civ. No. CV01-00446 SPK LEK (Copyright) <br><br> PLAINTIFF WAYNE BERRY'S SUPPLEMENTAL DISCLOSURES REGARDING DAMAGES RELATED TO GROSS REVENUE AND THE BASIS FOR STATUTORY DAMAGES; EXHIBITS "A" AND "B"; CERTIFICATE OF SERVICE |

PLAINTIFF WAYNE BERRY'S SUPPLEMENTAL
DISCLOSURES REGARDING DAMAGES RELATED TO GROSS
REVENUE AND THE BASIS FOR STATUTORY DAMAGES

Comes now Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby supplements his earlier disclosures in regard to the damage for lost profits allowed Plaintiff under the Copyright Act, Title 17, U.S.C. § 504(b). Plaintiff intends to introduce evidence of

Fleming Companies, Inc.'s ("Fleming") gross revenue derived from Fleming's SEC filings on or about December 29, 2001 regarding the annual 10K disclosure as set forth in the attached Exhibit "A". Plaintiff hereby gives notice of his intention to supplement this disclosure with similar data for year end 2002 and year to date 2003 when it becomes available. Because Fleming has failed to disclose any information regarding the non-infringing costs of its operations, Plaintiff intends to seek judgment for the full amount of annual gross revenues as allowed by 17 U.S.C. § 504(b).

As to damages that may be elected under The Copyright Act, Title 17, U.S.C. § 504 (c), the Plaintiff hereby submits Exhibit "B" as his supplement to his earlier disclosure regarding the computation of the range of statutory damages available should Plaintiff elect such damages prior to entry of judgment as provided by The Copyright Act, Title 17, U.S.C. § 504 (c).

DATED: Honolulu, Hawaii    OCT 2 3 2002

_____
TIMOTHY J. HOGAN, Esq.
Attorney for Plaintiff
WAYNE BERRY

2

FLEMING COS INC - 10-K                                                                 Filing Date: 12/29/01

```
<Table>
<Caption>

(IN THOUSANDS)                                             ADJUSTMENTS
                                                 -----------------------------------
                                                 STRATEGIC       UNUSUAL
          2001                       GAAP         PLAN(1)        ITEMS(2)       ADJUSTED
------------------------         ------------   ------------   ------------   ------------

Net sales                        $ 15,627,744   $    (2,740)   $       --     $ 15,625,004

Costs and expenses:
  Cost of sales                    14,437,841       (32,781)       (2,500)      14,402,560
  Selling and administrative          960,590       (17,501)      (17,300)         925,789
  Interest expense                    165,534            --        (2,833)         162,701
  Interest income                     (25,586)           --         1,102         (24,484)
  Equity investment results            1,533            --            --            1,533
  Impairment/restructuring credit    (23,595)        23,595            --              --
  Litigation charge                   48,628            --       (48,628)             --
                                 ------------   ------------   ------------   ------------
    Total costs and expenses       15,564,945       (26,687)      (70,159)      15,468,099
                                 ------------   ------------   ------------   ------------

Income before taxes              $     62,799   $     23,947   $     70,159   $    156,905
                                 ============   ============   ============   ============
</Table>

<Table>
<Caption>
                                                 STRATEGIC       UNUSUAL
          2000                       GAAP         PLAN(1)        ITEMS(3)       ADJUSTED
------------------------         ------------   ------------   ------------   ------------

Net sales                        $ 14,443,815   $      2,181   $     (8,636)  $ 14,437,360

Costs and expenses:
  Cost of sales                    13,096,915       (56,990)           --       13,039,925
  Selling and administrative        1,186,919       (36,550)      (10,426)       1,139,943
  Interest expense                    174,569            --            --          174,569
  Interest income                     (32,662)           --            --         (32,662)
  Equity investment results            8,034           (315)           --            7,719
  Impairment/restructuring charge    212,845       (212,845)           --              --
  Litigation credit                   (1,916)           --         1,916              --
                                 ------------   ------------   ------------   ------------
    Total costs and expenses       14,644,704      (306,700)       (8,510)      14,329,494
                                 ------------   ------------   ------------   ------------

Income (loss) before taxes       $   (200,889)  $    308,881   $      (126)   $    107,866
                                 ============   ============   ============   ============
</Table>

<Table>
<Caption>
                                                 STRATEGIC       UNUSUAL
          1999                       GAAP         PLAN(1)        ITEMS(4)       ADJUSTED
------------------------         ------------   ------------   ------------   ------------

Net sales                        $ 14,272,036   $         94   $     (5,600)  $ 14,266,530

Costs and expenses:
```



