# EXHIBIT CC

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone No. 528-0100
Fax No. 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff WAYNE BERRY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 07 2003

at ___ o'clock and ___ min ___ M.
WALTER A. Y. H. CHINN/CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY,<br><br>　　　　Plaintiff,<br><br>FLEMING COMPANIES, INC., aka<br>FLEMING FOODS, INC., aka<br>FLEMING, HAWAIIAN EXPRESS<br>SERVICE, INC., DOE<br>DOE PARTNERSHIPS,<br>CORPORATIONS AND OTHER<br>ENTITIES 1-20 S 1-50,<br><br>　　　　Defendants. | Civ. No. CV01-00446 SPK LEK<br>(Copyright)<br><br>PLAINTIFF WAYNE BERRY'S<br>FINAL PRETRIAL STATEMENT;<br>CERTIFICATE OF SERVICE<br><br><br><br>FINAL PRETRIAL CONFERENCE<br>Date: January 14, 2003<br>Time: 9:00 a.m.<br>Judge: Hon. Leslie E. Kobayashi<br><br>Trial Date　February 25, 2003 |

**PLAINTIFF WAYNE BERRY'S
FINAL PRETRIAL STATEMENT**

Comes now Plaintiff Wayne Berry ("Plaintiff") by and through its

undersigned counsel and hereby submits his Final Pretrial Statement pursuant to

L.R. 16.6.

(a.) <u>Party</u>.   Plaintiff, Wayne Berry, is a individual software developer and submits this Final Pretrial Statement.

(b.) <u>Jurisdiction and Venue</u>.  This Court has jurisdiction under federal subject matter jurisdiction pursuant to the Federal Copyright Act 17 U.S.C. §§ 101, et seq. and 28 U.S.C. § 1338(a).  Venue is proper in the District pursuant to 28 U.S.C. § 1440.  Defendant Fleming Companies, Inc. ("Fleming")'s Answer to the First Amended Complaint filed on September 20, 2001, denied Plaintiff's allegation of jurisdiction and venue.

(c) <u>Substance of Action</u>.  This case involves allegations of intentional and willful copyright infringement pursuant to The Copyright Act, Title 17 U.S.C. The alleged wrongful and willful conduct revolved around Defendant Fleming Companies, Inc.'s unauthorized use and modification of Plaintiff's software in September and October 1999.  Thereafter, and unaware of the earlier infringement, Developer granted Fleming a limited user license.  About one month later, and after acceptance, Fleming's principal Ralph Stussi read the license, and upon information and belief, realized that it would not encompass the earlier acts of infringement and induced the Developer into granting an addendum to the earlier license that Fleming believed would cure their earlier infringement.  Fleming

disputes that the first license is enforceable and claims that the November 24, 1999 letter is the complete expression of the license, although it does not purport to be so.

Even if the November 24, 1999 letter is operative (and Developer disputes that) the document prohibited Fleming from sharing the software with any third-parties. Fleming has admitted that it is allowing use of the software by a freight forwarder, Hawaiian Express Service, Inc. and based on that representation, they were made defendants. They have subsequently been dismissed.

Fleming has also admitted to making approximately 100 changes to the software. Plaintiff claims that these changes constitute wilful infringement.

(d). <u>Undisputed Facts</u>. That Wayne Berry created certain software on or before November 1995. Fleming uses a derivative of this software to ship several hundred million dollars in food to the state of Hawaii, Guam and Alaska. Fleming made at least 100 derivatives of the Freight Control System Software. Fleming has never paid Mr. Berry anything for the use of his software. Fleming can produce no license that authorized the changes.

(e). <u>Disputed Factual Issues</u>. Fleming has made claims to ownership of copyrights to the software which is disputed. Fleming has made a claim that it has a license to make the changes, also disputed.

