# EXHIBIT DD

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone No. 528-0100
Fax No. 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 4 2003

at __ o'clock and __ min. __M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> FLEMING COMPANIES, INC., aka ) <br> FLEMING FOODS, INC., aka ) <br> FLEMING, HAWAIIAN EXPRESS ) <br> SERVICE, INC., DOE ) <br> DOE PARTNERSHIPS, ) <br> CORPORATIONS AND OTHER ) <br> ENTITIES 1-20 S 1-50, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civ. No. CV01-00446 SPK LEK (Copyright) <br><br> PLAINTIFF WAYNE BERRY'S COMPREHENSIVE WITNESS LIST; CERTIFICATE OF SERVICE <br><br><br> Trial Date   February 24, 2003 |

### PLAINTIFF WAYNE BERRY'S COMPREHENSIVE WITNESS LIST

Plaintiff Wayne Berry respectfully submits his comprehensive witness list.

1. Wayne Berry
   6 hours

Plaintiff will testify regarding his background as a software developer and the original authorship of the three software programs that are the subject of this infringement action

Mr. Berry will testify that he was an independent software developer, and not an employee of Atlantic Pacific International, Inc. ("API") when the software was developed and never transferred his Copyrights. Mr. Berry will validate and prove the facts contained in the Copyright registrations that will prove he owns the Copyrights that are the subject of this case.

The testimony will describe the skills required to create the work, that he only used his own equipment working at home to create the work. Further Mr. Berry will testify that he was paid as an independent contractor and never received a W-2 form from API. Mr. Berry will describe how he had total control over when and how to work on any software.

Plaintiff will also rebut the claim that anyone at API had contributed to his work and establish that he never gave any written permission for any changes to be made to his work. Also, Mr. Berry will discuss Mark Dillon and Teresa Noa and what their jobs were at API.

Mr. Berry will testify regarding the Asset Purchase Agreement and his End User License Agreement ("EULA"). Regarding the Asset Purchase Agreement Mr. Berry will testify that neither API's President nor attorney were aware of the terms in the final draft of the agreement.

In addition Mr. Berry will testify that Mr. Jack Borja had no authority to sign the asset purchase agreement and that no API attorney reviewed the document before it was singed. Testimony will also address what was happing to Jack Borja at the time he signed including Fleming's claim against both Mr. and Mrs. Borja, the ongoing criminal investigation regarding the handling of the money Fleming gave Mr. Borja to remove Marlene and Lokilani Lindsey as API shareholders as well as other matters related to Mr. Borja and Fleming.

Mr. Berry will also testify regarding his damages. First, as to actual damages, Mr. Berry will testify as to the amount of money he lost as a result of Fleming's infringement. These losses derived in part from Mr. Berry's inability to commercially market his software due to Fleming's infringement despite Fleming's acknowledgment in its November 24, 1999 Addendum that Fleming knew that was Mr. Berry's intention.

As to damages from Fleming's profits attributable to the use of Mr. Berry's software, Mr. Berry will testify, based on historical records of Atlantic Pacific International, Inc. ("API") regarding the amount of profits that Fleming makes from the use of the software from that savings generated by the use of the software that Fleming keeps as part of its profit.

Mr. Berry will also testify regarding the rescission of the license and the termination of the Asset Purchase Agreement due to Fleming's claim of ownership that was a material breach of his license and ground to rescind it and the notice he gave to Fleming that it was an infringer.

3

|   |   |   |
|---|---|---|
|   |   | Mr. Berry will also testify as the custodian of records of Atlantic Pacific International, Inc., UPAC and A & A Consolidators, Inc. |
| 2. | Phillip Johnson, PhD<br>One Hour | Professor Johnson will testify regarding his background as a college professor of Computer science at the University of Hawaii at Manoa, and how he detects plagiarism.<br><br>Professor Johnson will testify regarding the Fleming Logistics program and why it is a derivative of Mr. Berry's Freight Control System.<br><br>In addition, Professor Johnson will testify that Mr. Dillon had to have used Mr. Berry's FlemingPO.exe to create his Y2K derivative. |
| 3. | Mark Dillon<br>One Hour | Mark Dillon will testify regarding his employment at API and Fleming and his knowledge of the Berry software and his making of changes to the Freight Control System and a replacement for the "FlemingPO.exe" program. |
| 4. | Roger Wall<br>One Hour | Roger Wall, as an officer and director of Foodland will testify regarding negotiations with Wayne Berry to license his Freight Control System and Foodland's relationship with Fleming and how the Berry Freight System relates to that relationship. |
| 5. | Ralph Stussi<br>One Hour | Mr. Stussi will testify regarding negotiations with Mr. Berry to obtain an license for the Berry Software. In addition, Mr. Stussi will testify |

4

|   |   |   |
|---|---|---|
|   |   | regarding Fleming and its business supported by the Berry Freight Control System and how that system related to Fleming's relationship with API and its customers including Foodland. |
| 6. | David C. Farmer<br>One Hour | Mr. Farmer will testify that he had represented Jack and Heidi Borja in regard to the negotiation of the Asset Purchase Agreement. In addition, Mr. Farmer will testify that he represented Mr. Berry regarding the review of his EULA given to Fleming regarding the software that is the subject of this case. |

7. Mr. Berry reserves his right to call additional witnesses in his rebuttal case.

DATED: Honolulu, Hawai'i  _____FEB  4 2003_____.

TIMOTHY J. HOGAN
Attorney for Plaintiff

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY<br><br>        Plaintiff,<br><br>vs.<br><br>FLEMING COMPANIES, INC., aka<br>FLEMING FOODS, INC., aka<br>FLEMING, HAWAIIAN EXPRESS<br>SERVICE, INC.<br>DOE INDIVIDUALS 1-50 AND<br>DOE PARTNERSHIPS,<br>CORPORATIONS AND OTHER<br>ENTITIES 1-20,<br>        Defendants. | Civ.No.CV 01 00446 SPK LEK<br>(Copyright)<br><br>CERTIFICATE OF SERVICE |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing documents was duly served on the following party via hand delivery on FEB 4 2003 to his last known address as follows:

LEX R. SMITH, ESQ.
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Attorneys for Defendant
Fleming Companies, Inc.

Dated: Honolulu, Hawaii          FEB 4 2003

TIMOTHY J. HOGAN
Attorney for Plaintiff
Wayne Berry