# EXHIBIT GG

*L. Smith, esq*
*999 B. St*
*#2600*

*LRS*
*ACT*
*AEZ*

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone No. 528-0100
Fax No. 528-4997
E-mail: tjh@loio.com

**LODGED**

MAR 19 2003

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY,<br><br>Plaintiff,<br><br>FLEMING COMPANIES, INC., aka<br>FLEMING FOODS, INC., aka<br>FLEMING, HAWAIIAN<br>EXPRESS SERVICE, INC,<br>DOE INDIVIDUALS 1-50 AND<br>DOE PARTNERSHIPS,<br>CORPORATIONS AND OTHER<br>ENTITIES 1-20,<br><br>Defendants. | Civ.No.CV 01 00446 SPK LEK<br>(Copyright)<br><br>NOTICE OF MOTION;<br>PLAINTIFF WAYNE BERRY'S<br>MOTION FOR ENTRY OF<br>PERMANENT INJUNCTION;<br>MEMORANDUM IN SUPPORT<br>OF MOTION; DECLARATION OF<br>TIMOTHY J. HOGAN; EXHIBIT<br>"A"; CERTIFICATE OF SERVICE<br><br>HEARING:<br>DATE: March 28, 2003<br>TIME: 10:00 a.m.<br>JUDGE: Samuel King<br><br>TRIAL:<br>February 24, 2003 |

## NOTICE OF MOTION

TO: LEX R. SMITH, ESQ.
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Attorney for Fleming Companies, Inc.

NOTICE IS HEREBY GIVEN that Plaintiff Wayne Berry's Motion for Entry of Permanent Injunction shall come on for hearing before the Honorable _Samuel King_, United States District Judge of the above-entitled Court, in his courtroom in the United States District Court, 300 Ala Moana Boulevard, Honolulu, Hawaii 96813 on _Friday_, _March 28,_ 2003 at _10:00 a_.m., or as soon thereafter as counsel can be heard.

Dated: Honolulu, Hawaii, March 19, 2003

TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY )<br>)<br>Plaintiff, )<br>)<br>)<br>FLEMING COMPANIES, INC., aka )<br>FLEMING FOODS, INC., aka )<br>FLEMING, HAWAIIAN )<br>EXPRESS SERVICE, INC, )<br>DOE INDIVIDUALS 1-50 AND )<br>DOE PARTNERSHIPS, )<br>CORPORATIONS AND OTHER )<br>ENTITIES 1-20, )<br>)<br>Defendants. )<br>_____ ) | Civ.No.CV 01 00446 SPK LEK<br>(Copyright)<br><br>PLAINTIFF WAYNE BERRY'S<br>MOTION FOR ENTRY OF<br>PERMANENT INJUNCTION |

PLAINTIFF WAYNE BERRY'S MOTION FOR
ENTRY OF PERMANENT INJUNCTION

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel and hereby moves this Honorable Court for entry of a permanent injunction prohibiting the use of the **Freight Control System** that was the subject of the jury verdict filed herein on March 6, 2003. Plaintiff seeks an order to restrain further acts of infringement and use of his software and the turn over of all infringing copies of the software. Plaintiff brings this Motion on the grounds that evidence has been adduced that Fleming has made material changes to Plaintiff's software. The Jury found those changes constituted willful

infringement. Plaintiff believes Fleming is using infringing copies of Plaintiff's software in its daily operations that constitutes unlicensed infringement. Further, Fleming and the Discovery Master should be required to deliver to Plaintiff all copies of the infringing software and be ordered to cease any development of any and all additional derivatives. Finally, the injunction should be broad in scope to prohibit Fleming, its subsidiaries, officers, directors, and agents for engaging in any future acts of infringement.

    This motion is brought pursuant to The Copyright Act, 17 U.S.C. § 502, LR 7 and is supported by the attached Memorandum in Support, Declaration of Counsel.

    Dated: Honolulu, Hawaii, March 19, 2003.

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff
Wayne Berry

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, <br><br> Plaintiff, <br><br> FLEMING COMPANIES, INC., aka FLEMING FOODS, INC., aka FLEMING, HAWAIIAN EXPRESS SERVICE, INC, DOE INDIVIDUALS 1-50 AND DOE PARTNERSHIPS, CORPORATIONS AND OTHER ENTITIES 1-20, <br><br> Defendants. | Civ.No.CV 01 00446 SPK LEK (Copyright) <br><br> MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### A. Mr. Berry in Legally Entitled to A Permanent Injunction.

