# EXHIBIT KK

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FLEMING COMPANIES, INC., et al., | Case No. 03-10945 (MFW) Jointly Administered |
| Debtors. | Re: Docket No. 8491 |

ORDER GRANTING
MOTION OF WAYNE BERRY FOR AN ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY OR,
IN THE ALTERNATIVE, RELIEF FROM THE DISCHARGE AND
PERMANENT INJUNCTION PROVISIONS OF DEBTORS' AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS' THIRD
AMENDED AND REVISED JOINT PLAN OF
REORGANIZATION OF FLEMING COMPANIES, INC. AND
ITS FILING SUBSIDIARIES UNDER CHAPTER 11 OF
THE UNITED STATES BANKRUPTCY CODE

Upon consideration of the Motion of Wayne Berry For An Order

Granting Relief From The Automatic Stay Or, In The Alternative, Relief

From the Discharge and Permanent Injunction Provisions of Debtors' and

Official Committee of Unsecured Creditors' Third Amended and Revised

Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing

Subsidiaries Under Chapter 11 of the United States Bankruptcy Code (the

"Motion"), and any responses thereto, and testimony adduced at any

hearings concerning the Motion, if any, the

Court finds that under section 362(d)(1) of the Bankruptcy Code, cause exists to modify the automatic stay as applied to all of the debtors ("Debtors") and that the discharge injunction of section 524 or the injunction contemplated by Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries Under Chapter 11 of the United States Bankruptcy Code (the "Plan of Reorganization") shall not apply to the claims that were the subject of the Motion, and that Wayne Berry ("Movant") be to allowed to take any actions or to invoke any judicial processes against or involving any of the Debtors that Movant deems necessary or appropriate to protect his interests in certain lawsuits that are pending in Hawaii federal courts. Accordingly, it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the automatic stay as applied to all of the Debtors is MODIFIED to allow Movant take any actions or to invoke any judicial processes against or involving any of the Debtors that Movant deems necessary or appropriate to protect his interests in the lawsuits described in the Motion. This includes permitting Movant to take discovery from or involving any of the Debtors; prosecute and bring to final judgment,

injunction, settlement, or otherwise resolve such claims, cross-claims, third-party claims, and setoff claims against any of the Debtors as the Movant may have; prosecute appeals and post judgment reviews, if any, in connection with the lawsuits; and exercise any rights of setoff against the Debtors that may exist under applicable law.

IT IS FURTHER ORDERED, that Movant's claims as set forth in the motion shall be exempted from the operation of any discharge and discharge injunction as contemplated by Bankruptcy Code Section 524 and/or the Plan of Reorganization.

DATED: _____July 26_____ 2004.

_____
Mary F. Walrath
Chief United States Bankruptcy Judge

3