# TIMOTHY J. HOGAN

## ATTORNEY AT LAW

CORRESPONDENCE

---

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| The Honorable Leslie Kobayashi<br>United States Magistrate Judge United<br>States District Court,<br>for the District of Hawaii | Timothy J. Hogan, attorney for Plaintiff<br>Wayne Berry |
| COMPANY:<br>USDC | DATE:<br>7/30/2007 |
| FAX NUMBER:<br>(808) 541-1368 | TOTAL NO. OF PAGES, INCLUDING COVER:<br>4 |
| PHONE NUMBER:<br>(808) 541-1331 | SENDER'S TELEPHONE NUMBER<br>(808) 382-3698 |
| RE:<br>Wayne Berry v. Deutsche Bank<br>Letter Brief | SENDER'S FAX NUMBER<br>(808) 356-1682 |

☐ URGENT    X FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

Respectfully submitted:

Letter Brief regarding the Deposition of Wayne Berry.


cc:   Michael Baumann, Esq - via email PDF
      Andrew DeNatale, Esq. - via email PDF
      Jonathan Moskin, Esq. - via email PDF
      Erin Brady, Esq - via email PDF

# Timothy J. Hogan

Attorney at Law
1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Telephone (808) 382-3698
Facsimile (808) 356-1682
Email tjh@timhogan.com

July 30, 2007

The Honorable Leslie Kobayashi
United States Magistrate Judge
United States District Court, for the District of Hawaii         **Via Fax No. 541-1368**
300 Ala Moana Boulevard
Honolulu, Hawaii 96813

Re: **Wayne Berry v. Deutsche Bank, et al., 07CV-0172 SOM-LEK**
**Rule 56(f) Deposition of Wayne Berry.**

Dear Judge Kobayashi:

The Lenders have noticed Mr. Berry's deposition claiming that it is relevant to the pending Berry Counter-Motion for Partial Summary Judgment. In its Order Continuing Hearing on Defendants' Motion to Dismiss and Plaintiff's Counter-motion for Partial Summary Judgment filed on July 20, 2007 as Docket 39, the District Court has requested additional briefing that focuses on two discreet issues that relate to the motion to dismiss that relates to the first Berry infringement case, *Wayne Berry v. Fleming Companies, Inc.* where the jury found Fleming a willful infringer and a awarded statutory damages. That verdict was affirmed by the Court of Appeals on July 5, 2007.

In regard to the Rule 56(f) basis for seeking Mr. Berry's deposition, Mr. Berry has moved for summary judgment on the following discreet issues:

1. Statute of limitations;

2. Bankruptcy Court orders' preclusive effect; and

3. Vicarious infringement elements: 1.) direct infringer, 2.) ability to control and 3.) financial interest.

As to statute of limitations, in regard to the post-petition period, the Lenders made no attempt to knock out the tolling agreement where they tolled the statute starting on March 30, 2003. Mr.

The Honorable Leslie Kobayashi
July 30, 2007
Page 2


Berry has nothing he can add to that issue that appears to be ripe for summary judgment.

As to Bankruptcy Court orders, this is a pure legal issue and Mr. Berry could have nothing relevant to say.

As to vicarious infringement for the post-petition period, after April 1, 2003, the direct infringement is already decided in the post petition period in *Wayne Berry v. Hawaiian Express*. The Lenders failed to present an affidavit to rebut proof of actual control in the face of the documentary evidence Mr. Berry produced despite having more than an adequate opportunity to provide such proof.

As to financial interest, the Lenders are the ones who need to be deposed on that issue not Berry. Their response to the Counter-Motion conceded they were hands on involved in Fleming's affairs because they had a financial interest them. What the Lenders are tying to do in the guise of this Rule 56(f) request is to conduct damage control to see if Berry has more evidence regarding the Lenders' involvement than is presently before the Court. That is not relevant to the pending motions but does point to the fact that what needs to occur first is for the parties to engaged in Rule 26 Disclosures before engaging in this type of discovery. The Rules provide for the disclosure of this evidence by both sides. It is obvious that the Lenders want to limit discovery but the rules say otherwise.

A neutral observer would also agree that this as part of a plan to burden Mr. Berry. In the last case, Mr. Berry was deposed a total of three times. Once under the claim that it was for the Bankruptcy case but it was used in the USDC case in any event. Mr. Berry objects to the Lenders exceeding the number of depositions and will seek appropriate orders if the Lenders' counsel continues their past practices.

To avoid the fight over this, assuming agreement is reached, Mr. Berry offered in an email to withdraw his Counter-Motion for Partial Summary Judgment as it relates to the Pre March 30, 2003 infringement and focus only on the period covered by the Tolling Agreement. If that is not sufficient, then Mr. Berry will withdraw that request and sit for his deposition.

Mr. Berry currently provides the freight logistics services for Y. Hata, LTD one of the only C&S competitors in the food wholesale business in Hawaii. He has no staff and needs to be engaged in his work Monday through Saturday. Mr. Berry has agreed to make him self available on Sunday August 5, 2007 on the mainland for a telephonic deposition to address the issues the Lenders have raised.

The Honorable Leslie Kobayashi
July 30, 2007
Page 3

                          Very truly yours,

                          TIMOTHY J. HOGAN

                          Timothy J. Hogan

cc:    Michael Baumann, Esq - via email PDF
        Andrew DeNatale, Esq. - via email PDF
        Jonathan Moskin, Esq. - via email PDF
        Erin Brady, Esq. - via email PDF