# KIRKLAND & ELLIS LLP

Fax Transmittal

777 South Figueroa Street
Los Angeles, California 90017
Phone: (213) 680-8400
Fax: (213) 680-8500

CORRESPONDENCE

Please notify us immediately if any pages are not received.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT:
(213) 680-8400.

| To: | Company: | | Fax #: | Direct #: |
|---|---|---|---|---|
| The Honorable Leslie E. Kobayashi | Magistrate Judge U.S. District Court | | (808) 541-1386 | |
| From: | Date: | Pages w/cover: | Fax #: | Direct #: |
| Erin N. Brady | July 30, 2007 | 6 | 213 680-8500 | 213 680-8225 |

Message:

Re: Berry v. Deutsche Bank Trust Companies America et al.
Civ. No. 07-00172 (SOM-LEK)

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

777 South Figueroa Street
Los Angeles, California 90017

Erin N. Brady
To Call Writer Directly:
(213) 680-8225
ebrady@kirkland.com

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500
Dir. Fax: (213) 680-8012

July 30, 2007

**By Facsimile (808) 541-1336**

The Honorable Leslie E. Kobayashi
Magistrate Judge, U.S. District Court
300 Ala Moana Boulevard, Rm. C-353
Honolulu, Hawaii 96850

    Re: **Berry v. Deutsche Bank Trust Companies America et al.
Civ. No. 07-00172 (SOM-LEK)**

Dear Magistrate Judge Kobayashi:

  This letter brief is submitted pursuant to Local Rule 37.1(c) on behalf of my clients, JPMorgan Chase Bank and Deutsche Bank Trust Companies America, Defendants in the above-referenced action.

  As this case was just recently filed, I will begin with a brief background. Plaintiff Wayne Berry filed his Complaint against my clients on March 29, 2007. The Complaint is a variation of the same claim he has litigated in this Court for the past six years, namely that Fleming infringed his software program, FCS. This time, Berry claims that Defendants, who were the administrative agents for Fleming's secured credit facility from 2002 through 2004, although not alleged to be direct infringers, are contributorily and vicariously liable for Fleming's infringement because they provided Fleming with financing. Berry's only other claim is one for unjust enrichment.

  Defendants filed a motion to dismiss the Complaint on June 12, 2007. In that motion, Defendants demonstrate:

- Berry's unjust enrichment claim is preempted by the Copyright Act and should be dismissed;

- All infringement claims arising before March 30, 2003 are time-barred and should be dismissed;

Chicago  Hong Kong  London  Munich  New York  San Francisco  Washington, D.C.

July 30, 2007
Page 2

- All infringement claims arising on or after April 1, 2003 are barred by collateral estoppel and should be dismissed;[1]

- All contributory infringement claims arising after March 6, 2003 are barred by collateral estoppel and should be dismissed;[2] and

- All vicarious infringement claims are barred by collateral estoppel and should be dismissed.[3]

Taken together, these contentions require complete dismissal of the Complaint as a matter of law.

Berry opposed Defendants' motion and filed a cross-motion for partial summary judgment on July 5, 2007. Berry's cross-motion seeks summary judgment on the following issues: (i) whether his infringement claims are barred by the statute of limitations (asserting fraudulent concealment); (ii) whether certain bankruptcy court orders are dispositive of his claims; and (iii) whether Defendants vicariously infringed FCS. Interestingly, and despite the

---

[1] To succeed on both his contributory and vicarious infringement claims, Berry must show that Defendants had control over Fleming's operations. At the outset of Fleming's bankruptcy case, however, when Fleming sought and received court authorization to enter into debtor-in-possession financing agreements with Defendants, the bankruptcy court specifically found that Defendants did not have control over Fleming on account of their loans, the basis on which Berry now suggests the lenders controlled Fleming. Berry is bound by the bankruptcy court ruling and cannot relitigate this critical element of his infringement claims for the period after April 1, 2003 (the operative date of the first bankruptcy court order). Accordingly, his infringement claims for this period must be dismissed.

[2] To succeed on his contributory infringement claim, Berry must show that Defendants had knowledge of Fleming's infringement. During the last round of litigation Berry brought against Fleming, the District Court found that Fleming's infringement after March 6, 2003 -- when it tried and failed to revert back to the original licensed version of FCS -- was inadvertent because Fleming did not know that it was using an infringing derivative of Berry's work. Because Fleming did not have knowledge of infringement, and Berry did not plead any basis by which Defendants would have obtained this knowledge independent of Fleming, Berry's complaint fails to state claims for contributory infringement. As a result, his contributory infringement claims arising after March 6, 2003 must be dismissed.

[3] To succeed on his vicarious infringement claim, Berry must show that Defendants received a *direct* financial benefit from Fleming's infringement. Defendants were paid, pursuant to bankruptcy court orders, out of the pool of assets in Fleming's bankruptcy estate. Berry's theory that some portion of this payment resulted indirectly from infringing activity (the alleged increased value of the Hawaii wholesale division sold in bankruptcy) fails as a matter of law to state a claim for vicarious infringement.

July 30, 2007
Page 3

fact that he himself affirmatively sought summary judgment, Berry also filed a request for Rule 56(f) discovery, suggesting that discovery was needed to address these issues.

