UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WAYNE BERRY,<br><br>   Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) AND JP MORGAN CHASE BANK IN THEIR SEPARATE CAPACITIES AND AS AGENTS FOR THE PRE AND POST-PETITION LENDERS OF FLEMING COMPANIES, INC.; DOES 1 TO 200,<br><br>   Defendants. | Case No. CV 07-00172 SOM LEK<br><br>Judge Susan Oki Mollway<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO CHANGE VENUE**<br><br>Date:  August 14, 2007<br>Time:  11:15 a.m.<br>Place:  Room C-409 |

**I.    INTRODUCTION.**

Berry filed this lawsuit claiming that he was a domicile of Hawai'i. Once Defendants attempted to take Berry's deposition, however, his attorney admitted to the Court that Berry is actually a resident of Florida. In fact, Berry claimed that it was a hardship for him to come to Hawai'i to sit for his own deposition.[1]

It is even more difficult for Defendants -- who did not pick this forum -- to litigate in Hawai'i. Defendants operate primarily out of New York, and their key employees, as well as substantially all relevant documents, are in New York. This is, of course, because all of the events giving rise to Defendants' loans to Fleming took place in New York.

In light of these facts, there is no benefit to continuing this litigation in Hawai'i. This Court has no interest in adjudicating a dispute between a Florida resident and New York and Ohio corporations. And Berry's attempt to inconvenience Defendants -- and their witnesses -- by forcing them to travel nearly 6,000 miles to conduct a trial in a location where Berry does not even live is unjustifiable. Berry, and all parties, can more conveniently litigate this case on the mainland in the Southern District of New York. Accordingly, the Court should transfer venue there.

**II.    STATEMENT OF FACTS**

The facts necessary to adjudicate this motion are few: (i) Defendants are New York and Ohio corporations who conduct substantial business in New York, New York; (ii) all of Defendants' employees with any knowledge relating to Berry's allegations live in or near New York, New York; (iii) any documentary evidence relating to the relationship between Defendants and Fleming, the direct

---

[1] Defendants understand that Berry has made this same claim in the context of collection proceedings that other parties he needlessly sued are prosecuting against him. *See* Civil No. CV 03-00385 SOM-LEK, Doc. No. 1075.

infringer, would likely be located in either New York or in Oklahoma City storage units that house archived Fleming documents; and (iv) Berry has never provided a Hawai'i residence address, could not be found in the State of Hawai'i to be served with a subpoena to attend his examination in a related case which necessitated that a motion be filed, and admits that it is difficult for him to travel to Hawai'i because he resides in Florida.[2]  In light of these facts, as a non-resident, Berry has no basis to prosecute his claims against Defendants in Hawai'i.  This case should be transferred to New York.

### III.  ARGUMENT

Under the Copyright Act, venue is proper "where the defendant or his agent resides or may be found."  28 U.S.C. §1400(a).  The Ninth Circuit has interpreted the statute to mean that venue "is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state."  *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 288 (9th Cir.1997), *overruled on other grounds by Feltner v. Columbia Pictures Television*, 523 U.S. 340 (1998).  A party is amenable to personal jurisdiction in, among other places, where it is a resident or is engaged in continuous and systematic business contacts.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. §1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960)) (recognizing that Congress crafted section 1404(a) to

---

[2]  *See* Exs. A & D; Civil No. CV 03-00385 (SOM/LEK), Doc. No. 1065.

"prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense'").

When considering a motion to change venue under section 1404(a), courts assess the following statutory factors: (i) convenience of the parties, (ii) convenience of the witnesses, and (iii) the interests of justice. *Lung v. Yachts Intern., Ltd.*, 980 F. Supp. 1362, 1370 (D. Hawai'i 1997). In considering the interests of justice, the Court should consider both the private and public interest factors derived from the doctrine of *forum non conveniens*. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986) (recognizing that the former *forum non conveniens* considerations are helpful in deciding a section 1404(a) transfer motion).

The private interest factors that courts consider include: (i) relative ease of access to sources of proof; (ii) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; (iii) possibility of viewing subject premises; (iv) all other factors that render trial of the case expeditious and inexpensive. *Lung*, 980 F. Supp. at 1370. And the public interest factors include: (i) administrative difficulties flowing from court congestion; (ii) imposition of jury duty on the people of a community that have no relation to the litigation; (iii) local interest in having localized controversies decided at home; (iv) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (v) the avoidance of unnecessary problems in conflicts of law. *Id.*

Ultimately, in assessing these factors, the court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Id.*; *see also Decker Coal*, 805 F.2d at 843. In analyzing these factors in this case, it is apparent that the court should transfer venue to the Southern District of New York.

### A.     Convenience of the Parties

The convenience of the parties weighs heavily in favor of changing venue to the Southern District of New York. In his Complaint, Berry falsely alleged that he is domiciled in Hawai'i. Under oath, he has refused to provide a current Hawai'i residence address. Ex. A. In connection with various status conferences held with the Court on July 26, 2007 and August 3, 2007, when Plaintiff's counsel became disassociated from his former law firm, Plaintiff's counsel stated that Plaintiff resides in Dade County, Florida and provided the City and County of Plaintiff's residence to Magistrate Kobayashi. Ex. B. Plaintiff actually lives in Florida. Ex. C. And his counsel has, in fact, admitted that it is a hardship for Berry -- the party who chose the venue -- to travel to Hawai'i for proceedings. Ex. D. On the other hand, Defendants both conduct substantial business in New York, New York, which is where most, if not all, of its employees with knowledge relating to Fleming are located. Fischetti Dec. ¶ 5-8; Odell Dec. ¶ 6-8; Ex. E. Accordingly, it appears that venue on the mainland -- and specifically in the Southern District of New York, is both appropriate (Defendants "may be found" there) and convenient for all parties.[3]

