# EXHIBIT A

1              IN THE UNITED STATES DISTRICT COURT

2                  FOR THE DISTRICT OF HAWAII

3

4    WAYNE BERRY, a Hawaii     )CIVIL NO. CV03-00385 SOM LEK
     citizen;                  )(Copyright)
5                              )
                  Plaintiff,   )
6                              )
                               )
7         vs.                  )
                               )        Volume 1
8    HAWAIIAN EXPRESS SERVICE, )
     INC., a California        )
9    corporation; et al.,      )
                               )        COPY
10                Defendants.  )
     _____)

11

12

13              DEPOSITION OF WAYNE BERRY,

14   taken on behalf of the Defendant, Post-Confirmation

15   Trust, at the Law Offices of Kobayashi, Sugita & Goda,

16   999 Bishop Street, Suite 2600, Honolulu, Hawaii,

17   96813, commencing at 8:59 a.m., on Wednesday, May 18,

18   2005, pursuant to Notice.

19

20

21   BEFORE:    Julie A. Peterson, CSR #361, CRR, RMR
                Registered Professional Reporter
22              Notary Public, State of Hawaii

23

24              Ali'i Court Reporting
                2355 Ala Wai Blvd., Suite 306
25              Honolulu, Hawaii  96815
                    (808) 926-1719

```
 1    question before you ask to break.  Will you do that?

 2    A      Yes.

 3    Q      Do you maintain a residence at 377 Keahole

 4    Street, #10, in Honolulu?

 5    A      I'm not familiar with that address off the top

 6    of my head.

 7    Q      That address is not affiliated with you, to the

 8    best of your understanding, in any way whatsoever; is

 9    that what you're saying?

10    A      No, I'm not saying that.  I'm just saying I

11    can't remember that address.

12    Q      Is that address affiliated with you in any way,

13    sir?

14    A      I don't know.

15    Q      You don't know one way or the other whether or

16    not you have some affiliation with that address; is

17    that right?

18    A      That's correct.

19    Q      You indicated to me at the last deposition --

20    and I'm paraphrasing the testimony, so if I don't get

21    it exactly right, please correct me -- you're in the

22    business of programming.  Is that still true?

23    A      Yes.

24    Q      Are you in any other business?

25    A      Excuse me.  I'm in the business of selling and
```

```
 1   inappropriate pooh-poohing of your obligations under

 2   the protective order.  Notwithstanding, as long as the

 3   parties will represent they are willing to sign

 4   Exhibit A, we can proceed.

 5        MR. LIEBELER:  I'm not pooh-poohing it.  I

 6   haven't distributed it to them until they sign the

 7   protective order, Mr. Hogan.

 8        MR. HOGAN:  I understand that, Mr. Liebeler.

 9        MR. KOMEIJI:  We'll sign the order.

10        MR. HOGAN:  Fine.

11   Q    (By Mr. Liebeler):  Take a look at 45,

12   Mr. Berry, please.

13   A    All right.

14   Q    Is that a document you've ever seen before?

15   A    Yes.

16   Q    And the face of the document indicates that its

17   billed from Wayne Berry at 377 Keahole Street, Suite

18   D10, #110, Honolulu, Hawaii, 96825.  Do you see that?

19   A    Yes.

20   Q    Is that your address, sir?

21   A    Yes.

22   Q    Do you maintain a residence at that address,

23   sir?

24   A    No.

25   Q    What is at that address, sir?
```

```
 1    A       What do you call it?  Like a post office box.

 2    Q       Is your father named Paul Berry?

 3    A       Yes.

 4    Q       Did Paul Berry ever file a suit against you,

 5    sir?

 6    A       I believe he did, yes.

 7    Q       Did you ever appear to defend yourself in that

 8    action?

 9            MR. HOGAN:  Objection, calls for legal

10    conclusion.  Also vague as to the term "appear,"

11    whether or not it means he physically appeared in the

12    courtroom or whether he filed an appearance.

13    A       I'm not too sure how to answer that with the

14    legal -- I don't know what the legal -- I'm not trying

15    to evade your question, but the legal term "appear"

16    technically means.

17    Q       (By Mr. Liebeler):  Do you know where that

18    litigation was brought, sir, what state it was filed

19    in?

20    A       California.

21    Q       Did you ever physically travel to the

22    California courthouse and go to that courthouse for

23    purposes of that litigation?

24    A       No.

25    Q       Did you ever retain a lawyer to defend you in
```

```
 1              (Whereupon, Berry Deposition Exhibit 47

 2              marked for identification, 5-18-05.)

 3         MR. HOGAN:  I'll make an objection, foundation.

 4    The document is not a certified document.  The witness

 5    can answer questions.

 6    Q       (By Mr. Liebeler):  Have you ever seen a copy

 7    of that document before, Mr. Berry?

 8    A       No, not that I can recall.

 9    Q       On the face of the document it indicates that

10    at one point you had an address at 59-379 Alapio Road

11    in Haleiwa.  Was that at one point your address?

12    A       Yes.

13    Q       When, sir?

14    A       I'm trying to place the year.  It seems like

15    June 2001.

16    Q       That was when it was last your address, sir?

17    A       I think so.

18              MR. LIEBELER:  Mr. Hogan, I have one more

19    question on this document and I understand that you

20    may want to go to the Discovery Master.  Let me tell

21    you what my question is and I think you'll probably

22    let me ask it, although I don't want to presume.

23              I just want to ask the witness whether or

24    not the examination that is articulated by this

25    document ever took place.
```

1    STATE OF HAWAII              )
                                  )  ss.
2    CITY AND COUNTY OF HONOLULU )

3         I, Julie A. Peterson, Notary Public, State of

4    Hawaii, do hereby certify:

5         That on May 18, 2005, commencing at 8:59 a.m.,

6    appeared before me WAYNE BERRY, the witness whose

7    deposition is contained herein; that prior to being

8    examined he was by me duly sworn; that the deposition .

9    was taken in machine shorthand by me and thereafter

10   reduced to typewriting under my supervision; that the

11   foregoing represents, to the best of my ability, a

12   true and correct transcript of the proceedings had in

13   the foregoing matter.

14        That the deponent was notified through counsel,

15   by mail or by telephone, to appear and sign; that if

16   the transcript is filed without signature, deponent

17   has failed to appear and the transcript is therefore

18   kept on file without signature pursuant to Court

19   rules.

20        I further certify that I am not attorney for

21   any of the parties hereto, nor in any way interested

22   in the outcome of the cause named in the caption.

23        Dated at Honolulu, Hawaii, this __23rd__ day of

24   May, 2005.    _____
                   NOTARY PUBLIC, STATE OF HAWAII

25   My Commission Expires:  9/1/2006