TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1050 Bishop Street, No.433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) | |
| ) | Civ. No. 07 CV-0172 SOM-LEK |
| Plaintiff, ) | (Copyright) |
| ) | |
| vs. ) | |
| ) | |
| DEUTSCHE BANK TRUST ) | **PLAINTIFF WAYNE BERRY'S** |
| COMPANY AMERICAS (FKA ) | **MEMORANDUM IN OPPOSITION** |
| BANKERS TRUST COMPANY)AND ) | **TO DEFENDANTS' MOTION TO** |
| JP MORGAN CHASE BANK IN ) | **CHANGE VENUE AND** |
| THEIR SEPARATE CAPACITIES ) | **COUNTER-MOTION FOR** |
| AND AS AGENTS FOR THE PRE ) | **RECUSAL** |
| AND POST-PETITION LENDERS OF) | |
| FLEMING COMPANIES, INC. Et al., ) | |
| ) | |
| ) | |
| Defendants. ) | Hearing: |
| ) | DATE:    Aug. 14, 2007 |
| ) | TIME:    11:15 a.m. |
| ) | JUDGE:   Honorable Susan Oki |
| ) |                Mollway |
| _____ ) | |

# PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CHANGE VENUE

Comes now Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits his Memorandum in Opposition to Defendants' Motion to Change Venue.

## I.   INTRODUCTION.

The one thing that both sides agree, is that venue is **not improper** in the District of Hawaii.  The Motion is just another attempt to prejudice Mr. Berry who expects that it will be granted because the Court suggested it be filed.   Denying Mr. Berry the representation of counsel is the predictable result of the Court's *sua sponte* suggestion that the Defendants file the instant motion.

## II.   BACKGROUND.

Like most of what the Lenders have presented, their claim that Mr. Berry misrepresented his domicile is unsupported and false.  The complaint alleges that:

> Venue is proper in the District pursuant to 28 U.S.C. §§ 1391and 1400 because the wrongs that are the subject of this complaint occurred in the State of Hawaii or were directed against one of its citizens.  Each of the Defendants named herein have had sufficient minimum contacts with the state of Hawaii to be amenable to service of process by a Hawaii court.

Complaint at paragraph 11.

The simple fact is that the domicile of Mr. Berry, other than the situs of the *quasi* contract that forms the basis for the unjust enrichment claim (that will not change whether the case is in New York or Timbuktu) is entirely irrelevant for the purpose of venue in this case.  The unjust enrichment claim, that is viewed under the general venue statute of 28 U.S.C. § 1391, makes Hawaii **the only proper place** for this case to be heard.   As far as Mr. Berry's domicile were it relevant, the fact is it is likely to be determined to be in Hawaii.  Declaration of Timothy J. Hogan ("Hogan Dec.") at ¶ 2.

In addition, the Lenders make the unsupported false claim that Mr. Berry is a "vexatious litigant."  Apparently having already begun their false marketing sales effort to prejudice the N.Y. Judge who may get this case, the Lenders statement is contrary to findings that this Court has made, that have not been appealed, where the Court specifically found that Mr. Berry has not brought actions based on an improper purpose.  *See* Hogan Dec. Exhibit "1" at pages 51-2.  The fact that Mr. Berry has prevailed in the two Fleming related infringement actions more than adequately demonstrate that the Lenders and their counsel, who were directly involved in the infringing activities, are not to be believed.  In this case Mr. Berry has proven the three elements necessary to obtain summary judgment against these Lender defendants as well if the Court proceeds and decides the Counter-Motion

for Summary Judgment based on the law and the facts.

    A.    The Lenders' Motion Must Be Denied on the Basis of Waiver.

The Motion does not seek to amend the previously filed Rule 12(b) motion and therefore, the Lenders have waived an objection to venue that must be brought in the first pleading or motion in which the issue could be raised. This is a new motion and therefore the issue is waived.

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Federal R. Civ. P. 12(g).

    B.    Convenience of Witnesses Makes Hawaii The Proper Venue.

The claim that the two bank representatives will be inconvenienced when required to travel to Hawaii for depositions is simply another instance of the Lenders' dishonesty. Mr. Berry, from the outset, agreed that his counsel would travel to New York to depose the Lenders' representatives. Mr. Berry offered to travel to New York for the Lenders convenience so they could conduct his own deposition. Hogan Dec. ¶ 5 . The Lenders can't claim that Mr. Berry's presence on

the mainland in any way inconveniences them again showing their gross lack of candor.

