# Exhibit 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, | ) CIVIL NO. CV07-00172 JMS LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| v. | ) MOTION |
| | ) |
| DEUTSCHE BANK TRUST | ) |
| COMPANY AMERICAS (FKA | ) |
| BANKERS TRUST COMPANY), et | ) |
| al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **MEMORANDUM IN SUPPORT OF MOTION**

I.     **INTRODUCTION**

This motion seeks to have this case reassigned to the Honorable Susan

Oki Mollway who was the district court judge assigned to *Berry v. Hawaiian*

*Express, Inc.*, Civil No. 03-00385 SOM/LEK which involved the same plaintiff,

Wayne Berry ("Berry") and the same issues and allegations of infringement

concerning a certain computer software program created by Plaintiff and referred

to as the Freight Control System 1993 ("FCS 1993").  While this Court is well

equipped to address the issues raised in Berry's Complaint in a fair manner and in

accordance with the applicable laws, Judge Mollway's knowledge of the history of

litigation over FCS 1993 and the facts pertinent to Berry's numerous claims of

infringement would facilitate expediency and efficiency in the management and

ultimate resolution of this case.

II.     **BACKGROUND AND RELEVANT FACTS**

In 1993, Plaintiff Wayne Berry ("Berry") created FCS 1993, a

computer program that can be used to coordinate shipments of goods.  In 1999,

Berry gave Fleming Companies, Inc. ("Fleming"), a wholesale grocery distributor,

a free, nonexclusive license to use FCS 1993.

In 2001, Berry sued Fleming in this district for infringing his

copyright to FCS 1993, and his copyrights under two other programs.  *See Berry v.*

*Fleming Companies, Inc., et al.*, Civ. No. 01-00446 SPK/LEK.  On March 6, 2003,

a jury found that Fleming had a license to use all three programs but that it had

made unauthorized changes to Berry's software.  *See* Declaration of Lyle S.

Hosoda ("Hosoda Dec."), Exs. A and B.

In 2003, Berry continued his litigation over unauthorized use of FCS

1993 in *Berry v. Hawaiian Express, Inc., et al.*, Civ. No. 03-00385 SOM/LEK.  On

June 18, 2004, he filed a Second Amended Verified Complaint ("SAVC"), naming

twenty-eight individuals and entities, including Fleming[1], and alleging, among

---

[1] Fleming Companies, Inc. filed for Chapter 11 bankruptcy on April 1, 2003.
The Bankruptcy Court approved Fleming's reorganization plan to create the Post-
Confirmation Trust ("PCT") to hold all of Fleming's assets and liabilities for the

other things, claims of direct infringement, contributory and vicarious infringement, conspiracy to infringe, misappropriation of trade secrets, violations of the Sherman Act, violations of RICO, and injunctive relief. *See* Hosoda Dec., Ex. C.

By June, 2005, all of these claims were either summarily dismissed or severely limited by the Court's entry of orders granting in whole and in part motions for summary judgment filed by the various defendants. *See* Hosoda Dec., Exs. D-F. The Court ultimately determined that Fleming and its employees infringed on Plaintiff's copyright of FCS 1993 by unauthorized use of an altered version of FCS 1993 between March 7, 2003 and June 9, 2003. *See* Hosoda Dec., Ex. F.

The case eventually proceeded to trial primarily on the issue of damages against the remaining defendants: Fleming's Post-Confirmation Trust ("PCT") and six employees who had worked for Fleming during the period of infringement. On March 7, 2006, the jury returned a verdict awarding Berry $57,530 in damages against Fleming, two dollars in damages against two of the six employees and no damages as to the other employees. *See* Hosoda Dec., Ex. G. Following the judgment, Berry appealed. Post-judgment, attorneys fees and costs

---

benefit of Fleming's creditors.

were awarded to various defendants with the result that Berry owes defendants

over $140,000 net of all amounts owed to him.  *See* Hosoda Dec., Ex. H.

III.   **DISCUSSION**

L.R. 40.2 of the Local Rules of Practice of the United States District

Court for the District of Hawaii authorizes reassignment of a case upon the request

of a party where "civil actions or proceedings involve the same or substantially the

same parties or property or subject matter, or the same or substantially identical

questions of law, or for any other request said cases could be more expeditiously

handled if they were all heard by the same district judge."  L.R. 40.2.

Judges may reassign cases for almost any reason provided that the

assignment is not for an impermissible reason.  *See United States v. Gray*, 876 F.2d

1411, 1415 (9th Cir. 1989); *e.g., Jacobson v. Hughes Aircraft Company*, 105 F.3d

1288, 1302 (9th Cir. 1997) *amended by* 128 F.3d 1305 (9th Cir. 1998), *rev'd on*

*other grounds*, 525 U.S. 432, 119 S.Ct. 755 (1999) (no abuse of district court's

discretion in transferring a related case because of issues similar to those

previously heard by the same judge).

The Defendants seek reassignment of this case to the Honorable Susan

Oki Mollway as she is familiar with the history of litigation involving Plaintiff and

FCS 1993.  In this third lawsuit, Plaintiff has alleged claims of contributory and

4

vicarious infringement and unjust enrichment on the theory that the Defendants, in

lending money to Fleming, somehow possessed knowledge of alleged infringing

activities by Fleming and its employees that occurred between the Spring of 2000

and June 9, 2003 and thereby directly benefitted financially from the alleged

infringement.  *See* Complaint at ¶¶ 19-34.  Plaintiff's claims arise out of and are

based in part upon the same, if not similar allegations of infringement of FCS 1993

during the same time period that Plaintiff asserted in his 2001 and 2003 lawsuits.

*Compare* Ex. A, Jul. 3, 2001 Complaint filed in Civil No. 01-00440 SPK/LEK at

¶¶ 29-32 and Ex. C, Jun. 18, 2004 SAVC filed in Civil No. 03-00385 at ¶¶ 35-37,

56-66 with the Mar. 29, 2007 Complaint at ¶¶ 21-29 filed herein.  And in fact,

Berry identified this case as related to the earlier case in his initial filings with the

Court.

        In the 2003 lawsuit, Judge Mollway heard and decided various

motions for summary judgment that eliminated most of the claims Plaintiff alleged

against the various defendants.  In that case, she made key findings of fact that

Plaintiff has relied upon in filing the instant Complaint.  *See* Complaint at ¶ 8 (use

continued to no earlier than June 9, 2003); ¶ 28 (continuing to no earlier than June

9, 2003, Fleming Companies, Inc. and its employees engaged in thousands of

separate acts of direct infringement) and *compare* Ex. F (Jun. 27, 2005 Order) at 28

(the only direct infringement in this case was the use of an unaltered version of FCS from March 7, 2003 to June 9, 2003).  Judge Mollway is very familiar with the background and facts relevant to the plethora of claims Plaintiff has alleged regarding FCS 1993 that would enable her to make consistent decisions and handle this case in an efficient and expeditious manner.  In an effort to have the same, if not similar issues of fact and law decided by the same district court judge, so as not to create inconsistent decisions, the Defendants respectfully request that this case be reassigned to the Honorable Susan Oki Mollway.

V.    **CONCLUSION**

For the foregoing reasons, Deutsche Bank Trust Company Americas (fka Bankers Trust Company) and JP Morgan Chase Bank respectfully request that this Motion be granted.

DATED: Honolulu, Hawaii, June 1, 2007.


/s/ Raina P.B. Gushiken
LYLE S.  HOSODA
RAINA P.B. GUSHIKEN

Attorneys for Defendants

6