```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


IN RE:                            . Case No. 03-10945
                                  .
                                  .
FLEMING COMPANIES, INC.,          . 824 Market Street
et al.,                           . Wilmington, DE   19801
                                  .
              Debtor,             . August 4, 2003
. . . . . . . . . . . . . . . . . . 11:45 a.m.

                          TRANSCRIPT OF MOTIONS
                  BEFORE THE HONORABLE MARY F. WALRATH
                   UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:            Pachulski, Stang, Ziehl, Young, Jones
                            & Weintraub, P.C.
                           By:     LAURA DAVIS JONES, ESQ.
                                   CHRISTOPHER J. LHULIER, ESQ.
                                   JAMES I. STANG, ESQ.
                           919 North Market Street, 16th Floor
                           Wilmington, DE   19899

For Farris, et al.:        Werb & Sullivan
                           By:  DUANE D. WERB, ESQ.
                           Tenth Floor, 300 Delaware Ave.
                           Wilmington, DE   19899

For Sunkist:               Whiteman, Bankes & Chebot, LLC
                           By:  JEFFREY M. CHEBOT, ESQ.
                           325 Chestnut Street, Suite 1300
                           Philadelphia, PA   19106

For Reliant Energy:        Jackson Walker, LLP
                           By:  KIRK A. KENNEDY, ESQ.
                           1401 McKinney, Suite 1900
                           Houston, TX   77010

Audio Operator:            Jennifer M. Patone


          Proceedings recorded by electronic sound
     recording, transcript produced by transcription service.
```

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey   08619
E-mail:  jjcourt@optonline.net

(609)586-2311      Fax No. (609)587-3599

1369

1  Counsel's going to come back.
2       MR. PENNINGTON: Okay, fine. That works.
3       THE COURT: All right. Any other objection?
4       MR. HOGAN: Your Honor, this is Timothy Hogan from
5  Wayne Berry. If I may, Your Honor, I'm not certain if the
6  Court ever received our objection that was timely filed. It
7  was 2664?
8       THE COURT: I'm not sure I have, either, so you
9  better re-articulate it.
10      MR. HOGAN: Wayne Berry was a software developer,
11 developed software that Fleming has used in the Hawaii
12 division, at least in Hawaii for sure, since 1999 under a non-
13 exclusive limited license. I went to trial against Fleming and
14 got a jury verdict in March, March 6th of this year, Your
15 Honor, finding Fleming as a wilful infringer for making
16 derivative copies of the software.
17      Fleming has continued to use Mr. Berry's software.
18 There's a dispute as to which version is being used, but has
19 used it and is continuing to use what is claimed to be a new
20 software package made by the same individual who the jury found
21 had infringed.
22      My concern is that Mr. Berry is going to have to
23 pursue the new -- the buyer under a -- the claim of
24 infringement again. If there's any thought that Mr. Berry's
25 software is passing in this agreement I'd at least like

1  something in the record, Your Honor, that would at least
2  indicate they've not chosen to even schedule this software,
3  they have not chosen to assume it or to assign it, and that
4  whatever the buyer gets the buyer will get subject to Mr.
5  Berry's copyright.
6          THE COURT: Well --
7          MR. HOGAN: If any.
8          THE COURT: Let me hear from the debtor and buyer on
9  that issue.
10         MR. LIEBELER: We're not using the software. I mean
11 --
12         THE COURT: Who cares if you're using it. Are you
13 selling it to the buyer?
14         MR. ZIMAN: Your Honor, I do not believe that this
15 software license is on any list to be assumed and assigned, and
16 if -- to the extent that we can't assume it and assign it under
17 365, we won't, and we're certainly not going to infringe.
18         THE COURT: All right. You're satisfied with the
19 buyer's statement?
20         MR. HOGAN: I'm sorry, Your Honor, I couldn't hear
21 what the buyer said.
22         THE COURT: Please talk into the mike so he can hear
23 you.
24         MR. ZIMAN: I'm sorry, Your Honor. I am not aware --
25         MR. HOGAN: Is this Mr. Gross?

1   MR. ZIMAN:  I'm sorry, sir, I'm not aware --

2   THE COURT:  Raise it so he can actually hear you.

3   MR. ZIMAN:  I'm not aware of this license being on
4   any list to be assumed and assigned as of the initial closing.
5   I don't have any facts regarding this license, and to the
6   extent that there's a 365C issue where we can't assume and
7   assign it, then the Court won't let us, and we're certainly not
8   going to use it an subject ourselves to infringement liability,
9   or if we do we are liable.

10   THE COURT:  Did you hear that?

11   MR. HOGAN:  I did, Your Honor, and I guess what I
12   conclude from it is -- we believe it is being used, Your Honor,
13   for the record.  It has been used in the case, it has been used
14   -- and we believe that the software that was created when it's
15   properly litigated will be shown to be another derivative, the
16   one that they're going to assume and use.

17   THE COURT:  Well, the buyer says they're not buying
18   it.  To the extent they use it you'll have to sue them for
19   infringement.

20   MR. HOGAN;  And that seems to be the way it's left,
21   Your Honor, as long as it's understood that it's not being
22   assigned in this sale.

23   THE COURT:  I'm not giving any order assuming it,
24   assigning it by this sale order.  To the extent they think they
25   can assume and assign it later, that issue will be teed up.

1   MR. HOGAN: Yes, Your Honor, and we believe that the
2 software they're buying is infringed software, so we will
3 pursue it. Thank you.
4   THE COURT: All right. Anybody?
5   MR. LIEBELER: Just to make sure and to make it
6 clear, we contend that we're not using it.
7   THE COURT: I heard you the first time. Any other
8 objector?
9   MR. RHODES: Good afternoon, Your Honor. Jeff Rhodes
10 on behalf of the Sandelman landlords, and as a procedural
11 matter, Your Honor, I have submitted today a motion to be
12 admitted pro hac vice to this court.
13   THE COURT: All right, that's fine.
14   MR. RHODES: Thank you. I have Mr. McCauley, my local
15 counsel, with me.
16   Your Honor, on behalf of the Sandelman landlord, who
17 are landlords that own properties, various properties across
18 the country to which one or more of the debtor was a party, we
19 filed an objection basically to cure claim issues.
20   Now, I understand that what the debtors are now
21 proposing to do is to bifurcate and deal with assumption and
22 assignment issues later.
23   THE COURT: Yes.
24   MR. RHODES: However, I'm concerned, under the text
25 of the proposed order that's being circulated that some rights

249

1  you.

2       MS. JONES:  Your Honor, may I ask Your Honor a
3  mechanical question.  With respect to the hearing on Thursday,
4  would Your Honor like us to submit an agenda?

5       THE COURT:  No, that's not necessary.

6       MS. JONES:  Thank you.

7       THE COURT:  That's fine.  I'll just keep what I have
8  here, but I'd ask parties to send everything to chambers so I'm
9  sure I get it.

10      MS. JONES:  Thank you.

11      THE COURT:  All right, we'll stand adjourned then.

12      (Recording ends)

13                *              *              *

14              C E R T I F I C A T I O N

15      I, Betsy Wolfe, certify that the foregoing is a
16  correct transcript from the electronic sound recording of the
17  proceedings in the above-entitled matter.

18

19  _Betsy Wolfe_ (signature)            _Aug. 11, 2003_
20  Betsy Wolfe                           Date
21  J&J COURT TRANSCRIBERS, INC.

22

23

24

25