LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 6 2004

at ___ o'clock and ___ min ___ M
WALTER A.Y.H. CHINN, CLERK

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | Civ. No. CV03 00385 SOM-LEK |
| | (Copyright) |
| Plaintiff, | |
| | SECOND AMENDED VERIFIED |
| vs. | COMPLAINT; EXHIBIT "A"; |
| | DEMAND FOR JURY TRIAL; AND |
| | SUMMONS |
| HAWAIIAN EXPRESS SERVICE, | |
| INC., a California corporation; H.E.S. | |
| TRANSPORTATION SERVICES, | |
| INC., a California corporation; | |
| CALIFORNIA PACIFIC | |
| CONSOLIDATORS, INC., a | |
| California corporation; JEFFREY P. | |
| GRAHAM and PETER SCHAUL, | |
| California citizens; MARK DILLON | |
| and TERESA NOA, BRIAN | |
| CHRISTENSEN, Hawaii citizens; | |
| FLEMING COMPANIES, INC., an | |
| Oklahoma corporation; C & S | |
| LOGISTICS OF HAWAII, LLC, a | |
| Delaware LLC; C & S WHOLESALE | |
| GROCERS, INC., a Vermont | |
| corporation; | |

210

C & S ACQUISITIONS, LLC;                    )
FOODLAND SUPER MARKET,                      )
LIMITED, a Hawaii corporation;             )
HAWAII TRANSFER COMPANY,                    )
LIMITED, a Hawaii Corporation,             )
RICHARD COHEN, a New Hampshire)
citizen ES3, LLC, a Delaware Limited       )
Liability Company, MELVIN PONCE,)
SONIA PURDY, JUSTIN                         )
FUKUMOTO, AFREDDA                           )
WAIOLAMA, JACQUELINE RIO,                   )
Hawaii citizens; JESSIE GONZALES, )
LUIZ RODRIGUES, AL PEREZ and               )
PATRICK HIRAYAMA , California              )
citizens; GUIDANCE SOFTWARE,               )
LLC, a California, LLC; MICHAEL            )
GURZI, a California citizen; ALIX          )
PARTNERS, LLC, a Delaware LLC  ; )
DOE INDIVIDUALS 2-350; DOE                  )
PARTNERSHIPS, CORPORATIONS )
and OTHER DOE ENTITIES 2-20,               )
                                            )
         Defendants.                        )
_____ )

## SECOND AMENDED VERIFIED COMPLAINT

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his

undersigned counsel, and hereby complains of the above-entitled Defendants and

alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction under federal subject matter jurisdiction pursuant to the Federal Copyright Act 17 U.S.C. §§ 101, et seq. and 28 U.S.C. § 1338 (b) and The Sherman Act, 15 U.S.C. §§ 1 & 2, and the Clayton Act, 15 U.S. C. §§ 15 & 26.    In addition, this Court has federal subject matter jurisdiction pursuant to §1964(c) of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §1964(c) and the state law claims are brought pursuant to pendent jurisdiction.

2.     Venue is proper in the District pursuant to 15 U.S.C. § 22, 28 U.S.C. §§ 1391and 1400 because the wrongs that are the subject of this complaint occurred in the State of Hawaii and were directed against one of its citizens.   As set forth herein, each of the Defendants named herein have had sufficient minimum contacts with the state of Hawaii to be amenable to service of process by a Hawaii court.   Venue is also proper in the District of Hawaii pursuant to §1965(a) of RICO, 18 U.S.C. §1965(a) because each of the defendants resides and/or is found to have an agent and/or transact their affairs in this district.   As to foreign defendants, in accordance with §1965(b) of RICO, the ends of justice require that all defendants be brought before this Court.

3

## THE PARTIES

3.    Defendant Hawaiian Express Service, Inc. ("HEX") is a corporation, formed under the laws of the State of California, with its principal place of business in the State of California. HEX also maintains a place of business in the State of Hawaii and transacts business in the State of Hawaii. HEX, HEST and CALPAC, through the unauthorized use of Plaintiff's intellectual property ship a significant portion of all food stuffs sold to consumers in the State of Hawaii. HEX may be found in the State and maintain offices and agent in the State of Hawaii and conducts sufficient business in the State of Hawaii that it has availed itself of the benefits of the State of Hawaii and has more than sufficient minimum contact with Hawaii to make it amenable to service in the State of Hawaii because it is found in the State.

