**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
08/16/2007
Log Number 512504939

TO: Michael F. Newbold, General Counsel
C & S Wholesale Grocers, Inc.
7 Corporate Drive
Keene, NH, 03431

RE: **Process Served in Hawaii**

FOR: C & S Wholesale Grocers, Inc. (Domestic State: VT)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Wayne Berry, Pltf. vs. Deutsche Bank Trust, et al., including C&S Wholesale Grocers, Inc., Dfts. |
| DOCUMENT(S) SERVED: | First Amended Complaint, Demand for Jury Trial and Summons |
| COURT/AGENCY: | United States District Court, District of Hawaii, HI<br>Case # CV07-0172 |
| NATURE OF ACTION: | Copyright Infringement |
| ON WHOM PROCESS WAS SERVED: | The Corporation Company, Inc, Honolulu, HI |
| DATE AND HOUR OF SERVICE: | By Process Server on 08/16/2007 at 10:00 |
| APPEARANCE OR ANSWER DUE: | Within 20 days, exclusive of day of service |
| ATTORNEY(S) / SENDER(S): | Timothy J. Hogan<br>1050 Bishop Street<br>No. 433<br>Honolulu, HI, 96813<br>808-382-3698 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 798243157064 |
| SIGNED:<br>ADDRESS:<br>TELEPHONE: | The Corporation Company, Inc<br>900 Fort Street Mall<br>Suite 1800<br>Honolulu, HI, 96813<br>808-534-4414 |

Page 1 of 1 / LR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) | |
| ) | Civ. No. 07 CV-0172 SOM-LEK |
| Plaintiff, ) | (Copyright) |
| ) | |
| vs. ) | |
| ) | |
| DEUTSCHE BANK TRUST ) | |
| COMPANY AMERICAS (F.A. ) | FIRST AMENDED COMPLAINT; |
| BANKERS TRUST COMPANY)AND ) | DEMAND FOR JURY TRIAL; |
| JP MORGAN CHASE BANK IN ) | AND SUMMONS |
| THEIR SEPARATE CAPACITIES ) | |
| AND AS AGENTS FOR THE PRE ) | |
| AND POST-PETITION LENDERS OF) | |
| FLEMING COMPANIES, INC.; ) | |
| GENERAL ELECTRIC CAPITAL ) | |
| CORPORATION; C&S Wholesale ) | |
| Grocers, Inc.,DOES 1 TO 200, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby complains of the above-entitled Defendants and alleges as follows:

## PARTIES

1.  Plaintiff is an independent software developer and inventor who at all times relevant to the matters complained of herein was a citizen and domiciliary of the State of Hawaii.

2.  Defendants Deutsche Bank Trust Company Americas formerly known as Bankers Trust Company and JP Morgan Chase Bank are the lead agents of those certain credit facilities for a syndicate of lenders of the former debtor Fleming Companies, Inc. and its subsidiaries dated June 18, 2002 and twice amended. Defendant General Electric Capital Corporation ("GECC") was also a lender to the former Fleming Companies, Inc. and is presently a lender to two additional borrowers and infringers of Berry works, C&S Wholesale Grocers, Inc. ("C&S")and Core-Mark Holdings, Inc. ("Core-Mark") and their subsidiaries. Together these lenders and the participants in the syndication of the June 18, 2002 loans (hereinafter the "Pre-Petition Lenders").

3.  Defendant C&S is, upon information and belief, a Vermont

2

Corporation doing business interstate and competes with Mr. Berry in the business of ocean freight logistics and is engaged in interstate commerce as the nation's second largest wholesale grocer.

4.  Does 1 through 200 are defendants whose identities and liability are not yet fully known to Plaintiff who has after diligent review of the records and documents been unable to properly identify. When their identities are made known to Plaintiff these defendants shall be identified as Does as set forth herein.

5.  On April 1, 2003, Fleming owed the Pre-Petition Lenders approximately $604,000,000 under the Pre-Petition Credit Agreement as of the Petition Date. $219,000,000 of that is owed under the revolving loan facility; $239,000,000 was owed on account of a term loan and $146,000,000 was committed to back outstanding letters of credit.

6.  Upon the Filing of the Fleming Bankruptcy petition on April 1, 2003, the Pre-Petition Lenders chose to cease lending under the Pre-Petition Credit Agreement.

7.  At the time of the filing of the Voluntary Petition on April 1, 2003, Fleming balance sheet showed liabilities far exceeding assets. Fleming possessed approximately $300,000,000 in inventory that was subject to claims under the Perishable Agricultural Commodities Act ("PACA") and the claims of creditors

3

exercising reclamation rights under state law that were both senior to the rights of the Pre-Petition Lenders. Fleming possessed certain contract rights under Facilities Standby Agreements ("FSA") with retail grocers but without additional product and the ability to service the FSA's Fleming's few marketable assets were in imminent risk of becoming virtually worthless.

