# Exhibit 4

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 22 2003

at ____ o'clock and ____ min ____ M.
WALTER A. Y. H. CHINN, CLERK

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) ) | Civ. No. CV CV03 00385 SOM LEK |
|       Plaintiff | ) ) | (Copyright) |
|   vs. | ) ) ) | VERIFIED COMPLAINT; EXHIBIT "A"; DEMAND FOR JURY TRIAL; SUMMONS |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; DOE INDIVIDUALS 1-350; DOE PARTNERSHIPS, CORPORATIONS and OTHER DOE ENTITIES 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|       Defendants. | ) ) ) | |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby complains of the above-entitled Defendants and alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction under federal subject matter jurisdiction pursuant to the Federal Copyright Act 17 U.S.C. §§ 101, et seq. and 28 U.S.C. § 1338 (b).

2.      Venue is proper in the District pursuant to 28 U.S.C. §§ 1391and 1400 because the wrongs that are the subject of this complaint occurred in the State of Hawaii and were directed against one of its citizens.   As set forth herein, each of the Defendants named herein have had sufficient minimum contacts with the state of Hawaii to be amenable to service of process by a Hawaii court.

3.      Defendant Hawaiian Express Service, Inc. ("HEX") is a corporation, formed under the laws of the State of California, with its principal place of business in the State of California.  HEX also maintains a place of business in the State of Hawaii and transacts business in the State of Hawaii.  HEX, HEST and CALPAC, through the unauthorized use of Plaintiff's intellectual property ship a significant portion of all food stuffs sold to consumers in the State of Hawaii.

2

HEX may be found in the State and maintain offices and agent in the State of Hawaii and conducts sufficient business in the State of Hawaii that it has availed itself of the benefits of the State of Hawaii and has more than sufficient minimum contact with Hawaii to make it amenable to service in the State of Hawaii because it is found in the State.

4.    Defendant H.E.S. Transportation Services, Inc. ("HEST") is a corporation, formed under the laws of the State of California, with its principal place of business in the State of California.  HEST transacts business in the State of Hawaii directly and through HEX and other entities.  HEX, HEST and CALPAC, through the unauthorized use of Plaintiff's intellectual property, ships a significant portion of all food-stuffs sold to consumers in the State of Hawaii. HEST and its agents and bailees may be found in the State of Hawaii and maintain offices in the State of Hawaii and conducts sufficient business in the State of Hawaii that it has availed itself of the benefits of the State of Hawaii and has more than the sufficient minimum contact with Hawaii make it amenable to service in the State of Hawaii.  By intentionally committing criminal and civil wrongs against a citizen of Hawaii HEST has had sufficient minimum contacts with the State of Hawaii to confer venue in this District.

5.    Defendant California Pacific Consolidators ("CALPAC") is a California corporation doing business in the state of Hawaii. CALPAC is a large supplier of refrigerated food products to the state of Hawaii and sells to both civilian and military customers.  HEX,  HEST and CALPAC, through the unauthorized use of Plaintiff's intellectual property, ships a significant portion of all food-stuffs sold to consumers in the State of Hawaii.   CALPAC and its agents and bailees may be found in the State of Hawaii and maintain offices in the State of Hawaii and conducts sufficient business in the State of Hawaii that it has availed itself of the benefits of the State of Hawaii and has more than the sufficient minimum contact with Hawaii make it amenable to service in the State of Hawaii. By intentionally committing criminal and civil wrongs against a citizen of Hawaii HEST has had sufficient minimum contacts with the State of Hawaii to confer venue in this District.

6.    Defendant Jeffrey P. Graham ("Graham") is a California Citizen and upon information and belief is the president of HEX, HEST and CALPAC.  Graham has responsibility for causing and directing the infringing activities that are the subject of this complaint and derives a direct financial benefit from the infringement.  Graham conducts sufficient business in the State of Hawaii that he may be found in the District of Hawaii and has purposely availed

4

himself of the benefits of the State of Hawaii and has more than the sufficient minimum contact with Hawaii make him amenable to service in the State of Hawaii. By committing intentional wrongs against a citizen of Hawaii, Graham has sufficient minimum contacts with the State of Hawaii to confer venue in this District.

