UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BERRY,<br><br>    Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200,<br><br>    Defendants. | Case No. 01:07 CV 7634 (WHP)<br><br>ECF Case |

REQUEST FOR JUDICIAL NOTICE AND APPENDIX OF EXHIBITS IN
SUPPORT OF DEUTSCHE BANK TRUST COMPANY AMERICAS AND
<u>JP MORGAN CHASE BANK'S MOTION TO DISMISS</u>

                                      KIRKLAND & ELLIS LLP
                                      Michael E. Baumann (admitted *pro hac vice*)
                                      Erin N. Brady (admitted *pro hac vice*)
                                      777 South Figueroa Street
                                      Los Angeles, California 90017
                                      Telephone: (213) 680-8400
                                      Facsimile: (213) 680-8500

                                              - and -

                                      WHITE & CASE LLP
                                      Andrew DeNatale (ADN 2429)
                                      Jonathan Moskin (JM 9814)
                                      1155 Avenue of the Americas
                                      New York, New York 10036-2787
                                      Telephone: (212) 819-8200
                                      Facsimile: (212) 354-8113

In ruling on a motion to dismiss, a court may take judicial notice of matters of public record. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts may "look to public records . . . in deciding a motion to dismiss"). And a court may take judicial notice of court documents. *See Cameron v. Church*, 253 F.Supp.2d 611, 623 (S.D.N.Y. 2003) (relying on court filings from an earlier case when dismissing claims on grounds of res judicata). Indeed, courts routinely take judicial notice of bankruptcy court dockets, and pleadings filed therein. *See*, *e.g.*, *Colotone Liquidating Trust v. Bankers Trust N.Y. Corp.*, 243 B.R. 620, 622 n.2 (S.D.N.Y. 2000) (taking judicial notice of the confirmation order, plan of reorganization and the related trust instrument); *Buttes Gas & Oil Co. v. Cal. Reg'l Water Quality Control Bd. (In re Buttes Gas & Oil, Co.)*, 182 B.R. 493, 494 (Bankr. S.D. Tex. 1994) (taking judicial notice of the docket sheet and Bankruptcy Court file, and concluding therefrom that all of the debtor's creditors are being paid pursuant to the plan).

This Court may also take judicial notice of the contents of any document attached to the complaint or incorporated into the complaint by reference, the contents of any relevant public disclosure documents required to be filed with the SEC, and the contents of any other documents that are integral to a plaintiff's complaint (so long as a plaintiff has undisputed notice of their contents). *See*, *e.g.*, *Adelphia Commc'ns Corp. v. Bank of Am., N.A. (In re Adelphia Commc'ns Corp.)*, 365 B.R. 24, 34 (Bankr. S.D.N.Y. 2007) (taking judicial notice of documents incorporated in the complaint by reference); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice of the contents of SEC filings); *Cortec Indus., Inc. v. Sum Holdings, L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991), *cert*. *denied*, 503 U.S. 960 (1992) (taking judicial notice of documents where "there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim").

Accordingly, Deutsche Bank Trust Company Americas and JP Morgan Chase Bank (collectively, "Defendants") respectfully ask this Court to take judicial notice of the following documents, which are included as exhibits to this Request, for purposes of assessing the Defendants' motion to dismiss Plaintiff's Second Amended Complaint:

1. <u>Exhibit A</u> attached hereto is a true and correct copy of the January 26, 2005 summary judgment order entered in the Berry/Fleming litigation;[1]

2. <u>Exhibit B</u> attached hereto is a true and correct copy of the Delaware Bankruptcy Court's[2] April 3, 2003 order authorizing Fleming's use of cash collateral;

3. <u>Exhibit C</u> attached hereto is a true and correct copy of the Delaware Bankruptcy Court's April 3, 2003 Bridge Financing Order;

4. <u>Exhibit D</u> attached hereto is a true and correct copy of the Delaware Bankruptcy Court's May 7, 2003 order authorizing post-petition financing and Fleming's use of cash collateral;

