# EXHIBIT I

FILE-STAMPED COPY OF
FIRST PAGE TO
COMPLETE YOUR RECORD

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 0 5 2005

at _3_ o'clock and _32_ min, _P_ M
SUE BEITIA, CLERK

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **FINAL PRETRIAL STATEMENT;** |
| | ) | **CERTIFICATE OF SERVICE** |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF WAYNE BERRY'S**
**FINAL PRETRIAL STATEMENT**

Comes now Plaintiff Wayne Berry ("Plaintiff") by and through its

undersigned counsel and hereby submits his Final Pretrial Statement pursuant to

L.R. 16.6.

(a). **Party**. Plaintiff, Wayne Berry, is a independent software developer

LYNCH ICHIDA THOMPSON KIM & HIROTA



TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) | Civ. No. CV03 00385 SOM-LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. ) | **FINAL PRETRIAL STATEMENT;** |
| ) | **CERTIFICATE OF SERVICE** |
| HAWAIIAN EXPRESS SERVICE, ) | |
| INC., a California corporation; et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF WAYNE BERRY'S
## FINAL PRETRIAL STATEMENT

Comes now Plaintiff Wayne Berry ("Plaintiff") by and through its

undersigned counsel and hereby submits his Final Pretrial Statement pursuant to

L.R. 16.6.

    **(a). Party.**   Plaintiff, Wayne Berry, is a independent software developer

and submits this Final Pretrial Statement.

(b). **Jurisdiction and Venue**.  This Court has jurisdiction under federal subject matter jurisdiction pursuant to the Federal Copyright Act 17 U.S.C. §§ 101, et seq. and 28 U.S.C. § 1338(a).  Venue is proper in the District of Hawaii pursuant to 28 U.S.C. § 1440.

(c). **Substance of Action**.  The Court has previously ruled in regard to motions for summary judgment that the Defendants, Fleming Companies, Inc. and seven of its employees, violated Mr. Berry's exclusive rights provided by the Copyright Act, Title 17 U.S.C. § 106 and are infringers, as a matter of law.  These infringements occurred in the period from April 1, 2003 to June 9, 2003.  Mr. Berry's EULA provided minimum damages for violation of his rights of $2 million for each defendant.   Mr. Berry claims a reasonable license fee from all defendants.  Further, Fleming employed Mr. Berry's work to unlawfully obtain gross revenues that are also, Mr. Berry's lost profits.

(d). **Undisputed Facts**.  Fleming and the Employee's are infringers.  Neither Fleming nor the employee infringers have paid Mr. Berry anything for the use of his software.   This is the second time Fleming has been found an infringer of Mr. Berry's work.  The Court has ruled that it is undisputed that during the relevant period, the only freight control software Fleming had and used was Mr. Berry's

2

infringed work to operate the Fleming logistics department. <u>See</u> Order Regarding Summary Judgment, Dated October 21, 2005 at pg. 27. The Kinrich report did not attempt to establish an alternative reasonable license fee relying instead on the erroneous legal conclusion that the lack of a "bottom line" profit meant no recovery in regard to infringement for lost license or profits.

(e). **Disputed Factual Issues**. Fleming and the employees deny that Mr. Berry's work is causally connected to the income it produced in the period of April 1, 2003 to June 9, 2003.

(f). **Relief Prayed**. Plaintiff seeks a final judgment again establishing that Fleming again has engaged in copyright infringement. A permanent injunction against Fleming, the seven employees and any other person with notice, to cease all use of his FCS works and return all copies, including all derivatives. In this trial Plaintiff seeks his actual damages in the amount of $1,772 per container shipped using his software plus all of Fleming's profits derived from the infringement. Plaintiff will prove no less than 500 containers a week were shipped during the relevant period.

As to Mr. Berry's right to the profits generated through the infringing use of his work, under the Copyright Act, Plaintiff need only produce evidence of the infringer's gross revenues pursuant to 17 U.S.C. § 504 (b) as follows:

3

The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. <u>In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue,</u> and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504 (b) (Emphasis added).

Fleming has resisted several attempts by Plaintiff to obtain discovery of the factual basis for Fleming's "deductible expenses and elements of profit attributable to factors other than the copyrighted work." Neither Fleming nor its expert produced any evidence to support over 92% of the deductible expenses that the expert claimed in his report. Pursuant to the Copyright Act, Fleming will have the burden at trial to prove what, if any, deductible expenses and the elements of profit attributable to factors other than the copyrighted work. Because Fleming and its damage expert failed to disclose this information and Fleming resisted its discovery, and Fleming has shared what it claims to be privileged materials with its experts, Plaintiff will seek, through a motion <u>in limine</u>, to prevent the introduction of any such evidence at trial and seek actual damages in the full amount of Fleming's sales as set forth above and to strike any reference to its experts' reports.

4

Plaintiff has provided a basis for calculating actual damages substantiated by historical data contained in the Freight Control System database. This data shows the actual gross revenues earned by API and Fleming for the years 1996 to July 2003 as a direct result of using Berry's software. The expert report of Thomas Ueno, CPA confirms that this is a reasonable license fee. This fee is chargeable to Fleming and each of its employees.

In addition to a reasonable license fee, Fleming derived profit from the use of Plaintiff's software from April 1, 2003 to June 9, 2003. Mr. Berry has the burden to prove that amount and Fleming has the burden to prove what portion of this revenue did not derive from the infringement.

Other actual damages include the estimated loss of revenue that Plaintiff would have received from Fleming for having made legal program changes and derivatives. Plaintiff will testify regarding this additional lost revenue.

Alternatively, Plaintiff may elect, any time before entry of judgment, to convert his damages to "statutory damages" pursuant to 17 U.S.C. §504©. Because all of the defendants have claimed to not be liable for each other's infringement, the total amount of statutory damages available to the Plaintiff, based on the earlier

ruling that the infringement was not willful[1], is $30,000 times 8 or $240,000 plus full costs and attorneys fees.

