UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
      :
WAYNE BERRY,      :
      :
                              Plaintiff,    :
      :
             - against -    :    No. 07-CV-07634 (HB) (AJP)
      :
DEUTSCHE BANK TRUST COMPANY    :
AMERICAS (F.A. BANKERS TRUST    :
COMPANY) AND JP MORGAN CHASE BANK    :
IN THEIR SEPARATE CAPACITIES AND AS    :
AGENTS FOR THE PRE AND POST-PETITION    :
LENDERS OF FLEMING COMPANIES, INC.,    :
GENERAL ELECTRIC CAPITAL    :
CORPORATION; C&S WHOLESALE    :
GROCERS, INC., DOES 1-20 TO 200,    :
      :
                              Defendants.  :
      :
------------------------------------------------------------X

## DECLARATION OF LEX R. SMITH

        LEX R. SMITH declares, under penalty of perjury pursuant to 28 U.S.C.A. § 1746, that:

        1.    I am an attorney licensed to practice law in the State of Hawaii, the United States District Court for the District of Hawaii, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court, and am fully familiar with the facts below.

        2.    I represented C&S Wholesale Grocers Inc. ("C&S") as its outside counsel in litigation filed against it by Plaintiff Wayne Berry in Hawaii and originally captioned *Wayne Berry vs. Hawaiian Express Service Inc.*, Civ No. CV 03 00385 SOM-LEK (D. Haw.) (the "Hawaii Case").

10877649

3. Attached as Exhibit A to this Declaration are pages from the August 4, 2003 transcript of proceedings in the bankruptcy of the Fleming Companies, Inc. before the Honorable Mary Walrath in the United States Bankruptcy Court for the District of Delaware.

4. Attached as Exhibit B to this Declaration is a true copy of the First Amended Complaint filed by Plaintiff in the Hawaii Case on August 13, 2003. The pleadings prior to August 13, 2007 had not named C&S as a defendant.

5. Attached as Exhibit C to this Declaration is a true copy of the Second Amended Complaint filed by Plaintiff in the Hawaii Case on June 18, 2004.

6. Attached as Exhibit D to this Declaration is a true copy of an Order entered in the Hawaii case on June 27, 2005 granting summary judgment in C&S's favor on all claims.

7. Attached as Exhibit E to this Declaration is a true copy of a motion for permanent injunction filed by Plaintiff against C&S on October 26, 2005.

8. Attached as Exhibit F to this Declaration is a true copy of further briefing filed by Plaintiff on January 19, 2006 seeking a permanent injunction against C&S.

9. Attached as Exhibit G to this Declaration is a true copy of further briefing filed by Plaintiff in Hawaii on February 21, 2006 seeking a permanent injunction against C&S.

10. Attached as Exhibit H to this Declaration are true copies of pages 18 through 41 from the transcript of proceedings on March 7, 2006 before the Honorable Susan O. Mollway in which Plaintiff's counsel urged the court in the Hawaii Case to enter a permanent injunction against C&S.

11. Attached as Exhibit I to this Declaration is a true copy of the court's March 9, 2006 order in the Hawaii Case denying Plaintiffs' motion for permanent injunction.

12. Attached as Exhibit J to this Declaration is a true copy of a final judgment entered in C&S's favor in the Hawaii Case on March 16, 2006.

13. Attached as Exhibit K to this Declaration is a true copy of the October 25, 2006 Report and Recommendation of the Honorable Magistrate Judge Leslie Kobayashi for an award of attorneys' fees to C&S in the Hawaii Case.

14. Attached as Exhibit L to this Declaration is a true copy of a March 2, 2007 Order of Judge Mollway in the Hawaii Case, adopting the Magistrate Judge's recommendation to award attorneys' fees to C&S.

15. The reference by Plaintiff in his current pleading to deposition questions asked of him by me relates to questions in a judgment debtor examination that I took of Plaintiff on August 13, 2007 in my office in Honolulu in an attempt to enforce the award of attorney's fees in favor of C&S granted by Judge Mollway.

16. Attached as Exhibit M to this Declaration are printouts from the United States Copyright Office official website relating to each of the copyright registrations cited by Plaintiff in his First Amended Complaint in the case now before this Court in New York. These official records confirm that each of the programs registered by Plaintiff and a subject of his current lawsuit was created years before this case or the Hawaii Case was filed. The dates claimed by Plaintiff for the creation of those programs are summarized from those official records in the chart below:

| Registration Number | Date of Creation |
|---|---|
| TX0005079445 | 1993 |
| TX0005268865 | 1999 |
| TXu001277726 | 1999 |
| TXu001302622 | 1998 |
| TXu001302623 | 1997 |
| TXu001302624 | 1998 |

| | |
|---|---|
| TXu001302625 | 1998 |
| TXu001302626 | 2993 (sic) |
| TXu001302627 | 2993 (sic) |
| TXu001340295 | 1998 |
| TXu001340296 | 1996 |
| TXu001340297 | 1998 |
| TXu001340298 | 1998 |
| TXu001340299 | 1996 |
| TXu001340300 | 1998 |
| TXu001340301 | 1998 |
| TXu001340302 | 1996 |

17. Attached as Exhibit N to this Declaration is a true copy of the First Amended Complaint in the case now pending before this Court in New York.

18. Attached as Exhibit O to this Declaration is a true copy of the Second Amended Complaint in the case now pending before this Court in New York.

19. I never told Timothy Hogan, counsel for Plaintiff, that C&S was using or ever used anything authored by Plaintiff.

20. After Mr. Hogan informed the court in the Hawaii Case that he was leaving his law firm, Lynch Ichida Thompson Kim & Hirota, a Law Corporation, I had a conversation with the managing partner of that firm, Wesley Ichida. I asked him, in words or substance, "is your attorney lien for sale?" Mr. Ichida responded, in words or substance, that "we thought of that too." No further discussion of that issue has occurred. No one representing C&S has made any offer or proposal to Mr. Ichida or his firm or entered into any understanding or agreement with Mr. Ichida or anyone associated with his firm relating in any way to that subject (or, since the time Mr. Ichida's firm ceased to be Plaintiff's counsel, relating to Plaintiff in any way). I have no knowledge of any specifics of the relationship between Plaintiff and any of his current or former counsel.

21.   As far as Plaintiff' divorce is concerned, I received a telephone call once from someone (I do not remember whom) who wanted to know how to serve Plaintiff in connection with that divorce. I told the caller the date and time that I understood Plaintiff's counsel was scheduled to be at court for a settlement conference. To the best of my knowledge, no one attempted or effected any service at that conference. Shortly after the judgment debtor examination I took of Plaintiff on August 13, 2007, I received a telephone call from counsel for Plaintiff's wife informing me that Plaintiff had been served at a restaurant in Florida with some sort of process in his divorce action. Neither I nor C&S had any advance knowledge of the service in Florida and no role whatsoever in it.

22.   Neither I nor C&S has entered into any agreement of any kind, directly or indirectly, with Plaintiff's former wife.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Honolulu, Hawaii
       January 25, 2008

_____
Lex R. Smith