# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

WAYNE BERRY,

        Plaintiff,

    vs.

HAWAIIAN EXPRESS SERVICE, INC., ET AL.,

        Defendants.

CIVIL NO. 03-00385 SOM-LEK

## REPORT OF SPECIAL MASTER ON DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND DEFENDANTS C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC, ES3, LLC, AND RICHARD COHEN'S MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS

Before the Court, pursuant to a designation by United States District Judge Susan Oki Mollway, are Defendants Guidance Software, Inc. and Michael Gurzi's (collectively "Guidance") Motion for Award of Attorneys' Fees and Costs, filed March 30, 2006 ("Guidance Motion"), and Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions LLC, ES3, LLC, and Richard Cohen's (collectively "C&S") Motion for Award of Attorneys' Fees and Full Costs, filed March 23, 2006 ("C&S Motion"). Guidance requests $86,927.04 in attorney's fees and $9,973.32 in costs, for a total of $96,900.36, and C&S requests $162,330.50 in attorney's fees and $9,949.48 in costs, for a total award of $171,886.24. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court of

the District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the C&S Motion should be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award Guidance attorney's fees in the amount of $47,561.18 and costs in the amount of $4,096.32, for a total award of $51,657.50. The Court also FINDS and RECOMMENDS that the C&S Motion should be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award C&S attorney's fees in the amount of $84,758.98 and that the district court deny C&S's request for costs without prejudice.

## **BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case. The Court will only address the events that are relevant to the motions currently before the Court.

Defendant Fleming Companies, Inc. ("Fleming") hired Guidance to provide forensic computer services in connection with a prior copyright infringement action between Plaintiff Wayne Berry ("Plaintiff"), Fleming, and other entities. As part of its service, Guidance preserved duplicates of Fleming's computer system for litigation purposes. On or about July 24, 2003, Plaintiff's counsel sent Fleming's counsel an e-mail alleging

that the duplication infringed upon Plaintiff's copyrighted work.
Fleming's counsel responded in a July 28, 2003 letter, stating
that the duplication was permissible under the fair use doctrine
of the Copyright Act.  The letter cited Religious Technology
Center v. Wollersheim, 971 F.2d 364 (9th Cir. 1992), and Jartech,
Inc. v. Clancy, 666 F.2d 403 (9th Cir. 1982).  Plaintiff and
Guidance engaged in talks in an attempt to avoid litigation, but
these were unsuccessful.

Plaintiff filed his Second Amended Verified Complaint
("SAVC") on June 18, 2004.  The SAVC alleged the following claims
against Guidance, C&S, and numerous other defendants: direct
copyright infringement (Count I); contributory and vicarious
copyright infringement (Count II); conspiracy to infringe (Count
III); misappropriation of trade secrets (Count IV); violations of
the Sherman Act (Count V); and Racketeering Influenced and
Corrupt Organization ("RICO") violations (Count VI).  Guidance
and C&S moved for summary judgment on April 20, 2005 and June 2,
2005, respectively.  The district court granted both motions in a
June 27, 2005 order ("Summary Judgment Order").  In ruling that
Guidance's actions constituted fair use, the district court cited
both of the cases in Fleming's counsel's July 28, 2003 letter.

The case eventually case proceeded to trial against the
remaining defendants: Fleming's Post-Confirmation Trust ("PCT")
and Defendant Employees Mark Dillon, Teresa Noa, Melvin Ponce,

Sonia Purdy, Justin Fukumoto, and Jacqueline Rio.  On March 7, 2006, the jury returned a verdict in favor of Plaintiff against Fleming, Mr. Dillon, and Ms. Noa.  A judgment was issued based on the jury verdict on March 9, 2006 ("March 9 Judgment").  On March 16, 2006, a Second Amended Judgment was issued which addressed all of Plaintiff's claims against all of the defendants.[1]

