principal of the C&S entities and had notice of the entities' infringement of FCS but failed to take action to stop it. Plaintiff alleged that Mr. Cohen chose to allow the infringement to continue for his own financial gain. [Id. at ¶ 18.] In the C&S Motion, C&S argues that Plaintiff's allegations were insufficient to support a claim that ES3 and Mr. Cohen infringed Plaintiff's copyright.

Whether Plaintiff's primary claim that C&S used and distributed an unauthorized derivative of his FCS was frivolous is a close question. The Court does note that the allegations supporting Plaintiff's claims against ES3 and Richard Cohen are very slim, but this Court cannot say that Plaintiff's claims against C&S collectively rose to the level of frivolousness. However, in light of Plaintiff's failure to identify any protectable elements of his work in the Excel spreadsheets and his failure to show that C&S intentionally induced or encouraged others to commit direct infringement, this Court finds that Plaintiff's claims against C&S were objectively unreasonable based on the facts of this case and the applicable law.

b.    **Motivation**

Plaintiff has been responsible for numerous lawsuits and administrative complaints against Fleming. When C&S purchased Fleming's assets, Plaintiff continued this pattern against C&S. This is a strong indication of an improper motive

26

for pursuing the instant case against C&S.

### c.    Compensation and Deterrence

This Court finds that an award of attorney's fees is appropriate to deter the type of vindictive litigation that Plaintiff has pursued.

On balance, the <u>Fogerty</u> factors weigh in favor of an award of attorney's fees to C&S. The application of the <u>Fogerty</u> factors is consistent with the purposes of the Copyright Act. Its primary objective "is not to reward the labor of authors, but [t]o promote the Progress of Science and useful Arts. To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work." <u>Fogerty</u>, 510 U.S. at 527 (citation and quotation marks omitted) (alteration in original). Thus, defendants are encouraged to advance meritorious copyright defenses just as plaintiffs are encouraged to bring meritorious copyright infringement claims. <u>See</u> <u>id.</u> Fleming's and C&S's use of a non-infringing spreadsheet system that built upon the ideas conveyed by Plaintiff's FCS should be encouraged.

### d.    Other factors

The degree of C&S's success in this case, judgment in its favor on all counts, weighs in favor of an award of attorney's fees. As noted above, Plaintiff is not an unsophisticated litigant and an award of attorney's fees to C&S

would not have too great a chilling effect.

Having considered the factors identified by the Supreme Court and the Ninth Circuit, this Court finds that C&S should be awarded attorney's fees and costs pursuant to § 505.

### III. Calculation of Attorney's Fees

In Fogerty, the Supreme Court stated that courts should be guided by the principles set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983). See 510 U.S. at 534. In Hensley, the Supreme Court approved the "lodestar" method in which a court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." 461 U.S. at 433. The court must then decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

The factors the Ninth Circuit articulated in Kerr are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional

relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Guidance requests the following lodestar amount for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Margery Bronster | 43.8 | $350 | $15,330.00 |
| John Hoshibata | 3.6 | $190 | $   684.00 |
| Alan Burdick | 11.9 | $200 | $ 2,380.00 |
| Rex Fujichaku | 317.6 | $200 | $63,380.00 |
| Janis Fenton | 2.6 | $125 | $   325.00 |
| Johnnette Napoleon | 15.9 | $ 85 | $ 1,351.50 |
| | | Subtotal | $83,450.50 |

| | |
|---|---|
| Hawai`i General Excise Tax (4.166%) | <u>$ 3,476.54</u> |
| **Total** | <u>**$86,927.04**</u> |

[Exh. B to Guidance Motion.]  Ms. Bronster is a partner in the firm of Bronster Crabtree & Hoshibata and has been practicing law since 1983.  Mr. Hoshibata is also a partner and he has been practicing since 1982.  Mr. Fujichaku and Mr. Burdick are associates who have been practicing since 1998 and 1982, respectively.  [Guidance Motion, Decl. of Margery S. Bronster at ¶¶ 7-10.]  Ms. Fenton and Ms. Napoleon are paralegals.  [<u>Id.</u> at ¶¶ 12-13.]

