# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

777 South Figueroa Street
Los Angeles, CA 90017

Michael E. Baumann
To Call Writer Directly:
(213) 680-8424
mbaumann@kirkland.com

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/08

January 30, 2008

**VIA HAND DELIVERY**

Honorable William H. Pauley
United States District Court
Southern District of New York
500 Pearl Street
Chambers 2210
New York, NY 10007

Re: *Berry v. Deutsche Bank Trust Company Americas, et al.*
S.D.N.Y. Case No.: 1:07-cv-7634 WHP

Dear Judge Pauley:

My firm has been retained by the Fleming Post Confirmation Trust (the "PCT") and Robert Kors to represent them in this lawsuit. By way of background, the PCT is a grantor trust formed pursuant to the Fleming Companies, Inc.'s Reorganization Plan for the purpose of, among other things, overseeing the collection and distribution of assets to Fleming's creditors. Mr. Kors is an individual employed by Castellammare Advisors, LLC, a Delaware Limited Liability Company. Castellammare Advisors has been appointed as the PCT Representative under Fleming's Reorganization Plan.

Both the PCT and Mr. Kors were newly named in this lawsuit as part of Berry's Second Amended Complaint, and are accused of aiding and abetting Berry's counsel's former law firm in breaching its fiduciary duty to Berry, causing a process server to serve Berry in his divorce case and failing to honor Fleming Companies, Inc.'s obligations under a contract Fleming rejected in its bankruptcy case. We submit this letter on their behalf requesting authority to (1) move for sanctions against Plaintiff Wayne Berry and his counsel Timothy Hogan pursuant to FRCP 11 and (2) move for summary judgment with respect to all claims made against them in the Second Amended Complaint.

First, Rule 11 requires a party to make a reasonable inquiry as to the basis of and the evidentiary support for any allegations or factual contentions before putting them before the Court. See *O'Brien v. Alexander*, 101 F.3d 1479, 1488 (2d. Cir. 1996) (citing Fed. R. Civ. P. 11(b)). A party cannot get around this requirement by simply pleading "on information and belief." See Fed. R. Civ. P. 11(b). Instead, such a party still must comply with its duty to conduct an investigation that is "reasonable under the circumstances." *Id.*; see also *Geisinger Medical Center v. Gough*, 160 F.R.D. 467, 469 (M.D. Pa. 1994) (rejecting proposition that Rule

## KIRKLAND & ELLIS LLP

Honorable William H. Pauley
United States District Court
January 30, 2008
Page 2

11(b)(3) gives parties "a general license to plead a claim first and then allow[s] them to conduct the necessary investigation in support of it."). To determine whether Rule 11 sanctions are merited, courts use an "objective standard of reasonableness" test. *See Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2003 WL 22227956, at *6 (S.D.N.Y. September 26, 2003).

Both the PCT and Mr. Kors recognize the gravity of seeking sanctions from this Court with respect to Berry's complaint. Accordingly, before submitting this letter, we advised Mr. Hogan that the PCT and Mr. Kors were not aware of any conversion of funds by Mr. Hogan's former law firm, did not receive funds from the firm, did not pay any money to the firm, did not purchase any interest in any lien owned by the firm and did not cause any process to be served or attempted in Mr. Berry's divorce case. We asked Mr. Hogan to provide us with the evidentiary bases for Berry's accusations or, in the alternative, that Berry withdraw the claims. Mr. Hogan refused to respond substantively to our request, going so far as to suggest that it was the PCT and Mr. Kors' obligation to provide evidence to disprove his allegations made on undisclosed information. A plaintiff is not entitled to make unsupported allegations in the hopes that discovery will yield a basis for a claim. *See Geisinger Medical Center*, 160 F.R.D. at 469.

