# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

777 South Figueroa Street
Los Angeles, CA 90017

Michael E. Baumann
To Call Writer Directly:
(213) 680-8424
mbaumann@kirkland.com

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500

January 16, 2008

**VIA HAND DELIVERY**

Honorable William H. Pauley
United States District Court
Southern District of New York
500 Pearl Street
Chambers 2210
New York, NY 10007

      Re:    *Berry v. Deutsche Bank Trust Company Americas, et al.*
             S.D.N.Y. Case No.: 1:07-cv-7634 WHP

Dear Judge Pauley:

      We submit this letter seeking authority on behalf of all defendants to move pursuant to Local Civil Rule 54.2 to require Plaintiff Wayne Berry or his counsel to post a bond as security for costs and fees in this case. My firm is co-counsel of record for two of the named defendants in the above-captioned action: Deutsche Bank Trust Company Americas and JP Morgan Chase Bank (the "Bank Defendants"). We have been authorized to make this request on behalf of all defendants.

      At a status conference held in this case on December 7, 2007, the Court permitted Berry to amend his First Amended Complaint -- one last time -- and set a briefing schedule and hearing date for motions to dismiss to be filed by the Bank Defendants, C&S Wholesale Grocers, Inc. ("C&S") and General Electric Capital Corporation ("GECC"). Berry filed his Second Amended Complaint on December 21, 2007. The revised Complaint asserts nine additional causes of action and names three new defendants: (1) The Fleming Post Confirmation Trust (PCT), a grantor trust formed pursuant to the Reorganization Plan that the Delaware Bankruptcy Court approved in Fleming's Chapter 11 bankruptcy case for the purpose of, among other things, overseeing the collection and distribution of assets to Fleming's creditors; (2) Robert Kors, an individual employed by Castellammare Advisors, LLC, a Delaware Limited Liability Company, and appointed by the PCT to serve as the PCT Representative under the Reorganization Plan; and (3) Core-Mark Holdings Inc., one of the debtors reorganized under the terms of the Reorganization Plan. The Second Amended Complaint contains 75 pages of colorful prose full of conjecture and accusations dating back to the mid-90s regarding such diverse topics as gun running, cigarette smuggling, the Bishop Estate in Hawaii, Halliburton and a congressional hearing involving Congressman Henry Waxman. Five counts allege claims, on information and belief, against the PCT, Kors and C&S based on the accusation that a partner at Mr. Hogan's

## KIRKLAND & ELLIS LLP

Honorable William H. Pauley
United States District Court
January 16, 2008
Page 2

former firm, Lynch, Ichida in Honolulu, converted funds held in trust for Mr. Berry and accepted payments from the defendants to breach his fiduciary obligations to Mr. Berry. The Bank Defendants believe that Mr. Hogan and his firm acrimoniously parted ways at or around the time of these allegations, and that Lynch, Ichida has now withdrawn from all representation of Mr. Berry. An additional count for abuse of process is based on the allegation that the PCT, Kors and C&S caused process to be served on Mr. Berry in a divorce proceeding between him and his wife. By separate letter, the PCT, Robert Kors and C&S intend to seek permission to file a Rule 11 motion because the claims that the PCT, Kors or C&S aided in any alleged breach of duty owed by Mr. Berry's former lawyer, converted funds held in trust by the Lynch, Ichida firm, or directed any of the divorce proceedings involving the Berrys are baseless factual contentions.

All defendants will be forced to incur costs and legal fees responding to Mr. Berry's latest salvo. If past is prologue, as discussed below, the end result of this lawsuit will be that substantial fees and costs will be incurred, defendants will be awarded those fees and costs, and Mr. Berry will refuse to pay. Accordingly, all named defendants seek permission to move pursuant to Local Civil Rule 54.2 to require Berry or his counsel to post a bond as security for costs and fees in this case.

> Local Civil Rule 54.2 provides:
>
> [t]he court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in respect to non-compliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party.

Security for costs may include attorneys' fees to which a party is entitled, or potentially entitled, by statute. *See e.g., Beverly Hills Design Studio (N.Y.) Inc. v. Morris*, 126 F.R.D. 33, 37 (S.D.N.Y. 1989); *Baker v. Urban Outfitters, Inc.*, 2004 WL 2546805, at *2 (S.D.N.Y. November 10, 2004) (rule applies to attorneys' fees allowable to a prevailing party under the Copyright Act). The Second Amended Complaint includes claims against C&S, Core-Mark, GECC and the Bank Defendants subject to the attorneys' fees provisions of the Copyright Act. In addition, all defendants will incur significant recoverable costs in this litigation, a right that has proven difficult to enforce in the Hawaii litigation in which a number of defendants (including current defendants C&S and the PCT) were awarded fees and costs against Mr. Berry.

When ordering a bond for costs, courts in the Southern District typically consider a variety of factors, including: (1) the non-movant's financial condition and ability to pay; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the action; (4) the extent and scope of discovery; (5) the expected legal costs to be incurred; and (6) the non-

## KIRKLAND & ELLIS LLP

Honorable William H. Pauley
United States District Court
January 16, 2008
Page 3

movant's compliance with prior court orders. *Id.* In light of Berry's conclusory allegations, his history of frivolous litigation, his far-reaching and long-spanning RICO allegations, his non-resident status, his initial disclosures indicating his intent to seek irrelevant discovery from at least 50 people, including persons associated with Halliburton and current or former counsel to the defendants, and his continuing refusal to pay the cost and attorneys' fees award levied against him in a lawsuit that raised many of the same claims he raises here, the defendants collectively believe that he should be required to post a bond in an amount sufficient to protect their interests before this litigation moves forward.

Last Spring, the Hawai'i District Court awarded a total of $223,800.20 in costs and attorneys' fees against Berry and in favor of certain defendants in that case, including the PCT and C&S. In making this award, the District Court found that Berry brought his claims without evidence and with intent to harass. For example, the Court found "that Berry's trade secrets claim against Fleming was completely unsupported by the evidence . . . [and] was therefore objectively specious." *Berry v. Hawaii Exp. Servs. Inc.*, Civ. No. 03-00385, 2007 WL 689474, at *15 (D. Haw. March 2, 2007) (citation omitted). It also found that "[Berry's] claimed damages, which at some point were upward of $200 million, were frivolous and objectively unreasonable" (*Id.* at *21), and that "an award of attorney's fees [on account of the claims against one of the defendants was] appropriate to deter frivolous litigation." *Id.* at *8. The award of fees and costs to deter litigation obviously did not have its intended effect, primarily because Mr. Berry has resolutely refused to pay, forcing the defendants to institute collection actions. Indeed, many of the allegations Berry makes in his Second Amended Complaint suggest that his RICO and tort claims are premised on the parties' legitimate collection efforts (suggesting this may be no more than a strike suit). As Berry has already proven, it will be difficult, if not impossible, to collect any fee award, costs or sanction he is ordered to pay as a result of this lawsuit.

Accordingly, the defendants respectfully request a status conference to consider their request to file a motion requiring Berry or his counsel to post a bond as security in this action. Unless the court orders otherwise, the defendants subject to the Court's earlier briefing schedule will comply with that schedule notwithstanding this request.

Sincerely,

Michael E. Baumann

cc: Counsel of Record
Core-Mark Holdings Inc. - *via email*
Robert Kors - *via email*
PCT - *via email*

*Application granted. This Court will hold a conference on February 13, 2008 at 12:00 p.m.*
*SO ORDERED:*

WILLIAM H. PAULEY III U.S.D.J.
2/5/2008