# Exhibit 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| Fleming Companies, Inc., et ) | Case No. 03-10945 (MFW) |
| al., ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| Fleming Companies, Inc., et ) | |
| al. ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adversary Proceeding |
| ) | Case NO. 03-54809 |
| Wayne Berry, an individual ) | |
| ) | |
| Defendant ) | |
| ) | |

### ORDER

AND NOW, this **8TH** day of **AUGUST**, upon consideration of Fleming's Motion for Immediate and Preliminary Injunctive Relief filed on August 1, 2003, Fleming's Complaint For Declaratory Relief and an Injunction Prohibiting Harassment filed on August 1, 2003, Fleming's Memorandum of Points and Authorities in Support of Fleming's Motion For Immediate and Preliminary Injunctive Relief filed on August 1, 2003, and the Affidavit of Damian Capozzola filed in support thereof, which sought an order enjoining Berry, his counsel and all other agents from:

"(1)...communicating with Fleming, its employees, its counsel or agents, the United States government, or any other entity regarding the liability of Fleming for any post-petition infringement of any copyright owned by Berry, unless through

1435

communications and legal proceedings directly related to this adversary proceeding, until such time as there is a final determination on the merits, (2)...communicating with Fleming, its employees, its counsel or agents, the United States government, or any other entity regarding the allegations that Fleming, its employees, its counsel, or agents are involved in wrongdoing of any kind, including but not limited to acts of terrorism, cigarette smuggling, overcharging, and/or concealing information, unless by express approval of this Court, and(3)...engaging in any harassing behavior towards Fleming, its employees, counsel, or any other agents...."; it is hereby

**HELD** that § 1109 of the Bankruptcy Code authorizes a creditor to appear and be heard "on any issue" in a bankruptcy case; and it is further

**HELD** that 28 U.S.C. § 959 provides that a debtor "may be sued, without leave of the court...with respect to any of their acts or transactions in carrying on business" post-petition; therefore, it is hereby

**ORDERED** that the Motion for Immediate and Preliminary Injunction is **DENIED**.

BY THE COURT:

_____
Mary F. Walrath
United States Bankruptcy Judge