# Exhibit 5

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLEMING COMPANIES, INC., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Related to Docket No. 8268 |

### ORDER CONFIRMING THE THIRD AMENDED AND REVISED JOINT PLAN OF REORGANIZATION OF FLEMING COMPANIES, INC. AND ITS FILING SUBSIDIARIES UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")[2] having filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on April 1, 2003 (the "Petition Date"); and

The Debtors having filed the Third Amended Disclosure Statement in Support of the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and Its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code on May 11, 2004, which was approved by the Court,

---

[1] The Debtors are the following entities: Core-Mark International, Inc.; Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C., Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Retail Holdings, Inc., f/k/a/ Rainbow Foods, Inc.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

[2] Capitalized terms not defined herein shall have those meanings ascribed to them in the Plan (as defined below). The rules of interpretation set forth in Article I.A of the Plan shall apply to this Order (the "Confirmation Order"). If there is any direct conflict between the terms of the Plan, the Plan Supplement and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

subject to certain modifications, as containing "adequate information" as defined by section 1125 of the Bankruptcy Code pursuant to that Order dated May 25, 2004. [D.I. 8269];

The Debtors having filed on May 28, 2004, the Third Amended and Revised Disclosure Statement in Support of the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and Its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code, which included all modifications ordered by the Court at the May 25, 2004 hearing (as so amended, the "Disclosure Statement"); and

The Debtors having filed on May 28, 2004, the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and Its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code, reflecting those changes ordered by the Court at the May 25, 2004 hearing (as so amended and as further amended hereby, and including the Plan Supplement, the "Plan"); and

The Debtors having filed on June 15, 2004, pursuant to the Plan, the Management Incentive Plan term sheet, the Assumption Schedule and the Benefits Schedule; and

The Debtors having filed on July 16, 2004, pursuant to the Plan, the Plan Supplement; and

This Court having set July 26, 2004 at 9:30 a.m. Eastern Time as the date and time for a hearing pursuant to Rules 3017 and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 1126, 1128 and 1129 of the Bankruptcy Code to consider the Confirmation of the Plan (the "Confirmation Hearing"); and

This Court having reviewed the Plan and the Disclosure Statement; and

the New Common Stock constitutes "securities" (a) the issuance and distribution of such stock is exempt from section 5 of the Securities Act of 1933, as amended (the "Securities Act"), and any State or local law requiring registration for the offer or sale of securities, and (b) the New Common Stock will be freely tradeable by the recipients thereof, subject to the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an "underwriter" in section 2(a)(11) of the Securities Act, and compliance with rules and regulations of the Securities and Exchange Commission (the "SEC"), if any, applicable at the time of any future transfer of the New Common Stock.

### Executory Contracts and Unexpired Leases

kk) On June 15, 2004, the Debtors filed the Assumption Schedule and served on all counterparties to contracts and leases that the Reorganized Debtors are assuming pursuant to the Plan a notice of assumption (each a "Notice"), which included a proposed cure amount, if any, for each such contract and lease. The Assumption Schedule and Notice gave such counterparties until July 2, 2004 to object to both the assumption and the proposed cure amount. All filed objections were subsequently withdrawn, settled, or resolved or are overruled as provided herein. A revised version of the Assumption Schedule is attached as Exhibit B.

### Releases and Discharges

ll) The releases and discharges of Claims and Causes of Action described in Article XII of the Plan and in this Order, including releases by the Debtors and by those Holders of Claims who affirmatively voted to accept the Plan, constitute good faith compromises and settlements of the matters covered thereby and are consensual. Such compromises and settlements are made in exchange for consideration, are in the best interest of all parties in interest, are fair, equitable, reasonable, and constitute integral elements of the resolution of the Chapter 11 Cases in accordance with the Plan. Each of the discharge, release, indemnification

and exculpation provisions set forth in the Plan and this Order (i) is within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (ii) is an essential means of implementing the Plan pursuant to section 1123(a)(6) of the Bankruptcy Code; (iii) is an integral element of the settlements incorporated into the Plan; (iv) confers material benefit on, and is in the best interests of, the Debtors, their estates and their creditors; (v) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties-in-interest in the Chapter 11 Cases; and (vi) is consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code.

### Preservation of Causes of Action

mm) It is in the best interests of the Debtors' Estates and the Holders of Claims that all Causes of Action not expressly waived, relinquished, released, compromised or settled in the Plan or any Final Order be retained by the Debtors before the Effective Date, and by the PCT or the RCT, as applicable, after the Effective Date, pursuant to Article VII of the Plan.

### Approval of Settlements and Compromises

nn) Pursuant to Bankruptcy Rule 9019 and any applicable State law, and as consideration for the distributions and other benefits provided under the Plan, all settlements and compromises of Claims, Causes of Action and objections to Claims that are embodied in the Plan and this Order constitute good faith compromises and settlements of such Claims, Causes of Action and objections to Claims, which compromises and settlements are hereby approved as fair, equitable, reasonable, and appropriate in light of the relevant facts and circumstances underlying such compromise and settlement, and as being in the best interests of the Debtors, their Estates and the Holders of Claims.

indemnification of directors and officers shall not apply to current directors and officers of the Debtors who will serve as directors and/or officers of Core-Mark Newco or its subsidiaries after the Effective Date. The Debtors will fund the purchase of tail liability coverage under the Debtors' directors and officers insurance policies.

31. The Plan and Confirmation Order shall not diminish or impair the enforceability of the D&O Policies. Likewise, the Plan and Confirmation Order shall not amend the terms of the D&O policies to expand coverage thereunder. Finally, nothing in the Plan or Confirmation Order shall impair the rights of the D&O Carriers, if any, to pursue rescission of the D&O Policies.

<u>Exculpation</u>

32. The Debtors, the Reorganized Debtors, Core-Mark Newco, the D&O Releasees, the Post-Petition Lenders, the Tranche B Lenders, the Pre-Petition Lenders, the Agents, the Pre-Petition Agent, the Old Notes Trustees, the Committee, the OCRC, the PCT, the Post Confirmation Advisory Board, the PCT Representative, the RCT, the RCT Advisory Board and the RCT Representative, and their members, employees, and professionals (acting in such capacity) shall neither have nor incur any liability to any Person or Entity for any pre- or post-petition act taken or omitted to be taken in connection with or related to the formulation, negotiation, preparation, dissemination, implementation, administration, Confirmation or occurrence of the Effective Date of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other pre-petition or post-petition act taken or omitted to be taken in connection with, or in contemplation of, restructuring of the Debtors, except in cases of gross negligence or willful misconduct.