UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BERRY, | |
| Plaintiff, | Case No. 01:07 CV 7634 (WHP) |
| vs. | ECF Case |
| DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. AND DOES 1 TO 200, | |
| Defendants. | |

**DEFENDANT POST CONFIRMATION TRUST'S**
**ANSWER TO SECOND AMENDED COMPLAINT**

KIRKLAND & ELLIS LLP
Richard L. Wynne
Michael E. Baumann (*pro hac vice* pending)
Erin N. Brady (*pro hac vice* pending)
777 South Figueroa Street
Los Angeles, California 90017
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500

Defendant the POST CONFIRMATION TRUST[1] ("Defendant") answers the Second Amended Complaint of Plaintiff WAYNE BERRY as follows.  To the extent any heading within plaintiff's complaint constitutes an allegation, that allegation is denied.

## PARTIES

1.      Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 1 and, on that basis, denies the allegations in Paragraph 1.

2.      Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 2 and, on that basis, denies the allegations in Paragraph 2.

3.      Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 3 and, on that basis, denies the allegations in Paragraph 3.

4.      To the extent that this paragraph states a legal conclusion, no response is required. Defendant admits that JP Morgan Chase and Deutsche Bank served as administrative agents with respect to a loan agreement between Fleming Companies, Inc. and certain of its subsidiaries, on the one hand, and certain participating lenders, on the other, dated June 18, 2002.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 4 and, on that basis, denies the remaining allegations in Paragraph 4.

---

[1]    Although Plaintiff Wayne Berry names the "Post-Confirmation Trust of Fleming Companies, Inc." as a defendant in his Second Amended Complaint, the legal name of the grantor trust that he sued is the "Post Confirmation Trust."  Defendant Post Confirmation Trust will use its proper legal name hereafter.

5.      Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 5 and, on that basis, denies the allegations in Paragraph 5.

6.      Paragraph 6 defines "Pre-Petition Lenders" and "Lenders" to which no response is required.  To the extent that any response is required, Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 6 and, on that basis, denies the allegations in Paragraph 6.

7.      Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 7 and, on that basis, denies the allegations in Paragraph 7.

8.      Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 8 and, on that basis, denies the allegations in Paragraph 8.

9.      Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 9 and, on that basis, denies the allegations in Paragraph 9.

10.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, the PCT is a grantor trust formed pursuant to the Debtors' And Official Committee Of Unsecured Creditors' Third Amended And Revised Joint Plan Of Reorganization Of Fleming Companies, Inc. And Its Filing Subsidiaries Under Chapter 11 Of The United States Bankruptcy Code (the "Plan") and the Post-Confirmation Trust Agreement, as approved by the U.S. Bankruptcy Court for the District of Delaware.  Robert Kors is a resident of California, but Defendant denies that Defendant Kors is the principal of the PCT.  To the extent

that any further response is required, Defendant denies the remaining allegations in Paragraph 10.

11.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 11 and, on that basis, denies the allegations in Paragraph 11.

12.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 12 and, on that basis, denies the allegations in Paragraph 12.

## JURISDICTION AND VENUE

13.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant admits that the Court has subject matter jurisdiction for claims arising under the Copyright Act and RICO.  Defendant does not have sufficient information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegation in Paragraph 13.

14.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant admits that venue is proper in this Court. Defendant does not have sufficient information to form a belief as to the truth or falsity of the remaining allegations and, on that basis, denies the remaining allegation in Paragraph 14.

15.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant denies that this action has any merit.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 15 and, on that basis, denies the remaining allegations in Paragraph 15.

16.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required and that the allegations in Paragraph 16 are directed to Defendant, Defendant does not reside in Hawaii, does not have an agent in Hawaii and does not transact its affairs in Hawaii.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 16 and, on that basis, denies the remaining allegations in Paragraph 16.

### BASIS OF COPYRIGHT JURISDICTION

17.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 17 and, on that basis, denies the allegations in Paragraph 17.

18.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 18 and, on that basis, denies the allegations in Paragraph 18.

19.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 19 and, on that basis, denies the allegations in Paragraph 19.

20.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 20 and, on that basis, denies the allegations in Paragraph 20.

21.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 21 and, on that basis, denies the allegations in Paragraph 21.

22.     This paragraph states legal conclusions to which no response is required. To the extent that any response is required, Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 22 and, on that basis, denies the allegations in Paragraph 22.

23.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 23 and, on that basis, denies the allegations in Paragraph 23.

24.     This paragraph states legal conclusions to which no response is required. To the extent that any response is required, and to the extent that any allegations in Paragraph 24 are directed to Defendant, Defendant denies the allegations in Paragraph 24. Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 24 and, on that basis, denies the remaining allegations in Paragraph 24.

25.     This paragraph states legal conclusions to which no response is required. To the extent that any response is required, and to the extent that any allegations in Paragraph 25 are directed to Defendant, Defendant denies the allegations in Paragraph 25. Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 25 and, on that basis, denies the remaining allegations in Paragraph 25.

26.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 26 and, on that basis, denies the allegations in Paragraph 26.

27.     This paragraph states legal conclusions to which no response is required. To the extent that any response is required, Defendant does not have information or knowledge

sufficient to determine the truth or falsity of the allegations in Paragraph 27 and, on that basis, denies the allegations in Paragraph 27.

28.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 28 and, on that basis, denies the allegations in Paragraph 28.

29.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 29 and, on that basis, denies the allegations in Paragraph 29.

