# EXHIBIT C

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 1 2005

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, <br><br> Plaintiff, <br><br> vs. <br><br> HAWAII EXPRESS SERVICE, INC., a California corporation; et al. <br><br> Defendants. | Civ. No. 03-00385 SOM/LEK <br><br> ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; ORDER AFFIRMING MAGISTRATE JUDGE'S ADOPTION OF DISCOVERY MASTER'S ORDER REGARDING F-1 PROGRAM MATERIALS |

ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT;
ORDER AFFIRMING MAGISTRATE JUDGE'S ADOPTION OF
DISCOVERY MASTER'S ORDER REGARDING F-1 PROGRAM MATERIALS

I.   INTRODUCTION.

This court has previously found Defendant Post Confirmation Trust[1] and Defendants Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio (collectively, "Employees")[2] liable to Plaintiff Wayne Berry for direct infringement from April 1, 2003, through June 9, 2003.[3] In the latest of a string of motions,

---

[1] As noted in this court's June 27, 2005, order, Post Confirmation Trust represents the interests of Fleming Companies, Inc., and is therefore referred to as "Fleming."

[2] Employees and Fleming are collectively referred to as "Defendants."

[3] The court amends its earlier finding that direct infringement commenced on March 7, 2003. In a previous hearing, the court had raised the issue of the commencement date, and Defendants had relied on the March 7, 2003, date, which was less advantageous to them than the alternative of April 1, 2003. Defendants now point out that Berry's own Second Amended Verified

Because the magistrate judge adopted the Discovery Master's F-1 Order without articulating any substantive analysis, Berry challenges the underlying Discovery Master's reasons for denying Berry's request for discovery. Specifically, Berry argues that, contrary to the Discovery Master's conclusion that Berry failed to provide information in four categories, "all of the relevant information was supplied to the Master." Appeal at 6. However, the court affirms the magistrate judge because Berry does not establish that the F-1 materials are relevant to damages or profits attributable to the infringement.

Even if Berry did proffer evidence that the F-1 program was operational, that it was used by Fleming during the relevant time period, and that Berry's software was incorporated into the F-1 program, Berry has not established that the F-1 materials he seeks to discover are likely to contain evidence relevant to the issues of causation and damages for the period in issue (April 1, 2003, to June 9, 2003). Berry speculates that the F-1 materials will explain why Fleming chose to continue its use of the infringing software rather than to use the F-1 program. He further guesses that Fleming continued to use his software because it made Fleming more profitable. However, even if the F-1 materials do show that Fleming chose <u>in 2001</u> not to replace Berry's software because that software made Fleming more profitable <u>at that time</u>, Berry does not even allege that the F-1

7

materials will reflect how Berry's software made Fleming more profitable in 2003. Nor does Berry explain how the F-1 materials will otherwise establish a causal nexus between Defendants' infringement in 2003 and damages or profits attributable to that infringement.

This court is well aware that Berry, not having seen the F-1 materials, cannot be precise as to their content. But Berry does not make even a plausible argument as to how the anticipated content of those materials will somehow relate to the time period in issue here. He does not meet his burden of showing the relevance of the F-1 materials. See Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). The magistrate judge did not clearly err in adopting the Discovery Master's F-1 Order denying discovery of the F-1 materials.

With respect to the Discovery Master's sanction of $1200, Rule 53(c) of the Federal Rules of Civil Procedure authorizes discovery masters "to impose upon a party any noncontempt sanction provided by Rule 37 or 45." Fed. R. Civ. P. 53(c). In turn, Rule 37(a)(4)(B) provides that, "[i]f the motion [compelling disclosure or discovery] is denied, the court . . . shall, after affording an opportunity to be heard, require

8

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 21, 2005.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Berry v. Hawaiian Express Service, Inc., et al., Civ. No. 03-00385 SOM/LEK; ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; ORDER AFFIRMING MAGISTRATE JUDGE'S ADOPTION OF DISCOVERY MASTER'S ORDER REGARDING F-1 PROGRAM MATERIALS.

---

directed to terminate the appeal, and Berry must return to the magistrate judge for relief pending the magistrate judge's adoption, rejection, or modification of the Discovery Master's ruling on the Guidance software materials.

46