# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WAYNE BERRY, | ) CIVIL NO. 03-00385 SOM-LEK |
| Plaintiff, | ) |
| vs. | ) |
| HAWAIIAN EXPRESS SERVICE, INC., ET AL., | ) |
| Defendants. | ) |

**REPORT OF SPECIAL MASTER ON PLAINTIFF WAYNE BERRY'S
MOTION FOR ATTORNEY FEES AND FULL COSTS; DEFENDANT
POST-CONFIRMATION TRUST'S MOTION FOR ATTORNEYS' FEES AND COSTS;
AND DEFENDANT EMPLOYEES' MOTION FOR ATTORNEYS' FEES AND COSTS**

Before the Court, pursuant to a designation by United States District Judge Susan Oki Mollway, are Plaintiff Wayne Berry's ("Plaintiff") Motion for Attorney Fees and Full Costs, filed March 15, 2006 ("Plaintiff Motion"), Defendant Post-Confirmation Trust's ("PCT")[1] Motion for Attorneys' Fees and Costs, filed March 23, 2006 ("PCT Motion"), and Defendants Mark Dillon, Teresa Noa, Brian Christensen, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio's (collectively "Employees") Motion for Attorneys' Fees and Costs, filed March 23, 2006 ("Employees Motion").

---

[1] Defendant Fleming Companies, Inc. ("Fleming") filed Chapter 11 bankruptcy on April 1, 2003. The PCT was created to hold Fleming's assets and liabilities for the benefit of Fleming's creditors. The Court will refer to Fleming and PCT interchangeably.

PCT and Trial Employees subsequently filed motions for summary judgment on the issue of damages. The district court denied those motions in an October 21, 2005 order. The district court found that any damages Plaintiff obtained against Trial Employees were limited to actual damages because Trial Employees did not receive any profit or benefit from the infringement.

The case proceeded to trial on the issues of damages as to Count I and PCT's vicarious liability for Trial Employees' infringement. On March 7, 2006, the jury entered its verdict. The jury found that Plaintiff established that he was entitled to $57,530.00 in actual damages from PCT, $2 from Dillon, and $2 from Noa. The jury found that Plaintiff was not entitled to any damages from Ponce, Purdy, Fukumoto, Waiolama, and Rio. The jury also found that Plaintiff was not entitled to any additional profits from PCT based on Fleming's infringement and that Fleming was vicariously liable for Trial Employees' infringement. On March 16, 2006, a Second Amended Judgment was issued, addressing all of Plaintiff's claims against all of the defendants.[3]

I. **Plaintiff Motion**

Plaintiff now seeks attorney's fees and costs pursuant to 17 U.S.C. § 505, arguing that he prevailed against all parties on the issue of ownership and copyrightability of his FCS

---

[3] The original judgment, issued on March 9, 2006, only addressed the jury's verdict, and the Amended Judgment, issued on March 16, 2006, contained an error.

6

Christensen were unsuccessful does not automatically render them frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989) (failure to state a claim does not require a finding of frivolousness). The United States Supreme Court has stated that a claim is frivolous if it "lacks an arguable basis either in law or in fact." Id. at 325. Plaintiff did not individually identify Christensen in Count I; he was named only by virtue of being an "employee and/or agent of defendants named." [SAVC at ¶ 73.] In granting summary judgment in Christensen's favor, the district court noted that Plaintiff did not present any evidence that Christensen ever used the infringing version of FCS. [January 26, 2005 Order at 32.] In support of his claim that Christensen was liable for contributory infringement, Plaintiff presented various emails that Christensen wrote, stating that a replacement may be needed for FCS. The district court found that these did not establish that Christensen had knowledge of the infringement. The district court therefore ruled that Plaintiff's contributory infringement claim failed. Plaintiff's vicarious infringement claim also failed because he did not present any evidence to establish the requirement that the infringement resulted in a direct financial benefit to Christensen. [Id. at 38.] In light of the utter lack of evidence supporting Plaintiff's copyright infringement claims against Christensen, this Court finds that they were frivolous

32

and objectively unreasonable.

