# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WAYNE BERRY, | CIVIL NO. 03-00385 SOM-LEK |
| Plaintiff, | |
| vs. | |
| HAWAIIAN EXPRESS SERVICE, INC., ET AL., | |
| Defendants. | |

**REPORT OF SPECIAL MASTER ON DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND DEFENDANTS C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC, ES3, LLC, AND RICHARD COHEN'S MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS**

Before the Court, pursuant to a designation by United States District Judge Susan Oki Mollway, are Defendants Guidance Software, Inc. and Michael Gurzi's (collectively "Guidance") Motion for Award of Attorneys' Fees and Costs, filed March 30, 2006 ("Guidance Motion"), and Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions LLC, ES3, LLC, and Richard Cohen's (collectively "C&S") Motion for Award of Attorneys' Fees and Full Costs, filed March 23, 2006 ("C&S Motion"). Guidance requests $86,927.04 in attorney's fees and $9,973.32 in costs, for a total of $96,900.36, and C&S requests $162,330.50 in attorney's fees and $9,949.48 in costs, for a total award of $171,886.24. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court of

Plaintiff's claim that Guidance's stated reason for the copying was a mere pretext, noting that Plaintiff provided no evidence of a scheme to deceive the bankruptcy court. Plaintiff also failed to prove that Guidance intentionally induced or encouraged another party to commit direct infringement. This Court therefore finds that Plaintiff's copyright claims against Guidance were without legal and factual basis. Plaintiff's copyright claims against Guidance were frivolous and objectively unreasonable.[3]

### b. Motivation

This Court also finds that Plaintiff's pursuit of claims against Guidance, in spite of notice that its copying constituted fair use, is a strong indication that he had an improper motivation. Plaintiff had access to counsel who could have easily determined that such claims were without legal and factual basis.

### c. Compensation and Deterrence

This Court finds that an award of attorney's fees is appropriate to deter frivolous litigation.

---

[3] Plaintiff argues that this Court cannot find that his claims were frivolous because the district court did not make such a finding. The district court, however, did not have occasion to consider the issue whether Plaintiff's claims were frivolous. This Court's finding that Plaintiff's claims were frivolous therefore does not contradict the Summary Judgment Order. Further, the district court will have an opportunity to consider the issue when it reviews this Court's findings and recommendations.

DATED AT HONOLULU, HAWAI`I, October 25, 2006.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

WAYNE BERRY V. HAWAIIAN EXPRESS SERVICE, INC., ET AL; CIVIL NO. 03-00385 SOM-LEK; REPORT OF SPECIAL MASTER ON DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND DEFENDANTS C&S LOGISTICS OF HAWAI`I, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC, ES3, LLC, AND RICHARD COHEN'S MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS