# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, ) | CIV. NO. 03-00385 SOM/LEK |
| Plaintiff, ) | |
| ) | ORDER AFFIRMING MAGISTRATE |
| vs. ) | JUDGE ORDER COMPELLING WAYNE |
| ) | BERRY TO COMPLY WITH AN ORDER |
| HAWAIIAN EXPRESS SERVICE, ) | FOR JUDGMENT DEBTOR |
| INC., et al., ) | EXAMINATION |
| ) | |
| Defendants. ) | |

ORDER AFFIRMING MAGISTRATE JUDGE ORDER COMPELLING WAYNE BERRY
TO COMPLY WITH AN ORDER FOR JUDGMENT DEBTOR EXAMINATION

I.      INTRODUCTION.

On August 8, 2007, Plaintiff Wayne Berry appealed Magistrate Judge Leslie E. Kobayashi's July 30, 2007, order compelling him to comply with an order for examination of judgment debtor. Because Berry fails to demonstrate that the July 30, 2007, order is clearly erroneous or contrary to law, that order is AFFIRMED.

II.     STANDARD OF REVIEW.

Magistrate Judge Kobayashi was authorized to rule on the underlying motion pursuant to 28 U.S.C. § 636(b)(3), which allows this court to assign Magistrate Judges additional duties that are "not inconsistent with the Constitution and laws of the United States." This court's practice is to assign Magistrate Judges motions seeking compliance with orders for examination of

judgment debtors. Under Rule 69 of the Federal Rules of Civil Procedure, such motions are treated as discovery.

This court reviews the post-trial discovery order as if it were a pre-trial discovery order. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(a); Fed. R. Civ. P. 72(a); Local Rule 74.1. The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (quotations and citations omitted)); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed"); accord United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

2

II.     ANALYSIS.

The facts relevant to this appeal are undisputed. On March 23, 2006, C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC, and Richard Cohen (collectively, "C&S") filed a motion seeking an award of attorneys' fees and costs from Berry. See Docket # 874. On October 26, 2006, Magistrate Judge Kobayashi issued a report of special master in which she made findings and a recommendation that C&S's motion be granted in part and denied in part. She recommended that C&S be awarded $84,758.98 in attorneys' fees and that C&S's request for costs be denied without prejudice. See Docket # 1012. This court adopted this part of the recommendation. See Docket # 1037. On May 21, 2007, this court issued an order indicating that the court's adoption of the Magistrate Judge's recommendation that C&S be awarded $84,758.98 in attorneys' fees was equivalent to a judgment. See Docket # 1062.

On May 23, 2007, C&S filed an ex parte motion to examine Berry as a judgment debtor. See Docket # 1063. On May 30, 2007, Magistrate Judge Kobayashi granted that motion, ordering Berry to appear before her on June 28, 2007, to be examined. See Docket # 1064. This order was served on Berry through his counsel of record, Timothy J. Hogan, via the court's CM/ECF system that same day. Additionally, C&S attempted to

3

serve Berry with a copy of the order via a state sheriff who attempted to serve Hogan personally. Hogan refused to accept the document. See Exs. D and E to C&S's Opposition to Appeal (Aug. 9, 2007) (Docket # 1079).

On June 15, 2007, C&S moved to compel Berry to attend the June 28, 2007, examination of judgment debtor. See Docket # 1065. On July 30, 2007, Magistrate Judge Kobayashi granted that motion, ordering Berry to appear before her at 10:30 a.m. on August 13, 2007, to be examined as a judgment debtor. See Docket # 1075. This appeal followed.

Berry argues that he was not properly served because only his attorney was served with the order. He says he must be personally served with the order. This argument is unpersuasive. Berry fails to demonstrate that Magistrate Judge Kobayashi's July 30, 2007, order is clearly erroneous or contrary to law. In fact, even if the court were to review the matter de novo, it would reach the same conclusion as Magistrate Judge Kobayashi.

In pertinent part, Rule 69 of the Federal Rules of Civil Procedure states:

> In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

4

Fed. R. Civ. P. 69(a). Because an examination of judgment debtor is a type of discovery authorized by Rule 69(a), Magistrate Judge Kobayashi correctly looked to Rule 5 of the Federal Rules of Civil Procedure to determine how an order compelling such an examination must be served.

