# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WAYNE BERRY,                                    :    01:07 CV 7634 WHP
                        Plaintiff,              :    Judge William H. Pauley III
            vs.                                 :    ECF Case
                                                :
DEUTSCHE BANK TRUST COMPANY                     :
AMERICAS (f.a. BANKERS TRUST COMPANY)           :
and JP MORGAN CHASE BANK, in their separate     :    PLAINTIFF'S INITIAL
capacities and as agents for the pre- and post- :    DISCLOSURES
petition lenders of Fleming Companies, Inc.;    :
GENERAL ELECTRIC CAPITAL                        :
CORPORATION; C&S WHOLESALE GROCERS,             :
INC.; THE POST-CONFIRMATION TRUST OF            :
FLEMING COMPANIES, INC.; ROBERT KORS;           :
CORE-MARK HOLDINGS INC. and DOES 1 to           :
200.                                            :
                                                :
                        Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF WAYNE BERRY'S INITIAL DISCLOSURES

        Comes now Plaintiff Wayne Berry by and through his undersigned counsel, and hereby

submits his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

A.    **Name and If Known, Address and Telephone Number of Each Individual Likely to
      Have Discoverable Information Relevant to Disputed Facts Alleged with
      Particularity in the Pleadings, Identifying the Subjects of the Information.**

        1.    Wayne Berry. c/o Timothy J. Hogan Attorney at Law, 1050 Bishop Street,
              No. 433, Honolulu Hawaii 96813 (808) 382-3698. Plaintiff, software
              developer. Liability and Damages.

        2.    Teresa Noa. Lives in Wapelo Iowa. c/o Fleming-Logistics possibly
              located at 91-315 Hanua Street, Kapolei. Testimony including but not
              limited to liability, damages Rock Island Arsenal and RICO.

        3.    Brian Christensen. C&S, 91-315 Hanua Street, Kapolei, HI 96707, (808)
              682-7300. Testimony including but not limited to liability, damages and
              RICO.

        4.    Mark Dillon, Jacquiline Rio, Alfreada Waiolama, Justin Fujioka,, Sherilyn
              Cruz C/P C&S, 91-315 Hanua Street, Kapolei, HI 96707, (808) 682-7300.
              Liability regarding use of software and creator of adjudicated willful
              infringing derivative of Berry FCS. Testimony including but not limited

to liability, damages and RICO.

5.  TAG aka The Adherence Group Charleston, Head Office, 2070 Northbrook Blvd, B-5, North Charleston, South Carolina, 29406, Tel: 1-843-824-1996 Fax:1-843-824-1794 and Matson Navigation 555 12th St., 7th Fl., Oakland, CA 94607, United States. Testimony including but not limited to RICO regarding mis-declaration of freight and Government procurement fraud related to RICO and the amount that C&S saved in freight costs for falsely claiming to be operating as Fleming-Logistics under the Fleming Foods tariff.

6.  Peter Schaul, Joy Schaul and Jeff Graham. Hawaiian Express. Hawaiian Express Service, Inc. 3623 Munster Ave., Hayward, CA 94545, (510) 783-6100, Fax (510) 782-5794 Testimony including but not limited to liability, RICO and damages.  Testimony including but not limited to RICO regarding mis-declaration of freight.  Government procurement fraud.

7.  Carlos Hernandez. Fluor, Inc., 5120 Tennington Park, Dallas Tx 75287 Testimony including but not limited to liability, damages, government procurement fraud and RICO.

8.  Julianne Berry, whereabouts unknown. Ms. Berry will testify regarding RICO. Testimony including but not limited to Lex Smith and Michael Baumann (IE Lenders, PCT, Kors and C&S') involvement in the Berry divorce proceeding, service of dismissed complaint.

9.  Cheryl Brawley, Esq., 1164 Bishop Street, Suite 500, Honolulu, Hawaii (808) 533-0066.  Represented Julianne Berry in Berry v. Berry.  Testimony on Lex Smith and Michael Baumann (IE Lenders, PCT, Kors and C&S') involvement in the Berry divorce proceeding, service of dismissed complaint.

10. Lex Smith, Esq. Kobayashi Sugita & Gota, 999 Bishop Street, Suite 26000, Honolulu, Hawaii 96813 (808) 5 39-8700.  Represents PCT, C&S. Testimony including but not limited to advising clients to commit infringement for financial gain, inducement of breach of fiduciary duty, aiding and abetting conversion, criminal conspiracy and RICO.

11. Michael Baumann, Esq. Kirkland & Ellis LLP, 777 South Figueroa Street, Los Angeles, California 90017-5800, United States, T: +1 213-680-8400, F: +1 213-680-8500 Testimony including but not limited infringement for financial gain, inducement of breach of fiduciary duty, aiding and abetting conversion, criminal conspiracy and RICO.

