UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE BERRY,

        Plaintiff,

      vs.

DEUTSCHE BANK TRUST COMPANY
AMERICAS (FKA BANKERS TRUST
COMPANY) and JP MORGAN CHASE
BANK in their separate capacities and as
agents for the pre- and post-petition lenders of
Fleming Companies, Inc.; GENERAL
ELECTRIC CAPITAL CORPORATION;
C&S WHOLESALE GROCERS, INC.; THE
POST-CONFIRMATION TRUST OF
FLEMING COMPANIES, INC.; ROBERT
KORS; CORE-MARK HOLDINGS INC. and
DOES 1 to 200
,
        Defendants.

Case No. 01:07 CV 7634 (WHP)
ECF Case

---

STATEMENT OF MATERIAL FACTS IN SUPPORT OF THE POST CONFIRMATION
TRUST'S AND ROBERT KORS' MOTION FOR SUMMARY JUDGMENT

KIRKLAND & ELLIS LLP
Richard L. Wynne (RW 5630)
Michael E. Baumann (*pro hac vice* pending)
Erin N. Brady (*pro hac vice* pending)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500
E-mail:        ebrady@kirkland.com

Counsel for Defendants Post Confirmation
Trust and Robert Kors

## STATEMENT OF MATERIAL FACTS

### The Breach of Contract Claim

1.      Fleming Companies, Inc. and certain of its subsidiaries (collectively, "Fleming") filed voluntarily Chapter 11 bankruptcy petitions on April 1, 2003 in the District of Delaware, Case No. 03-10945 (MFW).  [Request for Judicial Notice ¶ 1, Ex. A (Joint Administration Order)].

2.      Fleming's Plan of Reorganization was approved by the Delaware Bankruptcy Court on or about July 26, 2004.  [Request for Judicial Notice ¶ 2, Ex. B (Confirmation Order)]

3.      The form of the Post-Confirmation Trust Agreement (the "PCT Agreement") was approved by the Bankruptcy Court on or about July 26, 2004.  [Request for Judicial Notice ¶ 2, Ex. B (Confirmation Order)].

4.      Fleming's Plan of Reorganization became effective on August 23, 2004. [Request for Judicial Notice ¶ 3, Ex. C (Notice of Plan Effective Date)].

5.      Fleming filed a revised Assumption Schedule on August 23, 2004.  [Brady Affidavit ¶ 2, Ex. A (Plan and Assumption Schedule)].

6.      The Fleming Post Confirmation Trust ("PCT") is a grantor trust created pursuant to the Plan of Reorganization and the PCT Agreement.  [Request for Judicial Notice ¶ 4, Ex. D (Plan)]; [Brady Affidavit ¶ 16, Ex. O (PCT Agreement)].

7.      The PCT Agreement names Castellammare Advisors LLC as the PCT Representative.  [Brady Affidavit ¶ 16, Ex. O (PCT Agreement)].

8.      Robert Kors is an individual who is also the principal of Castellammare Advisors LLC.  [Kors Affidavit ¶ 1]; [PCT Representative Affidavit ¶ 1].

9.      The license agreement Berry references in his complaint was between he and Fleming.  [Brady Affidavit ¶ 15, Ex. N (12/24/04 Berry Letter)].

10.     Berry filed proof of claim number 18704 in the bankruptcy case on October 6, 2004.  [Brady Affidavit ¶ 13, Ex. L (Proof of Claim)].

**The "Lynch Ichida" Claims**

11.     The PCT did not pay or promise to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf.  [PCT Representative Affidavit ¶ 8]; [Ichida Affidavit ¶ 8]; [Smith Affidavit ¶ 7].

12.     Robert Kors did not pay or promise to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf.  [Kors Affidavit ¶ 7]; [Ichida Affidavit ¶ 8]; [Smith Affidavit ¶ 8].

13.     The PCT did not direct or authorize anyone to pay or promise to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf. [PCT Representative Affidavit ¶ 8]; [Ichida Affidavit ¶ 8]; [Smith Affidavit ¶ 7].

14.     Robert Kors did not direct or authorize anyone to pay or promise to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf. [Kors Affidavit ¶ 7]; [Ichida Affidavit ¶ 8]; [Smith Affidavit ¶ 8].

15.     The PCT did not offer to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf.  [PCT Representative Affidavit ¶ 9]; [Ichida Affidavit ¶¶ 8, 10]; [Smith Affidavit ¶ 7].

16.     Robert Kors did not offer to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf.  [Kors Affidavit ¶ 8]; [Ichida Affidavit ¶¶ 8, 10]; [Smith Affidavit ¶ 8].

