UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BERRY,<br><br>    Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200<br>,<br>    Defendants. | Case No. 01:07 CV 7634 (WHP)<br>ECF Case |

**AFFIDAVIT OF ROBERT A. KORS IN SUPPORT OF THE PCT'S AND ROBERT KORS'**
**MOTION FOR SUMMARY JUDGMENT**

## AFFIDAVIT OF ROBERT A. KORS

I, ROBERT A. KORS, testify as follows:

1. I am an individual residing in the State of California and am the principal of Castellammare Advisors LLC. Pursuant to the PCT Agreement dated August, 19, 2004, the Fleming Post Confirmation Trust ("PCT") retained Castellammare Advisors LLC as the PCT Representative. As Mr. Berry has sued me in my personal capacity, I submit this affidavit in my personal capacity.

2. This affidavit addresses the allegations Mr. Berry has made against me in Counts VI-X and Count XII of his Second Amended Complaint.

3. As a preliminary matter, even though Berry has sued me personally, the only allegations he makes against me in his Second Amended Complaint have to do with the PCT and my company's role as the PCT Representative. Berry's claim that I somehow breached a license agreement between he and Fleming, for example, cannot possibly be leveled against me personally, as his theory of liability (flawed as it is) is that the PCT somehow assumed the contract after Fleming's bankruptcy. How I, as an individual living in California entirely unaffiliated with Fleming or Berry in my personal capacity, could have breached this license agreement is inexplicable. This example, as well as countless others from the Second Amended Complaint, show that Berry had no legitimate purpose in suing me personally, and did so solely for the purpose of harassment.

4. Moreover, most if not all of Mr. Berry's allegations are based on the purported fact that Lex Smith had authority to act on my behalf. I have not retained Lex Smith as my personal counsel, and I have not given him authority to act as my agent for any purpose.

5. In Counts VI through IX of the Second Amended Complaint, Mr. Berry alleges that I paid or promised to pay funds or other consideration to his former counsel, Lynch Ichida Thompson Kim & Hirota ("Lynch Ichida"), to breach its contract with and duties relating to Mr. Berry. This is false.

6. Since I attended the March 2006 trial of the last lawsuit Berry brought against the

PCT in Hawaii in my capacity as the PCT Representative, I have had no contact with any attorney or other person associated with Lynch Ichida other than Timothy Hogan, Mr. Berry's current counsel of record and a former attorney of the Lynch Ichida firm.

7. I did not pay or promise to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf, nor did I direct or authorize anyone to do so on my behalf.

8. Similarly, I did not offer to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf, nor did I direct or authorize anyone to do so on my behalf.

9. I did not enter into or promise to enter into a settlement agreement with the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry, nor did I direct or authorize anyone to do so on my behalf.

10. I did not receive any funds or other consideration from the Lynch Ichida firm or anyone acting for the firm or its lawyers with respect to the Berry matters, nor did I direct or authorize anyone to do so on my behalf.

11. And finally I have not purchased or received anything from the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry, nor have I directed or authorized anyone to do so on my behalf.

12. In Count X of his Second Amended Complaint, Mr. Berry alleges that I had something to do with his wife's decision to file a divorce action against Mr. Berry in the State of Hawaii. I did not. I did not advise Mrs. Berry regarding her decision to divorce Mr. Berry, nor did I authorize anyone to advise Mrs. Berry regarding her decision to divorce Mr. Berry. I have never met or spoken to Mrs. Berry or her lawyer.

13. In the same count, Mr. Berry further alleges that I was involved with serving Mr. Berry with a divorce complaint in the Hawaii divorce proceeding. This, too, is false. I did not hire anybody to serve Mr. Berry with a divorce complaint, nor did I authorize anybody do so on my behalf. I similarly did not pay or promise to pay anyone any funds or other consideration to

proceeds of criminal infringement of his freight control software designed to facilitate overseas shipping. I do not use freight control software, nor do I engage in any overseas freight shipping.

18.  As a result of the untrue and unfounded allegations made about me by Mr. Berry in the Second Amended Complaint, I now find it necessary to disclose the existence of this complaint to entities with whom I do or wish to do business. Moreover, I recently had to disclose the existence of this complaint in an application my wife and I submitted to obtain additional life insurance.

So sworn under penalty of perjury under the laws of the United States of America in Los Angeles, California, on February 26, 2008.

_____
Robert A. Kors

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles

On February 26, 2008 before me, Dona L Bergstrom, Notary Public
*Date — Here Insert Name and Title of the Officer*

personally appeared Robert Kors
*Name(s) of Signer(s)*

_____

**[Notary Seal:** DONA L. BERGSTROM, COMM. # 1739543, NOTARY PUBLIC CALIFORNIA, LOS ANGELES COUNTY, My comm. expires April 17, 2011**]**

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: Dona L Bergstrom
*Signature of Notary Public*

*Place Notary Seal Above*

─────────── OPTIONAL ───────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: AFFIDAVIT

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827