UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BERRY,<br><br>    Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200<br>,<br>    Defendants. | Case No. 01:07 CV 7634 (WHP)<br>ECF Case |

**AFFIDAVIT OF ROBERT A. KORS IN HIS CAPACITY AS PCT REPRESENTATIVE IN SUPPORT OF THE PCT'S AND ROBERT KORS' MOTION FOR SUMMARY JUDGMENT**

## AFFIDAVIT OF ROBERT KORS IN HIS CAPACITY AS PCT REPRESENTATIVE

I, Robert A. Kors, in my capacity as the duly appointed PCT Representative, testify as follows:

1. Pursuant to the PCT Agreement dated August, 19, 2004 (the "PCT Agreement"), the Fleming Post Confirmation Trust ("PCT") retained Castellammare Advisors LLC, of which I am the principal, as the PCT Representative.

2. I make this affidavit on behalf of the PCT in my capacity as the PCT Representative. I have personal knowledge of the facts set forth herein and if called to testify could and would testify competently thereto.

3. By way of background, the PCT is a grantor trust that was formed pursuant to (1) Fleming Companies, Inc.'s Plan of Reorganization, which the Bankruptcy Court confirmed on July 26, 2004, and (2) the PCT Agreement. The PCT is tasked with liquidating Fleming's remaining assets, resolving its remaining liabilities, and distributing the value of Fleming's remaining assets to its creditors.

4. As the PCT Representative, I am responsible for the day-to-day management of the PCT. I have regular contact with the PCT's counsel regarding the PCT's ongoing litigation and affairs, particularly with respect to those relating to Mr. Berry, as his various lawsuits have been costly and contentious and, in my view, have unnecessarily diminished the value that would otherwise be available for distribution to legitimate creditors and beneficiaries of the estate. Accordingly, I would be aware of any payments the PCT made having to do with Mr. Berry, any payments the PCT received having to do with Mr. Berry, and any settlement the PCT reached having to do with Mr. Berry. I would also be aware of actions that the PCT's counsel purported to take with respect to Mr. Berry on the PCT's behalf.

5. This affidavit addresses the allegations Mr. Berry has made against the PCT in Counts VI-X and Count XII of his Second Amended Complaint.

6. In Counts VI through IX of the Second Amended Complaint, Mr. Berry alleges that the PCT paid or promised to pay funds or other consideration to his former counsel, Lynch

Ichida Thompson Kim & Hirota ("Lynch Ichida"), to breach its contract with and duties relating to Mr. Berry. This is false.

7. I attended the March 2006 trial of the last lawsuit Berry brought against the PCT in my capacity as the PCT Representative. Since that time, neither I nor any other member of the PCT's board has had contact with any attorney or other person associated with Lynch Ichida other than Timothy Hogan, Mr. Berry's current counsel of record and a former attorney of the Lynch Ichida firm.

8. The PCT did not pay or promise to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf, nor did the PCT direct or authorize anyone to do so on its behalf.

9. Similarly, the PCT did not offer to pay any funds or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf with respect to Mr. Berry's claims, nor did the PCT direct or authorize anyone to do so on its behalf.

10. The PCT did not enter into or promise to enter into a settlement agreement with the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry, nor did the PCT direct or authorize anyone to do so on its behalf.

11. The PCT did not receive any funds or other consideration from the Lynch Ichida firm or anyone acting for the firm or its lawyers with respect to the Berry matters, nor did it direct or authorize anyone to do so on its behalf.

12. And finally the PCT has not purchased or received anything from the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry, nor has the PCT directed or authorized anyone to do so on its behalf.

13. In Count X of his Second Amended Complaint, Mr. Berry alleges that the PCT has been engaged in an abuse of process with respect to Mr. Berry in two ways: (i) by talking to his wife and participating in the service of her divorce complaint against Mr. Berry and (ii) by participating in a court-ordered judgment debtor examination.

