UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BERRY,<br><br>    Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200,<br><br>    Defendants. | Case No. 01:07 CV 7634 (WHP)<br><br>ECF Case |

**AFFIDAVIT OF WESLEY ICHIDA IN SUPPORT OF THE
PCT'S AND ROBERT KORS'
MOTION FOR SUMMARY JUDGMENT**

## AFFIDAVIT OF WESLEY ICHIDA

I, WESLEY ICHIDA, declare as follows:

1. I am the managing director of Lynch Ichida Thompson Kim & Hirota, a Law Corporation ("Lynch Ichida" or the "Firm"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. Timothy Hogan, Wayne Berry's counsel in this matter, was formerly an attorney at the Firm. In or about July 2007, Mr. Hogan and the Firm had a falling out. This falling out was due, in part, to the fact that Mr. Hogan filed a lawsuit on behalf of Mr. Berry against Deutsche Bank Trust Company Americas and JP Morgan Chase Bank in the District of Hawaii (the "Bank Lawsuit"). Prior to the filing of the Bank Lawsuit, the Firm had advised Mr. Hogan not to file without first disclosing to other members of the firm the basis on which the allegations were being made. This was important because the Firm's name appears on the pleadings. Mr. Hogan filed the lawsuit using the Firm's name without first providing the members of the Firm with information regarding the basis for the Bank Lawsuit in direct contravention of the Firm's instructions to him. I understand that the Bank Lawsuit was ultimately transferred to this Court, and that Mr. Berry amended his complaint to add several claims against Robert Kors and the Fleming Post Confirmation Trust (the "PCT") related to my firm. This affidavit addresses those claims.

3. After Mr. Hogan formally announced that he was leaving the Firm, I contacted Lex Smith about an extension relating to a previously scheduled hearing relating to C & S efforts to collect money from Mr. Berry. I informed Mr. Smith that Mr. Hogan was leaving the Firm and that it was unclear who would be

2

representing Mr. Berry. I advised Mr. Smith that I would be attending the hearing but expected that Mr. Hogan would end up representing Mr. Berry once all of the issues regarding fee agreements and unpaid expenses were worked out with Mr. Hogan and Mr. Berry. As all parties to the Berry litigation knew, my firm had made a substantial investment of time and money in the case. Mr. Smith asked me, in words or substance, "is your attorney lien for sale?" I responded, in words or substance, "we thought of that too." I did not consider Mr. Smith to be making an offer to purchase an attorney lien and there was never any agreement or payment that resulted in Lynch Ichida selling any interest in an attorney lien relating to Mr. Berry. I informed Mr. Berry of this conversation in an e-mail. I did not and would not pursue such a discussion without first determining whether there were any ethical constraints on such a sale once the firm withdrew from representing Mr. Berry. Other than in relationship to the claims Berry has made in this lawsuit and a disciplinary action Messrs. Hogan and Berry have asserted against me and my firm in Hawaii, I have had no further discussions with Mr. Smith about this issue.

    4.    The Firm has not sold the PCT, Robert Kors or anyone else an interest in any attorney lien the Firm holds, including the lien it holds with respect to Mr. Berry. Mr. Hogan was informed of this fact via e-mail dated December 17, 2007 at 4:36p.m. In fact, the Firm has not yet perfected its attorneys' lien with respect to Mr. Berry.

    5.    The Firm has not settled any of Mr. Berry's purported claims with the PCT, Robert Kors or anyone else.

    6.    The Firm has not breached its fiduciary or ethical duties to Mr. Berry. The Firm has complied with all ethical rules relating to the termination of representation.

7. The Firm has not breached its attorney-client retainer agreement with Mr. Berry. The Firm complied with that agreement in terminating its attorney-client relationship with Mr. Berry.

8. The Firm has not received or been promised any money from the PCT, Mr. Kors, or any person purporting to act on their behalf. Mr. Hogan was informed of this via e-mail dated December 17, 2007 at 4:36p.m.

9. The Firm has not paid or promised to pay any money to the PCT, Mr. Kors or any person purporting to act on their behalf.

10. None of the PCT, Robert Kors, or any person purporting to act on their behalf offered the Firm any money for the Firm to breach its fiduciary or ethical duties to Mr. Berry or to breach the attorney-client retainer agreement between Mr. Berry and the Firm.

11. The Firm has not sold, and none of the PCT, Mr. Kors or any person purporting to act on their behalf has purchased or received, anything having to do with Mr. Berry or his software.

12. The Firm has not converted any of Mr. Berry's client funds.

13. I have no knowledge of any facts that would support Mr. Berry's claims against the PCT and Mr. Kors, as set forth in his Second Amended Complaint filed in this case.

So sworn under penalty of perjury under the laws of the United States of America in Los Angeles, California, on February 25, 2008.

_____
Wesley Ichida

4

STATE OF HAWAII           )
                          ) SS:
CITY & COUNTY OF HONOLULU )

On this 25 day of February, 2008, before me appeared WESLEY W. ICHIDA, to me personally known, who, being by me duly sworn, did say that he is the managing director of Lynch Ichida Thompson Kim & Hirota, a Hawaii corporation, which said corporation does not have a coroprate seal as such, and that said instrument was signed in behalf of said corporation by authority of its Board of Directors, and the said Officer acknowledged said instrument to be the free act and deed of said corporation.



Stella Shimamoto
Stella Shimamoto
Notary Public, State of Hawaii
My commission expires: 8/19/2011