UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| WAYNE BERRY, | : 01:07 CV 7634 WHP |
| Plaintiff, | : Judge William H. Pauley III |
| | : ECF Case |
| vs. | : |
| DEUTSCHE BANK TRUST COMPANY AMERICAS (f.a. BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK, in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200. | : AFFIDAVIT OF TIMOTHY J. HOGAN APPLYING FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(F); EXHIBITS "1" TO "4" |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel. (808) 382-3698
Fax. (808) 356-1682
Email tjh@timhogan.com

AFFIDAVIT OF TIMOTHY J. HOGAN

| | |
|---|---|
| STATE OF HAWAII ) | |
| ) SS: | |
| CITY AND COUNTY OF HONOLULU ) | |

TIMOTHY J. HOGAN, being first duly sworn on oath, deposes and says:

I, Timothy J. Hogan, an am attorney licensed to practice before all the courts of the state of Hawaii, the United States Court of Appeals for the Ninth Circuit and am admitted to practice before this Honorable Court, *pro hac vice*, and hereby declare under penalty of perjury that the following is true and accurate to the best of my knowledge and belief. If called upon to testify regarding the matters contained herein, I am competent and willing to do so.

1. Pursuant to Fed. R. Civ. P. 56(f), Mr. Berry respectfully requests that the Court grant him additional time to respond to two of the issues raised in the Post Confirmation Trust's and Robert Kors' Memorandum of Points and Authorities in Support of Motion for Summary Judgment filed on February 26, 2008. On Mr. Berry's behalf, I will address the relevant factors that this Court applies in determining whether to grant a Rule 56(f) application. *See Khan v. Abercrombie & Fitch, Inc.*, No. 01 Civ. 6163 (WHP) 2003 WL 22149527 *13 (S.D.N.Y. Sept. 17, 2003) citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir. 1985).

I.
**THE NATURE OF THE UNCOMPLETED DISCOVERY, I.E., WHAT FACTS ARE SOUGHT AND HOW THEY ARE TO BE OBTAINED**

2. Among the issues that are raised in the Post Confirmation Trust's and Robert

Kors' Memorandum of Points and Authorities in Support of Motion for Summary Judgment, are the issues of (a) whether money was actually paid to Mr. Berry's former attorneys, Lynch Ichida Thompson & Kim and by whom, and (b) whether Mr. Baumann was involved in the service of the already dismissed divorce complaint.

3. In regard to the issue of whether money was actually paid to his attorneys, Mr. Berry seeks to obtain the bank records of the Lynch Ichida Thompson Kim & Hirota law firm for the period after July 16, 2007 to January 31, 2008. This is relevant to the claims relevant to breaches of fiduciary duty and RICO. They will be obtained via a subpoena *duces tecum* under the cover of an authenticating declaration.

4. In regard to the issue of Mr. Baumann's involvement in the Berry divorce, Mr. Berry seeks to obtain the affidavit or conduct the deposition of Dick Dwyer, a licensed Florida private investigator with offices in Jacksonville and West Palm Beach Florida. Mr. Dwyer has been identified as the lead investigator of the three that were involved in the service of the dismissed divorce complaint. This is relevant to the claims of abuse of process and RICO.

## II.
## HOW THOSE FACTS ARE REASONABLY EXPECTED TO CREATE A GENUINE ISSUE OF MATERIAL FACT

5. As to the Lynch Ichida Thompson & Kim bank records, the Berry Second Amended Complaint ("SAC") Claims involve breaches of fiduciary duty. The concealed payment of money to Mr. Berry's attorneys, though not the only claim that connects these defendants with the wrongful conduct, is compelling proof to support the claims. Mr. Berry has evidence that the offer was made that is actionable under Hawaii's criminal statutes. The offer

admitted in the PCT and Robert Kors supporting affidavits. That proof may be sufficient to defeat summary judgment. If however, the Court rules it is not sufficent, then Mr. Berry's inablitly to obtain the bank records would be prejudicial.

6.   Similarly, the SAC alleges that the Defendants were engaged in abuse of process attempting to serve Mr. Berry with an already dismissed divorce complaint because they had devised a plan that would assist them in avoiding ongoing criminal liability for infringement if the Berry works were subject to an equitable division in a divorce. Mr. Berry will testify that he saw Mr. Baumann at the West Palm Beach airport on August 14, 2007. Mr. Berry believes that this will raise an issue of fact that should defeat summary judgment on this issue. If, as Mr. Berry suspects, the PCT and Kors will argue that in light of the mountain of contrary evidence, Mr. Berry's eye witness testimony is not to be believed, then Mr. Berry should have the opportunity to depose Dick Dwyer, the detective hired to effect the service of the dismissed complaint and obtain records sought via the Subpoena directed to Brawley & Associates, that similarly go to the issue of whether the money that was paid to the Florida detectives was furnished by certain of the defendants in this action.

