# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
WAYNE BERRY,                             :   01:07 CV 7634 WHP
                Plaintiff,             :   Judge William H. Pauley III
      vs.                                :   ECF Case
DEUTSCHE BANK TRUST COMPANY              :
AMERICAS (f.k.a. BANKERS TRUST COMPANY)
and JP MORGAN CHASE BANK, in their separate :   PLAINTIFF'S NOTICE OF
capacities and as agents for the pre- and post-petition :   SUBPOENA; Exhibit "1"
lenders of Fleming Companies, Inc.; GENERAL  :
ELECTRIC CAPITAL CORPORATION; C&S        :   (CUSTODIAN OF RECORDS
WHOLESALE GROCERS, INC.; THE POST-           OF BRAWLEY &
CONFIRMATION TRUST OF FLEMING            :   ASSOCIATES)
COMPANIES, INC.; ROBERT KORS; CORE-MARK  :
HOLDINGS INC. and DOES 1 to 200.         :
                                         :

                Defendants.           :
---------------------------------------- x

## Notice

Please take notice that, pursuant to Fed.R.Civ.P.45(b)(1) you are advised that Plaintiff intends to serve the attached Subpoena, seeking production of documents, electronically stored information, or tangible things on the custodian of records, Brawley & Associates, 1164 Bishop Street, St. 500, Honolulu, Hawaii 96813.

Submitted: Honolulu, Hawaii, February 15, 2008.

        S/Timothy J. Hogan
        TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
        Attorney for Plaintiff WAYNE BERRY
        Admitted *Pro Hac Vice*

        1050 Bishop Street, Number 433
        Honolulu, Hawaii 96813
        Tel. (808) 382-3698
        Fax. (808) 356-1682
        Email tjh@timhogan.com

# Exhibit 1

⹂HID Form 88 (Rev. 10/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

WAYNE BERRY,

V.

DEUTSCHE BANK TRUST COMPANY AMERICAS, et. al,

**SUBPOENA IN A CIVIL CASE**[1]

Case Number:[2]  01:07 CV 7634 WHP (S.D.N.Y)

TO: CUSTODIAN OF RECORDS, BRAWLEY & ASSOCIATES
1164 Bishop Street, St. 500, Honolulu, Hawaii 96813

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBITS "A" and "B" and Witness Fee.

| PLACE | DATE AND TIME |
|---|---|
| Brawley & Associates, 1164 Bishop Street, St. 500, Honolulu, Hawaii 96813 | March 3, 2008 8:30 a.m. HST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Timothy J. Hogan, Plaintiff's Attorney   /s/ Timothy J. Hogan | 2/15/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy J. Hogan, Attorney at Law, 1050 Bishop Street, No. 433, Honolulu, Hawaii 96813 Tel. (808) 382-3698

---

[1] This subpoena is invalid, & imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. Further, this subpoena imposes no duty on anyone to produce documents or things at his/her own expense.

[2] If action is pending in district other than district of issuance, state district under case number.

HJD Form 88 (Rev. 10/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT "A"

Definition: The term "Berry Related Matters" as used herein includes, but is not necessarily limited to, any and all law suits where either Wayne Berry or Julianne Berry was and/or is a party. "Berry Related Matters" also includes, but is not necessarily limited to, any matter related to Wayne Berry's family, including, but not limited to his deceased father. Berry Related Matters also includes any intellectual property related to Wayne Berry or evidence related to Wayne Berry and his finances, location and/or assets.

Definition: The term "Fleming PCT," includes, Fleming Companies, Inc., the former Debtor in Bk No. 03-10945 (MFW) (Bankr. De.). It also includes the Post Confirmation Trust of Fleming Companies, Inc., Robert Kors, Castellammare Advisors, LLC and any person acting on for them or on their behalf including attorneys or agents. These attorneys include, but may not be limited to any and all attorneys associated with the law firms of Kirkland & Ellis, Kobayashi Sugita & Goda, and Lyle Hosoda & Associates.

1. True and correct copies of any and all emails or other recorded or written communications between any and all persons associated with Brawley & Associates, and Lex Smith, Michael Baumann, Robert Kors, any attorney employed by Lynch Ichida Thompson Kim & Hirota and/or Lyle Hosoda & Associates, or any of their employee or associates, regarding Berry Related Matters for a period of January 1, 2004 to the present under attached declaration, Exhibit "B."

2. True and correct copies of any and all documents, including, but not limited to, correspondence and any and all checks or evidence of other receipts and/or disbursements related to any and all Berry Related Matters including but not limited to any and all Florida investigative services related to Berry Related Matters as defined above, where any part of the funds used to pay for such services was received from the Fleming PCT, Robert Kors, Lex Smith, Richard Wynne, Michael Baumann and/or Lyle Hosoda or anyone acting on their behalf under attached declaration, Exhibit "B."

EXHIBIT "A"

EXHIBIT B

## CERTIFICATION OF CUSTODIAN OF RECORDS OF
### Brawley & Associates

I,_____, am the Custodian of Records of Brawley & Associates. I make this declaration upon personal knowledge.

1. I have personal knowledge of the records of Brawley & Associates that are the subject of this Declaration.

2. On, _____, Brawley & Associates was served with a subpoena in Wayne Berry v. Deutsche Bank et. al, 01:07 CV 7634 WHP (S.D.N.Y.) (the "Subpoena") and its Exhibit "A" at 1164 Bishop Street, St. 500, Honolulu, Hawaii 96813.

3. The Subpoena was issued by Timothy J. Hogan, Esq., attorney for Plaintiff Wayne Berry.

4. On, _____, I produced documents in response to the Subpoena to Mr. Hogan 1164 Bishop Street, St. 500, Honolulu, Hawaii 96813. The total number of pages produced were _____.

5. All the documents I produced in response to the Subpoena were kept, and continue to be kept, in the regular course of Brawley & Associates' regularly

conducted activities.

6. The documents produced in response to the Subpoena were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

7. It was and is Brawley & Associates and its custodian of records practice to keep records of this type as part of Brawley & Associates regularly conducted activities.

8. All non-privileged documents that are responsive to the Subpoena that were in possession of on the date of service of the Subpoena on have been produced. A privilege log, if any documents are claimed privileged, accompanies the documents.

9. The documents produced are true and correct photo-copies of Brawley & Associates original source documents.

10. None of the documents produced have been redacted or altered in any way.

11. No documents have been withheld under any privilege or for any other reason unless specifically noted in the separate privilege log.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on _____ in Honolulu, Hawaii

_____
Signature-Custodian of Records  Brawley & Associates

_____
Please Print Name