# Exhibit 3

## Tim Hogan

**From:** Robert Penchina [RPenchina@lskslaw.com]
**Sent:** Monday, February 25, 2008 7:02 AM
**To:** Tim Hogan; Erin Brady
**Cc:** Andrew DeNatale; Christopher Beall; Christopher M. Mason; Cunningham, Eileen; Jonathan Moskin; Michael Baumann
**Subject:** RE: Notice of Subpeona in Berry v. Deutsche Bank

I note that the judge did not ask you what discovery you would be taking, but asked what discovery you thought you would need. He indicated that if you thought you needed discovery, you should so state in your response to the motion for summary judgment, and he would decide whether such discovery was in fact necessary, in which case he would put off the motion. He did not say that you should take the discovery now.
As to when discovery may previously have commenced, that was before you added GECC to the case. Having withdrawn your original complaint, and then proceeding on two amended complaints against new parties, I know of no basis under which you may now take discovery without having the Rule 26(f) conference, which as stated before is premature.

Of course, I am not telling you how you should proceed. However, GECC's objection is continuing.

---

**From:** Tim Hogan [mailto:tjh@timhogan.com]
**Sent:** Monday, February 25, 2008 11:55 AM
**To:** Robert Penchina; Erin Brady
**Cc:** Andrew DeNatale; Christopher Beall; Christopher M. Mason; Cunningham, Eileen; Jonathan Moskin; Michael Baumann
**Subject:** RE: Notice of Subpeona in Berry v. Deutsche Bank

Dear Mr. Penchina:

When Mr. Baumann was discussing his intention to advance a Motion for Summary Judgment, Judge Pauley noted his distain for Rule 56(f) applications and asked me what discovery I would be taking prior to the motion. The judge then said that if I did not have what I needed, I could apply under Rule 56(f). The idea that a party is required to meet a motion for summary judgment without any discovery is both novel and contrary to what the Court actually stated.

Discovery commenced against Mr. Berry back in August of last year. I know of no reason for him not to engage in discovery in the face of a motion for summary judgment. I note your objection but see no reason why I should not proceed.

Tim Hogan

---

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel  (808) 382-3698
Fax. (808) 356-1682
Email  tjh@timhogan.com
www   timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Robert Penchina [mailto:RPenchina@lskslaw.com]
**Sent:** Monday, February 25, 2008 5:28 AM
**To:** Tim Hogan; Erin Brady
**Cc:** Andrew DeNatale; Christopher Beall; Christopher M. Mason; Cunningham, Eileen; Jonathan Moskin; Michael Baumann; PAL@loio.com; wwi@loio.com
**Subject:** RE: Notice of Subpeona in Berry v. Deutsche Bank

Mr. Hogan:
At the pre-motion conference relating to the pending motions to dismiss, Judge Pauley indicated that the parties should exchange initial disclosures by January 15, but that discovery in *this* case should not proceed until after the motions are addressed. Moreover, Fed. R. Civ. Pro. 26(d) specifically provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." No such conference has been held in connection with the amended or second amended complaint and, consonant with Judge Pauley's instruction during the pre-motion conference, a Rule 26(f) conference would be premature at this juncture. Accordingly, General Electric Capital Corporation hereby objects to your seeking any discovery, including by way of third party subpoenas, in matter number 07 CV 7634 (WHP) at this time.

Robert Penchina
Levine Sullivan Koch & Schulz, L.L.P.
321 West 44th Street
Suite 510
New York, NY 10036
212-850-6109 (phone)
212-850-6299 (fax)
rpenchina@lskslaw.com

**From:** Tim Hogan [mailto:tjh@timhogan.com]
**Sent:** Sunday, February 24, 2008 11:39 PM
**To:** Erin Brady
**Cc:** Andrew DeNatale; Christopher Beall; Christopher M. Mason; Cunningham, Eileen; Jonathan Moskin; Michael Baumann; PAL@loio.com; Robert Penchina; wwi@loio.com
**Subject:** RE: Notice of Subpeona in Berry v. Deutsche Bank

Erin:

Judge Pauley made no such ruling. The Court only asked what I was going to need and then noted his distaste for Rule 56(f) applications. The Court then said that if I could not meet the motion I was permitted to make a Rule 56(f) application. I will make all materials I obtain though these subpoenas available to any party. My guess is that any depositions I may need will be regarding Hawaii witnesses. Possibly the detectives in Florida. I'll have to wait and see what you file.

Tim

**Timothy J. Hogan**

3/3/2008

Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel    (808) 382-3698
Fax.   (808) 356-1682
Email  tjh@timhogan.com
www    timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Erin Brady [mailto:ebrady@kirkland.com]
**Sent:** Sunday, February 24, 2008 5:45 PM
**To:** Tim Hogan
**Cc:** Andrew DeNatale; Chris Beall; Christopher M. Mason; Cunningham, Eileen; Jonathan Moskin; Michael Baumann; PAL@loio.com; Robert Penchina; wwi@loio.com
**Subject:** Re: Notice of Subpeona in Berry v. Deutsche Bank


Tim,

To date, we have not objected to your various efforts to take discovery, as your doing so will only serve to invalidate your client's unfounded claims against the PCT and Mr. Kors. This exercise will be no different. Regardless, the judge has not opened discovery, and you do not have the right to this or any of the other discovery you have sought in the past weeks. As the judge advised at the recent status conference, you may make a formal request pursuant to Rule 56(f) after the PCT and Mr. Kors file their motion for summary judgment, if justified by the defendants' statement of material facts. In any event, we request copies of any discovery you receive from this or any other subpoena you issue.

Thanks,
Erin

**Erin N. Brady | Kirkland & Ellis LLP**
777 South Figueroa Street, Suite 3700 | Los Angeles, CA 90017
(213) 680-8225 **DIRECT** | (213) 808-8012 **FAX**

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

| "Tim Hogan" <tjh@timhogan.com> | To | "Andrew DeNatale" <adenatale@whitecase.com>, "Chris Beall" <cbeall@lskslaw.com>, "Christopher M. Mason" <cmason@nixonpeabody.com>, "Cunningham, Eileen" <ecunningham@nixonpeabody.com>, "Erin Brady" <ebrady@kirkland.com>, "Jonathan Moskin" <jmoskin@ny.whitecase.com>, "Michael Baumann" <mbaumann@kirkland.com>, "Robert Penchina" <rpenchina@lskslaw.com> |
|---|---|---|
| 02/24/2008 04:43 PM | cc | <wwi@loio.com>, <PAL@loio.com> |
| | Subject | Notice of Subpeona in Berry v. Deutsche Bank |

3/3/2008

Dear Counsel:

Please see attached.

_____

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii  96813
Tel     (808) 382-3698
Fax.    (808) 356-1682
Email   tjh@timhogan.com
www     timhogan.com


NOTICE: This email may contain confidential information that may be subject to privilege.  If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.


```
*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************
```

3/3/2008