UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BERRY,<br><br>       Plaintiff,<br><br>    vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200,<br><br>       Defendants. | Case No. 01:07 CV 7634 (WHP)<br>ECF Case |

DEFENDANTS POST CONFIRMATION TRUST'S AND ROBERT KORS'
RESPONSE IN OPPOSITION TO AFFIDAVIT OF TIMOTHY J. HOGAN APPLYING
FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(F)

KIRKLAND & ELLIS LLP
Richard L. Wynne (RW 5630)
Michael E. Baumann (*pro hac vice* pending)
Erin N. Brady (*pro hac vice* pending)
777 South Figueroa Street
Los Angeles, California 90017
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500
E-mail:        ebrady@kirkland.com

Counsel for Defendants Post Confirmation
Trust and Robert Kors

**Preliminary Statement**

Plaintiff Wayne Berry alleges that Defendants Post Confirmation Trust and Robert Kors (collectively, "Defendants") are engaged in a worldwide conspiracy to harass him for the purpose of stealing his obsolete copyright.  As part of that conspiracy, Berry claims (among other things) that (1) Defendants sent Michael Baumann, a senior partner of Kirkland & Ellis LLP, to a Florida airport so that he could point Berry out to a process server Defendants hired and paid to serve Berry with his wife's divorce complaint; and (2) Defendants made some secret payment to Berry's former counsel, the Lynch Ichida Thompson Kim & Hirota law firm ("Lynch Ichida"), in exchange for a secret settlement of some of his (unidentified) claims.  Now, in the face of Defendants' summary judgment motion -- and apparently unable to present any affidavits or other testimony that would defeat the motion -- Berry seeks Rule 56(f) discovery to fish for some basis for his claims.[1]

Notably, Berry is not seeking any of the Rule 56(f) discovery he told the Court was critical to his case at this Court's February 13, 2007 pre-motion status conference.  Ackerman Decl., Ex. E at 14-16 (February 13, 2008 Transcript).  Instead, he now seeks third party discovery that, if permitted, would needlessly delay and drag out these proceedings.  The requested discovery, however, is unnecessary and immaterial to the determination of Defendants' motion and should be denied.

In support of their summary judgment motion, Defendants presented what even Berry characterizes as a "mountain of contrary evidence" proving that Berry's allegations (including those for which he now seeks discovery) are false.  Hogan Aff. ¶ 6.  With respect to Berry's allegation that Michael Baumann flew nearly 3,000 miles from Los Angeles to Florida to point

---

[1]    Defendants have asked Berry's counsel time and time again to provide some basis for these and other claims.  *See* Declaration of F. Wade Ackerman ("Ackerman Decl."), Exs. A, B and C (Baumann Emails).  These inquiries have been met with bluster and threats, but no evidence.  In fact, Berry's claims against Defendants relating to the Lynch Ichida firm are apparently based on nothing more than speculation between he and his current counsel by which the two "conclude[d] that sometime when [his former law firm] was still attorney of record for Mr. Berry it negotiated a payment based on their rights to payment under the contingent fee agreement with the adverse party and did not disclose it to Mr. Berry." *See* Ackerman Decl., Ex. D (Disciplinary Letter).

Berry out to a process server that Defendants hired and paid to serve Berry with his wife's divorce complaint, Defendants submitted the affidavits of Mr. Baumann, his wife and his administrative assistant, all of whom testified that Mr. Baumann was in Los Angeles on the day that the purported service was made. *See* M. Baumann Aff. ¶ 3; T. Baumann Aff. ¶¶ 3-4; Benson Aff ¶¶ 2-5; *see generally* SOMF ¶¶ 37-44. They also submitted the affidavits of Robert Kors (in both his personal capacity and in his capacity as the PCT Representative) and Mr. Baumann, both of whom testified that neither Mr. Kors nor the PCT hired anyone, paid anyone, or authorized anyone to hire or pay anyone to serve Berry with a divorce complaint. *See* SOMF ¶¶ 37-44. Similarly, with respect to Berry's allegation that Defendants paid Lynch Ichida to obtain some settlement of or interest in Berry's claims, Defendants submitted (1) affidavits of Robert Kors (again in both his personal capacity and his capacity as the PCT Representative), who testified that neither he nor the PCT paid any money to Lynch Ichida; (2) the affidavit of Wesley Ichida, the managing partner of Lynch Ichida, who testified that his firm did not receive any money from the PCT or Mr. Kors or anyone purporting to act on their behalf; *and* (3) the affidavit of Lex Smith, the Hawaii attorney whom Berry claims brokered the secret settlement between the PCT and/or Robert Kors and Lynch Ichida, who testified that there simply was no such deal. *See* SOMF ¶¶ 11-30.

