| | | |
|---|---|---|
| Michael Baumann/Los Angeles/Kirkland-Ellis<br>01/29/2008 12:29 PM | To | "Tim Hogan" <tjh@timhogan.com> |
| | cc | "Erin Brady" <ebrady@kirkland.com>, "Richard Wynne" <rwynne@kirkland.com> |
| | bcc | Wade Ackerman/Los Angeles/Kirkland-Ellis |
| | Subject | RE: Robert Kors' Admission |

Tim:

Your response did not address the point I made. In both your December 2004 letter, and in court filings, you and Mr. Berry have acknowledged that the license agreement was rejected by the debtor. The claim that the license was not rejected in the bankruptcy is untrue. Nothing in your explanation below provides any reason for naming Mr. Kors in his individual capacity in the claim. I suggest you agree to drop the claim or, as with the conversion and breach of duty claims, we will have no choice but to seek sanctions.

I read with interest Lex Smith's declaration. Given the declaration, there appears to be no basis for your continued assertion of the claim that client funds were converted, that a lien was purchased from your former firm, or that anyone acted to cause process to be served on Mr. Berry in his divorce case other than his wife. More particularly, there is certainly nothing in the declaration that would explain or justify an accusation that Mr. Kors or the PCT aided in any alleged misconduct and you have refused to provide any basis for naming the PCT or Mr. Kors in these counts. Again, unless you withdraw these claims against the PCT and Mr. Kors, we will seek leave to file a Rule 11 motion.

Mike

"Tim Hogan" <tjh@timhogan.com>



| | | |
|---|---|---|
| "Tim Hogan"<br><tjh@timhogan.com><br>01/28/2008 03:31 PM | To | "Michael Baumann" <mbaumann@kirkland.com>, "Erin Brady" <ebrady@kirkland.com> |
| | cc | "Richard Wynne" <rwynne@kirkland.com> |
| | Subject | RE: Robert Kors' Admission |

Mike:

When you use the term "rejection" I think you are using a term of art the implication of which you may not understand.

"Termination" of license simply results under well settled authority in the loss of any defense to infringement civil and criminal for continued use after "termination." I note that Mr. Kors has confirmed to me the continued use after termination and I'm confirming again to you the lack of any defenses. I know of no rejection effected by the PCT and therefore in my view it remains liable to Mr. Berry for an accruing liability.

"Rejection" is a term of art related to "executory contracts" in the bankruptcy setting specifically 11 U.S.C. Sec. 365. I'll put the terms of art in quotes.

Fleming and C&S have been unable to "assume" and "assign" the Berry EULA where the basis of the "assumption" and "assignment" is that Berry should get nothing, and at the same time unwilling to "reject" the EULA under the erroneous view that by refraining from doing so, the players are protected ongoing

infringement liability. The "termination" letter was sent to make clear that none of these defenses continue, but had nothing to do with "rejection" as a Bankruptcy term of art as your email implies. Throughout the Bankruptcy and the Second Hawaii case your firm's client claimed to be the holder of a license that was not "rejected" or "terminated" and that defense protected the client from willful infringement liability but also now sets up a judicial estoppel.

Because Mr. Berry obtained "relief from stay" "prior to confirmation", he was free to "terminate" and did so. Mr. Berry has never sought "rejection" in part because leaving the PCT on the hook seemed like a good idea at the time and its still does. You can check with Mr. Wynne, but the "termination" and even a "rejection" would not affect the contract rights under the "executory contact," in this case, the EULA and its addenda, to seek specific performance or the liquidated damages set forth therein if performance is not possible. If Mr. Wynne is trying to hook up Section 365(n)(1)(B) please advise him he is chasing a red herring. That section applies where the debtor is a "licensor" not a "licensee" as in this case. Fleming's "license" prohibited any rights to license Berry's works under any circumstances.

