UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BERRY,<br><br>      Plaintiff,<br><br>  vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200,<br><br>      Defendants. | Case No. 01:07 CV 7634 (WHP)<br><br>ECF Case |

DEUTSCHE BANK TRUST COMPANY AMERICAS' AND JP MORGAN
CHASE BANK'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

        KIRKLAND & ELLIS LLP
        Michael E. Baumann (admitted *pro hac vice*)
        Erin N. Brady (admitted *pro hac vice*)
        777 South Figueroa Street
        Los Angeles, California 90017
        Telephone: (213) 680-8400
        Facsimile: (213) 680-8500

          - and -

        WHITE & CASE LLP
        Andrew DeNatale (ADN 2429)
        Jonathan Moskin (JM 9814)
        1155 Avenue of the Americas
        New York, New York 10036-2787
        Telephone: (212) 819-8200
        Facsimile: (212) 354-8113

**TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................................1

II. ARGUMENT.......................................................................................................................1

    A. All Of Berry's Claims Against Defendants Are Barred By Claim Preclusion....................................................................................................................1

        1. Berry alleges that Fleming and the Banks are in privity..............................2

        2. Berry's own judicially noticeable admissions belie his claim that he was ignorant of the Banks' alleged role in Fleming's infringement. .................................................................................................3

        3. Berry is not exempted from the claim preclusion bar..................................5

    B. Berry's False Claims Of Ignorance Do Not Save His Post-March 30, 2003 Claims From Being Time-Barred. ................................................................................5

    C. The Banks Had No Direct Financial Interest In Any Infringement As Required For Vicarious Copyright Infringement.......................................................7

    D. Berry's Contributory Infringement Claim Fails Because Defendants Could Not Plausibly Have Known About Fleming's Infringement. ..................................8

    E. Berry's Unjust Enrichment Claim Is Preempted Under Applicable Second Circuit Authority.................................................................................................9

    F. The RICO Allegations Fail To State A Claim On A Number of Fronts..................9

III. CONCLUSION..................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) .................................................................................................. 7, 9

*Bronx Household of Faith v. Bd. of Educ.*,
   331 F.3d 342 (2d Cir. 2003) .................................................................................................. 2

*Butala v. Agashiwala*,
   916 F. Supp. 314 (S.D.N.Y. 1996) ........................................................................................ 6

*Deutsch v. Arnold*,
   98 F.2d 686 (2d Cir. 1938) .................................................................................................... 7

*DLT Res., Inc. v. Credit Lyonnais Rouse, Ltd.*,
   2001 WL 25695 (S.D.N.Y. Jan. 10. 2001) ............................................................................ 6

*Grosso v. Miramax Film Corp.*,
   383 F.3d 965 (9th Cir. 2004) ................................................................................................. 9

*Hirsch v. Arthur Andersen & Co.*,
   72 F.3d 1085 (2d Cir. 1995) .................................................................................................. 3

*Interdigital Tech. Corp. v. OKI Am. Inc.*,
   866 F. Supp. 212 (E.D. Pa. 1994) ..................................................................................... 2, 3

*Jackson v. Broadcast Music, Inc.*,
   2006 WL 250524 (S.D.N.Y. Feb. 1, 2006) ............................................................................ 4

*Menowitz v. Brown*,
   991 F.2d 36 (2d Cir. 1993) .................................................................................................... 9

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005) .............................................................................................................. 7

*Official Publ'ns, Inc. v. Kable News, Co., Inc.*,
   811 F. Supp. 143 (S.D.N.Y. 1993) ........................................................................................ 2

*Pentagen Techs. Int'l, Ltd. v. United States*,
   2002 WL 465308 (S.D.N.Y. Mar. 26, 2002) ......................................................................... 3

*Rothman v. Gregor*,
   220 F.3d 81 (2d Cir. 2000) .................................................................................................... 4

*Ruskay v. Jensen*,
   342 F. Supp. 264 (S.D.N.Y. 1972) ........................................................................................ 2

*Schuh v. Druckman & Sinel L.L.P.*,
    2008 WL 542504 (S.D.N.Y. Feb. 29, 2008) ................................................................. 8

