# EXHIBIT U

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| FLEMING COMPANIES, INC., et al. | ) | Adversary Proceeding |
| Plaintiffs, | ) | Case No. 03-54809 |
| | ) | |
| v. | ) | |
| | ) | |
| WAYNE BERRY, an individual | ) | |
| Defendant | ) | |
| | ) | |

### AFFIDAVIT OF DAMIAN CAPOZZOLA IN SUPPORT OF FLEMING'S COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTION PROHIBITING HARASSMENT, FLEMING'S MOTION FOR IMMEDIATE AND PRELIMINARY INJUNCTIVE RELIEF, AND FLEMING'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FLEMING'S MOTION FOR IMMEDIATE AND PRELIMINARY INJUNCTIVE RELIEF

---

[1] The Debtors are the following entities:  Core-Mark International, Inc.; Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C., Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

I, Damian Capozzola, declare:

1.      I am an attorney licensed by the State Bar of California (SBN 186412) and a partner with Kirkland & Ellis LLP. I have been admitted *pro hac vice* to represent the Debtors in the above-captioned bankruptcy, and I have been one of the central attorneys for the Debtors in the above-captioned adversary proceeding. I know the following facts through my involvement in this case.

2.      Exhibit A is a true and correct copy of a special verdict form dated March 6, 2002.

3.      Exhibit B is a true and correct copy of a redacted e-mail dated May 2, 2003 to Damian Capozzola from Tim Hogan re Berry Freight Control Software-Confidential Evid. R. 408 S Communication.

4.      Exhibit C are true and correct copies of a series of letters dated September 30, 2002 from Wayne Berry re Direct, Contributory and/or Vicarious Copyright Infringement Notification.

5.      Exhibit D is a true and correct copy of a letter dated May 13, 2003 to Damian Capozzola from Timothy Hogan.

6.      Exhibit E is a true and correct copy of a letter dated May 14, 2003 to Timothy Hogan from Damian Capozzola.

7.      Exhibit F is a true and correct copy of a letter dated May 19, 2003 to Damian Capozzola from Timothy Hogan.

8.      Exhibit G is a true and correct copy of a letter dated May 20, 2003 to Timothy Hogan from Damian Capozzola.

9.      Exhibit H is a true and correct copy of a letter dated May 20, 2003 to Damian Capozzola from Timothy Hogan.

10.     Exhibit I is a true and correct copy of a letter dated May 29, 2003 to Timothy Hogan from Damian Capozzola.

1

11.    Exhibit J is a true and correct copy of a letter dated May 29, 2003 to Damian Capozzola from Timothy Hogan.

12.    Exhibit K is a true and correct copy of an e-mail dated June 6, 2003 to Damian Capozzola from Timothy Hogan.

13.    Exhibit L is a true and correct copy of an e-mail dated June 9, 2003 to Christopher Lhulier from Timothy Hogan re Docket No. 1383-Assumption of Intellectual Property License.

14.    Exhibit M is a true and correct copy of an e-mail dated June 11, 2003 to Damian Capozzola from Timothy Hogan re Fleming Representation.

15.    Exhibit N is a true and correct of an e-mail dated June 11, 2003 to Timothy Hogan from Damian Capozzola re Fleming Representation.

16.    Exhibit O is a true and correct copy of an e-mail dated June 13, 2003 to Damian Capozzola from Timothy Hogan re Representation.

17.    Exhibit P is a true and correct copy of a letter dated June 13, 2003 to Dennis Dunne and David Fournier from Timothy Hogan.

18.    Exhibit Q contains true and correct copies of a letter dated June 13, 2003 to various Fleming employees from Wayne Berry.

19.    Exhibit R is a true and correct copy of the contract between Guidance Software and Fleming.

20.    Exhibit S is a true and correct copy of an e-mail dated June 28, 2003 to Damian Capozzola from Timothy Hogan re Wilful Infringement.

