# EXHIBIT V

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc. et al., | ) | Case No. 03-10945 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Objections Due: July 28, 2003 |
| | ) | |
| | ) | Hearing: Aug. 4, 2003, 11:30 |
| | ) | a.m. prevailing Eastern Time |
| | ) | |
| | ) | Related to Docket No. 1906 |

**OBJECTION TO MOTION FOR ORDER (A) APPROVING ASSET PURCHASE AGREEMENT WITH C & S WHOLESALE GROCERS, INC. AND C&S ACQUISITION LLC, (B) AUTHORIZING (I) SALE OF SUBSTANTIALLY ALL OF SELLING DEBTORS' ASSETS RELATING TO THE WHOLESALE DISTRIBUTION BUSINESS TO PURCHASER OR DESIGNEE(S) OR OTHER SUCCESSFUL BIDDER(S) AT AUCTION, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, LICENSE AGREEMENT AND UNEXPIRED LEASES, AND GRANTING RELATED RELIEF; EXHIBIT "A"**

COMES NOW, Wayne Berry, by and through his undersigned counsel, and hereby objects to the Debtors' Motion for Order (A) Approving Asset Purchase Agreement with C & S Wholesale Grocers, Inc. and C&S Acquisition LLC, (B) Authorizing (I) Sale of Substantially All of Selling Debtors' Assets Relating to the Wholesale Distribution Business to Purchaser or Designee(s) or Other Successful

Bidder(s) at Auction, Free and Clear of All Liens, Claims, Encumbrances and Interests and (II) Assumption and Assignment of Certain Executory Contracts, License Agreement and Unexpired Leases, and Granting Related Relief (The "Sale Motion").

## JURISDICTION

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. sections 157 and 1334. This decision to grant or deny the motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Mr. Berry respectfully states that the involuntary transfer of his copyrights in this proceeding would not be within the Court's core jurisdiction, and he respectfully preserves his jury trial rights regarding these federally protected rights.

2. Venue is not proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

## FACTUAL BASIS FOR OBJECTION

3. Fleming is the sole full-line wholesale grocery food products distributor located in the State of Hawaii. Fleming sells a variety of food (dry groceries as well as meat, dairy, and deli products) to retail stores including Foodland, Times, Walmart, Kmart, Safeway, Costco and the United States Defense Commissary Agency (DeCA).

2

4. Many of Fleming's military contracts have been terminated in this case, with the notable exception of the Hawaii contracts.

5. Beginning in 1993, Mr. Berry developed a unique software product that controls the shipping of packaged goods including food stuffs on ocean transport. The software was first published in 1995 and was used by Fleming's former freight consolidator Atlantic Pacific International, Inc. ("API").

6. The principle unique feature of the Freight Control System is the ability for a user of this system to control a large number of purchase orders and annotate shipping information for billing and tracking purposes along with planning and scheduling efficiencies that translate directly to lower freight costs. Fleming has utilized this Freight Control System, in part, to manage its freight subsidy payments from various vendors since 1995 and to facilitate its Military and Kmart delivery contracts.

7. On or about October 19, 1999, Mr. Berry received a registration from the Copyright Office for his "Freight Control System" registration Number TX5-079-445.

8. In this same period in 1999, Fleming terminated its relationship with API. Fleming thereafter received from Mr. Berry a no-charge limited non-exclusive license to use his Freight Control System software in Hawaii only, while

3

Fleming-Hawaii was preparing to license new logistics software from a large vendor, upon information and belief Manugistics, Inc. Fleming was never given any permission to make changes to the Freight Control System or use it outside of the state of Hawaii.

9. Starting in the fall of 1999, Fleming, without any authorization, began to make illegal derivative copies of Developer's software. Fleming has admitted to making approximately 100 changes from 1999 to 2001.

