# Exhibit 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

| | | |
|---|---|---|
| WAYNE BERRY, | : | 01:07 CV 7634 WHP |
| Plaintiff, | : | Judge William H. Pauley III |
| | : | ECF Case |

vs.                                                                     :

DEUTSCHE BANK TRUST COMPANY                      :
AMERICAS (f.a. BANKERS TRUST COMPANY)        :
and JP MORGAN CHASE BANK, in their separate       :      AFFIDAVIT OF TIMOTHY J.
capacities and as agents for the pre- and post-petition     :      HOGAN APPLYING FOR
lenders of Fleming Companies, Inc.; GENERAL          :      RELIEF PURSUANT TO FED.
ELECTRIC CAPITAL CORPORATION; C&S             :      R. CIV. P. 56(F); EXHIBITS "1"
WHOLESALE GROCERS, INC.; THE POST-            :      TO "4"
CONFIRMATION TRUST OF FLEMING                 :
COMPANIES, INC.; ROBERT KORS; CORE-MARK   :
HOLDINGS INC. and DOES 1 to 200.                         :
                                                                     :
                                                                     :
                                                                     :
                                                                     :
                                                                     :
                                                                     :

                              Defendants.                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel.  (808) 382-3698
Fax.  (808) 356-1682
Email tjh@timhogan.com

### AFFIDAVIT OF TIMOTHY J. HOGAN

STATE OF HAWAII   )
         )  SS:
CITY AND COUNTY OF HONOLULU )

  TIMOTHY J. HOGAN, being first duly sworn on oath, deposes and says:

  I, Timothy J. Hogan, an am attorney licensed to practice before all the courts of the state

of Hawaii, the United States Court of Appeals for the Ninth Circuit and am admitted to practice

before this Honorable Court, *pro hac vice*, and hereby declare under penalty of perjury that the

following is true and accurate to the best of my knowledge and belief. If called upon to testify

regarding the matters contained herein, I am competent and willing to do so.

  1.  Pursuant to Fed. R. Civ. P. 56(f), Mr. Berry respectfully requests that the Court

grant him additional time to respond to two of the issues raised in the Post Confirmation Trust's

and Robert Kors' Memorandum of Points and Authorities in Support of Motion for Summary

Judgment filed on February 26, 2008. On Mr. Berry's behalf, I will address the relevant factors

that this Court applies in determining whether to grant a Rule 56(f) application. *See Khan v.*

*Abercrombie & Fitch, Inc.*, No. 01 Civ. 6163 (WHP) 2003 WL 22149527 \*13 (S.D.N.Y. Sept.

17, 2003) *citing Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919,

926 (2d Cir. 1985).

## I.
## THE NATURE OF THE UNCOMPLETED DISCOVERY, I.E., WHAT FACTS ARE SOUGHT AND HOW THEY ARE TO BE OBTAINED

  2.  Among the issues that are raised in the Post Confirmation Trust's and Robert

Kors' Memorandum of Points and Authorities in Support of Motion for Summary Judgment, are the issues of (a) whether money was actually paid to Mr. Berry's former attorneys, Lynch Ichida Thompson & Kim and by whom, and (b) whether Mr. Baumann was involved in the service of the already dismissed divorce complaint.

3.     In regard to the issue of whether money was actually paid to his attorneys, Mr. Berry seeks to obtain the bank records of the Lynch Ichida Thompson Kim & Hirota law firm for the period after July 16, 2007 to January 31, 2008. This is relevant to the claims relevant to breaches of fiduciary duty and RICO. They will be obtained via a subpoena *duces tecum* under the cover of an authenticating declaration.

4.     In regard to the issue of Mr. Baumann's involvement in the Berry divorce, Mr. Berry seeks to obtain the affidavit or conduct the deposition of Dick Dwyer, a licensed Florida private investigator with offices in Jacksonville and West Palm Beach Florida. Mr. Dwyer has been identified as the lead investigator of the three that were involved in the service of the dismissed divorce complaint.   This is relevant to the claims of abuse of process and RICO.

