# Exhibit 17

Case 1:07-cv-07634-WHP   Document 80-18   Filed 03/20/2008   Page 1 of 4

Mike:

Before I can consider how to respond was your request made under Rule 408?

Tim

---

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel     (808) 382-3698
Fax.    (808) 356-1682
Email   tjh@timhogan.com
www     timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Michael Baumann [mailto:mbaumann@kirkland.com]
**Sent:** Thursday, January 17, 2008 9:17 AM
**To:** Tim Hogan
**Cc:** Erin Brady; Richard Wynne
**Subject:** Re: Robert Kors' Admission

Dear Tim:

Your claim of an "admission" made by Mr. Kors is incorrect, whether you claim the statement was made in settlement negotiations or otherwise. No such admission was ever made by Mr. Kors. You suggest that this statement was made in settlement negotiations. Because we disagree that such a statement was ever made, it is not clear to us when you contend it was made and in what setting. For example, if this was in a meeting where I was present or the Magistrate was present it would be easy enough to determine if anyone other than you recalls such a statement. I certainly don't recall such a statement being made by anyone other than you and I can't count the number of times that we have disputed your claims both publicly, privately, orally and in writing. That being said, we will continue to honor our agreement with you and the Magistrate Judge to maintain the confidentiality of settlement discussions we have had and we

expect you to honor your agreement as well.

As to the abuse of process claim and the breach of fiduciary duty claims, I don't believe there is any evidence to support those claims because the accusations are false. If funds held in trust for Mr. Berry were converted by partners of your former firm, it certainly was not anything done at the direction of the PCT or Mr. Kors. No funds were transferred from the Lynch Ichida firm to the PCT or Mr. Kors. No funds were paid by the PCT or Mr. Kors to obtain an interest in any lien the Lynch, Ichida firm has on Mr. Berry's as yet unrealized recovery in any lawsuit. Prior to you filing the conversion based claims, you were informed by Ms. Brady that we were unaware of the basis on which you would make such a claim. You filed anyway and did not provide any information to support the allegation that anyone paid Lynch, Ichida, received funds from Lynch, Ichida or even that Lynch, Ichida actually converted any funds of Mr. Berry's. As to the abuse of process claim, if Mrs. Berry's attorney hired a process server or attempted to serve process on Mr. Berry in their divorce proceeding, that was done without the involvement of the PCT or Mr. Kors. At one point I believe you were suggesting that I was engaged in such activities. Had you asked me, I would have told you that it was untrue.

You say that you have "evidence" supporting these allegations. Since the alleged events didn't happen, that claim is dubious at best. Nevertheless, before sending a letter requesting permission to seek sanctions, I will consider the "evidence" that led you to make what are baseless and false charges. I ask you in turn to withdraw those charges if, as I expect, you do not have evidence.

Sincerely,

Mike Baumann

"Tim Hogan"
<tjh@timhogan.com>

01/16/2008 07:13 PM

To "Richard Wynne" <rwynne@kirkland.com>, "Michael Baumann" <mbaumann@kirkland.com>, "Erin Brady" <ebrady@kirkland.com>
cc
Subject Robert Kors' Admission

Dear Counsel:

I believe that Rule 408 permits me to meet the factual statements in your letter to Judge Pauley. Specifically, Mr. Kors admission that under your firm's watch the Debtors transferred Mr. Berry's works to C&S. In my response to the court I intend to request briefing on a motion for TRO to cut costs that I agree is a laudable goal. Because you claim that Mr. Berry has been engaged in wrongful conduct related to the attempts to end the costly litigation, I believe I am entitled to put the Kors' admission before the court under Rule 408.

If you do not agree please immediately provide me some basis for your position and I will promptly respond.

In addition, I don't know who told you we don't have any evidence to support the breach of fiduciary duty claim, but I assure you that, like the abuse of process claim, you have been misinformed.

Regards,


Tim Hogan

---

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel    (808) 382-3698
Fax.   (808) 356-1682
Email  tjh@timhogan.com
www    timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for