UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

| | | |
|---|---|---|
| WAYNE BERRY, | : | 01:07 CV 7634 WHP |
| Plaintiff, | : | Judge William H. Pauley III |
| vs. | : | ECF Case |
| DEUTSCHE BANK TRUST COMPANY | : | |
| AMERICAS (f.k.a. BANKERS TRUST COMPANY) | : | PLAINTIFF WAYNE BERRY'S |
| and JP MORGAN CHASE BANK, in their separate | | STATEMENT OF MATERIAL |
| capacities and as agents for the pre- and post-petition | : | FACTS |
| lenders of Fleming Companies, Inc.; GENERAL | : | |
| ELECTRIC CAPITAL CORPORATION; C&S | | |
| WHOLESALE GROCERS, INC.; THE POST- | : | |
| CONFIRMATION TRUST OF FLEMING | : | |
| COMPANIES, INC.; ROBERT KORS; CORE-MARK | | |
| HOLDINGS INC. and DOES 1 to 200. | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

**PLAINTIFF WAYNE BERRY'S STATEMENT OF MATERIAL FACTS**

TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel.  (808) 382-3698
Fax.  (808) 356-1682
Email tjh@timhogan.com

## The Breach of Contract Claim

1.       Fleming Companies, Inc. and certain of its subsidiaries (collectively, "Fleming")

filed voluntarily Chapter 11 bankruptcy petitions on April 1, 2003 in the District of Delaware,

Case No. 03-10945 (MFW). **Pursuant to <u>Local Civil Rule 56.1</u> this fact is admitted for the**

**purpose of the motion (hereinafter "Admitted")**.

2.       Fleming's Plan of Reorganization was approved by the Delaware Bankruptcy

Court on or about July 26, 2004.  **Admitted.**

3.       The form of the Post-Confirmation Trust Agreement (the "PCT Agreement") was

approved by the Bankruptcy Court on or about July 26, 2004.  **Admitted but deny the exhibit is**

**the one that was approved.**  [[Hogan Affidavit Exhibit "2"  Excerpt Page Fleming Plan

Supplement, naming Kors individually] [Hogan Affidavit  Exhibit "3" that is an excerpted copy

of Transcript of Confirmation Hearing, taken on July 24, 2004 in *In re Fleming Companies, Inc*.

Bk. No. 03-10945 MFW (Bankr. Del.) establishing that the court was approving the documents

in the July 15, 2004 Plan Supplement.  This was the form that was included in the Plan

Supplement filed on July 16, 2004 not the one offered by the PCT and Kors that was

substantially modified after the Court approved it.].

4.       Fleming's Plan of Reorganization became effective on August 23, 2004.

**Admitted.** [This is the same day the PCT registered for a Hawaii State Withholding Tax license.

Hogan Affidavit, ¶ 44 and Exhibit "20."

5.       Fleming filed a revised Assumption Schedule on August 23, 2004.  **Admitted.**

6.       The Fleming Post Confirmation Trust ("PCT") is a grantor trust created pursuant

to the Plan of Reorganization and the PCT Agreement.  **Admitted.**

7.       The PCT Agreement names Castellammare Advisors LLC as the PCT

Representative. **Denied.** [ Hogan Affidavit, Exhibit "1, Excerpted page from PCT/Kors Request

for Judicial Notice  2, Ex. B (the "Confirmation Order"). The Confirmation Order that Kors cites

actually names Kors, as an individual]. [Hogan Affidavit Exhibit "2"  Excerpt Page Fleming

Plan Supplement, naming Kors individually] [Hogan Affidavit  Exhibit "3" that is an excerpted

copy of Transcript of Confirmation Hearing, taken on July 24, 2004 in *In re Fleming Companies,*

*Inc*. Bk. No. 03-10945 MFW (Bankr. Del.) establishing that the court was approving the

documents in the July 15, 2004 Plan Supplement regarding naming Kors as the PCT

Representative and the July 15, 2004 version of the PCT Agreement not the copy submitted in

Brady Affidavit 16, Ex. O] [Hogan Affidavit Paragraph 4 and Exhibit "4" the Securities and

Exchange Commission was given notice of Kors' appointment as PCT Representative in the

Form 8-K filed on August 6, 2004].   [Hogan Affidavit ¶ 5  Kors was not removed and did not

resign].

