UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| WAYNE BERRY, | : | 01:07 CV 7634 WHP |
| Plaintiff, | : | Judge William H. Pauley III |
| vs. | : | ECF Case |
| DEUTSCHE BANK TRUST COMPANY AMERICAS (f.k.a. BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK, in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200. | : : : : : : : : : : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF TIMOTHY J. HOGAN; EXHIBITS "1" TO "6"

TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel. (808) 382-3698
Fax. (808) 356-1682
Email tjh@timhogan.com

DECLARATION OF TIMOTHY J. HOGAN

I, Timothy J. Hogan, an am attorney licensed to practice before all the courts of the state of Hawaii and the United States Court of Appeals for the Ninth Circuit and am admitted to practice before this Court, *pro hac vice*, and hereby declare under penalty of perjury that the following is true and accurate to the best of my knowledge and belief.  If called upon to testify regarding the matters contained herein, I am competent and willing to do so.

1. On July 3, 2001, on behalf of Mr. Berry, I caused a complaint to be filed against Fleming Companies, Inc.("Fleming") for copyright infringement of three of Mr. Berry's registered works.  Mr. Berry elected statutory damages and the jury found Fleming a willful infringer and awarded Mr. Berry $98,250 on March 6, 2003.

2. On April 1, 2003, Fleming filed for Bankruptcy protection in the District of Delaware commencing *In re Fleming Companies, Inc*., Bk. No. 03-10945 MFW (Bankr. Del).

3. After the automatic stay was modified, the District Court entered final judgment and subsequently awarded Mr. Berry attorneys fees and costs in the amount of $45,586.72.

4. Fleming's Post-Confirmation Trust appealed, and the Court of Appeals for the Ninth Circuit subsequently awarded Mr. Berry another $53,250 in fees and costs for a full unsatisfied judgment against Fleming now enforceable against the PCT both pre and post-petition of $197,086.72 not including accruing interest or additional costs of collection.

5. Attached hereto as Exhibit "1" is true and correct copy of an excerpt of the Transcript of Proceedings in *In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW)(Bankr. De.) Regarding the Fleming Bankruptcy Plan Confirmation Hearing in the United States Bankruptcy Court for the District of Delaware, on February 22, 2005.

6. On July 22, 2003, Mr. Berry commenced *Wayne Berry v. Hawaiian Express*

*Service, Inc.*, CV 03-00385 SOM-LEK, (D. Hawaii) (the "Second Hawaii Case"). Mr. Berry obtained summary judgment in the Second Hawaii Case on liability for copyright infringement against Fleming and two of its employees. In the trial on damages, the Jury awarded Mr. Berry $57, 534 for approximately 10 weeks use of one of his works from April 1, 2003 to June 9, 2003 or about $5,700 per week. The District Court found Mr. Berry the prevailing party and awarded him another $30,072 in fees and costs against the PCT and two of its employees, for a total judgment against the PCT of $87,606.

7. To the best of my knowledge, information and belief, based on the total amount of fees and costs awarded each party in these earlier cases, Mr. Berry's awards total $ 284,692.72 and exceed all others by $57,895.72.

8. If the Court adds C&S's admitted unpaid licence fee based on the earlier jury award of $5,700 per week for the period after September 2005, for one work, C&S and the PCT under its indemnity obligation owe Mr. Berry another $729,600 presently as of this date for the use of one of his many works. (128 weeks times $5,700 for one work).

9. In the Second Hawaii Case Fleming and C&S admitted that Mark Dillon made the spreadsheet replacement no later than June 9, 2003. A true and correct copy of the Affidavit of Mark Dillon filed in the Second Hawaii Case on September 30, 2004 is attached as Exhibit "2."

10. The sale to C&S didn't close until no earlier than August 23, 2003. A true and correct copy of the Fleming-C&S Berry Technology Indemnity Letter that was signed just prior to closing is attached as Exhibit "3." This document was served upon me and admitted at the Fleming Plan Confirmation Hearing on July 24, 2004.

11. Attached hereto as Exhibit "4" is a true and correct copy of an excerpt from the Transcript of Proceedings taken on August 28, 2006, before the Honorable Mary F. Walrath,

United States Bankruptcy Judge, in *In re Fleming Companies, Inc*., Bk. No. 03-10945 (MFW) (Bankr. Del.).

12.     Attached hereto as Exhibit "5" is a true and correct copy of Reply to The PCT's Motion for an Order in Aid of Implementation of the Plan Filed  Filed by Post Confirmation Trust in   *In re Fleming Companies, Inc*., Bk. No. 03-10945(MFW) (Bankr. Del.).

13.     Attached hereto as Exhibit "6" is a true and correct copy of letter dated June 6, 2006, where the instant Lender Defendants make demand upon the PCT for indemnity related to Mr. Berry.  This document was produced by the Fleming PCT's attorneys who presently represent the Lenders and the PCT in this case.

Executed at Honolulu, Hawaii, March 20, 2008.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel.  (808) 382-3698
Fax.  (808) 356-1682
Email tjh@timhogan.com