# Exhibit 4

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


   IN RE:                            ) Chapter 11
                                     )
   FLEMING COMPANIES, INC.,          ) Case No. 03-10945 (MFW)
   ET AL.,                           )
                                     ) Wilmington, Delaware
              Debtor.                ) August 28, 2006
                                     )


                        TRANSCRIPT OF HEARING
                 BEFORE THE HONORABLE MARY F. WALRATH
                    UNITED STATES BANKRUPTCY JUDGE


   APPEARANCES:

   For PCT:                          LAURA DAVIS JONES, ESQUIRE
                                     Pachulski, Stang, Ziehl,
                                     Young, Jones & Weintraub, LLP
                                     919 North Market Street
                                     17th Floor
                                     Wilmington, Delaware   19899

                                     ERIN N. BRADY, ESQUIRE
                                     STEVEN A. HASKINS, ESQUIRE
                                     Kirkland & Ellis, LLP
                                     777 South Figueroa Street
                                     Los Angeles, California   90017

                                     JAMES CARIGNAN, ESQUIRE
                                     Pepper Hamilton, LLP
                                     1313 North Market Street
                                     Suite 5100
                                     Wilmington, Delaware   19801


   For Wayne Berry:                  TIMOTHY J. HOGAN, ESQUIRE
                                     Lynch, Ichida, Thompson,
                                     Kim & Hirota
                                     Suite 1405
                                     1133 Bishop Street
                                     Honolulu, Hawaii   96813


   For C&S Acquisition:              REBECCA L. BUTCHER, ESQUIRE
                                     Landis, Rath & Cobb, LLP
                                     919 Market Street
                                     Suite 600
                                     Wilmington, Delaware   19801
```

```
Appearances (continued):

For RCT:                    JANICE L. DUBAN, ESQUIRE
                            DLA Piper US, LLP
                            203 North LaSalle Street
                            Suite 1900
                            Chicago, Illinois   60601

