UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x
WAYNE BERRY,                               :   01:07 CV 7634 WHP
                    Plaintiff,              :   Judge William H. Pauley III
                vs.                                :   ECF Case
DEUTSCHE BANK TRUST COMPANY                :
AMERICAS (f.a. BANKERS TRUST COMPANY)
and JP MORGAN CHASE BANK, in their separate :
capacities and as agents for the pre- and post-petition :
lenders of Fleming Companies, Inc.; GENERAL :
ELECTRIC CAPITAL CORPORATION; C&S          :
WHOLESALE GROCERS, INC.; THE POST-         :
CONFIRMATION TRUST OF FLEMING              :
COMPANIES, INC.; ROBERT KORS; CORE-MARK    :
HOLDINGS INC. and DOES 1 to 200.           :
                                           :
                                           :
                    Defendants.             :
------------------------------------------- x

PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO JOINT MOTION
FOR SECURITY PURSUANT TO LOCAL CIVIL RULE54.2

TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel.  (808) 382-3698
Fax.  (808) 356-1682
Email tjh@timhogan.com

Table of Contents

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Financial Condition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    Residency. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.    Merits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    D.    Scope and Cost of Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    E.    Compliance with Court Orders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Table of Authorities

CASES

*Berry v. Fleming Companies, Inc.*, 243 Fed. Appx. 260, WL 1062946 (9th Cir.  July 5, 2007) . 2

*Brooks v. Bates*, 781 F. Supp. 202 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Chang v. Chen* 95 F.3d 27 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Larsen v. Pacesetter Systems, Inc.*, 74 Haw. 1, 837 P.2d 1273 (Hawaii,1992) . . . . . . . . . . . . . . . 6

*RLS Associates, LLC v. United Bank of Kuwait PLC*, 464 F.Supp.2d 206 (S.D.N.Y. 2006 . . . . . 9


STATUTES

Copyright Act. 17 U.S.C. § 201(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

RICO  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

RICO 18 U.S.C. § 1964(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


RULES

Fed. R. Civ. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Local Civil Rule 54.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Comes now, Plaintiff Wayne Berry, by and through his undersigned counsel and hereby respectfully submits Plaintiff Wayne Berry's Memorandum in Opposition to the Joint Motion for Security Pursuant to Local Civil Rule 54.2. Mr. Berry respectfully requests that the Court permit the incorporation by reference of materials submitted in support of Mr. Berry's Memorandum in Opposition to the Motions to Dismiss and the Opposition to the Motion for Summary Judgment filed by the PCT and Robert Kors.

## I. INTRODUCTION.

In the fall of 1999, Mr. Berry owned a home, had a wife and two loving daughters and had worked for years to develop a one-of-a-kind freight control system that he loaned to Fleming Companies, Inc. ("Fleming") as a temporary measure while Fleming implemented a company-wide freight software solution.  Instead, Fleming falsely asserted ownership over the Berry works, denied him the living that he reserved when he loaned the copy and have nearly succeeded in driving him into penury.  The defendants' attorneys have been engaged in direct contacts with his estranged spouse in violation of the spousal privilege and common human decency.  It is true that Fleming has put Mr. Berry in financial distress by its piracy of the Berry works transferred to C&S.  That ought not to be the basis for imposition of a security bond.

## II. BACKGROUND.

On July 3, 2001, Mr. Berry sued Fleming Companies, Inc.("Fleming") for copyright infringement of three of his registered works in *Wayne Berry v. Fleming Companies, Inc*., 01-CV-00446 SPK LEK (D. Hawaii) (the "First Hawaii Case).  Mr. Berry elected statutory damages and the jury found Fleming a willful infringer and awarded Mr. Berry $98,250 on March 6, 2003.  Declaration of Timothy J. Hogan ("Hogan Dec.") ¶ 1.  Fleming filed for Bankruptcy protection on April 1, 2003.  Hogan Dec. ¶ 2.  The only party to have refused to pay

its debts is Fleming, the bankrupt, not Mr. Berry.

After the automatic stay was modified, the District Court entered final judgment and subsequently awarded Mr. Berry attorneys fees and costs in the amount of $45,586.72. Hogan Dec. ¶ 3. Fleming's PCT appealed and the Court of Appeals for the Ninth Circuit affirmed the District Court in all respects by Memorandum Opinion dated July 5, 2007. *Berry v. Fleming Companies, Inc.*, 243 Fed. Appx. 260, WL 1062946 (9th Cir. July 5, 2007). The Court of Appeals subsequently awarded Mr. Berry another $53,250 in fees and costs for a full unsatisfied judgment against Fleming now the PCT arising both pre and post-petition of $197,086.72. Hogan Dec. ¶ 4.

