UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE BERRY,<br><br>        Plaintiff,<br><br>   vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS (FKA BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK in their separate capacities and as agents for the pre- and post-petition Lender Defendants of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200,<br><br>        Defendants. | Case No. 01:07 CV 7634 (WHP)<br><br>ECF Case |

DEFENDANTS POST CONFIRMATION TRUST'S AND ROBERT KORS' EVIDENTIARY OBJECTIONS TO BERRY'S COUNTERSTATEMENT OF MATERIAL FACTS, THE
<u>AFFIDAVIT OF TIMOTHY HOGAN AND THE AFFIDAVIT OF WAYNE BERRY</u>

KIRKLAND & ELLIS LLP
Michael E. Baumann (*pro hac vice* pending)
Erin N. Brady (*pro hac vice* pending)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:   (213) 680-8400
Facsimile:    (213) 680-8500
E-mail:        ebrady@kirkland.com

Counsel for Defendants Post Confirmation Trust and Robert Kors

## TABLE OF CONTENTS

**Page No.**

I. BERRY HAS NOT COMPLIED WITH LOCAL RULE 56.1 AND AS A RESULT THE COURT MAY DEEM DEFENDANTS' MATERIAL FACTS ADMITTED FOR PURPOSES OF THIS MOTION. ...................................................... 1

II. GENERAL EVIDENTIARY OBJECTIONS ............................................................... 2

    A. Hogan's and Berry's Improper Legal Argument Should Be Stricken. .................... 2

    B. Hogan's and Berry's Assertions Regarding What Documents Say Should Be Stricken. ................................................................................................................ 2

    C. Hogan's and Berry's Hearsay Statements Should Be Stricken. ............................. 3

    D. Hogan's and Berry's Irrelevant and Speculative Testimony Should Be Stricken. .................................................................................................................. 3

    E. Hogan's and Berry's "Adoptive Admissions" Should Be Stricken. ....................... 4

    F. Hogan's and Berry's Testimony and Exhibits That Lack Foundation Should be Stricken. ................................................................................................ 5

III. SPECIFIC EVIDENTIARY OBJECTIONS ................................................................ 5

    A. Hogan Affidavit (S.D.N.Y. D.I. 80) ....................................................................... 5

    B. Berry Affidavit (S.D.N.Y. D.I. 79) ........................................................................ 9

IV. CONCLUSION ............................................................................................................ 14

## TABLE OF AUTHORITIES

Page No.(s)

**Cases**

*A.B. Leach & Co. v. Peirson*,
　　275 U.S. 120 (1927) .................................................................................................. 4

*Bell-South Telecomm., Inc. v. W.R. Grace & Co.-Conn.*,
　　77 F.3d 603 (2d Cir. 1996) ....................................................................................... 4

*Bourjaily v. United States*,
　　483 U.S. 171 (1987) .................................................................................................. 3

*Dedyo v. Baker Eng'g N.Y., Inc.*,
　　1998 WL 9376, at *4 (S.D.N.Y. January 13, 1998) .................................................. 5

*Hollander v. Am. Cyanamid Co.*,
　　999 F.Supp. 252 (D. Conn. 1998) ............................................................................. 2

*Nora Beverages, Inc. v. Perrier Group of Am., Inc.*,
　　164 F.3d 736 (2d Cir. 1998) ..................................................................................... 2

*Perkins v. Mem'l Sloane-Kettering Cancer Ctr.*,
　　2005 WL 2453078, at *14 (S.D.N.Y. Sept. 30, 2005) .............................................. 4

*Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*,
　　38 F.3d 627 (2d Cir.1994) .................................................................................. 12, 13

*Schering Corp. v. Pfizer Inc.*,
　　189 F.3d at 233 (2d Cir.1999) ................................................................................... 6

*St. Clair v. Johnny's Oyster & Shrimp, Inc.*,
　　76 F.Supp.2d 773 (S.D. Tex. 1999) ...................................................................... 3, 5

*U.S. Small Bus. Admin. v. Citibank*,
　　1997 WL 45514, at *3 (S.D.N.Y. February 4, 1997) ........................................ passim

**Rules**

Federal Rule of Evidence 1002 ........................................................................................ passim

Federal Rule of Evidence 401 .......................................................................................... passim

