# EXHIBIT B
# PART 3

The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************

 

Pages from Fleming's Reply Brief.pdf   Pages from 9th Circuit Memo.pdf

| | | |
|---|---|---|
| Michael Baumann/Los Angeles/Kirkland-Ellis<br>01/29/2008 12:29 PM | To | "Tim Hogan" <tjh@timhogan.com> |
| | cc | "Erin Brady" <ebrady@kirkland.com>, "Richard Wynne" <rwynne@kirkland.com> |
| | bcc | Wade Ackerman/Los Angeles/Kirkland-Ellis |
| | Subject | RE: Robert Kors' Admission |

Tim:

Your response did not address the point I made. In both your December 2004 letter, and in court filings, you and Mr. Berry have acknowledged that the license agreement was rejected by the debtor. The claim that the license was not rejected in the bankruptcy is untrue. Nothing in your explanation below provides any reason for naming Mr. Kors in his individual capacity in the claim. I suggest you agree to drop the claim or, as with the conversion and breach of duty claims, we will have no choice but to seek sanctions.

I read with interest Lex Smith's declaration. Given the declaration, there appears to be no basis for your continued assertion of the claim that client funds were converted, that a lien was purchased from your former firm, or that anyone acted to cause process to be served on Mr. Berry in his divorce case other than his wife. More particularly, there is certainly nothing in the declaration that would explain or justify an accusation that Mr. Kors or the PCT aided in any alleged misconduct and you have refused to provide any basis for naming the PCT or Mr. Kors in these counts. Again, unless you withdraw these claims against the PCT and Mr. Kors, we will seek leave to file a Rule 11 motion.

Mike

"Tim Hogan" <tjh@timhogan.com>



| | | |
|---|---|---|
| "Tim Hogan"<br><tjh@timhogan.com><br>01/28/2008 03:31 PM | To | "Michael Baumann" <mbaumann@kirkland.com>, "Erin Brady" <ebrady@kirkland.com> |
| | cc | "Richard Wynne" <rwynne@kirkland.com> |
| | Subject | RE: Robert Kors' Admission |

Mike:

When you use the term "rejection" I think you are using a term of art the implication of which you may not understand.

"Termination" of license simply results under well settled authority in the loss of any defense to infringement civil and criminal for continued use after "termination." I note that Mr. Kors has confirmed to me the continued use after termination and I'm confirming again to you the lack of any defenses. I know of no rejection effected by the PCT and therefore in my view it remains liable to Mr. Berry for an accruing liability.

"Rejection" is a term of art related to "executory contracts" in the bankruptcy setting specifically 11 U.S.C. Sec. 365. I'll put the terms of art in quotes.

Fleming and C&S have been unable to "assume" and "assign" the Berry EULA where the basis of the "assumption" and "assignment" is that Berry should get nothing, and at the same time unwilling to "reject" the EULA under the erroneous view that by refraining from doing so, the players are protected ongoing

infringement liability. The "termination" letter was sent to make clear that none of these defenses continue, but had nothing to do with "rejection" as a Bankruptcy term of art as your email implies. Throughout the Bankruptcy and the Second Hawaii case your firm's client claimed to be the holder of a license that was not "rejected" or "terminated" and that defense protected the client from willful infringement liability but also now sets up a judicial estoppel.

Because Mr. Berry obtained "relief from stay" "prior to confirmation", he was free to "terminate" and did so. Mr. Berry has never sought "rejection" in part because leaving the PCT on the hook seemed like a good idea at the time and its still does. You can check with Mr. Wynne, but the "termination" and even a "rejection" would not affect the contract rights under the "executory contact," in this case, the EULA and its addenda, to seek specific performance or the liquidated damages set forth therein if performance is not possible. If Mr. Wynne is trying to hook up Section 365(n)(1)(B) please advise him he is chasing a red herring. That section applies where the debtor is a "licensor" not a "licensee" as in this case. Fleming's "license" prohibited any rights to license Berry's works under any circumstances.

Because the PCT continues to support C&S's illegal use, the PCT continues to accrue administrative. Also, as to "rejection", you might remember that prior to his escape to Minnesota, Mr. Liebeler had been dealing with "assumption" related issues with C&S for many years, well past confirmation. Based on the recent status report Mr. Wynne has admitted that the only remaining issue related the Mr. Liebeler's former charge is poor old Mr. Berry and the hot software Fleming sold on your Firm's watch.

I trust this will demonstrate that any Rule 11 request will give rise to a violation of Rule 11. If you do not agree, please advise me of the specifics of your disagreement and I will respond according.

Regarding your other threats, what did you think of Lex' declaration?

Regards,

Tim

---

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel    (808) 382-3698
Fax.   (808) 356-1682
Email  tjh@timhogan.com
www    timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Michael Baumann [mailto:mbaumann@kirkland.com]
**Sent:** Monday, January 28, 2008 9:38 AM
**To:** Tim Hogan
**Cc:** Erin Brady; Jonathan Moskin; Richard Wynne
**Subject:** RE: Robert Kors' Admission

Tim:

I want to raise another issue with you before sending a letter to the Court seeking permission to file a Rule 11 motion. The new complaint alleges that a license agreement between Mr. Berry and Fleming may be specifically enforced against the PCT and/or Mr. Kors because the agreement was not rejected in the bankruptcy. You wrote a letter on behalf of Mr. Berry specifically stating that the license agreement had been rejected. In addition, the bankruptcy confirmation plan and order made clear that all agreements not assumed were rejected--presumably the source for the statement in your letter. It is apparent that the premise for the claim for specific performance is wrong and that it was known to be wrong at the time the allegation was made. Are you willing to withdraw the allegation and claim? If not, can you please explain on what basis you are taking this position?

Mike

"Tim Hogan"
&lt;tjh@timhogan.com&gt;

01/18/2008 03:09 PM

To "Michael Baumann" &lt;mbaumann@kirkland.com&gt;
cc "Erin Brady" &lt;ebrady@kirkland.com&gt;, "Richard Wynne" &lt;rwynne@kirkland.com&gt;, "Jonathan Moskin" &lt;jmoskin@ny.whitecase.com&gt;
Subject RE: Robert Kors' Admission

Mike:

It is apparent that you are engaged in discovery by threatening sanctions. I will produce evidence in this case as required by the rules, the PCT and the Lenders' threats notwithstanding. If you have a discovery request, make it under the rules. If you file a motion I will respond. I am copying Mr. Moskin to insure that you are acting under the Lenders' authority.

Tim

**From:** Michael Baumann [mailto:mbaumann@kirkland.com]
**Sent:** Friday, January 18, 2008 11:57 AM
**To:** Tim Hogan
**Cc:** Erin Brady; Richard Wynne
**Subject:** RE: Robert Kors' Admission

Tim:

What did they say to you when you investigated the allegations before filing the complaint? As expected, you had no answer to my questions regarding the basis for your claims. Unfortunately, absent withdrawal of the claims, sanctions will be sought.