# EXHIBIT C

| | | |
|---|---|---|
| Wade Ackerman/Los Angeles/Kirkland-Ellis<br>03/04/2008 05:43 PM | To | Neal San Diego/Los Angeles/Kirkland-Ellis@K&E |
| | cc | |
| | bcc | |
| | Subject | Fw: Berry v. Deutsche Bank  Discovery |

---- Forwarded by Michael Baumann/Los Angeles/Kirkland-Ellis on 02/29/2008 06:41 AM ----



| | | |
|---|---|---|
| "Tim Hogan"<br><tjh@timhogan.com><br>02/28/2008 07:57 PM | To | "Michael Baumann" <mbaumann@kirkland.com> |
| | cc | |
| | Subject | RE: Berry v. Deutsche Bank  Discovery |

Like usual you use your own self serving emails to use for an exhibit to show the court. The K&E special. My original response said

```
Mike:

I have gone through your motion and the support and  my second amended
complaint comparing your support to my burden and I must admit I don't see

how you win much less how you could claim a basis to file under rule 11.

Perhaps if you could detail the facts or legal issues that you believe
give your client a basis under Rule 11, I could adress that and respond in

a constructive manner to your request.   I am presenly away from my
computer.  If your earlier email continues to evidence your basis then you

might just respond by resending it with a note to see same and I will
respond.
```

 You don't deny that you obtained Mr. Ichida's cooperation to give what would be considered privileged if true. That should be summary judgment for Berry. That had nothing to do with his failure to advise his client of matters related to his case and the other violations. You admit to violating your duty as an attorney by using the Ichida affidavit as a publicity stunt. I can prove he was communicating to Wynne and that violates his duty too and Wynne should have known it. That communication predated any disciplinary complaint.  We have an eye witness your alibi witnesses notwithstanding. I have the proof I need to meet your motion as I said in the first place. I may need to apply for 56(f) for the Lynch Ichida bank records, Brawley material and to examine the detectives that confirmed that you were involved and seek some phone records, but I will make that decision soon. Don't take anything in this email as an admission to limit to the evidence I have to defeat your motion.

Tim

---

**Timothy J. Hogan**

EXHIBIT C
Page 1

Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813
Tel     (808) 382-3698
Fax.    (808) 356-1682
Email   tjh@timhogan.com
www     timhogan.com


NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

**From:** Michael Baumann [mailto:mbaumann@kirkland.com]
**Sent:** Thursday, February 28, 2008 5:18 PM
**To:** Tim Hogan
**Subject:** RE: Berry v. Deutsche Bank Discovery


Are you quoting from Mr. Ichida's affidavit when you put single quotation marks around "our case is without merit"? My recollection of the affidavit is that with respect to the allegations against Kors and the PCT, Mr. Ichida responded to your e mail inquiries by advising you that the accusations you and Mr. Berry were levelling against him and your former firm were untrue. What privilege do you think allows Mr. Berry to make false accusations of conversion or breach of fiduciary duty and bars the accused from responding?

As to your question "What other claim did you say we couldn't prove?" the answer is all of the claims made against Kors, PCT and the Lenders to start. Your e mail is silent on the false allegation that I pointed out Berry to process servers. Your e mail is silent on the complete absence of merit to the allegation of a secret deal, a payment to Lynch Ichida, or the purchase of a lien. Other than your effort to construct a disciplinary violation, which is unconvincing given that the question is whether you followed your obligations under the rules before making these claims, you have not been able to rationalize your apparent decision to plow ahead.

Tim, I am finished trying to convince you and Mr. Berry to withdraw false claims. We will serve you with a Rule 11 motion and reply to whatever opposition you muster to the summary judgment motion.


"Tim Hogan" <tjh@timhogan.com>

02/28/2008 05:43 PM                    To "Michael Baumann" <mbaumann@kirkland.com>
                                       cc
                                       Subject RE: Berry v. Deutsche Bank Discovery


EXHIBIT C
Page 2

It's simple.  An attorney stating 'our case is without merit' whether true or in this case false,  is making a statement regarding the merrits of the case that is privileged.
  I informed you that Mr  Berry never waived the privilege thus the act of his renegade attorney who you encouraged to commit the breach of duty results in no waiver.  I informed you and asked you to withdraw it and you on Kors behalf refused thus both independently violating the DRs  That is both encouraging and abbetting aiding and abbetting a breach of the DRs.  What other claim did you say we couldn't prove?

