# EXHIBIT D

```
82DFBERC                                                          1
```

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   WAYNE BERRY,

 4               Plaintiff,

 5        v.                              07 CV 7634 (WHP)

 6   DEUTSCHE BANK TRUST COMPANY
     AMERICAS, et al,
 7
                 Defendants.
 8
     ------------------------------x
 9                                        New York, N.Y.
                                          February 13, 2008
10                                        12:30 p.m.

11   Before:

12                 HON. WILLIAM H. PAULEY III,

13                                          District Judge

14                      APPEARANCES

15   TIMOTHY JOSEPH HOGAN (by telephone)
         Attorney for Plaintiff
16
     WHITE & CASE LLP
17       Attorney for Defendant Deutsche Bank
     JONATHAN E. MOSKIN
18
     KIRKLAND & ELLIS LLP
19       Attorneys for Defendant Deutsche Bank
     MICHAEL EDWARD BAUMANN
20

21   LEVINE, SULLIVAN, KOCH & SCHULZ, LLP
         Attorneys for Defendant General Electric
22   ROBERT PENCHINA

23   NIXON PEABODY LLP
         Attorneys for Defendant C&S Wholesale Grocers, Inc.
24   CHRISTOPHER MAY MASON

25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   there any view as to whether or not if we put it off for a
2   short period of time we would be able to hear -- I'd be able to
3   hear all the motions at once?
4           MR. BAUMANN:  We certainly could do the summary
5   judgment motion and have it heard by the April 4 date, I
6   believe.  I agree with you that because of the 21-day safe
7   harbor provision that it would be difficult, if not impossible,
8   to meet the April 4 deadline.  So the solution -- I'm a little
9   hesitant to move out the time that we have to stay involved in
10  this case by moving the April 4 date.  I'd rather have -- I
11  guess I'd rather have the sanctions heard at a later time and
12  go ahead and tee up the actual substantive motions and set a
13  different briefing schedule on the sanctions motion.  It would
14  still give an opportunity within the safe harbor period to
15  avoid the need to even have the summary judgment hearing.
16          THE COURT:  Mr. Hogan, do you have a view on that?
17          MR. HOGAN:  Yes, your Honor.  If I may just get off
18  for just a bit, your Honor.  One of the issues in this case I
19  think would be decided on summary judgment is the ongoing
20  infringement of C&S, the PCT's involvement in that and its
21  liability under the RICO statute.  If we're going to set a
22  briefing schedule for summary judgment, rather than do it
23  piecemeal -- and that's what counsel is suggesting -- in order
24  to get the PCT out as soon as possible, it makes more sense to
25  set a rational briefing schedule for summary judgment motions

1    in total in this case. If this were not done under the Hawaii
2    rules, your Honor, I would file a counter motion to the motions
3    that are pending and seek summary judgment. That's what was
4    pending when this case was moved from Hawaii. We believe the
5    prior adjudications, the writ of mandate of the Ninth Circuit,
6    indicate that C&S is using Mr. Berry's software. It has no
7    license. The PCT has facilitated that use and that the parties
8    are liable for infringement. If we prevail on that, your
9    Honor, you know, I, frankly, can move off of the other issues
10   regarding the PCT, because it's a significant hit against the
11   PCT and I don't need to go forward on the other matters.
12          What they're trying to do, and they've been successful
13   in the past, is to nibble at this thing, and the reality is, I
14   think when your Honor reads the responses to the motions that
15   are pending now, it will either, you're either going to say Mr.
16   Hogan, goodbye, you lose, or C&S, PCT and the lenders may be n
17   a different class, you lose, and it's going to be very, very
18   obvious that it's something that can be decided on summary
19   judgment, because it's based on prior adjudication. It's not
20   based on a -- and I will just tell you, your Honor, I'll put it
21   out here. Mr. Berry will testify that he saw Mr. Baumann in
22   the airport when he got off his plane on August 14. So
23   Mr. Baumann is going to put in a declaration that says "I
24   wasn't there" and Mr. Berry is going to put in a declaration
25   that says he was. Mr. Baumann has apparently already seen --

82DFBERC

1  Mr. Berry filed that months ago in another proceeding, it's not
2  something he just made up. What he's trying to do is
3  essentially increase the cost of the litigation; to bury
4  Mr. Berry, no pun intended, your Honor, and to make it
5  impossible for him to protect his copyrights, while a case is
6  pending in the Ninth Circuit that will decide many of the
7  issues as well.
8           I understand Mr. Kors -- I want to take his deposition
9  because Mr. Kors knows what happened, and if Mr. Kors testifies
10 under oath, he will testify that he is aware that the PCT is an
11 infringer, he has given them aid and that he is liable for
12 that.
13          Now, what I'm saying is, I fully agree this case
14 should be done on summary judgment. I do not believe there's
15 going to be a need to hold a trial with the exception of
16 damages, if I prevail, just like the last trial. But what
17 Mr. Baumann is suggesting is, one, don't give me any discovery.
18          I just want to make one comment, your Honor. The
19 $200,000 that Mr. Baumann just mentioned regarding the
20 settlement and who owes who, I don't think I've ever seen that
21 number appear in any document that was filed in court or
22 produced in discovery. This is an issue that I've never been
23 aware of until Mr. Baumann mentioned it in court. I admit I'm
24 getting old, but I have a pretty good memory for the facts of
25 this case, and that's evidence that there's things out there

1          THE COURT:  Anything further Mr. Hogan?

2          MR. HOGAN:  No, other than to thank the Court for

3   allowing me to appear telephonically.

4          THE COURT:  Well, you're missing an absolutely

5   dreadful day New York.

6          MR. HOGAN:  I miss the weather, though, your Honor.  I

7   lived in New York for many years and I have to admit again I

8   miss the seasons.

9          THE COURT:  I don't miss a day like today.  All right?

10  Have a good afternoon.

11         MR. HOGAN:  Thank you, your Honor.

12         (Adjourned)

13

14

15

16

17

18

19

20

21

22

23

24

25