# EXHIBIT K



**Kelly Warren/Los Angeles/Kirkland-Ellis**
02/24/2008 04:47 PM

To  Kelly Warren/Los Angeles/Kirkland-Ellis,
cc
bcc
Subject  Fw: PCT, Kors and Lenders



**"Tim Hogan"**
<tjh@timhogan.com>
02/16/2008 03:40 PM

To  "Michael Baumann" <mbaumann@kirkland.com>
cc  "Andrew DeNatale" <adenatale@whitecase.com>,
     "Christopher M. Mason" <cmason@nixonpeabody.com>,
     "Erin Brady" <ebrady@kirkland.com>, "Jonathan Moskin"
     <jmoskin@ny.whitecase.com>, <rwynne@kirkland.com>
Subject  RE: PCT, Kors and Lenders

Mike:

I was tempted to address each point but then realized that you need to file a motion for summary judgment and I have no reason to assist you where you are seeking discovery and clearly not trying to address anything constructive under 408, just more threats.

You can be certain that all the allegations are fully vetted and will withstand your motion. Just to be sure, the small amount of discovery I am contemplating will, in my view, put an end to this absurdity once an for all.

So, like you, don't take my failure to respond as anything other than my right to hold my cards while you, Kors C&S, Hosoda and the Lenders go all in.

Tim Hogan

---

**Timothy J. Hogan**
Attorney at Law
1050 Bishop Street, No. 433
Honolulu, Hawaii  96813
Tel     (808) 382-3698
Fax.    (808) 356-1682
Email   tjh@timhogan.com
www    timhogan.com

NOTICE: This email may contain confidential information that may be subject to privilege.  If you are not the intended recipient or received this message in error, please do not make any copies, contact the sender at tjh@timhogan.com and delete the message immediately.

EXHIBIT K
Page 1

**From:** Michael Baumann [mailto:mbaumann@kirkland.com]
**Sent:** Saturday, February 16, 2008 12:44 PM
**To:** Tim Hogan
**Cc:** Andrew DeNatale; Christopher M. Mason; Erin Brady; Jonathan Moskin; rwynne@kirkland.com
**Subject:** RE: PCT, Kors and Lenders

Tim

As far as I know, you are the only one talking to whoever the investigator is that you are talking to. To say the least, I am disappointed that you continue to pursue these false claims.  Doesn't the fact that the investigator "would only talk with Cheryl Brawley or Julianne Berry on the phone" confirm to you that they, and not me, the PCT, the lenders, or Robert Kors, hired the investigator?  Can you explain why you made the claims you did before contacting the investigator?  You certainly never gave me the courtesy of a call to determine if your claims were true.  By contrast, I gave you a fair opportunity to explain the basis for the claims filed against Robert Kors and the PCT and advised you that we would be forced to seek sanctions absent some reasonable response.  You, by contrast, threw my name into your ethics complaint against your old firm and added it to the complaint you filed in New York without any investigation and without regard to the truth of the claims.  I have no reason to stop you from talking to the investigator or Ms. Brawley or to discourage them from talking to you.  It was my hope that during the course of your belated effort to find out if there was any merit to your client's claims you would learn that the allegations were false and drop the claims.  Of course, this was what you should have done at the outset.

As to your first paragraph, Brian Christensen is a judgment creditor of Mr. Berry.  Mr. Berry has refused to pay.  Your effort to create some excuse for that behavior is rejected.  As to the threat of yet another baseless complaint against Mr. Kors, is it your belief that volume makes up for lack of merit?

As to Core-Mark, you stated on the record that the Core-Mark claim would be dismissed with each party to bear its own fees and costs.  The stipulation so provides.  Since counsel for other parties incurred no fees or costs on behalf of Core-Mark, I fail to see the point of your requested modification and do not understand how it differs from what is currently in the stipulation.  Why the stall?

Please do not waste your time by writing back that I have agreed to something, admitted something, or conceded something by responding.  I have not.

Mike

| | | |
|---|---|---|
| "Tim Hogan"<br><tjh@timhogan.com> | To | "Erin Brady" <ebrady@kirkland.com> |
| | cc | "Andrew DeNatale" <adenatale@whitecase.com>, "Christopher M. Mason" <cmason@nixonpeabody.com>, "Jonathan Moskin" <jmoskin@ny.whitecase.com>, "Michael Baumann" <mbaumann@kirkland.com>, <rwynne@kirkland.com> |
| 02/15/2008 06:14 PM | Subject | RE: PCT, Kors and Lenders |

We have already had one party disclaim the authority of their Hawaii counsel. Hosoda is ordinary course hired by the debtor and presumably paid by the PCT. Claiming that Christensen is owed money is

**EXHIBIT K**
**Page 2**

materially false and we both know it. You may not want to answer my email but, if you don't, I believe I must bring the matter regarding Kors conduct to the attention of the United States Trustee. I'll give you until Monday to respond.

I made it clear that all have to agree that fees are not to be claimed regarding Core-Mark's dismissal. I said if all are in agreement, you may circulate it. If not, you may not circulate it. Because that was what was put on the record, I recommend that you modify the stipulation to make clear that no party will claim fees related to the dismissal of Core-Mark.

When I told the investigator that Mike Baumann's firm need more time, he was very gracious and said we could reconvene at 4:30. Something changed his mind in the interim and would only talk with Cheryl Brawley or Julianne Berry on the phone. Last time he told me that Brawley had not hired him. Did anyone at your firm talk to him?

I have requested Ms. Brawley assist I have not had a response.

Tim Hogan


**From:** Erin Brady [mailto:ebrady@kirkland.com]
**Sent:** Friday, February 15, 2008 3:47 PM
**To:** Tim Hogan
**Cc:** Andrew DeNatale; Christopher M. Mason; Jonathan Moskin; Michael Baumann; rwynne@kirkland.com
**Subject:** Re: PCT, Kors and Lenders


Tim, we see no reason to respond to this email. Please do not take our lack of response as anything more than that.

On another note, what is the status of the Core-Mark dismissal? Also, what happened with the Florida personal investigator call?

Erin

**Erin N. Brady | Kirkland & Ellis LLP**
777 South Figueroa Street, Suite 3700 | Los Angeles, CA 90017
(213) 680-8225 **DIRECT** | (213) 808-8012 **FAX**

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

"Tim Hogan"
<tjh@timhogan.com>

|  |  |
|---|---|
| | To "Michael Baumann" <mbaumann@kirkland.com>, "Erin Brady" <ebrady@kirkland.com>, |
| 02/15/2008 11:01 AM | <rwynne@kirkland.com> |
| | cc "Andrew DeNatale" <adenatale@whitecase.com>, "Jonathan Moskin" <jmoskin@ny.whitecase.com>, |
| | "Christopher M. Mason" <cmason@nixonpeabody.com> |
| | Subject PCT, Kors and Lenders |

**EXHIBIT K**
**Page 3**

Dear Counsel:

I presume that Mr. Hosoda, who is presently an ordinary course PCT attorney regarding the Fleming employees, and presently is counsel of record regarding the lenders is acting under the PCT, Kors' and Lenders authority directed from K&E who represents all three.  Please correct me if he lacks authority in this regard.  If he has been cut loose, when did the PCT transfer its rights to recover their payments for the ordinary course work to Christensen and the former employees?  I never saw any claims filed for them and wonder if the PCT is paying money outside of its authority and in violation of federal law and its duties under the PCT agreement.

Tim Hogan

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*