# EXHIBIT N

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 26 2005

at 2 o'clock and 38 min. P.M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANT FOODLAND'S MOTION FOR SUMMARY |
| vs. | ) ) | JUDGMENT; GRANTING DEFENDANT HAWAII TRANSFER COMPANY'S |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) | MOTION FOR SUMMARY JUDGMENT; AND GRANTING IN PART, DENYING IN PART DEFENDANTS DILLON, NOA, AND CHRISTENSEN'S MOTION |
| Defendants. | ) ) | FOR SUMMARY JUDGMENT. |

ORDER GRANTING DEFENDANT FOODLAND'S MOTION FOR SUMMARY JUDGMENT;
GRANTING DEFENDANT HAWAII TRANSFER COMPANY'S MOTION FOR SUMMARY
JUDGMENT; AND GRANTING IN PART, DENYING IN PART DEFENDANTS
DILLON, NOA, AND CHRISTENSEN'S MOTION FOR SUMMARY JUDGMENT.

I.      INTRODUCTION.

Plaintiff Wayne Berry is suing multiple defendants for copyright infringement and related matters. Defendant Foodland Super Market, Limited ("Foodland"), moves to dismiss the Second Amended Verified Complaint ("SAVC"), or, in the alternative, for summary judgment on all claims in which it is named.[1] In a separate motion, Defendant Hawaii Transfer Company, Limited ("HTC"), moves for summary judgment. In a third motion, Defendants Mark Dillon, Brian Christensen, and Teresa Noa

---

[1] Because the court considers evidence beyond the pleadings, the court treats the motion as one for summary judgment with respect to Counts I, II, III, and VI.

1



continued infringement is sufficient to sustain his conspiracy claim, but Berry does not establish this infringement. Accordingly, Berry's claims of conspiracy fail.

>        5.   Berry's Claims Under the Sherman Act with Respect to Foodland and HTC Fail.

In Count V of the SAVC, Berry alleges violations of the Sherman Act, 15 U.S.C. §§ 1-2. Berry alleges that Fleming maintains a monopoly over shipping and distribution of groceries. Berry further alleges that Foodland has allowed Fleming to overcharge it for groceries, thus perpetuating the monopoly. Finally, Berry alleges that the existing conspiracy between Fleming and Defendants in this case allows Fleming to continue its monopolistic practices. Because of these violations, Berry seeks damages under the Clayton Act, 15 U.S.C. § 15.

Berry, however, lacks "antitrust standing" to bring a claim for damages under the Clayton Act. Accordingly, Berry's antitrust claims against both Foodland and HTC are dismissed. Only those who meet the requirements for "antitrust standing" may pursue a claim under the Clayton Act. To have "antitrust standing," a plaintiff must adequately allege and eventually prove "antitrust injury." See Glen Holly Entm't, Inc. v. Tektronix Inc., 343 F.3d 1000, 1007 (9th Cir. 2003). An antitrust injury is not merely an injury caused by an antitrust violation, but more restrictively an "injury of the type the antitrust laws were intended to prevent and that flows from that

21

which makes defendants' acts unlawful." Id. (quoting Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc. 429 U.S. 477, 489 (1977)). Further, "a plaintiff must prove that his loss flows from an *anticompetitive* aspect of the defendant's behavior. If the injury flows from aspects of the defendant's conduct that are beneficial or neutral to competition, there is no antitrust injury, even if the defendant's conduct is illegal per se." Glen Holly, 343 F.3d at 1008 (emphasis in original) (quoting Pool Water Prods. v. Olin Corp., 258 F.3d 1024 (9th Cir. 2001)).

Berry alleges copyright infringement arising out of Defendants' use of unauthorized copies and derivatives of FCS. This is neither the type of injury that the antitrust laws were intended to prevent, nor an injury that flows from Defendants' anticompetitive conduct. At best, Berry's injury flows from Defendant's infringing conduct, which does not diminish competition. Accordingly, the court dismisses all claims under the Sherman Act against Foodland and HTC pursuant to Rule 12(b)(6). See Assoc'd Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519 (1983).

    6. Summary Judgment is Granted to Foodland and HTC on Berry's RICO Claims

In Count VI of the SAVC, Berry alleges violations of RICO, 18 U.S.C. §§ 1962(c) and 1962(d). Berry, however, does not show how he would establish that either Foodland or HTC committed

22

any RICO violation. The court grants summary judgment to Foodland and HTC with regard to Berry's RICO claims.

