UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WAYNE BERRY,

               Plaintiff,

vs.

DEUTSCHE BANK TRUST COMPANY
AMERICAS (f.k.a. BANKERS TRUST COMPANY)
and JP MORGAN CHASE BANK, in their separate
capacities and as agents for the pre- and post-petition
lenders of Fleming Companies, Inc.; GENERAL
ELECTRIC CAPITAL CORPORATION; C&S
WHOLESALE GROCERS, INC.; THE POST-
CONFIRMATION TRUST OF FLEMING
COMPANIES, INC.; ROBERT KORS; CORE-MARK
HOLDINGS INC. and DOES 1 to 200.

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

01:07 CV 7634 WHP
Judge William H. Pauley III
ECF Case

AFFIDAVIT OF WAYNE
BERRY; EXHIBITS "1" TO
"11"

TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel. (808) 382-3698
Fax. (808) 356-1682
Email tjh@timhogan.com

AFFIDAVIT OF WAYNE BERRY

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) SS: |
| PALM BEACH COUNTY | ) |

WAYNE BERRY, being first duly sworn on oath, deposes and says:

I, Wayne Berry, am the Plaintiff in the above entitled case, and hereby declare under penalty of perjury that the following is true and accurate to the best of my knowledge and belief. If called upon to testify regarding the matters contained herein, I am competent and willing to do so.

1. On January 20, 2006, approximately one week before the trial was to commence in the second Hawaii case, *Wayne Berry v. Hawaiian Express Service, Inc.*, 03-385 SOM-LEK (D. Hawaii) (the "Second Hawaii Case") without my prior knowledge, my spouse, Julianne Berry, filed a Complaint for Divorce in the Family Court of the First Circuit, State of Hawaii (the "Family Court").

2. Fleming's PCT's lead trial counsel Eric Liebeler then quit Kirkland & Ellis and the trial in the Second Hawaii Case eventually went forward a month later with Mr. Baumann as lead counsel and I was present each day at trial and was available to be served with the Divorce Complaint that I learned later, had been filed.

3. The Family Court filed an Order of Dismissal of the Divorce Complaint dated September 25, 2006. A true and correct copy of that order is attached as Exhibit "1."

2

4.  On October 2, 2006 the Plaintiff filed an ex Parte Motion to Reinstate for Good Cause Complaint for Divorce and Summons Filed on 1/20/2006 and to Extend Time to Serve Complaint for Divorce and Summons. A true and correct copy of that document is attached as Exhibit "2."

5.  I note that in the October 2, 2006 ex Parte Motion to Reinstate for Good Cause Complaint for Divorce and Summons Filed on 1/20/2006 and to Extend Time to Serve Complaint for Divorce and Summons requested an additional six months beginning July 20, 2006 and ending January 20, 2007.

6.  On October 5, 2005 the Family Court granted that ex parte motion by its Order Granting Plaintiff's ex Parte Motion to Reinstate for Good Cause Complaint for Divorce and Summons Filed on 1/20/2006 and to Extend Time to Serve Complaint for Divorce and Summons) specifically granting that the Plaintiff be allowed an additional six (6) months to serve her Complaint for Divorce and Summons on Defendant. The order provided that Plaintiff shall be allowed the period of July 20, 2006 to January 20, 2006 to serve said documents upon Defendant. (The January 20, 2006 date was obviously a typographical error and the Court most likely meant January 20, 2007.) A true and correct copy of that order is attached as Exhibit "3."

7.  The complaint was not served by January 20, 2007. In the spring of 2007, I checked the Hawaii Judiciary public access to court information site, "Ho'ohiki" and it listed the case as dismissed. Plaintiff took no action to re-instate it.

8.  On March 7, 2007 the Family Court granted the Plaintiff's Motion for Personal Service Without the State. There was no additional Motion and Order extending the time allowed for service of process beyond the previous Court ordered date of January 20, 2007 and the

Ho'ohiki site still listed the case as dismissed.

9. On August 14, 2007, after arriving at the West Palm Beach Airport in Florida, I saw Michael Baumann, an attorney and partner from the Los Angeles Office of the law firm of Kirkland and Ellis at the West Palm Beach Airport baggage claim area. Michael Baumann represents several defendants in this case and was the lead counsel in the trial in March 2006. I am absolutely certain it was him.

