# Exhibit 8

Wayne Foster Berry
Special Appearance
Pro se
5500 Military Trail #22-250
Jupiter, Florida 33458
Telephone (808) 258-7144
Facsimile (808) 356-0372

## IN THE FAMILY COURT OF THE FIRST CIRCUIT
## STATE OF HAWAII

| | |
|---|---|
| Julianne N. Berry, Plaintiff <br><br> VS <br><br> Wayne Foster Berry, Defendant. | FC-D No. 06-1-0211 <br><br> Non-Hearing Motion To Strike *"Cheryl Brawley's Motion To Set and Notice of Motion for a Dismissed and Expired Complaint For Divorce"* <br><br> Berry Declaration and Exhibits 1, 2, 3, & 4 <br><br> And <br><br> Certificate of Service |

## NON-HEARING MOTION TO STRIKE: "CHERYL BRAWLEY'S MOTION TO SET AND NOTICE OF MOTION FOR A DISMISSED AND EXPIRED COMPLAINT FOR DIVORCE"

I, Wayne Foster Berry, the Defendant, make this Special Appearance. Pro Se in order to request this Non-Hearing Motion To Strike *"Cheryl Brawley's Motion To Set and Notice of Motion for a Dismissed and Expired Complaint For Divorce"* for the following reasons:

1. On September 12, 2007, I filed Wayne Berry's "Non Hearing Motion To Dismiss Expired Complaint for Divorce And Berry Declaration and Exhibits A & B And

Certificate of Service" (Attached as Exhibit "1") filed in the First Circuit Court of the State of Hawaii on September 12, 2007.

2. The Plaintiff, Julianne Berry and her attorney, Cheryl Brawley never filed a reply with this Court nor responded to me in any way to rebut or deny any of the facts I alleged in Wayne Berry's "Non Hearing Motion To Dismiss Expired Complaint for Divorce And Berry Declaration and Exhibits A & B And Certificate of Service".

3. I made several special telephonic appearances to speak with several clerks of the First Judicial Circuit, The Judiciary, The State of Hawaii via telephone on several occasions and confirmed with them that Cheryl Brawley's Complaint for Divorce had expired and its status was dismissed.

4. On September 22, 2007, I received two Certified Copies of Wayne Berry's "Non Hearing Motion To Dismiss Expired Complaint for Divorce And Berry Declaration and Exhibits A & B And Certificate of Service" from this Court along with a cover letter from Rhoda Kealoha-Spencer, Domestic Law Clerk, Legal Research & Adoption Records Unit of the First Judicial Circuit, The Judiciary, The State of Hawaii (Attached as Exhibit "2"). This letter once again confirmed that them that Cheryl Brawley's Complaint for Divorce had expired and its status was dismissed. The letter closed with "no further action will be taken".

5. On February 13, 2008, I received "Cheryl Brawley's Motion To Set and Notice of Motion for a Dismissed and Expired Complaint For Divorce" via regular United State Mail Delivery at my home in Florida.

6. Once again, I made several special telephonic appearances and spoke with several clerks of the First Judicial Circuit, The Judiciary, The State of Hawaii via telephone and confirmed with them that Cheryl Brawley's Complaint for Divorce had expired and its status was still dismissed. Several of the clerks went on to describe that procedurally, when an attorney files something, the court does not check the "active / dismissed" status of the case and that the Court expects that, at a minimum, an attorneys candor with the Court would prevent the additional filing of motions on cases that expired and were dismissed, as if the dismissal never happened. While cautioning me that they could not give legal advice, but in order to save this Court additional work, the clerks recommend that I contact Cheryl Brawley and ask her to withdraw her "Motion To Set and Notice of

Motion for a Dismissed and Expired Complaint For Divorce". This recommendation to contact Ms. Brawley and ask her to voluntarily withdraw her motion, is exactly what I had planned to do anyway unless I had found the status of the case was not dismissed.

7. On February 14, 2008, I sent a letter to Ms. Brawley (Attached as Exhibit "3") asking her to withdraw her motion. I sent this letter to Ms. Brawley via facsimile with delivery receipt (Attached as Exhibit "4") and as an Adobe PDF via email to two confirmed email addresses that I have for Ms. Brawley.

8. Ms. Brawley has not responded to the facsimile or email copies of my letter requesting that she withdraw her motion. To my knowledge, as of the date of my signing this Non-Hearing Motion To Strike, I have not been given any notice by Cheryl Brawley of her intentions to withdraw her motion.

