UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| WAYNE BERRY, | : | 01:07 CV 7634 WHP |
| Plaintiff, | : | Judge William H. Pauley III |
| | : | ECF Case |
| vs. | : | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS (f.k.a. BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK, in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200. | : | AFFIDAVIT OF TIMOTHY J. HOGAN; EXHIBITS "1" TO "20" |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TIMOTHY J. HOGAN (Hawaii Bar No. 5312)
Attorney for Plaintiff WAYNE BERRY
Admitted *Pro Hac Vice*

1050 Bishop Street, Number 433
Honolulu, Hawaii 96813
Tel. (808) 382-3698
Fax. (808) 356-1682
Email tjh@timhogan.com

AFFIDAVIT OF TIMOTHY J. HOGAN

STATE OF HAWAII            )
                           )   SS:
CITY AND COUNTY OF HONOLULU )

TIMOTHY J. HOGAN, being first duly sworn on oath, deposes and says:

I, Timothy J. Hogan, am an attorney licensed to practice before all the courts of the state of Hawaii, the United States Court of Appeals for the Ninth Circuit and am admitted to practice before this Honorable Court, *pro hac vice*, and hereby declare under penalty of perjury that the following is true and accurate to the best of my knowledge and belief. If called upon to testify regarding the matters contained herein, I am competent and willing to do so.

1. In 2007, I attended one of the many failed meditations of the Berry matters, and in a discussion, then covered by Rule 408, Mr. Kors admitted to me that he knew that C&S was continuing to use the Berry works but he could not bring himself to pay anything to cure the infringement because he had no way to establish what the works were worth. I thought to myself, "they're worth 3 to 5 years." Mr. Kors has subsequently admitted evidence waiving any claim that these discussions were inadmissible under Rule 408 despite my warning to withdraw it.

2. I have represented Mr. Berry in *In re Fleming Companies, Inc.*, Bk. No. 03-10945 MFW (Bankr. Del.) (the "Fleming Bankruptcy Case") since the spring of 2003, and receive service of all documents filed in the case. Attached hereto as Exhibit "1" is a true and correct copy of the PCT Agreement that was included in the Fleming Plan Supplement, filed on July 16, 2004 in the Fleming Bankruptcy Case as Fleming Bankruptcy Case docket entry 8875. I have

2

put boxes around the relevant portions of this and other Exhibits for the Court's convenience.

3.      Attached hereto as Exhibit "2" is a true and correct copy of an excerpt of pages from the Third Amended and Revised Disclosure Statement in Support of Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc., and its Filing Subsidiaries Under Chapter 11 of the United States Bankruptcy Code (the "Fleming Plan") filed on May 28, 2004 in the Fleming Bankruptcy Case as Docket Entry No. 8268. The entire Fleming Plan was filed herein on February 26, 2008 by the PCT and Robert Kors in their Request for Judicial Notice as its Exhibit "D." (N.Y. Docket No. 62).

4.      Attached hereto as Exhibit "3" is a true and correct copy of an excerpt from the Fleming Plan.

5.      Attached hereto as Exhibit "4" is a true and correct copy of a motion I caused to be filed in the Fleming Bankruptcy Case on or about June 18, 2004 at Fleming Bankruptcy Docket No. 8471. I note that the Motion purports to have been signed on July 17, 2004 that is a typographical error and I believe that it was signed on or about June 17, 2004.

6.      Attached hereto as Exhibit "5" is true and correct copy of the Order Granting Motion of Wayne Berry for an Order Granting Relief from the Automatic Stay or, in the Alternative, Relief from the Discharge and Permanent Injunction Provisions of Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and Its Filing Subsidiaries Under Chapter 11 of the United States Bankruptcy Code that was signed by the Honorable Mary F. Walrath, United States Bankruptcy Judge for the District of Delaware in open court on July 26, 2004 prior to the

3

entry of the order confirming the Fleming Plan. Fleming Bankruptcy Case Docket Entry No. 9044.

7. Attached hereto as Exhibit "6" is a true and correct copy of Fleming Companies, Inc. and C&S Logistics of Hawaii, LLC., C&S Wholesale Grocers, Inc. and C&S Acquisitions, LLC's Amended Answer to Second Amended Complaint. (The "PCT-C&S Joint Answer") filed in Wayne Berry v. Hawaiian Express Service, Inc. et al., (the "Second Hawaii Case") on August 5, 2004. (Second Hawaii Case Docket No. 228).

