# Exhibit 6



RECEIVED
AUG 6 2004

365551
KOBAYASHI, SUGITA & GODA

LEX R. SMITH        3485-0
ANN C. TERANISHI    7318-0
ANNE E. LOPEZ       7609-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

Attorneys for Defendants
FLEMING COMPANIES, INC.,
C&S LOGISTICS OF HAWAII, LLC,
C&S WHOLESALE GROCERS, INC.,
and C&S ACQUISITIONS, LLC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 0 5 2004

at __ o'clock and __ min. __ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM LEK<br>) (Copyright) |
| Plaintiff, | )<br>) FLEMING COMPANIES, INC., C&S |
| vs. | ) LOGISTICS OF HAWAII, LLC, C&S<br>) WHOLESALE GROCERS, INC., and<br>) C&S ACQUISITIONS, LLC'S |
| HAWAIIAN EXPRESS SERVICE,<br>INC., a California corporation; H.E.S.<br>TRANSPORTATION SERVICES, INC.,<br>a California corporation; CALIFORNIA<br>PACIFIC CONSOLIDATORS, INC., a<br>California corporation; JEFFREY P.<br>GRAHAM and PETER SCHAUL,<br>California citizens; MARK DILLON and<br>TERESA NOA, BRIAN<br>CHRISTENSEN, Hawaii citizens;<br>(CAPTION CONTINUED) | ) AMENDED ANSWER TO SECOND<br>) AMENDED COMPLAINT FILED<br>) JUNE 18, 2004, FILED JULY 16, 2004;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| FLEMING COMPANIES, INC., an Oklahoma corporation; C&S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C&S WHOLESALE GROCERS, INC., a Vermont corporation; C&S ACQUISITIONS, LLC; FOODLAND SUPER MARKET, LIMITED, a Hawaii corporation; HAWAII TRANSFER COMPANY, LIMITED, a Hawaii corporation; RICHARD COHEN, a New Hampshire citizen, ES3, LLC, Delaware Limited Liability Company, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, AFREDDA WAIOLAMA, JACQUELINE RIO, Hawaii citizens; JESSIE GONZALES, LUIZ RODRIGUES, AL PEREZ and PATRICK HIRAYAMA, California citizens; GUIDANCE SOFTWARE, LLC, a California LLC; MICHAEL GURZI, a California citizen; ALIX PARTNERS, LLC a Delaware LLC; DOE INDIVIDUALS 2-350; DOE PARTNERSHIPS, CORPORATIONS and OTHER DOE ENTITIES 2-20,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Trial Date: September 20, 2005<br>)  Judge: Susan Oki Mollway<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FLEMING COMPANIES, INC., C&S LOGISTICS OF HAWAII, LLC,
C&S WHOLESALE GROCERS, INC., and C&S ACQUISITIONS, LLC'S
AMENDED ANSWER TO SECOND AMENDED COMPLAINT
FILED JUNE 18, 2004, FILED JULY 16, 2004

FLEMING COMPANIES, INC., C&S LOGISTICS OF HAWAII, LLC,

C&S WHOLESALE GROCERS, INC., and C&S ACQUISITIONS, LLC,

2

("Answering Defendants") in answer to the claims set forth in the Second Amended Complaint filed herein respond as follows:

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

1.  Answering Defendants deny the allegations contained in paragraphs 21, 24, 25, 26, 27, 28, 29, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 52, 53, 55, 57, 58, 59, 60, 61, 62, 63(a) through (e), 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 84, 85, 86, 87, 88, 89, 92, 93, 94, 97, 98, 99, 100, 101, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 133, 134, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149 and 150 of the Second Amended Complaint.

2.  Answering Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 9, 10, 11, 13, 14, 20, 30, 43, 50, 51, 54, 81, 82, 102, 114 and 115 of the Second Amended Complaint and on that basis deny them.

3. The allegations contained in paragraph 6 of the Second Amended Complaint are denied, except Answering Defendants admit that C&S Logistics is a Delaware limited liability company registered to do business in Hawaii.

4. The allegations contained in paragraph 7 of the Second Amended Complaint are denied, except to admit that C&S Wholesale Grocers, Inc. is a Vermont corporation whose affiliates purchased certain assets from Fleming Companies, Inc. ("Fleming").

5. The allegations contained in paragraph 8 of the Second Amended Complaint are denied, except to admit that C&S Acquisition, LLC is a Delaware limited liability company whose affiliates purchased certain assets from Fleming.

