# Exhibit 15

```
844rberm                                                              1

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   WAYNE BERRY,

 4                  Plaintiff,

 5             v.                           07 Civ. 7634 (WHP)

 6   DEUTSCHE BANK TRUST COMPANY
     AMERICAS, et al.,
 7                                          Conference
                    Defendants.
 8
     ------------------------------x
 9
                                            New York, N.Y.
10                                          April 4, 2008
                                            11:30 a.m.
11
     Before:
12
            HON. WILLIAM H. PAULEY III
13
                                            District Judge
14

15             APPEARANCES

16
     TIMOTHY J. HOGAN, ESQ.
17   Attorney for Plaintiff
          1050 Bishop Street, No. 433
18        Honolulu, Hawaii  96813
          (808) 382-3698
19

20   KIRKLAND & ELLIS LLP (LA)
     Attorneys for Defendant Deutsche Bank
21        777 South Figueroa Street, Suite 3400
          Los Angeles, California  90017
22        (213) 680-8400
     BY:  MICHAEL E. BAUMANN, ESQ.
23        ERIN N. BRADY, ESQ.
          JONATHAN E. MOSKIN, ESQ.
24

25
```

844rberm                                                               23

1         MS. BRADY:  Good morning, your Honor.  I won't go
2    through everything that we have in our papers.  I will just hit
3    the highlights.
4         Essentially, we produced evidence from basically --
5         THE COURT:  You don't even have to hit the highlights.
6    You could tell me something that's not in the papers.  That
7    would be helpful.
8         MS. BRADY:  There is not a whole lot that's not in the
9    papers.  We don't think he has established any of his claim.
10   He has produced no evidence that even suggests that any of this
11   happened.  Essentially, he takes one innocuous document or
12   statement and spins it into some theory which has no support.
13   I could walk through examples of that.  He hasn't proved an
14   abuse of process claim.
15        THE COURT:  Why shouldn't he be allowed to conduct
16   further discovery on the summary judgment motion?
17        MS. BRADY:  He has asked for two points of discovery.
18   He has had asked for bank records from his former counsel's law
19   firm.  That first point would go to his tort claims relating to
20   that law firm.  He has also asked for discovery of a detective
21   who was purportedly involved in abuse of process.
22        Both of those claims fail as a matter of law in the
23   first instance.  The abuse of process claim, if he is correct
24   that the other complaint was dismissed then you simply can't
25   have an abuse of process.  And if the complaint was not

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  dismissed, just the mere service of a complaint isn't abuse of
2  process. So as a matter of law the claim fails. Discovery
3  can't remedy that.
4        The same thing on the breach of fiduciary duty claims
5  or the breach of contract claims. It's not a violation of
6  fiduciary duty to sell an interest in a contingent fee
7  agreement or to sell a charging lien, which is what the firm
8  would have had they effected the lien. In any event, this
9  discovery is entirely unnecessary given that PCTF and Mr. Kors
10 can prevail on the law.
11       Moreover, given what he is looking for, it doesn't
12 seem that this is reasonably expected to come to any evidence
13 that would be relevant or that would prove any material issue
14 of fact. I think Rule 56 requires that you need to reasonably
15 expect that the discovery will allow him to present the court
16 with a disputed issue of fact, but it's not meant to conduct a
17 fishing expedition.
18       Frankly, there is really no reason for him to go take
19 this discovery, since the claims fail as a matter of law, and
20 all of the evidence that is out there hands-down shows that
21 this didn't happen. The fact that he doesn't believe the
22 testimony isn't enough to give him the right to go take Rule
23 56(f) discovery. On that, we believe that discovery should be
24 denied.
25       THE COURT: Thank you.

```
 1            MR. HOGAN:  I don't know what is appropriate, your
 2   Honor.
 3            THE COURT:  I'll give you whatever time you think you
 4   need.
 5            MR. HOGAN:  We'll be responding to this before the
 6   Court rules on the actual substantive motions that are pending?
 7            THE COURT:  That's entirely possible.
 8            MR. HOGAN:  Would three weeks, 21 days, be permitted?
 9            THE COURT:  That's fine.  Submit an opposition by
10   April 28th and any reply by May 5.  If I want to have oral
11   argument on that motion, I will notify the parties.  Otherwise,
12   I will take that motion on submission.
13            Thank you for your presentations.  As I said, decision
14   reserved.
15            (Adjourned)
16
17
18
19
20
21
22
23
24
25
```