# Exhibit 16

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 7 2005

at 10 o'clock and 45 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) ) | ORDER GRANTING IN PART, DENYING IN PART BERRY'S MOTION FOR SUMMARY JUDGMENT; |
| vs. | ) ) | ORDER GRANTING C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) | GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND RICHARD COHEN'S MOTION |
| Defendants. | ) ) ) ) ) ) ) ) | FOR SUMMARY JUDGMENT; ORDER GRANTING GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

ORDER GRANTING IN PART, DENYING IN PART BERRY'S MOTION FOR
SUMMARY JUDGMENT; ORDER GRANTING C&S LOGISTICS OF HAWAII, LLC,
C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND
RICHARD COHEN'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING
GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY
JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

I.      INTRODUCTION.

Plaintiff Wayne Berry is suing multiple defendants for copyright infringement and related matters. This court has previously ruled on several motions in this case. In this latest round of what seems to this court to be a never ending stream of motions, Berry moves for summary judgment against all remaining Defendants. Defendant Post Confirmation Trust ("PCT")[1]; Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers,

---

[1] PCT represents the interests of Defendant Fleming Companies, Inc. ("Fleming"), during Fleming's bankruptcy.

under the Sherman Act. See Assoc'd Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519 (1983).

    F.   Count VI: RICO Violations.

In Count VI, Berry alleges violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and 1962(d). Section 1962(c) prohibits:

> any person employed by or associated with any enterprise engaged in . . . interstate or foreign commerce [] to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs though a pattern of racketeering activity or collection of unlawful debts.

18 U.S.C. § 1962(c). Section 1962(d) prohibits conspiracy to violate RICO provisions.

A viable cause of action under RICO requires a showing of (1) conduct, (2) of an enterprise, (3) through a pattern of (4) racketeering. Sedima, S.P.R.L. v. Imrex Co. Inc., 473 U.S. 479, 489-87 (1985). Liability under § 1962(c) for substantive violations of RICO is limited to "those who participate in the operation or management of an enterprise through a pattern of racketeering activity." Reves v. Ernst & Young, 507 U.S. 170, 184 (1993).

Berry alleges that Defendants engaged in a pattern of racketeering activity by committing the following predicate acts: (1) criminal copyright infringement, through the unlicensed and unauthorized use of FCS in the form of "daily boot ups of the

Berry system"; (2) bankruptcy fraud in the form of false declarations; and (3) money laundering by engaging in monetary transactions with money derived from the infringing use of FCS. See Berry RICO Statement at 17-18; see also Turner v. Cook, 362 F.3d 1219 (9th Cir. 2004) (predicate acts of racketeering activity required for RICO violation).

Berry does not establish criminal copyright infringement. Criminal infringement involves the "willful" infringement of a copyright. See 17 U.S.C. § 506(a). There is no evidence of any willful copyright infringement.

With respect to Berry's allegation of bankruptcy fraud, Berry does not establish any triable issue of fact. Berry presents no evidence of any fraud committed on the Bankruptcy Court. Berry does cite to a statement by a Mr. Ziman, who apparently represented C&S, that, "I do not believe that this software license is on any list to be assumed and assigned, and if – to the extent that we can't assume it and assign it under 365, we won't, and we're certainly not going to infringe." Ex. K to Hogan Decl. at 156. This statement, however, does not establish any fraud. Ziman says only that FCS does not appear on any list to be assumed and assigned and that it is not C&S's intention to use FCS or infringe on Berry's copyright. This is consistent with Dillon's statement that he and Gurzi both believed that the FCS files were no longer on any computer.

36

Finally, Berry presents no evidence of laundering of "money derived from the infringing use of FCS." Berry's accountant's expert report, see Ex. I to Hogan Decl., does not address whether money was actually derived from infringement of FCS. Even if Defendants did profit from infringement, Berry presents no evidence that Defendants laundered these profits.

Because Berry fails to raise a question of material fact with respect to any predicate RICO act, his claim under 18 U.S.C. § 1962(c) fails. Defendants' motions for summary judgment on this claim are granted.

Berry further alleges that Defendants conspired to commit racketeering activity, in violation of 18 U.S.C. § 1962(d). "A defendant is guilty of conspiracy to violate [RICO] if evidence establishes that she knowingly agreed to facilitate a scheme with includes the operation or management of a RICO enterprise." United States v. Fernandez, 388 F.3d 1199, 1230 (9th Cir. 2004). Berry, however, presents no evidence of any conspiracy to commit any of the alleged predicate RICO acts.

The court denies Berry's motion for summary judgment on Count VI and grants Defendants' counter-motions for summary judgment on Count VI.

    G.    Damages.

The granting of Berry's motion for summary judgment with respect to the liability of Fleming and Employees for direct

37