# Exhibit 17

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) | ORDER ADOPTING AND MODIFYING THE OCTOBER 25, 2006, AND |
| vs. | ) ) | DECEMBER 4, 2006, REPORTS OF SPECIAL MASTER ON THE |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) | PARTIES' MOTIONS FOR ATTORNEYS' FEES AND COSTS |
| Defendants. | ) ) ) | |

ORDER ADOPTING AND MODIFYING THE OCTOBER 25, 2006, AND
DECEMBER 4, 2006, REPORTS OF SPECIAL MASTER ON THE PARTIES'
MOTIONS FOR ATTORNEYS' FEES AND COSTS

I.    INTRODUCTION AND BACKGROUND.

After a jury trial and entry of judgment, Plaintiff Wayne Berry ("Berry"), as well as Defendants Guidance Software, Inc., and Michael Gurzi (collectively, "Guidance"), Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC, and Richard Cohen (collectively, "C&S"), Defendants Brian Christensen, Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio (collectively, "Employees"),[1] and Defendant Post Confirmation Trust[2] moved for attorneys' fees and costs.

---

[1] All Employees, except Christensen, are referred to collectively as "Trial Employees."

[2] As noted in this court's October 21, 2005, order, Post Confirmation Trust represents the interests of Fleming Companies, Inc., and is therefore referred to as "Fleming."

objective unreasonableness, the degree of the moving party's success, and whether the chilling effect of attorneys' fees may impose an inequitable burden on an impecunious plaintiff. See Fogerty, 510 U.S. at 534 n.19; Wall Data Inc., 447 F.3d at 787; Ets-Hokin, 323 F.3d at 766.

After concluding that Berry is the prevailing party against Fleming, Dillon, and Noa, the magistrate judge found that consideration of the foregoing factors "weigh[s] against an award of [Berry's] attorney's fees." 12/4/2006 Report at 35. Specifically, the magistrate judge found, among other things, that: (1) Berry's "claimed damages, which were upwards of $200 million, were frivolous and objectively unreasonable," 12/4/2006 Report at 34; (2) "this action was likely motivated, at least in part, by improper means" because "the instant case is part of a long line of legal and administrative actions that [Berry] has instituted against Fleming," 12/4/2006 Report at 34-45; (3) "it is unnecessary to deter [inadvertent] conduct with an award of attorney's fees," 12/4/2006 Report at 35; and (4) "the interests of compensation do not require an award." 12/4/2006 Report at 35.

Berry first objects to the magistrate judge's finding that "this action was likely motivated, at least in part, by improper purposes" because "the instant case is a part of a long line of legal and administrative actions that [Berry] has

51

instituted against Fleming." Berry argues that he "has brought two law suits against Fleming and won both. Fleming has brought two against Mr. Berry and both were dismissed." Berry Objections at 7. Although numerous lawsuits have involved Berry, API, and/or Fleming, Berry partially prevailed in the two lawsuits he brought against Fleming. The court therefore rejects the magistrate judge's finding that Berry's long line of actions against Fleming demonstrated that this action was motivated by improper purposes.

Berry next objects to the magistrate judge's statement that Berry "urged Fleming to fire Dillon, Noa, and Christensen." Berry Objections at 12. Berry says he "has combed the record and even requested that opposing counsel direct him to the record for support for this fact." Berry Objections at 12. Because the court is unable to find any evidence in the voluminous record showing that Berry urged Fleming to fire any of its employees, the court rejects that statement.

Berry also objects to the magistrate judge's finding that, "[i]nsofar as the district court found that any infringement that Dillon and Noa committed was not wilful, this Court finds that it is unnecessary to deter such conduct with an award of attorney's fees." 12/4/2006 Report at 35. This court did conclude in its summary judgment orders that any direct infringement was inadvertent and that Berry "fail[ed] to prove