# EXHIBIT R

Wayne Foster Berry
Special Appearance
Pro se
5500 Military Trail #22-250
Jupiter, Florida 33458
Telephone (808) 258-7144
Facsimile (808) 356-0372

CIRCUIT COURT
HAWAII
FILED

2007 SEP 12 PM 3: 58

E. ALAGAO
CLERK

## IN THE FAMILY COURT OF THE FIRST CIRCUIT
## STATE OF HAWAII

| | |
|---|---|
| Julianne N. Berry, Plaintiff | FC-D No. 06-1-0211 |
| VS | Non Hearing Motion To Dismiss Expired Complaint for Divorce |
| Wayne Foster Berry, Defendant. | And |
| | Berry Declaration and Exhibits A & B |
| | And |
| | Certificate of Service |

**Non-Hearing Motion To Dismiss Expired Complaint for Divorce**

I, Wayne Foster Berry, the Defendant, make this Special Appearance, Pro Se in order to request this Non-Hearing Motion to Dismiss this expired Complaint for Divorce and the associated Summons on the following grounds:

1. THE COURT LACKED SUBJECT MATTER JURISDICTION AT TIME OF SERVICE. (LACK OF JURISDICTION OVER THE SUBJECT MATTER)

    a. This Court filed an ORDER OF DISMISSAL dated September 25, 2006.

Page 1 of 8

I do hereby certify that this is a full, true, and correct copy of the Original on file in this office.

_[signature]_
Clerk, Circuit Court, First Circuit

    b. On October 2, 2006 the Plaintiff filed an EX PARTE MOTION TO REINSTATE FOR GOOD CAUSE COMPLAINT FOR DIVORCE AND SUMMONS FILED ON 1/20/2006 AND TO EXTEND TIME TO SERVE COMPLAINT FOR DIVORCE AND SUMMONS.

    c. I note that in the October 2, 2006 EX PARTE MOTION TO REINSTATE FOR GOOD CAUSE COMPLAINT FOR DIVORCE AND SUMMONS FILED ON 1/20/2006 AND TO EXTEND TIME TO SERVE COMPLAINT FOR DIVORCE AND SUMMONS filed by the Plaintiff that there is mention that I attempted to evade service. In reality, I attempted to end this marriage years ago but the Plaintiff moved away leaving no forwarding address or way to contact her. Additionally, approximately six months ago, an attorney who does not represent me in this proceeding contacted the Plaintiff's attorney, Cheryl Brawley, attempting to obtain a copy of the Plaintiff's proposed Consent Decree and pass it on to me for my review. Brawley refused to provide information. This contrived divorce proceeding is nothing more than a carefully choreographed conspiracy between the Plaintiff and a group of willful[1] criminal copyright infringers of my Intellectual Property evidenced by the Plaintiff's name appearing in the time records provided by the attorneys for the criminal copyright infringers and admission by Lex Smith (during a deposition) that Smith has spoken with Cheryl Brawley about me no less than three times in the last several weeks. While the conspirators' goals are unclear and Federal Law affords jurisdiction and control over the ownership rights of my copyrights to me, on information and belief, this contrived divorce proceeding is at least an attempt to secure some sort of leverage on me in an attempt to keep some of the willful[1] criminal infringers from going to jail. Furthermore, on information and belief, in an attempt to defend her

---

[1] Wayne Berry (Plaintiff) v. Fleming Companies, Inc., (Defendant). Civil No 01-00446 SPK-LEK (USDC Hawaii) filed July 3, 2001 and 9th Circuit Docket No. 05-15223, 05-15347
9th Circuit Appeal - **Affirmed Willful Infringement** – July 26, 2007;
Title 17 United States Code § 506. **Criminal offenses**
    (a) Criminal Infringement. - Any person who infringes a copyright willfully either -
        (1) for purposes of commercial advantage or private financial gain, or
        (2) by the reproduction or distribution, including by electronic means, during any 180-day period, of 1 or more copies or phonorecords of 1 or more copyrighted works, which have a total retail value of more than $1,000,
shall be punished as provided under section 2319 of title 18, United States Code...

      improprieties against me and the Plaintiff's violation of the spousal privilege with Lex Smith and possibly others, Cheryl Brawley claimed that, Lex Smith (one of the attorneys who is adverse to me and has advised his clients to commit willful[1] criminal copyright infringement against me) has even misrepresented himself to Brawley as being "Wayne Berry's attorney" which he is not. By his own admission, in a recent deposition, Smith represents everyone in the world who is adverse to Wayne Berry except Wayne Berry and a recently named defendant "Deutsche Bank" in a copyright infringement lawsuit *(Wayne Berry v. Deutsche Bank Trust Company Americas (F.K.A. Bankers Trust Company) and JP Morgan Chase Bank in their separate capacities and as agents for the Pre and Post-Petition Lenders of Fleming Companies, Inc.; General Electric Capital Corporation; C&S Wholesale Grocers, Inc., Does 1 to 200, Defendants. Civil No. 07 CV-0172 SOM-LEK (USDC Hawaii) filed March 29, 2007).*

d. On October 5, 2005 this Court granted that Motion (ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO REINSTATE FOR GOOD CAUSE COMPLAINT FOR DIVORCE AND SUMMONS FILED ON 1/20/2006 AND TO EXTEND TIME TO SERVE COMPLAINT FOR DIVORCE AND SUMMONS) specifically granting that *"the Plaintiff be allowed an additional six (6) months to serve her Complaint for Divorce and Summons on Defendant. Specifically, Plaintiff shall be allowed the period of July 20, 2006 to January 20, 2006 to serve said documents upon Defendant".* (The January 20, 2006 date was obviously a typographical error and the Court most likely meant January 20, 2007.)