EXHIBIT "A"

FLEMING COS INC - 10-K                                                                 Filing Date: 12/29/01

(2)   Includes $19.8 million in charges related to the Kmart bankruptcy reorganization ($2.5 million in cost of sales for inventory writedowns and $17.3 million in selling and administrative for credit loss), net additional interest expense of $1.7 million due to early retirement of debt ($2.8 million in interest expense and $1.1 million in interest income) and $48.6 million in charges from litigation settlements (in litigation charge).

(3)   Includes $8.6 million in gains from the sale of distribution facilities (in net sales), $10.4 million in charges related to retail stores (in selling and administrative) and income of $1.9 million relating to litigation settlements (in litigation credit).

(4)   Includes income of $5.6 million in gains from the sale of distribution facilities (in net sales), $31.0 million in charges to close certain retail stores and income of $22.0 million from extinguishing a portion of the self-insured workers' compensation liability (both netted in selling and administrative) and interest income of $9.2 million related to refunds of federal income taxes from prior years (in interest income).

Net Sales.

Our net sales increased by over 8% to $15.63 billion in 2001, following a 1% increase to $14.44 billion in 2000 from $14.27 billion in 1999. 2001 and 1999 were 52-week years; 2000 was a 53-week year.

Distribution segment net sales increased 19% in 2001 and 6% in 2000. The net growth in 2001 was a result of several factors including increased activity with Kmart, which accounted for approximately 80% of the distribution segment sales growth, acquisitions of certain assets of Miller & Hartman South and the stock of Minter-Weisman Co. (combined annualized sales of approximately $850 million) and growth in distribution sales from a wide variety of new-channel and conventional customers, offset by customer closings and the consolidation of self-distributing chains. New-channel customers, including convenience stores, supercenters, limited assortment stores, drug stores and self-distributing chains, are an important part of our strategic growth plan. Sales to customers other than Kmart increased over 4% in 2001 compared to 2000 (over 6% on a 52-week comparable basis). In 2000, the increase in sales was primarily due to new business added from independent retailers, convenience stores, e-tailers, and supercenter customers, including Super Target stores. This increase was partially offset by a loss of previously announced sales from Randall's (in 1999) and United (in 2000). In 1999, sales to Randall's and United accounted for less than 4% of our total sales. We expect sales to customers other than Kmart to increase at least 5% in 2002, factoring in known losses due to bankruptcies, customer closings and the consolidation of self-distributing chains.

Kmart Corporation, our largest customer, accounted for 20% and 10% of our total net sales in 2001 and 2000, respectively. No single customer represented 5% or more of our 1999 sales. In 2001, we became the sole supplier of food and consumable products to Kmart Corporation's more than 2,100 stores and supercenters. We began shipments under the new ten-year agreement in April 2001, with full implementation in July 2001. Sales to Kmart increased to approximately $3.1 billion in 2001 from $1.4 billion in 2000. The impact of Kmart's bankruptcy filing on our future financial results will depend greatly upon whether Kmart assumes or rejects our distribution agreement and upon whether Kmart obtains bankruptcy court approval of a plan of reorganization. See "Business--Kmart Bankruptcy."

Retail segment sales decreased 28% in 2001, following a 12% decrease in 2000. The primary reasons for the decreases in both 2001 and 2000 relate to the divestiture of under-performing and non-strategic conventional retail stores to increase focus on our price impact retail stores partially offset by store acquisitions. The 28% decrease in 2001 is made up of a 35% decrease from our conventional retail stores offset by a 14% increase from our price impact retail

FLEMING COS INC - 10-K                                              Filing Date: 12/29/01

stores. The number of price impact stores increased from 74 at the beginning of 2001 to 99 at the end of 2001. We operated 116, 187 and 242 retail stores at the end of 2001, 2000 and 1999, respectively. Same store sales for continuing price impact retail operations in 2001 increased 1.1 % over 2000.