(f). Relief Prayed. Plaintiff seeks a judgment establishing that Fleming has engaged in wilful copyright infringement, a permanent injunction against Fleming and any person using the software to cease all use and return all copies, including all derivatives. Plaintiff also seeks damages in the amount of Fleming's profits derived from the infringement. Under the Copyright Act, Plaintiff need only produce evidence of the infringer's gross revenues pursuant to 17 U.S.C. § 504 (b) as follows:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

Fleming has resisted several attempts by Plaintiff to obtain discovery of the factual basis for Fleming's "deductible expenses and elements of profit attributable to factors other than the copyrighted work." Therefore, Plaintiff intends to produce Fleming's report to the Securities and Exchange Commission of Year End 2001 Sales Figures $12,013,291,000.00 for 2000, $13,624,272,000.00 for 2001 and will provide a figure prior to trial for 2002 and year-to-date 2003. Pursuant to the

4

Copyright Act, Fleming will have the burden at trial to prove what, if any, deductible expenses and the elements of profit attributable to factors other than the copyrighted work. Because Fleming failed to disclose this information and resisted its discovery, Plaintiff will seek, through a motion in limine, to prevent the introduction of any such evidence at trial and seek actual damages in the full amount of Fleming's sales as set forth above.

Plaintiff has provided a basis for calculating actual damages substantiated by historical data contained in the Freight Control System database. This data shows the actual gross revenues earned by API and Fleming for the years 1995 to 1999 as a direct result of using Berry's software. These actual damages are composed of three main profit centers, flat rates minus actual freight costs, vendor freight allowances and vendor commodity allowances. Plaintiff believes that this calculation shows that Fleming derived revenues from the use of Plaintiff's software since November 1, 1999 of no less than $190,524,900.

Other damages to Plaintiff include the estimated loss of revenue he would have received from Fleming for having made legal program changes and derivatives to his software. The Plaintiff has estimated the amount based on his review of the illegal changes made by Fleming to his written proposal providing Fleming with his hourly rates. Plaintiff believes this lost revenue is no less than

$865,000.

Damages also include the loss of revenue Plaintiff would have received by allowing Foodland to use his freight software. Plaintiff estimates that the proceeds from this contract over the anticipated five year life would have been had gross revenues of at least $3,250,000 and associated costs of no more than $1,250,000. Plaintiff believes his net profit would have been $2,000,000. Foodland withdrew from the final contract negotiations, claiming that they were already getting the benefit of using my software from Fleming for free.

Alternatively, Plaintiff may elect, any time before entry of judgment, to convert his damages to "statutory damages" pursuant to 17 U.S.C. §504(c). In his most recent Disclosure of his basis for Statutory Damages, Plaintiff has provided a range of statutory damages from $4,835,462 if the infringement is found to be non-wilful to $3,626,596,208 for the maximum for wilful infringement.

In addition, Plaintiff has provided a basis for actual damages based on .03% (three tenths of one percent) of Fleming's total gross sales. Because Fleming refused to turn over the amount of its gross sales, Plaintiff will prove that this amount is no less than $650,000,000.00 annually. For the period of the infringement, the total basis for the actual damages will be 38 months of unlicensed use of the derivatives times .03%.

(g). <u>Points of Law</u>. Fleming claims that 17 U.S.C. § 117 gives it the right to make changes to the software. Plaintiff disputes this because § 117 only applies to making changes to permit an owned copy to run on a machine. Fleming does not own a copy and has not made any claim that it had to make the changes because the software could not otherwise run a machine. Fleming also claims that Plaintiff made the software while employed by API. Plaintiff disputes this because he was never an API employee and never permitted any modifications to his software by any API personnel.

Fleming also claims an implied license. Plaintiff disputes this because there was an actual license and he received no consideration for the grant of any implied license.

(h). <u>Previous Motions</u>. Fleming filed a Motion to dismiss. Denied. Plaintiff filed a Motion for Partial Summary Judgment and Motion to Reconsider, both denied. There a cross motions for Summary Judgment pending.

(I). <u>Witnesses to be Called</u>.

    1.    Wayne Berry. c/o Lynch Ichida Thompson Kim & Hirota, 1132 Bishop Street, Suite 1405 Honolulu Hawaii 96813 (808) 528-0100. Plaintiff, software developer. Liability and Damages.

    2.    Mark Dillon. Fleming, 91-315 Hanua Street, Kapolei, HI

96707, (808) 682-7300. Liability regarding use of software and developer of the Y2K Derivative. Testimony on liability and damages.

3. Carlos Hernandez. Fleming, 91-315 Hanua Street, Kapolei, HI 96707, (808) 682-7300. Liability for intentional infringement and damages related to corporate profits derived from the infringement..