Sec. 502. - Remedies for infringement: Injunctions

1. (a)

   Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

   (b)

   Any such injunction may be served anywhere in the United States on the person enjoined; it shall be operative throughout the United States and shall be enforceable, by proceedings in contempt or otherwise, by any United States court having jurisdiction of that person. The clerk of the court granting the injunction shall, when requested by any

other court in which enforcement of the injunction is sought, transmit promptly to the other court a certified copy of all the papers in the case on file in such clerk's office

A moving party is entitled to an injunction if it demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that there exist serious questions regarding the merits and the balance of hardships tips sharply in its favor. *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). This formula does not involve two distinct tests, but represent "the opposite ends of a continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." *Rodeo Collection Ltd. v. West Seventh*, 812 F.2d 1215 (9th Cir. 1987).

As demonstrated by the Jury Verdict attached to the Hogan Declaration as Exhibit "A," Mr. Berry has already prevailed on the merits as to the Freight Control System which is the heart and soul of the logistics system. Irreparable harm is <u>presumed</u> in copyright infringement cases.

   A. <u>Mr. Berry Owns a Valid Copyright</u>.

The Jury Verdict demonstrates that Mr. Berry owns the copyright and that Fleming is a wilful infringer. Hogan Dec. at Exhibit "A."

   B. <u>The Possibility of Irreparable Harm</u>.

2

It is well settled that, "[i]n copyright infringement actions, there is a presumption of irreparable harm and thus the plaintiff need only show a reasonable likelihood of success on its copyright infringement claim to support the district court's preliminary injunction." *Cadence Design Systems, Inc. v. Avant! Corp.*, 125 F.3d 824, 827 (9th Cir. 1997). "A finding of likelihood of success on the merits automatically triggers a preliminary injunction." *Id.* at 827-828. If plaintiff is able to demonstrate a prima facie case of copyright infringement, irreparable injury will be presumed and a preliminary injunction will issue. *Wainright Securities, Inc. v Wall Street Transcript Corp.*, 558 F2d 91, 94 (2d Cir. 1977); *Universal City Studios, Inc. v Film Ventures Int., Inc.*, 214 USPQ 865, 868 (C.D. Cal. 1982).

Plaintiff has prevailed on the merits as to the Freight Control System. Plaintiff is therefore entitled to an order for entry of a permanent injunction against Defendant, its subsidiaries, employees and agents, preventing them from using and/or infringing on Plaintiff's Freight Control System.

DATED: Honolulu, Hawaii, March 19, 2003.

TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY ) | Civ.No.CV 01 00446 SPK LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | |
| FLEMING COMPANIES, INC., aka ) | DECLARATION OF TIMOTHY |
| FLEMING FOODS, INC., aka ) | J. HOGAN; EXHIBIT "A" |
| FLEMING, HAWAIIAN ) | |
| EXPRESS SERVICE, INC, ) | |
| DOE INDIVIDUALS 1-50 AND ) | |
| DOE PARTNERSHIPS, ) | |
| CORPORATIONS AND OTHER ) | |
| ENTITIES 1-20, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF TIMOTHY J. HOGAN

I, TIMOTHY J. HOGAN, am an attorney licensed to practice before all the courts of the State of Hawaii and I make this declaration under penalty of perjury. All the statements herein are true and correct to the best of my knowledge, information and belief. If called upon to testify regarding the matters stated herein, I am competent and willing and able to testify.

2. Attached hereto as Exhibit "A" is a true and correct copy of the Jury Verdict filed herein on March 6, 2003.

3. The Plaintiff seeks the entry of a permanent injunction against Defendants as to the Freight Control System to prevent further use and acts of

infringement.

I hereby declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed at Honolulu, Hawai'i, March 19, 2003.

_____
TIMOTHY J. HOGAN

2

MAR-06-2003 15:15   U.S. COURTS HAWAII        808 541 1303   P.02/06
ORIGINAL                                      DISTRICT OF HAWAII
                                              MAR 6 2002
                                              at 3 o'clock and 40 min P M
                                              WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, | ) CIVIL NO. 01 00446 SPK LEK |
| Plaintiff, | ) |
| vs. | ) |
| FLEMING COMPANIES, INC., aka FLEMING FOODS, INC., aka FLEMING, DOE INDIVIDUALS 1-50 AND DOE PARTNERSHIPS, CORPORATIONS AND OTHER ENTITIES 1-20, | ) SPECIAL VERDICT FORM |
| Defendants. | ) |

SPECIAL VERDICT FORM

A.   FREIGHT CONTROL SYSTEM SOFTWARE

1.   Has Plaintiff Wayne Berry proven by a preponderance of the evidence that he is the owner of the copyright to the Freight Control software attached to Exhibit 221?