Defendants opposed Berry's cross-motion, arguing that (i) their motion to dismiss, which may be decided as a matter of law, renders the cross-motion moot; (ii) Berry offered no admissible evidence on the material facts of his cross-motion on which he bears the burden of proof, requiring denial of his cross-motion; and (iii) Berry failed to meet the requirements of Rule 56(f). Defendants also sought limited discovery under Rule 56(f) in order to obtain evidence to further oppose Berry's cross-motion (and, Defendants believe, show that Berry himself has no evidence for his claims, entitling Defendants to summary judgment in their own right). As detailed in the Declaration of Erin Brady filed in support of Defendants' Rule 56(f) request, Defendants wish to depose Berry on the following issues:

- The basis for Berry's assertion that Defendants fraudulently concealed from Berry their alleged role in Fleming Company, Inc.'s infringement of FCS;

- The steps that Berry took to investigate his purported claims against Defendants;

- The basis for Berry's assertion that Defendants controlled Fleming (notwithstanding the binding court orders that say that they did not); and

- The basis for Berry's assertion that Defendants received a direct financial benefit from Fleming's infringement (notwithstanding the binding court orders that say that they did not).

Defendants also wish to depose Berry on the steps he took to monitor the proceedings in Fleming's bankruptcy case, and his participation therein.[4]

At the same time that Defendants filed their Rule 56(f) request, Defendants noticed Berry's deposition --subject to the Court's ruling on their motion to dismiss and/or their Rule 56(f) request -- for July 30, 2007.[5]

---

[4] Additionally, if the Court limits Defendants to one deposition of Berry -- this being it -- Defendants will also need to explore Berry's alleged damages, the basis for his contributory infringement claims, the basis for his unjust enrichment claims and any other relevant line of inquiry relating to his Complaint.

[5] The hearing on Defendants' motion to dismiss and the cross-motion was originally scheduled for July 23, 2007. The Court continued the hearing to August 14, 2007. Defendants need to complete all discovery by August 14, 2007.

July 30, 2007
Page 4

      Judge Mollway granted Defendants' Rule 56(f) motion on July 20, 2007. The parties met and conferred regarding Defendants' deposition notice and document requests on July 24, 2007. At that time, Mr. Hogan refused to produce Berry -- or any documents -- without a Court order.[6] Accordingly, Lyle Hosoda (co-counsel to Defendants) and I contacted Your Honor's chambers and requested a status conference, which is now set for August 3, 2007 at 9:30 a.m. In conjunction with that status conference, Your Honor requested that the parties submit simultaneous letter briefs by July 30, 2007. Defendants have continued Berry's deposition to August 7, 2007.

      The parties met and conferred again today, July 30, 2007, but did not reach an agreement regarding Defendants' right to discovery of Berry.

      The issues before Your Honor are (i) what must Berry provide Defendants by way of discovery under Rule 56(f) in accordance with Judge Mollway's order granting Defendants' request; and (ii) what, if any, discovery is Berry entitled to with respect to Defendants' motion to dismiss.

      Turning first to Defendants' right to discovery from Berry, Rule 56(f) provides that a court may continue a summary judgment hearing (as Judge Mollway did) to permit "depositions to be taken or discovery to be had or may make such other order as is just." FED. R. CIV. P. 56(f). Berry filed his cross-motion at the outset of the case, before discovery even began, thereby thwarting Defendants' right and ability to investigate their defenses to Berry's claims. Under the circumstances, Defendants have a fundamental right to the discovery necessary to defeat his motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (recognizing that Rule 56(f) requires that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition"); see also Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine, 323 F.3d 767, 773 (9th Cir. 2003) (recognizing that when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely"); Mangum v. Action Collection Service, Inc., 2006 WL 2224067, at *2 (accord). Accordingly, the Court should compel Berry to comply with Defendants' limited discovery requests -- or, in the alternative, to withdraw his cross-motion in its entirety.

---

[6] Mr. Hogan left his law firm on or about July 26, 2007. As a result, the parties have been unable to conduct further discussions with respect to the issues Defendants raise in this letter brief. Based upon informal conversations with Mr. Hogan, Defendants are hopeful they will have the opportunity to confer again with him again before the scheduled status conference.

July 30, 2007
Page 5

Moving next to Berry's right to discovery from Defendants, other than Mr. Hogan's general statements to me suggesting that he wishes to depose the CEOs of Deutsche Bank and JP Morgan Chase Bank, he has yet to specify the discovery he wants or any legitimate basis therefor. *See* FED. R. CIV. P. 56(f) (requiring non-moving party to identify, in affidavit form, the relevant information it seeks and demonstrate that the information actually exists). And after speaking with Mr. Hogan today, it seems that Mr. Hogan does not wish to take any Rule 56(f) discovery at all. This is, perhaps, because he cannot pinpoint any evidence relevant to the *legal* issues dispositive of Defendants' motion: the preemption doctrine, the statute of limitations and collateral estoppel. If Berry changes his position, and requests discovery on these issues, he must demonstrate that the information he seeks will assist him in proving any fact of consequence or create a genuine issue of material fact to defeat Defendants' motion --which, again, is unlikely as Defendants seek dismissal as a matter of law. If he cannot, the Court should deny discovery.[7]

As I noted earlier, Mr. Hogan and I conferred via telephone on July 24, 2007 and again on July 30, 2007 in an attempt to resolve these discovery issues in compliance with L.R. 37.1(a), but to date have not been successful.

Thank you for your consideration of these matters.

Sincerely,

*Erin Brady*

Erin N. Brady

ENB

cc: Timothy Hogan (via email)
    Co-counsel of record (via email)

---

[7] If the Court is inclined to allow Berry discovery, Defendants request that the Court limit its scope so that Berry does not abuse the process.