### B.     Convenience of the Witnesses

The parties have not yet exchanged initial disclosures. But based on their discussions with Berry, Defendants believe Berry intends to depose and/or call as witnesses Defendants' CEOs and their other employees with knowledge of the Fleming account. Those individuals all reside in or near New York. Fischetti Dec. ¶5-8; Odell Dec. ¶6-8; Exs. F & G. And to the extent that Berry or Defendants

---

[3]  Defendant Deutsche Bank is incorporated in New York. Fichetti Dec. ¶ 3. Defendant JPMorgan is incorporated in Ohio. Odell Dec. ¶ 4. They are international banks who have places of business in New York and conduct substantial business in that forum. Fischetti Dec.; Odell Dec.; Ex. E. Accordingly, Defendants may be found in New York for purposes of venue, and this case could have originally been brought there.

wish to depose and/or call former Fleming personnel as witnesses, these witnesses are all located on the mainland (i.e., Fleming's former-executives who negotiated and/or administered the credit agreements). And, of course, Berry himself lives on the mainland, in Florida. In fact, the only potential witness who still lives in Hawai'i is Mark Dillon, and his role in this lawsuit as a third-party witness is not significant enough to justify leaving it in Hawai'i. In short, it will be far more convenient for the witnesses to travel to proceedings in New York (to the extent that they do not already live there) than to travel to Hawai'i. Again, on balance, this factor weighs in favor of changing venue to New York.

### C. Interests of Justice

In determining the interests of justice, courts consider the public and private factors enumerated above. A discussion of each of these factors, to the extent relevant, follows.

#### 1. Ease of Access to Sources of Proof

The ease of access to sources of proof weighs in favor of transferring venue to New York. Berry's claims are based on allegedly improper conduct between Fleming and Defendants. Fleming is no longer in existence, and all of its remaining corporate documents are currently warehoused on the mainland. Defendants' employees in charge of Fleming's account -- and all of their documents -- are located in or near New York. Fischetti Dec. ¶ 8; Odell Dec. ¶ 9. Presumably, Berry has taken all of his documents with him to Florida. In light of these facts, this factor weighs in favor of transferring venue to New York.

#### 2. Costs of Obtaining Witnesses

The cost of obtaining witnesses also weighs in favor of Defendants. As set forth above, all identified witnesses live in or near New York. And Berry himself lives on the mainland in Florida. Flying witnesses 6,000 miles to trial in Hawai'i --

where there is not even one party to the dispute -- is inefficient and needlessly expensive.

### 3. Factors Rendering Trial of the Case Expeditious

Litigating the case in the Southern District of New York will not likely make the administration of this case more or less expeditious, although because witnesses will be closer to home, it will be easier to call witnesses or change the trial schedule on short notice.

### 4. Imposition of Jury Duty on People of a Community With No Connection To the Litigation

The fact that Hawai'i, and its citizens, have little or no connection to this litigation weighs in favor of transferring venue from Hawai'i. Berry no longer lives in Hawai'i; accordingly, Hawai'i no longer has an interest in protecting his copyright interests. Similarly, Fleming, the underlying direct infringer, is out of business and does not operate in Hawai'i. And Defendants, other than providing loans to Fleming and, perhaps, other Hawai'i citizens, are not alleged to have perpetrated any of their alleged bad acts in Hawai'i.

On the other hand, New York has an interest in policing the large corporations -- like Defendants -- that do business in its jurisdiction. It also has an interest in ensuring that its citizens are not needlessly harassed by vexatious litigants like Berry. On balance, and particularly in light of the fact that Berry is no longer a Hawai'i resident, New York has a greater connection to this lawsuit.

### 5. Choice of Law Considerations

Finally, choice of law considerations weighs in favor of transferring the case to New York. If this case were transferred, the New York district court would have to apply the law this Court would have applied had the case not been transferred. *Van Dusen v. Barrack*, 376 U.S. at 639. The crux of Berry's claim is copyright infringement. As copyright claims arise under the federal Copyright

Act, there are no choice of law concerns. With respect to Berry's unjust enrichment claim, to the extent the Copyright Act does not preempt it, there is a very strong argument that New York law should apply, as that is where Defendants received the bankruptcy court distribution with which they were allegedly unjustly enriched. As a New York district court presumably would be more familiar with New York law than this Court, this factor weighs in favor of transferring venue.[4]

## IV. CONCLUSION

In light of the foregoing, Defendants respectfully request that this Court transfer venue of this action to the Southern District of New York.[5]

---

[4] The following factors are either irrelevant or neutral in this case: (i) the possibility of viewing the premises; (ii) administrative difficulties flowing from court congestion; and (iii) the interest in having localized controversies decided at home.

[5] An order transferring an action under 28 U.S.C. § 1404(a) for convenience is a nonappealable interlocutory order. *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 951 (9th Cir.1968).

DATED:  Honolulu, Hawai'i,
         August 10, 2007

LYLE S. HOSODA & ASSOCIATES, LLC

By: /s/ Lyle S. Hosoda

Lyle S. Hosoda  3964-0
Raina P.B. Gushiken  7329-0
345 Queen Street, Suite 804
Honolulu, Hawai'i 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail:  lsh@hosodalaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (S.B.N. 145830)
Erin N. Brady (S.B.N. 215038)
F. Wade Ackerman (S.B.N. 234747)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500
E-mail:  ebrady@kirkland.com

Counsel for Defendants

WHITE & CASE LLP
Andrew DeNatale (ADN 2429)
Jonathan Moskin (Bar No. 1949031)
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:   (212) 819-8200
Facsimile:   (212) 354-8113
E-mail:  adenatale@ny.whitecase.com

Of Counsel for Defendants