  C. Interest of the Forum State Makes Hawaii the Proper Venue.

This case has to do with the criminal victimization of a Hawaii citizen by a Mainland and a foreign bank that make millions of dollars from commercial activity in Hawaii.  *See* Hogan Dec. ¶¶ 2 & 3 and Exhibits "1" & "2."  The people of New York, though likely interested in Fleming's undisputed connection with *Al-Qaeda,* have no compelling interest in what happens to the people of Hawaii.[1]

---

[1] Now that the Lenders have admitted to have been engaged in willful infringement for monetary gain, a RICO predicate act, Mr. Berry as his own attorney may amend to allege a RICO count and seek to impose a receivership over these two bank supervised by the New York court.  Among the bad acts that Mr. Berry will be able to demonstrate to a New York court and/or jury is the fact that certain of the Fleming lenders represented by White & Case, were and presumably still are, engaged in overt acts in support of terrorism directed against Filipino peasants in regions controlled by the *Abu Sayyaf,* a Philippines *Al-Qaeda* sect, that was used to influence the election Philippine House Speaker Jose de Venecia.  De Venicia, in the late 1990's, admitted in Mr. Berry's presence that he had this Al-Qaeda sect, "in his pocket."  By terrorizing the peasants who then defaulted on their mortgage loans guaranteed by the Filipino government, a Filipino national election was rigged.  In the void that was created by the terrorists, the Fleming Lenders moved in employing persons affiliated with Fleming and de Venicia to *securitize* Filipino loans and thereby reap profits derived from the acts of terrorism.  Mr. Berry concedes that having the trial of these Lenders just steps from the scene of the 911 tragedy will be something that a New York jury may find relevant.  The RICO claim that the Court dismissed in the Second Case is directly related to the ongoing racketeering activities continuing in the State of Hawaii that related to this international terrorism.  In the Hawaii case these ongoing acts have been a source of income for Fleming and its criminal associates including persons affiliated with

In the last case, the only mainland witness were Teresa Noa and the defense experts. All of the other witnesses were from Hawaii. This transfer is nothing but asking this Court to ditch a politically unpopular case that involves the Bishop Estate, and cause a person disliked by the Court who put the Court' former client in prison, from having representation. The fact that if there is a trial on the direct infringement, the Former Fleming employees would be burdened to travel is evidence of the arrogance of the Lender defendants and their attorneys who want to the Court to rule that their time is more important than hourly workers with small children some with medical challenges. This is shameful. But noteworthy, the employees' attorney acting as the Lender's local counsel, sits by in silence having learned the lesson taught by the Kirkland & Ellis attorneys not to bite the hand that feeds him.

      D.    Inconsistent Rulings Will Necessarily Result.

There are presently four dockets related to the second case pending in the Ninth Circuit Court of Appeals. If reversed, that case will return to be tried likely including the RICO count for which the Lenders now admit liability. The

---

the Bishop Estate, and presumably Fleming's successor C&S that are of more importance to the people of Hawaii, who, like the good people of New York, are on the front lines in the war against terror. Mr. Berry has offered this evidence to this Court and it was dismissed without comment.

Lenders started this case admitting they were judge shopping to put this case before this Court based on the Court's extensive knowledge of the case. Hogan Dec. Exhibit "4." The Lenders' entire motion to dismiss, with the hundreds of pages of materials for this Court to take judicial notice of, is predicated on this Court's **personal knowledge**. *See* Hogan Dec. Exhibit "4" and the entire Docket Entry No. 17 that is incorporated by this reference.

     The Lenders are judicially estopped from claiming this Court is inconvenient because they have already taken a position that it is the only Court that should hear the case in the Lenders' Reassignment Motion, that was granted. As a matter of law, they are estopped from taking a different position and the Motion must be denied.

     What the Lenders will get is a "do over" if the Court rules to transfer because they failed to raise a triable issue of fact in regard to the clear willful infringement. There is no justice in that. The only justice would be to enter summary judgment against them and then, if the Court is still intent on a transfer, send the damage case to another judge in this district.

     E.    Pending Appeals and Injunctions.

     This Court is presently enforcing a stipulated injunction against Hawaiian Express in the second case. The transfer will necessarily create conflicts where

Mr. Berry seeks to restrain continued infringement and other bad acts against the Lenders who continue to provide funding to certain willful infringers. C&S is continuing to infringe and Mr. Berry will chose to amend to join its Lender to enjoin them from providing funding for C&S. If they are enjoined, C&S may stop operations in Hawaii and the stores will go empty.

      F.      Interests of Justice are in Keeping the Case Here.

These defendants engaged in admitted forum shopping when they moved to have the case reassigned from Judge Seabright. Now that the Lenders fear they are about to loose on summary judgment for their glaring failure to raise a triable issue as to the post-petition infringement. At the Court's suggestion in the telephonic status conference, they were offered another bite of the apple from yet again a third judge this time on their home turf. If one was told a story like this happening in some third world dictatorship it would result in an outrage. In America, we don't have words to adequately describe what a person feels when the "justice" system fails them so miserably.

If the Court is weary of the Berry cases, it should simply transfer them to Judge Seabright who had this case in the first place before the fist act of forum shopping, rather than dumping it on the Souther District of New York to contend with a *pro se* litigant. If no Hawaii district court judge wants to deal with the

issues raised by these cases that include the racketeering activity of a Bishop Estate trustee, upon information and belief, this Court's former client, then an out-of-state judge should be enlisted as has been the practice in other such cases. Unlike the Lenders who find being in Hawaii a detestable burden, there may be members of the Federal Judiciary who would welcome the change in scenery.