4.    Defendant H.E.S. Transportation Services, Inc. ("HEST") is a corporation, formed under the laws of the State of California, with its principal place of business in the State of California. HEST transacts business in the State of Hawaii directly and through HEX and other entities. HEX, HEST and CALPAC, through the unauthorized use of Plaintiff's intellectual property, ships a significant portion of all food-stuffs sold to consumers in the State of Hawaii. HEST and its agents and bailees may be found in the State of Hawaii and maintain

4

offices in the State of Hawaii and conducts sufficient business in the State of Hawaii that it has availed itself of the benefits of the State of Hawaii and has more than the sufficient minimum contact with Hawaii make it amenable to service in the State of Hawaii. By intentionally committing criminal and civil wrongs against a citizen of Hawaii HEST has had sufficient minimum contacts with the State of Hawaii to confer venue in this District.

5.    Defendant California Pacific Consolidators ("CALPAC") is a California corporation doing business in the state of Hawaii. CALPAC is a large supplier of refrigerated food products to the state of Hawaii and sells to both civilian and military customers. HEX, HEST and CALPAC, through the unauthorized use of Plaintiff's intellectual property, ships a significant portion of all food-stuffs sold to consumers in the State of Hawaii. CALPAC and its agents and bailees may be found in the State of Hawaii and maintain offices in the State of Hawaii and conducts sufficient business in the State of Hawaii that it has availed itself of the benefits of the State of Hawaii and has more than the sufficient minimum contact with Hawaii make it amenable to service in the State of Hawaii. By intentionally committing criminal and civil wrongs against a citizen of Hawaii HEST has had sufficient minimum contacts with the State of Hawaii to confer venue in this District.

5

6.    Defendant C & S Logistics of Hawaii, LLC ("C & S Logistics") is a Delaware limited liability company registered to do business in the state of Hawaii. C & S Logistics is an entity formed by the principals of C & S Wholesale Grocers, Inc., for the purpose of operating a freight logistics business on behalf of other defendants, including, but not limited to, C & S Wholesale Grocers, Inc., C & S Acquisitions, LLC and Foodland Super Market, Limited. C & S Logistics has stepped into the shoes of Fleming Logistics an unincorporated association comprised of persons affiliated with Fleming Companies, Inc., and is operating the Berry Freight Control System in full knowledge that such operation constitutes willful copyright infringement. Through the unauthorized use of Plaintiff's intellectual property, C & S Logistics presently ships a significant portion of all food-stuffs sold to consumers in the State of Hawaii. C & S Logistics maintains an agent for service in the state of Hawaii and its agents and bailees may be found in the State of Hawaii and conducts sufficient business in the State of Hawaii that it has availed itself of the benefits of the State of Hawaii and has more than the sufficient minimum contact with Hawaii make it amenable to service in the State of Hawaii. By intentionally committing criminal and civil wrongs against a citizen of Hawaii C & S Logistics has had sufficient minimum contacts with the State of Hawaii to confer venue in this District.

7.    Defendant C & S Wholesale Grocers, Inc.("C & S Wholesale") is a Vermont corporation doing business in the state of Hawaii.  C & S through its agent C & S Logistics is selling groceries and operating a freight logistics business on behalf of other defendants, including, but not limited to, C & S Acquisitions, LLC and Foodland Super Market, Limited and the principals of these companies. C & S Wholesale has stepped into the shoes of Fleming Companies, Inc. and is operating the Berry Freight Control System in full knowledge that such operation constitutes willful copyright infringement.   Through the unauthorized use of Plaintiff's intellectual property, C & S Wholesale and its agents presently ships a significant portion of all food-stuffs sold to consumers in the State of Hawaii.  C & S Wholesale maintains no agent for service in the state of Hawaii but its agents and bailees may be found in the State of Hawaii and conducts sufficient business in the State of Hawaii that it has availed itself of the benefits of the State of Hawaii and has more than the sufficient  minimum contact with Hawaii make it amenable to service in the State of Hawaii.  By intentionally committing criminal and civil wrongs against a citizen of Hawaii, C & S Wholesale has had sufficient minimum contacts with the State of Hawaii to confer venue in this District.