8. Despite having touted state of the art distribution software, Fleming's actual interest in such technology was as a willful infringer of a work entitled Freight Control System 1993 ("FCS1993") and over one hundred subsidiary unpublished works that were and remain all owned by Wayne Berry as the author and copyright owner.

9. From on or about January 1, 2000 to the time of the filing of the voluntary Chapter 11 Bankruptcy petition on April 1, 2003, Fleming's Hawaii division was operating a freight logistics company using an illegal derivative of the Plaintiff's original work. This use continued to no earlier than June 9, 2003. This division along with feeder warehouses in California were the only parts of the Fleming wholesale operation that interested the only party willing to purchase the Fleming wholesale operations. The Hawaii division was entirely dependant on the use of illegal copies of Berry's works from the filing of the Petition to no earlier than June 9, 2003.

10. To avoid an imminent shutdown of its operations and to further the Pre-Petition Lenders goal of repayment of the Pre-Petition Credit Agreement, Fleming sought and obtained fresh working capital to fund on-going post-petition operations including the new acts of infringement of Plaintiff's works. To that end, certain of the Pre-Petition Lenders including the Defendants named herein agreed to fund Flemings's wholesale operations with an emergency $50,000,000 in financing (the "Bridge Financing") to save Fleming's operations from an imminent shut down. Hereinafter these lenders are referred to as the Post-Petition Lenders."

11. GECC despite having been given infringement warnings regarding the infringement of Berry works, for the purpose of financial gain, continues to provide financial support to Core-Mark and C&S and conducts the affairs of an enterprise engaged in interstate commerce as a principal, with full knowledge of the ongoing infringement of Berry works. The works that are being infringed include over one hundred separate works including over 20 registered works of original authorship and derivatives thereof all owned by Wayne Berry as the Copyright owner.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction under federal subject matter jurisdiction pursuant to the Federal Copyright Act 17 U.S.C. §§ 101, et seq. and 28 U.S.C.

§ 1338 (b); RICO 18 U.S.C. § 1962. State law claims are also proper under pendent jurisdiction.

13. Venue is proper in the District pursuant to 28 U.S.C. §§ 1391and 1400 because the wrongs that are the subject of this complaint occurred in the State of Hawaii or were directed against one of its citizens. Each of the Defendants named herein have had sufficient minimum contacts with the state of Hawaii to be amenable to service of process by a Hawaii court.[1] Venue is also proper in the District of Hawaii pursuant to §1965(a) of RICO, 18 U.S.C. §1965(a) because each of the defendants resides and/or is found to have an agent and/or transact their affairs in this district. As to foreign defendants, in accordance with §1965(b) of RICO, the ends of justice require that all defendants be brought before this Court.

14. On or about 1993, Plaintiff created an original work of authorship which was then fixed as a tangible medium of expression. (Hereinafter "FCS 1993").

15. The work was an original work and contained substantial amounts of material created by Plaintiff's own skill, labor and judgment.

---

[1] State of Hawaii Bureau of Conveyances Grantor / Grantee Search on 12/29/06 Showed over 400 Transactions related to Deutsche Bank Trust Company Americas and over 500 for JP Morgan Chase Bank.

16. The subject software work is copyrightable under the laws of the United States of America and was authored in the United States of America.

17. On or about October 1999, Plaintiff complied with the statutory formalities for registering his copyright in FCS 1993 by fully complying with Federal laws and regulations by depositing with the Copyright Office, two copies of the best version of the FCS 1993 source code, filing the application and paying the required fees.

18. Shortly thereafter, Plaintiff received a filed registration for FCS 1993 from the Copyright Office. The date, class and registration number certificate received from the Registrar of Copyrights is as follows: "Freight Control System" dated October 19, 1999, Copyright Registration Number TX 5-079-445. Additional works that continue to be infringed by C&S and Core-Mark include, but are not limited to, Prepaid vendor invoice definition for Crystal report.txt TX-5-268-865, SQL export queries, TXu-11-277-726, FCS1993 Terminal Reporting System, version 1.0, TXu-1-302-622, FCS 1993, crystal reports, pallet tags, version 1.0, TXu-1-3-2-623, Crystal report receiving report, version 1.0, Txu-1-302-624.

19. Additional registered works by registration include but are not limited to, TXu-1-302-625 to Txu-1-302-627; Txu-1-340-295 to 302. Additional works,

7