7.    Defendant Peter Schaul ("Schaul") is a California Citizen and upon information and belief is the general manager of HEX, HEST and CALPAC. Schaul has certain responsibility for causing and directing the infringing activities that are the subject of this complaint and derives a direct financial benefit from infringement. Schaul conducts sufficient business in the State of Hawaii and may be found in the State of Hawaii and he has purposely availed himself of the benefits of the State of Hawaii and has more than the sufficient minimum contact with Hawaii make him amenable to service in the State of Hawaii. By committing intentional wrongs against a citizen of Hawaii, Schaul has sufficient minimum contacts with the State of Hawaii to confer venue in this District.

8.    Defendants Doe Individuals 1-350 and Doe Partnerships, Corporations and Other Entities 1-20 are persons who may be liable to plaintiff for that acts and omissions complained of herein, but whose names, identities and capacities are presently unknown to plaintiff and his attorney. These additional

5

Doe defendants will be identified upon their discovery by plaintiff.  Each user, and entity that derives a benefit from the infringement including the customers of each of the Defendants through the illegal use of the Berry Freight Control System is a separate infringer and when their identities are made know to Plaintiff will be made a party and serve as a separate basis for statutory damages should such damages be elected by plaintiff.    Each of these Doe Defendants are knowingly engaged in intentional wrongful acts of infringement directed against a citizen of the State of Hawaii and it would be just that they be made a defendant in this proceeding.

9.    Plaintiff Wayne F. Berry (the "Plaintiff" and "Developer")  is an individual national domiciliary of the United States and is a resident and citizen of the State of Hawaii and, as the software developer victim of HEX, Graham, Schaul HEST , CALPAC and the Doe Defendants' intentional, criminal and willful infringement has standing to bring the instant action.  All software that is the subject of this Verified Complaint was authored in the United States of America.

10.    Upon information and belief, the majority of all acts conferring venue relevant to this proceeding occurred in the State of Hawaii.  Each of the defendants are actively engaged in business activities in the State of Hawaii and have derived a direct financial benefit from the infringement that is the subject of

6

this Complaint and may be found in the State of Hawaii.

GENERAL ALLEGATIONS

11.　On or about 1993, Plaintiff created an original work of authorship which was then fixed as a tangible medium of expression. (the "Freight Control System").

12.　This original work was first published in 1995.

13.　The work was an original work and contained substantial amounts of material created by Plaintiff's own skill, labor and judgment.

14.　All of the subject software work is copyrightable under the laws of the United States of America.

15.　On or about October 1999, Plaintiff complied with the statutory formalities for registering his copyright in "Freight Control System" by fully complying with Federal laws and regulations by depositing with the Copyright Office, two copies of the best version of the Freight Control System source code, filing the application and paying the required fees.

16.　Shortly thereafter, Plaintiff received a filed registration for Freight Control System from the Copyright Office.　The date, class and registration number certificate received from the Registrar of Copyrights is as follows: "Freight Control System" dated October 19, 1999, Copyright　Registration

7

Number TX 5-079-445.   A true and correct copy of the Filed Registration is attached as Exhibit "A."

17.    All publications of the instant software have been with proper statutory notice.

18.    Freight Control System is a program Plaintiff wrote in Microsoft Access and Visual Basic using both the Visual Development Environment and hand-coding.   Freight Control System is primarily a database designed to control and monitor consolidation and containerization of freight.

19.    Freight Control System contains database tables, queries, screens and macros that handle Accounts Receivable, Accounts Payable, Job Costing, Logistic Scheduling and Real-Time Shipment Tracking. The principle unique feature of the database is the ability for a user of this system to control a large number of Purchase Orders and annotate shipping information to the records for billing and tracking purposes along with planning and scheduling efficiencies that translate directly to lower freight costs. The user can then build containers, which contain these individual Purchase Orders. The user can enter costs for both individual Purchase Orders and for entire containers. The system will allocate container costs to the individual Purchase Orders.   Finally, the "Bill To" party can be invoiced for the shipment and a profitability derived from the billed amount less the allocated

8

costs.

20.    Starting no later than October 1999, HEX began to operate the Berry Freight Control System under the claim that it was authorized under a license granted by Plaintiff to Fleming Companies, Inc. ("Fleming").

21.    Fleming is a willful infringer based on the jury verdict finding that Fleming has created unlicensed derivative copies of the Freight Control System.