5. <u>Exhibit E</u> attached hereto is a true and correct copy of the Delaware Bankruptcy Court's August 15, 2003 order approving the sale of Fleming's wholesale distribution assets (exhibits are intentionally omitted);

6. <u>Exhibit F</u> attached hereto is a true and correct copy of the Second Amended Verified Complaint that Berry filed in the Berry/Fleming litigation on June 10, 2004;

---

[1] All references to the Berry/Fleming litigation refer to *Wayne Berry v. Hawaiian Express Services, et al.*, Civ. No. CV 03-00385 SOM-LEK, which Berry filed in the District of Hawaii in July 2003.

[2] All references to the Delaware Bankruptcy Court refer to *In re Fleming Companies, et al.*, Case No 03-10945 (MFW), which Fleming filed in the Bankruptcy Court for the District of Delaware on April 1, 2003.

7. <u>Exhibit G</u> attached hereto is a true and correct copy of the June 27, 2005 summary judgment order entered in the Berry/Fleming litigation;

8. <u>Exhibit H</u> attached hereto is a true and correct copy of an October 21, 2005 order entered in the Berry/Fleming litigation;

9. <u>Exhibit I</u> attached hereto is a true and correct copy of the December 5, 2005 final pretrial statement that Berry filed in the Berry/Fleming litigation;

10. <u>Exhibit J</u> attached hereto is a true and correct copy of the March 9, 2006 Judgment entered in Berry/Fleming litigation;

11. <u>Exhibit K</u> attached hereto is a true and correct copy of the March 2, 2007 order on the parties' motions for awards of attorneys' fees and costs in the Berry/Fleming litigation;

12. <u>Exhibit L</u> attached hereto is a true and correct copy of the March 9, 2006 order denying Plaintiff's motion for entry of a permanent of injunction, entered in the Berry/Fleming litigation;

13. <u>Exhibit M</u> attached hereto is a true and correct copy of the Plaintiff's initial disclosures in this case, dated January 15, 2008;

14. <u>Exhibit N</u> attached hereto is a true and correct copy of the April 27, 2006 tolling agreement entered into between Berry and Defendants;

15. <u>Exhibit O</u> attached hereto is a true and correct copy of the Delaware Bankruptcy Court's July 26, 2004 order confirming and approving Fleming's plan of reorganization;

16. <u>Exhibit P</u> attached hereto is a true and correct copy of the plan of reorganization confirmed and approved by the Delaware Bankruptcy Court's July 26, 2004 order (as attached to that order as Exhibit A);

-4-

17. <u>Exhibit Q</u> attached hereto is a list of pleadings that Berry filed in the Delaware Bankruptcy Court, as reflected on the bankruptcy court's electronic docket;

18. <u>Exhibit R</u> attached hereto is a true and correct copy the transcript from the hearing held in the Delaware Bankruptcy Court on July 26, 2004;

19. <u>Exhibit S</u> attached hereto is a true and correct copy of the credit agreement between Fleming and certain lenders dated June 18, 2002, as available on the Securities and Exchange Commission website;

20. <u>Exhibit T</u> attached hereto is a true and correct copy of the credit agreement between Fleming and certain lenders dated May 2003, as attached to the Delaware Bankruptcy Court's May 7, 2003 order authorizing Fleming's proposed post-petition financing.

DATED:  January 25, 2008

By:   /s/ Michael E. Baumann

KIRKLAND & ELLIS LLP
Michael E. Baumann (admitted *pro hac vice*)
Erin N. Brady (admitted *pro hac vice*)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:     (213) 680-8400
Facsimile:      (213) 680-8500
E-mail:  ebrady@kirkland.com

Counsel for Defendants

- and -

WHITE & CASE LLP
Andrew DeNatale (ADN 2429)
Jonathan Moskin (JM 9814)
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:     (212) 819-8200
Facsimile:      (212) 354-8113
E-mail:  adenatale@ny.whitecase.com

Of Counsel for Defendants