### (g). Points of Law.

Generally addressed in prior orders of the Court. Issues of law that may arise are the effect of admissions contained in the Fleming reorganized debtor's SEC filings that admit that the loss of freight logistics software could cause serious negative effects on the company.

The failure to provide Plaintiff documents given to the Fleming trial experts requires that their reports be stricken and they be prohibited from testifying. Fleming takes the position that it can maintain attorney-client privilege over materials given to a trial expert that is contrary to all legal authority. By asserting the privilege over the trial experts, they are now disqualified.

In addition, the evidence strongly suggests that Mark Dillon continued to operate derivative Berry databases after June 9, 2003. The Court must determine whether this evidence should be admitted at a minimum to rebut any claim that Dillon was able to correct the problems that the company had encountered in using the spreadsheets that is evidenced in the Fleming emails.

─────────────────────────

[1] Plaintiff respectfully preserves this and all other issues for purposes of appeal.

**(h).  Previous Motions and Dispositive Orders.**

| DATE | PARTY | DESCRIPTION |
|------|-------|-------------|
| 7/22/03 | PLAINTIFF | NOTICE OF MOTION; PLAINTIFF WAYNE BERRY'S MOTION FOR ENTRY OF TRO PENDING PRELIMINARY INJUNCTION; MEMO IN SUPPORT; DEC OF TJH; EXS A-F; DEC OF BERRY; EXS A-D; COFS |
| 9/03/03 | FLEMING | FLEMING'S MOTION TO TRANSFER, STAY OR DISMISS BERRY'S AMENDED COMPLAINT FILED 8/13/03 UNDER THE FIRST-TO-FILE RULE; MEMO IN SUPPORT; EX. A; DEC OF SMITH; COFS |
| 9/03/03 | DILLON | NOTICE OF HRG; DILLON'S MOTION TO TRANSFER, STAY OR DISMISS UNDER THE FIRST-TO-FILE RULE; MEMO IN SUPPORT; CERT OF COMPLIANCE; COFS |
| 9/08/03 | PLAINTIFF | PLAINTIFF'S REQUEST TO CLERK FOR ENTRY OF DEFAULT OF DEFENDANTS C&S LOGISTICS OF HAWAII, LLC AND HAWAII TRANSFER COMPANY, LIMITED; DEC OF COUNSEL; EXHIBITS A-B; NOTICE OF ENTRY OF DEFAULT |
| 9/09/03 | C&S | NOTICE OF HRG MOTION OF C&S, ETAL.'S MOTION TO TRANSFER STAY OR DISMISS BERRY'S AMENDED COMPLAINT FILED 8/13/03 UNDER THE FIRST-TO-FILE RULE; MEMO IN SUPPORT; DEC OF LOPEZ; COFS |

7

| | | |
|---|---|---|
| 9/19/03 | CHRISTENSEN | NOTICE OF HRG MOTION; CHRISTENSEN'S MOTION TO TRANSFER, STAY OR DISMISS UNDER THE FIRST-TO-FILE RULE; MEMO IN SUPPORT OF MOTION ; CERT OF COMPLIANCE; COFS |
| 9/19/03 | C&S LOG | NOTICE OF HRG MOTION; C&S LOGISTICS  MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMO IN SUPPORT; DEC OF SMITH; COFS |
| 10/24/03 | PLAINTIFF | PLAINTIFF'S EX PARTE MOTION FOR ORDER CONTINUING HEARINGS ON VARIOUS MOTIONS TO TRANSFER, STAY OR DISMISS, ETC. |
| 11/26/03 | NOA | NOTICE OF HRG; NOA'S MOTION TO TRANSFER, STAY OR DISMISS UNDER THE FIRST-TO-FILE RULE; MEMO; CERT OF COMPLIANCE, COFS |
| 12/02/03 | FLEMING | NOTICE OF HRG; FLEMING'S, ET AL.'S MOTION FOR APPOINTMENT OF SPECIAL DISCOVERY MASTER; EX A-D; MEMO IN SUPPORT; DEC OF SMITH; COFS |
| 12/08/03 | FLEMING | NOTICE OF W/DRAWAL OF FLEMING, ET AL.'S MOTION TO TRANSFER, STAY, OR DISMISS PLAINTIFF'S AMENDED COMPLAINT FILED 8/13/03, UNDER THE FIRST-TO-FILE RULE FILED 9/3/03; COFS |
| 12/08/03 | HEX | NOTICE OF W/DRAWAL OF HEX'S PARTIAL JOINDER IN DILLON, CHRISTENSEN, FLEMING AND C&S |

|  |  | LOGISTICS, C&S WHOLESALE GROCERS, C&S ACQUISITIONS' MOTIONS TO TRANSFER, STAY OR DISMISS, ETC.; COFS |
|---|---|---|
| 12/08/03 | DILLON, ET AL. | NOTICE OF W/DRAWAL OF (1) DILLON'S MOTION TO TRANSFER, ETC.; (2) CHRISTENSEN'S MOTION TO TRANSFER, ETC.; (3) NOA'S MOTION TO TRANSFER, ETC; COFS. |
| 12/15/03 | COHEN-ES3 | NOTICE OF HRG; COHEN AND ES3'S MOTION TO STRIKE OR IN THE ALTERNATIVE TO DISMISS; MEMO IN SUPPORT; COFS |
| 01/16/04 | PLAINTIFF | NOTICE OF HEARING; PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMO IN SUPPORT OF MOTION; DEC OF TJH; EXHIBIT A; COFS |
| 01/16/04 | PLAINTIFF | NOTICE OF HEARING; PLAINTIFF'S MOTION FOR RELIEF FROM RULE 16 SCHEDULING ORDER; MEMO IN SUPPORT; DEC OF TJH; EXHIBIT A; COFS |
| 1/20/04 | FLEMING | NOTICE OF HRG MOTION; FLEMING, ET AL.'S MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMO IN SUPPORT OF MOTION; DEC OF LEX SMITH; EXHIBITS "A" - 'C'; COFS |
| 5/28/04 | BERRY | NOTICE OF MOTION; WAYNE BERRY'S MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION; MEMO IN |