## I.    Guidance Motion

Guidance now seeks its attorney's fees and costs, arguing that, because it prevailed on Plaintiff's copyright infringement claims, it is entitled to an award pursuant to 17 U.S.C. § 505.  Guidance also argues that it is entitled to its taxable costs under 28 U.S.C. § 1920.  Guidance argues that Plaintiff's claims were frivolous and that Plaintiff knew, before he filed the SAVC, that Guidance's use of his software was permissible under the fair use doctrine.  Guidance also argues that an award of attorney's fees and costs would promote the exercise of the fair use doctrine, as well as the purposes of the Copyright Act.  Thus, the four non-exclusive factors identified in Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994), weigh in favor of an award.  Guidance contends that it is entitled to its attorney's fees and costs incurred in defending against all of Plaintiff's claims because they were all related to the copyright

---

[1] The Amended Judgment, also issued on March 16, 2006, erroneously stated that Guidance's Counter-Motion for Summary Judgment had been granted in part and denied in part.

infringement claims.  Guidance argues that the attorney's fees

and costs it incurred were reasonable and necessarily incurred.

Plaintiff filed his memorandum in opposition to the

Guidance Motion on April 27, 2006.  Plaintiff first argues that

the Guidance Motion was untimely because Guidance did not file it

within fourteen days of the March 9 Judgment, as required by

Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3(a).

Plaintiff argues that the Second Amended Judgment did not change

the deadline to file motions for attorney's fees because it did

not alter the parties' substantive rights.  Plaintiff also argues

that there are no grounds for a modification of the time for

filing because Guidance waived any claim of excusable neglect.

Plaintiff argues that he was prejudiced by this late

filing because, by the time Guidance filed its motion, Plaintiff

had already negotiated settlements with two other defendants.

Plaintiff states that, had he known Guidance was going to move

for attorney's fees and costs, he would have taken a different

approach to those settlement negotiations.  Plaintiff argues that

Guidance's late filing diminished the value of his settlements.

Plaintiff contends that awarding Guidance attorney's

fees would be contrary to the principles behind the Copyright

Act.  He alleges that Guidance has made false statements in this

and other related actions.  He posits that Guidance was only able

to obtain summary judgment because the district court did not

5

make any inferences from Guidance's conduct and this is hardly a victory for Guidance. He also points out that Guidance is a corporation and to allow it to collect fees from Plaintiff, an individual, would "shock the conscience" and be contrary to the principles in <u>Fogerty</u>. [Plf.'s Guidance Opp. at 17.]

Plaintiff further argues that Guidance was not the prevailing party as to Count I. Plaintiff points out that he was the prevailing party in Count I as to eight defendants and he argues that the district court's ultimate ruling in Guidance's favor on the fair use issue was not "a resounding victory justifying an award of fees." [<u>Id.</u> at 4.] Plaintiff also contends that Guidance is not entitled to fees and costs for Counts III through VI. Count III is a state law claim which does support a claim for attorney's fees. The state misappropriation of trade secrets statute only authorizes an award of attorney's fees upon a showing of bad faith and Plaintiff argues that his claim was well founded. In addition, neither the Sherman Act nor the RICO Act provide for attorney's fees for a prevailing defendant. The RICO claim was based on the state law conspiracy to infringe claim and Guidance therefore is not entitled to fees for the RICO claim. Plaintiff argues that the copyright claims are not related to the claims upon which Guidance arguably prevailed. Plaintiff notes that Guidance has not adjusted its fee request to deduct time spent on unrelated claims.

6

Plaintiff argues that the <u>Fogerty</u> factors weigh against Guidance.  Plaintiff's copyright claims were not frivolous; he did not bring the claims with an improper motivation; the factual and legal components of his case were objectively reasonable; and there was a need to bring the action based upon considerations of compensation and deterrence.  He argues that the result of the action against Guidance was not a foregone conclusion at the time he filed that action and there was evidence that did not support Guidance's fair use defense.