C&S requests the following lodestar amount for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lex Smith | 541.85 | $200 | $108,370.00 |
| Thomas Yee | 11.80 | $150 | $ 1,770.00 |
| Anne Lopez | 335.52 | $120 | $ 40,262.40 |
| Ann Teranishi | 22.15 | $120 | $ 2,658.00 |
| Jesse Schiel | 2.65 | $120 | $ 318.00 |
| MAK | 2.75 | $100 | $ 275.00 |
| J. Garrett Karr | 6.00 | $ 70 | $ 420.00 |
| JSL | 39.625 | $ 35 | <u>$ 1,386.88</u> |
| | | Subtotal | $155,838.28 |
| Hawai`i General Excise Tax (4.166%) | | | <u>$ 6,492.22</u> |
| | | **Total** | <u>**$162,330.50**</u> |

[Exh. D to Decl. of Lex R. Smith in Supp. of C&S Motion ("Smith Decl.").] Mr. Smith is a partner at Kobayashi, Sugita & Goda and has been practicing law since 1983. Ms. Teranishi and Ms. Lopez were associates who have practicing since 1999 and 2002, respectively. Mr. Yee is an associate who has also been practicing since 1999. [Smith Decl. at ¶¶ 10-13.] J. Garrett Karr is a paralegal. [Id. at ¶ 15.] According to the firm's website, Mr. Schiel is an associate. He was admitted to the bar in 2003. The Court is unable to determine who "MAK" is and will therefore disallow time billed by MAK. Based on the hourly rate and the nature of the tasks performed, "JSL" appears to be clerical personnel. The Court will disallow all time billed by JSL because work that is clerical in nature should be subsumed by a law firm's overhead.

A.    **Reasonable Hourly Rate**

        In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). It is the burden of the fee applicant to

31

produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. <u>See</u> <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987). Counsel must submit additional evidence that the rate charged is reasonable. <u>See</u> <u>id.</u>

This Court has considered the submissions of the parties, in light of its own knowledge of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation. With regard to counsel for Guidance, this Court finds that the requested hourly rates of $350 for Ms. Bronster, $200 for Mr. Fujichaku, and $120 for Ms. Fenton are unreasonable. The Court finds the following hourly rates to be reasonable: Ms. Bronster - $250; Mr. Fujichaku - $150; and Ms. Fenton - $85. The Court finds the requested hourly rates of $190 for Mr. Hoshibata, $200 for Mr. Burdick, and $85 for Ms. Napoleon to be manifestly reasonable.

With regard to counsel for C&S, the Court finds the requested hourly rates of $200 for Mr. Smith, $150 for Mr. Yee, $120 for Ms. Lopez, Ms. Teranishi, and Mr. Schiel, and $70 for Mr. Karr to be manifestly reasonable.

B.    **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees

and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

1.  **Guidance**

Plaintiff argues that Guidance is not entitled to attorney's fees for work performed after the district court granted summary judgment in its favor. The district court issued the Summary Judgment Order on Jun 27, 2005. On July 12, 2005, Plaintiff filed a motion for reconsideration of the Summary Judgment Order, which the district court denied on August 10, 2005. Guidance was also involved in a discovery dispute with Plaintiff. Plaintiff filed a Motion for Order to Show Cause Why Guidance Software, Inc. Shall Not be Held in Contempt for Failure

to Produce the Full 4.6 Gigabyte Unallocated Cluster as Ordered on October 26, 2005. This Court denied that motion on December 14, 2005. Thus, Guidance was still involved in proceedings in this case after the issuance of the Summary Judgment Order. The Court, however, will not award the full amount of requested fees for work performed with relation to proceedings that Guidance was not involved in, such as counsel's review of motions in liminie, trial briefs, voir dire, etc. Some review of these matters was appropriate, insofar as they raised issues specifically related to Guidance. The Court will therefore deduct 0.5 hours from Ms. Bronster's time, 8.0 hours from Mr. Fujichaku's time, and 1.0 hours from Ms. Napoleon's time.