While we believe that many of the allegations in Berry's Second Amended Complaint are unsupported and potentially sanctionable, we intend to focus the motion only on those allegations that are material to the claims made or appear designed to unnecessarily prolong resolution of this matter. Berry's first claim against the PCT and Mr. Kors, Count 5, seeks from the PCT and Mr. Kors specific performance or $2 million in liquidated damages pursuant to a license agreement Berry and Fleming entered into in 1999. Berry claims that Fleming and the PCT have "not sought [] rejection though the executory contract rejection mechanisms of the Bankruptcy Code" and therefore the PCT remains bound by its obligations. Compl. ¶ 36. This is false. The Bankruptcy Court's July 27, 2004 confirmation order approving Fleming's Reorganization Plan -- a plan Berry and his counsel unsuccessfully contested during a day-long hearing -- approves Fleming's rejection of all of its then-remaining executory contracts, which would include the Fleming/Berry license agreement alleged in the complaint. That same order also provides that any counter-parties to these rejected contracts -- like Berry -- had 30 days to file breach of contract damage claims (a/k/a "rejection damage claims") in the Bankruptcy Court. Berry filed a claim for "rejection damages" in Fleming's bankruptcy case on October 4, 2004. He also acknowledged Fleming's rejection of the license agreement in a December 24, 2004 letter he sent to Fleming stating that Mr. Berry was terminating the already rejected contract: "These violations of my copyright license, *along with Fleming Companies, Inc.'s rejection of the license in its Bankruptcy*, constitute material breaches giving rise to my right to terminate as set forth herein." We brought this letter, along with the confirmation order and Mr. Berry's filed rejection damages claims, to Mr. Hogan's attention and asked him to withdraw the claim. Thus far, he has refused.

Berry's next four claims against the PCT and Mr. Kors, Counts 6-9, are based on allegations that a partner at Mr. Hogan's former firm, Lynch, Ichida in Honolulu, converted

## KIRKLAND & ELLIS LLP

Honorable William H. Pauley
United States District Court
January 30, 2008
Page 3

funds held in trust for Mr. Berry and accepted payments from the PCT and Mr. Kors to breach his fiduciary obligations to Mr. Berry. (Compl. ¶¶ 197, 200, 207, 222, 223). We have asked Mr. Hogan to provide any basis for these allegations, including the basis for (1) his claim that the Lynch, Ichida firm converted client trust funds, since Berry testified in his August 2007 judgment-debtor exam that he received his share of settlement funds the firm recovered on his behalf, (2) his claim that the PCT and Mr. Kors were involved in any conversion, and (3) his claim that the PCT and Mr. Kors paid Lynch, Ichida money to obtain an interest in Lynch, Ichida's purported liens. Mr. Hogan has refused to substantively respond. If given permission to file the Rule 11 motion, we will provide sworn declarations that these allegations are pure fiction.

Count 10 alleges that the PCT and Mr. Kors abused process by causing "the issuance of process in a Hawaii family court proceeding directed against Mr. Berry." Compl. ¶ 229. Again, we have asked Mr. Hogan to tell us what evidence he is relying on to make this accusation. He has refused to substantively respond. If permitted to file the Rule 11 motion, we will provide sworn declarations that neither the PCT nor Mr. Kors caused a process server to serve process on Mr. Berry in his divorce case.

Additionally, in light of both Berry's refusal (and seeming inability) to articulate any concrete evidentiary bases for his claims, and the implausibility of the claims themselves, the PCT and Mr. Kors request authority to move for summary judgment with respect to the claims Berry makes against them in the Second Amended Complaint. A party against whom a claim has been asserted may move for a summary judgment at any time. See FRCP 56(b). Given the circumstances of this case, the PCT and Mr. Kors believe that a motion for summary judgment (as opposed to a motion to dismiss) will provide the most efficient and final means of disposing of Berry's claims against them.

Accordingly, the PCT and Mr. Kors respectfully request permission to file motions pursuant to FRCP 11 and FRCP 56, or a status conference to consider their request. If the Court grants the PCT and Mr. Kors permission to file a Rule 11 motion, they will comply with Rule 11's 21-day safe harbor provision.

Sincerely,

*[signature]*

Michael E. Baumann

cc: Counsel of Record - *via email*
Core-Mark Holdings Inc.

*[Handwritten note:]* Application granted. This Court will hold a pre-motion conference on February 13, 2008 in conjunction with the conference already scheduled for that time.
SO ORDERED:
*[signature]* WILLIAM H. PAULEY III U.S.D.J.
2/6/2008