30.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 30 and, on that basis, denies the allegations in Paragraph 30.

31.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 31 and, on that basis, denies the allegations in Paragraph 31.

32.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 32 and, on that basis, denies the allegations in Paragraph 32.

33.     This paragraph states legal conclusions to which to response is required.  To the extent that any response is required, Defendant does not have information or knowledge

sufficient to determine the truth or falsity of the allegations in Paragraph 33 and, on that basis, denies the allegations in Paragraph 33.

34.    This paragraph states legal conclusions to which to response is required.  To the extent that any response is required, Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 34 and, on that basis, denies the allegations in Paragraph 34.

35.    This paragraph states legal conclusions to which to response is required.  To the extent that any response is required, Defendant denies the allegations in Paragraph 35.

36.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 36.

37.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant denies the allegations in Paragraph 37.

38.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant denies the allegations in Paragraph 38.

39.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant admits that a letter dated December 17, 2007 speaks for itself, but denies the remaining allegations in Paragraph 39.

## PRIOR LITIGATION

40.    Defendant admits that this is the third suit that Plaintiff has brought relating to FCS.  Defendant admits that the records from these two prior lawsuits speak for themselves.  Defendant denies any remaining allegations in Paragraph 40.

41.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant admits that an opinion of the Ninth Circuit Court of appeals dated July 5, 2007 speaks for itself.  Defendant does not have information or

knowledge sufficient to determine the truth or falsity of any remaining allegations and, on that basis, denies any remaining allegations in Paragraph 41.

42.      This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 42 and, on that basis, denies the allegations in Paragraph 42.

## THE FIRST HAWAII CASE

43.      Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 43 and, on that basis, denies the allegations in Paragraph 43.

44.      Defendant admits that the record from Berry's first lawsuit against Fleming speaks for itself.  Defendant denies any remaining allegations in Paragraph 44.

45.      Defendant admits that the record from Berry's first lawsuit against Fleming speaks for itself.  Defendant denies any remaining allegations in Paragraph 45.

46.      Defendant admits that the record from Berry's first lawsuit against Fleming speaks for itself.  Defendant denies any remaining allegations in Paragraph 46.

47.      This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant admits that the record from Berry's first lawsuit against Fleming speaks for itself.  Defendant denies any remaining allegations in Paragraph 47.

48.      Defendant admits that the record from Berry's first lawsuit against Fleming speaks for itself.  Defendant denies any remaining allegations in Paragraph 48.

49.      Defendant admits that the record from Berry's first lawsuit against Fleming speaks for itself.  Defendant denies any remaining allegations in Paragraph 49.

50.    Defendant admits that the record from Berry's first lawsuit against Fleming speaks for itself. Defendant denies any remaining allegations in Paragraph 50.

51.    Defendant admits that the record from Berry's first lawsuit against Fleming speaks for itself. Defendant denies any remaining allegations in Paragraph 51.

52.    This paragraph states legal conclusions to which no response is required. To the extent that any response is required, Defendant admits that the record from Berry's first lawsuit against Fleming speaks for itself. Defendant denies any remaining allegations in Paragraph 52.

53.    This paragraph states legal conclusions to which no response is required. To the extent that any response is required, Defendant admits that the records from Plaintiff's two prior lawsuits against Fleming speak for themselves. Defendant denies any remaining allegations in Paragraph 53.

54.    This paragraph states legal conclusions to which no response is required. To the extent that any response is required, Defendant admits that the records from Plaintiff's two prior lawsuits against Fleming speak for themselves. Defendant denies any remaining allegations in Paragraph 54.

55.    Defendant admits that Fleming filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in the District of Delaware on April 1, 2003. Defendant denies any remaining allegations in Paragraph 55.

56.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 56.

57.    Defendant admits that the records in Fleming's bankruptcy case and Berry's first lawsuit against Fleming speak for themselves. Defendant denies any remaining allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant admits that the record from the Ninth Circuit appeal speaks for itself. Defendant denies any remaining allegations in Paragraph 59.

60.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant denies the allegations in Paragraph 60.

## THE SECOND HAWAII CASE

61.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant denies the allegations in Paragraph 61.

62.     Defendant admits that the record from Berry's second lawsuit against Fleming speaks for itself.  Defendant denies any remaining allegations in Paragraph 62.

63.     Defendant admits that the SEC investigated Fleming in or around April 2003. Defendant denies any remaining allegations in Paragraph 63.

64.     Defendant denies the allegations in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant denies the allegations in Paragraph 66.

67.     Defendant denies the allegations in Paragraph 67.

68.     Defendant denies the allegations in Paragraph 68.

69.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant denies the allegations in Paragraph 69.

70.     Defendant denies the allegations in Paragraph 70.

71.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant admits that the records from the District of Hawaii and the Ninth Circuit Court of Appeals speak for themselves.  Defendant denies any remaining allegations in Paragraph 71.

72.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations, including but not limited to what Plaintiff means by "subsidiary works", in Paragraph 72 and, on that basis, denies the allegations in Paragraph 72.

73.     Defendant admits that the records from Plaintiff's two suits against Fleming speak for themselves.  Defendant denies the remaining allegations in Paragraph 73.

74.     Defendant admits that the records from Plaintiff's second suit against Fleming and Fleming's bankruptcy case speak for themselves.  Defendant denies the remaining allegations in Paragraph 74.