### b. Motivation

This Court also finds that Plaintiff's pursuit of his copyright claims against Christensen, in spite of the lack of evidence supporting them, is a strong indication that he had an improper motivation. Plaintiff had access to counsel who could have easily determined that such claims were without legal and factual basis. In addition, Plaintiff has been responsible for numerous lawsuits and administrative complaints against Fleming. In light of the lack of evidence against Christensen, it appears that Plaintiff pursued his claims against Christensen as part of that pattern. This Court therefore finds that Plaintiff had an improper motivation for pursuing claims against Christensen.

### c. Compensation and Deterrence

This Court finds that an award of attorney's fees is appropriate to deter frivolous litigation.

The Fogerty factors weigh in favor of an award of attorney's fees to Christensen. The application of the Fogerty factors is consistent with the purposes of the Copyright Act. Its primary objective "is not to reward the labor of authors, but [t]o promote the Progress of Science and useful Arts." Fogerty, 510 U.S. at 527 (alteration in original). Thus, defendants are encouraged to advance meritorious copyright defenses just as plaintiffs are encouraged to bring meritorious copyright

33

infringement claims. See id. Christensen's successful defense against frivolous and unreasonable copyright claims furthered the purposes of the Copyright Act.

### d. Other factors

The Ninth Circuit has stated that courts should also consider the degree of success obtained and whether an award of attorney's fees to a prevailing defendant would have too great a chilling effect. Christensen obtained a complete victory over Plaintiff; the district court ruled in Christensen's favor on all claims. Finally, Plaintiff is not an unsophisticated litigant and the Court finds that an award of attorney's fees to Christensen would not have too great a chilling effect.

Having considered the factors identified by the Supreme Court and the Ninth Circuit, this Court finds that Christensen should be awarded attorney's fees and costs pursuant to § 505.

### 2. Plaintiff

#### a. Frivolousness & Objective Unreasonableness

Insofar as Plaintiff prevailed against PCT, Dillon and Noa, this Court cannot find that his claims were frivolous or objectively unreasonable. The Court notes, however, that Plaintiff's claimed damages, which at one point were upwards of $200 million, were frivolous and objectively unreasonable.

#### b. Motivation

As noted above, the instant case is part of a long line

34

secrets because Fleming, Guidance, and C&S misled the Bankruptcy Court by claiming that no copies of Plaintiff's software remained on Fleming's computers when it sold them to C&S. Guidance submitted evidence that any misstatement to the Bankruptcy Court was inadvertent and was the result of Dillon's use of different names for the files. Plaintiff did not presented any evidence in response to Guidance's explanation. The district court found that there was no evidence that C&S used improper means to obtain any of Plaintiff's files.

This Court finds that Plaintiff's trade secrets claim against Fleming was objectively specious because there was a complete lack of evidence supporting his claim. Further, this Court will infer subjective misconduct from the speciousness of Plaintiff's claim and from his conduct during the litigation. Plaintiff's failure to present any evidence to rebut Guidance's assertion that any failure to disclosure the transfer of Plaintiff's software was inadvertent indicates that he knew or should have known that his claim had no merit. Further, as stated previously, this action is part of a long history of legal and administrative actions by Plaintiff against Fleming. This Court therefore finds that Plaintiff made the misappropriation of trade secrets claim against Fleming in bad faith and that it is entitled to fees incurred defending against that claim.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, December 4, 2006.



      /S/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States Magistrate Judge

WAYNE BERRY V. HAWAIIAN EXPRESS SERVICE, INC., ET AL; CIVIL NO. 03-00385 SOM-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF WAYNE BERRY'S MOTION FOR ATTORNEY FEES AND FULL COSTS; DEFENDANT POST-CONFIRMATION TRUST'S MOTION FOR ATTORNEYS' FEES AND COSTS; AND DEFENDANT EMPLOYEES' MOTION FOR ATTORNEYS' FEES AND COSTS