> Under Rule 5(a),
>
> every order required by its terms to be served, every pleading subsequent to the original complaint . . . , every paper relating to discovery required to be served upon a party . . . , and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.

Fed. R. Civ. P. 5(a). Rule 5(b) provides that "[s]ervice under Rules 5(a) . . . on a party represented by an attorney is made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b). Under Rules 5 and 69, service of the order on Berry's attorney of record was sufficient.

Berry argues that the order compelling his attendance at the examination of judgment debtor was required to be personally served on him under state law. However, as set forth above, state law is inapplicable, and service of the July 30, 2007, order on Berry's attorney, Hogan, was sufficient. Cerami v. Robinson, 85 F.R.D. 371 (S.D.N.Y. 1980), is instructive. In Cerami, the district court rejected the argument being made by Hogan. In that case, a judgment debtor moved to dissolve an

5

order holding him in contempt for failing to provide discovery in aid of the plaintiff's judgment. The judgment debtor argued that the original notice of his deposition was improper because it was served on his attorney and not on him personally as required by New York state practice. The district court rejected this argument, noting that service on the judgment debtor's attorney of record was sufficient under Rules 5 and 69 to require the judgment debtor to appear for a deposition in aid of the judgment. Id. at 372.

The examination of Berry as a judgment debtor is akin to the post-judgment deposition in Cerami. The Magistrate Judge correctly determined that Berry had been served with the order compelling his attendance at his examination of judgment debtor because C&S had attempted to serve a copy of the order on Berry's attorney (who refused to accept it) and because Berry had actually been served with the order through his attorney via the court's CM/ECF system. All of the cases cited by Berry are distinguishable because they do not involve service of an order compelling discovery of a party under the Federal Rules of Civil Procedure.

It appears that Berry is arguing in his appeal of the July 30, 2007, order that, because he no longer is a citizen of Hawaii, he is more than 100 miles from the courthouse and cannot be compelled to attend the examination of judgment debtor in

6

Honolulu pursuant to Rule 45 of the Federal Rules of Civil Procedure. However, Rule 45(c)(3)(A)(ii) refers to the quashing or modifying of a subpoena of "a person who is not a party or an officer of a party" when the subpoena requires the person to travel more than 100 miles. Not only is Berry a party, he is not being subpoenaed, and Rule 45 applies only to subpoenas. The order for an examination of judgment debtor is not a subpoena. The examination is a discovery procedure, and no subpoena is required to obtain discovery of a party.

In his appeal of the July 30, 2007, order, Berry also argues that, before he may be examined, C&S must first have a writ of execution. He says that Magistrate Judge Kobayashi so ruled in her July 30, 2007, order. Berry misreads that order. Neither that order nor the rules require a writ of execution to be issued before taking discovery in aid of a judgment. Under Rule 69, unless the court orders otherwise, a writ of execution must be issued before C&S may take property belonging to Berry in satisfaction of the "judgment" C&S has against Berry. No such writ is required to take discovery under Rule 69, and Magistrate Judge Kobayashi's mere reference to a writ nowhere suggested that a writ had to precede an examination of judgment debtor.

III.     CONCLUSION.

In light of the foregoing, and for the grounds set forth in Magistrate Judge Kobayashi's well-reasoned July 30, 2007, order compelling Berry to attend the August 13, 2007, examination of judgment debtor, that order is AFFIRMED. If Berry does not attend the August 13, 2007, examination of judgment debtor, C&S may move for appropriate relief, including, but not limited to, a request that Berry be held in contempt and be subject to a fine, a sanction, and/or a warrant for his arrest.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 10, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Berry v. Hawaiian Express Serv., et al., Civ. No. 03-00385 SOM/LEK; ORDER AFFIRMING MAGISTRATE JUDGE ORDER COMPELLING WAYNE BERRY TO COMPLY WITH AN ORDER FOR JUDGMENT DEBTOR EXAMINATION

8

## Other Orders/Judgments
1:03-cv-00385-SOM Berry v. Hawaiian Express Ser, et al **CASE CLOSED on 03/09/2006**

### U.S. District Court

### District of Hawaii - CM/ECF V3.04 (3/07)

### Notice of Electronic Filing

The following transaction was entered on 8/10/2007 at 3:20 PM HST and filed on 8/10/2007
**Case Name:** Berry v. Hawaiian Express Ser, et al
**Case Number:** 1:03-cv-385
**Filer:**
**WARNING: CASE CLOSED on 03/09/2006**
**Document Number:** 1080