2

12.   Wesley Ichida, Esq., Susan Arquines, Paul Lynch, William Thompson,
      Steven Kim and Maile Hiriota, Lynch Ichida Thompson Kim & Hirota,
      1132 Bishop Street, Suite 1405 Honolulu, Hawaii 96813. (808) 528-0100.
      inducement of breach of fiduciary duty, aiding and abetting conversion,
      criminal conspiracy and RICO.

13.   Robert Kors, Fleming PCT Board of Directos and Castellammare
      Advisors, 232 Quadro Vecchio Drive, Palos Verdes, Ca 90272,
      inducement of breach of fiduciary duty, aiding and abetting
      conversion, criminal conspiracy and RICO.

14.   30(b)(6) Representative and custodian of records of each institutional
      defendant.

15.   J. Mulheam. First name unknown. Believed to be agent engaged by
      Michael Baumann and his clients including but not necessarily limited to
      the PCT and Lenders to intimidate Plaintiff and put him in fear for his life
      and livelihood and effect service of dismissed divorce complaint.

16.   Custodian of Records Central Pacific Bank, Honolulu, HI., Testimony
      including but not limited to money received by Lynch Ichida Thompson
      Kim & Hirota..

17.   Brackett B. Denniston, III, Esq. General Electric Co., 3135 Easton
      Turnpike, Fairfield, CT 06828-0001, United States, Phone: 203-   373-
      2211, Fax: 203-373-3131 General Counsel of Defendant GECC's   parent
      company General Electric Corporation conspiracy and RICO.

18.   Roger Fulghum, a partner at the Baker Botts law firm in Houston, One
      Shell Plaza, 910 Louisianna Street, Houston Texas, 77002
      Haliburton and/or its spin off of Kellogg Brown and Root now known as
      KBR, Inc. ("KBR"). Testimony including but not limited to fraud upon the
      copyright office committed to obtain copy of FCS to deliver to KBR and/or
      Haliburton.

19.   Andrew Denatale, Roberto J. Kampfner C/O White & Case. Testimony
      including but not limited to Control of infringer, knowledge of
      infringement and ability of Lenders to cause the infringer to cease
      infringement.

20.   Each and every witness disclosed by any other party.  Plaintiff reserves the

3

right to supplement these initial disclosure.

21.  Tim Barnes, President & CEO of Baine Capital, Managing Director of
     Sankaty Advisors and Fleming PCT Board of Directors, 111 Huntington
     Avenue, Boston Ma 02199, 617-516-2000, Testimony including but not
     limited to inducement of breach of fiduciary duty, aiding and abetting
     conversion, criminal conspiracy and RICO.

22.  Randolph I. Thorton, Fleming PCT Board of Directors and President of
     Comdisco Holdings Company, 5600 North River Road, Suite 800,
     Rosemont Il 60018, 847-698-3000, Testimony including but not limited to
     inducement of breach of fiduciary duty, aiding and abetting conversion,
     criminal conspiracy and RICO.

23.  Harvey Tempner, Fleming PCT Board of Directors and President of
     Compass Advisors, 825 Third Ave, New York, New York 10022, 212-702-
     9800,Testimony including but not limited to inducement of breach of
     fiduciary duty, aiding and abetting conversion, criminal conspiracy and
     RICO.

24.  Sandra Schirmang, Fleming PCT Board of Directors and Senior Director of
     Credit for Kraft Foods, Inc. Three Lakes Drive, Northfield, Il 60093, 847-
     646-6719, Testimony including but not limited to inducement of breach of
     fiduciary duty, aiding and abetting conversion, criminal conspiracy and
     RICO.

25.  Michael Carey, 5616 Remington Park Drive, Flower Mound Texas 75028,
     Testimony including but not limited to liability, damages, government
     procurement fraud and RICO.

26.  Ralph Stussi, 1533 Shady Grove Circle, Rockwall texas 75032, Testimony
     including but not limited to liability, damages, government procurement
     fraud and RICO.

27.  Gerald Birchette, 2331 Lakes Ct, Arlington Tx 76016 Testimony including
     but not limited to liability, damages, government procurement fraud and
     RICO.

28.  Archie Dykes, Capital City Holings, 506 Belgrave Park, Nashville,
     Tennessee, 37215, 615-269-4808 Testimony including but not limited to
     liability, damages, government procurement fraud and RICO.

29.  Darrell W. Taylor, a partner at the Baker Botts law firm in Houston, One

4

Shell Plaza, 910 Louisianna Street, Houston Texas, 77002
Haliburton and/or its spin off of Kellogg Brown and Root now known as
KBR, Inc. ("KBR"). Testimony including but not limited to fraud upon the
copyright office committed to obtain copy of FCS to deliver to KBR and/or
Haliburton.

30.    Andrew M. Baker, a partner at the Baker Botts law firm in Houston, One
Shell Plaza, 910 Louisianna Street, Houston Texas, 77002
Haliburton and/or its spin off of Kellogg Brown and Root now known as
KBR, Inc. ("KBR"). Testimony including but not limited to fraud upon the
copyright office committed to obtain copy of FCS to deliver to KBR and/or
Haliburton.