17.     The PCT did not direct or authorize anyone to offer to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf.  [PCT Representative Affidavit ¶ 9]; [Ichida Affidavit ¶¶ 8, 10]; [Smith Affidavit ¶ 7].

18.     Robert Kors did not direct or authorize anyone to offer to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf.  [Kors Affidavit ¶ 8]; [Ichida Affidavit ¶¶ 8, 10]; [Smith Affidavit ¶ 8].

19.     The PCT did not receive any funds or other consideration from the Lynch Ichida firm or anyone acting for the firm or its lawyers with respect to the Berry matters.  [PCT

Representative Affidavit ¶ 11]; [Ichida Affidavit ¶ 9]; [Smith Affidavit ¶¶ 15, 18].

20.     The PCT did not direct or authorize anyone to receive any funds or other consideration from the Lynch Ichida firm or anyone acting for the firm or its lawyers with respect to the Berry matters.  [PCT Representative Affidavit ¶ 11]; [Smith Affidavit ¶¶ 15, 18].

21.     Robert Kors did not receive any funds or other consideration from the Lynch Ichida firm or anyone acting for the firm or its lawyers with respect to the Berry matters.  [Kors Affidavit ¶ 10]; [Ichida Affidavit ¶ 9]; [Smith Affidavit ¶ 16].

22.     Robert Kors did not direct or authorize anyone to receive any funds or other consideration from the Lynch Ichida firm or anyone acting for the firm or its lawyers with respect to the Berry matters.  [Kors Affidavit ¶ 10]; [Smith Affidavit ¶ 16].

23.     The PCT did not enter into or promise to enter into a settlement agreement with the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry.  [PCT Representative Affidavit ¶ 10]; [Ichida Affidavit ¶ 5]; [Smith Affidavit ¶ 11].

24.     Robert Kors did not enter into or promise to enter into a settlement agreement with the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry. [Kors Affidavit ¶ 9]; [Ichida Affidavit ¶ 5]; [Smith Affidavit ¶ 12].

25.     The PCT did not direct or authorize any person to enter into or promise to enter into a settlement agreement with the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry.  [PCT Representative Affidavit ¶ 10]; [Smith Affidavit ¶ 11].

26.     Robert Kors did not direct or authorize any person to enter into or promise to enter into a settlement agreement with the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry.  [Kors Affidavit ¶ 9]; [Smith Affidavit ¶ 12].

27.     The PCT has not purchased or received anything from the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry.  [PCT Representative Affidavit ¶ 12]; [Ichida Affidavit ¶ 4, 9, 11]; [Smith Affidavit ¶ 15].

28.     Mr. Kors has not purchased or received anything from the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry.  [Kors Affidavit ¶ 11]; [Ichida

Affidavit ¶¶ 4, 9, 11]; [Smith Affidavit ¶ 16].

29.    The PCT has not authorized anyone to purchase or receive anything from the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry.  [PCT Representative Affidavit ¶ 12]; [Smith Affidavit ¶ 15].

30.    Mr. Kors has not authorized anyone to purchase or receive anything from the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry.  [Kors Affidavit ¶ 11]; [Smith Affidavit ¶ 16].

**The Abuse of Process Claim**

31.    Mrs. Berry initiated a divorce proceeding in the State of Hawaii in 2006. [Request for Judicial Notice ¶ 5, Ex. E (Hawaii Divorce Docket)]

32.    The PCT did not advise Mrs. Berry regarding her decision to divorce Mr. Berry. [PCT Representative Affidavit ¶ 14].

33.    Robert Kors did not advise Mrs. Berry regarding her decision to divorce Mr. Berry.  [Kors Affidavit ¶ 12].

34.    The PCT did not authorize anyone to advise Mrs. Berry regarding her decision to divorce Mr. Berry.  [PCT Representative Affidavit ¶ 14].

35.    Robert Kors did not authorize anyone to advise Mrs. Berry regarding her decision to divorce Mr. Berry.  [Kors Affidavit ¶ 12].

36.    Mr. Berry was served with a divorce complaint on or about August 14, 2007. [Request for Judicial Notice ¶ 5, Ex. E (Hawaii Divorce Docket)].

37.    The PCT did not hire anybody to serve Mr. Berry with a divorce complaint.  [PCT Representative Affidavit ¶ 15]; [Baumann Affidavit ¶¶ 3, 4]; [Smith Affidavit ¶ 23].

38.    Robert Kors did not hire anybody to serve Mr. Berry with a divorce complaint. [Kors Affidavit ¶ 13]; [Baumann Affidavit ¶¶ 3, 4]; [Smith Affidavit ¶ 24].