14. First, Mr. Berry alleges that the PCT had something to do with Mrs. Berry

instituting a divorce action against Mr. Berry in the State of Hawaii. It did not. The PCT did not advise Mrs. Berry regarding her decision to divorce Mr. Berry, nor did the PCT authorize anyone to do so. Neither I nor any member of the PCT board has met or spoken to Mrs. Berry or her lawyer.

15.   On that same issue, Mr. Berry further alleges that the PCT was involved with serving Mr. Berry with a divorce complaint in the Hawaii divorce proceeding. This is also false. The PCT did not hire anybody to serve Mr. Berry with a divorce complaint, nor did the PCT authorize anybody do so on its behalf. The PCT similarly did not pay or promise to pay anyone any funds or other consideration to serve Mr. Berry with a divorce complaint, nor did it authorize anyone to do so on its behalf.

16.   In Count X, Mr. Berry also alleges that the PCT was involved in a court-ordered judgment debtor examination that C&S Wholesale Grocers ("C&S") took of Mr. Berry on August 13, 2007. While it is difficult to understand how any involvement in a court-ordered examination could be viewed as an abuse of process, the allegation is untrue nonetheless. Neither the PCT nor its counsel nor any person acting on the PCT's behalf was present at Mr. Berry's judgment debtor examination.

17.   Finally, in Count XII, Mr. Berry alleges that the PCT is part of a RICO enterprise that began in 1995, the participants of which include Fleming, the PCT and C&S, among others. As noted above, the PCT, which was not formed until August 2004, is a grantor trust that is responsible for wrapping up the affairs of Fleming Companies, Inc. and certain of its subsidiary entities (other than the convenience store distribution business that remains with Core-Mark International, Inc.), each of whom liquidated substantially all of their assets in a court approved bankruptcy sale in 2003. To my knowledge, Fleming Companies, Inc. has not had any business operations since the 2003 bankruptcy sale. The PCT does not and has never conducted any operations; it is simply a trust estate. The PCT and Fleming Companies, Inc. never co-existed at any time while Fleming was an operating entity.

18.   The PCT has no association with C&S, other than the fact that C&S purchased

Fleming's assets out of bankruptcy almost five years ago and before the PCT came into existence. Neither I nor any member of the PCT board are affiliated with C&S in any way.

19. Moving specifically to Mr. Berry's allegations relating to RICO: Mr. Berry claims that the PCT paid Lex Smith, counsel in Hawaii, to exert influence over Hawaii officials to ignore crimes that Fleming and C&S allegedly commit in Hawaii. The PCT has never paid or offered to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii, nor has the PCT authorized anyone to do so on its behalf.

20. Mr. Berry also claims that the PCT is involved in money laundering with respect to the proceeds of criminal infringement of his freight control software, which is designed to facilitate overseas shipping. Once again, the PCT is not an operating entity; it is a trust. It does not use freight control software, nor does it engage in any overseas freight shipping.

So sworn under penalty of perjury under the laws of the United States of America in Los Angeles, California, on February 26, 2008.

_____
Robert Kors, in his capacity as the principal of Castellammare Advisors, LLC, the PCT Representative

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __Los Angeles__

On __February 26, 2008__ before me, __Dona L Bergstrom, Notary Public__
 Date                                         Here Insert Name and Title of the Officer

personally appeared __Robert Hons__
                                                  Name(s) of Signer(s)

_____

[Notary Seal: DONA L. BERGSTROM / COMM. # 1739543 / NOTARY PUBLIC CALIFORNIA / LOS ANGELES COUNTY / My comm. expires April 17, 2011]

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature __Donah Bergstrom__
                     Signature of Notary Public

Place Notary Seal Above

--- OPTIONAL ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: __AFFIDAVIT__

Document Date: _____   Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

©2007 National Notary Association• 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402• www.NationalNotary.org  Item #5907  Reorder:Call Toll-Free 1-800-876-6827