### III.
### WHAT EFFORTS THE AFFIANT HAS MADE TO OBTAIN THOSE FACTS AND WHY THE EFFORTS WERE NOT SUCCESSFUL

7.   In regard to the issue of Mr. Baumann's involvement in the service of the dismissed divorce complaint, starting on February 4, 2008, Mr. Berry's counsel was able conducted initial interviews with three detectives in Florida that had some involvement in the August 14, 2007 incident. The delay in commencing the interviews was due to the use of what

appears to be a pseudonym "Jennifer Mulheam," in the documents submitted to the Hawaii Family Court, that effectively concealed the identity of the process server, who, after interviewing the notary, Dana Blakley, who executed the return of service (who is also a licensed private investigator) I learned is actually "Jennifer Mulhearn," who I was able to find on-line as another licensed Florida private investigator.

8. Mrs. Berry has submitted financials in the Hawaii Family Court that would indicate that she could not afford to hire one let alone three detectives in Florida. Mr. Berry sought records related to the hiring and paying of these investigators from her counsel, Cheryl Brawley, as set forth in the Notice of Subpoena a true and correct copy of which is attached as Exhibit "1."

9. When I attempted to interview Dick Dwyer, the Florida private investigatory who Ms. Mulhearn identified as the lead investigator, I notified opposing counsel so that they might participate. Ms. Brady, representing the PCT and Kors, objected because there wasn't sufficient time to gather counsel for a conference. In response to Ms. Brady's objection I informed Dick Dwyer that Mike Baumann's firm needed more time and requested to conduct the interview later in the day. He seemed very receptive to the suggestion and didn't question who Mike Baumann was. Mr. Berry was on the line and will testify that these facts as I have described are true.

10. About hour later, when I called Mr. Dwyer to conduct the conference call interview, Mr. Dwyer was extremely agitated and stated that he would not speak to me without Ms. Brawley or Mrs Berry line because they had hired him. This was contrary to what he had earlier told me. He had specifically told me that Ms Brawley had not hired him therefore no privilege would appear to prevent him from discussing the matter.

11. In regard to the Lynch Ichida Thompson Kim & Hirota bank records, when I noticed my intent to obtain the relevant Bank records of the Lynch Ichida Thompson Kim & Hirota firm by serving notice of subpoena, a true and correct copy of which is attached as Exhibit "2," Ms. Brady first objected claiming that I had no right to conduct the discovery, but outwardly appeared willing to permit the discovery to go forward. A true and correct copy of an email thread addressed to this issue, that at the last page contains Ms. Brady's objection is attached as Exhibit "3" at page 3 of 4.

12. Later, Mr. Penchina, representing GECC, objected, echoing Ms. Brady's objection, that was premised on the fact that Mr. Berry was not entitled to conduct any discovery because there has been no Rule 26(f) Meeting addressing the SAC, and no order that established Mr. Berry's right to conduct any discovery. *See* Exhibit "3" at page 2 of 4. I had believed I was permitted to conduct this discovery because, before the case was transferred, Mr. Berry had been subject to discovery immediately upon the filing and had already produced over 1,500 pages of documents in response in August 2007. *See* Exhibit "3" at page 1 of 4.

13. Out of caution that might violate the Court's order, I agreed with Mr. Penchina to hold this discovery in abeyance pending some ruling by the Court. A true and correct copy of the email informing counsel that I would hold my discovery in abeyance is attached as Exhibit "4."

14. Mr. Berry believes that he will meet significant resistance to his attempts to complete discovery, including Mr. Dwyer's assertion of some sort of privilege and Lynch Ichida Thompson Kim & Hirota objecting to the subpoena seeking their bank records.

/

/

So sworn under penalty of perjury under the laws of the United States of America in the City and County of Honolulu, Hawaii on March 3d, 2008.

_____
Timothy J. Hogan

Subscribed and sworn to before me this

___3rd___ day of March, 2008.

Name: _____ Sherry R. Nagai

Notary Public, State of Hawaii

My commission expires: _March 9, 2010_