Yet despite this substantial evidence, Berry persists in his claims, now requesting Rule 56(f) discovery. Berry's Rule 56(f) request does not, however, explain how he *reasonably expects* that the requested discovery will allow him to present to this Court a material issue of disputed fact in opposition to Defendants' motion (something he acknowledges he cannot do without the requested discovery). It instead simply expresses disbelief in the sworn testimony of the Defendants, the two attorneys allegedly involved in the secret Lynch Ichida transaction, the attorney who supposedly flew to Florida to facilitate the service of Mrs. Berry's divorce complaint and that attorney's wife and administrative assistant. Disbelief of sworn testimony will not defeat a summary judgment motion, nor is it a basis for Rule 56(f) discovery.

First, without any basis, other than the rankest fevered speculation, Berry argues that he should be allowed to subpoena non-party Lynch Ichida's bank records for a six month period to

look at all of the firm's receipts because there might be something in the documents demonstrating that these witnesses perjured themselves. Berry's counsel concedes that this effort will be met with "significant resistance" (Hogan Aff. ¶ 14) and, if permitted, will undoubtedly delay these proceedings. This is confirmed by an e-mail sent to Mr. Hogan by the Lynch, Ichida firm regarding the request. *See* Ex. F (Ichida Email Objecting To Subpoena). Interestingly, this same e-mail notes Lynch Ichida has already given Berry "all of the accounting of his accounts with [the] Firm and in [their] Clients' Trust account," making it unnecessary for Berry to obtain the firm's full bank records in the first place. *Id.*

Similarly, Berry's counsel believes he should be permitted to depose a Florida detective because he thinks that detective might (1) tell him that Defendants hired and paid him to serve Mrs. Berry's divorce complaint; and (2) implicate Mr. Baumann in the service of that complaint. But Berry's counsel has himself testified that the Florida detective Berry seeks to depose has *already told him and Berry that Mrs. Berry and her divorce attorney hired him*. *See* Hogan Aff. ¶10. It is difficult to understand how deposing the detective will change this fact. Moreover, because service of a divorce complaint cannot itself be an abuse of process, the factual issue of who hired and paid this detective is irrelevant to the disposition of Defendants' motion.

Berry's Rule 56(f) request appears designed to delay resolution of Defendants' motion on the basis of Berry's self-serving suspicion that the clear, overwhelming and admissible sworn testimony supporting the motion should be disbelieved. As they have done throughout this case, Berry and his counsel -- without any evidentiary basis -- ask this Court to indulge them in their unfounded fantasies. Their fantasies are not a valid basis to delay this proceeding. Berry's request should be denied.

## Argument

### Legal Standard

While a plaintiff may legitimately use Rule 56(f) discovery to fill material evidentiary *gaps* in its case, it may not use Rule 56(f) to conduct a fishing expedition to figure out whether it even has a claim in the first place. *See Waldron v. Cities Serv. Co.*, 361 F.2d 671, 673 (2d Cir.1966); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)

("Econocom's argument is that it should be allowed to find out if it has a claim, rather than that it has a claim for which it needs additional discovery. Such divagation is decidedly not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure."); *Contemporary Mission, Inc. v. United States Postal Serv.*, 648 F.2d 97, 107 (2d Cir.1981) (finding that in a summary judgment context, an "opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of [a summary judgment] motion").

Accordingly, a plaintiff must present in support of its Rule 56(f) application an affidavit that includes, among other things, an explanation of how the facts or evidence it seeks are **reasonably expected** to create a genuine issue of material fact. *See Hudson River Sloop Clearwater, Inc. v. Department of Navy*, 891 F.2d 414, 422 (2d Cir.1989); *see also Paddington Partners v. Bouchard*, 34 F.3d at 1138. Plaintiff fails to meet this standard.

A court can reject a request for discovery, even if properly and timely made through a Rule 56(f) affidavit, if it deems the request to be based on speculation as to what potentially could be discovered as opposed to what a party reasonably expects to discover. *See Paddington*, 34 F.3d at 1138.