Because the PCT continues to support C&S's illegal use, the PCT continues to accrue administrative. Also, as to "rejection", you might remember that prior to his escape to Minnesota, Mr. Liebeler had been dealing with "assumption" related issues with C&S for many years, well past confirmation. Based on the recent status report Mr. Wynne has admitted that the only remaining issue related the Mr. Liebeler's former charge is poor old Mr. Berry and the hot software Fleming sold on your Firm's watch.

I trust this will demonstrate that any Rule 11 request will give rise to a violation of Rule 11. If you do not agree, please advise me of the specifics of your disagreement and I will respond according.

Regarding your other threats, what did you think of Lex' declaration?

Regards,

Tim


**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii  96813
Tel     (808) 382-3698
Fax.   (808) 356-1682
Email  tjh@timhogan.com
www   timhogan.com


NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Michael Baumann [mailto:mbaumann@kirkland.com]
**Sent:** Monday, January 28, 2008 9:38 AM
**To:** Tim Hogan
**Cc:** Erin Brady; Jonathan Moskin; Richard Wynne
**Subject:** RE: Robert Kors' Admission

Tim:

I want to raise another issue with you before sending a letter to the Court seeking permission to file a Rule 11 motion. The new complaint alleges that a license agreement between Mr. Berry and Fleming may be specifically enforced against the PCT and/or Mr. Kors because the agreement was not rejected in the bankruptcy. You wrote a letter on behalf of Mr. Berry specifically stating that the license agreement had been rejected. In addition, the bankruptcy confirmation plan and order made clear that all agreements not assumed were rejected--presumably the source for the statement in your letter. It is apparent that the premise for the claim for specific performance is wrong and that it was known to be wrong at the time the allegation was made. Are you willing to withdraw the allegation and claim? If not, can you please explain on what basis you are taking this position?

Mike

"Tim Hogan"
<tjh@timhogan.com>

01/18/2008 03:09 PM

To: "Michael Baumann" <mbaumann@kirkland.com>
cc: "Erin Brady" <ebrady@kirkland.com>, "Richard Wynne" <rwynne@kirkland.com>, "Jonathan Moskin" <jmoskin@ny.whitecase.com>
Subject: RE: Robert Kors' Admission

Mike:

It is apparent that you are engaged in discovery by threatening sanctions. I will produce evidence in this case as required by the rules, the PCT and the Lenders' threats notwithstanding. If you have a discovery request, make it under the rules. If you file a motion I will respond. I am copying Mr. Moskin to insure that you are acting under the Lenders' authority.

Tim

From: Michael Baumann [mailto:mbaumann@kirkland.com]
Sent: Friday, January 18, 2008 11:57 AM
To: Tim Hogan
Cc: Erin Brady; Richard Wynne
Subject: RE: Robert Kors' Admission

Tim:

What did they say to you when you investigated the allegations before filing the complaint? As expected, you had no answer to my questions regarding the basis for your claims. Unfortunately, absent withdrawal of the claims, sanctions will be sought.

Mike
"Tim Hogan" <tjh@timhogan.com>

01/18/2008 01:22 PM

To "Michael Baumann" <mbaumann@kirkland.com>
cc "Erin Brady" <ebrady@kirkland.com>, "Richard Wynne" <rwynne@kirkland.com>
Subject RE: Robert Kors' Admission

Mike:

Are you suggesting that you haven't communicated with them prior to threatening Rule 11 sanctions? Why not show me the declarations you would file that evidence why you are so sure there is no evidence to support the Second Amended Complaint.

Tim

---

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel    (808) 382-3698
Fax.   (808) 356-1682
Email  tjh@timhogan.com
www    timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Michael Baumann [mailto:mbaumann@kirkland.com]
**Sent:** Friday, January 18, 2008 10:35 AM
**To:** Tim Hogan
**Cc:** Erin Brady; Richard Wynne

**Subject:** RE: Robert Kors' Admission

Tim:

Are you suggesting that any of these people will provide support for your allegations?

Mike

"Tim Hogan" <tjh@timhogan.com>

01/18/2008 10:48 AM

To "Michael Baumann" <mbaumann@kirkland.com>
cc "Richard Wynne" <rwynne@kirkland.com>, "Erin Brady" <ebrady@kirkland.com>
Subject RE: Robert Kors' Admission

Mike:

Have you spoken with Lex Smith, Wes Ichida or Cheryl Brawley about this? Let me know.