*United States v. Int'l Longshoreman's Ass'n*,
    518 F. Supp. 2d 422 (E.D.N.Y. 2007) ..................................................................... 10

*Waldman v. Village of Kiryas Joel*,
    39 F. Supp. 2d 370 (S.D.N.Y. 1999) ........................................................................ 3

*World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*,
    2007 WL 4623027 (S.D.N.Y. Dec. 21, 2007) .......................................................... 6

**I.     INTRODUCTION**

Berry's Opposition demands that this Court accept as true allegations that are both conclusory and contrary to earlier court rulings. It contends that Defendants JP Morgan Chase Bank and Deutsche Bank Trust Company Americas (collectively, "Defendants" or "the Banks"), by accepting Berry's false allegations as true solely for purposes of presenting their motion to dismiss, consequently admitted their liability for all of Berry's claims against them. It misleads the Court as to the law that applies to determine the preemption of Berry's unjust enrichment claim. It fails to meaningfully address many of the issues Defendants raise in their motion, all but ignoring the fact that courts have previously determined in Defendants' favor the issues of Defendants' knowledge of and direct financial benefit from Fleming's infringement. And most strikingly, it maintains that Berry had no knowledge of his claims against Defendants until March of 2006—in the face of his *own admissions* to the contrary. In short, Berry's Opposition demonstrates that he will say anything—true or false—to maintain his claims against Defendants.

But in his effort to assert all claims against all parties, Berry has now run himself aground. Nothing he can say, true or false, can change the fact that his claims against Defendants can be disposed of as a matter of law without looking beyond the four corners of the Second Amended Complaint ("SAC") or matters of which this Court properly may take judicial notice (and Berry nowhere disputes that the Court can take notice of the limited facts Defendants have identified). The Court should dismiss Defendants from this case.

**II.    ARGUMENT**

    **A.    All Of Berry's Claims Against Defendants Are Barred By Claim Preclusion.**

All of Berry's claims against Defendants are barred by claim preclusion. A party may invoke claim preclusion, requiring the dismissal of claims against it, where: (1) a prior action involved the same or sufficiently related parties; (2) the claims asserted in the current action were (or could have been) raised in the prior action; and (3) the prior action involved an adjudication on the merits. *See Bronx Household of Faith v. Bd. of Educ.*, 331 F.3d 342, 362 (2d

Cir. 2003). In his opposition, Berry argues that Defendants may not invoke claim preclusion because: (1) his claims are immune from its application; and (2) Berry did not know about his claims against Defendants at the time he last sued Fleming. He also argues that the Ninth Circuit has exempted him from the claim preclusion bar. All of these arguments fail.

### 1.     Berry alleges that Fleming and the Banks are in privity.

In his SAC, Berry alleges that Defendants are bound by the Hawaii Court and Ninth Circuit's prior rulings against Fleming finding that Berry (and not Fleming) owns the copyright to his shipping software. The allegation that Defendants are bound by these prior rulings amounts to an allegation that Defendants and Fleming are in privity for purposes of this litigation. And as Berry points out, this allegation must be taken as true.[1]

This is not Berry's only allegation that Defendants and Fleming are in privity. In fact, Berry's SAC is premised entirely on Defendants' alleged control of and conspiracy with Fleming to infringe Berry's works. If this were really true (and we must take it as true for purposes of this motion), Fleming and the Banks are in privity. *See, e.g., Ruskay v. Jensen*, 342 F. Supp. 264, 271 (S.D.N.Y. 1972) (barring plaintiff's claims in second lawsuit where the defendant was alleged to be a co-conspirator with the defendant in the first). And as Fleming's alleged privies, the Banks would be entitled to invoke claim preclusion based on the prior judgment to the same extent as would Fleming. *See Official Publ'ns, Inc. v. Kable News, Co., Inc.*, 811 F. Supp. 143, 147 (S.D.N.Y. 1993).