21.    Exhibit T is a true and correct copy of a letter dated June 30, 2003 to Timothy Hogan from Damian Capozzola.

22.    Exhibit U is a true and correct copy of a letter dated June 30, 2003 to Damian Capozzola from Timothy Hogan.

2

23.     Exhibit V is a true and correct copy of a letter dated July 2, 2003 to Timothy Hogan from Damian Capozzola

24.     Exhibit W is a true and correct copy of an e-mail dated July 3, 2003 to Damian Capozzola from Timothy Hogan re Military Infringement.

25.     Exhibit X is a true and correct copy of an e-mail dated July 8, 2003 to Damian Capozzola from Timothy Hogan re Copy of the C&S Asset Purchase Agreement.

26.     Exhibit Y is a true and correct copy of an e-mail dated July 8, 2003 to Damian Capozzola from Timothy Hogan re Asset Purchase Agreement.

27.     Exhibit Z is a true and correct copy of a letter dated July 10, 2003 to Timothy Hogan from Damian Capozzola.

28.     Exhibit AA is a true and correct copy of an e-mail dated July 8, 2003 to Damian Capozzola from Timothy Hogan re non-debtor jurisdiction and overcharge claims.

29.     Exhibit BB is a true and correct copy of a letter dated July 10, 2003 to Damian Capozzola from Timothy Hogan.

30.     Exhibit CC is a true and correct copy of excerpts from the Asset Purchase Agreement dated July 7, 2003 between C&S Acquisition, LLC, C&C Wholesale Grocers, Inc., Fleming Companies, Inc., and other entities identified herein.

31.     Exhibit DD is a true and correct copy of an e-mail dated July 10, 2003 to Damian Capozzola from Timothy Hogan re supplement to letter of this date attaching letter dated October 29, 2002 to Timothy Hogan from Lex Smith.

32.     Exhibit EE is a true and correct copy of an e-mail dated July 11, 2003 to Damian Capozzola from Timothy Hogan re proceeding incorrectly asserted to be pending under Title 11.

33.     Exhibit FF is a true and correct copy of a letter dated July 11, 2003 to Timothy Hogan from Damian Capozzola.

3

34.    Exhibit GG a true and correct copy of a letter dated July 11, 2003 to Damian Capozzola from Timothy Hogan.

35.    Exhibit HH is a true and correct copy of a letter dated July 14, 2003 to Damian Capozzola from Timothy Hogan.

36.    Exhibit II is a true and correct copy of a letter dated July 15, 2003 to Timothy Hogan from Damian Capozzola.

37.    Exhibit JJ is a true and correct copy of an e-mail dated July 15, 2003 to Damian Capozzola from Timothy Hogan re non-debtors entities

38.    Exhibit KK is a true and correct copy of a letter dated July 16, 2003 to Damian Capozzola from Timothy Hogan.

39.    Exhibit LL is a true and correct copy of an e-mail dated July 17, 2003 Damian Capozzola from Timothy Hogan re HEST Contract.

40.    Exhibit MM is a true and correct copy of an e-mail dated July 22, 2003 to Damian Capozzola from Timothy Hogan re Criminal Infringement Warning.

41.    Exhibit NN is a true and correct copy of an e-mail dated July 23, 2003 to Timothy Hogan from Damian Capozzola re Criminal Infringement Warning.

42.    Exhibit OO is a true and correct copy of a Verified Complaint; Exhibit A Demand for Jury Trial; Summons dated July 22, 2003 in the Berry v. Hawaiian Express Service litigation.

43.    Exhibit PP is a true and correct copy of an Order denying plaintiffs Motion for Temporary Restraining Order and Denying Without Prejudice Defendants Request for Attorneys Fees and Costs dated July 25, 2003 in the Berry v. Hawaiian Express Service litigation.

44.    Exhibit QQ is a true and correct copy of an e-mail dated July 23, 2003 to Timothy Hogan from Damian Capozzola re Criminal Infringement Warning attaching Affidavit of Michael Gurzi (Guidance Software) with exhibits.

45.    Exhibit RR is a true and correct copy of an e-mail dated July 23, 2003 to Damian Capozzola from Timothy Hogan re e-mail receipt.