10. As a result of Fleming's unauthorized modifications of the Berry Freight Control System, Fleming Companies, Inc., the parent corporation and debtor herein, is the defendant in the United States District Court for the District of Hawaii in <u>Wayne Berry v. Fleming Companies, Inc., et al.</u>, Civ. No. CV01-00446 SPK LEK (the Willful Infringement Litigation).

11. On March 6, 2003, the jury in the Willful Infringement Litigation returned a verdict finding Fleming a willful infringer regarding Mr. Berry's Freight Control System and awarded Mr. Berry $98,500 in statutory willful infringement damages. Fleming never disclosed the use of this software anywhere except in regard to the Hawaii trade.

12. Prior to the entry of a permanent injunction in the Willful Infringement Litigation, Fleming and its affiliates filed voluntary petitions for

4

relief under chapter 11 of the Bankruptcy Code on April 1, 2003.

    13.    Subsequent to the filing of the voluntary petitions, Mr. Berry received information that Fleming continues to use his software in Hawaii and Guam.[1]

    14.    On July 23, 2003, Fleming's counsel Damian Capozzola, Esq. of Kirkland & Ellis sent Mr. Berry's counsel Timothy J. Hogan, a report of Guidance Software, Inc., an apparently unauthorized forensic professional in this case, that, without any notice to Mr. Berry, made an additional copy of Mr. Berry's software and transported it, without any authority or notice to Mr. Berry, to California under the direction of Fleming's Hawaii ordinary course attorney Lex Smith, Esq. who concurrently also represents Kraft Foods North America in Fleming related matters against Mr. Berry's company, API and was Fleming's attorney in the Willful Infringement Litigation.[2]

---

[1] In testimony in the Willful Infringement Litigation jury trial in March 2003, Fleming's employee, Theresa Noa admitted that Fleming Hawaii and Miami divisions maintain their ongoing relationship with KMart despite the recent national contract termination. Because Mr. Berry has attempted to license KMart in 1996 and understand its needs, Mr. Berry believes that Fleming's maintenance of this KMart business after the national contract termination was due, at least in part, to the efficiencies created by his system.

[2] Mr. Berry took over ownership of API during a Federal criminal investigation of API and its former shareholders to preserve a large cache of business records related to Fleming. Ultimately Mr. Berry provided the Internal

5

15. This report shows that the same individual developer and Fleming employee, Mark Dillon, a former API employee, directed the "replacement" of Mr. Berry's software that appears to have been through the installation of another illegal derivative.

16. Upon information and belief, Fleming has committed additional infringements by transferring pirated copies of Mr. Berry's original work to other distribution centers, a fact that was concealed in the Willful Infringement Litigation but apparently disclosed in this Court's Docket Number 1648-5 in the May 2003, Kirkland & Ellis Interim Fee Application that disclosed additional infringement regarding the use of Mr. Berry's system in the Salt Lake City distribution center as follows:

5/02/0 Michael G     .40     Internal conference with P. Spingola re
3 Fatall                     Berry software infringement re SLC sale of assets.

17. The debtor has not chosen to attempt to assume any rights to this software that may be in every distribution center and seeks to transfer, in the

---

Revenue Service CID documents that evidenced that Fleming had paid $100,000 to each of two API shareholders through API's former owner Jack Borja. One of the shareholders was a Chapter 7 debtor at the time and failed to turn over the $100,000 to her Trustee. The two shareholders were recently convicted of federal charges including money laundering and Bankruptcy fraud in connection with these transfers.

instant motion, illegal pirated copies of software in violation of federal law civil and criminal law. The Debtor has not chosen to disclose the illegal copies that were maintained on the Salt Lake City computer system and threatened Mr. Berry if he brought this to the attention of the prospective purchasers.

## BASIS FOR DENYING THE MOTION

18. The Motion should be denied under circumstances and the Court should, pursuant to Section 105, consider the conversion of the case to a case under chapter 7 to prevent further acts of criminal infringement in regard to the administration of this case.