## II.
## HOW THOSE FACTS ARE REASONABLY EXPECTED TO CREATE A GENUINE ISSUE OF MATERIAL FACT

5.     As to the Lynch Ichida Thompson & Kim bank records, the Berry Second Amended Complaint ("SAC") Claims involve breaches of fiduciary duty. The concealed payment of money to Mr. Berry's attorneys, though not the only claim that connects these defendants with the wrongful conduct, is compelling proof to support the claims. Mr. Berry has evidence that the offer was made that is actionable under Hawaii's criminal statutes. The offer

3

admitted in the PCT and Robert Kors supporting affidavits. That proof may be sufficient to defeat summary judgment. If however, the Court rules it is not sufficent, then Mr. Berry's inablitly to obtain the bank records would be prejudicial.

6. Similarly, the SAC alleges that the Defendants were engaged in abuse of process attempting to serve Mr. Berry with an already dismissed divorce complaint because they had devised a plan that would assist them in avoiding ongoing criminal liability for infringement if the Berry works were subject to an equitable division in a divorce. Mr. Berry will testify that he saw Mr. Baumann at the West Palm Beach airport on August 14, 2007. Mr. Berry believes that this will raise an issue of fact that should defeat summary judgment on this issue. If, as Mr. Berry suspects, the PCT and Kors will argue that in light of the mountain of contrary evidence, Mr. Berry's eye witness testimony is not to be believed, then Mr. Berry should have the opportunity to depose Dick Dwyer, the detective hired to effect the service of the dismissed complaint and obtain records sought via the Subpoena directed to Brawley & Associates, that similarly go to the issue of whether the money that was paid to the Florida detectives was furnished by certain of the defendants in this action.

### III.
### WHAT EFFORTS THE AFFIANT HAS MADE TO OBTAIN THOSE FACTS AND WHY THE EFFORTS WERE NOT SUCCESSFUL

7. In regard to the issue of Mr. Baumann's involvement in the service of the dismissed divorce complaint, starting on February 4, 2008, Mr. Berry's counsel was able conducted initial interviews with three detectives in Florida that had some involvement in the August 14, 2007 incident. The delay in commencing the interviews was due to the use of what

4

appears to be a pseudonym "Jennifer Mulheam," in the documents submitted to the Hawaii

Family Court, that effectively concealed the identity of the process server, who, after

interviewing the notary, Dana Blakley, who executed the return of service (who is also a licensed

private investigator) I learned is actually "Jennifer Mulhearn," who I was able to find on-line as

another licensed Florida private investigator.

       8.      Mrs. Berry has submitted financials in the Hawaii Family Court that would

indicate that she could not afford to hire one let alone three detectives in Florida.  Mr. Berry

sought records related to the hiring and paying of these investigators from her counsel, Cheryl

Brawley, as set forth in the Notice of Subpoena a true and correct copy of which is attached as

Exhibit "1."

       9.      When I attempted to interview Dick Dwyer,  the Florida private investigatory who

Ms. Mulhearn identified as the lead investigator, I  notified opposing counsel so that they might

participate. Ms. Brady, representing the PCT and Kors, objected because there wasn't sufficient

time to gather counsel for a conference. In response to Ms. Brady's objection I informed Dick

Dwyer that Mike Baumann's firm needed more time and requested to conduct the interview later

in the day.  He seemed very receptive to the suggestion and didn't question who Mike Baumann

was. Mr. Berry was on the line and will testify that these facts as I have described are true.

      10.      About hour later, when I called Mr. Dwyer to conduct the conference call

interview, Mr. Dwyer was extremely agitated and stated that he would not speak to me without

Ms. Brawley or Mrs Berry line because they had hired him.  This was contrary to what he had

earlier told me.  He had specifically told me that Ms Brawley had not hired him therefore no

privilege would appear to prevent him from discussing the matter.

11.     In regard to the Lynch Ichida Thompson Kim & Hirota bank records, when I noticed my intent to obtain the relevant Bank records of the Lynch Ichida Thompson Kim & Hirota firm by serving notice of subpoena, a true and correct copy of which is attached as Exhibit "2," Ms. Brady first objected claiming that I had no right to conduct the discovery, but outwardly appeared willing to permit the discovery to go forward. A true and correct copy of an email thread addressed to this issue, that at the last page contains Ms. Brady's objection is attached as Exhibit "3" at page 3 of 4.