8.      Robert Kors is an individual who is also the principal of Castellammare Advisors

LLC. **Admitted.**

9.      The license agreement Berry references in his complaint was between he and

Fleming. [Brady Affidavit  15, Ex. N (12/24/04 Berry Letter)]. **Denied**.  [Affidavit of Wayne

Berry ("Berry Affidavit") ¶¶ 4 to 7,  Berry Affidavit Exhibits "1" and "2" The  EULA was

directed to Fleming or any user who assumed rights under Fleming and included its authorized

agents.] [Berry Affidavit ¶ 7, Fleming and its employees were all given copies] [Hogan

Affidavit, Exhibit "5"(Fleming Plan Supplement PCT Agreement at page 3 vesting title in assets

and causes of action in Kors as the PCT Representative and provides for personal liability of the

PCT Representative, *Id.* at pages 7-8, ¶ 1.14 (a)].  [Hogan Affidavit Exhibit "6" (Exhibit A-4 the

Exhibit of Retained Causes of Action Attached to the Fleming Plan of Reorganization). [Hogan

Affidavit ¶ 8 and Exhibit "7" the Berry Technology Indemnity Letter, and Hogan Affidavit ¶9

and Exhibit "8" C&S' Reservation of Rights, evidence that Kors has entered into an agreement

to permit the illegal sub-licensing of the Berry works to C&S].  During the period of time

relevant to this case, the PCT Representative as Trustee of a Grantor Trust took legal title to all

PCT assets on or about August 23, 2004, including the rights, if any, related to the Berry works.

Among the assets was the ongoing Berry litigation regarding which Kors assumed ownership.]

[Hogan Affidavit, ¶ 11 and Exhibit "10"  Kors manifests his belief that Berry's EULA survived

the Effective Date rejection by sending a demand letter under the EULA to C&S].

       10.     Berry filed proof of claim number 18704 in the bankruptcy case on October 6,

2004. [Brady Affidavit  13, Ex. L (Proof of Claim)]. **Admitted.** (This claim proves Mr. Berry is

a PCT Beneficiary who has been harmed by Kors who falsely asserted rights to Berry's

property).

## The "Lynch Ichida" Claims

       11.     The PCT did not pay or promise to pay any funds or other consideration to the

Lynch Ichida firm or its lawyers or anyone acting on their behalf. **Denied**. [Hogan Affidavit ¶¶

12 - 34 and Hogan Affidavit ¶¶ 12 to 34 and Exhibits "11" to "15"] [Berry Affidavit, ¶ 15, Berry

Affidavit Exhibit "4" where Ichida passes on a present sense impression regarding Smith's

admission to be getting his orders from L.A. that means Kors and Kirkland & Ellis] [Hogan

Affidavit ¶¶ 11 - 16, Hogan Affidavit Exhibit "11" Hogan Email dated 3/29/2007 present sense

impression regarding Wes Ichida grant of authority evidencing that Ichida has breached duty as

Kors' behest when he agreed with the PCT to file a false affidavit at ¶ 1 and disclose facts that if

true would be privileged] [Hogan ¶ 23 and Hogan Affidavit Exhibit "12" Ichida Email to Hogan

regarding asserting liens on Berry matters including Lender Case dated 7/25/2007] [Hogan

Affidavit ¶ 24 and Hogan Affidavit Exhibit "13" Email- Ichida to Hogan regarding

understanding, dated 7/26/2007] [Hogan Affidavit ¶ 27 and Hogan Affidavit Exhibit "14" Hogan

- Ichida Email chain regarding admission that now the Lynch Ichida firm claimed no lien dated

12/17/2007] [Hogan Affidavit Exhibit "15" requesting relief pursuant to Fed. R. Civ. P. 56(f) to

obtain Lynch Ichida operating account bank records] [Berry Affidavit ¶¶ 13 to 16 and Berry

Affidavit Exhibits "3" to "5." Though Berry told him not to conduct discussions with the

opposition other than as necessary to obtain a continuance to permit their prompt withdrawal,

Ichida kept discussing matters related to selling a lien to Smith or his principals and the

agreement that they were trying to make with Mr. Hogan]. [As to imputing this to the PCT and

Kors, Smith is a dual agent regarding Berry as set forth in the Smith Affidavit, ¶ 1.].