Audio Operator:             BRANDON MCCARTHY

Transcribed by:             DIANA DOMAN TRANSCRIBING
                            P. O. Box 129
                            Gibbsboro, New Jersey   08026
                            Off: (856) 435-7172
                            Fax: (856) 435-7124
                            Email:  dianadoman@comcast.net
```

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

3

I N D E X

ARGUMENT:

| | |
|---|---|
| By: Ms. Jones | 4 |
| By: Mr. Carignan | 5 |
| By: Ms. Brady | 7 |
| By: Mr. Hogan | 8 |
| By: Mr. Haskins | 10 |
| By: Ms. Butcher | 10 |
| By: Ms. Duban | 11 |

Jones - Argument                                             4

1        CLERK: All rise. You may be seated.
2        THE COURT: Good morning.
3        MS. JONES: Good morning, Your Honor. For the
4   record, Laura Davis Jones of Pachulski, Stang, Ziehl, Young,
5   Jones & Weintraub on behalf of the PCT. Your Honor, if I may
6   refer to the Court to the amended agenda for today's hearing,
7   matters 1 through 12, Your Honor, are continued as noted on the
8   agenda.
9        Matter 13, Your Honor, the PCT's 58th omnibus
10  objection to claims, as noted in the agenda, the Charlie C's
11  IGA has advised us that they do not oppose the relief
12  requested. So, we will submit an order subsequently no that
13  under certification of counsel. And, the balance of those
14  matters, Your Honor, have been continued, and we'll submit an
15  order continuing them as well.
16       THE COURT: All right.
17       MS. JONES: Your Honor, before I yield the podium, I
18  would note, Your Honor, that, with respect to matter 16, the
19  PCT's objection to Munafo, the parties have agreed to continue
20  that to the September 22 hearing. Just for Your Honor's
21  information, we're continuing in mediation in that matter and
22  we'll have medication again later this month -- I guess, the
23  beginning of next month.
24       THE COURT: Okay.
25       MS. JONES: And, Your Honor, matters 17 and 18 are --

Jones / Carignan - Argument                                5

1  have both been settled.  Your Honor, we need to work through
2  the documentation, and we'll submit proposed forms of order
3  under certification of counsel once the parties work those
4  orders out.
5             THE COURT:  Okay.
6             MS. JONES:  Your Honor, with that, I'm going to yield
7  to counsel with respect to number 14, the PCT's 56th omnibus
8  objection.
9             MR. CARIGNAN:  Good morning, Your Honor.
10            THE COURT:  Good morning.
11            MR. CARIGNAN:  James Carignan of Pepper Hamilton
12 appearing today on behalf of the post confirmation trust.  Your
13 Honor, the 14th matter on the agenda is the PCT's 56th omnibus
14 objection to claims.  This matter has been resolved, Your
15 Honor, with respect to all of the claims except those of Mrs.
16 Cubbinsons Foods, which is a scheduled claim, and two filed
17 claims of American Nutrition.
18            The parties have agreed, with respect to the Mrs.
19 Cubbinsons' claim, to continue the hearing on this matter until
20 the next omnibus date.  But, we would like to proceed on an
21 uncontested basis today as against the American Nutrition
22 claims.
23            Your Honor, American Nutrition filed claim number
24 13852 and asserted a priority claim in the amount of roughly
25 $16,000.  We rec -- we seek to reclassify and allow this claim

Carignan - Argument                                6

1    as a general unsecured claim.  Your Honor, the debtor's books
2    and records indicate that there were no post petition
3    transactions that would support a finding of administrative
4    priority for this claim.  And, in fact, if Your Honor will
5    reference the schedule appended to that claim, it appears to
6    concede that the liability asserted all relates to pre-petition
7    transactions between these parties.
8         THE COURT:  All right.  Anybody wish to be heard on
9    that?  All right.  I will sustain the objection.
10        MR. CARIGNAN:  Thank you, Your Honor.  Claim 13851 is
11   the claim of American Nutrition Parent Co.  It asserts an
12   unsecured claim in the amount of approximately $48,000, but
13   does also include an administrative component in the amount of
14   approximately $56,000.
15        We also seek to reclassify and allow this claim as a
16   general unsecured claim in the aggregate amount of these two
17   components.  As with the previous claim, Your Honor, it does
18   not assert any specific legal basis for priority, and the
19   schedule appended to the claim concedes that these are all pre-
20   petition transactions save for one invoice asserted in the
21   amount of $165.
22        However, Your Honor, the debtor's books and records
23   indicate that that invoice also pertains to a pre-petition
24   transaction.  And, upon the affidavit in support of this
25   objection, we respectfully request that this claim be

Carignan / Brady - Argument                                       7

1      reclassified as general unsecured.
2               THE COURT:  All right.  I will sustain the objection.
3               MR. CARIGNAN:  Thank you, Your Honor.  With that, I
4      will yield the podium back to Ms. Jones.
5               THE COURT:  Do have a form of order for me?
6               MR. CARIGNAN:  I do not.  I was -- I was intending to
7      submit it under certification of counsel, if that's acceptable.
8               THE COURT:  That's fine.
9               MR. CARIGNAN:  Thank you, Your Honor.
10              MS. BRADY:  Good morning, Your Honor.  Erin Brady for
11     Kirkland & Ellis.  And, I'm going to address the 15th matter on
12     the agenda, the PCT's objection to Mr. Berry's administrative
13     claims.  As we said in our papers, unless the Court is prepared
14     to rule against Mr. Berry on the attorney's fee claims, claims
15     that he actually never asserted in his proofs of claims
16     themselves, we think that the claim objection should be
17     continued pending the Hawaii Court's decision on the pending
18     attorney's fees motion.  I guess, unless the Court has
19     immediate questions, I can walk through a synopsis of the
20     Hawaii litigation.
21              THE COURT:  You don't have to.  I'm wondering why I'm
22     here if the Hawaii litigation isn't final, if you will.
23              MS. BRADY:  We relit -- well, we were -- back in
24     October of 2005, we were before the Court on the claim
25     objection on -- in the first instance.  The Court asked the PCT

Brady / Hogan - Argument                         8

1    to relist the claim objection at 30 days after the Hawaii
2    verdict was entered.  So, we did that.  Immediately then we
3    continued the objection out to August at Mr. Hogan's request.
4    And, as I said, the PCT agreed to do that without issue.