Contrary to the motion, the Honorable Mary F. Walrath, Chief United States Bankruptcy Judge for the District of Delaware, has ruled that Mr. Berry may present his claim for the First Hawaii Case. *See* copy of an excerpt of the Transcript of Proceedings before the Honorable Mary F. Walrath, United States Bankruptcy Judge, in *In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW)(Bankr. Del.), on February 22, 2005 at page. 19:22-24 Hogan Dec. ¶ 5 and Exhibit "1"

On July 22, 2003, Mr. Berry commenced *Wayne Berry v. Hawaiian Express Service, Inc.*, CV 03-00385 SOM-LEK, (D. Hawaii) (the "Second Hawaii Case"). Mr. Berry obtained summary judgment on liability for copyright infringement. In the trial on damages, the Jury awarded Mr. Berry $57, 534 for approximately 10 weeks use from April 1, 2003 to June 9, 2003 regarding of one of his works or about $5,700 per week. The District Court found Mr. Berry the prevailing party and awarded him another $30,072 in fees and costs for a total judgment against the PCT of $87,606. Hogan Dec. ¶ 6. Based on the Magistrate's finding that Mr. Berry's

counsel did not present <u>any</u> evidence to support the trade secret claim (despite the voluminous evidence submitted) the court ordered Mr. Berry to pay attorneys fees and costs to the infringer. Because C&S claimed not to have any Berry works and to not engaged in infringement, C&S was found to been a prevailing party under the Copyright Act, Mr. Berry was ordered to pay fees to C&S as well as Brian Christensen who was in charge when the infringement occurred, plus Guidance Software, Inc. that admitted to transferring the works to C&S. All of those awards have been appealed by Mr. Berry. The PCT also filed an appeal of the court's finding that Mr. Berry was the prevailing party. Based on the total amount of fees and costs awarded each party in these earlier cases, Mr. Berry's total awards of $284,692.72 exceed all others by $57,895.72. Hogan Dec. ¶ 7.

If the Court adds C&S's admitted unpaid licence fee, based on to the earlier jury award of $5,700 per week for the period after September 2005, for one work, C&S and the PCT under its indemnity obligation owe Mr. Berry another $729,600 presently as of this date. (128 weeks times $5,700 for one work). Hogan Dec. ¶ 8. Because the reasonable license fee is already a fact decided in earlier litigation, it should not be subject to re-litigation.

C&S now claims that it bought the Berry software from Fleming in its 2003 Asset Purchase Agreement. Fleming, and now the PCT, claim that no such sale occurred but the PCT still provides indemnity to C&S that evidences that it did. The Court of Appeals has held that the works that Fleming created, that would be the only works that Fleming could ever claim a right to transfer to C&S, are actually Mr. Berry's works. C&S attempts to cure its problem by claiming that the works were made by C&S employees not by Fleming's employees. But the record in the Second Hawaii Case was clear that Mark Dillon made the spreadsheet replacement

no later than June 9, 2003.  Hogan Dec. ¶ 9  and Exhibit "2" at paragraphs "16" and "17".  The Fleming-C&S sale was not until August 23, 2003 after Fleming agreed to indemnify C&S for its infringing use of Berry Technology.  Hogan Dec. ¶ 10 and Exhibit "3."

Mr. Berry is presently still engaged in attempting to stop what has been over six years of unrelenting infringement conducted by large and, in some instances, publicly traded companies. This motion is brought on behalf of all defendants but presented by the attorneys who represented the adjudicated willful infringer, Fleming, and who effected the illegal transfer to C&S that they and their clients pretend never happened.  What the motion proves, if nothing else, is that the defendants are engaged in a conspiracy to violate RICO.  If they succeed preventing Mr. Berry, who as a result of unprecedented assault on him and his family, is financially unable to post a bond, then they will have committed the perfect crime.  Equity is not served by assisting these unrepentant infringers.

To date, Mr. Berry holds judgment against the infringer totaling $284,692.72.  Despite the claim that C&S is the holder of a judgment against Mr. Berry, C&S and its counsel have refused to provide debt verification though demanded to establish that fact.  The fact is that the judgment is Fleming's and subject to offset.  Moreover, as the claim that C&S is collecting some amount owed to C&S, as set forth in the Affidavit of Wayne Berry filed concurrently in support of Mr. Berry's Memorandum in Opposition to the Post Confirmation Trust's and Robert Kors' Memorandum of Points and Authorities in Support of Motion for Summary Judgment, at ¶ 15 and Exhibit "4", the collection action was being done by the PCT and Mr. Kors in Los Angeles not by C&S as they have claimed.