Federal Rule of Evidence 402 .......................................................................................... passim

Federal Rule of Evidence 602 .......................................................................................... passim

Federal Rule of Evidence 702 .......................................................................................................... 2

Federal Rule of Evidence 801 .......................................................................................................... 3

Federal Rule of Evidence 802 ................................................................................................... passim

Federal Rule of Evidence 803 ................................................................................................... passim

Federal Rule of Evidence 901 .......................................................................................................... 5

Local Rule 56.1 ............................................................................................................................ 1, 2

Defendants Post Confirmation Trust and Robert Kors (collectively, "Defendants") submit the following evidentiary objections to Berry's Counterstatement of Material Facts, the Affidavit of Timothy J. Hogan and the Affidavit of Wayne Berry.

I.      **BERRY HAS NOT COMPLIED WITH LOCAL RULE 56.1 AND AS A RESULT THE COURT MAY DEEM DEFENDANTS' MATERIAL FACTS ADMITTED FOR PURPOSES OF THIS MOTION.**

Berry's failure to comply with Local Rule 56.1 (or any comprehensible form of presenting his so-called evidence) has made it difficult, if not impossible, for Defendants (and likely the Court) to figure out what facts he opposes and what his "evidence" is supposed to prove. Accordingly, the Court should deem Defendants' material facts admitted for purposes of this motion.

Local Rule 56.1(b) requires a non-moving party to oppose the moving party's concise statement of material facts by submitting "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there is a genuine issue to be tried." This statement is to be followed by a citation to admissible evidence. L.R. 56.1(d) . Instead of following the rule (or even attempting to follow the rule), Berry simply restates Defendants' facts, admits or denies them, and then provides a string cite to largely inadmissible evidence, without ever stating the actual fact or assertion he is attempting to prove. This violates both the letter and the underlying purpose of Local Rule 56.1.

Berry's failure to follow the Local Rule and specifically and clearly controvert Defendants' facts carries with it consequences—this Court may deem Defendants' facts admitted. L.R. 56.1(c) ("[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party ***will be deemed to be admitted*** for the purposes of the motion ***unless specifically controverted*** by a correspondingly numbered paragraph in the statement required to be served by the opposing party.") (emphasis added). Given Berry's failure to present his facts and evidence in any comprehensible form, these

consequences are appropriate. Defendants therefore request that each of their material facts be deemed admitted for purposes of their summary judgment motion.

## II.  GENERAL EVIDENTIARY OBJECTIONS

Notwithstanding Berry's blatant violations of Local Rule 56.1, Defendants nonetheless undertake the difficult task of sifting through the supposedly countervailing "evidence" contained within Berry's string cites. As explained in this section and in the specific evidentiary objections that follow, Berry's evidence—consisting of (1) the argumentative, conclusory, hearsay, speculative and irrelevant testimony of he and his counsel, and (2) irrelevant emails and website printouts—is generally inadmissible. *Hollander v. Am. Cyanamid Co.*, 999 F. Supp. 252, 256 (D. Conn. 1998) (striking much of plaintiff's affidavit, which "more resemble[d] an adversarial memorandum than a *bona fide* affidavit" and was "riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge"). And in any event, it fails to actually prove the existence of a material disputed fact for purposes of Defendants' summary judgment motion.

### A.  Hogan's and Berry's Improper Legal Argument Should Be Stricken.

Hogan's and Berry's affidavits consist of irrelevant argument often based on unsupported or erroneous legal assumptions or opinions. Affidavits containing legal argument cannot be used to create a triable issue of fact to defeat Defendants' motion for summary judgment. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998). Defendants therefore object to such testimony as improper. *U.S. Small Bus. Admin. v. Citibank,* 1997 WL 45514, at *3 (S.D.N.Y. February 4, 1997) (finding that conclusory witness testimony is not helpful because it "does not allow the court 'to know what the true facts are,' because [such testimony] is composed of legal conclusions rather than factual assertions").