---

Timothy J. Hogan
Sent via Windows Mobile

-----Original Message-----
From: Michael Baumann <mbaumann@kirkland.com>
Sent: Thursday, February 28, 2008 3:32 PM
To: Tim Hogan <tjh@timhogan.com>
Subject: RE: Berry v. Deutsche Bank  Discovery

I am not familiar with the affidavit fairy, but I do know I haven't talked to Wes Ichida and barely know the man.  Your second paragraph is a bit cryptic--are you referring to the Kors affidavit or to Kors and PCT offering the affidavit of Wes Ichida?  Either way, it is not at all clear why you think these violate some ethical duty of Mr. Ichida's.  I guess the bottom line on this is you and Mr. Berry wish to proceed with the complaint and its allegations about Kors and the PCT as written.


"Tim Hogan" <tjh@timhogan.com>
02/28/2008 05:08 PM

To
"Michael Baumann" <mbaumann@kirkland.com>
cc

Subject
RE: Berry v. Deutsche Bank  Discovery



I guess Wes' affidavit that contained false, but if true, cleary priveleged facts that, were  also coincidentally  in Rick Wynne's earlier letter, came from the affadavit fairy.  Your answer is pretty much what I expected.

I also take it that Kors will continue to offer the affidavit he obtained in clear, and now knowing,  violation of Wes' ethical obligations.

---

Timothy J. Hogan
Sent via Windows Mobile

-----Original Message-----

EXHIBIT C
Page 3

From: Michael Baumann <mbaumann@kirkland.com>
Sent: Thursday, February 28, 2008 2:57 PM
To: Tim Hogan <tjh@timhogan.com>
Subject: RE: Berry v. Deutsche Bank   Discovery

Tim:

I think the only time I have ever talked to Wes Ichida is when you were there in Hawaii for the trial.  I don't see why you think I can get him to

agree to anything.  C'mon, let's end this part of the fight before it spins even more out of control.

Mike


"Tim Hogan" <tjh@timhogan.com>
02/28/2008 04:43 PM

To
"Michael Baumann" <mbaumann@kirkland.com>
cc

Subject
RE: Berry v. Deutsche Bank   Discovery




Mike:

Can you get Wes to agree to let me view the accounts at the bank?  That would go a long way to resolving this.

_____
Timothy J. Hogan
Sent via Windows Mobile

-----Original Message-----
From: Michael Baumann <mbaumann@kirkland.com>
Sent: Thursday, February 28, 2008 1:51 PM
To: Tim Hogan <tjh@timhogan.com>
Subject: RE: Berry v. Deutsche Bank   Discovery

Tim:

If you are referring to our earlier e mail correspondence in which I asked


for the basis for the allegations, I can forward that if you like.  The facts are that allegations at the heart of your claims against the PCT and


Kors are untrue.  My point, I think, is not very subtle.  There are now affidavits confirming under oath the facts that I was not in Florida, that

EXHIBIT C
Page 4

no payments were made by Kors and the PCT to the Lynch Ichida firm, that no attorney lien was bought or sold, no process encouraged or served at the behest of Kors and the PCT in the Berry divorce, no money received from Lynch Ichida, no settlement secret or otherwise of Berry claims with Lynch Ichida and no unrejected license agreement. Kors and the PCT did not attempt to buy or agree to buy Lynch Ichida's unperfected attorney lien and were not present to ask and did not direct questions to be asked of Berry in his deposition. What is the point of continuing this?


"Tim Hogan" <tjh@timhogan.com>
02/28/2008 03:29 PM

To
"Michael Baumann" <mbaumann@kirkland.com>
cc

Subject
RE: Berry v. Deutsche Bank   Discovery




Mike:

I have gone through your motion and the support and  my second amended complaint comparing your support to my burden and I must admit I don't see


how you win much less how you could claim a basis to file under rule 11.