> Section 1962(c) prohibits
>
> any person employed by or associated with any enterprise engaged in . . . interstate or foreign commerce [] to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs though a pattern of racketeering activity or collection of unlawful debts.

18 U.S.C. § 1962(c). Section 1962(d) prohibits conspiracy to violate RICO provisions.

A viable cause of action under RICO requires a showing of (1) conduct, (2) of an enterprise, (3) through a pattern of (4) racketeering. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 489-87 (1985). Liability under § 1962(c) for substantive violations of the RICO statute is limited to "those who participate in the operation or management of an enterprise through a pattern of racketeering activity." Reves v. Ernst & Young, 507 U.S. 170, 184 (1993).

Berry alleges that Defendants, including Foodland and HTC, committed the following predicate acts: (1) criminal copyright infringement, through the unlicensed and unauthorized use of FCS in the form of "daily boot ups of the Berry system"; (2) bankruptcy fraud for making false declarations; and (3) money laundering by engaging in monetary transactions with money derived from the infringing use of FCS. Berry further alleges a

23

variety of other criminal activity by Defendants, including machine gun smuggling, cigarette smuggling, and connections to "the Providence Rhode Island Patriarcha Crime Family." See Berry RICO Statement at 17-18; Berry Opp. at 7.

With regard to Berry's first allegation, he does not establish criminal copyright infringement. Criminal infringement involves the "willful" infringement of a copyright. See 17 U.S.C. § 506(a). As noted earlier in this order, however, there is no evidence that Foodland or HTC has willfully violated Berry's copyright.

Berry presents no evidence establishing the other criminal activity that he alleges. Berry does present a series of documents purportedly demonstrating the connection between HTC and organized crime figures in Rhode Island and Massachusetts. These documents, however, do not establish any wrongdoing by HTC or Foodland in this case.

Because Berry fails to establish any predicate RICO acts, his claim under 18 U.S.C. § 1962(c) fails with regard to both Foodland and HTC. Both parties' motions for summary judgment on this claim are granted.

Berry further alleges that Defendants conspired to commit racketeering activity, in violation of 18 U.S.C. § 1962(d). "A defendant is guilty of conspiracy to violate [RICO] if evidence establishes that she knowingly agreed to

24

facilitate a scheme with includes the operation or management of a RICO enterprise." <u>United States v. Fernandez</u>, 338 F.3d 1199, 1230 (9th Cir. 2004). Berry claims that "at least two predicate acts by the conspiracy were contemplated, specifically the daily booting up of Mr. Berry's freight system making an illegal copy in violation of the copyright laws . . . and the creation of the Dillon derviatives."

Just as Berry fails to establish that Foodland engaged in a conspiracy to infringe, however, he fails to establish Foodland's conspiracy to violate RICO. Once again, Berry refers to Porter's statement that Fleming had offered to agree to let Foodland infringe upon Berry's FCS copyright. As stated earlier in this order, Porter's statement does not establish that any agreement was actually reached and therefore fails to establish a conspiracy to violate RICO. The court grants Foodland's motion for summary judgment with respect to conspiracy to violate RICO.

Berry similarly fails to establish any agreement between HTC and anyone else to commit RICO violations. He does not present any new evidence of RICO conspiracies and resorts to the evidence he used to allege copyright infringement conspiracy. This evidence, insufficient to establish copyright infringement conspiracy, is similarly insufficient to establish any RICO conspiracy. Accordingly, the court grants HTC's motion for summary judgment on the claim of conspiracy to violate RICO.

25

       7.    Summary of Claims Against Foodland and HTC.

To summarize, the court grants Foodland's motion for summary judgment with respect to Counts I, II, III, and VI. The court grants Foodland's motion to dismiss Count V. The court similarly grants HTC's motion for summary judgment with respect to Counts I, II, III, and VI and HTC's motion to dismiss Count V.

    B.    The Court Grants in Part and Denies in Part Employee Defendants' Motion for Summary Judgment.

The court grants in part and denies in part Employee Defendants' motion for summary judgment with respect to Count I, which alleges direct infringement. The court grants Employee Defendants' motion for summary judgment with respect to all other counts.

       1.    The Court Grants in Part and Denies in Part Employee Defendants' Motion for Summary Judgment With Respect to the Direct Infringement Claim.

          a.    With Respect to Employee Defendants, Count I Refers Only To Conduct After the Jury Verdict in the Previous Case.