10. I then went to a local restaurant with friends for dinner. An unidentified person with one had in their pocket, placed a tattered copy of a complaint on the table I was seated at, and said, "sorry Mr. Berry" and walked away. I told Mr. Hogan the next day about it.

11. According to information provided by the online Hawaii Judiciary public access to court information site, "Ho'ohiki" on August 17, 2007, the divorce case was still terminated and dismissed.

12. I personally called the Family Court on August 17, 2007 and confirmed status of this case as terminated and dismissed. In that phone call and at least one subsequent phone call to the clerks at the Family Court, I also discussed with the Clerk what I should do in a situation like this where the case had been dismissed but the Plaintiff was acting like it was still active. The clerk's positions were clearly that the case was dismissed so I could not really ask for an order to dismiss it again. I felt compelled to file something to show that I had done my due diligence regarding the status of the case. The Clerks were sure that asking for an order to dismiss a case that was already dismissed did not make any sense. I decided to file a non-hearing motion that I called a "Non Hearing Motion To Dismiss Expired Complaint for Divorce" to make a record. The clerks agreed that something like that would be reasonable. The Clerks told me that the Judge did

not need to issue an order to dismiss the complaint again. She told me the dismissal happens automatically after six months if no service is made until it is formally reinstated. The comment about the automatic dismissal after six months is what caused me to look through the Family Court web site on-line where I found the attached diagram showing the flow chart of "Case Processing Stages." This flow chart confirmed what I had been told by the clerks, that the case was dismissed automatically. A true and correct copy of that flow chart is attached as Exhibit "4."

13. Consistent with my earlier discussions with the Family Court Clerks, on August 29, 2007, I submitted my Non Hearing Motion To Dismiss Expired Complaint for Divorce And Berry Declaration and Exhibits A & B And Certificate of Service. (the "First Non-Hearing Motion").

14. The Plaintiff, Julianne Berry and her attorney, Cheryl Brawley never filed a reply with the Family Court nor responded to me in any way to rebut or deny any of the facts I alleged in the First Non-Hearing Motion.

15. Subsequent to August 29, 2007, I made several telephone calls to speak with several different clerks of the First Judicial Circuit, State of Hawaii and they all confirmed that the Complaint for Divorce had expired and its status was dismissed.

16. On September 22, 2007, I received two file stamped copies, filed September 12, 2007, of my First Non-Hearing Motion, from Rhoda Kealoha-Spencer, Domestic Law Clerk, Legal Research & Adoption Records Unit of the Family Court who also enclosed a cover letter a true and correct copy of which is attached as Exhibit "5."

17. A few days after I received the file stamped copies of my First Non-Hearing

Motion and the cover letter, I called Rhoda Kealoha-Spencer and confirmed the receipt of the copies and the cover letter. In that conversation with her she once again confirmed what I had been told that the Complaint for Divorce had been dismissed. She told me that she had included the cover letter to me that said "no further action will be taken" so that I would have something in writing to show that I didn't need to do anything further because the case was dismissed.18.

On February 13, 2008, I received "Cheryl Brawley's Motion To Set" via regular United States Mail Delivery at my home in Florida. It was dated February 6, 2008. A true and correct copy of that document is attached as Exhibit "6."

19. After receiving it, once again, I made several calls and spoke with several clerks of the First Judicial Circuit, State of Hawaii via telephone and confirmed with them that Cheryl Brawley's Complaint for Divorce was, at that time, still dismissed. Several of the clerks went on to describe that procedurally, when an attorney files something like a Motion to Set, the court does not check the "active / dismissed" status of the case relying on the attorney and that the Court expects that, at a minimum, an attorneys' candor with the court prevents the additional filing of motions on complaints that were dismissed but not reinstated. While cautioning me that they could not give legal advice, but in order to save the court additional work, the clerks recommend that I contact Cheryl Brawley and ask her to withdraw her Motion To Set."

20. As suggested by the court personnel, on February 14, 2008, I sent a letter to Ms. Brawley asking her to withdraw her Motion to Set I sent this letter to Ms. Brawley via facsimile with delivery receipt and as an Adobe PDF via email to two confirmed email addresses that I have for Ms. Brawley. Attached hereto as Exhibit "7" is a true and correct copy of that letter.

21. Ms. Brawley has not responded to the facsimile or email copies of my letter

requesting that she withdraw her motion.