While I have confirmed that this Court has dismissed this complaint, in an abundance of caution, considering Cheryl Brawley's and her clients complicity and alliance with defendants and their attorneys in other pending litigation, where I am the Plaintiff and for the above stated reasons, I respectfully request that the Court accept my Non-Hearing Motion To Strike *"Cheryl Brawley's Motion To Set and Notice of Motion for a Dismissed and Expired Complaint For Divorce",* grant this Motion to Strike, striking Ms. Brawley's motion in its entirety and grant any other remedies to me as the Court sees fit.

DATED this 28th day of February, 2008.

By:

_____

Wayne Foster Berry

Special Appearance

Pro se

Wayne Foster Berry
Special Appearance
Pro se
5500 Military Trail #22-250
Jupiter, Florida 33458
Telephone (808) 258-7144
Facsimile (808) 356-0372

## IN THE FAMILY COURT OF THE FIRST CIRCUIT
## STATE OF HAWAII

| | |
|---|---|
| Julianne N. Berry, Plaintiff VS Wayne Foster Berry, Defendant. | FC-D No. 06-1-0211 Non-Hearing Motion To Strike *"Cheryl Brawley's Motion To Set and Notice of Motion for a Dismissed and Expired Complaint For Divorce"* Berry Declaration and Exhibits 1, 2, 3, & 4 And Certificate of Service |

## DECLARATION OF WAYNE BERRY IN SUPPORT OF NON-HEARING MOTION TO STRIKE: "CHERYL BRAWLEY'S MOTION TO SET AND NOTICE OF MOTION FOR A DISMISSED AND EXPIRED COMPLAINT FOR DIVORCE"

I, Wayne Berry, declare that all the statements made in my Non Hearing Motion Strike *"Cheryl Brawley's Motion To Set and Notice of Motion for a Dismissed and Expired Complaint For Divorce"* are true and correct to the best of my knowledge and belief and if requested could and would competently testify as such.

1. Attached hereto as Exhibit "1" is a true and correct copy of Wayne Berry's "Non Hearing Motion To Dismiss Expired Complaint for Divorce And Berry Declaration and Exhibits A & B And Certificate of Service" filed in the First Circuit Court of the State of Hawaii on September 12, 2007.

2. Attached hereto as Exhibit "2" is a true and correct copy of  a September 13, 2007 letter to Wayne Berry from Rhoda Kealoha-Spencer, Domestic Law Clerk, Legal Research & Adoption Records Unit of the First Judicial Circuit, The Judiciary, The State of Hawaii.

3. Attached hereto as Exhibit "3" is a true and correct copy of a February 14, 2008 letter from Wayne Berry to Cheryl Brawley requesting Ms. Brawley to withdraw *"Cheryl Brawley's Motion To Set and Notice of Motion A Dismissed and Expired Complaint For Divorce"* pursuant to the suggestion of the Domestic Law Clerk of the First Judicial Circuit, The Judiciary, The State of Hawaii.

4. Attached hereto as Exhibit "4" is a true and correct copy of the February 14, 2008 facsimile transmittal receipt evidencing the facsimile transmittal of Exhibit "C" from letter from Wayne Berry to Cheryl Brawley.

   Note: Adobe PDF copies were also sent to Ms. Brawley via email.


So sworn under penalty of perjury and under the laws of the United States of America in Florida.


DATED this 28th day of February, 2008.

By:


_____

Wayne Foster Berry

Special Appearance

Pro se

# EXHIBIT "1"

Wayne Foster Berry
Special Appearance
Pro se
5500 Military Trail #22-250
Jupiter, Florida 33458
Telephone (808) 258-7144
Facsimile (808) 356-0372

... CIRCUIT COURT
... E OF HAWAII
FILED

2007 SEP 12 PM 3: 58

E. ALAGAO
CLERK

## IN THE FAMILY COURT OF THE FIRST CIRCUIT
## STATE OF HAWAII

| | |
|---|---|
| Julianne N. Berry,<br>Plaintiff<br><br>VS<br><br>Wayne Foster Berry,<br>Defendant. | FC-D No. 06-1-0211<br><br>Non Hearing Motion To Dismiss Expired<br>Complaint for Divorce<br><br>And<br><br>Berry Declaration and Exhibits A & B<br><br>And<br><br>Certificate of Service |

### Non-Hearing Motion To Dismiss Expired Complaint for Divorce

I, Wayne Foster Berry, the Defendant, make this Special Appearance. Pro Se in order to request this Non-Hearing Motion to Dismiss this expired Complaint for Divorce and the associated Summons on the following grounds:

1. THE COURT LACKED SUBJECT MATTER JURISDICTION AT TIME OF SERVICE. (LACK OF JURISDICTION OVER THE SUBJECT MATTER)

    a. This Court filed an ORDER OF DISMISSAL dated September 25, 2006.