8. Attached hereto as Exhibit "7" is a true and correct copy of a letter to C&S's Delaware Bankruptcy Counsel, that I received from Richard Wynne, Esq., dated December 17, 2007 in apparent response to my earlier requests made after it was clear that the PCT and Mr. Kors were not appealing the Mandate to the US Supreme Court, for Mr. Kors to return Mr. Berry's works regarding which he had tried but failed to prove copyright ownership.

9. Attached hereto as Exhibit "8" is a true and correct is a true and correct copy of the Fleming-C&S Indemnity Agreement dated August 23, 2003, that was personally served upon me in the Delaware Bankruptcy Court by Fleming's counsel on July 26, 2004 at the Fleming Confirmation Hearing in the Delaware Bankruptcy Court, and was admitted at the confirmation hearing.

10. Attached hereto as Exhibit "9 A" is a true and correct excerpt from the Fleming-C&S Asset Purchase Agreement ("APA") that purports to provide an exception to the need list and notice counter-parties to certain software licenses. The APA was Filed in the Fleming Bankruptcy on July 11, 2003 as Fleming Bankruptcy Docket No. 1906 and approved by order filed on August 15, 2003 as Fleming Bankruptcy Court Docket No. 3142. A true and correct

4

copy of the complete APA is attached as Exhibit 9 B (1) to (3).

11. Attached hereto as Exhibit "10" is a true and correct excerpt from the Fleming opening brief filed in the appeal of the First Hawaii Case on or about May 26, 2005 in the US Court of Appeals for the Ninth Circuit in Docket Numbers 05-15223 and 05-15347.

12. Attached hereto as Exhibit "11" is a true and correct copy of the special jury verdict in *Wayne Berry v. Fleming Companies, Inc.*, CV01-0446 SPK-LEK (D. Hawaii) (the First Hawaii Case") on March 6, 2003.

13. Attached hereto as Exhibit "12" is a true and correct copy of a brief filed by the PCT in support of its motion to Compel Requiring C&S to Assume Certain Executory Contracts filed in the Fleming Bankruptcy Case, on December 7, 2005, in Fleming Docket No. 12216.

14. During the period prior to filing the instant Second Amended Complaint, Mrs. Berry's divorce attorney, Cheryl Brawley, told me in a telephone conversation that the PCT's attorney, Lex Smith, had been in contact with her client (Mrs. Berry) regarding the Berry works to enlist her assistance in regard to the copyright litigation. I do not represent Mr. Berry in regard to his divorce but have reviewed both the online "Ho'ohiki" web site for case status and reviewed the court's filed in the clerks office and based on that review and my understanding of the procedures in the Family Court believe that at the time Mr. Baumann effected the service of the complaint it was dismissed and not yet reinstated.

15. On April 11, 2008, I received an email from Mr. Berry advising me that he had just received a letter from his wife's divorce attorney Cheryl Brawley regarding the alleged reinstatement of the divorce case. A true and correct *redacted* copy of that email with the enclosure is attached as Exhibit "13." At no time prior to this did I have any knowledge that the

5

Family Court had purported to reinstate the case that based on all the facts known to me was dismissed at the time Mr. Baumann caused Mr. Berry to be served, and deny the allegations contained in the letter to Chambers signed by Michael Baumann that I knowingly misrepresented facts to this Court as scandalous falsehoods that should be stricken but moreover evidence Mr. Baumann's failure to adequately investigate this matter before making such representations to Court.

16. I have not entered any appearance for Mr. Berry in his divorce case. I did send a letter to the divorce counsel when I was being prevented from interviewing the Florida process server based on a claim of privilege. In that letter I confirmed that the case was dismissed. A true and correct copy of that letter is attached as Exhibit "14." Ms. Brawley never responded that she claimed her case had not been dismissed.

17. Attached hereto as Exhibit "15" is a true and correct excerpt of the transcript of proceedings in *Wayne Berry v. Deutsche Bank et al*, CV07-7634 (WHP) (S.D.N.Y.) taken on April 4, 2008 before the Honorable William H. Pauley, III, United States District Judge, Southern District of New York page 24:22-25.

18. I was confident when I filed the Second Amended Complaint (the "SAC") that I conducted a factual investigation of the facts as I have presented them and all allegations were well grounded in fact and supported by law and not imposed for any improper purpose. The quote that the PCT cites about discussing the facts with Mr. Berry fails to address the obvious fact that I had the emails, the admission that the Smith was in contact with Mrs. Berry and all the past personal discussions with Mr. Ichida and his conduct during that time that formed the basis for the complaint.