6. The allegations contained in paragraph 12 of the Second Amended Complaint are denied except to admit that Fleming is an Oklahoma corporation and registered to do business in the State of Hawaii and is presently the debtor in a pending Delaware bankruptcy case.

7. The allegations contained in paragraphs 15 and 16 of the Second Amended Complaint are denied except to admit that Mark Dillon ("Dillon") and Brian Christensen reside in the State of Hawaii.

8. The allegations contained in paragraph 17 of the Second Amended Complaint are denied except to admit that ES3 is located in New Hampshire.

9. The allegations of paragraph 18 of the Second Amended Complaint are denied except to admit that Richard Cohen is a citizen of the State of New Hampshire.

10. The allegations of paragraph 19 are denied except to admit that Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio are Hawaii citizens.

11. The Answering Defendants deny the allegations contained in paragraph 22 of the Second Amended Complaint, which, in any case, are improper under the Federal Rules of Civil Procedure: "As a general rule, the use of Doe defendants to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "In the federal courts, John Doe casts no magical spell on a complaint [as] there is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties." Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1191 (9th Cir. 1970).

12. The allegations of paragraph 23 of the Second Amended Complaint are denied except to admit that Wayne F. Berry may be a domiciliary of the United States.

13. The allegations of paragraph 33 of the Second Amended Complaint are denied except to admit that Freight Control System contains database tables, queries, screens and macros.

5

14. The allegations contained in paragraph 56 of the Second Amended Complaint are denied except to admit that on March 6, 2003, a jury found that Fleming **"has a license"** to use the software Berry created but that Fleming made unauthorized changes and awarded Mr. Berry $98,250 in statutory damages for those unauthorized changes. Post-trial motions were pending when Fleming's bankruptcy petition was filed on April 1, 2003. Accordingly, no judgment was ever entered on the verdict.

15. The allegations of paragraph 90 of the Second Amended Complaint are denied, except to admit that Alix Partners LLC has been employed by Fleming in connection with its bankruptcy and that Gleacher Partners, LLC was formerly employed by Fleming.

16. The allegations of paragraph 91 are denied except to admit that Fleming hired Guidance software to remove from Fleming's computers all software created by Wayne Berry.

17. In response to the allegations contained in paragraph 95 of the Second Amended Complaint, Answering Defendants admit that plaintiff is prohibited from pursuing claims for the period prior to April 1, 2004 and deny all other allegations contained therein.

18. The allegations contained in Paragraph 135 of the Second Amended Complaint are denied, except to admit that in March 2003, the jury found that

Fleming has a license to use the database created by Wayne Berry but that Fleming had made unauthorized changes to it.

19. In response to the allegations contained in paragraph 96, Answering Defendants incorporate by reference the responses hereinabove to paragraphs 1 through 95 of the Second Amended Complaint.

20. In response to the allegations contained in paragraph 113, Answering Defendants incorporate by reference the responses hereinabove to paragraphs 1 through 112 of the Second Amended Complaint.

21. In response to the allegations contained in paragraph 132, Answering Defendants incorporate by reference all of the responses hereinabove to paragraphs 1 through 132 of the Second Amended Complaint.

22. All allegations not specifically addressed above are denied.

## THIRD DEFENSE

Fleming gives notice that it intends to rely on the defense that the conduct complained of is expressly authorized by the license signed by the Plaintiff.

## FOURTH DEFENSE

The claims in the Second Amended Complaint are barred by the defense of failure of consideration.

## FIFTH DEFENSE

7

The claims in the Second Amended Complaint are barred by the defense of fraud.

## SIXTH DEFENSE

The claims in the Second Amended Complaint are barred by the defenses of waiver, estoppel, and laches.

## SEVENTH DEFENSE

The claims in the Second Amended Complaint are barred by the defense of unclean hands.

## EIGHTH DEFENSE

The Plaintiff is not the owner of the copyrights in the software referred to in the Second Amended Complaint.

## NINTH DEFENSE

The copyright registrations referred to in the Second Amended Complaint were improperly registered.

## TENTH DEFENSE

If Answering Defendants have infringed, they did so with innocent intent.

## ELEVENTH DEFENSE

No software used by Answering Defendants was created by Plaintiff. The software used by Answering Defendants was independently created by Fleming and/or C&S.

## TWELFTH DEFENSE

Plaintiff has failed to demonstrate compliance with the requirements of a civil action under the RICO statute.