e. On March 7, 2007 this Court granted the Plaintiff's MOTION FOR PERSONAL SERVICE WITHOUT THE STATE. There was no additional Motion and Order extending the time allowed for service of process beyond the previous Court ordered January 20, 2007.

f. According to information provided by Ho'Ohiki (the online public access to court information) on August 17, 2007 this case had been terminated and dismissed by the terms of the previous Court Orders.

    g. I personally called the Family Court on August 17, 2007 and confirmed status of this case as terminated and dismissed by the terms of the previous Court Orders.

    h. On March 14, 2007, in an obvious lack of candor with the Court, the Plaintiff acquired the ORDER FOR PERSONAL SERVICE WITHOUT THE STATE from the Court for a Complaint and Summons that had expired on January 20, 2007.

2. LACK OF JURISDICTION OVER THE PERSON

    a. I have not lived in the State of Hawaii since approximately September 4, 2007.

    b. An attorney, who dose not represent me in this matter, spoke to the Plaintiff's attorney, Cheryl Brawley and Brawley refused to discuss the circumstances of the service of process in Florida of the expired Complaint and additionally she refused to identify the person or persons serving the process, as required by Rule 4 paragraph g.

3. IMPROPER VENUE

    a. The State and County in which the facts are alleged to have occurred is Clark County, Las Vegas, Nevada where I have started an annulment preceding which I feel is more proper under the circumstances than a divorce would be.

    b. If the Court is going to allow the Plaintiff to seek a venue outside the State and County in which the facts are alleged to have occurred, the proper venue for the Plaintiff should be Florida not Hawaii.

4. INSUFFICIENCY OF PROCESS

    a. I have not lived in the State of Hawaii since approximately September 4, 2007.

    b. I am currently an unemployed computer programmer and inventor. Unlike the Plaintiff who states that she is gainfully employed as a Health Advisor, I cannot afford to travel and appear in response to the expired Complaint for Divorce and the associated Summons.

5. INSUFFICIENCY OF SERVICE OF PROCESS

    a. On August 14, 2007, after arriving at the West Palm Beach Airport in Florida, I saw Michael Baumann, an attorney and partner from the Los Angeles Office of the law firm of Kirkland and Ellis at the West Palm Beach Airport baggage claim area. Michael Baumann represents the recently named defendant "Deutsche

Bank" in the copyright infringement lawsuit (*Wayne Berry v. Deutsche Bank Trust Company Americas (F.K.A. Bankers Trust Company) and JP Morgan Chase Bank in their separate capacities and as agents for the Pre and Post-Petition Lenders of Fleming Companies, Inc.; General Electric Capital Corporation; C&S Wholesale Grocers, Inc., Does 1 to 200, Defendants. Civil No. 07 CV-0172 SOM-LEK (USDC Hawaii) filed March 29, 2007).* I was then followed from the West Palm Beach Airport to my home in Florida where I then went to a local restaurant with friends for dinner. An unidentified person placed a tattered copy this tattered expired complaint on the table I was seated at, said "sorry" and walked away.

b. I do not believe that the copy of the expired Complaint that was given to me, at the restaurant, is a true and correct certified copy of the expired Complaint. There were clearly indications that staples had been removed from pages and those pages re-stapled many times. Additionally, the eight pages of the expired Complaint had clearly been printed on different printers using different brands and weights of bond paper. There was also a "3M Post-It-Note" in the center of the last page with a handwritten message "documents to be served". Again, what I was given was clearly not a true and correct certified copy of the expired Complaint. What I was given was obviously someone's working copy that had been disassembled, annotated with handwritten "3M Post-It-Note" and reassembled several times. I have no idea what a true and correct certified copy of the expired Complaint really looks like or what the real document actually says.

c. Rule 4, Paragraph g states: *The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to process. When service is made by any person specially appointed by the court, that person shall make affidavit of such service.*

d. As of August 27, 2007 I cannot find any record of the affidavit of service having been filed with this Court.

e. An attorney, who dose not represent me in this matter, spoke to the Plaintiff's attorney, Cheryl Brawley and Brawley refused to discuss the circumstances of the service of process in Florida of the expired Complaint and additionally she

Page 5 of 8

       refused to identify the person or persons serving the process, as required by Rule 4 paragraph g.