14

| Infringer<br>Copyright | Fleming<br>FlemingPO.exe | Fleming<br>FCS | Fleming<br>Crystal Invoice | HEX<br>FCS | Total<br>2/25/2003 | Months<br>39 |
|---|---|---|---|---|---|---|
| Users | 1 | 8 | 1 | 2 | | |
| Copies Per Day | 1 | 2 | 1 | 1 | | |
| Days Per Month | 21.67 | 21.67 | 21.67 | 21.67 | | |
| Copies Per Month | 21.67 | 346.72 | 21.67 | 43.34 | | |
| **Min - Court Discretion** | | | | | | |
| Minimum Statutory | $ 200 | $ 200 | $ 200 | $ 200 | | |
| Monthly Damage | $ 4,334 | $ 69,344 | $ 4,334 | $ 8,668 | | |
| Annual Damage | $ 52,008 | $ 832,128 | $ 52,008 | $ 104,016 | | |
| Damage | $ 169,026 | $ 2,704,416 | $ 169,026 | $ 338,052 | $ 3,380,520 | |
| | | | | Fleming | $ 3,276,504 | |
| **Minimum Statutory** | | | | | | |
| Minimum Statutory | $ 750 | $ 750 | $ 750 | $ 750 | | |
| Monthly Damage | $ 16,253 | $ 260,040 | $ 16,253 | $ 32,505 | | |
| Annual Damage | $ 195,030 | $ 3,120,480 | $ 195,030 | $ 390,060 | | |
| Damage | $ 633,848 | $ 10,141,560 | $ 633,848 | $ 1,267,695 | $ 12,676,950 | |
| | | | | Fleming | $ 12,286,890 | |
| **Maximum Statutory** | | | | | | |
| Maximum Statutory | $ 30,000 | $ 30,000 | $ 30,000 | $ 30,000 | | |
| Monthly Damage | $ 650,100 | $ 10,401,600 | $ 650,100 | $ 1,300,200 | | |
| Annual Damage | $ 7,801,200 | $ 124,819,200 | $ 7,801,200 | $ 15,602,400 | | |
| Damage | $ 25,353,900 | $ 405,662,400 | $ 25,353,900 | $ 50,707,800 | $ 507,078,000 | |
| | | | | Fleming | $ 491,475,600 | |
| **Max - Court Discretion** | | | | | | |
| Maximum Statutory | $ 150,000 | $ 150,000 | $ 150,000 | $ 150,000 | | |
| Monthly Damage | $ 3,250,500 | $ 52,008,000 | $ 3,250,500 | $ 6,501,000 | | |
| Annual Damage | $ 39,006,000 | $ 624,096,000 | $ 39,006,000 | $ 78,012,000 | | |
| Damage | $ 126,769,500 | $ 2,028,312,000 | $ 126,769,500 | $ 253,539,000 | $ 2,535,390,000 | |
| | | | | Fleming | $ 2,457,378,000 | |

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) | Civ. No. CV01-00446 SPK LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| vs. ) | |
| ) | |
| FLEMING COMPANIES, INC., aka ) | |
| FLEMING FOODS, INC., aka FLEMING, ) | |
| DOE INDIVIDUALS 1-50 AND ) | |
| DOE PARTNERSHIPS, ) | |
| CORPORATIONS AND OTHER ) | |
| ENTITIES 1-20 S 1-50, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Plaintiff Wayne Berry's Supplemental Disclosures Regarding Damages Related to Gross Revenue and the Basis for Statutory Damages was duly served via first class mail, postage prepaid to the following parties on _____ **OCT 2 3 2002** _____ :

KAREN L.S. FINE, ESQ.
Jackson DeMarco & Peckenpaugh
2815 Townsgate Road, Suite 200
West Lake Village, CA 91361
Attorneys for Defendant
Hawaiian Express Service, Inc.

LEX R. SMITH, ESQ.
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Attorney for Fleming Companies, Inc. aka
Fleming Foods, Inc., aka Fleming

ROY J. TJIOE, ESQ.
Goodsill Anderson Quinn & Stifel
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Attorneys for Defendant
Hawaiian Express Service, Inc.

Dated: Honolulu, Hawaii, _____ OCT 2 3 2002 _____

TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

2