4. Roger Perez. Liability regarding infringement and damages. (I only had e-mail address).

5. Ralph Stussi. Fleming, 91-315 Hanua Street, Kapolei, HI 96707, (808) 682-7300. Testimony regarding damages and liability.

6. Alan Tsuruda. Fleming, 91-315 Hanua Street, Kapolei, HI 96707, (808) 682-7300. Testimony regarding damages and liability.

7. Brian Christiensen, Fleming, 91-315 Hanua Street, Kapolei, HI 96707, (808) 682-7300. Testimony regarding damages and liability.

9. Professor Philip Johnson, Ph.D. c/o University of Hawaii Computer Science Dept. Expert Testimony regarding proof of

infringement of Y2K derivative and Freight Control System.

10. Roger Wall, c/o Foodland. Mr. Wall will testify regarding damages and liability.

11. David C. Farmer, Esq. Mr. Farmer will testify that he had represented API and/or the Borja's while at the same time providing Mr. Berry with legal advice regarding protecting his rights as developer of the freight system that is the subject of this case.

(j). List of Exhibits, Schedules and Summaries.

I. Documents to be Offered by Plaintiff.

1. Fleming's Corporate Earnings from SEC disclosures.

2. Copies of the Copyright Registrations for the Three Software Programs.

3. The End User License Agreement. ("EULA"). A00451

4. The November 24, 1999 Addendum to the EULA. A00431

5. Correspondence re: rescission and repudiation.

6. Damage Model and Backup. Bates Stamped A00001 to A000430.

7. Correspondence with Fleming proving wilful infringement.

Bates Stamp A00430, A00433, A00437-8, A00439, A00410, A00441, A00442, A00443-4, A00445, A00446-7, A00448, A00462, A00463, A00468, A00469, A00470, A00471,

8. API invoices that evidence that Fleming made an unauthorized change in the Crystal Reports Definition for Invoice. A00456 to A00461 and A00479 to A00484.

9. Evidence that API did not own any copyrights to the Berry Freight Control System. A00465, A00467

10. Correspondence with Fleming regarding payment for making changes to software by Plaintiff. A00501.

11. Redline of 11/24/1999 Addendum. A00505.

12. Copy of the Berry Freight System Software including FlemingPO.exe, Freight Control System and Crystal Reports Invoice Definition. A00519.

13. Crystal reports Feature Comparison. A00507 to A00515.

14. Schedule III from API Fleming Asset Purchase Agreement A00520 to A00523. Also, HF 00122 to HF 00122.

15. Proof that Fleming gave Hawaiian Express the Software. A00524 to A00525.

16. Screens from Freight System. A00527.

17. Tables from Fright System. A00528.

18. Correspondence regarding Fleming mail fraud. A00542.

19. Mercer Report. A00568 to A00640.

20. Notes of Conversation with Shane Kelley. A00643.

21. Ashford and Wriston Invoice No. 10158. A00657.

22. Fleming Copyrights. A01108 to A00111.

23. API Bylaws, or Excerpt. A01112 to A01115.

24  Sealand and Matson Freight Control System Proof. A00658 to A00670.

25. API freight system derivative work files. A00672 to A00803.

II. Fleming Documents to be Offered by Plaintiff.

26. List of Computers Sold to Fleming. HF 00032.

27. Plaintiff's Statement of how much Fleming would have to pay to make the changes, legally. HF00036.

28. Consulting and Management Services Breakdown. HF00037 to HF0045.

29. API meeting Agenda August 16, 1999. HF 00051 to HF 00057.

30. Fleming Letter Proposal to API dated Sept. 7, 1999. HF 00058

to HF 00061.