     Yes  X          No ____

     If "YES" go to next question.
     If "NO", skip to section B.

1

EXHIBIT "A"

2. Did Fleming Companies, Inc. prove by a preponderance of the evidence that it has a valid license for the use of the Freight Control software.

   Yes _X_            No ____

   If "YES" go to next question.
   If "NO" go to question 4.

3. Did Wayne Berry prove by a preponderance of the evidence that Fleming made unauthorized changes to the Freight Control software.

   Yes _X_            No ____

   If "NO" skip to section B.
   If "YES" go to next question.

4. Was the infringement of the Freight Control software copyright willful?

   Yes _X_            No ____

   Go to the next question.

5. What amount of damages is Wayne Berry entitled to for the infringement of Freight Control System software?

   $99,250.00

B. **CRYSTAL REPORTS SOFTWARE**

1. Has Plaintiff Wayne Berry proven by a preponderance of the evidence that he is the owner of the copyright to the Crystal Reports software attached to Exhibit 222?

    Yes _X_    No ___

    If "NO", skip to section C.
    If "YES" go to next question.

2. Did Fleming Companies, Inc. prove by a preponderance of the evidence that it has a valid license for the use of the Crystal Reports software.

    Yes _X_    No ___

    If "YES" go to next question.
    If "NO" go to question 4.

3. Did Wayne Berry prove by a preponderance of the evidence that Fleming made unauthorized changes to the Crystal Reports software.

    Yes ___    No _X_

    If "NO" skip to section C.
    If "YES" go to next question.

4. Was the infringement of the Crystal Reports software copyright willful?

    Yes ___    No ___

    Go to the next question.

3

MAR-06-2003  15:15        U.S. COURTS HAWAII                    808 541 1303    P.05/06

5. What amount of damages is Wayne Berry entitled to for the infringement of Crystal Reports software?

_____

C. **FLEMINGPO.EXE SOFTWARE**

1. Has Plaintiff Wayne Berry proven by a preponderance of the evidence that he is the owner of the copyright to the FlemingPO.exe software attached to Exhibit 223?

   Yes _X_          No ____

   If "YES" go to next question.
   If "NO", skip to the end.

2. Did Fleming Companies, Inc. prove by a preponderance of the evidence that it has a valid license for the use of the FlemingPO.exe software.

   Yes _X_          No ____

   If "YES" go to next question.
   If "NO" go to question 4.

3. Did Wayne Berry prove by a preponderance of the evidence that Fleming made unauthorized changes to the FlemingPO.exe software.

   Yes ____          No _X_

   If "NO" skip to the end.
   If "YES" go to next question.

4

4. Was the infringement of the FlemingPO.exe software copyright willful?

   Yes _____          No _____

   Go to the next question.

5. What amount of damages is Wayne Berry entitled to for the infringement of FlemingPO.exe software?

   _____

Please sign and date this Special Verdict Form.

_____          _____
Jury Foreperson

_____          Carol Ho Akimoto
                                 _____

_____          _____

_____          _____

                                 _____
                                 Date
                                 3/6/03

5

TOTAL P.06

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY ) | Civ.No.CV 01 00446 SPK LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| ) | |
| vs. ) | |
| ) | |
| FLEMING COMPANIES, INC., aka ) | |
| FLEMING FOODS, INC., aka ) | |
| FLEMING, HAWAIIAN EXPRESS ) | |
| SERVICE, INC. ) | |
| DOE INDIVIDUALS 1-50 AND ) | |
| DOE PARTNERSHIPS, ) | |
| CORPORATIONS AND OTHER ) | |
| ENTITIES 1-20, ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served on the following party via hand delivery on March 19, 2003, addressed as follows:

LEX R. SMITH, ESQ.
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Attorneys for Defendant
Fleming Companies, Inc.

Dated: Honolulu, Hawaii, March 19, 2003.

                                                TIMOTHY J. HOGAN
                                                Attorney for Plaintiff
                                                Wayne Berry