III.   DISCUSSION.

    A.   Venue is Proper In Hawaii.

As to the Copyright Claim, the relevant statute 28 U.S.C. § 1400(a) makes it clear that the only thing that need be established for proper venue in a copyright case is **_personal jurisdiction_**. The Defendants don't contest personal jurisdiction. They have engaged in hundreds of loans transactions with Hawaii citizens, reaped millions in profits and sued to foreclose Hawaii citizens as part of their regular business activities. The minimum contacts alleged in the complaint are not in dispute but are further supported by the Declaration of Timothy J. Hogan at Exhibits "2" & "3." The claim that venue is improper is simply wrong and the Lenders concede this in their filing.

As to the unjust enrichment claim, Mr. Berry has alleged a claim under Hawaii assumpsit law that he is entitled to be compensated by the Lenders for the value imparted to them for the use of his works. Under the second venue statute

cited in the Complaint, venue of this claim is **only  proper** in Hawaii:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought **only in**
>
>> (1) a judicial district where **any defendant resides**, if all defendants reside in the same State,
>> (2) a **judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,** or
>> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391 (emphasis added).

The Lenders both reside in Hawaii for purposes of Section 1391 and the events occurred in Hawaii.  That makes Hawaii **the only proper venue**.   The Lenders failed to even address this important facet of the venue analysis and have

therefor conceded venue is *only proper* in Hawaii, their erroneous claim that New York law governs Mr. Berry's unjust enrichment claim notwithstanding. They concede under 28 U.S.C. § 1391(b), they reside in Hawaii, *See* 28 U.S.C. § 1391(c), and, that the infringement occurred in Hawaii thus laying venue only in Hawaii pursuant to 28 U.S.C. § 1391 (b)(2). There is no other conclusion that is supported by the law and the facts. Transfer would be legally indefensible.

    B.    The Interests of Justice Are No Served if Mr. Berry Won't have Counsel in New York.

The Motion is an out of time motion to transfer for convenience of representatives of the Lenders who either have no present connection to the lenders or no knowledge of the facts. They appear to be the chosen mouthpieces for the now admitted Lender RICO Enterprise that have nothing to add other than they don't recall anything relevant.

The Lenders admit that the Plaintiff's choice of forum is to be given deference. In light of that heavy burden, this Court must assess the interests of justice to determine whether transfer is proper and if so appropriate. First, as set forth above, the transfer is improper. Even if it were proper, and it is not, causing Mr. Berry to have to appear *pro se* will do nothing to advance justice and would be a travesty. One would wonder whether the New York court might just transfer it back rather than deal with what is clearly a Hawaii problem. Because the

Lender's counsel are the percipient witnesses and the actual agents who executed their principals' choice to engage in infringement they will likely be disqualified and in any event this Court has already ruled that they do not enjoy any attorney-client privilege regarding communication with their trial counsel Kirkland & Ellis, the hands-on architects of the post-petition infringement. In some ways it might be fun to watch Mr. Berry cross examine the Lenders' counsel in open court in New York and watch them squirm when they explain why they counseled their client to commit a crime.

C. This Court Should Transfer the Case Back to Judge Seabright.

If this Court does not wish to continue to deal with the Berry matters, the Court need not take the extreme step of causing Mr. Berry to become a *pro se* litigant in the Southern District thus burdening an already over burdened docket in another District. By seeking to transfer the case back to the judge who had it in the first place, before the Lenders took their judge shopping junket, the Court may dispose of the case without the prejudice that the transfer would necessarily create.

## COUNTER-MOTION TO RECUSE

Mr. Berry respectfully believes that this Court is prejudice against him because he cooperated with the federal government in its prosecution of a person, who, upon information and belief, was this Court's former client, Lokilani Lindsey, in matters that were relevant to the RICO claim that transpired during the period of the Court's former representation in 1994 and 1995. The RICO claim was dismissed based on the Courts' finding of no proof of willful infringement. In light of the July 5, 2007 ruling of the Court of Appeals in the first case, that can no longer be said to be so. It is now not subject to any dispute that Fleming, its attorneys and others engaged in civil RICO predicate criminal acts directed against Mr. Berry.

Mr. Berry recently learned in June of this year that this Court chose to recuse in at least one other Bishop Estate related case days before this Court began overseeing the *Berry v. Hawaiian Express* case. Hogan Dec. Exhibit "5." In light of the Lenders admission to have been engaged in the conduct that made up the Fleming willful infringement predicates, the issue of RICO continuity relates to the conviction of Lokilani Lindsey who, in addition to her money laundering, was engaged in cigarette smuggling with Fleming during the time that this Courts firm represented her. Mr. Berry requests that the Court recuse and allow another judge

to rule on the matters pending. If transfer is warranted let a judge with no connection to the Bishop Estate and no appearance of possible prejudice make the call.

IV. CONCLUSION.

Contrary to the Motion, a transfer order as well as the recusal motion are subject to review via mandamus. If this Court does not want this case, it should transfer to another judge of this court and not send it to the mainland. Executed at Honolulu, Hawai'i, August 12, 2007.

                                          /S/Timothy J. Hogan
                                          TIMOTHY J. HOGAN