8.    Defendant C & S Acquisition, LLC ("C & S Acquisition") is a Delaware limited liability company doing business in the state of Hawaii.   C & S

Acquisition, through its agent C & S Logistics is operating a freight logistics business on its own behalf and on behalf of other defendants, including, but not limited to, C & S Wholesale Grocers, Inc., and Foodland Super Market, Limited. C & S Acquisition and its affiliates have stepped into the shoes of Fleming Companies, Inc. and is operating the Berry Freight Control System in full knowledge that such operation constitutes willful copyright infringement. Through the unauthorized use of Plaintiff's intellectual property, C & S and its agents presently ships a significant portion of all food-stuffs sold to consumers in the State of Hawaii.  C & S Acquisition maintains no agent for service in the state of Hawaii but its agents and bailees may be found in the State of Hawaii and conducts sufficient business in the State of Hawaii that it has availed itself of the benefits of the State of Hawaii and has more than the sufficient minimum contact with Hawaii make it amenable to service in the State of Hawaii. By intentionally committing criminal and civil wrongs against a citizen of Hawaii C & S Acquisition has had sufficient minimum contacts with the State of Hawaii to confer venue in this District.

9.    Hereinafter the party defendants C & S Logistics, C & S Wholesale and C & S Acquisition shall be together referred to as "C & S."

10.    Hawaii Transfer Company, Limited ("HTC"), is a Hawaii

8

corporation, doing business in the state of Hawaii and using the Berry Freight Control System without any license and is a willful infringer.

11.    Foodland Super Markets, Limited ("Foodland") is a Hawaii corporation doing business in the state of Hawaii as its largest retail grocery distributor doing business in the Hawaii civilian retail grocery market.

12.    Defendant Fleming Companies, Inc. ("Fleming") is an Oklahoma corporation and is presently the debtor in a pending Delaware bankruptcy case. Fleming is registered to do business in the state of Hawaii and maintains an agent for service. Fleming is the sole full line wholesale grocery distributor in the state of Hawaii and by the illegal use of the Berry Freight Control System and earned more than $500 million in food sales annually. Fleming as debtor in possession is made a party to this suit solely to enjoin its illegal conduct all committed after the filing of the voluntary Chapter 11 petition. Plaintiff does not seek to execute upon any money judgment against Fleming or to otherwise assert rights to property of the Fleming Bankruptcy Estate without order of the Bankruptcy Court.

13.    Defendant Jeffrey P. Graham ("Graham") is a California Citizen and upon information and belief is the president of HEX, HEST and CALPAC. Graham has responsibility for causing and directing the infringing activities that are the subject of this complaint and derives a direct financial benefit from the

9

infringement. Graham conducts sufficient business in the State of Hawaii that he may be found in the District of Hawaii and has purposely availed himself of the benefits of the State of Hawaii and has more than the sufficient minimum contact with Hawaii make him amenable to service in the State of Hawaii. By committing intentional wrongs against a citizen of Hawaii, Graham has sufficient minimum contacts with the State of Hawaii to confer venue in this District.

14.    Defendant Peter Schaul ("Schaul") is a California Citizen and upon information and belief is the general manager of HEX, HEST and CALPAC. Schaul has certain responsibility for causing and directing the infringing activities that are the subject of this complaint and derives a direct financial benefit from infringement. Schaul conducts sufficient business in the State of Hawaii and may be found in the State of Hawaii and he has purposely availed himself of the benefits of the State of Hawaii and has more than the sufficient minimum contact with Hawaii make him amenable to service in the State of Hawaii. By committing intentional wrongs against a citizen of Hawaii, Schaul has sufficient minimum contacts with the State of Hawaii to confer venue in this District.

15.    Defendants Mark Dillon ("Dillon") and Teresa Noa ("Noa") are citizens of the state of Hawaii and have both used and made unauthorized changes to Plaintiff's intellectual property within the state of Hawaii and may be found in

the State of Hawaii. Both Dillon and Noa had direct access to Plaintiff's software as employees of Atlantic Pacific International, Inc, and later as Fleming Companies, Inc. Both Dillon and Noa have possession of the software including its source code and have committed numerous acts of copyright infringement regarding Plaintiff's intellectual property. If not enjoined, Plaintiff is at real risk that additional infringements will be committed by these individual defendants.

16. Defendant Brian Christensen ("Christensen") is a citizen of the state of Hawaii and Fleming's Hawaii division president and responsible for the direction of the July 7, 2003 infringement and the continued use of the Berry Freight Control System after April 1, 2003.

17. Upon information and belief, Defendant ES3, LLC ("ES3") is a limited liability company with its principal place of business in the State of New Hampshire and does business throughout the United States including Hawaii. ES3 was identified previously as Doe Defendant Corporation Number 1. ES3 purports to develop software that directly competes with Mr. Berry. ES3 operates the same web server as defendant C&S Wholesale Grocers, Inc. and upon information and belief shares common information technology personnel and infrastructure. Because it can access C&S Wholesale Grocers, Inc.'s information systems and is a developer of freight control software, its access to Mr. Berry's software that has

11

been illegal copied by agents of C&S, puts Mr. Berry at risk of imminent

irreparable harm.  In addition, any similar software developed by ES3 or modified

since the access began would constitute an infringement of Plaintiff's original

work.  Further, ES3 combines horizontal competitors in the food distribution

business and facilitates anti-competitive behavior among competing actors.

18.    Defendant Richard Cohen, is a New Hampshire citizen and the

principal of ES3, C&S Wholesale Grocers, Inc., C&S Logistics of Hawaii, LLC

and C&S Acquisitions, LLC (hereinafter "C&S").  Upon information and belief

Mr. Cohen has traveled to the State of Hawaii to conduct business on behalf of

C&S through the various entities he controls.  Based on the admissions in the

Guidance Report he has asserted ownership over Plaintiff's intellectual property

without lawful right.  Mr. Cohen had been given notice of the alleged infringement

and, upon information and belief, has taken no actions to cause the infringing

conduct of persons under his authority to cease.  Mr. Cohen derives significant

sums of money from the operation of Plaintiff's intellectual property, has the

ability to control direct infringement but has chose to permit the infringement to

continue for the purpose of his financial gain.  Mr. Cohen conducts sufficient

business in the State of Hawaii that he may be found in the District of Hawaii and

has purposely availed himself of the benefits of the State of Hawaii and has more

than the sufficient minimum contact with Hawaii make him amenable to service in the State of Hawaii. By committing intentional wrongs against a citizen of Hawaii, Mr. Cohen has sufficient minimum contacts with the State of Hawaii to confer venue in this District.

19.    Defendants Melvin Ponce , Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, Jacqueline Rio (the "Fleming-Logistics Employees") are all Hawaii citizens and have during the relevant times operated the Berry Freight Control System as direct infringers. Each of these individual defendants continues to derive personal financial gain from the operation of Mr. Berry's Freight Control System under Mr. Christensen's direction. Because these individuals have had direct access to copies of Mr. Berry's intellectual property, they remain a threat to Plaintiff and his rights as a copyright owner. Each of these defendants conducts sufficient business in the State of Hawaii that it they availed themselves of the benefits of the State of Hawaii and have more than the sufficient minimum contact with Hawaii make it amenable to service in the State of Hawaii. By committing civil wrongs against a citizen of Hawaii each Graham Agent has had sufficient minimum contacts with the State of Hawaii to confer venue in this District.

20.    Jessie Gonzales, Luiz Rodrigues, Al Perez and Patrick Hirayama (hereinafter the "Graham Agents") are all California citizens and employees of

HEXT/HEST/and/or CalPac. Each of these defendants have used Mr. Berry's Freight control system and the Web Pages without a license and are therefore infringers.

21.    Defendants Guidance Software, Inc., Michael Gurzi, Alix Partners and non-defendant RICO Person Michael Scott are named as participants in certain criminal conduct directed against Mr. Berry and are principally named in the RICO claim that Plaintiff seeks to add by this amendment. Upon information and belief, Guidance Software, Inc. is a California corporation and directed its agent Michael Gurzi, also a citizen of California to travel to Hawaii, commit multiple counts of copyright infringement, then file a false declaration in the Delaware Bankruptcy court on or about August 1, 2003, in Adv. Pro. No. 03-54809. Further, these knowing violations of federal law were authorized by Michael Scott, believed to be a Texas citizen to further the criminal infringement of Mr. Berry's software. Alix Partners, LLC is a company doing business in the United States of America and has principal places of business in several states and is the party directly responsible for the infringement and conspiracy to infringe caused by Michael Scott believe to be both agent and principal of Alix Partners, LLC and his acts are imputed to Alix Partners, LLC through vicarious liability.

22.    Defendants Doe Individuals 2-350 and Doe Partnerships,

14

Corporations and Other Entities 2-20 are persons who may be liable to plaintiff for

that acts and omissions complained of herein, but whose names, identities and

capacities are presently unknown to plaintiff and his attorney.  These additional

Doe defendants will be identified upon their discovery by plaintiff.  Each user,

and entity that derives a benefit from the infringement including the customers of

each of the Defendants through the illegal use of the Berry Freight Control

System is a separate infringer and when their identities are made know to Plaintiff

will be made a party and serve as a separate basis for statutory damages should

such damages be elected by plaintiff.    Each of these Doe Defendants are

knowingly engaged in intentional wrongful acts of infringement directed against a

citizen of the State of Hawaii and it would be just that they be made a defendant in

this proceeding.

    23.    Plaintiff Wayne F. Berry (the "Plaintiff" and "Developer")  is an

individual national domiciliary of the United States and is a resident and citizen of

the State of Hawaii and, as the software developer victim of Fleming, C&S',

Foodland,  HEX, Graham, Schaul HEST , CALPAC, Guidance, Alix Partners and

others including the Doe Defendants' intentional, criminal and willful

infringement has standing to bring the instant action.  All software that is the

subject of this Second Amended Verified Complaint was authored in the United

States of America.

24.    Upon information and belief, the majority of all acts conferring venue relevant to this proceeding occurred in the State of Hawaii.  Each of the defendants are actively engaged in business activities in the State of Hawaii and/or have derived a direct financial benefit from the infringement that is the subject of this Complaint and may be found in the State of Hawaii.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

25.    On or about 1993, Plaintiff created an original work of authorship which was then fixed as a tangible medium of expression. (the "Freight Control System").

26.    This original work was first published in 1995.

27.    The work was an original work and contained substantial amounts of material created by Plaintiff's own skill, labor and judgment.

28.    All of the subject software work is copyrightable under the laws of the United States of America and was authored in the United States of America.

29.    On or about October 1999, Plaintiff complied with the statutory formalities for registering his copyright in "Freight Control System" by fully complying with Federal laws and regulations by depositing with the Copyright Office, two copies of the best version of the Freight Control System source code,

16

filing the application and paying the required fees.

30.    Shortly thereafter, Plaintiff received a filed registration for Freight Control System from the Copyright Office.   The date, class and registration number certificate received from the Registrar of Copyrights is as follows: "Freight Control System" dated October 19, 1999, Copyright  Registration Number TX 5-079-445.   A true and correct copy of the Filed Registration is attached as Exhibit "A."

31.    All publications of the instant software have been with proper statutory notice.

32.    Freight Control System is a program Plaintiff wrote in Microsoft Access and Visual Basic using both the Visual Development Environment and hand-coding.   Freight Control System is primarily a database designed to control and monitor consolidation and containerization of freight.

33.    Freight Control System contains database tables, queries, screens and macros that handle Accounts Receivable, Accounts Payable, Job Costing, Logistic Scheduling and Real-Time Shipment Tracking. The principle unique feature of the database is the ability for a user of this system to control a large number of Purchase Orders and annotate shipping information to the records for billing and tracking purposes along with planning and scheduling efficiencies that translate

17

directly to lower freight costs. The user can then build containers, which contain these individual Purchase Orders. The user can enter costs for both individual Purchase Orders and for entire containers. The system will allocate container costs to the individual Purchase Orders.   Finally, the "Bill To" party can be invoiced for the shipment and a profitability derived from the billed amount less the allocated costs. By operating the Berry System, independent from Fleming's "Foods" billing system, Fleming is able to conceal the true cost of freight delivery from its end user customers including, but not limited to, the United States of America.

34.    During the period after 1997, both Dillon and Noa had access to Plaintiff's software.   Beginning in November 1999, both Dillon and Noa had direct access to Plaintiff's source code for his Freight Control System and cannot make a replacement program to operate in the freight logistics software market without infringing.

35.    Starting no later than October 1999, HEX began to operate the Berry Freight Control System under the claim that it was authorized under a license granted by Plaintiff to Fleming Companies, Inc. ("Fleming").

36.    Fleming is an adjudicated willful infringer based on the jury verdict finding that Fleming has created unlicensed derivative copies of the Freight Control System.

37.    Dillon and Noa and certain Doe Defendants, under the direction of Fleming's agents defendant Christensen, and non-defendants Lex Smith, Michael Scott and Damian Capozzola, starting on or about May 9, 2003 and concluding on or about July 7, 2003, together created an illegal copy and separate derivative copy of the Berry Freight Control System knowing that they were committing willful copyright infringement. The copy was taken from Fleming's location by Guidance Software, Inc., Fleming's agent. Under agreement with Fleming, Guidance Software, Inc. agreed to analyze the Berry software in violation of Plaintiff's rights as a developer. The continued possession of Plaintiff's copyrighted work is a threat to Plaintiff's property and grounds for an immediate injunction.

38.    Foodland has utilized Plaintiff's software to facilitate its direct store shipments. Foodland has notice of the claim of infringement being committed by its agents, including Fleming, HEX and HTC but continues to derive financial gain from this activity with full knowledge that its agents are engaged in infringement.

39.    Upon information and belief, HEX, HEST and/or CALPAC have obtained an illegal pirated copy of the Freight Control System and/or have been using a illegal unlicensed derivative of the Freight Control System. Shane Kelley, HEX, HEST and/or CALPAC's computer consultant admitted in a telephone

19

conversation with Wayne Berry that he had "seen his code."   Shane Kelley informed Mr. Berry that he would investigate the infringement and call him back with the results unless his investigation showed serious infringement.   Mr. Kelley never called back.

40.    HEST, HEX and CALPAC have had access to Mr. Berry's original work and have used an illegal derivative that is used to generate financial gain for all defendants.

41.    Upon information and belief HEST, HEX and CALPAC continue to use the Freight Control System and/or its derivative software to make profits derived from the illegal use of a copyrighted work in violation of the Copyright Act or, by possessing a copy, threaten the future use of such illegal software.

42.    Plaintiff has never authorized this use and has informed defendants and their attorney that the use of the software constitutes infringement.

43.    On January 4, 2002, Defendant HEX answered Plaintiff Wayne Berry's First Request for Answers to Interrogatories, in Wayne Berry v. Fleming Companies, Inc., Civ. No. CV01-00446 SPK LEK. (the "Interrogatory Responses").

44.    In the Interrogatory Responses, HEX admitted, under oath, that, at the direction of Fleming Companies, Inc., HEST uses the Berry Freight Control System software to input information required by Fleming to comply with an oral contract

between Fleming and HEST.

45.    In a deposition, Fleming's Hawaii division president Ralph Stussi testified under oath that Fleming's contract was with HEX and had never heard of HEST.

46.    HEX, HEST, CALPAC, Shaul, Graham C & S, Fleming, Noa, Dillon, HTC , Christensen and Foodland have, and through future infringement will, all continue to derive revenue from the use of the Freight Control System.

47.    None of the defendants herein are licensed to use the Berry Freight Control System or any derivative.

48.    Neither HEX, HEST, CALPAC, Shaul and Graham nor any of their agents and/or bailees have any right to use the Freight Control System.

49.    Plaintiff has not given HEX, HEST, CALPAC Shaul, Graham, Fleming, C&S, Dillon, Foodland, Christensen and/or Noa permission to use his software and they are guilty of willful infringement.

50.    By letter dated April 9, 2003, Plaintiff demanded that HEX and HEST provide Plaintiff with satisfactory proof that they have stopped using his Freight Control System software.

51.    On May 1, 2003, defendants' attorney, Karen  Fine, Esq. wrote in response to the letter stating that all access to the Fleming system had been

21

terminated.

52.    Plaintiff alleges that C&S, Dillon, Guidance and the HEX affiliated Defendants have obtained a pirated copy of his software.

53.    Fleming, HEX and HEST's principal, has admitted that it has granted HEX permission to use Plaintiff's software.  Fleming has been found a willful infringer and had no lawful right to grant such a license.

54.    HEX has admitted that HEST is using Plaintiff's software.

55.    This software contains trade secrets and the use by Defendants constitute infringement and Plaintiff continues to suffer irreparable harm.

56.    On March 6,  2003, a jury found that Mark Dillon's unauthorized changes to the Berry Freight Control System constituted willful infringement and awarded Mr. Berry $98,500 in damages.  That finding terminated any and all licenses to the Berry Freight Control System.

57.    After  April  1,  2003,  Fleming,  C  &  S,  Fleming,  HTC, HEX/HEST/CALPAC, Mark Dillon, Teresa Noa, HTC, and Foodland have used the illegal derivative of Mr. Berry's software without any right.  Christensen has authorized that use.

58.    On or about July 7, 2003, despite being aware that this conduct clearly constitutes willful infringement, Mark Dillon, under Christensen's authority and with

full access to Mr. Berry's source code, created another illegal unauthorized derivative of the Freight Control System for his own personal financial gain.

59.    Upon information and belief, both Noa and Dillon maintain copies of the Berry software on their home computers to facilitate their infringement.

60.    This act of infringement was directed by certain of Fleming's agents.

61.    In addition to this infringement, these Fleming agents directed a third party developer, Guidance Software, without any authority form Mr. Berry, to access Plaintiff's software, make an unauthorized copy of the system and transport it to California for the purpose of analyzing the software to facilitate further acts of criminal infringement.

62.    The July 7, 2003, derivative contained elements of Mr. Berry's software and performed the same functions as the Berry copyrighted software. Due to the knowledge obtained by Mr. Dillon and Ms. Noa of Mr. Berry's Freight Control System, and its functional similarity this constitutes an infringing derivative of the Freight Control System.

63.    From and after October 1, 1999 to at least May 9, 2003, the non bankrupt Defendants have infringed upon Plaintiff's copyright as follows:

a.    Using software by remote access that places a copy of the Plaintiff's software on the computer of no less than ten users;

23

b.    Using the software after receiving notice of the infringement and demand to cease and desist, and

c.    Providing illegal copies to third-parties including employees, agents, software developers and technicians who are not yet identified to Plaintiff by who are all infringers and who will be named later.

d.    Using third-party application sharing technology to permit unlicenced users to use the Plaintiff's software in violation of his copyrights.

e.    Deriving profits from the illegal use of the software.

64.    From April 1, 2003, Fleming Companies, Inc. as debtor in possession, has committed numerous acts of Copyright infringement as set forth herein. Plaintiff seeks to liquidate his claim against Fleming in this proceeding but does not seek to execute any judgement, other than a permanent injunction against the bankrupt and is agents and affiliates.

65.    Defendants' activities constitute infringement of Plaintiff's copyright and Defendants have continued such conduct notwithstanding such notice.

66.    As to Defendants Christensen, Dillon and Noa, the continued use of the Berry Freight Control System after April 1, 2003, and the creation of the July 7, 2003 Derivative and the copy given to Guidance Software constitutes a violation of the owners exclusive rights and is willful infringement.

24

67.   As to the  C & S Defendants, these defendants have used the Berry Freight Control System to operate an illegal freight logistics enterprise in violation of the copyright laws of the United States.  Mr. Berry is entitled to all profits derived from this infringing use.

68.   The C & S Defendants, through certain agreements with Fleming,  have entered into an agreement with Fleming and certain of the other defendants to operate the Berry Freight Control System, and the illegal derivatives.  The C & S Defendants have committed certain overt acts in furtherance of the illegal agreement with Fleming including establishing C & S Logistics for the purpose of continuing the Fleming infringement  after the completion of the sale of Fleming's assets to C & S Acquisition, LLC or its nominee.

69.   Each time C & S transfers wholesale groceries through the Berry Freight Control System, it commits another act of copyright infringement.  Each C & S, HEX/HEST/CALPAC, Foodland  and/or HTC employee that in any manner utilizes the Berry Freight Control System or the reports generated by the system, is a separate infringer and is liable for the full damages for each infringement.

70.   The knowledge of the infringement is imputed to the individual defendants by their principals.  Should Plaintiff elect statutory damages, each such employee is liable for the full $150,000 of statutory damages, or such other amount