22.    Upon information and belief, HEX, HEST and/or CALPAC have obtained an illegal pirated copy of the Freight Control System and/or have been using a illegal unlicensed derivative of the Freight Control System.   Shane Kelley, HEX, HEST and/or CALPAC's computer consultant  admitted in a telephone conversation with Wayne Berry that he had "seen his code."   Shane Kelley informed Mr. Berry that he would investigate the infringement and call him back with the results unless his investigation showed serious infringement.   Mr. Kelley never called back.

23.    HEST, HEX and CALPAC have had access to Mr. Berry's original work and have used an illegal derivative that is used to generate financial gain for all defendants.

24.    Upon information and belief HEST, HEX and CALPAC continue to use the Freight Control System and/or its derivative software to make profits

9

derived from the illegal use of a copyrighted work in violation of the Copyright

Act or, by possessing a copy, threaten the future use of such illegal software.

    25.   Plaintiff has never authorized this use and has informed defendants

and their attorney that the use of the software constitutes infringement.

    26.   On January 4, 2002, Defendant HEX answered Plaintiff Wayne Berry's

First Request for Answers to Interrogatories, in *Wayne Berry v. Fleming Companies,*

*Inc.,* Civ. No. CV01-00446 SPK LEK. (the "Interrogatory Responses").

    27.   In the Interrogatory Responses, HEX admitted, under oath, that, at the

direction of Fleming Companies, Inc., HEST uses the Berry Freight Control System

software to input information required by Fleming to comply with an oral contract

between Fleming and HEST.

    28.   In a deposition, Fleming's Hawaii division president Ralph Stussi

testified under oath that Fleming's contract was with HEX and had never heard of

HEST.

    29.   HEX, HEST, CALPAC, Shaul and Graham have, and through future

infringement will, all continue to derive revenue from the use of the Freight Control

System.

    30.   None of the defendants herein are licensed to use the Berry Freight

Control System.

10

31.    Neither HEX, HEST, CALPAC, Shaul and Graham nor any of their agents and/or bailees have any right to use the Freight Control System.

32.    Plaintiff has not given HEX, HEST, CALPAC Shaul and Graham permission to use his software and they are guilty of willful infringement.

33.    By letter dated April 9, 2003, Plaintiff demanded that HEX and HEST provide Plaintiff with satisfactory proof that they have stopped using his Freight Control System software.

34.    On May 1, 2003, defendants' attorney, Karen Fine, Esq. wrote in response to the letter stating that all access to the Fleming system had been terminated.

35.    Plaintiff alleges that defendants have obtained a pirated copy of his software.

36.    Fleming, HEX and HEST's principal, has admitted that it has granted HEX permission to use Plaintiff's software.  Fleming has been found a willful infringer and had no lawful right to grant such a license.

37.    HEX has admitted that HEST is using Plaintiff's software.

38.    This software contains trade secrets and the use by Defendants constitute infringement and Plaintiff continues to suffer irreparable harm.

39.    From and after October 1, 1999 to at least May 9, 2003, Defendants have

11

infringed upon Plaintiff's copyright as follows:

a.    Using software by remote access that places a copy of the Plaintiff's software on the computer of no less than ten users ;

b.    Using the software after receiving notice of the infringement and demand to cease and desist, and

c.    Providing illegal copies to third-parties including employees, agents, software developers and technicians who are not yet identified to Plaintiff by who are all infringers and who will be named later.

d.    Using third-party application sharing technology to permit unlicenced users to use the Plaintiff's software in violation of his copyrights.

e.    Deriving profits from the illegal use of the software.

40.    Defendants' activities constitute infringement of Plaintiff's copyright and Defendants have continued such conduct notwithstanding such notice.

### DIRECT INFRINGEMENT DAMAGES.

41.    For each of the defendants and the Doe Defendants yet to be named, Plaintiff is entitled to actual damages and his lost profits plus any profits made by the infringers from the use of the Freight Control System software by any of the defendants as a direct infringer.  These amounts will be determined at time of trial. Plaintiff reserves his right to claim, at a later date, the right to statutory damages

12

based on each defendants' separate liability for infringement.

42. Each time the Berry Freight Control System was used by the infringers, a copy of the software was created and this constitutes illegal copying.

43. Each employee and/or agent of defendants HEX and HEST is a separate infringer and Plaintiff is entitled to full statutory damages, upon election, for the willful infringement of each of these individual users up to $150,000 for each user.

## CONTRIBUTORY AND VICARIOUS INFRINGEMENT DAMAGES.

44. For each of the defendants and the Doe Defendants yet to be named, Plaintiff claims the right to damages based on theories of contributory and/or vicarious infringement.

45. As to vicarious liability, each defendant that has the ability to control the infringing use and is liable jointly and severally with the direct infringer for all damages resulting from the direct infringement.

46. Defendant Schaul and Graham, HEX, HEST and CALPAC are the first identified vicarious and contributory infringers.    Other officers, shareholders directors and principals are also liable as vicarious and contributory infringers these Doe Defendants shall be identified as they are discovered.

47. As to contributory infringement each defendant who knowingly contributes to another's infringement is liable for the infringement based on the direct

infringement by HEST, HEX, CALPAC and or Doe agents and employees as end-users. Defendants knew or should have known of the infringement and directly and materially contributed to the direct infringement.

48.    As to vicarious infringement each defendant had the right and ability to supervise infringing activity and also has a direct financial interest in such activities.

49.    As to each of these defendants, Plaintiff reserves, but does not yet elect, his right to statutory damages based on the infringement of each employee, customer and other user of the Freight Control System regarding defendants each as a separate infringer and a separate basis for joint statutory damages should Plaintiff elect statutory damages.

50.    Plaintiff also gives notice of his intent to seek costs and attorney's fees as provided by law.

<u>PRELIMINARY INJUNCTION</u>

51.    Based on the threat of continued violation of the copyright by its unauthorized use and transfers of unauthorized copies to third parties through application sharing technology or otherwise, Plaintiff is suffering irreparable injury and, because HEX, HEST and CALPAC have no lawful right to use the Freight Control System. Plaintiff has a strong likelihood of success on the merits and seeks a preliminary injunction as follows:

14

    a.    preliminary injunction against HEX, HEST, CALPAC and anyone claiming any rights to use the software derived from HEX and HEST,

    b.    impoundment of the infringing software during the pendency of this litigation,

    c.    preliminary injunction against infringing of the copyright,

    d.    permanent injunction against the infringement of the copyright,

    e.    seizure of all computer files derived from the infringement.

52.    That Plaintiff or his agents be permitted to inspect the defendant's business premises during normal business hours to verify that defendant's have complied with the Court's injunction.

WHEREFORE PLAINTIFF PRAYS FOR:

A. A temporary and permanent injunction directed to Defendants, and any agent or bailee of Defendants, as set forth herein and in the accompanying Motion, from using any software derived in part from the source code of Plaintiff's software as evidenced by the registration of copyrights;

B. An order permitting Plaintiff and or the United States Marshall or his/her Deputy to enter upon Defendants' or their agents' and/or bailees' premises and to enter upon the defendant's property and take possession of all software and data derived from the software that relates in any way to the software that is the subject

of this case;

C.  Damages for infringement of the copyright as provided by the Copyright Act without limitation;

D.    Accounting for all gains and profits derived by Defendants through infringement of copyright including a detailed accounting of all corporate and individual defendants' revenues produced from November 1, 1999 to the date of the order or the date that the infringement ceased, which ever is later;

E.    Delivery by Defendant of all copies of the offending software and all data created and the database associated with the software for destruction;

F.    Payment of the costs of the action and reasonable attorney's fees and;

G.    Such other and further relief as may be just.

Dated: Honolulu, Hawaii, _____ Jul 2 2 2003 _____ .



TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY

16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | Civ. No. CV _____ |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | VERIFICATION |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; | ) | |
| H.E.S. TRANSPORTATION, INC., | ) | |
| a California corporation; | ) | |
| CALIFORNIA PACIFIC | ) | |
| CONSOLIDATORS, INC., a | ) | |
| California corporation; JEFFREY | ) | |
| P. GRAHAM and PETER SCHAUL, | ) | |
| California citizens; DOE | ) | |
| INDIVIDUALS 1-350; | ) | |
| DOE PARTNERSHIPS, | ) | |
| CORPORATIONS and OTHER | ) | |
| DOE ENTITIES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## VERIFICATION

I, WAYNE BERRY, have read the foregoing Complaint; Exhibit "A", the facts

and the allegations stated herein are true and correct to the best of my knowledge,

information and belief.  The document attached as Exhibit "A" is a true and correct

copy  of my business records kept in the regular course of business.

DATED: Honolulu, Hawaii, _7/22/2003_____.

_Wayne Berry_____
WAYNE BERRY

Subscribed and sworn to before me
this 22ND day of ___JULY_____, 2003.

_Paul E. Strack_____

Notary Public, State of Hawaii

PAUL E. STRACK
My Commission Expires: 6/6/2004

2

# CERTIFICATE OF REGISTRATION

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**TX 5-079-445**



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

EFFECTIVE DATE OF REGISTRATION

OCT. 19, 1999
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**
Freight Control System

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give:    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

## 2

**a**

**NAME OF AUTHOR ▼**
Wayne Foster Berry

**DATES OF BIRTH AND DEATH**
Year Born ▼  1955    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Computer Program

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

## 3

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1993 ◀ Year

**b**

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ 11    Day ▶ 27    Year ▶ 95
USA    ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Wayne Foster Berry
425 South Street, #2603 A
Honolulu, Hawaii 96813

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
OCT. 19. 1999
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
OCT. 19. 1999
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**    • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.    • See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages



EXHIBIT "A"

EXAMINED BY _____  FORM TX

CHECKED BY

☐ CORRESPONDENCE
☐ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▶ _____ Year of Registration ▶ _____

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

**6**

See instructions
before completing
this space.

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                    Account Number ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Wayne Foster Berry
425 South Street, #2603
Honolulu, Hawaii 96813

**b**

Area code and daytime telephone number ▶ 808-545-5817        Fax number ▶ 808-545-5837

Email ▶ WayneB@pxg.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▶
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Wayne Foster Berry                                              Date ▶ 9-27-99

Handwritten signature (X) ▼

X _____ _Wayne Berry_ _____

**9**

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Wayne Foster Berry

Number/Street/Apt ▼
425 South Street, #2603 A

City/State/ZIP ▼
Honolulu, Hawaii 96813

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order
   payable to Register of Copyrights
3. Deposit material

As of
July 1,
1999,
the
filing
fee for
Form TX
is $30.

MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—200,000
WEB REV: June 1999

*U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/49

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | Civ. No. CV _____ |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; | ) | |
| H.E.S. TRANSPORTATION | ) | |
| SERVICES, INC., a California | ) | |
| corporation; CALIFORNIA | ) | |
| PACIFIC CONSOLIDATORS, INC., | ) | |
| a California corporation; JEFFREY | ) | |
| P. GRAHAM and PETER SCHAUL, | ) | |
| California citizens; DOE | ) | |
| INDIVIDUALS 1-350; DOE | ) | |
| PARTNERSHIPS, | ) | |
| CORPORATIONS and OTHER | ) | |
| DOE ENTITIES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEMAND FOR JURY TRIAL

Plaintiff Wayne Berry hereby respectfully demands a trial by jury of all issues

triable thereto.

Dated: Honolulu, Hawaii, _____ JUL 2 2 2003

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY

AO 440 (Rev. 10/93) Summons in a Civil Ac

# United States District Court

DISTRICT OF _____ Hawaii _____

### SUMMONS IN A CIVIL CASE

WAYNE BERRY, a Hawaii citizen,

V.

CASE NO.: Civil. No. _____

HAWAIIAN EXPRESS SERVICE, INC., a California
corporation; H.E.S. TRANSPORTATION SERVICES, INC.,
a California corporation; CALIFORNIA PACIFIC
CONSOLIDATORS, INC., a California corporation;
JEFFREY P. GRAHAM and PETER SCHAUL, California
citizens; DOE INDIVIDUALS 1-350; DOE PARTNERSHIPS,
CORPORATIONS and OTHER DOE ENTITIES 1-20,

TO: (Name and address of defendant)

The Above-Named Defendants

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Lynch Ichida Thompson Kim & Hirota
TIMOTHY J. HOGAN, ESQ.
1132 Bishop Street
Suite 1405
Honolulu, HI 96813
Phone: 808-528-0100
Fax: 808-528-4997
None

an answer to the complaint which is herewith served upon you, within ___20 (twenty)___ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

WALTER A.Y.H. CHINN

JUL 2 2 2003

CLERK

DATE

/s/ Erin Taniguchi

SEAL

(BY) DEPUTY CLERK