|  |  | SUPPORT; DEC OF TJH; EX A-Y; DEC OF WAYNE BERRY; EX A-F; CERTIFICATION OF PURSUANT TO L.R. 75(E); COFS |
|---|---|---|
| 9/07/04 | FLEMING | NOTICE OF FLEMING, C&S LOGISTICS OF HI, C&S WHOLESALE GROCERS, C&S ACQUISITIONS'S MOTION FOR APPOINTMENT OF SPECIAL MASTER; FLEMING'S MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMO IN SUPPORT; DEC OF SMITH; EX "A"; CERT OF COMPLIANCE W/LOCAL RULE 37.1 [PROPOSED] ORDER; COFS |
| 9/10/04 | FLEMING | EX PARTE MOTION TO SHORTEN TIME FOR HRG RE: APPT OF SPECIAL MASTER FILED 9/07/04 |
| 9/15/04 | FLEMING | EX PARTE MOTION TO SHORTEN TIME FOR HRG RE: APPT OF SPECIAL MAST FILED 9/07/04 |
| 9/30/04 | PLAINTIFF | NOTICE OF HEARING MOTION; PLAINTIFF'S MOTION FOR RELIEF FROM SCHEDULING ORDER; DECLARATION OF TJH; EXHIBITS A-F; COFS |
| 9/30/04 | GRAHAM | NOTICE OF NON-HEARING MOTION; GRAHAM AND SCHAUL'S MOTION TO AMEND THE 5/7/04 AMENDED RULE 16 SCHEDULING ORDER TO ALLOW THEIR FILING OF A DISPOSITIVE MOTION AFTER FURTHER |

10

DISCOVERY, ETC.

| | | |
|---|---|---|
| 9/30/04 | FOODLAND | NOTICE OF HEARING OF MOTION; FOODLAND'S MOTION TO DISMISS UNDER RULE 12(B)(6), AND/OR MOTION FOR SJ; MEMO IN SUPPORT; CERT. OF COMPL.; COFS |
| 9/30/04 | DILLON | DILLON, CHRISTENSEN, NOA'S MOTION FOR SJ; MEMO; CERT OF COMP; COFS |
| 10/01/04 | HI TRANSFER | NOTICE OF HRG; HI TRANSFER'S MOTION FOR SJ; MEMO IN SUPPORT; CERT. OF COMPLIANCE; COFS |
| 10/08/04 | J MOLLWAY | ORDER DENYING BERRY'S MOTION FOR PRELIMINARY INJUNCTION |
| 10/22/04 | FOODLAND | NOTICE OF HEARING; FOODLAND'S MOTION FOR PROTECTIVE ORDER; DEC OF WALL; DEC OF CHUN; EXHIBITS A-D; CERT OF COMPLIANCE; COFS |
| 10/22/04 | FOODLAND | EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON FOODLAND'S MOTION FOR PROTECTIVE ORDER; DEC OF COLOMBE; EX 1 AND 2; ORDER GRANTING; COFS |
| 10/25/04 | BERRY | NOTICE OF NON-HEARING MOTION; BERRY'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION FILED ON 10/8/04; MEMO OF LAW; DEC OF TJH; |

11

EXHIBITS A-G; COFS

| | | |
|---|---|---|
| 10/25/04 | J KOBAYASHI | ORDER GRANTING DEF' MOTION FOR APPOINTMENT OF SPECIAL MASTER; ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT DILLON, CHRISTENSEN AND NOA'S [JOINDER] SUBSTANTIVE JOINDER IN DEF'S MOTION |
| 10/27/04 | PLAINTIFF | NOTICE OF EX PARTE MOTION; PLAINTIFF WAYNE BERRY'S EX PARTE MOTION FOR ORDER CONTINUING MOTIONS FOR SJ SCHEDULED FOR HRG ON 11/28/04, ETC. |
| 11/01/04 | J MOLLWAY | ORDER DENYING PLAINTIFF WAYNE BERRY'S EX PARTE MOTION FOR ORDER CONTINUING MOTIONS FOR SUMMARY JUDGMENT AND SETTING NEW BRIEFING DEADLINES |
| 11/03/04 | PLAINTIFF | NOTICE OF NON-HEARING MOTION; PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR ORDER CONTINUING MOTIONS FOR SJ, ETC. |
| 11/04/04 | J MOLLWAY | ORDER GRANTING BERRY'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR ORDER CONTINUING MOTIONS FOR SJ |

12

| 2/17/05 | PLAINTIFF | MOTION TO QUASH SUBPOENA DIRECTED TO Y. HATA & CO., LTD OR, IN THE ALTERNATIVE, FOR THE ISSUANCE OF 1PROTECTIVE ORDER; MEMO OF LAW; DEC OF TJH; EXHIBITS A-D; DEC OF BERRY; COFS |
| --- | --- | --- |
| 2/23/05 | PONCE, PURDY | NOTICE OF HRG; PONCE, PURDY, FUKUMOTO, WAIOLAMA AND RIO'S MOTION FOR SJ; MEMO IN SUPPORT; CERT OF COMPLIANCE; COFS |
| 3/21/05 | PLAINTIFF | NOTICE OF NON-HEARING; PLAINTIFF'S MOTION FOR RELIEF FROM SCHEDULING ORDER; DEC OF TJH; EXHIBITS A-C; COFS |
| LODGED | PLAINTIFF | NOTICE OF HEARING ON CROSS MOTION FOR SJ; CROSS MOTION FOR SJ AND ENTRY OF PERMANENT INJUNCTION OR IN THE ALTERNATIVE, PRELIMINARY INJUNCTION AGAINST PONCE, ET AL.; MEMO IN SUPPORT; COFS |
| 4/14/05 | PCT | NOTICE OF HRG; MOTION FOR RELIEF FROM SCHED ORDER SETTING DEADLINES FOR DEF'S EXPERT REPORT AND DISPOSITIVE MOTIONS CUTOFF; DEC OF SMITH; EXHIBITS A-E; COFS |
| 4/14/05 | PCT | EX PARTE MOTION TO SHORTEN TIME FOR HRG MOTION FOR RELIEF FROM SCHED ORDER |

| | | |
|---|---|---|
| 4/20/05 | PLAINTIFF | NOTICE OF HRG; PLAINTIFF'S MOTION FOR SJ AGAINST ALL DEFS; MEMO IN SUPPORT; CERTIFICATION; COFS |
| 4/27/05 | FLEMING | NOTICE OF HRG; MOTION OF FLEMING'S MOTION UNDER RULE 56(f) FOR CONTINUANCE OF REPONSE AND HEARING DATES APPLICABLE TO PLAINTIFF'S MOTION FOR SJ AGAINST ALL DEFENDANTS FILED 4/20/05; MEMO IN SUPPORT; DEC OF LOPEZ DEC OF WALKER; DEC OF CAPOZZOLA; EXHIBITS A-0; COFS |
| 4/27/05 | FLEMING | FLEMING'S EX PARTE MOTION FOR ORDER SHORTENING TIME |
| 5/11/05 | ALIX PTNERS | ALIX PARTNERS' EX PARTE APP FOR ADMISSION PRO HAC VICE OF SHELDON TOLL; DEC OF KOMEIJI; DEC OF TOLL; ORDER GRANTING |
| 6/02/05 | DILLON | NOTICE OF HRG MOTION; DILLON, ET AL'S COUNTER-MOTION FOR SJ; MEMO IN SUPPORT; CERT OF COMPLIANCE; COFS |
| 6/02/05 | C&S | NOTICE OF HRG; C&S LOGISTICS, ET AL.'S COUNTERMOTION FOR SJ; COFS |
| 6/02/05 | PCT | NOTICE OF HEARING; PCT'S COUNTERMOTION FOR SJ OR, IN THE ALTERNATIVE, PARTIAL SJ; COFS |
| 6/02/05 | DILLON | NOTICE OF HRG; DILLON ET AL.'S MOTION FOR SJ; MEMO IN SUPPORT; CERT OF COMPLIANCE; COFS |

14

| | | |
|---|---|---|
| 6/29/05 | PLAINTIFF | PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE SETTLEMENT AGREEMENT UNDER SEAL ; DEC OF TJH; ORDER GRANTING; COFS |
| 6/29/05 | PLAINTIFF | PLAINTIFF'S EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HRG ON PLAINTIFF'S MOTION FOR ENTRY OF ORDER FINDING GOOD FAITH SETTLEMENT RE: HAWAIIAN EXPRESS RELATED DEFS; DEC OF TJH; EXHIBIT "A"; ORDER GRANTING; COFS |
| 6/30/05 | PLAINTIFF | NOTICE OF HRG; PLAINTIFF'S MOTION FOR ENTRY OF ORDER FINDING GOOD FAITH SETTLEMENT RE: HAWAIIAN EXPRESS RELATED DEFS; DEC OF TJH; EXHIBIT "A" UNDER SEAL; COFS |
| 7/11/05 | PLAINTIFF | PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE: PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER, ETC. |
| 7/12/05 | PLAINTIFF | PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER, ETC. FILED UNDER SEAL |
| 7/12/05 | PLAINTIFF | PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART, DENYING IN PART, BERRY'S MOTION FOR SJ, ETC. |
| 7/15/05 | PCT | PCT'S EX PARTE MOTION FOR ORDER GRANTING DEFENDANTS' REQUEST TO PERMIT DILLON TO VIEW PLAINTIFF'S MOTION FOR |

15

|  |  | RECONSIDERATION FILED UNDER SEAL ON 7/12/05; DEC OF SMITH; COFS |
|---|---|---|
| 7/15/05 | PCT | NOTICE OF HRG; PCT, ET AL.'S MOTION TO SHORTEN TIME FOR HRG ON DEF'S MOTION FOR ORDER GRANTING DEF'S REQUEST TO PERMIT DILLON TO VIEW PLAINTIFF'S MOTION FO RECONSIDERATION FILED UNDER SEAL ON /7/12/05; DEC OF SMITH; EXHIBITS A-D; COFS |
| 7/22/05 | DILLON | DILLON, ET AL.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART, DENYING IN PART, ETC. |
| 7/25/05 | DILLON ET AL. | EX PARTE MOTION TO FILE UNDER SEAL DILLON, ET AL'S MOTION FOR RECON OF ORDER GRANTING IN PART, DENYING I PART, BERRY'S MOTION FOR SJ;, ETC. |
| 7/28/05 | J MOLLWAY | EX PARTE MOTION OF PLAINTIFF FOR ORDER PERMITTING THE FILING OF A SINGLE CONSOLIDATED REPLY UNDER SEAL RE OPPOSITIONS TO MOTION FOR RECON EXCEEDING THE PAGE LIMITATIONS OF L.R. 7.5©; DEC OF TJH; ORDER RE: EX PARTE MOTION; COFS |
| 8/24/05 | PCT | NOTICE OF HRG; PCT'S MOTION FOR PARTIAL SJ ON DAMAGES; MEMO; COFS |

| | | |
|---|---|---|
| 8/24/05 | DILLON | NOTICE OF HRG; DILLON, ET AL.'S MOTION FOR SJ ON DAMAGES; MEMO; CERT OF COMP; COFS |
| 10/26/05 | PLAINTIFF | NOTICE OF HRG; PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY GUIDANCE SOFTWARE, INC. SHALL NOT BE HELD IN CONTEMPT FOR FAILURE TO PRODUCE THE FULL 4.6 GIGABYTE UNALLOCATED CLUSTER AS ORDERED; MEMO; DEC OF TJH; EX A-I; DEC OF BERRY; EX-A-B; COFS |
| 10/26/05 | PLAINTIFF | NOTICE OF MOTION; PLAINTIFF BERRY'S MOTION FOR ISSUANCE OF PERMANENT INJUNCTION AND ORDER DIRECTING RETURN, DESTRUCTION OR OTHER REASONABLE DISP OF ALL COPIES OF FREIGHT CONTROL SYSTEM; MEMO; DEC OF TJH; EX A-G; DEC OF BERRY; EX A-E; COFS |

(I).    **Witnesses to be Called**.

1.    Wayne Berry. c/o Lynch Ichida Thompson Kim & Hirota, 1132

Bishop Street, Suite 1405 Honolulu Hawaii 96813 (808) 528-

0100. Plaintiff, software developer. Liability and Damages.

Also as president and custodian of records of API for

authentication and evidence regarding damages.

17

2.    Thomas Ueno, CPA, c/o Thomas Ueno, CPA.

3.    Teresa Noa, c/o Lyle Hosoda and Associates,  345 Queen Street,

Suite 804, Honolulu, Hawaii 96813. Testimony regarding

damages and causation.

4.    Sonia Purdy, c/o Lyle Hosoda and Associates,  345 Queen

Street, Suite 804, Honolulu, Hawaii 96813. Testimony

regarding damages and causation.

5.    Justin Fukumoto, c/o Lyle Hosoda and Associates,  345 Queen

Street, Suite 804, Honolulu, Hawaii 96813. Testimony

regarding damages and causation.

6.    Alfredda Waiolama, c/o Lyle Hosoda and Associates,  345

Queen Street, Suite 804, Honolulu, Hawaii 96813. Testimony

regarding damages and causation.

7.    Jacqueline Rio, c/o Lyle Hosoda and Associates,  345 Queen

Street, Suite 804, Honolulu, Hawaii 96813. Testimony

regarding damages and causation.

8.    Mark Dillon, c/o Lyle Hosoda and Associates,  345 Queen

Street, Suite 804, Honolulu, Hawaii 96813. Testimony

regarding damages and causation.

18

8.    Melvin Ponce, c/o Lyle Hosoda and Associates, 345 Queen Street, Suite 804, Honolulu, Hawaii 96813. Testimony regarding damages and causation.

9.    Brian Christensen, Fleming, 91-315 Hanua Street, Kapolei, HI 96707, (808) 682-7300.    Testimony regarding damages and causation.

10.    Professor Philip Johnson, Ph.D, c/o University of Hawaii.

Plaintiff hereby names and reserves the right to call any witness identified by any other party and any additional witnesses including those necessary for the purpose of authenticating documents including attorneys who produced them and any rebuttal witnesses.

**(j).    List of Exhibits, Schedules and Summaries.**

**I.    Documents to be Offered by Plaintiff.**

1.    Screen Print Summaries of FCS Logistics.data to establish number of changes made by Dillon regarding Berry right to payment for changes made illegally in use of Dillon derivatives.

2.    Fleming's Corporate Earnings.   SEC documents related to Fleming's corporate earnings pre-bankruptcy as well as operating report regarding company income post-bankruptcy and from sale to C&S.

19

3.    The End User License Agreement and first Addendum.
("EULA").  Mr. Berry's license to Fleming and its employees separately for the
use of his Freight Control System and agreement by Fleming and the employees to
pay no less than $2 million for infringement.

4.    The November 24, 1999 Second Addendum to the EULA.
An agreement between Mr. Berry and Fleming to modify his EULA to permit
changes to be made to Crystal Reports.

5.    Damage Model and Backup disclosed in the first trial
including   Summaries of API business records and historical Fleming
performance.  The Summaries updated with more recent FCS data from discovery.
First case exhibits 124 to 130 as updated for this case, derived from API business
records.

6.    Fleming Emails of Mark Dillon and Teresa Noa regarding
replacement of the system and how spreadsheets didn't function and that each of
the employee defendants knew they were using Berry's software subject to his
EULA.

7.    Summary of Foodland invoices obtained in discovery.
Voluminous Documents.

8.    Summary of Kmart invoices obtained in discovery.

20

Voluminous Documents.

        9.     Summary of Horizon Lines invoices obtained in discovery. Voluminous Documents.

        10.    Correspondence with Fleming regarding payment for making changes to software by Plaintiff.  A00501.

        11.    Powerpoint -  What FCS does.

        12.    Powerpoint - "Fleming's freight system that handles ALL inbound and outbound freight" SEC reports, PR Newswires and other admission of Fleming.

        13.    API documents and/or summaries of voluminous data regarding transactions per container. This will rebut any claim that the employees could operate this volume of freight without automation.

        14.    Dillon's Testimony at hearing on Preliminary Injunction that they could not operate without automation.

        15.    Redline of 11/24/1999 Addendum.  A00505.

        16.    Copy of the Berry Freight System Software including . A00519.

        17.    Affidavits of Employee Defendants filed in support of their MSJ on June 5, 2004, regarding admission to be using Berry system to earn

their income through the use of unlicensed intellectual property.

18.    Mark Dillon Declarations Filed in Delaware Bankruptcy Court regarding use of Berry System.

19.    October 2002 Settlement Letter - $48 Million regarding Fleming's knowledge of cost infringement.

20.    Summary and excepts from Fleming Bankruptcy Schedules – Including Hawaii GE Tax.

21.    Exhibits To Fleming Bk. Docket 2679 (Complaint By Fleming) including Affidavit of Damian Capozzola with exhibits.

22.    Dillon Deposition in first case.

23.    Dillon Declaration and Exhibits regarding the Motion for Reconsideration of Summary Judgment regarding use of Berry FCS and FHL Data after June 9, 2003.

24.    Trial Transcript of Dillon and Noa testimony in first case.

25.    Dillon Deposition 12/16/03  Volume 1.

26.    Dillon Deposition 12/23/03  Volume 2.

27.    Dillon Deposition – Exhibits.

28.    Dillon Production of Current Software – Access Database and spreadsheets and queries.

29.    Guidance CD – File Directory Listings received in 2004.

30.    Kmart / Fleming Supply Contract. Regarding value of Berry system.

31.    Kmart / Fleming Logistics Contract . Regarding value of Berry system.

32.    Fleming / C&S APA.  Regarding value of Berry system.

33.    Fleming / C&S APA Addendums from SEC Site. Regarding value of Berry system.

34.    Fleming / C&S APA Schedules,  Regarding value of Berry system.

35.    C&S Projections / Pro Forma for Kapolei Fleming Purchase.   Regarding value of Berry system.

36.    Delaware Bankruptcy Court Transcripts – Re: Berry's Software.

37.    Berry v Fleming (First Case Copyright Infringement) – Jury Verdict and Final Judgment.

38.    FCS Copyright registration.

39.    Docket 2664 - Objection to Motion For Order (A) Approving Asset Purchase Agreement with C&S Wholesale Grocers, Inc.

40.  Order Dismissing Fleming's TRO Request Against Berry (Re: Docket 2679).

41.  Docket 5573 - Limited Objection to Plan and Disclosure Statement.

42.  Docket 8471 - Motion for Relief from Stay or in the Alternative, Relief from the Discharge and Permanent Injunction.

43.  Mercer Report – Shipping West Coast To Hawaii.

44.  Fleming Hawaii Sales – PBN Military Contract Article.

45.  Order Affirming Discovery Limitations Filed on May 7, 2004.

46.  Wall Street Journal Article – September 5, 2002 regarding Fleming use of Berry system to overcharge Hawaii customers.

47.  Affidavit of Damian Capozzola In Support of Fleming's Motion for Order Estimating Administrative Claim Filed by Wayne Berry and Fleming's Objection to Claim Filed by Wayne Berry (Claim No. 18428).

48.  Affidavits of Dillon and Noa re: Injunction motion regarding using Berry works like API.

49.  Damage Model From Original Trial ($57 Million Per Year).

50.    Fleming / Horizon Tariffs Showing Actual Costs.

51.    Kirkland & Ellis Time Records – Reject Berry "End User License Agreement" Admission.

52.    Ralf Stussi letter re: Fleming Shared Savings for making changes.

53.    Excerpts from FCS regarding Fleming's savings that should have been shared with Berry used by Ueno.

54.    Email – Dave Badten Re: Manugistics

55.    Fleming Correspondence Re: Infringement

56.    Welch's Diversion documents showing the use of the Berry system to effect diversions.  Includes deduction documents and cross-dock related documents.

57.    K&E Admissions - Attorney Fees For Infringement as of June 2004.

58.    Berry Affidavit for Injunction and Exhibit. 2004 09

59.    Fleming / SEC Docs Re: Enforcement Summer 2004

60.    Berry Declaration from Fleming Confirmation Hearing

61.    Berry Declarations Regarding Spoliation and Exhibits.

62.  Docket 8928 & 8927 Berry Objection To Estimation Motion.

63.  Ron Griffen, EVP & CIO Email Re: Infringement

64.  Summary regarding support for $1772 Per Container – Exhibits from 1st Trial.

65.  Noa EMail - Horizon 10% - Matson 90% to support estimates of volume.

66.  Horizon lines Adversary Proceeding complaint and support for Fleming claim to support estimates of volume.

67.  Summaries of Fleming GET Tax payments from Bankruptcy related schedules supporting volume by proof of Fleming sales and income from infringing activity.

68.  Kellogg Mainland-Hawaii Price Lists from API records.

69.  Sample Kellogg Freight Allowance Program from API records.

70.  Sample Kelloggs PO and Costs Showing 29% Markup Instead of 7% from API records.

71.  Fleming Flat Rate - Allowance Price Sheet from API records.

72.    Christensen Depo. And exhibits including C&S Pro Forma support document.

73.    Injunction Hearing - Dillon Testimony regarding closing the Logistics Department.

74.    FCS Database – 4 Years P&L from API/Fleming – PDF & Excel. from API records.

75.    Stussi Recon - Cudahy $202,981 - Page 14 from API records.

76.    1994 API Proposal to Fleming 2 Ctns Per Week from API records.

77.    Fleming Frt Bill To Foodland - GE Tax for Resale - Half Percent.

78.    PBN Article - Fleming $250 Million Per Year

79.    API 1997 Sales - Costs and 40 Dry to 60 Reefer from DB from API records.

80.    API Progress Report to Fleming - 1st 3 qtrs - 11 ctns per week - 10 employees – Next Step "Computer System" from API records.

81.    Foodland Presentation regarding Freight from API records.

82.    1997 US Census Retail Food and Beverage – Hawaii

83.    Fleming C&S Letter Agreement August 4, 2003.

84.    Fleming Letter to Foodland on Overcharges.

85.    Berry - Order Granting Relief from Stay and Fleming Confirmation.

86.    F1 Project admission.

87.    K&E Time Records regarding damages.

88.    PCT vs Fleming Mgmt Complaint filed in Texas DC.

89.    Infringement letters to Employees.

90.    Butcher Paper handwritten notes how system was licensed to be used and functions it performed from first trial.

## II.    **Other Fleming Documents to be Offered by Plaintiff.**

1.    Drive of Fleming Materials admitted to be from Guidance Before Images.

2.    DVD of Fleming Materials from Guidance After Images.

3.    Copy of Derivative FCS Logistics Data.mdb, FHL Data.mdb and other Dillon derivatives used in period after April 1, 2003.

4.    Spreadsheets obtained from Guidance Before and After Images.

5.  Plaintiff's Statement of how much Fleming would have to pay to make the changes, legally. HF00036.

6.  Consulting and Management Services Breakdown. HF00037 to HF0045.

7.  Assistance with Programming Changes letter. HF 00131.

8.  Cost per case program. HF00227.

9.  Fleming Memo. re: Pre-paid vendors. HF00251.

10. Fleming copy of EULA. HF 00252. Berry Copy is A00474.

11. License violation. HF 00257.

12. Reports that Fleming was requesting 10/27/99. HF 00258.

13. API invoices HF 00284-5, HF 00288

14. Fleming Bankruptcy Schedules (7-11 contracts, Fleming software lists, GE Tax).

15. Fleming Plan of Reorganization and order confirming plan.

16. F1 Materials Collection (Winn Dixe savings - Manugistics - incorporation of Core-Mark into F1).

17.    Manugistics Contracts and Claims from Fleming Bankruptcy (programmer rates, software license fees, fees per unit and maintenance fees).

18.    SEC - Evidence that Core Mark is "Wholesale Grocer" re: change in SIC.

19.    Core-Mark Form 10 and 10Q (regarding negative effect if software is taken away).

20.    Fleming 10Q (comparison - no mention of effect if software is taken away).

21.    Archie Dykes' "Berry Technology" Letter.

22.    OPL invoice, HF 00315.

23.    Teresa Noa Job Description. Excel spreadsheets obtained in discovery from Fleming in the Guidance materials.

24.    Fleming Exhibit 282 Re: EDI 875 and updated copies of such transactions regarding Fleming using Berry home phone number and API identity theft regarding its ongoing business.

## IV.    Additional Documents to Be Offered by Plaintiff.

25.    Thomas Ueno,  Report to be offered by Plaintiff.

30

26.     Backup, notes and related articles.  J 00035 to J00274, includes Asset Purchase Agreement dated October 9, 1999 between API and Fleming.

27.     Settlement and Release Agreement among API, A&A Consolidators, Inc., Jack and Heidi Borja, and Fleming made on October 7, 1999.

28.     Memorandum from Ralph Stussi to Wayne Berry, License agreement for freight control system, dated November 24, 1999.

29.     Email from Dave Badten to MarkD re: edi transmission to Fleming Hawaii logistics, dated November 19, 1999.

30.     Transcript of Proceedings in the *Wayne Berry vs. Fleming Companies, Inc., et al.*

31.     Professor Johnson's Report, Supplemental Report and Declarations filed in support of Motions, Oppositions and Request for Reconsideration of Motions.

32.     Ronald Griffin email thread regarding Berry system.

33.     Email from Ron Hatch dated 6/17/2003 Re: Spreadsheet in 03 FHL 147 and 150 regarding spreadsheet function and return to database.

34.     Email from Teresa Noa to Ron Hatch dated 6/16/2003 re: Spreadsheet function and buying time using the database.

31

35. Email from Fredda Waiolama dated 6/25/2003 Re: Adding PO's to the Logistics Spreadsheet.

36. Email from Teresa Noa 6/8/2003 regarding reports needed - most recent from FHL 150 Deleted Items.dbx.

37. Copy of Logistics Data.xls showing the use of the Berry system to operate with the spreadsheets and numbers of containers.

38. Copy of Kmart billing Spreadsheets for relevant periods.

39. Military Roll Up for Freight Charges to the USA- DOD DeCA.

40. Jackie Rio transcript including, but not limited to admission that Fleming bills USA-DOD DeCA for freight logistics.

41. Numerous Emails regarding proof that Fleming Bills USA-DOD DeCA for freight logistics regarding. C. Thielen.

42. Employee Job Descriptions showing the integral role the freight program played in daily activities.

43. CAP Gemini Teleconference Notes regarding the need to have the Berry Database.

44. Noa Profit Loss reports used in support of Berry Op. To Damage MSJ.

32

45. Copy Logisitcs Data-Mel.xls.

46. Copy Logisitcs Data-Jakie.xls.

47. Copy Logisitcs Data-Teresa.xls.

48. Copy of Logistics Data-Sonia.xls.

49. Copy of Accounting Data - justin.xls.

50. Copy of Accounting data -Jackie.exs.

51. Copy of Prepaid Backhaul.xls.

52. Copy of Logistics Proposal of Transition.exs.

53. Copy of Logistics Department Analysis.xls.

54. Copies of Kmart Billing for Weeks ending 4/11/03 to

06/20/03 8 Files.

55. Copy of Logistics Data 060803 1321.xls.

56. Copy of Accounting1.xls.

57. Copy of Non-Product Wires 3.31 thru 5.16.

58. Copy of unallocated cluster and files recovered from it to

recreate the actual database running at Fleming in relevant period.

59. Fleming Pleading's making admissions.

60. Fleming Answers to Interrogatories regarding non-

existence of replacement software.

33

61.  Fleming Responses to Documents Requests.

62.  Fleming declarations filed in the case.

63.  Plaintiff reserves the right to supplement this based on pending discovery, resolution of the outstanding issues related to the Guidance materials and documents to be used for impeachment and/or rebuttal or otherwise.

64.  Core-Mark Holdings, Inc. Form 10K filed on November 30, 2005, with the SEC and excepts.  Offered as an admission of the defendant and its attorneys that without freight software food distribution company will go out of business.

65.  Fleming financials regarding corroboration of Ueno Gross Revenues figures.

66.  Declaration of Thomas Ueno in support of op to MSJ and the exhibits.

67.  Critical Function Summary power point derived from Noa Spreadsheets and job descriptions regarding Logistics Functions and Berry System.

68.  Ralf Stussi notes regarding API - Fleming 1999 transaction.

69.  Copies of Manugistics Freight Contracts and amount paid by Fleming for other freight software regarding issue of reasonableness.  From

Fleming BK documents.

70.    Core-Mark Holdings, Inc. Balance Sheet regarding Freight Logistics Software value from Form 10 filing with SEC.

71.    Fleming's 2002 Form 10K regarding value of software to the entity regarding F1 project admitting: We plan on improving operating cash flows in the future through the following initiatives: increasing the sales volume in each of our facilities; reducing cost of goods sold and improving inventory management through our centralized procurement; increasing inventory turns and warehouse productivity; and reducing transportation costs through the implementation of new technology.   This was used to sell stock and raise capital from bond purchasers.

(k).    **Further Discovery**.  Plaintiff has filed a Motion for Order to Show Cause re: the Guidance Materials.  The Magistrate has yet to rule on the Motion but indicated that she would not enforce the Master's order that the Court said was not a court order.

(l).    **Stipulations**. None.

(m).    **Amendments**.  Changing Caption to include the Fleming Companies, Inc. and the Post Confirmation Trust and Core-Mark Holdings, Inc. as Judgment Debtors.

35

(n).   **Settlement Discussions**. Consistent with local rule, Plaintiff has recently made comprehensive offers to settle for the approximate amount of attorneys fees and costs that will be incurred by the time the trial concludes but has received no response from the PCT or the employees. C&S's counsel made a brief telephone inquiry regarding the terms of the offer.

(o).   **Agreed Statement**. None.

(p).   **Bifurcation**. Plaintiff can see no basis for bifurcation as trial is as to damages only.

(q).   **Reference to master of magistrate judge**. Not agreeable.

(r).   **Appointment or limitation of Experts**. Still awaiting the Court appointed expert's report regarding status of C&S system and current possession of Berry works and derivatives relevant to permanent injunction.

(s).   **Trial**. January 24, 2004. Jury.

(t)    **Estimate of trial time**. Three days.

(u)    **Claims of privilege or work product**. Fleming knowingly gave its attorney client materials to its trial expert Martin Walker, Ph.D who reviewed them and created two supplemental reports. Plaintiff warned the PCT counsel prior to their giving of the materials to their expert that the effect of the turn over would be the waiver of privilege. Plaintiff requests that the Court order that the privilege

is waived.  The Court is request to rule so that materials can be used at trial.  In addition, the claim that the Experts are covered by the privilege disqualifies them from testifying in this case.

### (v).    **Miscellaneous**.

The Court is requested to order that the protective order may be modified for trial to permit preparation of witness using materials that have been designated attorney's eyes only.

DATED: Honolulu, Hawaii, _____ DEC  5 2005 _____.

TIMOTHY J. HOGAN
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WAYNE BERRY, a Hawaii citizen;  ) Civ. No. CV03 00385 SOM-LEK
            ) (Copyright)
     Plaintiff,     )
            ) **CERTIFICATE OF SERVICE**
  vs.         )
            )
HAWAIIAN EXPRESS SERVICE,  )
INC., a California corporation; et al., )
            )
    Defendants.    )
_____ )

## CERTIFICATE OF SERVICE

   I hereby certify that true and correct copies of the foregoing document were

duly served upon the following parties via hand delivery and/or first class mail,

postage prepaid, to their last known addresses on _____**DEC 5 2005**_____:

   HONORABLE SUSAN OKI MOLLWAY   Hand Delivered
   Judge of the United States District Court
   District of Hawaii
   PJKK Federal Building
   300 Ala Moana Boulevard
   Honolulu, Hawaii 96813

   MAGISTRATE LESLIE E. KOBAYASHI   Hand Delivered
   Magistrate of the United States District Court
   District of Hawaii
   PJKK Federal Building
   300 Ala Moana Boulevard
   Honolulu, Hawaii 96813

LEX R. SMITH, ESQ.                          Hand Delivered
ANNE E. LOPEZ, ESQ.
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Attorneys for Defendant
Fleming Companies, Inc.
C&S Wholesale Grocers, Inc.,
C&S Logistics of Hawaii, LLC,
C&S Acquisitions, LLC, ES3, LLC
and RICHARD COHEN

ERIC C. LIEBELER, ESQ.                      First Class Mail,
DAMIAN CAPOZZOLA, ESQ.                       Postage Prepaid
MELISSA M. DULAC, ESQ.
R. OLIVIA SAMAD, ESQ.
Kirkland & Ellis
777 South Figueroa Street
Los Angeles, CA 90017
Attorneys for Defendant Fleming Companies, Inc.

SHELDON S. TOLL, ESQ.                       First Class Mail,
2000 Town Center, Suite 2550                 Postage Prepaid
Southfield, MI 48075
Attorney for Defendant
ALIX PARTNERS, LLC

LYLE HOSODA, ESQ.                           Hand Delivered
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Attorney for Defendants Mark Dillon,
Brian Christensen and Teresa Noa
Melvin Ponce, Alfredda Waiolama,
Jacqueline Rio, and Justin Fukumoto

2

REX FUJICHAKU, ESQ.                     Hand Delivered
Bronster Crabtree & Hoshibata
1001 Bishop Street, Suite 2300
Pauahi Tower
Honolulu, Hawaii 96813
Attorneys for Defendants
GUIDANCE SOFTWARE, LLC
and MICHAEL GURZI

WESLEY H. H. CHING, ESQ.                Hand Delivered
Fukunaga, Matayoshi, Hershey & Ching, LLC
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Attorney for Defendant
Hawaii Transfer Company, Limited

JOHN T. KOMEIJI, ESQ.                   Hand Delivered
GREGORY Y.P. TOM, ESQ.
KAREN Y. ARIKAWA, ESQ.
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
ALIX PARTNERS, LLC

CLYDE MATSUI, ESQ.                      Hand Delivered
Matsui Chung Sumida & Tsuchiyama
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 1400
Honolulu, Hawaii 96813

DATED: Honolulu, Hawaii, _____ DEC 5 2003 _____.

TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY

3