Finally, Plaintiff contends that amount of attorney's fees Guidance seeks is unreasonable because some of the fees were incurred after the Summary Judgment Order.[2]

Guidance filed its reply on May 11, 2006.  Guidance argues that its motion was timely because it was filed within fourteen days of the Second Amended Judgment.  Guidance argues that the fourteen-day filing period did not run against Guidance after the March 9 Judgment because that judgment did not address the claims against Guidance; it only addressed the jury's verdict.  In contrast, the Second Amended Judgment addressed all of Plaintiff's claims.  Thus, the Second Amended Judgment

---

[2] Plaintiff also argues that Guidance has admitted to committing criminal contempt in <u>Wayne Berry v. Fleming Co., Inc.</u>, CV 01-00446 SPK-LEK.  Plaintiff asks this Court to advise him on how he should proceed in that case in light of this admission. The Court declines to address this matter insofar as it is not relevant to the issues currently before the Court.

resolved a genuine ambiguity and changed a matter of substance. Guidance asserts that the time to file an appeal on the claims against Guidance, as well as the time to file motions for attorney's fees, were triggered by the Second Amended Judgment.

Even assuming, *arguendo*, that the time to file motions for attorney's fees was triggered by the March 9 Judgment, the time was tolled by Plaintiff's Motion to Alter or Amend Second Amended Judgment ("Motion to Alter") and his Renewed Motion for Judgment as a Matter of Law ("Motion for Judgment"), both of which Plaintiff filed on March 21, 2006. Thus, Guidance contends that its motion was timely and it does not need to allege excusable neglect. Further, Guidance also argues that Plaintiff was not prejudiced by the allegedly late filing. Although Plaintiff claims that two of his settlements were prejudiced, Plaintiff was able to settle with Defendant Hawai`i Transfer Company, Ltd. after Guidance filed its motion.

Guidance also reiterated the arguments it raised in the Guidance Motion.

On April 12, 2006, Defendant Foodland Super Market, Ltd. ("Foodland") filed a statement of no position.

## II.  C&S Motion

C&S also seeks its attorney's fees and costs pursuant to § 505 and its taxable costs pursuant to Rule 54(d). C&S argues that the <u>Fogerty</u> factors support an award of attorney's

fees in its favor. C&S argues that Plaintiff's claims against them were frivolous and objectively unreasonable. The only reason Plaintiff named ES3, LLC ("ES3") as a defendant was that it shared a server with C&S. Plaintiff sued Richard Cohen because, as the owner and principal shareholder of the C&S entities, he must have given his approval for their alleged infringement. C&S argues that Plaintiff had no basis to sue either ES3 or Mr. Cohen. C&S argues that Plaintiff's claims against all of them were, at a minimum, objectively unreasonable because he did not identify any protectable element of his work that was infringed.

C&S argues that the instant action was motivated by Plaintiff's long-standing vendetta against Fleming. C&S cites other litigation initiated by Plaintiff and Plaintiff's deposition testimony that he reported alleged wrongdoing by Fleming to numerous government agencies. Plaintiff pursued a similar pattern of action against C&S after it acquired Fleming's assets in August 2003. C&S argues that Plaintiff's actions reflect a desire to harass C&S. C&S argues that Plaintiff's litigation practices should be deterred by an award of C&S's attorney's fees. An award would also further the purposes of the Copyright Act because Plaintiff's actions are an abuse of the act and an award should chill such abusive practices.

Plaintiff may claim that C&S is not entitled to an award of attorney's fees because PCT paid C&S's defense costs pursuant to an indemnity agreement. C&S argues that every court that has addressed the issue has held that a prevailing defendant is not prevented from recovering attorney's fees under § 505 merely because a third party paid for its defense.

Plaintiff filed his memorandum in opposition to the C&S Motion on April 20, 2006. Plaintiff argues that, in awarding attorney's fees and costs, courts must treat prevailing plaintiffs and prevailing defendants equally. He argues that he could not have prevailed on his claims of ownership, copyrightability, and infringement, were it not for the fact that he filed a copyright registration for his Freight Control System ("FCS") software. C&S failed to file a copyright registration for the allegedly non-infringing, independently created work that it obtained from Fleming. Plaintiff therefore argues that this Court is without subject matter jurisdiction over the C&S Motion.

As to Count I, Plaintiff asserts that he prevailed against all defendants as to his ownership of FCS and its copyrightability. He argues that C&S cannot be considered the prevailing party because it did not prevail on its affirmative defense that Plaintiff was not the owner of FCS. C&S merely prevailed on its claim that its spreadsheets were not an FCS derivative. C&S, however, did not establish ownership of the

spreadsheet work and did not register is allegedly independently created work.  By failing to file a compulsory counterclaim to establish ownership of the spreadsheet work, both C&S and PCT "lost the right to defend a claim brought by Berry that he is the owner of the Spreadsheet program on the grounds that these defendants have waived this claim and are barred under the *Res Judicata* sub-doctrine of claim bar and merger from contesting a claim of ownership."  [Plf.'s C&S Opp. at 10.]  In addition, C&S and Fleming collectively filed a joint answer and Plaintiff argues that his victory against Fleming was "collectively" a victory over C&S as well.  [<u>Id.</u> at 11.]

Similarly, Plaintiff asserts that he was the prevailing party as to Count II, based on the issues he prevailed on in Count I.  He asserts that he prevailed over Fleming's and C&S's joint denial of vicarious infringement.  Plaintiff's arguments with regard to Counts III, IV, V, and VI are the same as those he raised in opposition to the Guidance Motion.

Plaintiff also argues that the four <u>Fogerty</u> factors weigh against an award.  He argues that his claims against C&S were not frivolous because he prevailed on the Count I issues of his ownership of FCS and its copyrightability.  All of the other claims against C&S were not related to the Copyright Act. Plaintiff points out that there is no indication in the district court's dispositive orders that it found Plaintiff's claims to be

frivolous.  He argues that, if this Court finds his claims to be

frivolous, the finding would alter the district court's rulings.

Plaintiff also argues that the affirmative defenses C&S jointly

asserted with Fleming were frivolous.

        Plaintiff contends that his use of the Copyright Act to

protect his works cannot be construed as acting with improper

motivation.  He states that this action was in response to the

bankruptcy proceeding instituted by Fleming in Delaware and that

he had evidence which pointed to C&S having obtained unlicensed

copies of his works.  Plaintiff again argues that C&S's frivolous

defenses show that it acted with evil intent and that it should

not be awarded fees.

        Plaintiff also argues that the factual and legal

components of his case were objectively reasonable and that the

outcome of his claims against C&S were not pre-ordained when the

case was filed.  He argues that it would be unfair to require

"the struggling individual developer trying to eek out a living

in this state to pay the multi-billion dollar corporate recipient

for the replacement for his work . . . ."  [Plf.'s C&S Opp. at

19.]

        Assuming, *arguendo*, that C&S is the prevailing party,

Plaintiff argues that it is not entitled to attorney's fees and

costs because it did not keep contemporaneous time records

related to its defense.  C&S has only submitted a split of fees

incurred by PCT.   PCT did not merely pay for C&S's defense, it provided the defense and there are no records establishing what work was performed on behalf of C&S alone.   Further, if C&S is entitled to fees, it should only be awarded fees incurred until the district court granted summary judgment in favor of C&S.

C&S filed its reply on May 4, 2006, largely reiterating the arguments in the C&S Motion.   In addition, C&S argues that Plaintiff's statement that C&S and Fleming "lost the right to defend a claim brought by Berry that he is the owner of the Spreadsheet program[,]" and his belief that he prevailed against C&S, indicate that he will burden C&S with future litigation. C&S argues that a fee award should deter this practice.

C&S also argues that the law does not require a defendant to register a copyright in order to prevail.   C&S further argues that it has submitted appropriate records of its attorneys' time.   Its submission reflects many time entries devoted to work done solely for C&S.   C&S states that it has omitted time entries reflecting work done solely for Fleming/PCT and that, where counsel performed work that benefitted both C&S and Fleming/PCT, C&S has included one-half of that time.   C&S asserts that this is an equitable way to allocate the charges. C&S argues that, under Ninth Circuit case law, the inability to make an exact apportionment of fees does not mean that they are not entitled to an award of attorney's fees.

On April 12, 2006, Foodland filed a statement of no position.

## DISCUSSION

### I.    Timeliness of the Guidance Motion

Motions for attorney's fees and costs "must be filed no later than 14 days after entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B); see also Local Rule LR54.3(a). "Rule 54(a) defines 'judgment' as including 'any order from which an appeal lies' and 'posits a relationship between a judgment and its appealability.' Pavlovich v. Nat'l City Bank, 461 F.3d 832, 836 (6th Cir. 2006) (quoting Castro County, Texas v. Crespin, 101 F.3d 121, 128 (D.C. Cir. 1996)). The time to appeal from a judgment is not tolled every time a district court amends its judgment. "[T]hat period is tolled 'when the lower court changes matters of substance, or resolves a genuine ambiguity' in a prior judgment." United States v. Doe, 374 F.3d 851, 854 (9th Cir. 2004) (quoting FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211 (1952)). Although the Ninth Circuit has not addressed the issue, other courts have applied appealability principles to the determination whether an attorney's fees motion is timely under Rule 54(d)(2)(B). See, e.g., Castro County, Texas v. Crespin, 101 F.3d 121, 128 (D.C. Cir. 1996) (concluding that the order in question did not trigger Rule 54(d)(2)(B)'s fourteen-day filing requirement because the order was not an appealable order).

14

The March 9 Judgment only addressed the rulings in the jury verdict; it did not address the claims against Guidance. The Second Amended Judgment, filed on March 16, 2006, addressed all of the dispositive rulings throughout the case.  It granted summary judgment in favor of Guidance pursuant to the district court's Summary Judgment Order.  Insofar as the Second Amended Judgment addressed claims that the March 9 Judgment did not, it changed matters of substance.  Thus, Rule 54(d)(2)(B)'s fourteen-day period began anew.  Guidance timely filed its motion within fourteen days of the Second Amended Judgment.

Further, even if the Second Amended Judgment did not start a new fourteen-day filing period, the Court would still find the Guidance Motion timely.  The Ninth Circuit has held that a motion for attorney's fees is timely filed if the party files it within fourteen days of the resolution of a motion under Federal Rules of Civil Procedure 50(b), 52(b), or 59.  See Bailey v. County of Riverside, 414 F.3d 1023, 1025 (9th Cir. 2005). Plaintiff filed the Motion to Alter and the Motion for Judgment on March 21, 2006.  The district court denied the Motion to Alter on May 16, 2006 and denied the Motion for Judgment on May 24, 2006.  Thus, Guidance timely filed its motion on March 30, 2006.

## II.  **Entitlement to Attorney's Fees**

Guidance and C&S seek attorney's fees pursuant to 17 U.S.C. § 505, which provides:

> In any civil action under this title, the court in
> its discretion may allow the recovery of full
> costs by or against any party other than the
> United States or an officer thereof.  Except as
> otherwise provided by this title, the court may
> also award a reasonable attorney's fee to the
> prevailing party as part of the costs.

17 U.S.C. § 505.  Thus, whether to award attorney's fees to a

prevailing party is within the court's discretion; attorney's

fees are not awarded as a matter of course.  See Fogerty v.

Fantasy, Inc., 510 U.S. 517, 533-34 (1994).  Courts must treat

prevailing plaintiffs and prevailing defendants alike in

determining whether to award fees.  See id. at 534.

**A.    Subject Matter Jurisdiction over the C&S Motion**

In order to bring a copyright infringement claim, a

plaintiff must have registered or preregistered his copyright.

See 17 U.S.C. § 411(a).  Without a registration, a court cannot

award statutory damages or attorney's fees under the Copyright

Act.  See 17 U.S.C. § 412.  One of C&S's defenses to Count I was

that its spreadsheet system, which Plaintiff alleged was an

illegal derivative of his FCS, was an independently created work.

Plaintiff argues that, because courts must apply the same

standard to prevailing plaintiffs and prevailing defendants, a

defendant claiming to have an original work cannot be considered

a prevailing party unless it registers its work.

Plaintiff's argument is misplaced.  Neither § 411(a)

nor § 412 applies because C&S did not allege that Plaintiff

16

infringed upon C&S's original work.  This Court therefore rejects
Plaintiff's argument that it does not have subject matter
jurisdiction to consider the C&S Motion.

B.   **Prevailing Parties**

In the present case, Plaintiff argues that neither
Guidance nor C&S is the prevailing party as to Counts I and II
because the district court ruled in Plaintiff's favor as to his
ownership of FCS and its copyrightability, and because he
prevailed before the jury on those counts.  Although the district
court found for Plaintiff on the issues of ownership and
copyrightability, the district court ultimately found that
neither Guidance nor C&S infringed that copyright.  The district
court granted summary judgment to Guidance and C&S on all counts.
Plaintiff points to no legal authority supporting his proposition
that the jury verdict against PCT, Mark Dillon, and Teresa Noa as
to Count I and against PCT as to Count II rendered him the
prevailing party against all defendants as to those counts.  Cf.
Arclightz & Films Pvt. Ltd. v. Video Palace Inc., 303 F. Supp. 2d
356, 364 (S.D.N.Y. 2003) (plaintiff who obtained summary judgment
against one group of defendants was not entitled to fees incurred
pursuing the action against another group of defendants who the
court previously granted summary judgment to).  Guidance and C&S
each obtained a total victory on all of Plaintiff's claims.  This
Court therefore finds that both Guidance and C&S are prevailing

17

parties for purposes of § 505.

C.    **Related Claims**

Plaintiff argues that Guidance and C&S are not entitled to attorney's fees related to Counts III, IV, V, and VI because they are not claims under the Copyright Act and attorney's fees are not otherwise available for those claims. A party that prevails on a claim under the Copyright Act may recover attorney's fees for the copyright claims and any other related claims. See The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 833 (9th Cir. 2003). The Ninth Circuit has stated that claims are related when they arise from the same course and conduct. See Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997). Claims are unrelated when they allege "'distinctly different claims for relief that are based on different facts and legal theories' from the other causes of action in the overall litigation." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)); see also Gracie v. Gracie, 217 F.3d 1060, 1069 (9th Cir. 2000) (stating that under the Lanham Act, a prevailing party cannot recover legal fees for non-Lanham Act claims "unless the Lanham Act claims and non-Lanham Act claims are so intertwined that it is impossible to differentiate between work done on claims" (citations, internal quotation marks, and emphasis omitted)).

18

In the present case, Guidance and C&S argue that they are entitled to attorney's fees associated with all of Plaintiff's claims because Counts III, IV, V, and VI are related to the Copyright Act claims. Count III alleged conspiracy to commit copyright infringement. While conspiracy is a separate state law claim, Count III is clearly related to the copyright claims because they are all based on the same course of conduct. Similarly, Count IV, misappropriation of trade secrets, is also based on same conduct alleged in the copyright claims. Count VI, which alleges RICO violations, alleges that some of the defendants formed "an enterprise engaged in interstate commerce and directly and/or indirectly conducted or participated in the conduct of that enterprise through a pattern of racketeering." [SAVC at ¶ 138.] The alleged conduct was the copyright infringement. This Court therefore finds that Counts III, IV, and VI are related to the copyright claims and that, under § 505, Guidance and C&S may recover attorney's fees incurred defending against those claims.

In contrast, the crux of Count V, violation of the Sherman Act, is the allegation that Fleming, Foodland, and other defendants made illegal agreements which enabled Fleming to maintain a monopoly on the wholesale grocery market. Count V does allege that Fleming's illegal use of Plaintiff's FCS furthered the operation of the monopoly. The focus of the claim,

however, is on the monopoly, not the illegal use of Plaintiff's product.  Thus, Count V is based on distinctly different facts and legal theories from the copyright claims and is unrelated to the copyright claims.

The Sherman Act itself does not authorize an award of attorney's fees to a prevailing defendant.  The applicable provision provides:

> Except as provided in subsection (b) of this section, any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States . . . and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

15 U.S.C. § 15(a).  Section 15(a) only provides for an award of attorney's fees to a prevailing plaintiff; a prevailing defendant may not obtain fees incurred in defending against Sherman Act claims.  See, e.g., J.T. Gibbons, Inc. v. Crawford Fitting Co., 790 F.2d 1193, 1194-95 (5th Cir. 1986); Syufy Enters. v. Am. Multicinema, Inc., 602 F. Supp. 1466, 1468 (N.D. Cal. 1983). This Court therefore finds that Guidance and C&S are not entitled to an award of fees incurred defending against Count V.

Neither Guidance nor C&S apportioned their fee requests to reflect the fees incurred defending against each count. Having reviewed the Guidance Motion and the C&S Motion, the Court finds that it is impossible to make an exact apportionment of the fees incurred defending against Count V.  The fact that it

difficult to discern what fees should be apportioned to Count V
does not relieve this Court of its obligation to attempt to
allocate the requested fees to arrive at an award based on the
compensable claims.  See Traditional Cat Ass'n, 340 F.3d at 834.
If this Court finds that Guidance and C&S should be awarded fees,
the Court will make the necessary apportionment based on its
knowledge of facts and procedural history of this case.  See id.

### D.   **Fogerty Factors**

The United States Supreme Court has stated that, in
exercising their discretion to award attorney's fees and costs
under the Copyright Act, courts may consider the following
nonexclusive factors: "frivolousness, motivation, objective
unreasonableness (both in the factual and in the legal components
of the case) and the need in particular circumstances to advance
considerations of compensation and deterrence."  Fogerty, 510
U.S. at 534 n.19 (citation and quotation marks omitted).  Courts,
however, may only consider these factors if they are consistent
with the purposes of the Copyright Act.  See id.  The Ninth
Circuit has stated that courts should also consider the degree of
the moving party's success, see Wall Data Inc. v. Los Angeles
County Sheriff's Dep't, 447 F.3d 769, 787 (9th Cir. 2006), and
"whether the chilling effect of attorney's fees may be too great
or impose an inequitable burden on an impecunious plaintiff."
Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763, 766 (9th Cir.

2003) (citation omitted).

1.   **Guidance**

a.   **Frivolousness & Objective Reasonableness**

The mere fact that Plaintiff's claims against Guidance were unsuccessful does not automatically render them frivolous. See <u>Neitzke v. Williams</u>, 490 U.S. 319, 329 (1989) (failure to state a claim does not require a finding of frivolousness). The United States Supreme Court has stated that a claim is frivolous if it "lacks an arguable basis either in law or in fact." <u>Id.</u> at 325.

Before Plaintiff amended his complaint to add Guidance as a defendant, Fleming sent him a letter stating that Guidance's copying of his FCS files was to preserve evidence for litigation purposes and that this was protected by the fair use doctrine. Plaintiff nevertheless pursued his claims, arguing that "the true purpose of the copying was to trick the Delaware Bankruptcy Court to cause it to approve the sale to C&S and trap Mr. Berry in new litigation in Delaware while his software was being transferred to a third party C&S [sic.]" [Summary Judgment Order at 23-24 (citation and quotation marks omitted).] The district court granted summary judgment in favor of Guidance, finding that its copying of the FCS files was fair use. In so ruling, the district court cited two of the same cases Fleming cited in its letter to Plaintiff. The district court also rejected

22

Plaintiff's claim that Guidance's stated reason for the copying was a mere pretext, noting that Plaintiff provided no evidence of a scheme to deceive the bankruptcy court. Plaintiff also failed to prove that Guidance intentionally induced or encouraged another party to commit direct infringement. This Court therefore finds that Plaintiff's copyright claims against Guidance were without legal and factual basis. Plaintiff's copyright claims against Guidance were frivolous and objectively unreasonable.[3]

### b.   **Motivation**

This Court also finds that Plaintiff's pursuit of claims against Guidance, in spite of notice that its copying constituted fair use, is a strong indication that he had an improper motivation. Plaintiff had access to counsel who could have easily determined that such claims were without legal and factual basis.

### c.   **Compensation and Deterrence**

This Court finds that an award of attorney's fees is appropriate to deter frivolous litigation.

---

[3] Plaintiff argues that this Court cannot find that his claims were frivolous because the district court did not make such a finding. The district court, however, did not have occasion to consider the issue whether Plaintiff's claims were frivolous. This Court's finding that Plaintiff's claims were frivolous therefore does not contradict the Summary Judgment Order. Further, the district court will have an opportunity to consider the issue when it reviews this Court's findings and recommendations.

This Court finds that the <u>Fogerty</u> factors weigh in favor of an award of attorney's fees to Guidance.  The application of the <u>Fogerty</u> factors is consistent with the purposes of the Copyright Act.  "The fair use doctrine . . . permits [and requires] courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." <u>Campbell v.</u> <u>Acuff-Rose Music, Inc.</u>, 510 U.S. 569, 577 (1994) (citation and quotation marks omitted) (some alterations in original). Copyright litigation is occasionally unavoidable in the creative process and to find that copies made purely for litigation purposes constituted infringement would be too rigid an application. <u>See</u> 4 Nimmer on Copyright § 13.05[D][2] at 13-230.00 (2006) ("works are customarily reproduced in various types of judicial proceedings . . . and it seems inconceivable that any court would hold such reproduction to constitute infringement either by the government or by the individual parties responsible for offering the work in evidence"). Guidance's successful fair use defense furthered the purposes of the Copyright Act.

> d.    **Other factors**

The Ninth Circuit has stated that courts should also consider the degree of success obtained and whether an award of attorney's fees to a prevailing defendant would have too great a

chilling effect.  Guidance obtained a complete victory over
Plaintiff; the district court ruled in Guidance's favor on all
claims.  Finally, Plaintiff is not an unsophisticated litigant
and the Court finds that an award of attorney's fees to Guidance
would not have too great a chilling effect.

Having considered the factors identified by the Supreme
Court and the Ninth Circuit, this Court finds that Guidance
should be awarded attorney's fees and costs pursuant to § 505.

2.    <u>C&S</u>

a.    <u>**Frivolousness & Objective Unreasonableness**</u>

Plaintiff's only claim against C&S for direct
infringement was based on his allegation that C&S's Excel
spreadsheets were actually a derivative of FCS.  The district
court found that the Excel spreadsheets were not infringing
derivatives of FCS.  Although there were similarities between FCS
and the spreadsheets, Plaintiff did not provide any evidence that
the similarities occurred in protectable elements.

C&S argues that Plaintiff's claims against ES3 and
Richard Cohen were frivolous.  The only alleged connections
between ES3 and C&S Wholesale Grocers, Inc. were a shared web
server and some common personnel and infrastructure.  Plaintiff
argued that ES3 had access to his FCS and, because it is
developer of similar software, this access put him at risk.
[SAVC at ¶ 17.]  Plaintiff alleged that Mr. Cohen was the