This Court finds that there are substantial duplicative entries by Ms. Bronster and Mr. Fujichaku, and will therefore deduct 5.0 hours from both of their totals. This Court also finds that the majority of Ms. Napoleon's time was spent on tasks that were clerical in nature, such as calendaring. Such time should be subsumed in the firm's overhead. This Court will therefore deduct 10.0 hours from Ms. Napoleon's time.

The Court notes that a significant number of the hours expended by Ms. Bronster and Mr. Fujichaku is recorded in the "block billing" style. "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than

itemizing the time expended on specific tasks." <u>Robinson v. City of Edmond</u>, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted). Block billing entries generally fail to specify a breakdown of the time spent on each task. This practice makes it difficult to determine whether counsel spent a reasonable amount of time on a particular task. This Court will therefore reduce Ms. Bronster's and Mr. Fujichaku's hours by approximately five percent to account for the fact that their block billing prevents this Court from determining whether the hours expended were reasonable. This Court will deduct 3.0 hours from Ms. Bronster's time and 30.0 hours from Mr. Fujichaku's.

The Court finds the remainder of the hours to be necessary and reasonably expended in this case.

2.    <u>C&S</u>

Plaintiff argues that the Court should not award C&S' fees because counsel failed to keep contemporaneous time records of fees incurred in its representation and because Fleming provided the defense for C&S. First, the lack of contemporaneous time records alone does not automatically preclude a fee award. See <u>Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.</u>, 886 F.2d 1545, 1557 (9th Cir. 1989) ("The lack of contemporaneous records does not justify an automatic reduction in the hours claimed, but such hours should be credited only if reasonable under the circumstances and supported by other evidence such as testimony

or secondary documentation." (citing <u>Johnson v. University College</u>, 706 F.2d 1205, 1207 (11th Cir. 1983))). C&S stated in its reply that the records submitted include some time entries reflecting work done solely for C&S. C&S acknowledges that at times counsel performed work solely for Fleming/PCT, but C&S states that none of that time is reflected in the C&S Motion. Where counsel's work was done on behalf of both C&S and Fleming/PCT, C&S included one-half of that time in its request. The time records C&S submitted are thorough and detailed. This Court has compared the records with those in PCT's motion for attorney's fees and there are significant differences in the two requests. C&S has not merely submitted one-half of Fleming's fees. The Court therefore finds that C&S has submitted sufficient time records and that the allocation of fees attributable to both C&S and Fleming/PCT is fair and equitable. Further, the fact that Fleming/PCT provided the defense for C&S does not preclude an award of attorney's fees to C&S. The fact that C&S may have to use any award of attorney's fees to reimburse Fleming/PCT does not mean that C&S is not entitled to the award in the first place.

As with Guidance, Plaintiff also argues that C&S is not entitled to attorney's fees after the district court granted summary judgment in its favor. After the district court issued the Summary Judgment Order, Plaintiff filed the July 12, 2005

motion for reconsideration.  On October 26, 2005, Plaintiff filed a motion for a permanent injunction requiring the return of all copies of FCS and Plaintiff filed another motion for reconsideration of the Summary Judgment Order on February 10, 2006.  In addition, PCT filed a motion in liminie that addressed evidence relating to C&S.  The time entries after the district court granted summary judgment in C&S's favor are all related to these proceedings.  This Court therefore rejects Plaintiff's argument that all time after the Summary Judgment Order should be disallowed.

This Court, however, finds that hours expended by Mr. Smith and Ms. Lopez were excessive.[4]  The Court will reduce Mr. Smith's hours by 200.00 and Ms. Lopez's hours by 150.00.  The Court also finds that some of the time expended by Mr. Karr was clerical in nature.  For example, he billed for transporting binders to the courthouse, and setting them up in the courtroom, for the summary judgment hearing.  The Court will therefore reduce his hours by 1.0.  The Court finds the remainder of the hours to be necessarily and reasonably expended in this case.

-------

[4] This Court notes that counsel for C&S also recorded some block billing, but not to the extent recorded by counsel for Guidance.  This Court was able to determine whether the amount of time C&S's counsel expended was reasonably expended and therefore declines to reduce counsel's hours for block billing.

C.   **Total Award**

1.   **Guidance**

Based on the foregoing, this Court finds that Guidance has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Margery Bronster | 35.3 | $250 | $ 8,825.00 |
| John Hoshibata | 3.6 | $190 | $   684.00 |
| Alan Burdick | 11.9 | $200 | $ 2,380.00 |
| Rex Fujichaku | 274.6 | $150 | $41,190.00 |
| Janis Fenton | 2.6 | $ 85 | $   221.00 |
| Johnnette Napoleon | 4.9 | $ 85 | $   416.50 |

|  |  |
|---|---|
| Total | $53,716.50 |
| Hawai`i General Excise Tax (4.166%) | $ 2,237.83 |
| TOTAL LODESTAR | **$55,954.33** |

The Court finds it unnecessary to adjust the lodestar amount based on the Kerr factors.

The Court, however, must adjust the award to account for attorney's fees incurred in the defense against Count V. Based on this Court's knowledge of the case, this Court finds that fifteen percent is a reasonable allocation of fees incurred in connection with Count V. The Court therefore RECOMMENDS that Guidance's request for attorney's fees be GRANTED IN PART AND DENIED IN PART and that the district court award Guidance

$47,561.18 in attorney's fees.

  2.  <u>C&S</u>

   Based on the foregoing, this Court finds that C&S has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lex Smith | 341.85 | $200 | $68,370.00 |
| Thomas Yee | 11.80 | $150 | $ 1,770.00 |
| Anne Lopez | 185.52 | $120 | $22,262.40 |
| Ann Teranishi | 22.15 | $120 | $ 2,658.00 |
| Jesse Schiel | 2.65 | $120 | $  318.00 |
| J. Garrett Karr | 5.00 | $ 70 | $   350.00 |
| | | Subtotal | $95,728.40 |
| Hawai'i General Excise Tax (4.166%) | | | $ 3,988.05 |
| | | **Total** | **$99,716.45** |

The Court finds it unnecessary to adjust the lodestar amount based on the <u>Kerr</u> factors.

   The Court, however, must adjust the award to account for attorney's fees incurred in the defense against Count V. Based on this Court's knowledge of the case, this Court finds that fifteen percent is a reasonable allocation of fees incurred in connection with Count V. The Court therefore RECOMMENDS that C&S's request for attorney's fees be GRANTED IN PART AND DENIED IN PART and that the district court award C&S $84,758.98 in

attorney's fees.

## IV.  Costs

### A.  Non-taxable Costs

Section 505 provides, in pertinent part, that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. As with the attorney's fees, this Court must allocate the non-taxable costs attributable to the copyright claims and related claims. See Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 884 (9th Cir. 2005), cert. denied, 126 S. Ct. 2932 (2006). The Court may therefore award non-taxable costs incurred in connection with Counts I, II, III, IV, and VI.

#### 1.  Guidance

Guidance requests $1,077.88 in non-taxable costs consisting of the following:

| | |
|---|---:|
| Online legal research | $ 851.39 |
| Courier deliveries | $ 145.83 |
| Staff overtime (with tax) | $ 57.74 |
| Parking fees (with tax) | $ 22.92 |
| **Total** | **$1,077.88** |

[Exh. D-1 to Decl. of Rex Y. Fujichaku (4/13/06).]

Computer assisted legal research fees are recoverable as "out-of-pocket litigation expenses reimbursable as part of (or

40

'incidental to') an award of attorneys' fees under some provision or authority other than § 1920." <u>Aloha Tower Assocs. Piers 7, 8 & 9, Ltd. P'ship v. Millennium Aloha, Inc.</u>, 938 F. Supp. 646, 650 (D. Hawai'i 1996) (citations omitted).  Computer assisted research fees are expenses that are normally incurred in the course of litigation and routinely billed to fee-paying clients. Thus, they are recoverable as "full costs" under § 505.  This Court finds that counsel's billing statements submitted with the Guidance Motion adequately document the online research fees incurred by counsel.  This Court finds that the online legal research fees are compensable, but they must be reduced by fifteen percent to account for non-copyright related costs.

Counsel's billing statement dated February 1, 2005 states that the firm incurred $145.83 in courier expenses, but the Court is unable to determine what the firm had delivered. The May 1, 2005 statement reflects $55.43 in staff overtime, but this is type of expense that should be subsumed in a firm's overhead.  The July 1, 2005 statement reflects $22.00 in parking fees, but it does not state why counsel incurred those expenses. Without further information, this Court must find that this is also the type of expense that should be subsumed in the firm's overhead.  Ths Court finds that Guidance's expenses for courier delivery, staff overtime, and parking fees, should be disallowed.

This Court RECOMMENDS that Guidance's request for non-taxable costs be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award Guidance $723.68 for online legal research.

2.    <u>C&S</u>

C&S requests $6,951.66 in non-taxable costs. [Exh. E to Smith Decl.] C&S merely submitted a list of its actual expenditures in chronological order. C&S did not include a summary of its costs, nor did it include any supporting documentation. Further, many of the cost items have insufficient descriptions. For example, there are charges that merely state "On-line Services – Westlaw", or "Postage" or "Telephone Expense – Long distance charges". Without further information, this Court cannot determine whether the costs can fairly be considered "full costs" in this action. This Court therefore FINDS and RECOMMENDS that the district court DENY C&S's request for non-taxable costs without prejudice.

B.    <u>Taxable Costs</u>

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1). A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those

42

enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T.

Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other

grounds, 42 U.S.C. § 1988(c).  "Courts, however, are free to

construe the meaning and scope of the items enumerated as taxable

costs in § 1920."  Frederick v. City of Portland, 162 F.R.D. 139,

142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab.,

Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)).  Costs

enumerated in § 1920 include the following:

      1.    Fees of the clerk and marshal;
      2.    Fees of the court reporter for all or any
            part of the stenographic transcript
            necessarily obtained for use in the case;
      3.    Fees and disbursements for printing and
            witnesses;
      4.    Fees for exemplification and copies of papers
            necessarily obtained for use in the case;
      5.    Docket fees under section 1923 of this title;
      6.    Compensation of court appointed experts,
            compensation of interpreters, and salaries,
            fees, expenses, and costs of special
            interpretation services under section 1828 of
            this title.

28 U.S.C. § 1920.

      1.    **Guidance**

      Guidance requests $8,895.44 in taxable costs consisting

of the following:

| | |
|---|---|
| Fees of the Clerk | $   450.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $    12.97 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | $5,509.83 |

| | |
|---|---|
| Discovery Master fees | <u>$2,922.64</u> |
| **Total** | **$8,895.44** |

[Exh. C-1 to Decl. of Rex Y. Fujichaku (4/13/06).]  The fees of

the clerk represent pro hac vice filing fees for Victor

Linomgelli and John Patzakis.  [Exh. B to Guidance Motion.]

Guidance also included an itemization of the work performed by

the discovery master.  [Exh. D to Guidance Motion.]  The district

court has discretion to tax the fees of a special master.  <u>See</u>

<u>Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.</u>, 260 F.3d

1054, 1061 (9th Cir. 2001).  The Court finds the clerk's fees and

discovery master's fees to be reasonable and necessarily incurred

in this case.

        The court reporter fees are for a transcript of a

January 30, 2006 status conference.  [Exh. C-1 to Decl. of Rex Y.

Fujichaku (4/13/06).]  At the status conference, Plaintiff, PCT,

and Employees addressed the discovery dispute regarding files

that Guidance allegedly failed to produce.  It is not readily

apparent, however, that this transcript was necessary for

Guidance's use in the case.  <u>See</u> 28 U.S.C. § 1920(2).

        Guidance has only provided the total copying costs in

each monthly bill to Guidance.  The Local Rules provide that:

> The cost of copies necessarily obtained for use in
> the case is taxable provided the party seeking
> recovery submits an affidavit describing the
> documents copied, the number of pages copied, the
> cost per page, and the use of or intended purpose
> for the items copied.  The practice of this court

> is to allow taxation of copies at $.15 per page or
> the actual cost charged by commercial copiers,
> provided such charges are reasonable.  The cost of
> copies obtained for the use and/or convenience of
> the party seeking recovery and its counsel is not
> allowable.

Local Rule LR54.2(f)4.  Guidance did not provide the necessary

information and the Court cannot determine whether the copies

made were necessary for use in the case or were for Guidance's

convenience.  This Court therefore RECOMMENDS that Guidance's

request for taxable costs be GRANTED IN PART and DENIED IN PART.

This Court recommends that the district court award Guidance

taxable costs as follows:

| | |
|---|---|
| Fees of the Clerk | $   450.00 |
| Discovery Master fees | $2,922.64 |
| **Total** | **$3,372.64** |

This Court recommends that Guidance's request for copying costs

be denied without prejudice.

> 2.    C&S

C&S requests $2,997.82 in taxable costs.  [Exh. C to

Smith Decl.]  Again, C&S failed to submit a summary of its costs

or any supporting documentation.  Further, many of the cost items

have insufficient descriptions.  For example, there are charges

that merely state "Photocopies".  C&S does not state how many

copies were made of what documents, nor does it provide the per

page rate.  This Court cannot review C&S's request for taxable

costs because C&S has not submitted sufficient information.  This

45

Court therefore FINDS and RECOMMENDS that the district court DENY

C&S's request for taxable costs without prejudice.

## CONCLUSION

In accordance with the foregoing, this Court, acting as

Special Master, FINDS and RECOMMENDS that Guidance's Motion for

Award of Attorneys' Fees and Costs, filed March 30, 2006, be

GRANTED IN PART and DENIED IN PART and that the district court

award Guidance attorney's fees in the amount of $47,561.18 and

costs in the amount of $4,096.32, for a total award of

$51,657.50.  The Court recommends that the district court deny

Guidance's request for taxable copying costs without prejudice.

The Court also FINDS and RECOMMENDS that C&S's Motion for Award

of Attorneys' Fees and Full Costs, filed March 23, 2006, be

GRANTED IN PART and DENIED IN PART.  The Court recommends that

the district court award C&S attorney's fees in the amount of

$84,758.98 and that the district court deny C&S's request for

costs without prejudice.

IT IS SO FOUND AND RECOMMENDED.

46

DATED AT HONOLULU, HAWAI`I, October 25, 2006.



_/S/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States Magistrate Judge

WAYNE BERRY V. HAWAIIAN EXPRESS SERVICE, INC., ET AL; CIVIL NO.
03-00385 SOM-LEK; REPORT OF SPECIAL MASTER ON DEFENDANTS GUIDANCE
SOFTWARE, INC. AND MICHAEL GURZI'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS AND DEFENDANTS C&S LOGISTICS OF HAWAI`I, LLC, C&S
WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC, ES3, LLC, AND
RICHARD COHEN'S MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL
COSTS