75.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant admits that the record from Plaintiff's second suit against Fleming speaks for itself.  Defendant denies the remaining allegations in Paragraph 75.

76.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denies the allegations in Paragraph 76.

77.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant admits that the record from Plaintiff's second suit against Fleming speaks for itself.  Defendant denies the remaining allegations in Paragraph 77.

78.     This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant admits that the record from Plaintiff's second suit against Fleming speaks for itself.  Defendant denies the remaining allegations in Paragraph 78.

79.     Defendant admits that C&S has claimed it is not using any Berry works in numerous filings in the bankruptcy and district courts.  Defendant denies the remaining allegations in Paragraph 79.

80.     Defendant denies the allegations in Paragraph 80.

81.    Defendant denies the allegations in Paragraph 81.

82.    Defendant denies the allegations in Paragraph 82.

83.    Defendant denies the allegations in Paragraph 83.

84.    Defendant denies the allegations in Paragraph 84.

85.    Defendant admits that as part of its efforts to end the litigation it considered purchasing Mr. Berry's works, including any interest Mr. Berry's spouse might have in such works.  Defendant denies the remaining allegations in Paragraph 85.

86.    Defendant denies the allegations in Paragraph 86.

87.    Defendant denies the allegations in Paragraph 87.

88.    Defendant denies the allegations in Paragraph 88.

89.    Defendant denies the allegations in Paragraph 89.

90.    Defendant denies the allegations in Paragraph 90.

91.    Defendant denies the allegations in Paragraph 91.

92.    Defendant denies the allegations in Paragraph 92.

93.    Defendant denies the allegations in Paragraph 93.

94.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant denies the allegations in Paragraph 94.

95.    Defendant denies the allegations in Paragraph 95.

96.    Defendant admits that the record from Fleming's bankruptcy case speaks for itself.  Defendant denies the remaining allegations in Paragraph 96.

97.    Defendant denies the allegations in Paragraph 97.

### THE LENDERS JOIN THE ENTERPRISE

98.    Defendant admits that the record from Fleming's bankruptcy case, which includes the financial obligations of Fleming at the time that Fleming filed its bankruptcy petition, speaks for itself.  Defendant denies the remaining allegations on Paragraph 98.

99.    Defendant admits that the record from Fleming's bankruptcy case speaks for itself.  Defendant denies the remaining allegation in Paragraph 99.

100.    Defendant admits that the record from Fleming's bankruptcy case speaks for itself.  Defendant denies the remaining allegation in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant admits that the records of Plaintiff's two suits against Fleming speak for themselves.  Defendant admits that the record of Fleming's bankruptcy case speaks for itself. To the extent that this allegation is directed to Defendant, Defendant denies the remaining allegations in Paragraph 101.  Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 103 and, on that basis, denies the remaining allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant admits that the record from Fleming's bankruptcy case speaks for itself.  Defendant denies the remaining allegations in Paragraph 105.

106.    Defendant denies the allegations in Paragraph 106.

### GECC AGREES TO JOIN THE ENTERPRISE

107.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 107 and, on that basis, denies the allegations in Paragraph 107.

108.    Defendant admits that the record from Fleming's bankruptcy case speaks for itself.  Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 108 and, on that basis, denies the remaining allegations in Paragraph 108.

109.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 109 and, on that basis, denies the allegations in Paragraph 109.

110.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 110 and, on that basis, denies the allegations in Paragraph 110.

111.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 111 and, on that basis, denies the allegations in Paragraph 111.

112.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 112 and, on that basis, denies the allegations in Paragraph 112.

113.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 113 and, on that basis, denies the allegations in Paragraph 113.

114.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 114 and, on that basis, denies the allegations in Paragraph 114.

115.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 115 and, on that basis, denies the allegations in Paragraph 115.

116.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 116 and, on that basis, denies the allegations in Paragraph 116.

117.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 117 and, on that basis, denies the allegations in Paragraph 117.

118.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 118 and, on that basis, denies the allegations in Paragraph 118.

119.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 119 and, on that basis, denies the allegations in Paragraph 119.

120.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 120 and, on that basis, denies the allegations in Paragraph 120.

121.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 121 and, on that basis, denies the allegations in Paragraph 121.

122.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 122 and, on that basis, denies the allegations in Paragraph 122.

123.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 123 and, on that basis, denies the allegations in Paragraph 123.

124.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 124 and, on that basis, denies the allegations in Paragraph 124.

125.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 125 and, on that basis, denies the allegations in Paragraph 125.

126.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 126 and, on that basis, denies the allegations in Paragraph 126.

127.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 127 and, on that basis, denies the allegations in Paragraph 127.

128.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 128 and, on that basis, denies the allegations in Paragraph 128.

129.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 129 and, on that basis, denies the allegations in Paragraph 129.

130.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 130 and, on that basis, denies the allegations in Paragraph 130.

131.    Defendant denies the allegations in Paragraph 131.

132.    Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 132 and, on that basis, denies the allegations in Paragraph 132.

133.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 133 and, on that basis, denies the allegations in Paragraph 133.

134.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 134 and, on that basis, denies the allegations in Paragraph 134.

## CLAIM I
## DIRECT COPYRIGHT INFRINGEMENT
## C&S, CORE-MARK AND DOE DEFENDANTS

135.    Defendant incorporates by reference its responses to the prior paragraphs.

136.    The allegations in Paragraph 136 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 136 and, on that basis, denies the allegations in Paragraph 136.

137.    The allegations in Paragraph 137 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that any additional response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 137 and, on that basis, denies the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 138 and, on that basis, denies the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that any additional response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 139 and, on that basis, denies the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that any additional response is required, Defendant denies that Fleming continues to operate.  Defendant does not have knowledge or information

sufficient to determine the truth or falsity of the remaining allegations in Paragraph 140 and, on that basis, denies the remaining allegations in Paragraph 140.

141.    The allegations in Paragraph 141 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that any additional response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 141 and, on that basis, denies the allegations in Paragraph 141.

142.    The allegations in Paragraph 142 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that any additional response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 142 and, on that basis, denies the allegations in Paragraph 142.

## CLAIM II
### CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT
### CHASE, DEUTSCHE BANK AND GECC

143.    Defendant incorporates by reference its responses to the prior paragraphs.

144.    The allegations in Paragraph 144 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that a further response is required, Defendant admits that the records from Plaintiff's two suits in the District of Hawaii speak for themselves. Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 144 and, on that basis, denies the remaining allegations in Paragraph 144.

145.    The allegations in Paragraph 145 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to

which no response is required.  To the extent that a further response is required, Defendant
admits that the records from Plaintiff's two suits in the District of Hawaii speak for themselves.
Defendant denies the remaining allegations in Paragraph 145.

146.    The allegations in Paragraph 146 are not directed to Defendant and no response is
required.  To the extent that a response is required, Defendant admits that the records from
Plaintiff's two suits in the District of Hawaii speak for themselves.  Defendant denies the
remaining allegations directed to Defendant in Paragraph 146.  Defendant does not have
knowledge or information sufficient to determine the truth or falsity of the remaining allegations
in Paragraph 146 and, on that basis, denies the remaining allegations in Paragraph 146.

147.    The allegations in Paragraph 147 are not directed to Defendant and no response is
required.  To the extent that a response is required, this paragraph states legal conclusions to
which no response is required.  To the extent that a further response is required, Defendant does
not have knowledge or information sufficient to determine the truth or falsity of the allegations
in Paragraph 147 and, on that basis, denies the allegations in Paragraph 147.

148.    The allegations in Paragraph 148 are not directed to Defendant and no response is
required.  To the extent that a response is required, Defendant admits that certain Lenders and
Mr. Berry entered into a tolling agreement in late March 2006 that tolled the statute of
limitations for Berry's infringement claims against them.  Defendant does not have knowledge or
information sufficient to determine the truth or falsity of the remaining allegations in Paragraph
148 and, on that basis, denies the remaining allegations in Paragraph 148.

149.    The allegations in Paragraph 149 are not directed to Defendant and no response is
required.  To the extent that a response is required, Defendant admits that the record from

Fleming's bankruptcy case speaks for itself. Defendant denies the remaining allegations in Paragraph 149.

150.    The allegations in Paragraph 150 are not directed to Defendant and no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 150.

151.    The allegations in Paragraph 151 are not directed to Defendant and no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 are not directed to Defendant and no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 are not directed to Defendant and no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 153.

154.    The allegations in Paragraph 154 are not directed to Defendant and no response is required. To the extent that a response is required, Defendant admits that the records from Plaintiff's two suits against Fleming speak for themselves. Defendant denies the remaining allegations in Paragraph 154.

155.    The allegations in Paragraph 155 are not directed to Defendant and no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 155.

156.    The allegations in Paragraph 156 are not directed to Defendant and no response is required. To the extent that a response is required, this paragraph states legal conclusions to

which no response is required.  To the extent that an additional response is required, Defendant denies the allegations in Paragraph 156.

157.    The allegations in Paragraph 157 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that a further response is required, Defendant denies the allegations in Paragraph 157.

158.    The allegations in Paragraph 158 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 158.

159.    The allegations in Paragraph 159 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that a further response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 159 and, on that basis, denies the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that a further response, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 160 and, on that basis, denies the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 161  with respect to the Lenders relationship with Fleming.  Defendant does not have knowledge

or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 161 and, on that basis, denies the remaining allegations in Paragraph 161.

162.    The allegations in Paragraph 162 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that a further response, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 162 and, on that basis, denies the allegations in Paragraph 162.

163.    The allegations in Paragraph 163 are not directed to Defendant and no response is required.  To the extent that a response is required, and to the extent these allegations do not involve loans to C&S or Core-Mark, Defendant denies the allegations in Paragraph 163.  To the extent these allegations involve loans to C&S or Core-Mark, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 163 and, on that basis, denies the allegations in Paragraph 163.

164.    The allegations in Paragraph 164 are not directed to Defendant and no response is required.  To the extent that a response is required, and to the extent these allegations do not involve loans to C&S or Core-Mark, Defendant denies the allegations in Paragraph 164.  To the extent these allegations involve loans to C&S or Core-Mark, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 164 and, on that basis, denies the allegations in Paragraph 164.

165.    The allegations in Paragraph 165 are not directed to Defendant and no response is required.  To the extent that a response is required, and to the extent these allegations do not involve loans to C&S or Core-Mark, Defendant denies the allegations in Paragraph 165.  To the extent these allegations involve loans to C&S or Core-Mark, Defendant does not have

knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 165 and, on that basis, denies the allegations in Paragraph 165.

166.    The allegations in Paragraph 166 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant admits that the records in Fleming's bankruptcy case and Plaintiff's two suits against Fleming speak for themselves.  To the extent that a further response is required, and to the extent these allegations do not involve loans to C&S or Core-Mark, Defendant denies the remaining allegations in Paragraph 166.  To the extent these allegations involve loans to C&S or Core-Mark, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 166 and, on that basis, denies the allegations in Paragraph 166.

167.    The allegations in Paragraph 167 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that a further response is required, and assuming this paragraph implicates only the loans to Fleming, Defendant denies the allegations in Paragraph 167.  To the extent these allegations involve loans to C&S or Core-Mark, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 167 and, on that basis, denies the allegations in Paragraph 167.

168.    The allegations in Paragraph 168 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 168 and, on that basis, denies the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to

which no response is required.  To the extent that a further response is required, and to the extent these allegations do not involve loans to C&S or Core-Mark, Defendant denies the allegations in Paragraph 169.  To the extent these allegations involve loans to C&S or Core-Mark, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 169 and, on that basis, denies the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that a further response is required, and to the extent these allegations do not involve loans to C&S or Core-Mark, Defendant denies the allegations in Paragraph 170.  To the extent these allegations involve loans to C&S or Core-Mark, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 170 and, on that basis, denies the allegations in Paragraph 170.

## CLAIM III
### CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT
### CORE-MARK AND C&S

171.    Defendant incorporates by reference its responses to the prior paragraphs.

172.    The allegations in Paragraph 172 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 172 and, on that basis, denies the allegations in Paragraph 172.

173.    The allegations in Paragraph 173 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 173 and, on that basis, denies the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 174 and, on that basis, denies the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 175 and, on that basis, denies the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 176 and, on that basis, denies the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 177 and, on that basis, denies the allegations in Paragraph 177.

**CLAIM IV**
**UNJUST ENRICHMENT AND QUANTUM MERUIT**
**THE LENDERS**

178.    Defendant incorporates by reference its responses to the prior paragraphs.

179.    The allegations in Paragraph 179 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to which no response is required.  To the extent that a further response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 179 and, on that basis, denies the allegations in Paragraph 179.

180.    The allegations in Paragraph 180 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 180.

181.    The allegations in Paragraph 181 are not directed to Defendant and no response is required.  To the extent that a further response is required, and to the extent these allegations do not involve loans to C&S or Core-Mark, Defendant denies the allegations in Paragraph 181.  To the extent these allegations involve loans to C&S or Core-Mark, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 181 and, on that basis, denies the allegations in Paragraph 181.

182.    The allegations in Paragraph 182 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 182.

183.    The allegations in Paragraph 183 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant denies the allegation in Paragraph 183.

<u>**CLAIM V**</u>
<u>**BREACH OF CONTRACT FOR DAMAGES AND SPECIFIC PERFORMANCE**</u>
<u>**KORS AND THE PCT**</u>

184.    Defendant incorporates by reference its responses to the prior paragraphs.

185.    Defendant denies the allegations in Paragraph 185.

186.    Defendant denies the allegations in Paragraph 186.

187.    Defendant admits that Fleming rejected the EULA in Fleming's bankruptcy case and that Berry cited that fact in a subsequent letter he wrote Fleming purporting to terminate his license.  Defendant denies the remaining allegations in Paragraph 187.

188.     This paragraph states a legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 188.

189.     Defendant denies the allegations in Paragraph 189.

190.     Defendant admits that Plaintiff's Second Amended Complaint speaks for itself. Defendant denies the remaining allegations in Paragraph 190.

191.     Defendant admits that Plaintiff's Second Amended Complaint speaks for itself. Defendant denies the remaining allegations in Paragraph 191.

192.     This paragraph states a legal conclusions to which no response is required.

### CLAIM VI
### TORTIOUS INDUCEMENT OF BREACH OF FIDUCIARY DUTY
### PCT, KORS AND C&S

193.     Defendant incorporates by reference its responses to the prior paragraphs.

194.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies any allegations directed to Defendant.  Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 194 and, on that basis, denies the remaining allegations in Paragraph 194.

195.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies any allegations directed to Defendant.  Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 195 and, on that basis, denies the remaining allegations in Paragraph 195.

196.     Defendant denies the allegations in Paragraph 196.

197.     Defendant denies the allegations in Paragraph 197.

198.     Defendant denies the allegations in Paragraph 198.

199.    Defendant denies the allegations in Paragraph 199.

200.    Defendant denies the allegations in Paragraph 200.

201.    Defendant denies the allegations in Paragraph 201.

202.    Defendant denies the allegations in Paragraph 202.

### CLAIM VII
### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### PCT, KORS AND C&S

203.    Defendant incorporates by reference its responses to the prior paragraphs.

204.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies any allegations directed to Defendant. Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 204 and, on that basis, denies the remaining allegations in Paragraph 204.

205.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies any allegations directed to Defendant. Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 205 and, on that basis, denies the remaining allegations in Paragraph 205.

206.    Defendant denies the allegations in Paragraph 206.

207.    Defendant denies the allegations in Paragraph 207.

208.    Defendant denies the allegations in Paragraph 208.

209.    Defendant denies the allegations in Paragraph 209.

210.    Defendant denies the allegations in Paragraph 210.

211.    Defendant denies the allegations in Paragraph 211.

212.    Defendant denies the allegations in Paragraph 212.

## CLAIM VIII
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
## PCT, KORS AND C&S

213.    Defendant incorporates by reference its responses to the prior paragraphs.

214.    Defendant denies any allegations directed to Defendant.  Defendant does not have

knowledge or information sufficient to determine the truth or falsity of the remaining allegations

in Paragraph 214 and, on that basis, denies the remaining allegations in Paragraph 214.

215.    Defendant admits that it was aware that Lynch Ichida Thompson Kim & Hirota

represented Plaintiff.  Defendant denies any remaining allegations in Paragraph 215.

216.    Defendant denies the allegations in Paragraph 216.

217.    This paragraph states legal conclusions to which no response is required.  To the

extent that any response is required, Defendant denies the allegations in Paragraph 217.

218.    The allegations in this paragraph state legal conclusions to which no response is

required.  To the extent that a response is required, Defendant denies any allegations directed to

Defendant.  Defendant does not have knowledge or information sufficient to determine the truth

or falsity of the remaining allegations in Paragraph 218 and, on that basis, denies the remaining

allegations in Paragraph 218.

219.    Defendant denies the allegations in Paragraph 219.

220.    Defendant denies the allegations in Paragraph 220.

## CLAIM IX
## AIDING AND ABETTING CONVERSION OF CLIENT FUNDS
## PCT, KORS AND C&S

221.    Defendant incorporates by reference its responses to the prior paragraphs.

222.    This paragraph states legal conclusions to which no response is required.  To an

extent any response is required, Defendant denies any allegations directed to Defendant.

Defendant does not have knowledge or information sufficient to determine the truth or falsity of

the remaining allegations in Paragraph 222 and, on that basis, denies the remaining allegations in

Paragraph 222.

223.    Defendant denies the allegations in Paragraph 223.

224.    Defendant denies the allegations in Paragraph 224.

225.    Defendant admits that Mr. Berry's counsel made a demand for the return of his

funds to Defendant's counsel and other counsel in this lawsuit, to which Defendant's counsel

responded that Defendant had no knowledge or possession of such funds.  Defendant does not

have knowledge or information sufficient to determine the truth or falsity of the remaining

allegations in Paragraph 225 and, on that basis, denies the remaining allegations in Paragraph

225.

226.    Defendant denies the allegation in Paragraph 226.

227.    Defendant denies the allegation in Paragraph 227.

### CLAIM X
### ABUSE OF PROCESS
### PCT, KORS AND C&S

228.    Defendant incorporates by reference its responses to the prior paragraphs.

229.    Defendant denies the allegation in Paragraph 229.

230.    Defendant denies any allegations directed to Defendant.  Defendant does not have

knowledge or information sufficient to determine the truth or falsity of the remaining allegations

in Paragraph 230 and, on that basis, denies the remaining allegations in Paragraph 230.

231.    To the extent that the allegations are directed to Defendant, Defendant denies the

allegation in Paragraph 231.  Defendant admits that C&S procured a court order compelling

Plaintiff to attend a judgment-debtor exam in Hawaii in August, 2007.  Defendant denies any

remaining allegations in Paragraph 231.

232.    Defendant denies any allegations directed to Defendant.  Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 232 and, on that basis, denies the remaining allegations in Paragraph 232.

233.    Defendant denies the allegation in Paragraph 233.

234.    Defendant denies the allegation in Paragraph 234.

235.    Defendant denies the allegation in Paragraph 235.

236.    Defendant denies any allegations directed to Defendant.  Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 236 and, on that basis, denies the remaining allegations in Paragraph 236.

237.    Defendant denies the allegation in Paragraph 237.

238.    Defendant denies the allegation in Paragraph 238.

## CLAIM XI
## CONVERSION OR ALTERNATIVELY TRESPASS TO MATERIAL OBJECTS
## C&S AND CORE-MARK

239.    Defendant incorporates by reference its responses to the prior paragraphs.

240.    The allegations in Paragraph 240 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph makes legal conclusions to which no response is required.

241.    The allegations in Paragraph 241 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant denies the allegations directed to Defendant.  Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 241 and, on that basis, denies the remaining allegations in Paragraph 241.

242.    The allegations in Paragraph 242 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph states legal conclusions to

which no response is required.  To the extent that a further response is required, Defendant admits that the record from Fleming's bankruptcy case speaks for itself.  Defendant denies the remaining allegations in Paragraph 242.

243.    The allegations in Paragraph 243 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph makes legal conclusions to which no response is required.  To the extent that any further response is required, Defendant denies any allegations directed to Defendant.  Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 243 and, on that basis, denies the remaining allegations in Paragraph 243.

244.    The allegations in Paragraph 244 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 244 and, on that basis, denies the allegations in Paragraph 244.

245.    The allegations in Paragraph 245 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant denies any allegations directed to Defendant.  Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 245 and, on that basis, denies the remaining allegations in Paragraph 245.

246.    The allegations in Paragraph 246 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph makes legal conclusions to which no response is required.  To the extent that any further response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 246 and, on that basis, denies the allegations in Paragraph 246.

247.    The allegations in Paragraph 247 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph makes legal conclusions to which no response is required.  To the extent that any further response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 247 and, on that basis, denies the allegations in Paragraph 247.

248.    The allegations in Paragraph 248 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph makes legal conclusions to which no response is required.  To the extent that any further response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 248 and, on that basis, denies the allegations in Paragraph 248.

249.    The allegations in Paragraph 249 are not directed to Defendant and no response is required.  To the extent that a response is required, this paragraph makes legal conclusions to which no response is required.  To the extent that any further response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 249 and, on that basis, denies the allegations in Paragraph 249.

250.    The allegations in Paragraph 250 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 250 and, on that basis, denies the allegations in Paragraph 250.

251.    .The allegations in Paragraph 251 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant does not have knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 251 and, on that basis, denies the allegations in Paragraph 251.

252.     The allegations in Paragraph 252 are not directed to Defendant and no response is required.  To the extent that a response is required, Defendant admits that Plaintiff's Second Amended Complaint speaks for itself.  Defendant does not have knowledge or information sufficient to determine the truth or falsity of the remaining allegations in Paragraph 252 and, on that basis, denies the remaining allegations in Paragraph 252.

**CLAIM XIII**
**RICO**
**ALL DEFENDANTS**

253.     Defendant incorporates by reference its responses to the prior paragraphs.

254.     To the extent that this paragraph states legal conclusions no response is required. To the extent that a response is required and that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 254.

**The 18 U.S.C. §1962(c) Enterprise**

255.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 255 and, on that basis, denies the allegations in Paragraph 255.

256.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 256 and, on that basis, denies the allegations in Paragraph 256.

257.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 257 and, on that basis, denies the allegations in Paragraph 257.

258.     Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 258 and, on that basis, denies the allegations in Paragraph 258.

259.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 259 and, on that basis, denies the allegations in Paragraph 259.

260.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 260 and, on that basis, denies the allegations in Paragraph 260.

261.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 261 and, on that basis, denies the allegations in Paragraph 261.

262.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 262 and, on that basis, denies the allegations in Paragraph 262.

263.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 263 and, on that basis, denies the allegations in Paragraph 263.

264.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 264 and, on that basis, denies the allegations in Paragraph 264.

265.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 265 and, on that basis, denies the allegations in Paragraph 265.

266.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 266 and, on that basis, denies the allegations in Paragraph 266.

267.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 267 and, on that basis, denies the allegations in Paragraph 267.

268.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 268 and, on that basis, denies the allegations in Paragraph 268.

269.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 269 and, on that basis, denies the allegations in Paragraph 269.

270.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 270 and, on that basis, denies the allegations in Paragraph 270.

271.    To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 271.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 271 and, on that basis, denies the remaining allegations in Paragraph 271.

272.    To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 272.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 272 and, on that basis, denies the remaining allegations in Paragraph 272.

273.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 273 and, on that basis, denies the allegations in Paragraph 273.

274.    Defendant admits that the records from Fleming's bankruptcy and Plaintiff's suits in the District of Hawaii speak for themselves.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 274 and, on that basis, denies the remaining allegations in Paragraph 274.

275.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant admits that the records from Fleming's bankruptcy and Plaintiff's suits in the District of Hawaii speak for themselves.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 275 and, on that basis, denies the remaining allegations in Paragraph 275.

276.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 276 and, on that basis, denies the allegations in Paragraph 276.

277.    To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 277 except that it admits that the record in Plaintiff's suits speak for themselves.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 277 and, on that basis, denies the remaining allegations in Paragraph 277.

278.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 278 that are directed to it.  Defendant does not have information or knowledge sufficient to determine the

truth or falsity of the remaining allegations in Paragraph 278 and, on that basis, denies the remaining allegations in Paragraph 278.

279.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 279 that are directed to it.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 279 and, on that basis, denies the remaining allegations in Paragraph 279.

280.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 280 and, on that basis, denies the allegations in Paragraph 280.

281.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 281.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 281 and, on that basis, denies the remaining allegations in Paragraph 281.

### Pattern of Racketeering

282.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 282.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 282 and, on that basis, denies the remaining allegations in Paragraph 282.

## Under RICO 18 U.S.C. §1961(1)(A)

283.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 283.

284.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 284.

285.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations are directed to Defendant, Defendant denies the allegations in Paragraph 285.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 285 and, on that basis, denies the remaining allegations in Paragraph 285.

## Under RICO 18 U.S.C. §1961(1)(B)

285(1).  This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant admits that the records from Plaintiff's suits against Fleming and appeal to the Ninth Circuit speak for themselves.  Defendant denies the remaining allegations directed to Defendant in Paragraph 285(1).  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 285(1) and, on that basis, denies the remaining allegations in Paragraph 285(1).

285(2).  To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 285(2).  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 285(2) and, on that basis, denies the remaining allegations in Paragraph 285(2).

285(3).  To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 285(3).  Defendant does not have information or

knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 285(3) and, on that basis, denies the remaining allegations in Paragraph 285(3).

285(4).  To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 285(4).  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 285(4) and, on that basis, denies the remaining allegations in Paragraph 285(4).

285(5).  This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 285(5).  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 285(5) and, on that basis, denies the remaining allegations in Paragraph 285(5).

286.    To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 286.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 286 and, on that basis, denies the remaining allegations in Paragraph 286.

287.    To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 287.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 287 and, on that basis, denies the remaining allegations in Paragraph 287.

288.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 288  Defendant does not have information or

knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 288 and, on that basis, denies the remaining allegations in Paragraph 288.

289.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 289.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 289 and, on that basis, denies the remaining allegations in Paragraph 289.

290.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 290.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 290 and, on that basis, denies the remaining allegations in Paragraph 290.

291.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 291.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 291 and, on that basis, denies the remaining allegations in Paragraph 291.

292.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 292.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 292 and, on that basis, denies the remaining allegations in Paragraph 292.

293.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 293.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 293 and, on that basis, denies the remaining allegations in Paragraph 293.

## RICO OFFENSES

294.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 294.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 294 and, on that basis, denies the remaining allegations in Paragraph 294.

295.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 295.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 295 and, on that basis, denies the remaining allegations in Paragraph 295.

296.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 296.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 296 and, on that basis, denies the remaining allegations in Paragraph 296.

297.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 297.  Defendant does not have information or

knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 297 and, on that basis, denies the remaining allegations in Paragraph 297.

298.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 298.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 298 and, on that basis, denies the remaining allegations in Paragraph 298.

299.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 299.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 299 and, on that basis, denies the remaining allegations in Paragraph 299.

300.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 300.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 300 and, on that basis, denies the remaining allegations in Paragraph 300.

301.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 301.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 301 and, on that basis, denies the remaining allegations in Paragraph 301.

302.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 302.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 302 and, on that basis, denies the remaining allegations in Paragraph 302.

303.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 303.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 303 and, on that basis, denies the remaining allegations in Paragraph 303.

304.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 304.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 304 and, on that basis, denies the remaining allegations in Paragraph 304.

305.     To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 305.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 305 and, on that basis, denies the remaining allegations in Paragraph 305.

306.     To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 306.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 311 and, on that basis, denies the remaining allegations in Paragraph 306.

307.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 307.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 307 and, on that basis, denies the remaining allegations in Paragraph 307.

308.    To the extent that allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 308.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 308 and, on that basis, denies the remaining allegations in Paragraph 308.

309.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required and the allegations in this paragraph are directed to Defendant, Defendant denies the allegations in Paragraph 309.  Defendant does not have information or knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 309 and, on that basis, denies the remaining allegations in Paragraph 309.

310.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 310 and, on that basis, denies the allegations in Paragraph 310.

311.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 311 and, on that basis, denies the allegations in Paragraph 311.

312.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 312 and, on that basis, denies the allegations in Paragraph 312.

313.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 313 and, on that basis, denies the allegations in Paragraph 313.

314.    Defendant does not have information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 314 and, on that basis, denies the allegations in Paragraph 314.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State a Claim)

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

Plaintiff's complaint is barred by the doctrines of res judicata and collateral estoppel.

### THIRD AFFIRMATIVE DEFENSE

### (Uncertainty of Pleading)

Plaintiff's complaint and the allegations contained therein are uncertain, ambiguous and unintelligible.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The causes of action alleged in the complaint are barred by the statutes of limitations prescribed by 18 U.S.C. § 1961 et seq. (*see Rotella v. Wood*, 528 U.S. 549, 554 (2000)), 17 U.S.C. § 507(b), as well as any other statute of limitations applicable to Plaintiff's claims.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Causation and/or Actual Damages)

Plaintiff cannot prove any action by Defendant that caused damage to Plaintiff in any way.

## SIXTH AFFIRMATIVE DEFENSE

### (Damages Not Ascertainable)

Plaintiff may not recover on the causes of action in the complaint because the damages sought are too speculative and uncertain.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

By conduct, representations and omissions, Plaintiff has waived, relinquished and/or abandoned, and is equitably estopped to assert, any claim for relief against Defendant respecting the matters that are the subject of the complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

By conduct, representations and omissions, Plaintiff is equitably estopped to assert any claim for relief against Defendant respecting the matters which are the subject of the complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands/In Pari Delicto)

As a result of the acts and omissions in the matters relevant to this complaint, Plaintiff

has unclean hands, is in pari delicto, and is therefore barred from asserting any claims against

Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (One Who Seeks Equity Must Do Equity)

No relief may be obtained under the complaint by reason of Plaintiff's failure to do equity

in the matters alleged in the complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

The injury or damage suffered by Plaintiff, if any there be, would be adequately

compensated in an action at law for damages.  Accordingly, Plaintiff has a complete and

adequate remedy at law and is not entitled to seek equitable relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages

have been or will be sustained, and any recovery by plaintiff must be diminished or barred by

reason thereof.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack Of Standing)

Plaintiff has not alleged any injury in fact, and therefore lacks standing to bring this

action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Privilege and Justification)

Both by statute and by common law, Defendant was privileged and justified in acting as Defendant did.  Accordingly, Defendant cannot be liable for Plaintiff's damages, if any there be.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Nonjoinder of Parties)

Plaintiff has not joined all of the parties essential for the adjudication of the action.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant hereby gives notice that it intends to rely upon any additional affirmative defenses that become available or apparent during discovery and reserves the right to amend its answer to assert such additional defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.     Dismiss Plaintiff's complaint with prejudice;

2.     Order that Plaintiff take nothing by reason of his complaint, that Plaintiff is entitled to no relief, and that judgment be rendered in favor of Defendant;

3.     Award Defendant its costs and expenses incurred in connection with this action; and

4.     Grant Defendant such other relief as the Court deems proper.

DATED:  February 25, 2008

By:   /s/ Richard L. Wynne

KIRKLAND & ELLIS LLP
Richard L. Wynne
Michael E. Baumann (*pro hac vice* pending)
Erin N. Brady (*pro hac vice* pending)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500
E-mail:          ebrady@kirkland.com

Counsel for Defendant