**Docket Text:**
ORDER AFFIRMING MAGISTRATE JUDGE ORDER COMPELLING WAYNE BERRY TO COMPLY WITH AN ORDER FOR JUDGMENT DEBTOR EXAMINATION [1075],[1078] - Signed by Judge SUSAN OKI MOLLWAY on 8/10/07. [In light of the foregoing, and for the grounds set forth in Magistrate Judge Kobayashi's well-reasoned July 30, 2007, order compelling Berry to attend the August 13, 2007, examination of judgment debtor, that order is AFFIRMED. If Berry does not attend the August 13, 2007, examination of judgment debtor, C&S may move for appropriate relief, including, but not limited to, a request that Berry be held in contempt and be subject to a fine, a sanction, and/or a warrant for his arrest.] (emt, )

**1:03-cv-385 Notice has been electronically mailed to:**
Andrew V. Beaman abeaman@chunkerr.com, lwarfield@chunkerr.com, nshinozuka@chunkerr.com
Leroy E. Colombe lcolombe@chunkerr.com, cerickson@chunkerr.com
Timothy Joseph Hogan tjh@timhogan.com, timmyhogan@gmail.com, wwi@loio.com
Wesley H.H. Ching whc@fmhc-law.com, dd@fmhc-law.com, eol@fmhc-law.com
Lex R. Smith lrs@ksglaw.com
Wesley W. Ichida wwi@loio.com
Margery S. Bronster mbronster@bhhawaii.net, audrey@bchlaw.net
Lyle S. Hosoda lsh@hosodalaw.com
William G. Meyer, III wmeyer@dwyerlaw.com, carashiro@dwyerlaw.com, jborges@dwyerlaw.com
Thomas H.Y.P. Yee thy@ksglaw.com, bls@ksglaw.com
Raina P.B. Gushiken rpbg@hosodalaw.com, dmm@hosodalaw.com, ta@hosodalaw.com
Rex Y. Fujichaku rfujichaku@bhhawaii.net
Christopher T. Chun ctc@hosodalaw.com
Damian Capozzola dcapozzola@kirkland.com
Erin N. Brady ebrady@kirkland.com

**1:03-cv-385 Notice will not be electronically mailed to:**

Michael E. Baumann

Kirkland & Ellis
777 S Figueroa St Ste 3700
Los Angeles, CA 90017

Melissa M. Dulac
Kirkland & Ellis
777 S Figueroa St Ste 3700
Los Angeles, CA 90017

Peter T. Kashiwa
Goodsill Anderson Quinn & Stifel LLLP
Alii Place
1099 Alakea St Ste 1800
Honolulu, HI 96813-2639

Iver N. Larson
Chun Kerr Dodd Beaman & Wong
900 Hawaii Tower
745 Fort St
Honolulu, HI 96813

Eric C. Liebeler
Kirkland & Ellis
777 S Figueroa St Ste 3700
Los Angeles, CA 90017

Victor Limongelli
Guidance Software Inc
215 N Marengo Ave
Pasadena, CA 91101

Anne E. Lopez
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop St Ste 2600
Honolulu, HI 96813-3889

Clyde Wm. Matsui
Matsui Chung Sumida & Tsuchiyama
737 Bishop St Ste 1400
Honolulu, HI 96813

Julia M. Morgan
Fukunaga Matayoshi Hershey & Ching
Davies Pacific Center
841 Bishop St Ste 1200
Honolulu, Hi 96813

John Patzakis
Guidance Software Inc
215 N Marengo Ave
Pasadena, CA 91101

R. Olivia Samad
Kirkland & Ellis
777 S Figueroa St Ste 3700
Los Angeles, CA 90017

Shelley M Tamekazu
Lyle S. Hosoda & Associates, LLC
345 Queen St Ste 804
Honolulu, HI 96813

Ann C. Teranishi
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop St Ste 2600
Honolulu, HI 96813-3889

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=8/10/2007] [FileNumber=329122-0]
[91f42b9a12546cab3acbdb1a128dfef3bffe78885a77c11470c61b1c968c6471e2d2
4a87545a07ce4229f9a2ed90b7d72724f9b61ef511ad8857d772863953d4]]