31.    Cedric W. Burgher, SVP and CFO of KBR, Inc. 601 Jeffereson St, Houston
Tx, 77002, 713-753-2000,  Haliburton and/or its spin off of Kellogg
Brown and Root now known as KBR, Inc. ("KBR").  Testimony including
but not limited to fraud upon the copyright office committed to obtain copy
of FCS to deliver to KBR and/or Haliburton.

32.    Brad Buehler of Landon IP Landon IP Inc, Suite 450, 1700 Diagonal Road,
Alexandria, Virginia 22314, United States of America, Phone 703-486-
1150, Fax 703-892-4510 Testimony including but not limited fraud upon
the copyright office committed to obtain copy of FCS, infringement for
financial gain, criminal conspiracy and RICO.

33.    Ernst & Young, Five Times Square, New York, NY 10036, Phone: 212-
773-3000, Fax: 212-773-6350 Testimony including but not limited to
30(b)(6) Representative and custodian of records. Testimony including but
not limited to fraud upon the copyright office committed to obtain copy of
FCS to deliver to KBR and copying FCS into Fleming's F1 and/or other
Ernst & Young products.

34.    CapGemini America, Inc., 623 Fifth Avenue, 33rd Floor, New York, New
York 10022, Phone: (212) 314-8000, Fax: (212) 314-8001Testimony
including but not limited to 30(b)(6) Representative and custodian of
records. Testimony including but not limited to fraud upon the copyright
office committed to obtain copy of FCS to deliver to KBR and copying
FCS into Fleming's F1 and/or othjer CapGemini products

35.    SAP America, 3999 West Chester park, Newtown Square, PA 19073,
Phone: +1-610-661-1000  Testimony including but not limited to 30(b)(6)
Representative and custodian of records Testimony including but not
limited to fraud upon the copyright office committed to obtain copy of FCS

to deliver to KBR and copying FCS into Fleming's F1 and/or other SAP products.

36.    Harold F. Degenhardt, Securities Exchange Commission, 817-978-6469, Testimony including but not limited to fraud upon the copyright office committed to obtain copy of FCS to deliver to KBR and copying FCS into Fleming's F1 and/or other SAP, Ernst & Young, CapGemini and Manugistics products and F1 disclosures to financial institutions.

37.    Spenser C. Barasch, Securities Exchange Commission, 817-978-6425, Testimony including but not limited to fraud upon the copyright office committed to obtain copy of FCS to deliver to KBR and copying FCS into Fleming's F1 and/or other SAP, Ernst & Young, CapGemini and Manugistics products and F1 disclosures to financial institutions.

38.    David L. Peavler, Securities Exchange Commission, SEC Headquarters, 100 F Street, NE, Washington, DC 20549 (202) 942-8088 and 817-978-1417, Testimony including but not limited to fraud upon the copyright office committed to obtain copy of FCS to deliver to KBR and copying FCS into Fleming's F1 and/or other SAP, Ernst & Young, CapGemini and Manugistics products and F1 disclosures to financial institutions.

39.    James E. Etri, Securities Exchange Commission, SEC Headquarters, 100 F Street, NE, Washington, DC 20549 (202) 942-8088 and 817-978-1417, Testimony including but not limited to fraud upon the copyright office committed to obtain copy of FCS to deliver to KBR and copying FCS into Fleming's F1 and/or other SAP, Ernst & Young, CapGemini and Manugistics products and F1 disclosures to financial institutions.

40.    Stephen Webster, Securities Exchange Commission, SEC Headquarters, 100 F Street, NE, Washington, DC 20549 (202) 942-8088 and 817-978-1417, Testimony including but not limited to fraud upon the copyright office committed to obtain copy of FCS to deliver to KBR and copying FCS into Fleming's F1 and/or other SAP, Ernst & Young, CapGemini and Manugistics products and F1 disclosures to financial institutions.

41.    Kmart, c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, IL 60179, Phone: 847-286-2500 Testimony including but not limited to 30(b)(6) Representative and custodian of records. Testimony including but not limited to copying FCS into Fleming's F1 and/or other SAP, Ernst & Young, CapGemini and Manugistics products and F1 disclosures to financial institutions and "Hand Invoices" and/or freight and logistics software and service supplied by Fleming and C&S to Kmart.

6

42. Ted Stenger, Alix Partners, 2100 McKinney Avenue, Suite 800, Dallas, TX 75201, 214.647.7500, fax 214.647.7501 Testimony including but not limited infringement for financial gain, criminal conspiracy and RICO.

43. Michael Scott, Alix Partners, 2100 McKinney Avenue, Suite 800, Dallas, TX 75201, 214.647.7500, fax 214.647.7501 Testimony including but not limited infringement for financial gain, criminal conspiracy and RICO.

44. Becky Roof, Alix Partners, 2100 McKinney Avenue, Suite 800, Dallas, TX 75201, 214.647.7500, fax 214.647.7501 Testimony including but not limited infringement for financial gain, criminal conspiracy and RICO.

45. James Sprayregan, Goldman Sachs, Goldman Sachs Group Inc., 85 Broad Street, New York, NY 10004, Phone: 212-902-1000, Fax: 212-902-3000Testimony including but not limited infringement for financial gain, criminal conspiracy and RICO.

46. Damian D. Capozzola, Epstein Becker & Green, 1925 Century Park East, Suite 500, Los Angeles, Ca. 90067, 310-557-9510 Testimony including but not limited infringement for financial gain, inducement of breach of fiduciary duty, aiding and abetting conversion, criminal conspiracy and RICO.

47. Eric Bootsma, General Electric, General Electric Co., 3135 Easton Turnpike, Fairfield, CT 06828-0001, United States, Phone: 203-373-2211, Fax: 203-373-3131 Testimony including but not limited to infringement for financial gain, criminal conspiracy and RICO.

48. Michael Gurzi, Guidance Software Testimony including but not limited infringement for financial gain, criminal conspiracy and RICO. C/O Guidance Software, Inc., 215 North Marengo Avenue, Pasadena, CA 91101, Phone: 626-229-9191, Fax: 626-229-9199.

49. Richard Cohen, Chairman & CEO of C&S Wholesale Grocers, C/O C&S Wholesale Grocers, Inc., 7 Corporate Drive, Keene, NH 03431, Phone: 603-354-7000, Fax: 603-354-4690 Testimony including but not limited infringement for financial gain, inducement of breach of fiduciary duty, aiding and abetting conversion, criminal conspiracy and RICO.

50. Carl Wistreich, former General Counsel of C&S Wholesale Grocers, C/O C&S Wholesale Grocers, Inc., 7 Corporate Drive, Keene, NH 03431, Phone: 603-354-7000, Fax: 603-354-4690

7

Testimony including but not limited infringement for financial gain, inducement of breach of fiduciary duty, aiding and abetting conversion, criminal conspiracy and RICO.

51. Richard Wynne, Esq. Kirkland & Ellis LLP, 777 South Figueroa Street, Los Angeles, California 90017-5800, United States, T: +1 213-680-8400, F: +1 213-680-8500 Testimony including but not limited infringement for financial gain, inducement of breach of fiduciary duty, aiding and abetting conversion, criminal conspiracy and RICO.

52. Halliburton Company, 5 Houston Center, 1401 Mckinney, Houston, TX 77010, Phone: 713-759-2688, Fax: 713-759-2635 Testimony including but not limited to 30(b)(6) Representative and custodian of records. Testimony including but not limited to fraud upon the copyright office committed to obtain copy of FCS to deliver to KBR and/or Haliburton.

53. KBR, Inc., 601 Jefferson Street, Suite 3400, Houston, TX 77002, Phone: 713-753-3011, Fax: 713-753-5353 Testimony including but not limited to 30(b)(6) Representative and custodian of records. Testimony including but not limited to fraud upon the copyright office committed to obtain copy of FCS to deliver to KBR and/or Haliburton.

54. Nat Silverman, C&S Wholesale Grocers,
C/O C&S Wholesale Grocers, Inc., 7 Corporate Drive, Keene, NH 03431, Phone: 603-354-7000, Fax: 603-354-4690
Testimony including but not limited infringement for financial gain, inducement of breach of fiduciary duty, aiding and abetting conversion, criminal conspiracy and RICO.

55. Charles Kirk, former CIO of of C&S Wholesale Grocers,
C/O C&S Wholesale Grocers, Inc., 7 Corporate Drive, Keene, NH 03431, Phone: 603-354-7000, Fax: 603-354-4690
Testimony including but not limited infringement for financial gain, criminal conspiracy and RICO.

56. Quinn Brewer, C&S Wholesale Grocers,
C/O C&S Wholesale Grocers, Inc., 7 Corporate Drive, Keene, NH 03431, Phone: 603-354-7000, Fax: 603-354-4690
Testimony including but not limited infringement for financial gain, criminal conspiracy and RICO.

57. Circle K, PO Box 52085, Phoenix, AZ 85072, Ph: (602) 728-8000
Testimony including but not limited to 30(b)(6) Representative and

8

custodian of records. Testimony including but not limited freight and
logistics software and services supplied by Fleming and/or Core-Mark..

58.    Valero Energy Corp., One Valero Way, San Antonio, TX 78249-1616,
       Phone: 210-345-2000, Fax: 210-345-2646 Testimony including but not
       limited to 30(b)(6) Representative and custodian of records. Testimony
       including but not limited freight and logistics software and services
       supplied by Fleming and/or Core-Mark..

59.    All Fleming-Logistics employees, All Fleming and or C&S accounting
       employees, Representative of DeCA, Eric Liebeler, Melissa Dulac, Mark
       Gross, C&S Employees not yet identified, Custodian of Records of Iowa
       Telecom, Raymond Kurtz, Andrew Ziman, The auditors performing the
       Core Mark audit, Aaron Toth, Andrew Owens, Bill Copacino, Bob
       Toomey, Charlie Catania, Charlotee Edwards, Clifton Dahl, DALE
       CONKLIN, David Brooks, Don Roloff, Donna Schauer, Doug Williams,
       Ed Sulda, Edward Albertian, James Kleban, Janet Gauthier, Joe Koziara,
       Joe Mscisz, John Reilly, Jonathan Clough, Larry Goldberg, Lee Munson,
       Lisa Keyworth, Mark Gross, Michael Labonte, Paul Dziekan, Paul
       Moshovetis, Peter Cooper, Randy Osborn, Reuben Harris, Rich Bolduc,
       Ron Wright, Sam Fisher, Shannon Stoval, Skip Schenkenberger, Stacey
       Zgrodnik, Stanley Wojakowski, Stephen Zujkowski, Steve Diguette, Steve
       Polczwartek, Terri LaLiberte, Tim Defrietas, Tim Widdison, Tom
       Patterson., Walter Pong, Laura Mayer, Ronald Burkle, Guy A. Osborn,
       Alice M. Peterson, Carol B. Hallett, Herbert M. Baum, Ronald B. Griffen,
       William H. Marquard, William E. May Jr., William A. Merrigan, Timothy
       R. LaBeau, Tom G. Dahlen, Thomas A. Zatina, Charles L. Hall, Scott M.
       Northcutt, Robert S. Hamada, Robert A. Allen, Philip B. Murphy, Neal J.
       Rider, Keith Durham, Stephen E. Davis, Kenneth M. Duberstein, Leonard
       Kaye, Mark D. Shapiro, Mark S. Hansen, Matthew H. Hildreth, Joullian C.
       Edward III.

       The addresses are known to Defendants but not presently known to Mr.
       Berry. Discovery is ongoing and this list will continue to grow.

       Testimony including but not limited to liability, copyright infringement,
       damages, government procurement fraud and RICO.

B.     Documents, Data Compilations, and Tangible Things in Possession, Custody, or Control
       of the Party That Are Relevant to Disputed Facts Alleged with Particularity in the
       Pleadings.

       Plaintiff has already disclosed documents 1 to 1569 on August 4, 2007, to the lender

defendants' and PCT counsel documents to support his claims and damages. Copies of these documents will be provided to other defendants upon request. These include these category of documents:

1. Copies of Infringement Warning Letters

2. Fleming Insurance Related Lawsuits

3. Core Mark Form 10

4. Chase Credit Agreements

5. Fleming v Berry (Dismissed)

6. Bertelsmann related documents

7. GE Capital

8. Baker Botts

9. White & Case Emails

10. Archie Dykes Infringement Warning Letter

11. Halliburton

12. Core-Mark/Weil Gotschal correspondence.

13. U.S. Army FOIA

14. US Library of Congress

15. Kmart Contract

16. Manugistics

17. Fleming BK IP related Schedules

18. Infringement Emails (Andrew Denatale)

19. Notes on Fleming & Banks Conference Call

20.    SEC FOIAs

21.    Concealed Copy of Berry Software

22.    Baker Botts Infringement Warning Letter

23.    $100M Indemnity Bill (so far) From DB & JPM To Fleming Re Berry

24.    US Library of Congress – Distributing Certified Copies of Berry Software
       Copyright Deposits Without Proper Authority to Baker Botts in 2002

25.    Letter To GE Capital

26.    Fleming Securities MDL Litigation/Fleming Securities Litigation Class Action
       Deutsche Bank an Underwriter Defendant

27.    Teresa Noa Emails

28.    Matson Tariffs

29.    Internet Tracking & Reporting Records

30.    Sonnenschein Re Fleming Audit Committee - Draft Fleming FOIA Confidential
       Treatment Letter to SEC.

31.    Additional documents include the pleadings and documents produced and/or filed
       in the following proceeding including documents filed in the cases, Exhibits
       produced and all documents filed in any and all subsequent appellant cases.  All of
       these documents are either in possession the defendants or available to them as
       public records.  These case are as follows:

a.     Wayne Berry v. Fleming Companies, Inc., Civ. No. 01-0446 (SPK-LEK) (D.
       Hawaii), including the United States Court of Appeals for the Ninth Circuit's
       Memorandum Opinion dated July 5, 2007 (9th Cir. Docket Number 05-15223), in

Wayne Berry v. Fleming Companies, Inc., 01-CV-446 SPK LEK (D. Hawaii) and the subsequent issuance of the Writ of Mandate by the United States Court of Appeals for the Ninth Circuit;

b.    Wayne Berry v. Hawaiian Express Service, Inc. et al., Civ. No. 03-00385 (SOM-LEK) (D. Hawaii);

c.    Fleming Companies, Inc. v. Wayne Berry (In re Fleming Companies, Inc., Adv. Proc. No.03-54809 MFW;

d.    In re Fleming Companies, Inc., Bk. No. 03-10945 MFW (Bankr. Del.). Mr. Berry also has electronic files turned over in Wayne Berry v. Hawaiian Express Service, Inc. that he believes are also in the possession of certain if not all defendants and/or their counsel.

Additional materials not previously disclosed related to Haliburton, KBR, Sears and Lynch Ichida Thompson Kim & Hirota are hereby disclosed.

**C.    Computation of Damages.**

1.    Lender Defendants.

Regarding the copyright claims, pursuant to the Copyright Act, 17 U.S.C. § 504, Plaintiff is entitled to actual damages and all profits derived from the unauthorized use of his intellectual property. These actual damages will be based on the amount of income lost from Defendants' failure to properly license the copyrighted works.

The jury in Wayne Berry v. Hawaiian Express, Service, Inc. has made a determination that the reasonable license fee for one of Berry's works. This reasonable license fee for one of Mr. Berry's works infringed by seven users for nine weeks was $57,534. The number of users will be

12

computed for the lenders from July 4, 2001 to the date the lenders withdraw from the RICO conspiracy or December 21, 2007 and established for the other works infringed. The jury special verdict form is hereby disclosed as the basis for these damages.

In addition, the jury in Wayne Berry v. Hawaiian Express Service, Inc. found Mr. Berry is entitled to all profits including indirect profits derived from the infringement of his FCS. The profits that are derived are based on what the lender defendants would have recovered on their loans but for the infringement. Based on the Fleming Bankruptcy Preceding sale related documents this was $2,000,000 as the only other offer received for Fleming's wholesale operations. This amount should be credited to the Lenders. Mr. Berry estimates that amount that the Lenders recovered to be no less than $325,000,000 based on the Bankruptcy Court's order dated December 5, 2003 as Docket Number 4776 in In re Fleming Companies, Inc. that is hereby disclosed. Because the lenders had reason to know they were engaged in infringement they were engaged in willful infringement for commercial advantage and they should not be permitted any deductions. Plus these defendants are liable as a co-conspirators for all the damages caused by the other members of the conspiracy until the defendant withdraws from the conspiracy. By agreeing to be represented by the infringer's counsel, they concede they have not withdrawn and have ratified the acts of infringement that occurred prior to their joining the conspiracy.. These amounts like the reasonable license fee are all times three pursuant to RICO.

In regard to the unjust enrichment claim, Mr. Berry believes that had the lenders made the determination that they would not participate in willful infringement they could have directed a reasonable cure of the Berry license of no more than $300,000. Mr. Berry believes that the lenders should be credited for that amount. Otherwise, the amount they received from the C&S

13

sale is the value of their unjust enrichment.

In regard to the intentional torts that are alleged, other than actual damages that include but are not limited to the amount of money paid to his attorneys in breach of their fiduciary duty an amount presently known to defendants but unknown to plaintiff, plaintiff will seek punitive damages sufficient to insure that the defendant lenders never engage in such conduct in the future. Plaintiff reserves the right to amend this disclosure.

    2.    C&S.

In regard to the Copyright claims, as to C&S, Mr. Berry will seeks a reasonable license fee and all profits related to the unauthorized use of his works as set forth above. Mr. Berry is informed and believes that C&S began to use his works on or about September 2005 and that use will continue up to no earlier than December 21, 2007. In determining Mr. Berry's damages C&S like the lenders is liable for the reasonable license fee determined in <u>Wayne Berry v. Hawaiian Express</u>. Having obtained the works from Fleming, C&S is bound by the jury verdict under collateral estoppel. In addition to the reasonable license fee set forth above, the amount that C&S saved in infringing his work rather than paying to develop a non-infringing replacement work will be an additional basis for the jury to determine Mr. Berry's damages. Mr. Berry estimates this to be approximately $5 million based in part on Core-Mark's (a co-conspirator) admission of the book value of its third-party logistics software that upon information and belief is actually Berry's own work. This approximation is also based on the amount of money that he believes would have been incurred in the development of a non-infringing replacement under clean room conditions. This is also approximately 50% of the amount that was spend protecting the ongoing criminal infringement rather than just spend it on a new system. In addition, all

amounts that C&S has earned in operating its third-party logistics service using Mr. Berry's works

are amounts owed to Mr. Berry with no deductions because the use constitutes willful

infringement.

Mr. Berry is informed and believes that C&S has permitted others to use the Berry works

including, but not necessarily limited to, ES3, LLC, Matson Navigation, Sears and Hawaiian

Express Service, Inc.  Mr. Berry also seeks reasonable license fees for each such un-authorized

user.   In addition, C&S is liable as a co-conspirator for all the damages caused by the other

members of the conspiracy until the defendant withdraws from the conspiracy including damages

that were included prior to joining the conspiracy.  By agreeing to be represented by the

infringer's counsel, they concede they have not withdrawn and that they have ratified the earlier

acts of willful infringement.   These amounts, like the reasonable license fee, are all times three

pursuant to RICO.

C&S and the PCT, in furtherance of the RICO have facilitated and/or engaged in mis-

declaration of ocean freight in the period no less than approximately September 2005 to

September 2007.  The money derived from this was money derived from the conduct a

racketeering enterprise.  Rather than ship under the Matson comparable Public Tariff No. 1400-

00-1365-0005, C&S shipped with the use of the Berry works under the "Fleming Foods" Tariff

No. 2034-00-1124-0004.

In regard to C&S and the PCT and, perhaps GECC, C&S' unlicensed use of the Berry

works permitted them to obtain additional revenues but for the use of the Berry works.  Mr. Berry

has evidence that Matson Navigation may be a direct and/or contributory infringer that may be

named as a Doe defendant.  Upon information and belief, the amount of the unpaid ocean freight

15

and TAG penalty that Matson under the law should have required C&S to pay, was a disguised payment to C&S to permit Matson, a direct and/or contributory infringer of the Berry works to continue its use of the works. The actual amounts due Mr. Berry will be subject to further amended disclosure after discovery directed to Matson Navigation and its third party compliance inspector TAG[1]. The amounts set forth in the following chart detail the additional profit derived from the C&S shipments shipped with the Berry works some or all of which are the measure of Mr. Berry's damages related to the infringer's profit.

| Containers/Week | 100 | | 200 | | 300 | | 400 | | 500 |
|---|---|---|---|---|---|---|---|---|---|
| "Fleming Foods" Tariff | $ 3,901 | $ | 3,901 | $ | 3,901 | $ | 3,901 | $ | 3,901 |
| Public Tariff | $ 4,661 | $ | 4,661 | $ | 4,661 | $ | 4,661 | $ | 4,661 |
| Underpayment | $ 760 | $ | 760 | $ | 760 | $ | 760 | $ | 760 |
| 100% Penalty | $ 760 | $ | 760 | $ | 760 | $ | 760 | $ | 760 |
| Total Difference | $ 1,520 | $ | 1,520 | $ | 1,520 | $ | 1,520 | $ | 1,520 |
| | | | | | | | | | |
| Total for 2 Year Period | $ 15,808,000 | $ | 31,616,000 | $47,424,000 | | $ 63,232,000 | | $ 79,040,000 | |

In regard to the intentional torts that are alleged, other than actual damages that include, but are not limited to, the amount of money paid to his attorneys in breach of their fiduciary duty an amount presently known to defendants but unknown to plaintiff, plaintiff will seek punitive damages sufficient to insure that the defendant C&S never engages in such conduct in the future. Plaintiff reserves the right to amend this disclosure.

    3.    GECC.

---

[1] Matson Navigation's Tariff Rule 625 – Mis-description of Cargo provides for a fine paid to TAG as follows:

*F. In addition to the provisions set forth in paragraph B above, any container that has been misdescribed or misdeclared, or contains non-declared cargo will be assessed penalty of 100% against the difference between the charges based upon the description(s) and/or declaration(s) as shown on the original shipping documents and the new charges derived from the correct description(s) and/or declaration(s)...*

As to GECC, in addition to the amounts disclosed above, Mr. Berry will seek to recover no more than amounts it has been paid on the Fleming, C&S and Core-Mark loans based on GECC's active knowing participation in the conduct of an enterprise operating through a pattern of racketeering. This defendants is liable as a co-conspirator for all the damages caused by the other members of the conspiracy until the defendant withdraws from the conspiracy or up to December 21, 2007. All of these damages are times three pursuant to RICO. Plaintiff reserves the right to amend this disclosure.

  4.  Robert Kors.

As to Kors, Mr. Berry will prove at trial the amount of his damages related to the tortious conduct alleged in the Second Amended Complaint. In regard to the intentional torts that are alleged, other than actual damages that include, but are not limited to, the amount of money paid to his attorneys in breach of their fiduciary duty an amount presently known to the defendant but unknown to plaintiff, plaintiff will seek punitive damages sufficient to insure that the defendant never engages in such conduct in the future. Plaintiff reserves the right to amend this disclosure. As the result of the extreme, outrageous and willful conduct, Mr. Berry is also entitled to punitive damages in amounts sufficient to deter this and other similar defendants from committing similar acts. Plus this defendants is liable as a co-conspirator for all the damages caused by the other members of the conspiracy until the defendant withdraws from the conspiracy including damages incurred prior to joining. All of these damages are times three pursuant to RICO. Plaintiff reserves the right to amend this disclosure.

  4. PCT.

17

As to the PCT, Mr. Berry seeks specific performance and/or liquidated damages in the amount of $2,000,000. Plus this defendants is liable as a co-conspirator for all the damages caused by the other members of the conspiracy until the defendant withdraws from the conspiracy from and after July 25, 2004.

In addition Mr. Berry will prove at trial the amount of his loss due to other tortious conduct. As the result of the extreme and willful conduct, Mr. Berry is also entitled to punitive damages in amounts sufficient to deter these and other similar defendants from committing similar acts. Plus this defendant is liable as a co-conspirator for all the damages caused by the other members of the conspiracy until the defendant withdraws from the conspiracy. All of these damages are times three pursuant to RICO. Plaintiff reserves the right to amend this disclosure.

5. Core-Mark.

As to Core-Mark, Mr. Berry will seeks a reasonable license fee and all profits related to the unauthorized use of his works. Mr. Berry is informed and believes that Core-Mark began to use his works on or about September 2005. In determining Mr. Berry's damages, in addition to the reasonable license fee set forth above, the amount that Core-Mark saved in infringing his work rather than paying to develop a non-infringing replacement work will be a basis for the jury to determine his damages. Mr. Berry estimates this to be approximately $5 million. This approximation is based on Core-Mark's disclosures filed in SEC where Core-Mark claimed the book value of its own system to be $6 million. Plus this defendants is liable as a co-conspirator for all the damages caused by the other members of the conspiracy until the defendant withdraws from the conspiracy including damages that were included prior to joining the conspiracy but not prior to July 25, 2004.

18

As to all defendants, Mr. Berry also seeks attorneys fees and full costs and interest as provided by law including but not limited to, the Copyright Act, RICO and applicable state law.

As to all the infringer defendants Mr. Berry reserves the right to elect anytime before judgment statutory damages as provided by the Copyright Act. Because the ongoing use of Fleming-Logistics constitutes the use of a false contact name related to the Fleming-Logistics domain name, under 17 U.S.C. § 504 (c) (3) the defendant co-conspirators have the burden to prove their infringement was not willful.

## D.    INSURANCE POLICIES

None to Mr. Berry's knowledge.

Respectfully Submitted: Honolulu, Hawaii, January 15, 2008.

TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel.  (808) 382-3698
Fax.  (808) 356-1682
Email·tjh@timhogan.com

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x

WAYNE BERRY,                                  :    01:07 CV 7634 WHP

                 Plaintiff,     :    Judge William H. Pauley III

           vs.                              :    ECF Case

DEUTSCHE BANK TRUST COMPANY          :
AMERICAS (f.a. BANKERS TRUST COMPANY)
and JP MORGAN CHASE BANK, in their separate   :
capacities and as agents for the pre- and post-
petition lenders of Fleming Companies, Inc.;   :    **CERTIFICATE OF SERVICE**
GENERAL ELECTRIC CAPITAL                      **RE:**
CORPORATION; C&S WHOLESALE GROCERS,  :
INC.; THE POST-CONFIRMATION TRUST OF        **PLAINTIFF'S INITIAL**
FLEMING COMPANIES, INC.; ROBERT KORS;  :    **DISCLOSURES**
CORE-MARK HOLDINGS INC. and DOES 1 to
200.                                          :

                  :

              Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were duly served upon the

class mail, postage prepaid, by depositing a copy, with postage affixed in a United States Postal

Service facility in the City and County of Honolulu, Hawaii on January 15, 2008 addressed as

follows:

WHITE & CASE LLP
Andrew DeNatale
Jonathan Moskin
1155 Avenue of the Americas
New York, New York 10036-2787
Attorneys for Defendants Attorney for Deutsche Bank
Trust Company Americas and J.P. Morgan Chase Bank

KIRKLAND & ELLIS
Michael Baumann, Esq.
Erin Brady, Esq.
777 South Figueroa Street
Los Angeles, CA 90017
Attorneys for Defendants Attorney for Deutsche Bank
Trust Company Americas and J.P. Morgan Chase Bank

NIXON PEABODY LLP
Christopher M. Mason
437 Madison Avenue
New York, New York 10022
Attorneys for C & S Wholesale Grocers, Inc.

LEVINE, SULLIVAN, KOCH & SCHULZ, LLP
Robert Penchina
321 West 44th Street
Suite 510
New York, NY 100036
Attorneys for General Electric Capital Corporation

LEVINE, SULLIVAN, KOCH & SCHULZ
Christopher P. Beall, Esq.
Levine Sullivan Koch & Schulz, L.L.P.
1888 Sherman Street, Suite 370
Denver, Colorado 80203

In addition, a true and correct copy of the Plaintiff's Initial Disclosures was sent via email to counsel at their last known email address on January 15, 2008 addressed as follows:

| | |
|---|---|
| Michael Baumann | mbaumann@kirkland.com |
| Erin Brady | ebrady@kirkland.com |
| Andrew P. DeNatale | adenatale@whitecase.com |
| Jonathan E. Moskin | jmoskin@whitecase.com |
| Christopher May Mason | cmason@nixonpeabody.com |
| Elizabeth Cunningham | ecunningham@nixonpeabody.com |

2

Robert Penchina          rpenchina@lskslaw.com

Christopher Beall        cbeall@lakslaw.com

Lyle Hosoda              lsh@hosodalaw.com

Raina Gushiken           rpbg@hosodalaw.com

Respectfully Submitted: Honolulu, Hawaii, January 15, 2008.

TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel.  (808) 382-3698
Fax.  (808) 356-1682
Email tjh@timhogan.com

3