39.    The PCT did not authorize anybody to hire anybody to serve Mr. Berry with a divorce complaint.  [PCT Representative Affidavit ¶15]; [Baumann Affidavit ¶¶ 3, 4]; [Smith Affidavit ¶ 23].

40.    Robert Kors did not authorize anybody to hire anybody to serve Mr. Berry with a divorce complaint.  [Kors Affidavit ¶ 13]; [Baumann Affidavit ¶¶ 3, 4]; [Smith Affidavit ¶ 24].

41.    The PCT did not pay or promise to pay anyone any funds or other consideration to serve Mr. Berry with a divorce complaint.  [PCT Representative Affidavit ¶ 15]; [Smith Affidavit ¶ 26].

42.    Robert Kors did not pay or promise to pay anyone any funds or other consideration to serve Mr. Berry with a divorce complaint.  [Kors Affidavit ¶ 13]; [Smith Affidavit ¶ 27].

43.     The PCT did not authorize anyone to pay or promise to pay anyone any funds or other consideration to serve Mr. Berry with a divorce complaint.  [PCT Representative Affidavit ¶ 15]; [Smith Affidavit ¶ 26].

44.    Robert Kors did not authorize anyone to pay or promise to pay anyone any funds or other consideration to serve Mr. Berry with a divorce complaint.  [Kors Affidavit ¶ 13]; [Smith Affidavit ¶ 27].

45.    C&S filed a motion to compel Mr. Berry to appear for his judgment debtor examination in Hawaii.  [Brady Affidavit ¶ 8, Ex. G (8/10/07 Order)].

46.    The District Court affirmed the Magistrate Judge's order compelling Mr. Berry to appear so that C&S could take his judgment debtor exam.  [Brady Affidavit ¶ 8, Ex. G (8/10/07 Order)].

**The RICO Claims**

47.    The PCT has not paid Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. [PCT Representative Affidavit ¶ 19]; [Smith Affidavit ¶¶ 35-36].

48.    Robert Kors has not paid Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii.  [Kors Affidavit ¶ 16]; [Smith Affidavit ¶¶ 35-36].

49.    The PCT has not authorized anyone to pay Lex Smith or anyone acting on his

behalf any funds or other consideration to exert pressure on public officials in Hawaii. [PCT Representative Affidavit ¶ 19]; [Smith Affidavit ¶¶ 35-36].

50.    Robert Kors has not authorized anyone to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. [Kors Affidavit ¶ 16]; [Smith Affidavit ¶¶ 35-36].

51.    The PCT has not offered to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. [PCT Representative Affidavit ¶ 19]; [Smith Affidavit ¶¶ 35-36].

52.    Robert Kors has not offered to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. [Kors Affidavit ¶ 16]; [Smith Affidavit ¶¶ 35-36].

53.    The PCT has not authorized anyone to offer to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. [PCT Representative Affidavit ¶ 19]; [Smith Affidavit ¶¶ 35-36].

54.    Robert Kors has not authorized anyone to offer to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. [Kors Affidavit ¶ 16]; [Smith Affidavit ¶¶ 35-36].

55.    The PCT is a grantor trust that does not conduct any operations. [Brady Affidavit ¶ 16, Ex. O (PCT Agreement)]; [PCT Representative Affidavit ¶ 17]; [Kors Affidavit ¶ 15].

56.    Robert Kors is an individual whose company currently serves as the PCT Representative. [Kors Affidavit ¶ 1]; [PCT Representative Affidavit ¶ 1].

57.    The PCT does not engage in overseas shipping. [PCT Representative Affidavit ¶ 20].

58.    Robert Kors does not engage in overseas shipping. [Kors Affidavit ¶ 17].

59.    The PCT does not use any freight control software. [PCT Representative Affidavit ¶ 20].

-7-

60.    Robert Kors does not use any freight control software.  [Kors Affidavit ¶ 17].


DATED:  February 26, 2008                    By:    /s/ Richard L. Wynne
                                             KIRKLAND & ELLIS LLP
                                             Richard L. Wynne (RW 5630)
                                             Michael E. Baumann (*pro hac vice* pending)
                                             Erin N. Brady (*pro hac vice* pending)
                                             777 South Figueroa Street
                                             Los Angeles, California  90017
                                             Telephone:    (213) 680-8400
                                             Facsimile:    (213) 680-8500
                                             E-mail:        ebrady@kirkland.com

                                             Counsel for Defendants Post Confirmation
                                             Trust and Robert Kors