## Berry's Request Should Be Denied

Under this standard, the Court should deny Berry's Rule 56(f) request. As an initial matter, Berry's request demonstrates that he is seeking discovery solely to investigate whether he even has claims against Defendants, not to fill in material evidentiary gaps in claims he has already developed. *See* Hogan Aff. ¶ 7 (admitting that Berry first began investigating his abuse of process claim on February 4, 2008, over a month after filing the Second Amended Complaint). Berry should have done this before filing his lawsuit. He cannot use Rule 56(f) discovery to "engage in still another 'fishing expedition' in the hope that he [can] come up with some tenable cause of action." *Waldron*, 361 F.2d at 673; *see also Paddington*, 34 F.3d at 1138 (denying Rule 56(f) discovery when plaintiff's purpose was to investigate whether it had a claim against the moving defendants).

Moreover, Berry's Rule 56(f) affidavit has not and cannot establish how his requested

-4-

discovery can be ***reasonably expected*** to create a germane issue of fact. First, with respect to Berry's request to depose the Florida detective to create an issue of fact as to his abuse of process claim (and his RICO claim relying on this so-called predicate act), even if Berry could show that Defendants hired, paid or assisted a process server in serving Mrs. Berry's divorce complaint (which he cannot), service of a complaint is not abuse of process *as a matter of law*. *See Azer v. Myers*, 793 P.2d 1189, 1215 n.38 (Haw. App. 1990), rev'd on other grounds, 795 P.2d 853 (Haw. 1990) ("[t]he mere institution of an action by the filing and service of a summons or complaint does not amount to an abuse of process"); *Della-Donna v. Nova University, Inc.*, 512 So.2d 1051, 1055 (Fla. App. 1987) ("the mere filing of a complaint and having process served is not enough to show abuse of process"); *Curiano v. Suozzi*, 469 N.E.2d 1324, 1326 (N.Y. 1984) (same); *see also* Def. Summary Judgment Mot. at 7. There are no germane facts when an issue may be decided as a matter of law.

Putting that aside, however, Berry himself acknowledges that Defendants have submitted a "mountain of contrary evidence" demonstrating that his claims are without merit -- evidence that he apparently cannot meet (speculation, suspicions and conspiracy theories aside). This mountain, which itself demonstrates the absence of any genuine issue of material fact, includes:

- Messrs. Kors, Ichida and Smith's sworn testimony that neither the PCT nor Robert Kors made any payment to the Lynch Ichida firm.

- Mr. Baumann, his wife and his administrative assistant's sworn testimony that Mr. Baumann was not in Florida on the day Berry was purportedly served with his wife's divorce complaint.

- Mr. Kors' sworn testimony (in both his personal capacity and in his capacity as the PCT Representative) and Mr. Baumann's sworn testimony that neither Mr. Kors nor the PCT hired a process server to serve Mrs. Berry's divorce complaint.

Further bolstering the credibility of this evidence is Berry's own counsel's testimony that the person that Berry now identifies as the process server has already told him that Mrs. Berry and her attorney hired him. *See* Hogan Aff. ¶ 10.

Nevertheless, based solely on unsupported suspicion that all of Defendants' sworn affiants *and* the Florida detective he wishes to depose are lying, Berry asks this Court to delay a ruling on Defendants' motion. Where, as here, Defendants have met their burden of

demonstrating the absence of any genuine issue of material fact, Berry must provide something "more than a fanciful allegation" to justify denying or continuing their summary judgment motion. *Contemporary Mission*, 648 F.2d at 107. Berry's sought-after facts "must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, ***nor merely suspicions***." *Id.* at 107 n.14 (citing 6 J. Moore, Federal Practice P 56.15(3) at 56-486 to 56-487 (2d ed. 1976) (footnotes omitted)). Berry simply cannot rely on Rule 56(f) to defeat or delay Defendants' motion "where the result of a continuance to obtain further information would be wholly speculative." *Id.*; *see also First National Bank v. Cities Service Co.*, 391 U.S. 253, 293-94, 88 S.Ct. 1575, 1594, 20 L.Ed.2d 569 (1968).

Accordingly, Berry's request for Rule 56(f) discovery should be denied.

### Conclusion

For the foregoing reasons, the Court should deny Berry's Rule 56(f) discovery request. If, however, the Court is inclined to permit Berry's discovery, Defendants respectfully request that the Court order Berry to post a bond forthwith to cover the defendants ongoing costs and, where appropriate, attorneys' fees in this matter, as well as any sanctions Berry may ultimately be ordered to pay.

DATED: March 4, 2008

By:   /s/ Richard L. Wynne
KIRKLAND & ELLIS LLP
Richard L. Wynne (RW 5630)
Michael E. Baumann (*pro hac vice* pending)
Erin N. Brady (*pro hac vice* pending)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500
E-mail:       ebrady@kirkland.com

Counsel for Defendants Post Confirmation
Trust and Robert Kors