Tim

---

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel   (808) 382-3698
Fax.  (808) 356-1682
Email   tjh@timhogan.com
www    timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Michael Baumann [mailto:mbaumann@kirkland.com]
**Sent:** Friday, January 18, 2008 6:33 AM
**To:** Tim Hogan
**Cc:** Richard Wynne; wayneberry@fcs2003.com; Erin Brady
**Subject:** RE: Robert Kors' Admission

Tim:

I think you missed the point of my e mail. If you have evidence on which you based the allegation in the complaint that the Lynch, Ichida firm converted trust funds, please advise me what that is. If you have evidence that Mr. Kors or the PCT was involved or aware of the conversion or received such funds, please advise me what that evidence is. If you have evidence on which you base the allegation that Mr. Kors or the PCT paid Lynch Ichida to obtain some interest in the liens Lynch Ichida claims on Mr. Berry's recovery, please advise me what that is. If you have evidence on which you base the allegation that Mr. Kors or the PCT acted to cause process to be served on Mr. Berry in his divorce case, please advise me what that is. No point is served by withholding any such evidence and if, as I suspect, there is no evidence, both of our clients are better off if you withdraw the allegations and we avoid a dispute over sanctions. Absent a willingness on your part to disclose the basis for these claims or to withdraw the claims, you leave no choice other than to file a sanctions motion.

As to a protective order, we will consider an appropriate protective order. If there is particular information relevant to the issues above that you believe should be considered to avoid the sanctions fight, I am willing to receive the information subject to an understanding that I will not disclose or use it without your prior permission and if no protective order can be agreed to, I will return it to you.

Mike

"Tim Hogan" <tjh@timhogan.com>

01/17/2008 04:04 PM

To "Michael Baumann" <mbaumann@kirkland.com>
cc "Richard Wynne" <rwynne@kirkland.com>, <wayneberry@fcs2003.com>
Subject RE: Robert Kors' Admission

Mike:

We have and will continue comply with our obligations under Rule 26. I note that, consistent with past practice, none of your clients, that are regulated financial institutions, have retained any relevant materials though threatened with litigation.

I am preparing a letter to court to respond to your earlier letter that may address the issues you raise. If you submit another letter I will respond accordingly. For what it's worth the Kors' statement was raised months ago with Mr. Wynne and there is a fairly large amount of back and forth related to the issue. Why you again opened the door to its admissibility escapes me.

As to the disclosure issues, I have materials that were disclosed and I will produce but would request a protective order. I'd be happy to discuss that with you.

Tim

---

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel   (808) 382-3698
Fax.  (808) 356-1682
Email  tjh@timhogan.com
www  timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Michael Baumann [mailto:mbaumann@kirkland.com]
**Sent:** Thursday, January 17, 2008 11:25 AM
**To:** Tim Hogan
**Cc:** Erin Brady; Richard Wynne
**Subject:** RE: Robert Kors' Admission

Tim:

I did not label it that way. Under Rule 11, and as a courtesy, I think it appropriate to ask on what basis the allegations were made and whether you and Mr. Berry will voluntarily withdraw them prior to filing a motion. Are you asking that your response be treated confidentially under Rule 408? Shouldn't the evidence you have regarding conversion of funds etc. be part of the initial disclosures made in this case?

Mike

"Tim Hogan" <tjh@timhogan.com>

01/17/2008 12:26 PM

To "Michael Baumann" <mbaumann@kirkland.com>
cc "Richard Wynne" <rwynne@kirkland.com>, "Erin Brady" <ebrady@kirkland.com>
Subject RE: Robert Kors' Admission

Mike:

Before I can consider how to respond was your request made under Rule 408?

Tim

---

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel     (808) 382-3698
Fax.    (808) 356-1682
Email   tjh@timhogan.com
www     timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Michael Baumann [mailto:mbaumann@kirkland.com]
**Sent:** Thursday, January 17, 2008 9:17 AM
**To:** Tim Hogan
**Cc:** Erin Brady; Richard Wynne
**Subject:** Re: Robert Kors' Admission

Dear Tim:

Your claim of an "admission" made by Mr. Kors is incorrect, whether you claim the statement was made in settlement negotiations or otherwise. No such admission was ever made by Mr. Kors. You suggest that this statement was made in settlement negotiations. Because we disagree that such a statement was ever made, it is not clear to us when you contend it was made and in what setting. For example, if this was in a meeting where I was present or the Magistrate was present it would be easy enough to determine if anyone other than you recalls such a statement. I certainly don't recall such a statement being made by anyone other than you and I can't count the number of times that we have disputed your claims both publicly, privately, orally and in writing. That being said, we will continue to honor our agreement with you and the Magistrate Judge to maintain the confidentiality of settlement discussions we have had and we

expect you to honor your agreement as well.

As to the abuse of process claim and the breach of fiduciary duty claims, I don't believe there is any evidence to support those claims because the accusations are false. If funds held in trust for Mr. Berry were converted by partners of your former firm, it certainly was not anything done at the direction of the PCT or Mr. Kors. No funds were transferred from the Lynch Ichida firm to the PCT or Mr. Kors. No funds were paid by the PCT or Mr. Kors to obtain an interest in any lien the Lynch, Ichida firm has on Mr. Berry's as yet unrealized recovery in any lawsuit. Prior to you filing the conversion based claims, you were informed by Ms. Brady that we were unaware of the basis on which you would make such a claim. You filed anyway and did not provide any information to support the allegation that anyone paid Lynch, Ichida, received funds from Lynch, Ichida or even that Lynch, Ichida actually converted any funds of Mr. Berry's. As to the abuse of process claim, if Mrs. Berry's attorney hired a process server or attempted to serve process on Mr. Berry in their divorce proceeding, that was done without the involvement of the PCT or Mr. Kors. At one point I believe you were suggesting that I was engaged in such activities. Had you asked me, I would have told you that it was untrue.

You say that you have "evidence" supporting these allegations. Since the alleged events didn't happen, that claim is dubious at best. Nevertheless, before sending a letter requesting permission to seek sanctions, I will consider the "evidence" that led you to make what are baseless and false charges. I ask you in turn to withdraw those charges if, as I expect, you do not have evidence.

Sincerely,

Mike Baumann

"Tim Hogan"
<tjh@timhogan.com>

01/16/2008 07:13 PM


To "Richard Wynne" <rwynne@kirkland.com>, "Michael Baumann" <mbaumann@kirkland.com>, "Erin Brady" <ebrady@kirkland.com>
cc
Subject Robert Kors' Admission

Dear Counsel:

I believe that Rule 408 permits me to meet the factual statements in your letter to Judge Pauley. Specifically, Mr. Kors admission that under your firm's watch the Debtors transferred Mr. Berry's works to C&S. In my response to the court I intend to request briefing on a motion for TRO to cut costs that I agree is a laudable goal. Because you claim that Mr. Berry has been engaged in wrongful conduct related to the attempts to end the costly litigation, I believe I am entitled to put the Kors' admission before the court under Rule 408.

If you do not agree please immediately provide me some basis for your position and I will promptly respond.

In addition, I don't know who told you we don't have any evidence to support the breach of fiduciary duty claim, but I assure you that, like the abuse of process claim, you have been misinformed.

Regards,


Tim Hogan


**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii  96813
Tel     (808) 382-3698
Fax.    (808) 356-1682
Email   tjh@timhogan.com
www     timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

++++++++++++++++++++++++++++++++++++++++++++++++++++
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for

the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
********************************************************
********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
********************************************************

********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
********************************************************

********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
********************************************************

********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of

Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
++++++++++++++++++++++++++++++++++++++++++++++++++++++++

++++++++++++++++++++++++++++++++++++++++++++++++++++++++
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
++++++++++++++++++++++++++++++++++++++++++++++++++++++++