Berry, however, argues that Defendants' and Fleming's privity is irrelevant, citing a district court case from Pennsylvania to argue that an accused contributory infringer can never benefit from the preclusive effect of a prior lawsuit against a direct infringer. *See Interdigital Tech. Corp. v. OKI Am. Inc.*, 866 F. Supp. 212 (E.D. Pa. 1994); Pl.'s Opp. at 4. Berry's reliance on this case is misplaced. In fact, the *Interdigital* court found that the plaintiff's claims were not

---

[1] While Defendants take Berry's allegation of privity as true for purposes of their motion, they do not concede that they are in privity with Fleming, nor do they waive their right to raise any other substantive defenses to Berry's claims.

2

precluded only after concluding that there was *no privity* between the alleged direct and contributory infringers. *Interdigital*, 866 F. Supp. at 214 ("Qualcomm is not in privity with OKI"). As Berry's entire SAC is premised on Fleming and Defendants' alleged privity (as co-conspirators, agent-principal or otherwise), this case does not help Berry's cause.

In the copyright infringement context, as in all other contexts, a plaintiff who has litigated a claim against a party cannot relitigate that same claim against the party or its privies. *See Pentagen Techs. Int'l, Ltd. v. United States*, 2002 WL 465308, at *4-*5 (S.D.N.Y. Mar. 26, 2002) (invoking claim preclusion to bar copyright infringement action). Because Berry litigated (or had the opportunity to litigate) all of these claims before, and now specifically alleges that Defendants and Fleming are in privity, all of Berry's claims against Defendants relating to Fleming are barred by claim preclusion.

### 2. Berry's own judicially noticeable admissions belie his claim that he was ignorant of the Banks' alleged role in Fleming's infringement.

As Berry acknowledges, a party in privity may assert the defense of claim preclusion "when the claims in the new action are essentially the same as those in the prior action and the defendant's existence and participation in the relevant events was known to the plaintiff." Pl.'s Opp. at 6 (quoting *Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 381 (S.D.N.Y. 1999)). Berry attempts to avoid dismissal on claim preclusion grounds, however, by falsely asserting that he did not know about the Banks' supposed involvement until he discovered it in March 2006. The Court need not accept Berry's false statements as true. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (refusing to take allegations as true on a motion to dismiss where "the Complaint's attenuated allegations of control are contradicted . . . by facts of which we may take judicial notice").

Berry alleges an awareness of the Banks' supposed role in Fleming's infringement as early as the Fall of 2002, when he sent them cease and desist letters. SAC ¶ 147. When the Banks denied knowledge or involvement, Berry alleges he took them at their word because it would have been "misprision of a felony" for the Banks to have concealed information from him.

3

*Id.* According to Berry, in March 2006, after exhausting his ability to sue Fleming, he suddenly "discovered" for the first time that the Banks were involved in the vast conspiracy he alleges. *Id.*

Yet between the Fall of 2002 and March 2006, when Berry alleges he was oblivious to the Banks' alleged participation in Fleming's infringement, he at least twice asserted his theory that the Banks knew of the infringement. ***First***, on May 2, 2003, Berry's counsel sent an email to Fleming's counsel detailing why "the lenders," including Defendants here, were liable for (1) vicarious and contributory copyright infringement and (2) RICO violations, based on the exact same conduct Berry now alleges. *See* Supp. Req. Jud. Not., Ex. U (8/1/2003 Aff. of D. Capozzola, Ex. B). This email was attached as an exhibit to a Complaint filed with the Delaware Bankruptcy Court in August 2003, and it is therefore judicially noticeable. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a complaint filed in a related case); *Jackson v. Broadcast Music, Inc.*, 2006 WL 250524, at *7 (S.D.N.Y. Feb. 1, 2006) (noting that a "court may take judicial notice of public records and of 'admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action'").

***Second***, and quite contrary to his representation in his opposition brief that "[a]t the time of the sale [in 2003] the Lenders appeared to Mr. Berry as ***disinterested lenders*** with no involvement in the Berry infringements" (Pl.'s Opp. at 8 (emphasis added)), Berry filed an opposition to Fleming's Sale Motion on July 24, 2003, where he asserted the following to the Delaware Bankruptcy Court:

> Each of the secured lenders in this case have known of the infringement for some months.

Supp. Req. Jud. Not., Ex. V (7/24/2003 Berry Objection to Sale Motion) at 8. Like Berry's email, his sale opposition is a matter of public record and may be judicially noticed. *Rothman*, 220 F.3d at 92; *Jackson*, 2006 WL 250524, at *7.

These judicially noticeable statements refute Berry's assertion that he only recently learned of Defendants' alleged involvement in Fleming's infringement, long after he filed his

4

final complaint against Fleming in July 2004.  Moreover, the idea that Berry accepted the Banks' denial of involvement at face value is even harder to credit when Berry has shown a willingness to file lawsuits like this one with no supporting evidence, and against parties who deny all involvement in the accused conduct.  *See, e.g.*, PCT and Kors Mot. for Summary Judgment (discussing Berry's filing of lawsuit despite alleged participants' denials and his complete lack of evidence).  Berry's feigned recent discovery does not prevent a finding of claim preclusion.

### 3. Berry is not exempted from the claim preclusion bar.

In a final effort to defeat claim preclusion, Berry asserts that a Ninth Circuit order denying his 2005 request for an injunction against Fleming allows him to sue Defendants here. Pl's Opp. at 23.  He bases this argument on a footnote stating that the court's ruling would not preclude Berry from seeking an injunction against Fleming if "facts come to light suggesting that Fleming is continuing to infringe."  *Id.*  This argument, too, fails.  First, the Ninth Circuit's order applies only to Fleming, not Defendants.  Second, Berry does not allege in this lawsuit that Fleming, which is out of business, is continuing to infringe.  Instead, Berry is now suing Defendants for their alleged involvement in Fleming's past infringements—infringements for which the Ninth Circuit has already found no injunction was necessary.  Finally, Berry specifically alleges that the Banks directed Fleming to infringe his software so that Fleming could repay its loans, and that those loans were ultimately repaid.  SAC ¶¶ 149-50, 167.  Having received payment, there is no plausible reason for the Banks to "continue" infringing today. Berry's effort to manipulate the Ninth Circuit's decision is disingenuous, and fails.

### B. Berry's False Claims Of Ignorance Do Not Save His Post-March 30, 2003 Claims From Being Time-Barred.

All of Berry's copyright claims relating to conduct that occurred before March 30, 2003 are barred by the three-year statute of limitations.  *See* Mot. at 13-15.  Berry asserts, however, that the statute of limitations was tolled because he only recently learned of Defendants' purported role in Fleming's infringement, Defendants having allegedly fraudulently concealed that fact from him.  This argument fails.

5

First, the claim that Berry only recently learned of the Banks' alleged involvement in Fleming's infringement is demonstrably false. As already discussed, at the time of his supposed ignorance, Berry was filing pleadings asserting that the Banks were involved with Fleming's infringement and was threatening to sue them on the same claims he brings here. *See* Section II.A.2, *supra*. In a strikingly similar case, the Southern District of New York (on a motion to dismiss) rejected a plaintiff's claim that it did not know about its claim in time to file within the statute of limitations when a letter the plaintiff sent years earlier set forth allegations mirroring those in the later-filed complaint. *See DLT Res., Inc. v. Credit Lyonnais Rouse, Ltd.*, 2001 WL 25695, at *5 (S.D.N.Y. Jan. 10. 2001). Here, as in *DLT Resources*, this Court "need not determine whether plaintiff has demonstrated fraudulent concealment, as the defendants . . . have submitted for the Court's review a document which demonstrates that plaintiff was aware of the conduct alleged in the Complaint . . . years before the Complaint was filed." *Id.*

Second, even assuming, against all the facts, that Berry only just learned of the Banks' supposed involvement, he has still not pled fraudulent concealment. To demonstrate fraudulent concealment, a plaintiff must plead *with particularity*: (1) that the defendant concealed material facts, thereby preventing plaintiff's discovery of the claim within the limitations period; and (2) that the plaintiff exercised due diligence in pursuing the discovery of the claim. *See World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 2007 WL 4623027, at *37 (S.D.N.Y. Dec. 21, 2007). Berry alleges neither element adequately.

In fact, the only affirmative act of "concealment" Berry alleges is that some of Fleming's lenders (not necessarily the Banks) sent Berry a letter denying infringing his copyrights. Were that a sufficient act of fraudulent concealment, then anything other than a flat-out admission in response to any demand letter would forever toll the statute of limitations. Moreover, Berry does not plead any steps (beyond sending that letter) that he took to investigate his claims. *See Butala v. Agashiwala*, 916 F. Supp. 314, 320 (S.D.N.Y. 1996) (rejecting fraudulent concealment allegation on a motion to dismiss where complaint was "utterly lacking in the details of what steps the plaintiffs took to investigate the condition of their investment once they were on inquiry

6

notice of the probability they had been defrauded"). Given that Berry was in continuous litigation between 2001 and 2006 against Fleming, whom he believed to be under the Banks' control, he had the full range of discovery available to undertake that investigation. He chose not to do so. That is not diligence.

Berry also asserts that the Banks' copyright infringement "is occurring as of this writing," and so the statute of limitations starts to run anew every day. Pl.'s Opp. at 13. That makes no sense. Berry himself acknowledges that the Banks were repaid on their loans in 2004. *Id.* at 20. Given that the Banks' alleged motivation in encouraging Fleming's infringement was to get repaid, it is not clear how or why they would be continuing to infringe on Berry's copyright today (particularly when Fleming is no longer operating). Neither Berry's SAC nor his opposition provides a plausible reason for the Banks' allegedly continuing infringement. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (requiring that allegations be plausible to survive a motion to dismiss). Berry's pre-March 30, 2003 claims are time-barred.

### C. The Banks Had No Direct Financial Interest In Any Infringement As Required For Vicarious Copyright Infringement.

To make out a claim of vicarious infringement, a plaintiff must allege that the defendant "profit[ed] directly from the infringement." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 931 n.9 (2005). Berry has not and cannot do so.

Defendants loaned Fleming money. Their loan contract entitled them to be repaid as any lender would be—principal plus fixed, periodic interest. *See* Mot. at 18. In fact, due to Fleming's bankruptcy, they were ultimately repaid from of the pool of assets comprising the Fleming bankruptcy estate, rather than from Fleming itself. *Id.* at 16. The amount of the repayment did not vary depending on Fleming's infringement; whether Fleming made millions of dollars or nothing from Berry's software, the amount the Banks were due remained the same. *Id.* at 18. Where, as here, the accused vicarious infringer merely receives fixed payments from the direct infringer, the direct financial interest required to establish vicarious infringement is not present. *See Deutsch v. Arnold*, 98 F.2d 686, 687-88 (2d Cir. 1938) (no direct financial interest

7

where landlord charged a fixed rental and received no other benefit from the infringement). The loan documents integral to his SAC and Fleming's confirmed plan of reorganization—all documents of which the Court may take judicial notice—establish that the Banks did not have the requisite direct financial interest. *See* Def. 1/25/08 Req. Jud. Not., Exs. S & T.

Berry nonetheless asserts that the Court must ignore the documents on which his claim is based and instead take his factually unsupported conclusions as true.[2] *See* Pl.'s Opp. at 18. The Court need not and should not do so. *See Schuh v. Druckman & Sinel L.L.P.*, 2008 WL 542504, at *8 (S.D.N.Y. Feb. 29, 2008) (noting that "a court does not accept as true conclusions of law or unwarranted deductions of fact") (internal quotation omitted). Berry has not alleged (and cannot allege) the required direct financial interest, and his vicarious infringement claims therefore fail.

### D. Berry's Contributory Infringement Claim Fails Because Defendants Could Not Plausibly Have Known About Fleming's Infringement.

To prevail on his contributory infringement claim, Berry must prove that Defendants had both knowledge of and control over Fleming's infringement after March 30, 2003. He cannot. It is judicially established that Fleming did not know it was infringing Berry's software after March 6, 2003. *See* Def. 1/25/08 Req. Jud. Not., Ex. G at 28. That Fleming itself did not know that it was infringing necessarily bars any finding that Defendants knew of the same, making it impossible for Berry to establish the knowledge essential to his contributory infringement claim. *Id.* (finding that Fleming could not have contributorily infringed when the employees who actually operated the software did not know that they were infringing). Berry's feeble assertion that Defendants—commercial banks in New York—somehow knew more about whether Fleming was infringing than Fleming's own employees in Hawaii is entirely implausible. Pl.'s

---

[2] Berry also spends several pages explaining that there is no bankruptcy court order discharging the Banks from all liability. *See* Pl.'s Opp. at 18-22. That is irrelevant. Defendants' discussion of court orders related to the fact that they were repaid from the pool of assets in the bankruptcy estate, payments that Berry had every means and opportunity to attack as a Fleming creditor. *See* Mot. at 16. He did not do so, and his claim now that he was entitled to part or all of those loan repayments is an improper collateral attack on the bankruptcy court's orders. *Id.*

8

Opp. at 22; *see also Twombly*, 127 S. Ct. at 1964-65 (finding that a plaintiffs allegations must be plausible to survive a motion to dismiss). The claim should be dismissed.

### E. Berry's Unjust Enrichment Claim Is Preempted Under Applicable Second Circuit Authority.

Berry tries to save his preempted unjust enrichment claim by relying on inapplicable and inapposite Ninth Circuit authority. Pl.'s Opp. at 9-11. When considering federal questions, however, such as a claim's preemption by the Copyright Act, this Court must apply Second Circuit law. *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) ("a transferee federal court should apply its interpretations of federal law, not the constructions of federal law of the transferor circuit").

But even if Ninth Circuit law somehow applied here, Berry's unjust enrichment claim would still fail as a matter of law. In *Grosso v. Miramax Film Corp.,* 383 F.3d 965 (9th Cir. 2004), the court held that the Copyright Act did not preempt a breach of implied contract claim—not an unjust enrichment claim—because that claim required proof of the existence of a contract, an "extra element" not contemplated by the Copyright Act. *Id.* at 968. The court noted explicitly that unjust enrichment claims, by contrast, require no such additional element, and are preempted by the Act. *Id.* Berry's unjust enrichment claim is preempted and must be dismissed.

### F. The RICO Allegations Fail To State A Claim On A Number of Fronts.

Berry's limited defense of his RICO claims is long on conclusions and short on facts. He asserts that the SAC "details the creation, composition, and unlawful activities of the enterprise," and that the "detailed history and activities of th[e] enterprise are more than adequately alleged." Pl.'s Opp. at 24. His conclusory assertions notwithstanding, the SAC does not adequately (or at all) detail the structure of the alleged enterprise. *See* Mot. at 21. As one court noted in dismissing a RICO claim:

> The Amended Complaint contains virtually no allegations regarding the structure and organization of the alleged [enterprise], and leaves a plethora of unanswered questions regarding the membership, purpose, and structure of that entity. For example, . . . [w]hat criteria distinguish [an] entity that is a member of the

9

> [enterprise] from one that is not? What is the organizational structure of the [enterprise]? Who is in charge of it? How are instructions conveyed between its members? How does one become a member of, or terminate membership in, the [enterprise]? . . . [W]hat common purpose unites the members of the [enterprise], and what is the purpose of the enterprise itself?

*United States v. Int'l Longshoreman's Ass'n*, 518 F. Supp. 2d 422, 475 (E.D.N.Y. 2007). Berry's SAC, which alleges a ragtag collection of entities with no plausible common purpose, answers none of these questions.

Moreover, Berry's opposition does not even address (1) why his RICO claim is not barred by the statute of limitations or (2) the plethora of cases Defendants cited for the proposition that a lending institution does not become part of a RICO enterprise by merely lending money to the enterprise. *See* Mot. at 21-22. Plaintiff's RICO claims must be dismissed.

## III. CONCLUSION

For the forgoing reasons, the Court should dismiss Berry's claims against Defendants with prejudice in their entirety, and the Court should further order Berry to pay Defendants' costs and fees, together with such other relief the Court deems just and appropriate.

DATED: March 7, 2008

By: /s/ Michael E. Baumann
KIRKLAND & ELLIS LLP
Michael E. Baumann (admitted pro hac vice)
Erin N. Brady (admitted pro hac vice)
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
E-mail: ebrady@kirkland.com

Counsel for Defendants

- and -

WHITE & CASE LLP
Andrew DeNatale (ADN 2429)
Jonathan Moskin (JM 9814)
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
E-mail: adenatale@ny.whitecase.com

Of Counsel for Defendants