46.    Exhibit SS is a true and correct copy of an e-mail dated July 24, 2003 to Damian Capozzola from Timothy Hogan re e-mail receipt.

47.    Exhibit TT is a true and correct copy of a letter dated July 28, 2003 to Timothy Hogan from Damian Capozzola attaching declaration of Mark Dillon.

48.    Exhibit UU is a true and correct copy of a letter dated July 28, 2003 to Timothy Hogan from Damian Capozzola.

49.    Exhibit VV is a true and correct copy of a letter dated July 28, 2003 to Damian Capozzola from Timothy Hogan.

50.    Exhibit WW is a true and correct copy of Berry's sale objection papers filed on July 28, 2003.

51.    Exhibit XX is a true and correct copy of an excerpt from a Kirkland & Ellis invoice dated June 25, 2003 to The Fleming Company, filed as part of Kirkland & Ellis' fee application papers.

52.    Exhibit YY is a true and correct copy of a letter dated July 30, 2003 to Damian Capozzola from Timothy Hogan.

53.    Exhibit ZZ is a true and correct copy of excerpts from the Deposition of Wayne Berry dated February 5, 2003.

54.    Exhibit AAA is a true and correct copy of a letter dated October 29, 2002 to Lex Smith from Timothy Hogan.

55.    Exhibit BBB is a true and correct copy of a letter dated October 24, 2002 to Karen Fine, Lex Smith and Roy Tjioe from Timothy Hogan.

56.    Exhibit CCC is a true and correct copy of a letter dated June 21, 2002 to Lex Smith from Timothy Hogan.

57.     Exhibit DDD is a true and correct copy of a Supplemental Declaration from Mark Dillon.

58.     Exhibit EEE is a true and correct copy of a Supplemental Declaration of Mike Carey.

59.     Exhibit FFF is a true and correct copy of communications between Wayne Berry and Guidance Software.

So sworn under penalty of perjury in Los Angeles, California.

Dated:  August 1, 2003

Damian Capozzola

6

# EXHIBIT  B

Redacted

 **hogant001@hawaii.rr.com on 05/02/2003 02:01:59 PM**

To:    Damian Capozzola/Los Angeles/Kirkland-Ellis@K&E
cc:

Subject:  RE: Berry Freight Control Software - Confidential Evid. R. 408 S            settlement
          Communication:

---

Per your request.

Tim Hogan

-----Original Message-----
From: damian_capozzola@la.kirkland.com
[mailto:damian_capozzola@la.kirkland.com]
Sent: Friday, May 02, 2003 8:52 AM
To: Timothy J. Hogan
Subject: RE: Berry Freight Control Software - Confidential Evid. R. 408
S ettlement Communication:


Tim,

    Thanks for the prompt reply.  Can you please send
me the documents you reference (letters to lenders,
letter from Fleming's agent) by pdf or FedEx (K&E, 777
S. Figueroa St., Ste. 3700, Los Angeles, CA  90017)?

--Damian



hogant001@hawaii.rr.com on 05/02/2003 11:55:14 AM

To:   Damian Capozzola/Los Angeles/Kirkland-Ellis@K&E
cc:

Subject:  RE: Berry Freight Control Software -
      Confidential Evid. R. 408 S ettlement
      Communication:


Confidential Evid. R. 408 Settlement Communication:


Damian:

Thanks for the response.  Can you please shoot me an
acknowledgement that
you have received this?  Thanks in advance.

As to your inquiry, first, the covenants clearly give
the lenders the power
over infringing conduct.  To cover his bases, Mr.
Berry, some time ago, sent
each lender a willful infringement heads up certified
letter.  Only Deutsche
Bank chose to ignore it.  All of the others answered
it.

As to the ability to control the direct infringer, this
is what we got off
of the SEC homepage.

FLEMING COMPANIES, INC.
 $200,000,000
 9 1/4% SENIOR NOTES DUE 2010
UNDERWRITING AGREEMENT
June 13, 2002

Deutsche Bank Securities Inc.
Lehman Brothers Inc.
First Union Securities, Inc.
J.P. Morgan Securities Inc.
Morgan Stanley & Co. Incorporated,
as Representatives of the several Underwriters
set forth on Schedule 1 hereto
c/o Deutsche Bank Securities Inc.
   31 West 52nd Street
   New York, New York  10019
. . .
Pages 8-9, para. (s).

   (s) The Company and each of the Subsidiaries have
good and
      marketable title to all real property and good
title to all personal
      property described in the Final Prospectus as
being owned by it and
good
      and marketable title to a leasehold estate in the
real and personal
      property described in the Final Prospectus as
being leased by it free
and

clear of all liens, charges, encumbrances or
restrictions, except as
    described in the Final Prospectus or to the
extent the failure to have
    such title or the existence of such liens,
charges, encumbrances or
    restrictions would not, individually or in the
aggregate, have a
Material
    Adverse Effect. All leases and material contracts
and agreements to
which
    the Company or any of the Subsidiaries is a party
or by which any of
them
    is bound are valid and enforceable against the
Company or such
Subsidiary,
    and are in full force and effect with only such
exceptions as would
not,
    individually or in the aggregate, have a Material
Adverse Effect. The
    Company and the Subsidiaries own or possess
adequate licenses or other
    rights to use all patents, trademarks, service
marks, trade names,
    copyrights and know-how necessary to conduct the
businesses now or
    proposed to be operated by them as described in
the Final Prospectus,
and
    to the Company's knowledge, none of the Company
or the Subsidiaries
has
    received any notice of infringement of or
conflict with (or knows of
any
    such infringement of or conflict with) asserted
rights of others with
    respect to any patents, trademarks, service
    marks, trade names, copyrights or know-how that,
if such assertion
of
    infringement or conflict were sustained, would
have a Material Adverse
    Effect.

Because we know this system is a "money machine" for
Fleming and its
lenders, there won't be an issue of whether the lenders
reap a financial
benefit from the system.  If this wasn't so,  who would
care to keep
fighting poor old Mr. Berry?

In the post-Napster world, if you can control the
infringement and make
money from it, you're liable.  The liability is for
each direct infringer

(every employee agent, customer user is a direct
infringer).   By "stacking"
the statutory damages for each direct infringer and
making the
vicarious/contributory infringer (the lenders)  jointly
and severally
liable, you get to "Napsteresque" damages.  In the RICO
context that is
times three, of course.

You may note recent case filed against Napster equity
investors on similar
theory only I don't think they had any covenant-control
to lock them in.
You can read about it here:
http://www.oaklandtribune.com/Stories/0,1413,82-10834-1344658,00.html

As to your inquiry regarding the RICO predicate, this
is how I see it:

The Copyright Act, 17 U.S.C.Sec. 506. - Establishes the
willful infringement
criminal offense as follows:

(a) Criminal Infringement. - Any person who infringes a
copyright willfully
either -
(1) for purposes of commercial advantage or private
financial gain, or  . .
.(not relevant).

See http://www4.law.cornell.edu/uscode/17/506.html
(Attribution Cornell
University).

We have a civil finding of willful infringement in the
Jury Verdict.  Not by
"beyond reasonable doubt" standard but by a
"preponderance." .Under the RICO
act, this is a predicate and because civil RICO proves
by the preponderance
standard the finding is collateral estoppel as to
Fleming et al.  By the
way, it doesn't have to be put to final judgment for
that to apply, just the
jury verdict makes the issue decided under collateral
estoppel. See
Greenleaf v. Hopeman, 174 F.3d 352, 358 (3rd Cir.
1999).

The RICO Act makes this a predicate as follows:

The RICO Act, 18 U.S.C. Sec. 1961.

Definitions
As used in this chapter -

(1) ''racketeering activity'' means
. . .

(B) any act which is indictable under any of the
following provisions of
title 18, United States Code: section 2319 (relating to
criminal
infringement of a copyright)

See http://www4.law.cornell.edu/uscode/18/1961.html
(Attribution Cornell
University).


The U.S. Code establishes the criminal penalties for
these acts in  18
U.S.C. Sec. 2319.

Criminal infringement of a copyright (a) Whoever
violates section
506(a)(relating to criminal offenses) of title 17 shall
be punished as
provided in subsections (b) and (c) of this section and
such penalties shall
be in addition to any other provisions of title 17 or
any other law. (b) Any
person who commits an offense under section 506(a)(1)
of title 17 -
(1) shall be imprisoned not more than 5 years, or fined
in the amount set
forth in this title, or both, if the offense consists
of the reproduction or
distribution, including by electronic means, during any
180-day period, of
at least 10 copies or phonorecords, of 1 or more
copyrighted works, which
have a total retail value of more than $2,500;
(2) shall be imprisoned not more than 10 years, or
fined in the amount set
forth in this title, or both, if the offense is a
second or subsequent
offense under paragraph (1); and
(3) shall be imprisoned not more than 1 year, or fined
in the amount set
forth in this title, or both, in any other case.

See http://www4.law.cornell.edu/uscode/18/2319.html
(Attribution Cornell
University).

That brings us back to the original jury finding and
that should just about
do it.

As to the usual RICO challenges like continuity,  I've
got two bankruptcy
fraud convictions for 1995 conduct that makes the open
ended continuity a
slam dunk.  Now that we have an admission that Fleming
Hawaii has made

another derivative (post-jury finding) being used,
willfully, by the DIP and
I think I'm pretty safe.

If you have any other questions shoot me an email and
I'll respond.

On our discussions, I've received a disturbing letter
from Fleming's agent
that makes it difficult for hold fire for long.


Tim

-----Original Message-----
From: damian_capozzola@la.kirkland.com
[mailto:damian_capozzola@la.kirkland.com]
Sent: Friday, May 02, 2003 5:46 AM
To: Timothy J. Hogan
Subject: Re: Berry Freight Control Software




Tim,

        Thank you for your e-mail.  I am sorry that I did
not get back to you sooner, but as you may have learned
it was a long day in Delaware.

        It would be helpful for me if you could please
provide some authorities for your previous assertions
(as I understood them) that the DIP financiers may face
liability and that the jury verdict provides the
criminal predicate for a RICO action.

        Thanks.

--Damian




hogant001@hawaii.rr.com on 05/01/2003 11:47:13 AM

To:   Damian Capozzola/Los Angeles/Kirkland-Ellis@K&E
cc:

Subject:  Berry Freight Control Software


Rule 408 Settlement Communication


Dear Mr. Capozzola:

As I stated in my earlier telephone conversation with you, I will wait until
the end of next week to begin to address Mr. Berry's myriad of issues
related to the ongoing use of his original work.  I have already drafted the
Motion for Relief from Stay and complaints against Hawaiian Express and
others.

We agree that a sale of the copyright to Fleming would result in a global
resolution of the dispute.  We are willing to delay our actions but not
during protracted negotiations.  We believe that some tangible expression of
the Debtor-in-Possession's good faith in the form of some payment to Mr.
Berry is the necessary consideration for further delay.  Our pre-Bankruptcy
experience with Fleming has shown that delay is never in my client's
interest.  We will be happy to discuss and negotiate with the
Debtor-in-Possession after filing, but my experience is that negotiations
are enhanced during stay relief proceedings. Therefore if you don't believe
that an acceptable payment can be made in the short term, we will file at
the end of next week and continue our discussions, if that is what you
desire.

Tim Hogan


Timothy J .Hogan
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii  96813
Tel.  (808) 528-0100
Fax. (808) 528-4997
email: tjh@loio.com


   << File: att1.htm >>


   - att1.htm

   - Wachovia Response.pdf

   - Lehman Response.pdf

- CitiBank Response.pdf

- Return Rec 3.pdf

- Return Rec 2.pdf

- Return Rec 1.pdf

- Infringement Notification.pdf

- Fine Letter.pdf