19. Upon information and belief Fleming continues to make large profits from the use of Mr. Berry's software.

20. Under the Copyright Act, 17 U.S.C. § 504, Mr. Berry is entitled to claim all profits derived from the infringement post-petition.

21. Pursuant to the Copyright Act, 17 U.S.C. § 506 (a), because Fleming derives commercial advantage or private financial gain, Fleming's infringement constitutes an ongoing criminal offense in the administration of this bankruptcy case and that is more than sufficient grounds to deny the Motion.

## LEGAL ARGUMENT

22. This Honorable Court sits as a court of equity derived, in great

7

part, from the power of the ecclesiastic courts. The power to grant discharge and to permit the reorganization of debtor-creditor relationships is akin to the granting of absolution. The debtor must however, come to the Court with clean hands. That is a requirement for standing in equity that has been the basis for the Bankruptcy court's extraordinary powers. These powers should be saved for only the repentant and not the scofflaw debtor. [Each of the secured lenders in this case have known of the infringement for some months.] They can too have no standing to object.

23. Fleming seeks to facilitate a criminal infringement through this Honorable Court's Order granting the instant motion.

24. Fleming seeks to transfer illegal pirated software and then put Mr. Berry to his test to, once again, pursue the infringer. That is a misuse of the Bankruptcy process and grounds to deny the Motion.

25. Under the circumstances the Motion should be denied.

DATED: Honolulu, Hawaii,      JUL 2 4 2003

*/s/ Timothy J. Hogan*
TIMOTHY J. HOGAN, ESQ.
Attorney for Creditor Wayne Berry
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

8

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the __24th__ day of __July__, 2003, I caused a copy of the Objection to Motion for Order (A) Approving Asset Purchase Agreement With C&S Wholesale Grocers, Inc. and C&S Acquisition, LLC, (B) Authorizing (1) Sale of Substantially All of Selling Debtors' Assets Relating to the Wholesale Distribution Business to Purchaser Or Designee(s) or Other Successful Bidder(s) At Auction, Free and Clear of All Liens, Claims, Encumbrances and Interests and (II) Assumption and Assignment of Certain Executory Contracts, License Agreement and Unexpired Leases, and (C) Granting Related Relief; Exhibit "A" to be served in the manner indicated upon the following parties in interest:

Via U.S. Mail

LAURA DAVIS JONES, ESQ.
Pachulski Stang Ziehl Young Jones & Weintraub, P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Attorneys for Debtors FLEMING COMPANIES, INC. aka
FLEMING FOODS, INC. aka FLEMING

RICHARD WYNNE, ESQ.
Kirkland & Ellis
777 South Figueroa Street
Los Angeles, California 90017
Attorneys for Debtors FLEMING COMPANIES, INC. aka
FLEMING FOODS, INC. aka FLEMING

JOSEPH MCMAHON, ESQ.
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801

ANDREW P. DeNATALE, ESQ.
White & Case
1155 Avenue of the Americas
New York, New York 10036-2787
Attorneys for SENIOR SECURED LENDERS

SCOTT D. COUSINS, ESQ.
Greenberg Traurig, LLP
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, Delaware 19801
Attorneys for SENIOR SECURED LENDERS

I. WILLIAM COHEN, ESQ.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attorneys for the OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

DAVID M. FOURNIER, ESQ.
Pepper Hamilton, LLP
1201 Market Street, Suite 1600
Wilmington, Delaware 19801
Attorneys for OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

CHRISTOPHER S. SONTCHI, ESQ.
RICARDO PALACIO, ESQ.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Attorneys for SUPERVALU, INC.

RICHARD S. COBB, ESQ.
Klett Rooney Lieber & Schorling
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
Attorneys for C&S WHOLESALE GROCERS, INC.

DATED: Honolulu, Hawaii, JUL 2 4 2003

_____
TIMOTHY J. HOGAN, ESQ.
Attorney for Creditor Wayne Berry

11