12.     Later, Mr. Penchina, representing GECC, objected, echoing Ms. Brady's objection, that was premised on the fact that Mr. Berry was not entitled to conduct any discovery because there has been no Rule 26(f) Meeting addressing the SAC, and no order that established Mr. Berry's right to conduct any discovery. *See* Exhibit "3" at page 2 of 4.   I had believed I was permitted to conduct this discovery because, before the case was transferred, Mr. Berry had been subject to discovery immediately upon the filing and had already produced over 1,500 pages of documents in response in August 2007. *See* Exhibit "3" at page 1 of 4.

13.     Out of caution that might violate the Court's order, I agreed with Mr. Penchina to hold this discovery in abeyance pending some ruling by the Court. A true and correct copy of the email informing counsel that I would hold my discovery in abeyance is attached as Exhibit "4."

14.     Mr. Berry believes that he will meet significant resistance to his attempts to complete discovery, including Mr. Dwyer's assertion of some sort of privilege and Lynch Ichida Thompson Kim & Hirota objecting to the subpoena seeking their bank records.

/

/

6

So sworn under penalty of perjury under the laws of the United States of America

in the City and County of Honolulu, Hawaii on March 3d , 2008.

Timothy J. Hogan

Subscribed and sworn to before me this

3rd day of March, 2008.

Name: _____ Sherry R. Nagai

Notary Public, State of Hawaii

My commission expires: March 9, 2010

7

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| WAYNE BERRY, | : 01:07 CV 7634 WHP |
| Plaintiff, | : Judge William H. Pauley III |
| vs. | : ECF Case |
| DEUTSCHE BANK TRUST COMPANY | : |
| AMERICAS (f.k.a. BANKERS TRUST COMPANY) | : PLAINTIFF'S NOTICE OF |
| and JP MORGAN CHASE BANK, in their separate | SUBPOENA; Exhibit "1" |
| capacities and as agents for the pre- and post-petition | : |
| lenders of Fleming Companies, Inc.; GENERAL | : (CUSTODIAN OF RECORDS |
| ELECTRIC CAPITAL CORPORATION; C&S | OF BRAWLEY & |
| WHOLESALE GROCERS, INC.; THE POST- | : ASSOCIATES) |
| CONFIRMATION TRUST OF FLEMING | : |
| COMPANIES, INC.; ROBERT KORS; CORE-MARK | : |
| HOLDINGS INC. and DOES 1 to 200. | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## Notice

Please take notice that, pursuant to Fed.R.Civ.P.45(b)(1) you are advised that Plaintiff intends to serve the attached Subpoena, seeking production of documents, electronically stored information, or tangible things on the custodian of records, Brawley & Associates, 1164 Bishop Street, St. 500, Honolulu, Hawaii 96813.

Submitted: Honolulu, Hawaii, February 15, 2008.

S/Timothy J. Hogan
TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel. (808) 382-3698
Fax. (808) 356-1682
Email tjh@timhogan.com

# Exhibit
# 1

AO 88 (Rev. 10/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

WAYNE BERRY,

V.

DEUTSCHE BANK TRUST COMPANY AMERICAS, et. al,

**SUBPOENA IN A CIVIL CASE**[1]

Case Number:[2]  01:07 CV 7634 WHP  (S.D.N.Y)

TO: CUSTODIAN OF RECORDS, BRAWLEY & ASSOCIATES
1164 Bishop Street, St. 500, Honolulu, Hawaii  96813

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBITS "A" and "B" and Witness Fee.

| PLACE | DATE AND TIME |
|---|---|
| Brawley & Associates, 1164 Bishop Street, St. 500, Honolulu, Hawaii  96813 | March 3, 2008 8:30 a.m. HST |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Timothy J. Hogan, Plaintiff's Attorney | 2/15/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER.
Timothy J. Hogan, Attorney at Law,1050 Bishop Street, No. 433, Honolulu, Hawaii 96813 Tel. (808) 382-3698

[1] This subpoena is invalid, & imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. Further, this subpoena imposes no duty on anyone to produce documents or things at his/her own expense.

[2] If action is pending in district other than district of issuance, state district under case number.

HJD Form 88 (Rev. 10/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | |
|---|---|
| | DATE | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT "A"

Definition: The term "Berry Related Matters" as used herein includes, but is not necessarily limited to, any and all law suits where either Wayne Berry or Julianne Berry was and/or is a party. "Berry Related Matters" also includes, but is not necessarily limited to, any matter related to Wayne Berry's family, including, but not limited to his deceased father. Berry Related Matters also includes any intellectual property related to Wayne Berry or evidence related to Wayne Berry and his finances, location and/or assets.

Definition: The term "Fleming PCT," includes, Fleming Companies, Inc., the former Debtor in Bk No. 03-10945 (MFW) (Bankr. De.). It also includes the Post Confirmation Trust of Fleming Companies, Inc., Robert Kors, Castellammare Advisors, LLC and any person acting on for them or on their behalf including attorneys or agents. These attorneys include, but may not be limited to any and all attorneys associated with the law firms of Kirkland & Ellis, Kobayashi Sugita & Goda, and Lyle Hosoda & Associates.

1.     True and correct copies of any and all emails or other recorded or written communications between any and all persons associated with Brawley & Associates, and Lex Smith, Michael Baumann, Robert Kors, any attorney employed by Lynch Ichida Thompson Kim & Hirota and/or Lyle Hosoda & Associates, or any of their employee or associates, regarding Berry Related Matters for a period of January 1, 2004 to the present under attached declaration, Exhibit "B."

2.     True and correct copies of any and all documents, including, but not limited to, correspondence and any and all checks or evidence of other receipts and/or disbursements related to any and all Berry Related Matters including but not limited to any and all Florida investigative services related to Berry Related Matters as defined above, where any part of the funds used to pay for such services was received from the Fleming PCT, Robert Kors, Lex Smith, Richard Wynne, Michael Baumann and/or Lyle Hosoda or anyone acting on their behalf under attached declaration, Exhibit "B."

EXHIBIT "A"

## EXHIBIT B

### CERTIFICATION OF CUSTODIAN OF RECORDS OF
### Brawley & Associates

I,_____, am the Custodian of

Records of Brawley & Associates. I make this declaration upon personal

knowledge.

1.    I have personal knowledge of the records of Brawley & Associates

that are the subject of this Declaration.

2.    On,_____, Brawley & Associates was

served with a subpoena in Wayne Berry v. Deutsche Bank et. al, 01:07 CV 7634

WHP (S.D.N.Y.) (the "Subpoena") and its Exhibit "A" at 1164 Bishop Street, St.

500, Honolulu, Hawaii 96813.

3.    The Subpoena was issued by Timothy J. Hogan, Esq., attorney for

Plaintiff Wayne Berry.

4.    On,_____ , I produced documents in response

to the Subpoena to Mr. Hogan 1164 Bishop Street, St. 500, Honolulu, Hawaii

96813.  The total number of pages produced were _____.

5.    All the documents I produced in response to the Subpoena were kept,

and continue to be kept, in the regular course of Brawley & Associates' regularly

conducted activities.

6.      The documents produced in response to the Subpoena were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

7.      It was and is Brawley & Associates and its custodian of records practice to keep records of this type as part of Brawley & Associates regularly conducted activities.

8.      All non-privileged documents that are responsive to the Subpoena that were in possession of on the date of service of the Subpoena on have been produced. A privilege log, if any documents are claimed privileged, accompanies the documents.

9.      The documents produced are true and correct photo-copies of Brawley & Associates original source documents.

10.     None of the documents produced have been redacted or altered in any way.

11.     No documents have been withheld under any privilege or for any other reason unless specifically noted in the separate privilege log.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on _____ in Honolulu, Hawaii

_____
Signature-Custodian of Records  Brawley & Associates

_____
Please Print Name

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WAYNE BERRY,

                    Plaintiff,

             vs.

DEUTSCHE BANK TRUST COMPANY
AMERICAS (f.k.a. BANKERS TRUST COMPANY)
and JP MORGAN CHASE BANK, in their separate
capacities and as agents for the pre- and post-petition
lenders of Fleming Companies, Inc.; GENERAL
ELECTRIC CAPITAL CORPORATION; C&S
WHOLESALE GROCERS, INC.; THE POST-
CONFIRMATION TRUST OF FLEMING
COMPANIES, INC.; ROBERT KORS; CORE-MARK
HOLDINGS INC. and DOES 1 to 200.



                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:   01:07 CV 7634 WHP
:   Judge William H. Pauley III
:   ECF Case
:
:   PLAINTIFF'S NOTICE OF
:   SUBPOENA; Exhibit "1"
:
:   (CUSTODIAN OF RECORDS
:   OF CENTRAL PACIFIC BANK)
:
:
:
:
:
:

## Notice

        Please take notice that, pursuant to Fed.R.Civ.P.45(b)(1) you are advised that Plaintiff
intends to serve the attached Subpoena, seeking production of documents, electronically stored
information, or tangible things on the Central Pacific Bank's Agent for Service, Glenn K. C.
Ching, 220 S. King Street Honolulu Hawaii 96813.

        Submitted: Honolulu, Hawaii, February 24, 2008.

                         S/Timothy J. Hogan
                         TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
                         Attorney for Plaintiff WAYNE BERRY
                         Admitted *Pro Hac Vice*

                         1050 Bishop Street, Number 433
                         Honolulu, Hawaii 96813
                         Tel.  (808) 382-3698
                         Fax.  (808) 356-1682
                         Email tjh@timhogan.com

# Exhibit
# 1

HID Form 88 (Rev. 10/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

WAYNE BERRY,

     V.

DEUTSCHE BANK TRUST COMPANY AMERICAS, et. al,

**SUBPOENA IN A CIVIL CASE[1]**

Case Number:[2]   1:07 CV 7634 WHP (S.D.N.Y.S.D.

TO: CUSTODIAN OF RECORDS, CENTRAL PACIFIC BANK
220 S. King Street Honolulu Hawaii 96813.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBITS "A" and "B"

| PLACE<br>220 S. King Street Honolulu Hawaii 96813. | DATE AND TIME<br>March 10, 2008 9:00 a.m. HST |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Timothy J. Hogan, Plaintiff's Attorney | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy J. Hogan, Attorney at Law,1050 Bishop Street, No. 433, Honolulu, Hawaii 96813 Tel. (808) 382-3698

[1] This subpoena is invalid, & imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. Further, this subpoena imposes no duty on anyone to produce documents or things at his/her own expense.

[2] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT "A"


A copy of documents related to any and all accounts held by Lynch Ichida
Thompson Kim & Hirota, redacted E.I.N. 99-XXXX410, including, but not limited
to Redacted Account Number XXX446,   for the period of July 20, 2007 to January
31, 2008 including, a copy of each and every deposited item including, but not
necessarily limited to, cash receipts, checks and wire transfers.



EXHIBIT "A"

## EXHIBIT B

## CERTIFICATION OF CUSTODIAN OF RECORDS OF
(Central Pacific Bank)


I,_____ , am the Custodian of

Central Pacific Bank. I make this declaration upon personal knowledge.

1. I have personal knowledge of the records of Central Pacific Bank that

are the subject of this Declaration.

2. On, _____, Central Pacific Bank was

served with a subpoena in *Wayne Berry v. Deutsche Bank et. al*, 01:07 CV 7634

(WHP) (S.D.N.Y.) (the "Subpoena") and its Exhibit "A" at 220 S. King Street

Honolulu Hawaii 96813.

3. The Subpoena was issued by Timothy J. Hogan, Esq., attorney for

Plaintiff Wayne Berry.

4. On, _____ , I produced documents in response

to the Subpoena to Mr. Hogan at _____.

The total number of pages produced were _____.

5. All the documents I produced in response to the Subpoena were kept,

and continue to be kept, in the regular course of Central Pacific Bank's regularly

conducted activities.

6.     The documents produced in response to the Subpoena were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

7.     It was and is Brawley & Associates  and its custodian of records practice to keep records of this type as part of Central Pacific Bank's regularly conducted activities.

8.     All non-privileged documents that are responsive to the Subpoena that were in possession of on the date of service of the Subpoena on have been produced.  A privilege log, if any documents are claimed privileged, accompanies the documents.

9.     The documents produced are true and correct photo-copies of Central Pacific Bank original source documents.

10.    None of the documents produced have been redacted or altered in any way.

11.    No documents have been withheld under any privilege or for any other reason unless specifically noted in the separate privilege log.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on _____ in Honolulu, Hawaii



_____
Signature-Custodian of Records Central Pacific Bank


_____
Please Print Name

# Exhibit
# 3

# Tim Hogan

| | |
|---|---|
| **From:** | Robert Penchina [RPenchina@lskslaw.com] |
| **Sent:** | Monday, February 25, 2008 7:02 AM |
| **To:** | Tim Hogan; Erin Brady |
| **Cc:** | Andrew DeNatale; Christopher Beall; Christopher M. Mason; Cunningham, Eileen; Jonathan Moskin; Michael Baumann |

**Subject:** RE: Notice of Subpeona in Berry v. Deutsche Bank

I note that the judge did not ask you what discovery you would be taking, but asked what discovery you thought you would need. He indicated that if you thought you needed discovery, you should so state in your response to the motion for summary judgment, and he would decide whether such discovery was in fact necessary, in which case he would put off the motion. He did not say that you should take the discovery now.
As to when discovery may previously have commenced, that was before you added GECC to the case. Having withdrawn your original complaint, and then proceeding on two amended complaints against new parties, I know of no basis under which you may now take discovery without having the Rule 26(f) conference, which as stated before is premature.

Of course, I am not telling you how you should proceed. However, GECC's objection is continuing.

---

**From:** Tim Hogan [mailto:tjh@timhogan.com]
**Sent:** Monday, February 25, 2008 11:55 AM
**To:** Robert Penchina; Erin Brady
**Cc:** Andrew DeNatale; Christopher Beall; Christopher M. Mason; Cunningham, Eileen; Jonathan Moskin; Michael Baumann
**Subject:** RE: Notice of Subpeona in Berry v. Deutsche Bank

Dear Mr. Penchina:

When Mr. Baumann was discussing his intention to advance a Motion for Summary Judgment, Judge Pauley noted his distain for Rule 56(f) applications and asked me what discovery I would be taking prior to the motion. The judge then said that if I did not have what I needed, I could apply under Rule 56(f). The idea that a party is required to meet a motion for summary judgment without any discovery is both novel and contrary to what the Court actually stated.

Discovery commenced against Mr. Berry back in August of last year. I know of no reason for him not to engage in discovery in the face of a motion for summary judgment. I note your objection but see no reason why I should not proceed.

Tim Hogan

---

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel      (808) 382-3698
Fax.     (808) 356-1682
Email   tjh@timhogan.com
www    timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

---

**From:** Robert Penchina [mailto:RPenchina@lskslaw.com]
**Sent:** Monday, February 25, 2008 5:28 AM
**To:** Tim Hogan; Erin Brady
**Cc:** Andrew DeNatale; Christopher Beall; Christopher M. Mason; Cunningham, Eileen; Jonathan Moskin; Michael Baumann; PAL@loio.com; wwi@loio.com
**Subject:** RE: Notice of Subpeona in Berry v. Deutsche Bank

Mr. Hogan:
At the pre-motion conference relating to the pending motions to dismiss, Judge Pauley indicated that the parties should exchange initial disclosures by January 15, but that discovery in *this* case should not proceed until after the motions are addressed. Moreover, Fed. R. Civ. Pro. 26(d) specifically provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." No such conference has been held in connection with the amended or second amended complaint and, consonant with Judge Pauley's instruction during the pre-motion conference, a Rule 26(f) conference would be premature at this juncture. Accordingly, General Electric Capital Corporation hereby objects to your seeking any discovery, including by way of third party subpoenas, in matter number 07 CV 7634 (WHP) at this time.

Robert Penchina
Levine Sullivan Koch & Schulz, L.L.P.
321 West 44th Street
Suite 510
New York, NY 10036
212-850-6109 (phone)
212-850-6299 (fax)
rpenchina@lskslaw.com

---

**From:** Tim Hogan [mailto:tjh@timhogan.com]
**Sent:** Sunday, February 24, 2008 11:39 PM
**To:** Erin Brady
**Cc:** Andrew DeNatale; Christopher Beall; Christopher M. Mason; Cunningham, Eileen; Jonathan Moskin; Michael Baumann; PAL@loio.com; Robert Penchina; wwi@loio.com
**Subject:** RE: Notice of Subpeona in Berry v. Deutsche Bank

Erin:

Judge Pauley made no such ruling. The Court only asked what I was going to need and then noted his distaste for Rule 56(f) applications. The Court then said that if I could not meet the motion I was permitted to make a Rule 56(f) application. I will make all materials I obtain though these subpoenas available to any party. My guess is that any depositions I may need will be regarding Hawaii witnesses. Possibly the detectives in Florida. I'll have to wait and see what you file.

Tim

---

**Timothy J. Hogan**

3/3/2008

Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel     (808) 382-3698
Fax.   (808) 356-1682
Email   tjh@timhogan.com
www    timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Erin Brady [mailto:ebrady@kirkland.com]
**Sent:** Sunday, February 24, 2008 5:45 PM
**To:** Tim Hogan
**Cc:** Andrew DeNatale; Chris Beall; Christopher M. Mason; Cunningham, Eileen; Jonathan Moskin; Michael Baumann; PAL@loio.com; Robert Penchina; wwi@loio.com
**Subject:** Re: Notice of Subpeona in Berry v. Deutsche Bank

Tim,

To date, we have not objected to your various efforts to take discovery, as your doing so will only serve to invalidate your client's unfounded claims against the PCT and Mr. Kors. This exercise will be no different. Regardless, the judge has not opened discovery, and you do not have the right to this or any of the other discovery you have sought in the past weeks. As the judge advised at the recent status conference, you may make a formal request pursuant to Rule 56(f) after the PCT and Mr. Kors file their motion for summary judgment, if justified by the defendants' statement of material facts. In any event, we request copies of any discovery you receive from this or any other subpoena you issue.

Thanks,
Erin

**Erin N. Brady | Kirkland & Ellis LLP**
777 South Figueroa Street, Suite 3700 | Los Angeles, CA 90017
(213) 680-8225 **DIRECT** | (213) 808-8012 **FAX**

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

| | |
|---|---|
| "Tim Hogan" <tjh@timhogan.com> | To "Andrew DeNatale" <adenatale@whitecase.com>, "Chris Beall" <cbeall@lskslaw.com>, "Christopher M. Mason" <cmason@nixonpeabody.com>, "Cunningham, Eileen" <ecunningham@nixonpeabody.com>, "Erin Brady" <ebrady@kirkland.com>, "Jonathan Moskin" <jmoskin@ny.whitecase.com>, "Michael Baumann" <mbaumann@kirkland.com>, "Robert Penchina" <rpenchina@lskslaw.com> |
| 02/24/2008 04:43 PM | |
| | CC <wwi@loio.com>, <PAL@loio.com> |
| | Subject Notice of Subpeona in Berry v. Deutsche Bank |

3/3/2008

Dear Counsel:

Please see attached.

_____

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel     (808) 382-3698
Fax.    (808) 356-1682
Email   tjh@timhogan.com
www     timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************

3/3/2008

# Exhibit
# 4

## Tim Hogan

| | |
|---|---|
| **From:** | Robert Penchina [RPenchina@lskslaw.com] |
| **Sent:** | Wednesday, February 27, 2008 9:36 AM |
| **To:** | Tim Hogan; Michael Baumann; Christopher Beall; Erin Brady; Cheryl R. Brawley; Andrew P. DeNatale; Wesley Ichida; Christopher M. Mason; Jonathan Moskin; Richard Wynne |
| **Subject:** | RE: Berry v. Deutsche Bank  Discovery |

Mr. Hogan-
Your proposal is acceptable to me provided that you circulate to all on this email a copy
of your communication with Ms. Brawley's firm.  I am speaking only on behalf of GECC, and
do not know whether the proposal is acceptable to any of the other defendants.
Thank you for your cooperation on this issue.

-----Original Message-----
From: Tim Hogan [mailto:tjh@timhogan.com]
Sent: Wednesday, February 27, 2008 2:26 PM
To: Michael Baumann; Christopher Beall; Erin Brady; Cheryl R. Brawley; Andrew P. DeNatale;
Wesley Ichida; Christopher M. Mason; Jonathan Moskin; Richard Wynne; Robert Penchina
Subject: Berry v. Deutsche Bank Discovery

Dear Counsel.

I have gone back through my notes regarding  our conferences with Judge Pauley related to
Mr Pencina's objection to my discovery.  Rather than risk proceding in face of the
objection, and defering to Mr Penchina I will refrain from serving the Central Pacific
Bank Subpoena and request that Ms. Brawley's firm delay compliance with my Subpoena until
the matter is resolved.  Can counsel please advise me if this would be acceptable.  I
would prefer to not have to withdraw the Brawley's & Assoc. subpeona but will if
requested.

Thank you,

Tim Hogan

_____

_____
Timothy J. Hogan
Sent via Windows Mobile