12.     Robert Kors did not pay or promise to pay any funds or other consideration to the

Lynch Ichida firm or its lawyers or anyone acting on their behalf.  **Denied**. [*See* No. 11 above]

[The inference created by the Ichida emails and the fact that the firm has changed its claim from

asserting a 50% Lien to only costs could lead a reasonable juror to find that the deal was struck].

13.     The PCT did not direct or authorize anyone to pay or promise to pay any funds or

other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf.

**Denied.**  [*See* No. 11 above]. [Berry Affidavit, ¶ 15, Berry Affidavit Exhibit "4" where Ichida

passes on a present sense impression regarding Smith's admission to be getting his orders from

L.A. that means Kors and Kirkland & Ellis].

14.     Robert Kors did not direct or authorize anyone to pay or promise to pay any funds

or other consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf.

**Denied.**  [*See* No. 11 to 13 above].

15.     The PCT did not offer to pay any funds or other consideration to the Lynch Ichida

firm or its lawyers or anyone acting on their behalf.  **Denied.**  [*See* No. 11 above]. *See also*

Affidavits of Smith and Ichida where they both admit to the offer to purchase the Firm's lien.

      16.      Robert Kors did not offer to pay any funds or other consideration to the Lynch

Ichida firm or its lawyers or anyone acting on their behalf.  **Denied.**  [Hogan Affidavit ¶¶ 12 - 34

and Hogan Affidavit ¶¶ 12 to 34 and Exhibits "11" to "15"] [Berry Affidavit, ¶ 15, Berry

Affidavit Exhibit "4" where Ichida passes on a present sense impression regarding Smith's

admission to be getting his orders from L.A. that means Kors and Kirkland & Ellis] [Hogan

Affidavit ¶¶ 11 - 16, Hogan Affidavit Exhibit "11" Hogan Email dated 3/29/2007 present sense

impression regarding Wes Ichida grant of authority evidencing that Ichida has breached duty as

Kors' behest when he agreed with the PCT to file a false affidavit at ¶ 1 and disclose facts that if

true would be privileged] [Hogan ¶ 23 and Hogan Affidavit Exhibit "12" Ichida Email to Hogan

regarding asserting liens on Berry matters including Lender Case dated 7/25/2007] [Hogan

Affidavit ¶ 24 and Hogan Affidavit Exhibit "13" Email- Ichida to Hogan regarding

understanding, dated 7/26/2007] [Hogan Affidavit ¶ 27 and Hogan Affidavit Exhibit "14" Hogan

- Ichida Email chain regarding admission that now the Lynch Ichida firm claimed no lien dated

12/17/2007] [Hogan Affidavit Exhibit "15" requesting relief pursuant to Fed. R. Civ. P. 56(f) to

obtain Lynch Ichida operating account bank records] [Berry Affidavit ¶¶ 13 to 16 and Berry

Affidavit Exhibits "3" to "5." Though Berry told him not to conduct discussions with the

opposition other than as necessary to obtain a continuance to permit their prompt withdrawal,

Ichida kept discussing matters related to selling a lien to Smith or his principals and the

agreement that they were trying to make with Mr. Hogan]. [As to imputing this to the PCT and

Kors, Smith is a dual agent regarding Berry as set forth in the Smith Affidavit, ¶ 1.].

      17.      The PCT did not direct or authorize anyone to offer to pay any funds or other

consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf. **Denied.**

[*See* No. 13 above][Berry Affidavit ¶ 16 and Exhibit 5, also attached to Smith Affidavit as

Exhibit "C." Smith is the PCT's agent Smith Affidavit ¶ 1, and Smith made the offer to Ichida]

[Hogan Affidavit ¶¶ 12 - 34 and Hogan Affidavit ¶¶ 12 to 34 and Exhibits "11" to "15"] [Berry

Affidavit, ¶ 15, Berry Affidavit Exhibit "4" where Ichida passes on a present sense impression

regarding Smith's admission to be getting his orders from L.A. that means Kors and Kirkland &

Ellis] [Hogan Affidavit ¶¶ 11 - 16, Hogan Affidavit Exhibit "11" Hogan Email dated 3/29/2007

present sense impression regarding Wes Ichida grant of authority evidencing that Ichida has

breached duty as Kors' behest when he agreed with the PCT to file a false affidavit at ¶ 1 and

disclose facts that if true would be privileged] [Hogan ¶ 23 and Hogan Affidavit Exhibit "12"

Ichida Email to Hogan regarding asserting liens on Berry matters including Lender Case dated

7/25/2007] [Hogan Affidavit ¶ 24 and Hogan Affidavit Exhibit "13" Email- Ichida to Hogan

regarding understanding, dated 7/26/2007] [Hogan Affidavit ¶ 27 and Hogan Affidavit Exhibit

"14" Hogan - Ichida Email chain regarding admission that now the Lynch Ichida firm claimed no

lien dated 12/17/2007] [Hogan Affidavit Exhibit "15" requesting relief pursuant to Fed. R. Civ.

P. 56(f) to obtain Lynch Ichida operating account bank records] [Berry Affidavit ¶¶ 13 to 16 and

Berry Affidavit Exhibits "3" to "5." Though Berry told him not to conduct discussions with the

opposition other than as necessary to obtain a continuance to permit their prompt withdrawal,

Ichida kept discussing matters related to selling a lien to Smith or his principals and the

agreement that they were trying to make with Mr. Hogan]. [As to imputing this to the PCT and

Kors, Smith is a dual agent regarding Berry as set forth in the Smith Affidavit, ¶ 1.].

      18.    Robert Kors did not direct or authorize anyone to offer to pay any funds or other

consideration to the Lynch Ichida firm or its lawyers or anyone acting on their behalf. **Denied.**

[*See* No. 11 and 13 above].

19.    The PCT did not receive any funds or other consideration from the Lynch Ichida firm or anyone acting for the firm or its lawyers with respect to the Berry matters.  **Denied.**  The Ichida Affidavit, ¶ 1 is a false and provided a benefit IE "consideration"to the PCT.  *See* Hogan Affidavit ¶¶ 12 -16 and Exhibit "11" and Hogan Affidavit ¶¶ 25 to 34 and Exhibits 12 to 15.

20.    The PCT did not direct or authorize anyone to receive any funds or other consideration from the Lynch Ichida firm or anyone acting for the firm or its lawyers with respect to the Berry matters. **Denied.**  The Ichida Affidavit, ¶ 1 is a false and provided a benefit IE "consideration"to the PCT.  *See* Hogan Affidavit ¶¶ 12 -16 and Exhibit "11" and Hogan Affidavit ¶¶ 25 to 34 and Exhibits 12 to 15.

21.    Robert Kors did not receive any funds or other consideration from the Lynch Ichida firm or anyone acting for the firm or its lawyers with respect to the Berry matters.  **Denied.**  The Ichida Affidavit, ¶ 1 is a false and provided a benefit IE "consideration"to the PCT.  *See* Hogan Affidavit ¶¶ 12 -16 and Exhibit "11" and Hogan Affidavit ¶¶ 25 to 34 and Exhibits 12 to 15.

22.    Robert Kors did not direct or authorize anyone to receive any funds or other consideration from the Lynch Ichida firm or anyone acting for the firm or its lawyers with respect to the Berry matters.  **Denied.**  The Ichida Affidavit, ¶ 1 is a false and provided a benefit IE "consideration"to the PCT.  *See* Hogan Affidavit ¶¶ 12 -16 and Exhibit "11" and Hogan Affidavit ¶¶ 25 to 34 and Exhibits 12 to 15..

23.    The PCT did not enter into or promise to enter into a settlement agreement with the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry.  **Denied**.  [*See* No. 11 above] Smith as the PCT agent, Smith Affidavit ¶  and Ichida agreed to

misrepresent whether Smith had made the Offer that is contained in the email Berry Affidavit ¶

16 and Exhibit 5 also attached to Smith Affidavit as Exhibit C.

24.      Robert Kors did not enter into or promise to enter into a settlement agreement

with the Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry.

**Denied.**  [*See* No. 11 above]. Smith as the PCT agent, Smith Affidavit ¶  and Ichida agreed to

misrepresent whether Smith had made the Offer that is contained in the email Berry Affidavit ¶

16 and Exhibit 5 also attached to Smith Affidavit as Exhibit C.

25. The PCT did not direct or authorize any person to enter into or promise to enter into a

settlement agreement with the Lynch Ichida firm or its lawyers or anyone acting on their behalf

relating to Mr. Berry. **Denied.** [*See* No. 11 above]. Smith as the PCT agent, Smith Affidavit ¶

and Ichida agreed to misrepresent whether Smith had made the Offer that is contained in the

email Berry Affidavit ¶ 16 and Exhibit 5 also attached to Smith Affidavit as Exhibit C.

26.      Robert Kors did not direct or authorize any person to enter into or promise to

enter into a settlement agreement with the Lynch Ichida firm or its lawyers or anyone acting on

their behalf relating to Mr. Berry. **Denied.** [*See* No. 11 above]. Smith as the PCT agent, Smith

Affidavit ¶  and Ichida agreed to misrepresent whether Smith had made the Offer that is

contained in the email Berry Affidavit ¶ 16 and Exhibit 5 also attached to Smith Affidavit as

Exhibit C.

27. The PCT has not purchased or received anything from the Lynch Ichida firm or its

lawyers or anyone acting on their behalf relating to Mr. Berry.  **Denied.** [*See* Ichida Affidavit ¶ 1

and compare Hogan Affidavit ¶¶ 12 to 16 and Exhibit "11"].

28.      Mr. Kors has not purchased or received anything from the Lynch Ichida firm or

its lawyers or anyone acting on their behalf relating to Mr. Berry. **Denied.**  [*See* Ichida Affidavit

¶ 1 and compare Hogan Affidavit ¶¶ 12 to 16 and Exhibit "11"].

29.    The PCT has not authorized anyone to purchase or receive anything from the

Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry. **Denied.**

[*See* Ichida Affidavit ¶ 1 and compare Hogan Affidavit ¶¶ 12 to 16 and Exhibit "11"].

30.    Mr. Kors has not authorized anyone to purchase or receive anything from the

Lynch Ichida firm or its lawyers or anyone acting on their behalf relating to Mr. Berry. **Denied.**

[*See* Ichida Affidavit ¶ 1 and compare Hogan Affidavit ¶¶ 12 to 16 and Exhibit "11"].

## The Abuse of Process Claim

31.    Mrs. Berry initiated a divorce proceeding in the State of Hawaii in Admit

pursuant to Local Civil Rule 56.1 (hereinafter "**Admitted**").

32.    The PCT did not advise Mrs. Berry regarding her decision to divorce Mr. Berry.

**Admitted**.

33.    Robert Kors did not advise Mrs. Berry regarding her decision to divorce Mr.

Berry. **Admitted**.

34.    The PCT did not authorize anyone to advise Mrs. Berry regarding her decision to

divorce Mr. Berry.  **Admitted**.

35.    Robert Kors did not authorize anyone to advise Mrs. Berry regarding her decision

to divorce Mr. Berry. **Admitted**.

36.    Mr. Berry was served with a divorce complaint on or about August 14, 2007.

Admit.  **Denied**. [A copy of a Complaint **that was dismissed** was served.  *See*  [PCT and Kors'

Request for Judicial Notice  5, Ex. E (Hawaii Divorce Docket) evidencing the case had been

dismissed, terminated].

37.    The PCT did not hire anybody to serve Mr. Berry with a divorce complaint.

**Denied**.   [Hogan Affidavit, ¶¶ 35 - 38, Hogan Affidavit Exhibit "15" the Fed. R. Civ. P. 56(f)

application seeking to conduct discover regarding the three detectives hired in Florida and the

Defendants dealings with the divorce attorney] [Hogan Affidavit Exhibit "16" Excerpt of the

Berry Examination taken on August 13, 2007 in Second Hawaii Case where Lex Smith Admits

to contacts with divorce attorney] [Affidavit of Wayne Berry ¶17, Mr. Berry saw Michael

Baumann at the West Palm Beach Airport on August 14, 2007 minutes before he was served

with the dismissed complaint by a person who manifested conduct indicating she was armed

intending to threaten Mr. Berry and his companions] [Affidavit of Lex Smith containing a copy

of time records and adoptive admission by not denying his role in the divorce.] [Hogan Affidavit

¶ 35 where Mr. Baumann also makes light but does not dispute his involvement].[What the

SOMF does not say is that Kors and the PCT had no knowledge about the service of the

complaint prior to its service].

      38.      Robert Kors did not hire anybody to serve Mr. Berry with a divorce complaint.

**Denied.** [Kors acts through his agents.] [*See* No. 37 above].

      39.      The PCT did not authorize anybody to hire anybody to serve Mr. Berry with a

divorce complaint.  **Denied.** [*See* No. 37 above].

      40.      Robert Kors did not authorize anybody to hire anybody to serve Mr. Berry with a

divorce complaint. **Denied.** [*See* No. 37 above].

      41.      The PCT did not pay or promise to pay anyone any funds or other consideration

to serve Mr. Berry with a divorce complaint.  **Denied.**  [*See* No. 37 above].

      42.      Robert Kors did not pay or promise to pay anyone any funds or other

consideration to serve Mr. Berry with a divorce complaint. **Denied.** [*See* No. 37 above].

      43.      The PCT did not authorize anyone to pay or promise to pay anyone any funds or

other consideration to serve Mr. Berry with a divorce complaint. **Denied.** [*See* No. 37 above].

44.    Robert Kors did not authorize anyone to pay or promise to pay anyone any funds or other consideration to serve Mr. Berry with a divorce complaint. **Denied.** [*See* No. 37 above].

45.    C&S filed a motion to compel Mr. Berry to appear for his judgment debtor examination in Hawaii. **Denied.** [Berry Affidavit ¶ 15 and Berry Affidavit Exhibit "4" Smith admits he was getting his orders from the PCT and Kors in Los Angeles].

46. The District Court affirmed the Magistrate Judge's order compelling Mr. Berry to appear so that C&S could take his judgment debtor exam. **Denied.** [Berry Affidavit ¶ 15 and Berry Affidavit Exhibit "4" Smith admits he was getting his orders from the PCT and Kors in Los Angeles].

## The RICO Claims

47.    The PCT has not paid Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. **Admit pursuant to Local Civil Rule 56.1 (hereinafter "Admitted").**

48.    Robert Kors has not paid Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. **Admitted.**

49.    The PCT has not authorized anyone to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. **Admitted.**

50.    Robert Kors has not authorized anyone to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. **Admitted.**

51.    The PCT has not offered to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. **Admitted.**

52.     Robert Kors has not offered to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. **Admitted.**

53.     The PCT has not authorized anyone to offer to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. **Admitted.**

54.     Robert Kors has not authorized anyone to offer to pay Lex Smith or anyone acting on his behalf any funds or other consideration to exert pressure on public officials in Hawaii. **Admitted.**

55.     The PCT is a grantor trust that does not conduct any operations. **Denied.** [Berry Affidavit ¶¶ 18 - 31 and Berry Affidavit Exhibits "6" to "12"] [Hogan Affidavit ¶¶ 41 - 44 and Hogan Affidavit Exhibit "20" evidencing PCT commenced engaging in employment activities in Hawaii starting on the day the Plan became effective].

56.     Robert Kors is an individual whose company currently serves as the PCT Representative. **Denied.** [Hogan Affidavit ¶¶ 1 - 7] [Hogan Affidavit Exhibit "1" Excerpt of Confirmation Order naming Kors, individually as PCT Representative] [Hogan Affidavit Exhibit "2" Excerpt from Fleming Plan Supplement filed on July 16, 2004, naming Kors as PCT Representative] [Hogan Affidavit Exhibit "3" Excerpt of Transcript of Proceedings where Fleming represents that the PCT Agreement is as set forth in Plan Supplement] and [Hogan Affidavit ¶ 5, Kors never resigned or removed] [Hogan Affidavit Exhibit "4" PCT informs SEC that Kors is the PCT Representative on August 6, 2004].

57.     The PCT does not engage in overseas shipping. **Denied.** [Use of the term "overseas" intended to mislead. Overseas shipping to foreign countries.  Mr. Berry's works have been used in the United States Non-Contiguous Domestic Trade and is not considered to be

"overseas" and this paragraph makes no showing to shift the burden on Non-Contiguous

Domestic Trade.   In any event, as to proof that they the PCT is engaged in shipping activities in

the Non-Contiguous Domestic Trade, including Hawaii Berry Affidavit ¶¶ 18 - 26 and Berry

Affidavit Exhibit "6"-"13" including an email business records dated March 3, 2008 showing

ongoing use of Fleming-Logistics.com.] [Hogan Affidavit, Exhibit "18" the Fleming-C&S APA

Schedule of domain names sold to C&S that does not include Fleming-Logistics.com therefore

still owned by PCT and Kors] [Berry Affidavit Exhibit "7" showing Mark Dillon former Berry

and Fleming employee as contact for domain registrant C&S] [Berry Affidavit Exhibit "8"

Matson Tariff shipping "Fleming Foods"][Berry Affidavit Exhibit "2" Second Addendum to

EULA naming "Fleming Foods" as licensee of Berry works] [Berry Affidavit ¶¶ 27 - 32

evidencing Kors' ability to modify ocean tariff and Berry Affidavit  Exhibits "10" to "13"

related to evidence that Kors caused the movement of the clandestine website related to the

Berry works and the shipment of freight]. [Hogan Affidavit ¶ 44 and Exhibit "20 evidences that

on the effective day of the Fleming Plan, the Post-Confirmation Trust of Fleming Co., obtained a

Hawaii State Withholding Tax number to employee infringers rebutting its claim to be engaged

in no ongoing business activities].

        58.     Robert Kors does not engage in overseas shipping. **Denied**. [Hogan Affidavit,

Exhibit "7"the Berry Technology Indemnity Letter that requires indemnity for "future use" of

unlicensed Berry works] [Hogan Affidavit Exhibit "8" C&S Reservation of Rights asserting

continued right to indemnity under a secret settlement with Kors combined with the  Berry

Technology Indemnity Letter with implied threat to Kors personally, that required PCT and Kors

agree to permit ongoing unlicensed use of the Berry works in violation of Title 18,  RICO,

Copyright Act and the EULA. [Hogan Affidavit ¶¶ 40 to 41 and Exhibit "17"  admission that

Kors is aware of the C&S infringement] [Affidavit of Wayne Berry ¶ 26 Admission by Lex

Smith, Kors' and PCT and C&S joint agent admitting C&S is infringing Berry works] [Hogan

Affidavit ¶ 44 and Exhibit 20.  Kors and the PCT began employment activities in Hawaii on the

effective date]. [Berry Affidavit ¶¶ 18 - 32 and Exhibits 6 - 13, Fleming-Logistics.com continues

to operate and when PCT and Kors attorneys were informed that it had been discovered its

online activity was effected and increased].

    59.    The PCT does not use any freight control software. **Denied.** [Hogan Affidavit,

Exhibit "7"the Berry Technology Indemnity Letter that requires indemnity for "future use" of

unlicensed Berry works] [Hogan Affidavit Exhibit "8" C&S Reservation of Rights asserting

continued right to indemnity for future use under Berry Technology Indemnity Letter with

implied threat to Kors personally, that required PCT and Kors agree to permit ongoing

unlicensed use of the Berry works in violation of Title 18, RICO, Copyright Act and the EULA.

By conspiring to commit a violation of RICO Kors is liable as a principal.]  [Hogan Affidavit ¶¶

40 to 41 and Exhibit "17"  admission that Kors is aware of the C&S infringement]  [Affidavit of

Wayne Berry ¶ 26 Admission by Lex Smith, Kors' and PCT and C&S joint agent admitting C&S

is infringing Berry works].

                    Respectfully Submitted: Honolulu, Hawaii, March 20, 2008.


                        S/Timothy J. Hogan
                        TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
                        Attorney for Plaintiff WAYNE BERRY
                        Admitted *Pro Hac Vice*

                        1050 Bishop Street, Number 433
                        Honolulu, Hawaii 96813
                        Tel.  (808) 382-3698
                        Fax.  (808) 356-1682
                        Email tjh@timhogan.com