5              We contacted Mr. Hogan -- that date was not set in
6    stone.  We contacted Mr. Hogan early this month and asked him
7    if he wished to continue the objection.  Instead of responding,
8    he filed his response.  And, we have subsequently asked him
9    several times since then to continue the objection because it's
10   not ripe.  And, he has refused and insisted that we go forward
11   today.
12             THE COURT:  All right.  Well, let me hear from Mr.
13   Hogan for Mr. Berry.
14             MR. HOGAN:  Good morning, Your Honor.  Timothy Hogan
15   on behalf of Mr. Berry.  Your Honor, the story that you've
16   heard from counsel is not the way it went.  We -- I was forced
17   to file an objection.  A costly amount of attorney time I
18   expended.  The PCT's plan in this case from the beginning has
19   made it as expensive and as difficult for Mr. Berry as
20   possible.
21             We asked them at the very beginning to continue it
22   and to -- essentially until it moved on.  They would not agree
23   to that.  They now claim that they've been willing to do a lot
24   of things that they weren't willing to do when they were
25   talking to me.

Hogan - Argument                                                  9

1            THE COURT: Well, when did -- did they talk to you
2    about continuing today's hearing?
3            MR. HOGAN: They have -- they have attempted to
4    continue this -- today's hearing under conditions that were
5    unacceptable. They continue to refuse to accept the idea that
6    the Hawaii litigation will be finished when all appeals are
7    final. They -- and, in all the discussions with them, they
8    would not ever mention the word appeal in their willingness to
9    continue.
10           They want to have it -- at the moment there's an
11   order in Hawaii on fees, they want it over at that moment.
12   And, they may appeal the fee order. But, they'll be protected
13   in doing so, but not Mr. Berry. And, it's inequitable, Your
14   Honor.
15           THE COURT: Well, why don't I just say this. I'll
16   continue this until there's a final order in Hawaii?
17           MR. HOGAN: And, that's -- that would be fine with
18   us, Your Honor.
19           THE COURT: All right.
20           MS. BRADY: Your Honor, just to clarify, is that a
21   final non-appealable order out of the Appellate Courts or would
22   that be --
23           THE COURT: Out of the last Court that has
24   jurisdiction in Hawaii.
25           MS. BRADY: Okay.

1              THE COURT:  How's that?
2              MS. BRADY:  Thank you, Your Honor.
3              MR. HOGAN:  Thank you, Your Honor.
4              MS. JONES:  Your Honor, I think that brings us then
5     to matter 19 on the agenda, which was the scheduling conference
6     regarding the PCT vs. C&S Acquisition and C&S Wholesale
7     Grocers.  And, I'll yield to counsel, I believe, on the phone.
8              THE COURT:  Okay.
9              MR. HASKINS:  This is Steve Haskins for Kirkland &
10    Ellis -- with Kirkland & Ellis for the PCT.  And, I believe the
11    Court has two scheduling orders in front of it.  And, --
12             THE COURT:  Yes.
13             MR. HASKINS:  -- we're just coming before you, Your
14    Honor, with a request to expedite discovery and to move this
15    schedule forward as quickly as possible.
16             THE COURT:  And, the other side?
17             MS. BUTCHER:  Good morning, Your Honor.  Rebecca
18    Butcher on behalf of C&S Acquisition.  This matter has -- began
19    as a complaint simply between PCT and C&S.  C&S is seeking to
20    bring in a third party, The Grocer Supply Company, Inc., to
21    whom the obligations under the APA were transferred.  Grocer
22    Supply's answer deadline to our third party complaint is today.
23             At this point, we're not sure what issues Grocer
24    Supply plans to raise in response to our complaint.  We've had
25    some discussions with counsel for the other side in which they

1   indicate they may be raising jurisdictional arguments.  They
2   may be raising other counterclaims unrelated to the issue that
3   was brought up in the initial complaint.  And, for that reason,
4   we're not sure that an expedited schedule is going to be
5   appropriate.
6           Frankly, until, I guess, we know where Grocer Supply
7   is going to come out with their response, we think it may be
8   best to wait until their initial scheduling conference on
9   September 22nd to enter a scheduling order that's going to
10  affect all of the parties.
11          THE COURT:  Any objection to that?
12          MR. HASKINS:  No.  We'd like to meet with Grocer
13  Supply as well before that, and we can talk with them.
14          THE COURT:  All right.  Let's do that.
15          MS. BUTCHER:  Thank you, Your Honor.
16          MR. HASKINS:  Thank you.
17          MS. JONES:  Your Honor, that brings us to the last
18  matter on the agenda, which is the RCT's second and final
19  status report.  And, I believe Ms. Duban is on the phone.
20          MS. DUBAN:  Thank you.  Good morning, Your Honor.
21  Janice Duban from DLA Piper representing the Reclamation
22  Creditors Trust.  Also on the line with me is Mr. Curtis
23  Marshall from Sara Lee Corp. who is the chairperson of the
24  Reclamation Creditors Trust.
25          Your Honor, we had intended to be either present in

Duban - Argument                                                    12

1    court or on a -- on this call in connection with the PCT and
2    RCT's joint motion regarding their wind down settlement
3    agreement, your Honor having granted that motion in advance of
4    the hearing.  The status report remained on the call, so we
5    thought we should be on to answer any questions the Court may
6    have.  But, that's the only purpose of our presence.
7              THE COURT:  All right.  I had no questions.  Does
8    anybody else wish to be heard on that?  All right.  No, I had
9    no questions on your second and final status report.  And, as
10   noted, I did approve the resolution of the remaining matters
11   transferring them to the PCT.  So, I guess you're done.
12             MS. DUBAN:  Yes.  Thank you, Your Honor.  I guess we
13   are.
14             THE COURT:  All right.
15             MS. JONES:  Your Honor, we have no further matters
16   today.
17             THE COURT:  All right.  We'll stand adjourned.
18             MS. JONES:  Thank you very much.
19
20                          * * * *
21
22
23
24
25

13

1    <u>C E R T I F I C A T I O N</u>

2

3       I, Frances L. Maristch, court approved transcriber,

4    certify that the foregoing is a correct transcript from the

5    official electronic sound recording of the proceedings in the

6    above-entitled matter.

7

8

9    _____      _____

10   DATE                      FRANCES L. MARISTCH