Finally, after the completion of the trial in Second Hawaii Case, the PCT filed a renewed

4

objection to Mr. Berry's claims in the Fleming Bankruptcy case. The Bankruptcy Court specifically ordered that the determination of the Fleming PCT claims and Mr. Berry's claims would be addressed when there is a final non-appealable order "out of the last court that has jurisdiction in Hawaii." *See* Transcript of Proceedings taken on August 28, 2006, before the Honorable Mary F. Walrath, United States Bankruptcy Judge, in *In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW) (Bankr. Del.), at page 9:15-21.   Hogan Dec.¶ 11 and Exhibit "4".

Fleming's PCT is presently holding over $20 million to cover the indemnity obligations related to the unlawful sale of Berry Technology. Attached the Hogan as Exhibit "5" is a true and correct copy of the PCT's Reply regarding its Motion for an Order in Aid of Implementation of the Plan Filed  Filed by Post Confirmation Trust in *In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW) (Bankr. Del.) where, at page 7, the PCT concedes the size of its Berry war chest is $22 million. This fund is not just for the protection of C&S's ongoing criminal infringement but also, based on their own indemnity claim, protects the instant Lenders to cover their costs, if not liability, for their own conduct related to the Berry Technology infringement. Hogan Dec. ¶ 13 and Exhibit "6." From the actual record, every party is fully protected with the notable exception of the copyright owner.

III.     ARGUMENT.

    A.     **Financial Condition.**

In regard to the issue of whether a cost bond is appropriate, first, as to his financial condition and his ability to pay, Mr. Berry is an individual software developer whose works have been used by multibillion dollar institutional willful infringers for commercial advantage starting in 2000. To date Mr. Berry has received two final judgments against the copyright infringers of

$284,692.72 that exceed all others by $57,895.72.  He has received no payments first because Fleming filed bankruptcy immediately after the jury verdict, and second because when the issue of the payments and offsets was raised in the Fleming Companies, Inc. Bankruptcy in Delaware, the Bankruptcy Court ordered that the resolution of these issues was reserved to the Bankruptcy court when all Berry infringement matters were completed.  In apparent disregard of the Bankruptcy Court's orders, Fleming's PCT has pursued Mr. Berry while his hands are tied by his lawful compliance in court orders that directed that a final accounting will await the end of the litigation.  The equities do not favor the imposition of a bond in light of C&S admitted continued unlicensed use that generates money to pay its lenders with the material support of Mr. Kors and the PCT.

      **B.**      **Residency**.

In regard to his residency, he is a non-resident out of no fault of his.  The Lender defendants succeeded in moving this case from Hawaii thus shifting costs to Mr. Berry.

      **C.**      **Merits**.

As to the merits of the action, related to the intentional tort claims, as an initial matter, under Hawaii law no party is entitled to attorneys fees in tort actions so no bond could be due for attorneys fees on those claims. See  *Larsen v. Pacesetter Systems, Inc.*, 74 Haw. 1, 51-2, 837 P.2d 1273, 1297 (Hawai'i,1992).  Under RICO 18 U.S.C. § 1964(c) only a plaintiff has been injured by the RICO and therefore only the plaintiff may recover attorneys fees. *See Chang v. Chen* 95 F.3d 27, 28 (9th Cir.1996).  As to the claim that some defendants will seek to file motions under Fed. R. Civ. P. 11, as set forth in Mr. Berry's opposition to the PCT-Kors Motion for Summary Judgment, the motion must be denied.

Under the Copyright act, Mr. Berry has already prevailed twice and the infringers, not the copyright owner, are the persons who traditionally post the bond where they admit to continued unauthorized use.

Addressing renewed claims that Mr. Berry is a vexatious litigant, a finding never adopted by the District Court in Hawaii, simply stated, Mr. Berry has won copyright infringement verdicts, twice. The Hawaii district court has twice ruled that Mr. Berry was the prevailing party on his copyright claims. One verdict has been affirmed by the Court of Appeals for the Ninth Circuit. C&S now appears to concede that, even though it claimed that it would not use the works which were "inadvertently" delivered to it, its recommencement of use of those works has matured into a transfer of the Berry copyrights to C&S.

### D.    Scope and Cost of Discovery.

The claim that the scope of discovery makes imposition of a bond necessary is equally un-compelling. For example, the Lenders, have not even identified a single current employee of JP Morgan Chase Bank that has any knowledge of these affairs. Deutsche Bank has faired better and was able to find a single current employee who will testify that he has no relevant evidence. Based on their own admission, there is very little discovery that should be had. It would be a cruel irony for Mr. Berry to be punished for compliance with the disclosure requirements that require disclosure of all persons who may have relevant evidence of over six years of commercial infringement.

In regard to the costs generally, C&S, the principal alleged ongoing direct infringer, has disclosed the expert report of Guidance Software, Inc. Guidance Software's Michael Gurzi, who wrote the report, has already conceded, under oath, that his report that C&S has disclosed,

7

erroneously concluded that the Berry works were not transferred to C&S. This is one of the rare cases where there appears to be little factual dispute that require any additional expert testimony and the copyright case appears ripe for summary judgment.

Mr. Berry agrees that the costs should be held to a minimum especially where, even though he has two final judgments against infringers he has yet to see anything paid to him by the infringers in no small part because the initial infringer filed bankruptcy.  Noteworthy, based on C&S's request made in the Bankruptcy Court, the Fleming PCT agreed to hold $22 million as a defense fund to protect C&S, the PCT and the Lenders for their potential liability for the unlawful use of the Berry works.

As to who is likely to cause this case to be unduly expensive, thus far, and this Honorable Court may take notice of the fact that Mr. Berry has had to respond to hundreds if not thousands of pages of materials filed by the defendants. Mr. Berry has filed nothing that has caused either the parties or the Court to respond in any way that was not filed in response to something the Defendant's filed.    The facts of the actual conduct of this litigation show this motion to be nothing more than abuse heaped on by admitted criminal infringers who now admit they are acting in concert.

  **E.**  **Compliance with Court Orders.**

As to the apparent claim that Mr. Berry has not complied with the court orders, it is true that Mr. Berry has not paid Fleming but Fleming has not paid Mr. Berry the $284,692.72 is owes him. The Defendant's cite Judge Mollway's Order in the Hawaii case that they claim is an enforceable judgment that the defendants have been trying to enforce.   Based on Mr. Berry's calculations and accounting for all his offsets, he is of the view that he is owed money, net, not

8

the other way around although Mr. Berry concedes that coming up with the numbers from the order is no easy matter. More to the point, the defendants who now raise this order know that the Bankruptcy Court has held the issue in abeyance . Mr. Berry has refrained from attempts to collect the amounts owed him out of compliance with the Bankruptcy Court's orders and under the belief that the order that Fleming and its surrogate C&S are trying to collect is not an enforceable judgment. Mr. Berry understands that the Hawaii District Court believes it to be an enforceable judgment, but they are asking this court to enforce it. The order is a recitation of pleadings, masters' reports and not a judgment as defined by the Federal Rules.

As evidence of the Defendants' desperation, in order to cure their clients' admitted criminal infringement they have set out on a sanctionable attempt to seek to execute on the Berry copyrights. This action is directly contrary to Federal law that prevents the very result that the infringers seek. *See* the Copyright Act. 17 U.S.C. § 201(e) barring any involuntary transfers. *See also Brooks v. Bates*, 781 F. Supp. 202, 205 (S.D.N.Y. 1991).

This Court under these circumstances should not impose any bond upon Mr. Berry but should permit the case to move promptly to a temporary injunction. If C&S wants to stay in business, it can seek to post its own bond.

> The district court enjoys considerable discretion in setting a bond amount under Rule 54.2 . . . however, **the district court may not dismiss an action for failure to post a bond without considering the plaintiff's inability to pay. Thus, a court should not impose a bond that a party is unable to pay**. Subject to this requirement, the amount of the bond lies within the district court's discretion, informed by both legal and equitable considerations.

*RLS Associates, LLC v. United Bank of Kuwait PLC*, 464 F.Supp.2d 206, 221-2 (S.D.N.Y. 2006) (citations omitted) (emphasis added).

**IV.    CONCLUSION.**

Under the circumstances, the equities do not favor the movant and the motion should be denied.

Respectfully Submitted: Honolulu, Hawaii, March 20, 2008.

S/Timothy J. Hogan
TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel.  (808) 382-3698
Fax.  (808) 356-1682
Email tjh@timhogan.com