### B.  Hogan's and Berry's Assertions Regarding What Documents Say Should Be Stricken.

Hogan's and Berry's affidavits contain countless assertions and conclusions about what the exhibits attached to their respective affidavits purportedly say. Defendants object to these

2

assertions and conclusions, as such testimony violates the best evidence rule. The best evidence rule provides that, generally, "[t]o prove the content of a writing, . . . the . . . writing . . . is required . . . ." FED. R. EVID. 1002. Defendants similarly object to all of Hogan's and Berry's assertions about what alleged documents not even attached to their respective declarations purportedly say. *Id.* And finally, Defendants object to the inferences and conclusions that Hogan and Berry draw from any documents—attached or unattached—as improper conclusions rather than factual assertions. *U.S. Small Bus. Admin. v. Citibank,* 1997 WL 45514, at *3.

### C. Hogan's and Berry's Hearsay Statements Should Be Stricken.

The Berry and Hogan Affidavits are replete with out of court assertions, statements, writings, and website printouts that are offered to prove the truth of the matters asserted. This is hearsay. FED. R. EVID. 801, 802; *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 775 (S.D. Tex. 1999) ("[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exception rules."). Thus, these statements are inadmissible unless they fall within a hearsay exception or have been specifically deemed non-hearsay by the Federal Rules of Evidence. Under the Federal Rules of Evidence, the proponent of an otherwise hearsay statement has the burden of showing that the statement falls outside of hearsay. FED. R. EVID. 803; *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."). And as discussed in the specific objections, none of Berry's or Hogan's asserted (or potential) hearsay exceptions apply. Defendants therefore object to all such hearsay statements.

### D. Hogan's and Berry's Irrelevant and Speculative Testimony Should Be Stricken.

A large part of the testimony and supporting evidence that Hogan and Berry submit through their affidavits is irrelevant or speculative—and in many cases it is both. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401, 402.  Speculative evidence includes statements as to a particular event that are not based on personal knowledge.  FED. R. EVID. 602; *Bell-South Telecomm., Inc. v. W.R. Grace & Co. Conn.*, 77 F.3d 603, 615 (2d Cir. 1998) (remarking that "ultimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary judgment motion.") (quoting Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2738 (1983)); *Perkins v. Mem'l Sloane-Kettering Cancer Ctr.*, 2005 WL 2453078, at *14 (S.D.N.Y. Sept. 30, 2005) (striking statement in affidavit in the context of summary judgment where the statements were the product of "conjecture and surmise").  Defendants object to all such irrelevant or speculative testimony.

### E.    Hogan's and Berry's "Adoptive Admissions" Should Be Stricken.

Much of Berry's "evidence" consists of his own accusatory statements directed toward Defendants or other third parties, which Berry deems (1) "admitted" by the party's statements denying the accusation (although not to Berry's satisfaction), (2) "admitted" by the party's failure to deny each and every point of the (often rambling and incomprehensible) accusation, or (3) "admitted" by the party's decision to ignore the accusation altogether.  *See, e.g.,* Opp'n at 17; Hogan Aff. ¶ 35.  Defendants object to any characterization of such "admissions" as evidence; they are not.  As Justice Holmes observed:

> A man cannot make evidence for himself by writing a letter containing the statements that he wishes to prove.  He does not make the letter evidence by sending it to the party against whom he wishes to prove the facts.  He no more can impose a duty to answer a charge than he can impose a duty to pay by sending goods.  Therefore a failure to answer such adverse assertions in the absence of further circumstances making an answer requisite or natural has no effect as an admission.

*A.B. Leach & Co. v. Peirson*, 275 U.S. 120, 128 (1927) (Holmes, J.).  Berry cannot write his own evidence.

**F.     Hogan's and Berry's Testimony and Exhibits That Lack Foundation Should be Stricken.**

Finally, a large number of the exhibits attached to the affidavits of Hogan and Berry lack foundation and are not properly authenticated. FED. R. EVID. 602, 901; *see Dedyo v. Baker Eng'g N.Y., Inc.*, 1998 WL 9376, at *4 (S.D.N.Y. Jan. 13, 1998) (finding that a motion to strike will be granted where evidence submitted in support of or in opposition to a summary judgment motion has not been properly authenticated); *see also St. Clair*, 76 F.Supp.2d at 775 ("There is no way Plaintiff can overcome the presumption that the information he discovered on the Internet is inherently untrustworthy."). Defendants object to all such exhibits that lack foundation.

## III.    SPECIFIC EVIDENTIARY OBJECTIONS

   **A.     Hogan Affidavit (S.D.N.Y. D.I. 80)**

- **Hogan Aff. ¶¶ 1-10**: Mr. Hogan's testimony regarding Fleming's bankruptcy proceedings and Mr. Kors' involvement therein is irrelevant. Mr. Hogan's testimony does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff. ¶ 11**: Mr. Hogan's statement that he allegedly requested "Mr. Kors' [sic] through his attorneys to have him return the Berry works as required by the Berry EULA" states an improper legal conclusion. *U.S. Small Bus. Admin.*, 1997 WL 45514, at *3. Mr. Hogan's testimony regarding the contents of a letter Mr. Wynne wrote to C&S violates the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002.

- **Hogan Aff. ¶ 12**: Mr. Hogan's testimony regarding proceedings in Berry's last lawsuit and his decision to sue Fleming's lenders is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff. ¶ 13**: Mr. Hogan's testimony regarding the controversy in his former firm regarding his anticipated filing of Berry's complaint against Fleming's lenders is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Hogan's testimony regarding "the filing of a document that contained evidence that the infringers were acting at the direction and under the control of the lenders" violates the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002.

- **Hogan Aff. ¶ 14**: Mr. Hogan's testimony regarding the controversy in his former firm regarding his anticipated filing of Berry's complaint against Fleming's lenders is irrelevant. It does not tend to prove or disprove any

5

material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Hogan's testimony regarding the veracity of Mr. Ichida's affidavit and Mr. Ichida's alleged motivation to cause harm to Mr. Berry is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602.

- **Hogan Aff. ¶ 15**: Mr. Hogan's testimony regarding the controversy in his former firm regarding his anticipated filing of Berry's complaint against Fleming's lenders is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. The testimony also includes inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. Contrary to Berry's assertion, none of these statements qualify as a present sense impression because none of the statements Mr. Hogan testifies to were based on the declarant's express knowledge based on direct sensory impression. *See Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 233 (2d Cir. 1999) ("Statements based on present sense impressions . . . express knowledge based on direct sensory perception."). Additionally, Mr. Hogan's testimony regarding the contents of an email that he allegedly sent to Mr. Berry and Mr. Berry's response violates the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002. Finally, Mr. Hogan's testimony that Mr. Ichida reneged on an agreement with Mr. Berry is an improper legal conclusion. *See U.S. Small Bus. Admin.*, 1997 WL 45514, at *3.

- **Hogan Aff. ¶ 16**: Mr. Hogan's testimony regarding any authorization Lynch Ichida had to disclose "confidences related to the filing of this case" is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Hogan's testimony regarding a breach of privilege by the Ichida firm is an improper legal conclusion. *See U.S. Small Bus. Admin.*, 1997 WL 45514, at *3.

- **Hogan Aff. ¶ 17**: Mr. Hogan's testimony regarding Berry's prior lawsuit against Fleming is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff. ¶¶ 18-20**: Mr. Hogan's testimony regarding his employment arrangement with his former firm and the firm's financial condition is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff. ¶ 21**: Mr. Hogan's testimony regarding his separation from his former firm is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff. ¶ 22**: Mr. Hogan's testimony regarding his separation from his former firm is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Hogan's testimony "that Mr. Ichida was in constant contact with Mr. Smith" is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602.

- **Hogan Aff. ¶ 23**: Mr. Hogan's testimony regarding his separation from his former firm is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Hogan's assertion that "the firm was trying to induce me to sign the agreement to later claim I had signed as the firm's agent," is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602.

- **Hogan Aff. ¶ 24**: Mr. Hogan's testimony regarding his separation from his former firm is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Hogan's claim that "Mr. Ichida persisted on trying to establish the factual predicate for his scheme to cause me to be Smith's servant," is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602.

- **Hogan Aff. ¶ 25**: Mr. Hogan's testimony regarding the contents of a letter he allegedly received from Mr. Wynne violates the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002. Mr. Hogan's statement that facts allegedly disclosed by Mr. Ichida were "covered by the attorney-client privilege," is an improper legal conclusion. *See U.S. Small Bus. Admin.*, 1997 WL 45514, at *3.

- **Hogan Aff. ¶ 26**: Mr. Hogan's testimony regarding an alleged offer by Mr. Smith to buy the Ichida firm's attorney's lien is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602. Mr. Hogan's statements that such an offer was made and that this was a chargeable offense are improper legal conclusions. *See U.S. Small Bus. Admin.*, 1997 WL 45514, at *3.

- **Hogan Aff. ¶¶ 28-32**: Mr. Hogan's testimony regarding the contents of emails he sent to and received from Mr. Ichida violates the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002. It is also irrelevant, not tending to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff. ¶ 33**: Mr. Hogan's testimony recounting Mr. Ichida's statements about his firm's alleged positions with respect to Mr. Berry's contingency fee is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff. ¶ 34**: As set forth in Defendants' objection to Berry's Rule 56(f) discovery request, Lynch Ichida's bank records for the period after July 16, 2007 to January 31, 2008 are irrelevant. They will not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff. ¶ 35**: Mr. Hogan's statements recounting what Mrs. Berry's divorce lawyer supposedly said to Mr. Hogan is inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803.

7

- **Hogan Aff. ¶ 37**: Mr. Hogan's conversation with Mrs. Bronster is irrelevant, not tending to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff. ¶ 38**: Mr. Hogan's statements recounting what Mr. Berry told him on or about August 14, 2007 are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803.

- **Hogan Aff. ¶¶ 39-40**: Mr. Hogan's testimony regarding statements allegedly made by Mr. Kors during a settlement mediation is inadmissible under FED. R. EVID. 408. The correspondence Mr. Hogan cites as purportedly "opening the door" to the admissibility of his accusation actually contains Defendants' counsel's denials that such an admission was ever made. And Mr. Kors continues to deny this accusation. *See* Aff. of Robert Kors ¶ 3. Nonetheless, the purported admission is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff ¶ 42**: Mr. Hogan's testimony regarding an alleged tariff is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Hogan's statement of how he knows that Mr. Berry discovered the alleged tariff and that Mr. Berry subsequently "began to observe the online activities of Fleming-Logistics.com using one of his developer sites," lacks foundation in personal knowledge. FED. R. EVID. 602.

- **Hogan Aff. ¶ 43**: Mr. Hogan's testimony regarding his wondering aloud about "whether Mr. Kors had some relationship with the ongoing Fleming-Logistics.com activity and the shipment of goods via ocean freight that C&S facilitates with unlicensed copies of the Berry software" and his "belief" that this "would result in activity on the Fleming-Logistics.com web site," is speculative, lacking foundation in personal knowledge. FED. R. EVID. 602. It is also irrelevant as it does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff. ¶ 44**: Mr. Hogan's testimony regarding his research into the PCT's tax status is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff., Exs. 1-9**: The documents (some of which lack caption pages) related to Mr. Kors' appointment as the PCT representative, and related to prior proceedings involving Fleming are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff., Ex. 11**: Mr. Hogan's statements to Mr. Berry contained in a redacted email (which gives no basis for its redaction) are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. Contrary to Hogan's assertion, none of these statements qualify as a present sense impression because none of the statements Mr. Hogan testifies to were based on the declarant's express knowledge based on direct sensory impression (the

8

email, in fact, begins "I talked to Wes"—a recollection, not a perception). *See Schering Corp.*, 189 F.3d at 233 (2d Cir.1999) ("Statements based on present sense impressions . . . express knowledge based on direct sensory perception."). The email is also irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff., Ex. 12**: The statements made among various members of Mr. Berry's firm in this email are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. The statement in the July 24, 2007 email at 4:33 pm that "WFT is traveling now and cannot be reached by email, but he says he supports what Wes has and will agree to" is hearsay upon hearsay, neither layer of which comes within an exception. FED. R. EVID. 802, 803.

- **Hogan Aff., Ex. 15:** The statements made in the various emails attached to the motion are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. Defendants do not take issue with the Court judicially noticing the fact that the motion was filed, but neither the contents of the motion nor its exhibits can be used as evidence on summary judgment.

- **Hogan Aff., Ex. 17**: The statements Mr. Hogan makes in his emails to Mr. Baumann are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803.

- **Hogan Aff., Ex. 18**: The lists of "Company Owned Intellectual Property" and "Copyrights" are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Hogan Aff., Ex. 19**: The statements Mr. Hogan makes in his email to Mr. Wynne are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. Moreover, the statements about "Fleming-Logistics.com," and the attached document from Matson referencing "Fleming Foods Grocery Commodities and Restaurant Supplies" and "C&S Wholesale" are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

B. **Berry Affidavit (S.D.N.Y. D.I. 79)**

- **Berry Aff. ¶ 1**: Mr. Berry's claim that "C&S and the PCT [are] still using" his obsolete freight control software is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602. It is also irrelevant as it does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Berry Aff. ¶ 2**: Mr. Berry's statement that his software "has likely been involved in the shipment of well over $1 billion dollars in food and restaurant supplies since 1995" is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602. His testimony regarding the use of his freight software is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

9

- **Berry Aff. ¶ 3**: Mr. Berry's statements regarding licensing his software to Fleming and his previous lawsuit are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Berry Aff. ¶¶ 4-6**: Mr. Berry's statements regarding licensing his software to Fleming and his previous lawsuit are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's statements regarding conversations allegedly taking place in 1999 between Mr. Berry and Ralph Stussi, then the President of Fleming Companies, Inc.'s Hawaii division, are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803.

- **Berry Aff. ¶ 7**: Mr. Berry's statements regarding licensing his software to Fleming and his previous lawsuit are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's testimony regarding the operative agreement between himself and Fleming is an improper legal conclusion. *See U.S. Small Bus. Admin.*, 1997 WL 45514, at *3. Mr. Berry's testimony regarding the contents and terms of the written agreement is a violation of the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002.

- **Berry Aff. ¶ 8**: Mr. Berry's statements regarding licensing his software to Fleming and his previous lawsuit are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's statements regarding conversations allegedly taking place in 1999 between Mr. Berry and Ralph Stussi, then the President of Fleming Companies, Inc.'s Hawaii division, are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803.

- **Berry Aff. ¶ 9**: Mr. Berry's statements regarding licensing his software to Fleming and his previous lawsuit are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's testimony regarding the terms of the EULA and the applicability of the Copyright Act is an improper legal conclusion. *See U.S. Small Bus. Admin.*, 1997 WL 45514, at *3. Mr. Berry's testimony regarding the contents of the EULA violates the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002. Mr. Berry's statement that "[he] knew that Fleming would have to make changes to [his] works if they didn't stop using them as they had stated was their intention," is speculative and lacks foundation in personal knowledge and is hearsay as to what Fleming allegedly stated. FED. R. EVID. 802, 803, 602.

- **Berry Aff. ¶ 10**: Mr. Berry's statements regarding licensing his software to Fleming and his previous lawsuit are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's testimony regarding a reservation of rights contained in the EULA is a violation of the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002.

- **Berry Aff. ¶ 11**: Mr. Berry's statements regarding licensing his software to Fleming and his previous lawsuit are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's testimony regarding the contents of the second addendum to the EULA violates the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002.

- **Berry Aff. ¶ 12**: Mr. Berry's statements regarding licensing his software to Fleming and his previous lawsuit are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Berry Aff. ¶ 13**: Mr. Berry's statements concluding that his former counsel, the Ichida firm, breached attorney-client privilege is an improper legal conclusion. *See U.S. Small Bus. Admin.*, 1997 WL 45514, at *3. Berry's assertions about the occurrence and contents of conversations between Mr. Ichida and Defendants and their counsel are speculative and lack foundation in personal knowledge. FED. R. EVID. 602. Mr. Berry's testimony that he has "seen evidence that Mr. Ichida began his communications with the Kirkland & Ellis firm prior to . . ." is a violation of the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002. Mr. Berry's testimony concerning statements made to the Office of Disciplinary Counsel contains hearsay within hearsay, neither layer of which comes within an exception. FED. R. EVID. 802, 803. Mr. Hogan's characterization of what Mr. Ichida allegedly "believed" is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602.

- **Berry Aff. ¶ 14**: Mr. Berry's statements about what Mr. Hogan allegedly told him about Mr. Ichida's willingness to file the "Lender Case" is inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. Mr. Berry's testimony regarding when Mr. Hogan became convinced that Mr. Ichida had "sold [him] out to Lex Smith" lacks foundation in personal knowledge. FED. R. EVID. 602. Mr. Berry's statements about the contents of an email he sent to Wes Ichida violate the best evidence rule and are therefore inadmissible. FED. R. EVID. 1002.

- **Berry Aff. ¶¶ 15, 16**: Mr. Berry's statements recounting what Mr. Ichida wrote in an email thread are inadmissible hearsay not subject to any exception and violate the best evidence rule and are therefore inadmissible. FED. R. EVID. 802, 803, 1002. Mr. Berry's testimony regarding C&S' operations and locations is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602.

- **Berry Aff. ¶ 17**: Mr. Berry's testimony about the supposed "murder for hire" plot, including his certainty that the process server had a gun because she had her hand in her coat pocket, the reasons he thinks Mike Baumann was in the West Palm Beach airport (which he was not), and the reasons he thinks that the divorce complaint was allegedly tattered, is speculative and lacks any foundation in personal knowledge. FED. R. EVID. 602. Mr. Berry's testimony that "[his] wife actively works with the willful infringers in violation of spousal privilege" is an improper legal conclusion, is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602; *see U.S. Small Bus. Admin.*, 1997 WL 45514, at *3.

- **Berry Aff. ¶¶ 18-20**: Mr. Berry's testimony regarding the contents of various unauthenticated websites contains inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. Contrary to Mr. Berry's unsupported assertion, the contents of these websites do not qualify as business records because they were not made by a person with knowledge under a duty to keep them in the regular course of business. FED. R. EVID. 803(6). Mr. Berry did not create these websites, rather their individual authors purportedly did. While the "principal precondition to admission of documents as business records pursuant to Federal Rule of Evidence 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable," *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994) (quoting *Saks Int'l, Inc. v. M/V "Export Champion"*, 817 F.2d 1011, 1013 (2d Cir. 1987)), there is no basis for accepting the trustworthiness of a variety of unauthenticated websites Mr. Berry allegedly researched. Mr. Berry's testimony regarding his alleged research on various unauthenticated freight-related websites is also irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Finally, Mr. Berry's statement that Unicold was "used by Fleming and is presently used by C&S," and his testimony regarding Teresa Noa is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602.

- **Berry Aff. ¶ 21**: Mr. Berry's testimony regarding his alleged research on various unauthenticated freight-related websites is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's testimony that Fleming obtained the domain name "Fleming-Logistics.com" is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602.

- **Berry Aff. ¶¶ 22, 23**: Mr. Berry's testimony regarding the contents of various unauthenticated websites contains inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. Contrary to Mr. Berry's unsupported assertion, the content of these websites do not qualify as business records because they were not made by a person with knowledge under a duty to keep them in the regular course of business. FED. R. EVID. 803(6). Mr. Berry did not create these websites, rather their individual authors purportedly did. While the "principal precondition to admission of documents as business records pursuant to Fed.R.Evid. 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable," *Potamkin Cadillac Corp.*, 38 F.3d at 632 (quoting *Saks Int'l, Inc. v. M/V "Export Champion"*, 817 F.2d 1011, 1013 (2d Cir. 1987)), there is no basis for accepting the trustworthiness of a variety of unauthenticated websites Mr. Berry allegedly researched. Mr. Berry's testimony regarding his alleged research on various unauthenticated freight-related websites is also irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Additionally, Mr. Berry's unsupported "assum[ption]" that Mr. Kors was in any way responsible for a tariff change on the Matson website is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602. And Mr. Berry's testimony that any use of his freight system would be infringement is an improper legal conclusion. *See U.S. Small Bus. Admin.*, 1997 WL 45514, at *3. Finally, Mr. Berry's testimony that the Matson website is "generally considered to contain the prices and rules that are related to ocean freight shipments . . ." lacks foundation and is inadmissible. Fed. R. 602.

12

- **Berry Aff. ¶ 24**: Mr. Berry's testimony regarding his interpretation of the phrase "overseas shipping" is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Berry Aff. ¶ 25**: Mr. Berry's testimony is irrelevant, as it does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Berry Aff. ¶ 26**: Mr. Berry's statement that he overheard Mr. Smith allegedly admit to C&S' use of Mr. Berry's software while on a speakerphone conference with Mr. Hogan is inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. It is also irrelevant as it does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's testimony regarding which parties Mr. Smith was allegedly representing while speaking to Mr. Hogan is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602.

- **Berry Aff. ¶ 27**: Mr. Berry's testimony regarding his alleged research on various unauthenticated freight-related websites is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's testimony regarding his "discovery" that Fleming-Logistics.com "was being managed by Mark Dillon" is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's testimony regarding the contents of the website "NetworkSolutions.com" is a violation of the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002. Mr. Berry's testimony regarding the contents of the "NetworkSolutions" website is inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803.

- **Berry Aff. ¶ 28**: Mr. Berry's testimony regarding his alleged research on various unauthenticated freight-related websites is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.

- **Berry Aff. ¶¶ 29-32**: Mr. Berry's testimony regarding his alleged research on various unauthenticated freight-related websites is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402. Mr. Berry's testimony regarding the contents of various unauthenticated websites contains inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. Contrary to Mr. Berry's unsupported assertion, the content of these websites do not qualify as business records because they were not made by a person with knowledge under a duty to keep them in the regular course of business. FED. R. EVID. 803 (6). Mr. Berry did not create these websites, rather their individual authors purportedly did. While the "principal precondition to admission of documents as business records pursuant to Fed.R.Evid. 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable," *Potamkin Cadillac Corp.,* 38 F.3d at 632 (quoting *Saks Int'l, Inc. v. M/V "Export Champion",* 817 F.2d 1011, 1013 (2d Cir. 1987)), there is no basis for accepting the trustworthiness of a variety of unauthenticated websites

13

> Mr. Berry allegedly researched. Mr. Berry's testimony regarding the alleged contents of the "Senderbase" website is a violation of the best evidence rule and is therefore inadmissible. FED. R. EVID. 1002.
>
> - **Berry Aff. ¶ 30**: Mr. Berry's testimony regarding the method by which the "Senderbase" website functions is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602.
>
> - **Berry Aff. ¶ 31**: Mr. Berry's assertion that Mr. Kors and his counsel "tipped . . . off" Mark Dillon about use of the "clandestine" Fleming-Logistics.com website and that Defendants, their counsel, or Mark Dillon did anything related to the website is speculative and lacks foundation in personal knowledge. FED. R. EVID. 602. Mr. Berry's statement about "others' ongoing infringement activity" is an improper legal conclusion. *See U.S. Small Bus. Admin.*, 1997 WL 45514, at *3.
>
> - **Berry Aff., Ex. 3**: The statements Mr. Berry makes in his email to Mr. Ichida are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. The various emails between Mr. Berry and his former counsel, the Ichida firm, are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.
>
> - **Berry Aff., Ex. 4**: The statements made in this email thread between Mr. Hogan, Mr. Berry and Mr. Ichida are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. The various emails between Mr. Berry and his former counsel, the Ichida firm, are irrelevant. They do not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.
>
> - **Berry Aff., Ex. 6**: The mass email from Unicold Corporation regarding a rail traffic embargo is irrelevant. It does not tend to prove or disprove any material fact of consequence to the determination of Defendants' summary judgment motion. FED. R. EVID. 401, 402.
>
> - **Berry Aff., Exs. 7-13**: The statements allegedly made on various unauthenticated freight-related websites (which themselves contain a caveat that the information contained therein should not be relied upon) are inadmissible hearsay not subject to any exception. FED. R. EVID. 802, 803. The various printouts from unauthenticated websites are irrelevant. They do not tend to prove or disprove any fact of consequence in this litigation. FED. R. EVID. 401, 402.

## IV.   CONCLUSION

Defendants respectfully request that the Court deem Defendants' material facts admitted for purposes of this motion because of Berry's failure to comply with Local Rule 56.1 or, in the alternative, Defendants request that the Court (i) deem Berry's evidence as inadmissible for all of

14

the aforementioned reasons and (ii) find that Berry failed to identify any disputed facts for purposes of Defendants' summary judgment motion.

DATED:  March 28, 2008

By: /s/ Erin N. Brady

KIRKLAND & ELLIS LLP
Michael E. Baumann (*pro hac vice* pending)
Erin N. Brady (*pro hac vice* pending)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:     (213) 680-8400
Facsimile:       (213) 680-8500
E-mail:            ebrady@kirkland.com

Counsel for Defendants Post Confirmation Trust and Robert Kors