Perhaps if you could detail the facts or legal issues that you believe give your client a basis under Rule 11, I could adress that and respond in


a constructive manner to your request.   I am presently away from my computer.  If your earlier email continues to evidence your basis then you


might just respond by resending it with a note to see same and I will respond.

Timothy J. Hogan
Sent via Windows Mobile

-----Original Message-----
From: Michael Baumann <mbaumann@kirkland.com>
Sent: Thursday, February 28, 2008 12:54 PM
To: Tim Hogan <tjh@timhogan.com>
Subject: RE: Berry v. Deutsche Bank   Discovery

Tim:

Now that you have had an opportunity to consider our summary judgment papers, I ask you to reconsider continuing your suit against the PCT and Mr. Kors. If you are going to drop these claims, now is the time to do it

EXHIBIT C
Page 5

before the PCT and Mr. Kors incur the expense of drafting a sanctions motion and before Mr. Berry and you incur the costs of drafting an opposition to our summary judgment motion. As you said at the hearing, your primary focus has never been the PCT and Mr. Kors. Let me know if you will dismiss the claims against them so we don't have to draft and serve a Rule 11 motion.

Mike


"Tim Hogan" <tjh@timhogan.com>
02/27/2008 05:21 PM

To
"Wesley W. Ichida" <wes@loio.com>, "Robert Penchina" <RPenchina@lskslaw.com>, "Michael Baumann" <mbaumann@kirkland.com>, "Christopher Beall" <CBeall@lskslaw.com>, "Erin Brady" <ebrady@kirkland.com>, "Cheryl R. Brawley" <attorney4@hawaiiantel.net>, "Andrew P. DeNatale" <adenatale@whitecase.com>, "Christopher M. Mason" <cmason@nixonpeabody.com>, "Jonathan Moskin" <jmoskin@ny.whitecase.com>, "Richard Wynne" <rwynne@kirkland.com>
cc
"Maile M. Hirota" <maile@loio.com>, "Steven J. Kim" <sjk@loio.com>, "William F. Thompson III" <wft@loio.com>, "Paul A. Lynch" <pal@loio.com>, "Lex R. Smith" <lsmith@ksglaw.com>
Subject
RE: Berry v. Deutsche Bank   Discovery




Dear Counsel:

Under a separate cover, I have communicated with Mr. Ichida regarding his email and certain maters that were included in the PCT-Kors Motion for Summary Judgment. I am hoping that he will act today to correct this matter. As to remainder of Mr. Ichida's letter, suffice it to say that his representations are denied.

Because he has not yet withdrawn from one of the Berry matters, I request that counsel include me in any further discussion with Mr. Ichida or members of his firm.

Tim Hogan


---
Timothy J. Hogan
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii  96813
Tel        (808) 382-3698
Fax.       (808) 356-1682
Email      tjh@timhogan.com

EXHIBIT C
Page 6

www     timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

-----Original Message-----
From: Wesley W. Ichida [mailto:wes@loio.com]
Sent: Wednesday, February 27, 2008 1:16 PM
To: Tim Hogan; Robert Penchina; Michael Baumann; Christopher Beall; Erin Brady; Cheryl R. Brawley; Andrew P. DeNatale; Christopher M. Mason; Jonathan Moskin; Richard Wynne
Cc: Maile M. Hirota; Steven J. Kim; William F. Thompson III; Paul A. Lynch; Lex R. Smith
Subject: RE: Berry v. Deutsche Bank Discovery

Dear Mr. Hogan: I have no idea what is being circulated concerning a letter to Ms Brawley which you have not attached. Nevertheless, I wanted to inform you and all other counsel involved that the Lynch Ichida Firm, whose bank accounts you are proposing to subpoena strenuously objects to the subpoena and will definitely move to quash it if it is ever served.
        By e-mail dated December 17, 2007 at 4:36 p.m., I informed you that your allegations that this Firm assigned or sold its attorneys' fees lien on Berry's recovery to Lex Smith's client or connected parties were not accurate. In addition, as you are aware, this Firm has not yet perfected its lien such that it could be assigned. In spite of that, you amended Mr. Berry's Complaint to allege the exact matters that you were told were not true. I am sure that Mr. Lex Smith would also tell you the same thing if he has not already done so: that there was never any offer, or any agreement, and no money or other consideration was ever received by this Firm from Lex Smith, or anyone else for this Firm's attorney's lien pertaining to Mr. Berry. Moreover, this Firm has already provided you and Mr. Berry with all of the accounting of his accounts with this Firm and in our Clients' Trust account, as you had requested. There is nothing more we can do.

        Now you are threatening to subpoena the Firm's bank accounts with CPB. All of those records are highly confidential and include information which is confidential as they pertain to our other clients. Your subpoena is overly broad and includes those confidential matters which do not concern Mr. Berry in any way. Compliance with your subpoena may cause us to breach our other clients' confidentiality. Except for your imagination, you have absolutely nothing to support your allegations in any way.
        You are on a totally unsupportable fishing expedition. We demand that you not go forward with the Subpoena. If you do, we will not only move to quash as set forth above, but we will also seek sanctions against you and Mr. Berry.

Very Truly Yours,

Wes Ichida

EXHIBIT C
Page 7

-----Original Message-----
From: Tim Hogan [mailto:tjh@timhogan.com]
Sent: Wednesday, February 27, 2008 12:10 PM
To: Robert Penchina; Michael Baumann; Christopher Beall; Erin Brady; Cheryl R. Brawley; Andrew P. DeNatale; Wesley W. Ichida; Christopher M. Mason; Jonathan Moskin; Richard Wynne
Subject: RE: Berry v. Deutsche Bank Discovery

Mr. Penchina:

Thank you for your response. I copied Ms. Brawley on the email. I will fax a letter to her, with copy to all counsel tomorrow after 5:00 p.m. EST barring any further objection or comment from other counsel.

Regards,

Tim Hogan

---

Timothy J. Hogan
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii  96813
Tel       (808) 382-3698
Fax.      (808) 356-1682
Email     tjh@timhogan.com
www       timhogan.com


NOTICE: This email may contain confidential information that may be subject to privilege. If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.
-----Original Message-----
From: Robert Penchina [mailto:RPenchina@lskslaw.com]
Sent: Wednesday, February 27, 2008 9:36 AM
To: Tim Hogan; Michael Baumann; Christopher Beall; Erin Brady; Cheryl R. Brawley; Andrew P. DeNatale; Wesley Ichida; Christopher M. Mason; Jonathan Moskin; Richard Wynne
Subject: RE: Berry v. Deutsche Bank Discovery

Mr. Hogan-
Your proposal is acceptable to me provided that you circulate to all on this email a copy of your communication with Ms. Brawley's firm. I am speaking only on behalf of GECC, and do not know whether the proposal is acceptable to any of the other defendants.
Thank you for your cooperation on this issue.

-----Original Message-----
From: Tim Hogan [mailto:tjh@timhogan.com]
Sent: Wednesday, February 27, 2008 2:26 PM
To: Michael Baumann; Christopher Beall; Erin Brady; Cheryl R. Brawley; Andrew P. DeNatale; Wesley Ichida; Christopher M. Mason; Jonathan Moskin; Richard Wynne; Robert Penchina
Subject: Berry v. Deutsche Bank Discovery

Dear Counsel.

I have gone back through my notes regarding our conferences with Judge Pauley related to Mr Pencina's objection to my discovery. Rather than

EXHIBIT C
Page 8

risk proceding in face of the objection, and defering to Mr Penchina I will refrain from serving the Central Pacific Bank Subpeona and request that Ms. Brawley's firm delay compliance with my Subpoena until the matter is resolved. Can counsel please advise me if this would be acceptable. I would prefer to not have to withdraw the Brawley's & Assoc. subpeona but will if requested.

Thank you,

Tim Hogan

---

Timothy J. Hogan
Sent via Windows Mobile

************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************


************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************


************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited

EXHIBIT C
Page 9

and may be unlawful.  If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************

*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee.  It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful.  If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************

*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************

EXHIBIT C
Page 10