Count I of the SAVC does not allege claims against Employee Defendants for acts occurring before acts in issue in the earlier copyright case. Dillon, Noa, and Christensen are not identified by name in Count I of the SAVC, and are included as Defendants in Count I only by virtue of being "employee[s] and/or agent[s] of defendants named." Fleming is named as a defendant in Count I. Berry, however, could not be suing Fleming for the

26

compensation in my capacity as president of C&S or for the development of any computer software for C&S." Christensen Aff. ¶ 2. Berry's claim of vicarious infringement thus fails.

       3.    Employee Defendants are Granted Summary Judgment with Respect to the Claim of <u>Conspiracy to Infringe Copyright.</u>

Count III of the SAVC specifically identifies Christensen, Dillon, and Noa as members of a conspiracy to infringe on his FCS copyright. Berry, however, fails to prove that any Employee Defendant agreed to infringe.

As evidence of a conspiracy to infringe, Berry points out that C&S is indemnifying Defendants for claims against them, and that C&S has provided Employees with a defense. A company's agreement to provide indemnity and independent counsel to its employees, however, does not demonstrate any wrongdoing, nor does it establish any conspiracy. <u>See</u> <u>In re Holywell Corp.</u>, 177 B.R. 991, 999 (S.D. Fla. 1995) (indemnity letter between Trustee and bank insufficient to prove any agreement to conspire).

In contrast to Berry's assertions, the evidence demonstrates that Employee Defendants made substantial efforts to avoid infringing on the FCS copyright. For example, after the jury verdict, Employee Defendants frequently emailed each other to determine the best way to proceed without further violation. <u>See</u> Ex. N to Hogan Dec.

Berry fails to establish any triable issue of fact with respect to conspiracy by Employee Defendants.

### 4. Berry's Sherman Act Claims are Dismissed With Respect to Employee Defendants.

In Count V, Berry alleges antitrust violations. It is not clear whether Count V was intended to state claims against Employee Defendants. The text of Count V does not refer to Employee Defendants, but Count V concludes in paragraph 131 by stating, "Pursuant to The Sherman Act, 15 U.S.C. §§ 1 & 2, and the Section 4 of the Clayton Act, 15 U.S.C. § 15, Plaintiff is entitled to recovery [sic] treble damages from the non-debtor defendants for all damages proven." Berry may therefore have intended to assert Sherman Act claims against Employee Defendants.

As noted earlier in this order, however, Berry does not have "antitrust standing" to assert any antitrust claims because he does not allege any antitrust injury. Accordingly, the court dismisses Count V with respect to Employee Defendants.

### 5. Employee Defendants are Granted Summary Judgment with Respect to Berry's Claims of RICO Violations.

Count VI of the SAVC alleges RICO violations by Employee Defendants. Each employee is named as a "RICO person." Berry, however, fails to establish any predicate RICO acts by Employee Defendants. Accordingly, his RICO claims against

40

Employee Defendants fail, and the court grants summary judgment to those employees.

To establish a RICO violation, Berry must prove a predicate RICO predicate act. With respect to Employee Defendants, Berry alleges only criminal copyright infringement. As noted earlier, however, to establish criminal copyright infringement, Berry must establish willful infringement. See 17 U.S.C. § 506(a). Berry fails to establish willful infringement by Employee Defendants. Accordingly, the court grants Employee Defendants' motion for summary judgment with respect to Count VI.

V.   CONCLUSION.

For the reasons stated above, the court grants summary judgment to Foodland and HTC on Counts I, II, III, and VI. The court dismisses Count V with respect to Foodland and HTC. The court denies summary judgment to Dillon and Noa with respect to Count I for acts occurring between the dates of March 7, 2003, and June 9, 2003, but grants summary judgment to Christensen with respect to Count I for that time period. The court grants summary judgment to all Employee Defendants with respect to Count

41

I for acts occurring outside the period from March 7, 2003, to June 9, 2003. The court grants summary judgment to Employee Defendants on Counts II, III, and IV, and dismisses Count V with respect to Employee Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 26, 2005.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Berry v. Hawaiian Express Service, Inc., et al., Civ. No. 03-0385 SOM/LEK; ORDER GRANTING DEFENDANT FOODLAND'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT HAWAII TRANSFER COMPANY'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING IN PART, DENYING IN PART DEFENDANTS DILLON, NOA, AND CHRISTENSEN'S MOTION FOR SUMMARY JUDGMENT.