22.   While I have repeatedly confirmed that the Family Court has dismissed the complaint, in an abundance of caution, considering Cheryl Brawley and her clients complicity with defendants and their attorneys in the Fleming related litigation, on February 28, 2008, I submitted a Non-Hearing Motion To Strike Cheryl Brawley's Motion To Set and Notice of Motion for a Dismissed and Expired Complaint For Divorce (the "Second Non-Hearing Motion") and served Ms. Brawley with a copy. A true and correct copy of that is attached as Exhibit "8."

23.   Once again, 20 days went by and Ms. Brawley did not respond or file any type of reply to the Second Non-Hearing Motion.

24.   On April 11, 2008 I received a letter dated April 1, 2008 from Cheryl Brawley informing me that the Family Court proceeded in the case, this was despite the prior dismissal. I immediately sent a copy to Mr. Hogan. Prior to that time, I had no knowledge that the Family Court authorized any reinstatement the divorce complaint and I have no reason to believe that Mr. Hogan, who is not my attorney in the Divorce Case, had any such knowledge because I do not believe based on what the Family Court Clerks told me that it has actually occurred. On several repeated occasions the Family Court staff had confirmed what was appearing on line that the case was "dismissed." A true and correct copy of that letter and the attachments from Ms. Brawley is attached as Exhibit "9."

25.   I was unaware that the Court had scheduled a hearing on any of my motions until I received the transmittal from Ms. Brawley on April 11, 2008. Had I known there was a hearing that would somehow take actions in a case that was dismissed, I would have attempted to participate by telephone or attempt to borrow the money for an airplane ticket to attend in person.

Frankly, I do not understand how Ms. Brawley was able to get a Court to issue orders in her favor on a dismissed case.

26. On April 23, 2008, I received a copy of a letter from Michael Baumann to Judge Pauley. Attached to this letter is some form of docket extract from the divorce proceeding in Hawaii that I had never seen before April 23, 2008.

27. As to that letter, besides the false claim that the case had not been dismissed that shows that Mr. Baumann has signed the letter without doing a proper investigation, there are two other disturbing entries in the alleged docket attached to Mr. Baumann's letter. First, a claim that the Family Court sent some form of letter to me on March 10, 2008. I never received any such letter from the Family Court. The only letter I have ever received from the Family Court was the letter dated September 13, 2007 that I received on September 22, 2007 (Exhibit "5") stating "no further action will be taken" confirming to me what I had been told that the case was dismissed.

28. Second, this material makes a claim that the Family Court called me and left a voice message for me that my "case is being heard at this moment." I did not receive this phone call nor did I receive this voice mail message. I receive calls on that line and voice mail messages and am attentive to it.

29. Prior to Mr. Baumann sending his letter to the Court dated April 23, 2008, I had no prior knowledge that anyone claimed I had received a Letter from the Family Court dated March 10, 2008 nor did I have any notice that the Motion to Strike was to be heard on March 27, 2008. Moreover, I had no voice mail messages from the Court at any time. I believe that Michael Baumann is still perusing me through my divorce, that he and Lex Smith advanced, as is evident by his having more knowledge of what's going on in the divorce than I do.

8

30. I wish someone would order them to stay away from my family.

31. After Lex Smith admitted in my presence that C&S was using my works, I set out to investigate. I sent a Freedom of Information Act ("FOIA") request to the Department of Defense, Defense Commissary Agency ("DeCA") to obtain hard copy records of C&S freight related transactions that I knew C&S was being paid for because I was present in the Deposition of Jacqueline Rio, a C&S employee who at the time was represented by Lyle Hosoda, ESQ., who is the Lenders' counsel in this case. In that deposition Mr. Rio admitted that C&S is billing DeCA for freight.

32. Attached hereto as Exhibit "10" is a true and correct copy of my FOIA request dated September 26, 2005.

33. Attached hereto as Exhibit "11" is a true and correct copy of the response from DeCA dated November 15, 2005 responding to my request.

So sworn under penalty of perjury in the County of Palm Beach, Florida on April 28, 2008.

_____
Wayne Berry

STATE OF FLORIDA

COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 28th day of April, 2008 by Wayne Berry. He is personally known to me or has produced HAWAII DL. H0053131 _____ as identification.



_____
Notary Public, State of Florida

My Commission Expires: 03/02/2012