Page 1 of 8

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

b. On October 2, 2006 the Plaintiff filed an EX PARTE MOTION TO REINSTATE FOR GOOD CAUSE COMPLAINT FOR DIVORCE AND SUMMONS FILED ON 1/20/2006 AND TO EXTEND TIME TO SERVE COMPLAINT FOR DIVORCE AND SUMMONS.

c. I note that in the October 2, 2006 EX PARTE MOTION TO REINSTATE FOR GOOD CAUSE COMPLAINT FOR DIVORCE AND SUMMONS FILED ON 1/20/2006 AND TO EXTEND TIME TO SERVE COMPLAINT FOR DIVORCE AND SUMMONS filed by the Plaintiff that there is mention that I attempted to evade service. In reality, I attempted to end this marriage years ago but the Plaintiff moved away leaving no forwarding address or way to contact her. Additionally, approximately six months ago, an attorney who does not represent me in this proceeding contacted the Plaintiff's attorney, Cheryl Brawley, attempting to obtain a copy of the Plaintiff's proposed Consent Decree and pass it on to me for my review. Brawley refused to provide information. This contrived divorce proceeding is nothing more than a carefully choreographed conspiracy between the Plaintiff and a group of willful[1] criminal copyright infringers of my Intellectual Property evidenced by the Plaintiff's name appearing in the time records provided by the attorneys for the criminal copyright infringers and admission by Lex Smith (during a deposition) that Smith has spoken with Cheryl Brawley about me no less than three times in the last several weeks.  While the conspirators' goals are unclear and Federal Law affords jurisdiction and control over the ownership rights of my copyrights to me, on information and belief, this contrived divorce proceeding is at least an attempt to secure some sort of leverage on me in an attempt to keep some of the willful[1] criminal infringers from going to jail. Furthermore, on information and belief, in an attempt to defend her

---

[1] Wayne Berry (Plaintiff) v. Fleming Companies, Inc., (Defendant). Civil No 01-00446 SPK-LEK (USDC Hawaii) filed July 3, 2001 and 9th Circuit Docket No. 05-15223, 05-15347
9th Circuit Appeal - **Affirmed Willful Infringement** – July 26, 2007;
Title 17 United States Code § 506. **Criminal offenses**
    (a) Criminal Infringement. - Any person who infringes a copyright willfully either -
        (1) for purposes of commercial advantage or private financial gain, or
        (2) by the reproduction or distribution, including by electronic means, during any 180-day period, of 1 or more copies or phonorecords of 1 or more copyrighted works, which have a total retail value of more than $1,000,
shall be punished as provided under section 2319 of title 18, United States Code…

improprieties against me and the Plaintiff's violation of the spousal privilege with Lex Smith and possibly others, Cheryl Brawley claimed that, Lex Smith (one of the attorneys who is adverse to me and has advised his clients to commit willful[1] criminal copyright infringement against me) has even misrepresented himself to Brawley as being "Wayne Berry's attorney" which he is not. By his own admission, in a recent deposition, Smith represents everyone in the world who is adverse to Wayne Berry except Wayne Berry and a recently named defendant "Deutsche Bank" in a copyright infringement lawsuit (*Wayne Berry v. Deutsche Bank Trust Company Americas (F.K.A. Bankers Trust Company) and JP Morgan Chase Bank in their separate capacities and as agents for the Pre and Post-Petition Lenders of Fleming Companies, Inc.; General Electric Capital Corporation; C&S Wholesale Grocers, Inc., Does 1 to 200, Defendants. Civil No. 07 CV-0172 SOM-LEK (USDC Hawaii) filed March 29, 2007).*

d. On October 5, 2005 this Court granted that Motion (ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO REINSTATE FOR GOOD CAUSE COMPLAINT FOR DIVORCE AND SUMMONS FILED ON 1/20/2006 AND TO EXTEND TIME TO SERVE COMPLAINT FOR DIVORCE AND SUMMONS) specifically granting that "*the Plaintiff be allowed an additional six (6) months to serve her Complaint for Divorce and Summons on Defendant. Specifically, Plaintiff shall be allowed the period of July 20, 2006 to January 20, 2006 to serve said documents upon Defendant*". (The January 20, 2006 date was obviously a typographical error and the Court most likely meant January 20, 2007.)

e. On March 7, 2007 this Court granted the Plaintiff's MOTION FOR PERSONAL SERVICE WITHOUT THE STATE. There was no additional Motion and Order extending the time allowed for service of process beyond the previous Court ordered January 20, 2007.

f. According to information provided by Ho'Ohiki (the online public access to court information) on August 17, 2007 this case had been terminated and dismissed by the terms of the previous Court Orders.

g.  I personally called the Family Court on August 17, 2007 and confirmed status of this case as terminated and dismissed by the terms of the previous Court Orders.

h.  On March 14, 2007, in an obvious lack of candor with the Court, the Plaintiff acquired the ORDER FOR PERSONAL SERVICE WITHOUT THE STATE from the Court for a Complaint and Summons that had expired on January 20, 2007.

2.  LACK OF JURISDICTION OVER THE PERSON

a.  I have not lived in the State of Hawaii since approximately September 4, 2007.

b.  An attorney, who dose not represent me in this matter, spoke to the Plaintiff's attorney, Cheryl Brawley and Brawley refused to discuss the circumstances of the service of process in Florida of the expired Complaint and additionally she refused to identify the person or persons serving the process, as required by Rule 4 paragraph g.

3.  IMPROPER VENUE

a.  The State and County in which the facts are alleged to have occurred is Clark County, Las Vegas, Nevada where I have started an annulment preceding which I feel is more proper under the circumstances than a divorce would be.

b.  If the Court is going to allow the Plaintiff to seek a venue outside the State and County in which the facts are alleged to have occurred, the proper venue for the Plaintiff should be Florida not Hawaii.

4.  INSUFFICIENCY OF PROCESS

a.  I have not lived in the State of Hawaii since approximately September 4, 2007.

b.  I am currently an unemployed computer programmer and inventor. Unlike the Plaintiff who states that she is gainfully employed as a Health Advisor, I cannot afford to travel and appear in response to the expired Complaint for Divorce and the associated Summons.

5.  INSUFFICIENCY OF SERVICE OF PROCESS

a.  On August 14, 2007, after arriving at the West Palm Beach Airport in Florida, I saw Michael Baumann, an attorney and partner from the Los Angeles Office of the law firm of Kirkland and Ellis at the West Palm Beach Airport baggage claim area. Michael Baumann represents the recently named defendant "Deutsche

Bank" in the copyright infringement lawsuit (*Wayne Berry v. Deutsche Bank Trust Company Americas (F.K.A. Bankers Trust Company) and JP Morgan Chase Bank in their separate capacities and as agents for the Pre and Post-Petition Lenders of Fleming Companies, Inc.; General Electric Capital Corporation; C&S Wholesale Grocers, Inc., Does 1 to 200, Defendants. Civil No. 07 CV-0172 SOM-LEK (USDC Hawaii) filed March 29, 2007).* I was then followed from the West Palm Beach Airport to my home in Florida where I then went to a local restaurant with friends for dinner. An unidentified person placed a tattered copy this tattered expired complaint on the table I was seated at, said "sorry" and walked away.

b.  I do not believe that the copy of the expired Complaint that was given to me, at the restaurant, is a true and correct certified copy of the expired Complaint. There were clearly indications that staples had been removed from pages and those pages re-stapled many times. Additionally, the eight pages of the expired Complaint had clearly been printed on different printers using different brands and weights of bond paper. There was also a "3M Post-It-Note" in the center of the last page with a handwritten message "documents to be served". Again, what I was given was clearly not a true and correct certified copy of the expired Complaint. What I was given was obviously someone's working copy that had been disassembled, annotated with handwritten "3M Post-It-Note" and reassembled several times. I have no idea what a true and correct certified copy of the expired Complaint really looks like or what the real document actually says.

c.  Rule 4, Paragraph g states: *The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to process. When service is made by any person specially appointed by the court, that person shall make affidavit of such service.*

d.  As of August 27, 2007 I cannot find any record of the affidavit of service having been filed with this Court.

e.  An attorney, who dose not represent me in this matter, spoke to the Plaintiff's attorney, Cheryl Brawley and Brawley refused to discuss the circumstances of the service of process in Florida of the expired Complaint and additionally she

refused to identify the person or persons serving the process, as required by Rule 4 paragraph g.

6. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

    a. Upon information and belief the Plaintiff may eventually be subject to deportation.

    b. Upon information and belief the Plaintiff defrauded the United States Government by claiming she was the daughter of a US Citizen in order to obtain her own US Citizenship.

    c. Upon information and belief the Plaintiff defrauded me by claiming she obtained her US Citizenship without fraud, in order to induce him to marry her.

    d. Divorce is not a relief that can be granted when the marriage contract was a result of a fraud.

7. FAILURE TO JOIN A PARTY UNDER RULE 19 (JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION)

    a. Upon information and belief, the Plaintiff has conspired with known willful[2], criminal, copyright infringers of my Intellectual Property, as such, the following Parties would need to be Joined in this action but were not named in the Plaintiff's expired complaint:

        i. Lex R. Smith, Attorney at Kobayashi, Sugita & Goda.

        ii. Michael Baumann, Attorney at Kirkland & Ellis

        iii. Robert Kors, PCT Board of Directors and Principal of Castellemmare Advisors, LLC

        **iv.** Tim Barns, PCT Board of Directors and Managing Director of Sankaty Advisors.

---

[2] Wayne Berry (Plaintiff) v. Fleming Companies, Inc., (Defendant). Civil No 01-00446 SPK-LEK (USDC Hawaii) filed July 3, 2001 and 9th Circuit Docket No. 05-15223, 05-15347
9th Circuit Appeal - **Affirmed Willful Infringement** – July 26, 2007;
Title 17 United States Code § 506. **Criminal offenses**
      (a) Criminal Infringement. - Any person who infringes a copyright willfully either -
            (1) for purposes of commercial advantage or private financial gain, or
            (2) by the reproduction or distribution, including by electronic means, during any 180-day period, of 1 or more copies or phonorecords of 1 or more copyrighted works, which have a total retail value of more than $1,000,
shall be punished as provided under section 2319 of title 18, United States Code…

  v.  Randolph I. Thornton, PCT Board of Directors and CEO/President/CFO/Director/Secretary/Chief Accounting Officer at Comdisco Holding Company, Incorporated

  vi.  Harvey Tepner, PCT Board of Directors and Partner in Compass Advisers, LLP

  vii.  Sandra Schirmang, PCT Board of Directors and CICP - Senior Director of Credit for Kraft Foods, Inc.

  viii.  Andrew Denatale, Attorney at White & Case

  ix.  Richard Cohen, Chairman and Chief Executive Officer of C&S Wholesale Grocers, Inc.

  x.  Cheryl Brawley, the Plaintiff's attorney.

b.  Upon information and belief, the Plaintiff has conspired with the following RICO person(s) and entities and Hobbs Act person(s) and entities and as such they would also need to be joined but have not named in the Plaintiff's expired complaint:

  i.  Lex R. Smith, Attorney at Kobayashi, Sugita & Goda.

  ii.  Michael Baumann, Attorney at Kirkland & Ellis

  iii.  Robert Kors, PCT Board of Directors and Principal of Castellemmare Advisors, LLC

  iv.  Tim Barns, PCT Board of Directors and Managing Director of Sankaty Advisors.

  v.  Randolph I. Thornton, PCT Board of Directors and CEO/President/CFO/Director/Secretary/Chief Accounting Officer at Comdisco Holding Company, Incorporated

  vi.  Harvey Tepner, PCT Board of Directors and Partner in Compass Advisers, LLP

  vii.  Sandra Schirmang, PCT Board of Directors and CICP - Senior Director of Credit for Kraft Foods, Inc.

  viii.  Andrew Denatale, Attorney at White & Case

  ix.  Richard Cohen, Chairman and Chief Executive Officer of C&S Wholesale Grocers, Inc.

      x.   Cheryl Brawley, the Plaintiff's attorney.

For the above stated reasons, I respectfully request that the Court accept my Non-Hearing Motion to dismiss the expired Complaint for Divorce, grant my Motion to Dismiss and grant any other remedies to me as the Court sees fit. I also ask that the Court take Judicial Notice that this Plaintiff's Complaint for Divorce is nothing more than a convenient artifice to assist and facilitate the willful[3], criminal conspirators in committing additional felonies against me using this contrived divorce proceeding.

DATED this 29th day of August, 2007.

By:

_Wayne F Berry_

Wayne Foster Berry

Special Appearance

Pro se

---

[3] Wayne Berry (Plaintiff) v. Fleming Companies, Inc., (Defendant). Civil No 01-00446 SPK-LEK (USDC Hawaii) filed July 3, 2001 and 9th Circuit Docket No. 05-15223, 05-15347

9th Circuit Appeal - **Affirmed Willful Infringement** – July 26, 2007;

Title 17 United States Code § 506. **Criminal offenses**

      (a) Criminal Infringement. - Any person who infringes a copyright willfully either -

           (1) for purposes of commercial advantage or private financial gain, or

           (2) by the reproduction or distribution, including by electronic means, during any 180-day period, of 1 or more copies or phonorecords of 1 or more copyrighted works, which have a total retail value of more than $1,000,

shall be punished as provided under section 2319 of title 18, United States Code…

Wayne Foster Berry
Special Appearance
Pro se
5500 Military Trail #22-250
Jupiter, Florida 33458
Telephone (808) 258-7144
Facsimile (808) 356-0372

## IN THE FAMILY COURT OF THE FIRST CIRCUIT
## STATE OF HAWAII

| | |
|---|---|
| Julianne N. Berry, Plaintiff | FC-D No. 06-1-0211 |
| VS | Non Hearing Motion To Dismiss Expired Complaint for Divorce |
| Wayne Foster Berry, Defendant. | And |
| | Berry Declaration and Exhibits A & B |
| | And |
| | Certificate of Service |

## DECLARATION OF WAYNE BERRY IN SUPPORT OF NON-HEARING MOTION TO DISMISS EXPIRED COMPLAINT FOR DIVORCE

I, Wayne Berry, declare that all the statements made in my Non Hearing Motion To Dismiss Expired Complaint for Divorce are true and correct to the best of my knowledge and belief and if requested could and would competently testify as such.

1. Attached hereto as Exhibit A is a true and correct copy of Lex Smith's time records, page 8 of 28, filed as Document 877 on 3/3/2006 in CV-00385 SOM LEK. Boxed in red is a

time entry evidencing one of Lex Smith's telephone conversations with the Plaintiff, Julianne Berry.

2. Attached hereto as Exhibit B is a true and correct copy of an Indemnity Letter for "past present or future use of Berry Technology "from Lex Smith's former and/or concurrent client, Fleming Companies, Inc.'s Archie Dykes to Lex Smith's current and/or concurrent client C&S Wholesale Grocers, Inc. (Richard Cohen, Chairman and Chief Executive Officer of C&S Wholesale Grocers, Inc.) and C&S Acquisitions, LLC.

So sworn under penalty of perjury and under the laws of the United States of America in Florida.

DATED this 29th day of August, 2007.

By:

_Wayne F Berry_

Wayne Foster Berry
Special Appearance
Pro se

# EXHIBIT A

| Date | Initials | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 4/15/2005 | AEL | 0.39 | $120 | $47 | Review most recent correspondence; document management Research re legal standard for expert opinion and documents relevant to that standard. Research files for appropriate |
| 4/18/2005 | AEL | 0.65 | $120 | $78 | documents |
| 4/18/2005 | ACT | 0.75 | $150 | $113 | Telephone conversation with Julieann Berry; interoffice conference re same |
| 4/19/2005 | LRS | 4 | $200 | $800 | Research regarding plaintiff's damage claim; correspondence with Hogan; work on motion for summary judgment regarding logistics software; prepare proposed schedule for Matsui; telephone calls regarding scheduling and mainland depositions; correspondence regarding mediation |
| 4/20/2005 | LRS | 4.25 | $200 | $850 | Review new minutes from Judge Mollway; review Master report and prepare letter to Court; correspondence regarding scheduling of experts and motions; correspondence with Hogan regarding production; work on motions; logistics regarding protective order; review correspondence from Fujichaku |
| 4/20/2005 | JSL | 0.375 | $35 | $13 | Deliver filings |
| 4/25/2005 | LRS | 3.25 | $200 | $650 | Correspondence with Hogan regarding mainland depositions; correspondence regarding production of 1993 FCS; |
| 4/25/2005 | JSL | 3.75 | $35 | $131 | Document and file management |
| 4/25/2005 | ACT | 1.45 | $150 | $218 | Work on discovery and motions schedule; interoffice conference regarding schedule; work on correspondence to Judge regarding motions cutoff; review new correspondence |
| 4/26/2005 | JSL | 2.25 | $35 | $79 | Document and file management |
| 4/27/2005 | JSL | 3 | $35 | $105 | Document and file management |
| 4/28/2005 | JSL | 2.75 | $35 | $96 | Document and file management |
| 4/29/2005 | LRS | 1 | $200 | $200 | telephone call from court staff regarding conference call; review new pleadings; work on Johnson depo prep |
| 4/29/2005 | JSL | 3 | $35 | $105 | Document and file management |
| 5/2/2005 | JSL | 1.25 | $35 | $44 | Document and file management |
| 5/2/2005 | JSL | 2.5 | $35 | $88 | Index Special Master documents |
| 5/3/2005 | JSL | 3.5 | $35 | $123 | Prepare index of Special Master correspondence |

**EXHIBIT B**

August 23, 2003

C&S Acquisition LLC
C&S Wholesale Grocers, Inc.
47 Old Ferry Road
Brattleboro, Vermont 05302
Attn: General Counsel

Ladies and Gentlemen:

      The undersigned hereby acknowledge that you and certain of your affiliates have been named as defendants in a lawsuit brought by the plaintiff Wayne Berry (the "Berry Lawsuit") involving the alleged infringement of a protected software program in the United States District Court of Hawaii under the caption Wayne Barry vs. Hawaiian Express Services, Inc. et al (civ nocv-300385 SOM-LEK) (the "Berry Technology"). The undersigned hereby acknowledge and agree that any claims, losses or liability suffered by you, your affiliates or any of your or your affiliates, respective directors, officers, employees, advisors, representatives and agents resulting from any past, present or future use of the Berry Technology, will be considered an Excluded Liability, as such term is defined under that Asset Purchase Agreement dated July 7, 2003, by and among you and the undersigned (the "Agreement"), and that you shall be entitled to indemnification from the undersigned pursuant to and subject to the limitations of Article XIII of the Agreement, including Section 13.3(g). The undersigned hereby assume the defense of the Berry Litigation, as contemplated by and subject to the limitations of Article XIII of the Agreement (including Section 13.3(g)).

Nothing in the this letter shall constitute an admission by the undersigned that the Berry Lawsuit constitutes a breach of any of their representations and warranties contained in the Agreement and the undersigned preserves its right to contest any claims that such Berry Lawsuit constitutes a breach of any of such representations and warranties. Further, the undersigned acknowledge that you preserve all rights to assert that the Berry Lawsuit constitutes a breach of the undersigneds' representations and warranties contained in the Agreement.

Very truly yours,

THE FLEMING COMPANIES, INC.
FLEMING TRANSPORTATION SERVICE, INC.
FLEMING INTERNATIONAL LTD.
PIGGLY WIGGLY COMPANY
RFS MARKETING SERVICES, INC.
FLEMING FOODS OF TEXAS L.P.
FLEMING FOODS MANAGEMENT CO., L.L.C.
ABCO FOOD GROUP, INC.
ABCO MARKETS, INC.
ABCO REALTY CORP.

By: _____
Authorized Signatory

ACCEPTED AND AGREED:

C&S ACQUISITION LLC

By: Mark Gross
Its: Executive Vice President

C&S WHOLESALE GROCERS, INC.

By: Mark Gross
Its: Executive Vice President

2

799299.02-New York Server 7A - MSW

Wayne Fost Wayne Foster Berry
Special Appearance
Pro se
5500 Military Trail #22-250
Jupiter, Florida 33458
Telephone (808) 258-7144
Facsimile (808) 356-0372

## IN THE FAMILY COURT OF THE FIRST CIRCUIT
## STATE OF HAWAII

| | |
|---|---|
| Julianne N. Berry, Plaintiff<br><br>VS<br><br>Wayne Foster Berry, Defendant. | FC-D No. 06-1-0211<br><br>Non Hearing Motion To Dismiss Expired Complaint for Divorce<br><br>And<br><br>Berry Declaration and Exhibits A & B<br><br>And<br><br>Certificate of Service |

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2007 and by the United States Express Mail, a true and correct copy of the Non-Hearing Motion to Dismiss Expired Complaint for Divorce was served on:

Cheryl R. Brawley 4489

Brawley and Associates

Attorneys at Law, LLC

1164 Bishop Street, Suite 500

Honolulu, Hawaii 96813

Telephone (808) 533-0066

Attorney for Julianne N. Berry

DATED this 29th day of August, 2007.

By:

_____ *Wayne F Berry* _____

Wayne Foster Berry

Special Appearance

Pro se

# EXHIBIT "2"



**First Judicial Circuit** — THE JUDICIARY · STATE OF HAWAI'I
POST OFFICE BOX 3498 · HONOLULU, HAWAI'I 96811-3498

**Frances Q. F. Wong**
SENIOR JUDGE

**Rhonda A. Nishimura**
CIRCUIT COURT JUDGE

**Patrick W. Border**
CIRCUIT COURT JUDGE

**William A. Santos**
CHIEF COURT ADMINISTRATOR

**District Family Judges**
MICHAEL F. BRODERICK
R. MARK BROWNING
JENNIFER L. CHING
KENNETH E. ENRIGHT
CHRISTINE E. KURIYAMA
LINDA K. C. LUKE
PAUL T. MURAKAMI
KAREN M. RADIUS
BODE A. UALE

September 13, 2007

Wayne Foster Berry
5500 Military Trail #22-250
Jupiter, FL 33458

RE:    FC-D No. 06-1-0211, *Berry v. Berry*
       Non-hearing motion documents, received August 30, 2007

Dear Mr. Berry:

Your non-hearing motion documents were forwarded to me for filing. Your document was filed. Enclosed please find two certified copies of your document. Please be advised that a copy of this letter as well as a certified copy of your document will be forwarded to Cheryl Brawley, Esq.

A copy of this letter will be placed in the back of the file; no further action will be taken.

Sincerely,

Rhoda Kealoha-Spencer
Domestic Law Clerk
Legal Research and Adoption Records Unit

rks

Enclosure.

cc:    Cheryl Brawley,
       Julianne N. Berry's attorney,
       via court jacket

# EXHIBIT "3"

February 14, 2008

Wayne Berry
5500 Military Trail #22-250
Jupiter, Florida 33458
Telephone (808) 258-7144
Facsimile (808) 356-0372

                                                          Via Facsimile: (808) 533-0060

Cheryl Brawley
Brawley and Associates
Attorneys at Law, LLC
1164 Bishop Street, Suite 500
Honolulu, Hawaii 96813

Dear Ms. Brawley

        I made a special telephonic appearance today in order to speak with a Domestic Law
Clerk at the First Judicial Circuit. I explained that you had just filed "Motion to Set and Notice of
Motion" on an expired/dismissed complaint. The Law Clerk confirmed to me that FC-D No. 06-
1-0211, Berry v. Berry has been dismissed and suggested that I contact you and request that you
voluntarily withdraw what you just filed.

        Therefore, I request that you immediately withdraw your recent "Motion to Set and
Notice of Motion" and provide me with proof of that withdrawal by facsimile no later that close
of business on Monday, February 18, 2008. If I do not receive that withdrawal confirmation from
you by that date and time, I will seek sanctions, monetary and otherwise, against you and your
client(s) and concurrently seek guidance from the Office of Disciplinary Council regarding your
intentional willful violation of court rules and the manner in which you deal with persons acting
Pro Se.

        Sincerely,

        Wayne Berry
        Wayne Berry

# EXHIBIT "4"

Dear Wayne Berry,

Re: Dismissed Complaint FC-D No. 06-1-0211

The 2 page fax you sent through eFax.com to 18085330060 was  successfully transmitted at 2008-02-14 22:56:14 (GMT).

The length of transmission was 42 seconds.

Wayne Foster Berry
Special Appearance
Pro se
5500 Military Trail #22-250
Jupiter, Florida 33458
Telephone (808) 258-7144
Facsimile (808) 356-0372


## IN THE FAMILY COURT OF THE FIRST CIRCUIT
## STATE OF HAWAII

| | |
|---|---|
| Julianne N. Berry,<br>Plaintiff<br><br>VS<br><br>Wayne Foster Berry,<br>Defendant. | FC-D No. 06-1-0211<br><br>Non-Hearing Motion To Strike<br>*"Cheryl Brawley's Motion To Set and Notice of Motion for a Dismissed and Expired Complaint For Divorce"*<br><br>Berry Declaration and Exhibits 1, 2, 3, & 4<br><br>And<br><br>Certificate of Service |


## CERTIFICATE OF SERVICE


I hereby certify that on February 28, 2008 and by the United States Express Mail, a true and correct copy of the Non-Hearing Motion To Strike "Cheryl Brawley's Motion To Set and Notice of Motion for a Dismissed and Expired Complaint For Divorce" was served on:

Cheryl R. Brawley 4489

Brawley and Associates

Attorneys at Law, LLC

1164 Bishop Street, Suite 500

Honolulu, Hawaii 96813

Telephone (808) 533-0066

Attorney for Julianne N. Berry


DATED this 28th day of February, 2008.


By:


_____

Wayne Foster Berry

Special Appearance

Pro se