19. The quotation that Mr. Kors and the PCT take out of context about the amount of proof necessary for disciplinary sanctions brought by the ODC only dealt with my then present lack of knowledge regarding the standard of proof applied in formal disciplinary proceedings.

20. In the *Sea-Land vs. Fleming Companies, Inc.* case referenced the Motion, Fleming and a company that Mr. Berry had an affiliation with were sued by Sea-Land Service, Inc. Fleming was a co-defendant in that case and through its attorney Lex Smith supported but did not join in Atlantic Pacific International Inc. ("API")'s RICO claim. I represented API and I remain convinced API had been seriously victimized by Sea-Land employees' criminal conduct and that the complaint was well grounded in law and fact and not advanced for an improper purpose.

21. Attached hereto as Exhibit "16" is a true and correct excerpt of the Order regarding Motions for Summary Judgment filed on June 27, 2005 in *Wayne Berry v. Hawaiian Express Service, Inc.*, Civ. No. 03-0385 SOM-LEK (D. Hawaii). The entire Order has been filed by Deutsche Bank Trust Company Americas and JP Morgan Chase Bank in their Request for Judicial Notice filed in support of their Motion to Dismiss on January 25, 2008. (N.Y. Docket No. 32).

22. Attached hereto as Exhibit "17" is a true and correct copy of an excerpt of the Order Adopting and Modifying the October 25, 2006 and December 4, 2006, Reports of Special Master on the Parties' Motion for Attorneys' Fees and Costs, filed on March 20, 2007. Second Hawaii Case Docket No. 1037. The entire Order was filed herein on February 26, 2008 by the PCT and Robert Kors in their Request for Judicial Notice as its Exhibit "H." (N.Y. Docket No. 62).

23. Attached hereto as Exhibit "18" is a true and correct copy of the Declaration of Mark Dillon, filed in the Delaware Bankruptcy Court in *Fleming Companies, Inc. et al, v. Wayne Berry*, Adv. No. 03-54809 (MFW), *In re Fleming Companies, Inc.*, Bk. No. 03-10945 (MFW) (Bankr. Del.) on or about July 25, 2003.

24. In 1998, in a meeting with Tracy Elder the head of the Bureau of Alcohol Tobacco and Firearms ("ATF") in Honolulu, I accompanied Mr. Berry to a meeting at the ATF offices regarding a report Mr. Berry had received that weapons were being shipped in Fleming related containers. With Mr. Berry's permission I had called the ATF to advise them of the report. During the discussion of that issue, Mr. Berry and I were asked if we had any proof that Fleming was smuggling cigarettes. The ATF informed us that they then suspected Fleming was involved but had not found how it was being accomplished. Sometime later, Mr. Berry found the evidence of the cigarette transactions in archival records of one of the Fleming related entities 'UPAC' and just days after I informed the ATF of the records, the ATF sent an investigator to my office to examine the Fleming cigarette related records. In later discussions with the agent, the ongoing loss was estimated at just over $20,000,000 in Hawaii state cigarette tax revenue annually. One of the cigarette related documents was also provided to the Federal Grand Jury investigating Lokilani and Marlene Lindsey who were both convicted of RICO predicate offenses upon information and belief based in part on the proof provided in the documents turned over to the United States. I personally delivered certain original documents to the United States Attorney prior to trial. A true and correct copy of an excerpt from one of the documents I turned over the Internal Revenue Service Criminal Investigations Division discussing both the cigarette related activities and fear of committing bankruptcy fraud, is

attached hereto as Exhibit "19."

25.    Attached hereto as Exhibit "20" is a true and correct copy of an excerpt of the Deposition of Jacqueline Rio taken on December 6, 2004 in *Wayne Berry v. Hawaiian Express Service, Inc.* CV03-385 SOM-LEK (D. Hawaii) at page 33 lines 8 - 18.

So sworn under penalty of perjury in the City and County of Honolulu, Hawaii on this the 28th day of April, 2008.

_____
Timothy J. Hogan

Subscribed and sworn to before me this
28th day of April, 2008.
Name: Maued B. MARIE K BERRY
Notary Public, State of Hawaii
My commission expires: 11-19-11

25

9