## THIRTEENTH DEFENSE

Defendants' alleged conduct constitutes fair use.

WHEREFORE, Answering Defendants Pray as follows:

1. That all claims in the Second Amended Complaint be dismissed with prejudice.

2. That Answering Defendants be awarded their attorneys' fees and costs incurred herein.

3. That the Court award such further relief as is just and proper under the circumstances.

DATED: Honolulu, Hawaii, August 5, 2004.

KOBAYASHI, SUGITA & GODA

LEX R. SMITH
ANN C. TERANISHI
ANNE E. LOPEZ

Attorneys for Defendants
FLEMING COMPANIES, INC.,
C&S LOGISTICS OF HAWAII, LLC,
C&S WHOLESALE GROCERS, INC.,
and C&S ACQUISITIONS, LLC

9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM LEK<br>) (Copyright)<br>)<br>) CERTIFICATE OF SERVICE |
| Plaintiff, | |
| vs. | |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC., an Oklahoma corporation; C&S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C&S WHOLESALE GROCERS, INC., a Vermont corporation; C&S ACQUISITIONS, LLC; FOODLAND SUPER MARKET, LIMITED, a Hawaii corporation; HAWAII TRANSFER COMPANY, LIMITED, a Hawaii corporation; RICHARD COHEN, a New Hampshire citizen, ES3, LLC, Delaware Limited Liability Company, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, AFREDDA WAIOLAMA, JACQUELINE RIO, Hawaii citizens; JESSIE GONZALES, LUIZ RODRIGUES, AL PEREZ and (CAPTION CONTINUED) | ) Trial Date: September 20, 2005<br>) Judge: Susan Oki Mollway |

PATRICK HIRAYAMA, California )
citizens; GUIDANCE SOFTWARE, )
LLC, a California LLC; MICHAEL )
GURZI, a California citizen; ALIX )
PARTNERS, LLC a Delaware LLC; )
DOE INDIVIDUALS 2-350; DOE )
PARTNERSHIPS, CORPORATIONS )
and OTHER DOE ENTITIES 2-20, )
)
               Defendants. )
_____)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the above-referenced document was duly served upon the following individuals by hand delivery or United States Post Office, postage prepaid, at their last known address below:

    TIMOTHY J. HOGAN, ESQ.
    Lynch Ichida Thompson & Kim
    1132 Bishop Street, Suite 1405
    Honolulu, Hawaii 96813

    Attorney for Plaintiff
    WAYNE BERRY

    LYLE HOSODA, ESQ.
    RAINA P.B. MEAD, ESQ.
    SHELLEY TAMEKAZU, ESQ.
    Lyle Hosoda & Associates
    345 Queen Street, Suite 804
    Honolulu, Hawaii 96813

2

Attorneys for Defendants
MARK DILLON and
BRIAN CHRISTENSEN

KAREN L.S. FINE, ESQ.
Nordman Cormany Hair & Compton
1000 Town Center Drive
Sixth Floor
Oxnard, California 93036

and

ROY J. TJIOE, ESQ.
EMILY REBER PORTER, ESQ.
Goodsill Anderson Quinn & Stifel
Alii Place
1099 Alakea Street, Suite 1800
Honolulu, Hawaii 96813

Attorneys for Defendants
HAWAIIAN EXPRESS SERVICE, INC.,
H.E.S. TRANSPORTATION SERVICES, INC.,
CALIFORNIA PACIFIC CONSOLIDATORS, INC.,
JEFFREY P. GRAHAM; and PETER SCHAUL

WESLEY H.H. CHING, ESQ.
Fukunaga, Matayoshi, Hershey & Ching
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Attorney for Defendant
HAWAII TRANSFER COMPANY, LTD.

ANDREW V. BEAMAN, ESQ.
LEROY E. COLOMBE, ESQ.
Chun Kerr Dodd Beaman & Wong
745 Fort Street, 9th Floor
Honolulu, Hawaii 96813

Attorneys for Defendant
FOODLAND SUPER MARKET, LTD.

DATED: Honolulu, Hawaii, August 5, 2004.

KOBAYASHI, SUGITA & GODA

LEX R. SMITH
ANN C. TERANISHI
ANNE E. LOPEZ

Attorneys for Defendants
FLEMING COMPANIES, INC.,
C&S LOGISTICS OF HAWAII,
LLC, C&S WHOLESALE
GROCERS, INC., and C&S
ACQUISITIONS, LLC

4