6. **FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**
   a. Upon information and belief the Plaintiff may eventually be subject to deportation.
   b. Upon information and belief the Plaintiff defrauded the United States Government by claiming she was the daughter of a US Citizen in order to obtain her own US Citizenship.
   c. Upon information and belief the Plaintiff defrauded me by claiming she obtained her US Citizenship without fraud, in order to induce him to marry her.
   d. Divorce is not a relief that can be granted when the marriage contract was a result of a fraud.

7. **FAILURE TO JOIN A PARTY UNDER RULE 19 (JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION)**
   a. Upon information and belief, the Plaintiff has conspired with known willful[2], criminal, copyright infringers of my Intellectual Property, as such, the following Parties would need to be Joined in this action but were not named in the Plaintiff's expired complaint:
      i. Lex R. Smith, Attorney at Kobayashi, Sugita & Goda.
      ii. Michael Baumann, Attorney at Kirkland & Ellis
      iii. Robert Kors, PCT Board of Directors and Principal of Castellemmare Advisors, LLC
      iv. Tim Barns, PCT Board of Directors and Managing Director of Sankaty Advisors.

---

[2] Wayne Berry (Plaintiff) v. Fleming Companies, Inc., (Defendant). Civil No 01-00446 SPK-LEK (USDC Hawaii) filed July 3, 2001 and 9th Circuit Docket No. 05-15223, 05-15347
9th Circuit Appeal - **Affirmed Willful Infringement** – July 26, 2007;
Title 17 United States Code § 506. **Criminal offenses**
    (a) Criminal Infringement. - Any person who infringes a copyright willfully either -
        (1) for purposes of commercial advantage or private financial gain, or
        (2) by the reproduction or distribution, including by electronic means, during any 180-day period, of 1 or more copies or phonorecords of 1 or more copyrighted works, which have a total retail value of more than $1,000.
shall be punished as provided under section 2319 of title 18, United States Code...

- v. Randolph I. Thornton, PCT Board of Directors and CEO/President/CFO/Director/Secretary/Chief Accounting Officer at Comdisco Holding Company, Incorporated
- vi. Harvey Tepner, PCT Board of Directors and Partner in Compass Advisers, LLP
- vii. Sandra Schirmang, PCT Board of Directors and CICP - Senior Director of Credit for Kraft Foods, Inc.
- viii. Andrew Denatale, Attorney at White & Case
- ix. Richard Cohen, Chairman and Chief Executive Officer of C&S Wholesale Grocers, Inc.
- x. Cheryl Brawley, the Plaintiff's attorney.

b. Upon information and belief, the Plaintiff has conspired with the following RICO person(s) and entities and Hobbs Act person(s) and entities and as such they would also need to be joined but have not named in the Plaintiff's expired complaint:
- i. Lex R. Smith, Attorney at Kobayashi, Sugita & Goda.
- ii. Michael Baumann, Attorney at Kirkland & Ellis
- iii. Robert Kors, PCT Board of Directors and Principal of Castellemmare Advisors, LLC
- iv. Tim Barns, PCT Board of Directors and Managing Director of Sankaty Advisors.
- v. Randolph I. Thornton, PCT Board of Directors and CEO/President/CFO/Director/Secretary/Chief Accounting Officer at Comdisco Holding Company, Incorporated
- vi. Harvey Tepner, PCT Board of Directors and Partner in Compass Advisers, LLP
- vii. Sandra Schirmang, PCT Board of Directors and CICP - Senior Director of Credit for Kraft Foods, Inc.
- viii. Andrew Denatale, Attorney at White & Case
- ix. Richard Cohen, Chairman and Chief Executive Officer of C&S Wholesale Grocers, Inc.

      x. Cheryl Brawley, the Plaintiff's attorney.

For the above stated reasons, I respectfully request that the Court accept my Non-Hearing Motion to dismiss the expired Complaint for Divorce, grant my Motion to Dismiss and grant any other remedies to me as the Court sees fit. I also ask that the Court take Judicial Notice that this Plaintiff's Complaint for Divorce is nothing more than a convenient artifice to assist and facilitate the willful[3], criminal conspirators in committing additional felonies against me using this contrived divorce proceeding.

DATED this 29th day of August, 2007.

By:

_____
Wayne Foster Berry
Special Appearance
Pro se

---

[3] Wayne Berry (Plaintiff) v. Fleming Companies, Inc., (Defendant). Civil No 01-00446 SPK-LEK (USDC Hawaii) filed July 3, 2001 and 9th Circuit Docket No. 05-15223, 05-15347
9th Circuit Appeal - **Affirmed Willful Infringement** – July 26, 2007;
Title 17 United States Code § 506. **Criminal offenses**
    (a) Criminal Infringement. - Any person who infringes a copyright willfully either -
        (1) for purposes of commercial advantage or private financial gain, or
        (2) by the reproduction or distribution, including by electronic means, during any 180-day period, of 1 or more copies or phonorecords of 1 or more copyrighted works, which have a total retail value of more than $1,000,
shall be punished as provided under section 2319 of title 18, United States Code...