31. Interoffice Memo re: Admission of Infringement. HF 00110.

32. Asset Purchase Agreement Schedule III. HF00122 to HF00126.

33. Assistance with Programming Changes. HF 00131.

34. Proof that Changes started before any license. HF 00132 to HF 00133.

35. Letter from Jack Borja to Fleming telling Fleming that API doesn't own the software. HF 00162 to HF 00163.

36. Inventory of Computers and Dell leases. HF 00165 to Hf 00171.

37. Fleming Participation in Borja Securities Offering. HF 00188 to HF 00202.

38. Letter from Borja to Stussi with Stussi hand written notes. HF 00204 to HG 00208.

39. Proof of number of users at API shutdown. HF 00212.

40. Agenda of 6/30/99 Meeting where Fleming learned of per case program. HF00223.

41. Cost per case program. HF00227.

42. Fleming Memo. re: Pre-paid vendors. HF00251.

43. Fleming copy of EULA. HF 00252. Berry Copy is A00474.

44. License violation. HF 00257.

45. Reports that Fleming was requesting 10/27/99. HF 00258.

46. API invoices HF 00284-5, HF 00288

47. OPL invoice, HF 00315.

48. Memo. Showing that API employees didn't know Fleming had changed the invoice. HF 00376.

49. Memo. Proof that EDI machine was never at API. HF 00377.

50. Fleming Contingency Plan if No Berry Software. HF 00382 to HF 00386.

51. Asset Purchase Agreement.

Additional Documents to Be Offered by Plaintiff.

52. February 18, 1995 letter to John Ault. A00874.

53. February 7, 1995 invoice. A00734.

III. Testimony of Professor Philip Johnson's regarding his Report to be offered by Plaintiff.

54. Backup, notes and related articles. J 00035 to J00274, includes screen prints of programs to show the changes in the software.

55. Professor Johnson's Report.

IV. Kroll Associates Report offered by Plaintiff..

    56. Report dated October 18, 2002 that contains statement of the number of computers attached to the network.

V. Additional Documents to be offered by Plaintiff.

    57. Letter noting the recision of the license.

    58. Fleming Pleading's making admissions.

    59. Fleming Answers to Interrogatories.

    60. Fleming Responses to Documents Requests.

    61. Fleming declarations filed in the case.

    62. Plaintiff reserves the right to supplement this based on pending discovery and documents to be used for impeachment and/or rebuttal.

(k). <u>Further Discovery</u>. Both Plaintiff and Fleming have pending document requests.

(l). <u>Stipulations</u>. There has been a stipulation to dismiss Hawaiian Express. Also, Plaintiff has agreed to limit the scope of the claims to the following:

(1) The creation of the Y2K derivative regarding the FlemingPO.EXE program;

(2) The copyright infringement regarding the freight control system database

program, including but not limited to, the creation of multiple derivatives of that program;

(3) The unauthorized change of the API invoice in September or October of 1999, prior to any licensing of Fleming to make such changes;

(4) Permitting HEX to use through the alleged use of PC anywhere the Berry freight control system as violation of licensing and infringement;

(5) Repudiation and rescindment of the alleged license by infringement and making claims of ownership to the software.

(6) Related to the above and the damages derived therefrom, there is evidence that Fleming is operating 14 computers under the Berry system. This is at least 4 more than was ever authorized by Wayne Berry or used by API and will be a basis for damages and a separate basis of infringement.

(m).   Amendments. Changing Caption to Remove Hawaiian Express.

(n).   Settlement Discussions. No active discussions.

(o).   Agreed Statement. Possible regarding the issue of the changes to the programs.

(p).   Bifurcation. Plaintiff can see no basis for bifurcation.

(q).   Reference to master of magistrate judge. Not agreeable.

®).   Appointment or limitation of Experts. Court appointed expert not

necessary for remaining claims other than to verify report of additional computers on Fleming network.

(s). <u>Trial</u>. February 25, 2003. Jury.

(t) <u>Estimate of trial time</u>. One week.

(u) <u>Claims of privilege or work product</u>. None.

(v). <u>Miscellaneous</u>. None.

DATED: Honolulu, Hawaii, _____ JAN 4 2003 _____

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) | Civ. No. CV 01 00446 SPK LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| vs. ) | |
| ) | |
| FLEMING COMPANIES, INC., aka ) | |
| FLEMING FOODS, INC., aka ) | |
| FLEMING, ) | |
| DOE INDIVIDUALS 1-50 AND ) | |
| DOE PARTNERSHIPS, ) | |
| CORPORATIONS AND OTHER ) | |
| ENTITIES 1-20 S 1-50, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was duly served via first class mail, postage prepaid, to the following party at his last known address on _____JAN 4 2003_____ .

Lex R. Smith, Esq.
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
  Attorney for Fleming Companies, Inc. aka
  Fleming Foods, Inc., aka Fleming

Dated: Honolulu, Hawaii, _____ JAN 4 2005 _____.

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY